## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br><br>              Defendants. | No. 3:12-cv-2039 |

## JOINT MOTION SUBMITTING AGREEMENT AND REQUESTING A STAY OF PROCEEDINGS

Plaintiff, United States of America, and Defendants, Commonwealth of Puerto Rico, et al., respectfully submit the attached "Agreement for the Sustainable Reform of the Puerto Rico Police Department" (the "Agreement"), and also request that the Court stay all proceedings in this case until April 15, 2013, at which point the Parties intend to move for approval of the Agreement, or the Agreement as amended, and to request that the Court dismiss this case under Fed. R. Civ. P. 41(a)(2) and retain jurisdiction to enforce the Agreement. The Agreement, if approved by this Court, will result in a complete settlement of this Action, enforceable by the Court as set forth in the Agreement itself.

The Agreement is intended to put in place a comprehensive, long-term, sustainable reform of the Puerto Rico Police Department ("PRPD"). Given the significant undertaking required to reform PRPD, and the detailed knowledge of PRPD's needs and the resources required to implement the Agreement, the Parties believe it is necessary and appropriate to provide the incoming Puerto Rico Administration, set to be installed on January 2, 2013, with sufficient time to review and adopt the Agreement, or negotiate necessary modifications, before seeking this Court's approval and entry of the Agreement as an Order.

Accordingly, the Parties respectfully request a stay of the instant proceedings until April 15, 2013, to provide the incoming Puerto Rico Administration sufficient time to review the Agreement and, if necessary, negotiate and agree upon modifications.  This review by the incoming Administration will ensure that critical reforms are properly and timely implemented. A stay of proceedings is within this Court's discretion, encourages settlement between government bodies, and serves the interests of justice.

<u>**DISCUSSION**</u>

The United States filed a Complaint today alleging that PRPD engages in a pattern or practice of unconstitutional and unlawful activity in violation of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141").  Specifically, the United States alleges that PRPD engages in:  (1) a pattern or practice of using excessive force during routine police activities; (2) a pattern or practice of relying on unreasonable force in response to public demonstrations; (3) a pattern or practice of conducting unlawful searches and seizures; and (4) a pattern or practice of engaging in discriminatory police practices.

Over the past year, the Parties have been engaged in negotiating a comprehensive reform of PRPD that would also settle the present Action.  The Agreement we have arrived at sets out a comprehensive blueprint for sustainable change that is particularly suited to promoting reform of PRPD.  The reform provisions it contains address the United States' investigative findings, which are summarized in the report the United States publicly released on September 7, 2011. The Agreement also reflects the input of a multitude of community stakeholders, including police affinity groups, members of the Puerto Rico business community, students,

representatives of the Dominican community, and members of the lesbian, gay, transsexual, and transgender communities throughout Puerto Rico.

The Agreement addresses the policies, procedures, training, internal and external oversight, disciplinary systems, and information and data integrity mechanisms that the Parties agree are necessary to protect the constitutional rights of all residents of Puerto Rico.  It also details necessary changes intended to ensure that police services are delivered to the people of Puerto Rico in a manner that is effective, complies with the Constitution, and promotes the community's trust in PRPD.  Its provisions are designed to increase transparency and promote PRPD's responsiveness to the community.  The Agreement provides for regular meetings with community representatives to facilitate cooperation and communication between PRPD and local community leaders.  It also calls for PRPD to maintain and publicly disseminate accurate and up-to-date crime statistics, and to develop community outreach programs in each PRPD region.  PRPD's compliance with the Agreement and the Agreement's effectiveness at achieving constitutional policing will be regularly assessed in publicly available reports filed with this Court.

The administration of Governor Luis G. Fortuño and the United States have independently met with Governor-elect Alejandro García Padilla and/or his transition team to brief them on the United States' investigative findings and to discuss the negotiation of the Agreement.  The Fortuño Administration provided a copy of the Agreement and previous drafts to the Governor-elect's transition team.  Governor-elect García Padilla, however, will not be inaugurated until January 2, 2013, and cannot officially act in connection with the Agreement until that time.  Further, under the Agreement's own terms, the Agreement will not take effect until approval by the Court and entry of a dismissal order under Fed. R. Civ. P. 41(a)(2).  A stay

until April 15, 2013, will provide the entering Puerto Rico Administration with sufficient time to review the Agreement, make the necessary preparations to execute it, or to engage in good-faith negotiations with the United States to make modifications, if necessary, that are consistent with the Agreement's objectives.

**A.     This Court Has the Authority To Issue a Stay of Proceedings.**

This Court has the authority to stay proceedings as it "is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  As long as a stay does not result in undue delay nor harm the parties or the public, the issuance of a stay rests with the Court's sound discretion.  *Id.* at 255; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

This Court has the authority to grant the stay here because it is of limited – and definite – duration.  The proposed stay would be in place for fewer than 120 days and would expire on a date certain:  April 15, 2013.  It is thus reasonable in length.  *See Dependable*, 498 F.3d at 1067 (where stay had been in effect for two years and termination date remained unclear, the court erred in issuing stay); *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 699-700, 702 (3d Cir. 1991) (stay pending resolution of related criminal and bankruptcy cases permissible, even when it had already been in effect for almost one year); *Ohio Envtl. Council*, 565 F.2d at 396 (stay placing case "in limbo for years" unauthorized).

Additionally, this Court has the power to stay proceedings because doing so is in the public's interest.  The Parties have engaged in complex and lengthy negotiations for the past year to craft a comprehensive plan for a sustainable reform of PRPD.  A stay will allow the incoming

4

Puerto Rico Administration to familiarize itself with and adopt the Agreement, negotiate modifications consistent with its objectives, if necessary, and prepare to implement it. Permitting the new Administration to focus its attention on the Agreement will conserve scarce judicial and governmental resources and result in a more expeditious resolution of this Action. *See Landis*, 299 U.S. at 254 ("Especially in cases of extraordinary public moment, the individual may be required to submit to [a limited] delay . . . if the public welfare or convenience will thereby be promoted."); *Dependable*, 498 F.3d at 1066 (stay unauthorized where it would "work damage" to another); *Rolo*, 949 F.2d at 700, 702 (stay justified when would conserve resources).

**B.      A Stay Encourages a Settlement Between Government Entities.**

The First Circuit has recognized a "clear policy in favor of encouraging settlements" in complex cases.  *Durrett v. Hous. Auth. of Providence*, 896 F.2d 600, 604 (1st Cir.1990).  General support for settlements is to be given particular deference where, as here, a government actor committed to the protection of the public interest has worked to construct the proposed settlement.  *See F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (discussing need for judicial deference "to the agency's determination that the settlement is appropriate").

The stay will allow the entering Puerto Rico Administration to familiarize itself with the terms of the Agreement and will facilitate voluntary compliance.  Voluntary compliance is more likely to conserve public resources and accomplish the statutory goals of Section 14141 than orders imposed at the end of protracted litigation.  *See* Fed. R. Civ. P. 16(b) advisory committee's note ("Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible."); *Kirkland v. New York State Dep't of Corr. Servs.*, 711 F.2d 1117, 1128

n.14 (2d Cir. 1983) (explaining that in the Title VII context, settlements "may produce more favorable results for protected groups than would more sweeping judicial orders that could engender opposition and resistance"); *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1152 n.9 (5th Cir. 1975) ("Because of the consensual nature of the decree, voluntary compliance is rendered more likely . . . .  At the same time, the parties . . . minimize costly litigation and adverse publicity and avoid the collateral effects of adjudicated guilt.").  Indeed, "the value of voluntary compliance is doubly important when it is a public employer that acts, both because of the example its voluntary assumption of responsibility sets and because the remediation of governmental discrimination is of unique importance."  *Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 290 (1986) (O'Connor, J., concurring).

      **C.**      **A Stay Is in the Best Interest of Justice.**

      A stay is in the best interest of justice because it provides an opportunity to continue the Parties' considerable efforts to reform PRPD.  To date, the United States has conducted a comprehensive investigation that identified deficiencies in PRPD's policies and procedures; the Commonwealth has begun to institute its own significant reform efforts; and the Parties jointly negotiated a comprehensive agreement to establish a sustainable path to reform and resolve this litigation.  A stay will permit the incoming Puerto Rico Administration the time to familiarize itself with the Agreement and PRPD's needs and resources, and to enable it to ensure that critical reforms are properly and timely implemented.

<u>**CONCLUSION**</u>

      For the aforementioned reasons, the Parties respectfully request a stay of the instant proceedings until April 15, 2013, by which time the Parties expect to seek this Court's approval

of the Agreement and dismissal of this Action under Rule 41(a)(2), while retaining jurisdiction to

enforce the Agreement in the event of noncompliance.

Respectfully submitted, this 21st day of December, 2012,

FOR PLAINTIFF UNITED STATES:

THOMAS E. PEREZ
Assistant Attorney General

ROY L. AUSTIN, JR.
Deputy Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief

*s/Luis E. Saucedo*
LUIS E. SAUCEDO
Acting Deputy Chief
SAMANTHA K. TREPEL
SERGIO PEREZ
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:   (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorneys for Plaintiff

FOR DEFENDANT COMMONWEALTH OF
PUERTO RICO:

GUILLERMO SOMOZA COLOMBANI
Secretary of Justice

GRISEL SANTIAGO CALDERÓN
Deputy Secretary
General Litigations Office

*s/Wandymar Burgos Vargas*
WANDYMAR BURGOS VARGAS
U.S.D.C. NO. 223502
Director Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192
Tel:  (787) 721-2900, ext. 2647, 2610
Fax: (787) 723-9188
wburgos@justicia.pr.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A copy of the foregoing was mailed to:

Wandymar Burgos Vargas
Director of Federal Litigation Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192

*s/Luis E. Saucedo*
LUIS E. SAUCEDO
Acting Deputy Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:   (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorney for Plaintiff