UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

2013 APR 11 4:08

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as *AMICUS CURIAE*. | |

## MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE*

I. INTRODUCTION:

A. BACKGROUND OF THE CASE:

The Civil Rights Division of the United States Department of Justice has brought forth a Complaint against the Commonwealth of Puerto Rico and the Puerto Rico Police Department (henceforth, the PRPD) for an alleged pattern of violation of civil rights, specifically those pertaining to the First, Fourth, and Fourteenth Amendments to the United States Constitution. U.S. CONST. AMEND. I, IV, and XIV.

Jurisdiction is granted to the U.S. District Court for the District of Puerto Rico by U.S.C. §§ 1331, 1345, with the United States of America as Plaintiff; venue is claimed by U.S.C. § 1391, since Puerto Rico is the place of residence of most of the defendants, and where the events giving rise to the complaint happened.

Continued…

The United States Department of Justice claims jurisdiction for the Complaint under the VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994, 42 U.S.C. § 14141, and seeks declaratory and injunctive relief under 42 U.S.C. § 14141(b). In various other similar suits that the United States Department of Justice has brought forth against other police agencies, many if not all have been resolved by a mutual agreement; and apparently only three (3) such suits are currently being litigated.

Both the United States Department of Justice and the Commonwealth of Puerto Rico have expressed an interest that this Complaint be similarly resolved by agreement, and apparently the present Complaint will not be litigated on its merits.

B. MOTIVATION AND QUALIFICATIONS:

I am including Appendix I, a copy of my *resumé*. At this point, I have to explain that I am currently in the process of removing some incompletes from the University of Puerto Rico School of Law. I do hope to continue my studies in August of this year.

What motivated me to study law, and to bring forth this motion, is my experience as a lobbyist in the Legislative Assembly of the Commonwealth of Puerto Rico, where I was responsible for the Approval of three (3) Acts for the Police of Puerto Rico: (1) ACT NO. 173 OF DECEMBER 3, 2007, 25 LPRA § 3111 (2010); (2) JOINT RESOLUTION NO. 52 OF JULY 17, 2008; and (3) ACT No. 128 OF JULY 23, 2008, 25 LPRA § 3104 (2010). Please see Appendix II. Of these three acts, only one has been duly carried out, while two of them remain to be enacted properly.

Continued...

Specifically, ACT NO. 173 concerns a salary raise for police officers that has not been completed; ACT NO. 128 concerns a *referendum* so the police officers may decide to begin making contributions to the Federal Social Security Administration. Again, more than five years after the approval of both acts, neither has been implemented completely. Only JOINT RESOLUTION NO. 52 OF 2008 has been duly completed: the establishment of a monument to honor PRDP officers fallen in the line of duty.

To remedy this situation, I brought forth a complaint, PRO SE, in the form of a *Mandamus*, at the Puerto Rico state court: case No. KPE 2012-01347, which is currently under appeal by way of case No. KLAN 2013-0002. Part of my interest in this case is to see whether the cause of actions in the above case can be partly included in the proposed agreement; without either me becoming a party, or having any of the police officers of the PRPD bring forth a countersuit against the Commonwealth of Puerto Rico. I am not an attorney, and therefore not qualified to seek relief for any party except myself (PRO SE); but I am currently seeking relief for the police officers for the PRPD by claiming the doctrine of *Jus Tertii* in the above case.

This, however, is not the only reason I have for applying as *Amicus Curiae*. My experience as a lobbyist, and the beginning of a legal education, have granted me some insights which I would like to share with this Honorable Court; which I hope will aide both Plaintiff and Defendants to reach an equitable agreement, if this is indeed the best alternative that can be reached.

Continued...

II. DISCUSSION OF THE MERITS OF MY APPLICATION:

Although the Honorable Gustavo A. Gelpí has issued an order inviting the appearance of *Amicus Curiae* in the present case, it limits its invitation to attorneys duly licensed to appear in the U.S. District Court for the District of Puerto Rico. Since I am not an attorney, but merely a law student, I found the following citation from the First Circuit Court of Appeals to be insightful, in this regard:

> FEDERAL RULE OF APPELLATE PROCEDURE 29 and SUPREME COURT RULE 37 expressly regulate the filing of *amicus curiae* briefs. However, the FEDERAL RULES OF CIVIL PROCEDURE are silent as to the conditions under which a trial court should permit *amicus* appearances and the restrictions, if any, that should attend its appearance. Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500-01 (D. Me. 1991). The district court retains "the inherent authority" to appoint *amicus curiae* "to assist it in a proceeding." *Id.* at 1500; United States v. Michigan, 116 F.R.D. 655, 665 (W.D. Mich. 1987); Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982).
>
> ...
>
> It remains within the discretion of the court to determine "the fact, extent, and the manner of participation by the *amicus*." Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C. 1974). Commonly, *amicus* status is granted only when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a "complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Id.* at 155. Alliance of Auto. Mfrs. v. Gwadowsky, 297 F. Supp. 2d 305, 307 (D. ME. 2003).

In consideration of the above, I would like to note that at present, there is no direct representation of the interests of the police officers of the PRPD. None of the various police associations have submitted any type of motion or plea, or have shown an interest in doing so; although C.O.P.S. is currently litigating against the PRPD in

Continued...

the state courts. No single police officer of the PRDP has filed to intervene in the present case, either for him or herself, or by commencing a class action countersuit against the Commonwealth of Puerto Rico.

As stated in the Report that the United States Department of Justice attached to the Complaint, there is a marked lack of adherence by the PRPD to established administrative procedures, especially in regards to promotions and raises, event reporting (e.g., when a police officer uses a firearm), and what standards to use when evaluating community involvement in PRPD affairs.

As a law student, I find that the police officers of the PRPD face many difficulties in upholding their rights. Specifically, they lack the right to unionize; and disciplinary proceedings have been rendered summary proceedings, lacking the requirement of an administrative hearing. As employees of the Commonwealth of Puerto Rico, they are entitled to a "limited immunity" from prosecution when carrying out their duties; but this is far from the immunity granted to Federal agents in similar situations.

If real progress is to be observed concerning the alleged pattern of civil rights violations, I strongly believe that no agreement shall be entered into that does not take into account these and other labor issues. This past month, the Hon. Alejandro Garcia Padilla was forced to withhold payment on their accrued sick leave; and when such payment will arrive is not currently known. Moreover, the Commonwealth of Puerto Rico has recognized that there is an outstanding debt to the police officers of the PRPD. Continued...

The Commonwealth has admitted publicly that such debt amounts to at least $150,000,000 (one hundred and fifty million dollars), for withheld raises. I am also overly concerned about **when** the *referendum* in which the PRPD officers are supposed to decide whether or not to contribute to the Federal Social Security is going to take place; especially in view of the fact that, in my opinion as lobbyist for this act, it needs an amendment so that such *referendum* may be successful. The act providing for such *referendum* was approved in 2008; and five years have passed with no response from various Commonwealth of Puerto Rico functionaries, in spite of my efforts.

While lobbying for the PRPD, I have had the opportunity to speak with numerous PRPD officers, at various hierarchical levels, from Agents, to Sergeants, to Inspectors, to Commanders of Precincts, to Commanders of Police Areas; and I have generally found them to agree which areas need to be strengthened: (1) education and training of PRPD police officers; (2) the process of complaint intake, and statistical tracking of complaints by the Puerto Rico Department of Justice; and (3) disciplinary proceedings.

Further, I believe that if any agreement is to be successful, the selection of a proper Technical Compliance Advisor (henceforth, TCA) is of paramount importance. Given the complexity of the proposed agreement, especially in view of the budgetary requirements of such an agreement, I would like to voice the opinion that no single person would be capable of carrying out the duties of a TCA in this case. Instead, I would like to propose the idea that a Public-Private Alliance would be more appropriate. Continued...

    When dealing with the Commonwealth of Puerto Rico, I would find it very expedient to have any budget allocations for the proposed agreement to be made not directly to the parties designed to implement them, but to an intermediary that will oversee that the budget is properly dispensed. For the brief I am preparing as *Amicus Curiae*, for which I have asked for an Extension to File of thirty (30) days, I hope to be able to include a model for such an alliance; in which I would like to propose a board of at least five (5) but no more than twelve (12) members, who will receive only scant monetary compensation for their efforts. Such members may be chosen by virtue of the positions they already hold; the current Governor of Puerto Rico, the Hon. Alejandro Garcia Padilla, as well as the current Secretary of Justice, the Hon. Luis Sánchez Betances, and the current Superintendent of Police, Mr. Héctor Pesquera, are obvious choices; perhaps the current President of the Senate of Puerto Rico and the current President of the House of Representatives of Puerto Rico should also be considered, if there is no conflict of interest found to be present.

    I hope that while I am preparing the draft of this brief, I may be permitted, based upon the contents of the present motion, to attend the pre-trial meetings that will take place; specifically the meeting that is scheduled to take place on April 11, 2013; upon approval of the Honorable Gustavo A. Gelpí.

    While I am aware of the fact that I am not an attorney, I believe I can identify those areas of the agreement that need to be strengthened; and make appropriate and

Continued…

pertinent recommendations so that such an agreement, if reached by consensus, will be duly implemented; and will not be merely swept aside or forgotten.

The people of the Commonwealth of Puerto Rico face enormous challenges; not the least of which is the problem of drug abuse and drug trafficking in Puerto Rico, which is (or should be) one of the main concerns of the PRPD. If we want PRPD police officers to face this challenge professionally, and with some hope of success, the Commonwealth of Puerto Rico has to show, in my opinion, a strict adherence to the agreement that is supposed to be reached for resolving this Complaint.

Furthermore, the crisis which has befallen the retirement system of the Commonwealth of Puerto Rico is of such magnitude, that the Social Security *referendum* for the PRPD should be carried out as soon as it is feasible to do so.

III. ADDITIONAL CONSIDERATIONS:

A. REQUEST FOR EXTENSION OF TERM TO FILE *AMICUS CURIAE* BRIEF:

I have filed a separate motion requesting an extension of the term to file an *Amicus Curae* brief; which purportedly should have been filed by the due date of April 1, 2013, as set forth in the Order by the Honorable Gustavo A. Gelpí.

B. CAVEAT ABOUT REPRISALS:

I would like to comment briefly on the issue of possible reprisals for the placing of this Complaint. Specifically, there are several criminal cases being seen in the state courts that could be interpreted as reprisals for the placing of this Complaint.

Continued...

In this respect, I would simply like to mention the case that is being brought against Pablo Casellas Toro for the murder of his wife, Carmen Paredes. Mr. Casellas Toro is the son of Senior Federal Judge, the Hon. Salvador E. Casellas Moreno.

I also believe that, because of my presenting a case at the state courts, several additional criminal cases have been brought forth, which may be an attempt to dissuade me from pursuing the case. I would simply like to mention the case against former PRPD officer Roberto Quiñones Rivera, who is being tried for the murder of his girlfriend, Yexeira Torres Pacheco, whose body has not been found, to date.

Finally, I believe that I may have been discriminated against by the University of Puerto Rico School of Law, simply to dissuade me from trying to help uphold the acts for which I lobbied for; specifically, to have the Commonwealth of Puerto Rico avoid paying Social Security taxes for PRPD police officers, and avoid giving them their raise.

Although it may seem to be outside the scope of the present Complaint, and of my possible role as *Amicus Curiae*, I would like to ask that both Plaintiff and Defendants await my exposition of this issue in my proposed *Amicus Curiae* brief.

Rather than state which Federal Statutes I believe are being violated, which might be difficult to argue and/or attempt to prove at this point, I would like instead to appeal to our sense of equity as to the veracity of our constitutionally protected rights, which are eminently summarized in the Declaration of Independence. Specifically, I would like to quote the beginning of its Preamble:

Continued…

> We hold these truths to be self-evident: that all men are created equal; that they are endowed by their Creator with certain unalienable Rights; that among these are Life, Liberty and the pursuit of Happiness.

This Honorable Court is trying a case which will affect a large number of people: the police officers of the PRPD, and ultimately, the people of Puerto Rico. Also, and paradoxically, it is a case in which both Plaintiff and Defendants, for various reasons, not the least of which may be ease of resolution, are interested in reaching an agreement which will require substantial budgetary constraints.

However, this Honorable Court, and all three parties should remember that also, and at its most basic level, this agreement is about **people**. I cannot allow, following my good conscience, that any one person or group of persons should be deemed more or less important, simply because it may seem expedient, and perhaps less expensive, to do so. It is also my sincere belief that perhaps, and just perhaps, the life, liberty, and the ability to pursue happiness of a number of individuals (including, but certainly not limited to me, personally) have been placed in jeopardy, to allow for a quick and easy solution to the Complaint, and the legal issues, that are being presented in this case. To do so, would be the easy way out.

Rather, I would like to invite all of you to consider this Complaint as a unique opportunity to solve many of the issues that have plagued the PRPD for years. In doing so, however, it is important not to lose sight of the individuals that may also be affected, in a manner inconsistent with the way the state courts of Puerto Rico interpret the law. Continued…

IV. CONCLUSION AND SUMMARY:

Therefore, I would like to thank this Honorable Court, the Honorable Gustavo A. Gelpí, Presiding Judge in the present case, and both attorneys for the Plaintiff, the United States Department of Justice, and for the Defendants, the Commonwealth of Puerto Rico and the PRPD, for their patience and forbearance in regards to my application to appear as *Amicus Curiae* in the present case. I will attempt to delimit the scope of my involvement in the present case in my proposed *Amicus Curiae* brief. If approved, I do hope that my contribution will be one of service to all the parties involved in this Complaint, and to this Honorable Court.

Respectfully submitted this 1st day of April, 2013, in the city of San Juan, Puerto Rico.

Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com