IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNIGTED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Defendants. | CIVIL NO. 12-2039 (GAG) |

**MOTION IN RESPONSE TO ORDER SEEKING THE FILING OF AMICUS BRIEFS REGARIDNG VIOLATINOS OF FIRST, FOURTH AND DOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES**

**TO THE HONORABLE COURT:**

**COME NOW**, plaintiffs Sofía Figueroa Rossy, Rolando Laviena Torres et al, Grace Rodriguez et al, Wilmari Santos Santos, Ulda Mercado García and EEOC complainants Linette Matos and Peregrina Marrero River, through their undersigned counsel and respectfully states and prays as follows:

1. This motion is in response to the order entered on the 30th day of December, 2012 (Docket #7) in the captioned case signed by Honorable U. S. District Judge Gustavo A. Gelpí. The referred order invites any bona fide governmental or private entity duly represented by counsel that is admitted this court to file an amicus brief to the case mentioned above on or before

April 1, 2013.

2. Undersigned counsel on account of a family emergency could not meet said deadline and apologizes for the same. He nevertheless respectfully prays that this motion be noted by the court pursuant to the Court's Order requesting commentary and references of matters and cases involving violations to the first, Fourth, and Fourteenth amendments to the Constitution of the United States by the Puerto Rico Police Department and/or its members or officers.

3. The following cases have been filed and are pending resolution before this Honorable Court and consist of violations of the First, Fourth and Fourteenth Amendments to our Nation's Constitution:

a. Plaintiff Sofía Figueroa Rossy filed an action against COMMONWEALTH OF PUERTO RICO, PUERTO RICO POLICE DEPARTMENT, PEDRO TOLEDO, JOSE FIGUEROA SANCHA, JOSE CALDERO, COL. TEOFILO GARCIA, SGT. SIMARA TORRES RAMOS, CAPT. GUSTAVO COLLAZO, LT JOSE L. DE JESUS, COL. LILIAN RIVERA, CAPT. MIGUEL SANTIAGO, COMDR. WILLIAM RUIZ BORRAS, SGT. ELEXIS TORRES, SGT SANDRA PEREZ, JOHN DOE, RICHARD ROE, PETER ROE, NANCY DOE, CARL ROE (case number 10-2270; amended complaint on docket entry #7, subsequently voluntarily dismissed and re-filed under 12-1891 (ADC) and parallel/related

<u>Case United States v. Puerto Rico Police Department, Civ No. 10-2157 (PG) in which plaintiff Sofia Figueroa Rossy was and continues to be the victim of sexual harassment and retaliation)</u> under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.S. Sec. 2000e et seq.; and, 42 U.S.C.S Sec 2000e-3(1) seeking compensatory damages back pay, interests in back pay, punitive damages, attorneys fees and the reimbursement of litigation costs consequent to sexual harassment and retaliation taken against her. Additionally, plaintiff filed a complaint at the Equal Employment Opportunity Commission, and for denouncing the hostile work environment to her superiors. Plaintiff Figueroa Rossy also invokes a claim under 42 U.S.C. sec 1983, Conspiracy Claims under 42 U.S.C. sec 1985 and 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution. This is all due to the intentional and grossly negligent acts and/or omissions by the defendants, taken in reckless disregard to and deliberate indifference of her constitutional rights.

 b. Plaintiffs ROLANDO LAVIENA TORRES, NYDIA LUGO RIVERA, ON THEIR OWN BEHALF AND AS PARENTS WITH CUSTODY AND PARENS PATRIA OVER THEIR MINOR CHILDREN DARLEEN LAVIENA LUGO AND ALONDRA LAVIENA LUGO, JORGE LAVIENA LABOY, LOREANE LAVIENA LABOY, ROLANDO LAVIENA LABOY filed an action against CARLOS COLON ALSINA (2-

3

11791); LEOVIGILDO VAZQUEZ BONILLA (1-10466); WILLIAM ECHEVARRIA (3-6123); JORGE LUYANDO; JOSE FIGUEROA SANCHA, EMILIO DIAZ COLON; GUILLERMO SOMOZA COLOMBANI; The conjugal partnership composed by CARLOS COLON ALSINA and Helen Hoe; The conjugal partnership composed by LEOVIGILDO VAZQUEZ BONILLA and Jane Doe; The conjugal partnership composed by WILLIAM ECHEVARRIA and Fulana de Tal; RON LOE, JOHN DOE, CHARLES COE, PETER ROE, JANE DOE, MARY MOE <u>(case number 12-1277 (JAF); second amended complaint at docket entry #18)</u> for money damages resulting from the violation of the Constitutional rights of plaintiff, ROLANDO LAVIENA TORRES, by the defendants under the First and fourteenth Amendments of the Constitution and Laws of the United States and of the Commonwealth of Puerto Rico, and for damages for injuries caused to plaintiffs due to the intentional and/or negligent acts and/or omissions by the defendants acting under color of Puerto Rico Law.  The facts of the case involve violations of due process related to the refusal by the PRP and its high ranking officers to provide safety and security to agent Rolando Laviena and his family after being threatened and suffered the burning of his wife's day care center in retaliation for having arrested two major drug kingpins of the Humacao and Yabucoa area and being the main witness for the ATF in <u>U. S. v. Angel Vega Solis and Samuel Martínez Ortíz,</u> Cr. No. 11-146 (PG) (charges under 21

USC 841 (a) (1), 18 USC 924 (c) (1) (A) and 18 USC 922 (g) (1).

  c. Plaintiffs GRACE RODRIGUEZ TORRES, ON HER OWN BEHALF AND ON BEHALF OF HER DAUGHTERS ALONDRA LASALLE RODRIGUEZ, CAROLINA CHACON RODRIGUEZ, GREISA CHACON RODRIGUEZ, filed an action against JAIME MUÑIZ GONZALEZ; JOSE MADERA CASIANO; THE PUERTO RICO POLICE DEPARTMENT; COMMONWEALTH OF PUERTO RICO; PEDRO TOLEDO; JOSE FIGUEROA SANCHA; BENJAMIN RODRIGUEZ; JOHN DOE, RICHARD ROE, PETER ROE, NANCY DOE, CARL ROE , INSURANCE COMPANY A, INSURANCE COMPANY B.<u>(case number 09-1886; second amended complaint at docket entry #27)</u> requesting an injunction restraining defendants from continuing or maintaining any policy, practice, custom, and usage of withholding or denying, attempting to withhold or deny, or depriving or attempting to deprive, otherwise interfering, with the rights of plaintiff and other members of her class, female police officers working for the "PRPD", the full use and enjoyment of her rights in the Puerto Rico Police Department ("PRPD)" without discrimination on the basis of gender. Said pattern and practice of discrimination based solely on sex deprived plaintiff Grace Rodriguez Torres and other members of her class, female police officers working for the "PRPD", of equal opportunity for promotion, advancement and

compensation in that their being systematically excluded from assignments based on their sex deprives the plaintiff and other members of her class, female police officers working for the "PRPD", of obtaining the qualifications necessary for promotions, advancement and increased compensation.

    d. Plaintiff WILMARY SANTOS-SANTOS filed an action against REYNALDO TORRES CENTENO; GREGORIO MERCED VAZQUEZ; WILLIAM RUIZ BORRAS; MIGUEL A. SANTIAGO RIVERA; COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT; JOHN DOE, RICHARD ROE, PETER ROE, NANCY DOE, CARL ROE <u>(case number 11-1072; docket entry #1)</u> requesting injunctive relief, under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.S. Sec. 2000e et seq.; and, 42 U.S.C.S Sec 2000e-3(1) for retaliatory and discriminatory actions against her on account of her testifying in a sexual harassment case denouncing unlawful employment practices. Santos also brings an action under 42 U.S.C. Sec 1983, Conspiracy Claims under 42 U.S.C. ¤ 1985 and 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution, for damages resulting from the demotion of Plaintiff in violation of the Constitution and laws of the United States and Puerto Rico for damages caused to Plaintiff due to the intentional and grossly negligent acts of defendants, taken in

reckless disregard to and deliberate indifference of the rights of the plaintiff. The facts of the case involve averments that plaintiff suffered retaliation for having testified on behalf of fellow agent Sofia Figueroa in the latter's sexual harassment complaint against Sgt. Simara Torres and suffered retaliation for having complained as a citizen against Reynaldo Torres Centeno for the illegal use of government property and other acts of police and government corruption.  She was systematically transferred and demoted in retaliation for her continued efforts to prove and show that police corruption was taking place at the Caguas Strike Force.

e. Plaintiff ULDA W. MERCADO GARCIA filed an action against REYNALDO TORRES CENTENO, (7-2256), MIGUEL MEJIAS CRUZ, SONIA ORTIZ MALAVE, (8-15121), PUERTO RICO POLICE DEPARTMENT, COMMONWEALTH OF PUERTO RICO, JOHN DOE, RICHARD ROE, PETER ROE, NANCY DOE, CARL ROE <u>(case number 11-1227; amended complain at docket entry #35)</u> pursuant to the Pregnancy Discrimination Act as contained in the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e et seq.; the Civil Right Act of 1991; Puerto Rico's Working Mothers Protected Act., Law No. 3 of March 13, 1942, as amended; Puerto Rico Law N0. 69 of July 6, 1985 and Puerto Rico's Law No. 115 of December 20, 1991, to seek redress for Defendants' sex based discrimination and retaliation against plaintiff Ulda W. Mercado

García for engaging in protected activity, for opposing unlawful practices under Title VII and, 42 U.S.C.S Sec 2000e-3(1) for retaliatory and discriminatory actions against her on account of her denouncing unlawful employment practices. Plaintiff also brings this action under 42 U.S.C. Sec 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution, for damages resulting from the discrimination against her in violation of the Constitution and laws of the United States and Puerto Rico, for damages caused to her due to the intentional and grossly negligent acts of defendants, taken in reckless disregard to and with deliberate indifference of the her rights and under the Puerto Rico Laws that prohibit such conduct. This case involves multiple incidents of retaliation against plaintiff for having requested shifts in order to be able to tend to her two daughters and handle a family emergency in which supervisor Reynaldo Torres Centeno and other high ranking officers began a pattern of acts of retaliation knowing that she was pregnant and not able to perform the tasks, shifts and stress being ordered in a reckless and abusive manner by the named defendants.

    3. In addition to the above, there are two other cases that have been filed with the US Equal Employment Opportunity Commission (EEOC) and are waiting for the right to sue letters.  These are the following:

    a. Linette Matos-Rivera, CIC Technical Services Division agent in

8

Caguas, filed an administrative complaint (charge of discrimination) to the Puerto Rico Department of Labor -Antidiscrimination Unit- (EEOC charge number 515-2010-00455) on June 16, 2010 which she declares that she suffered retaliation acts against her as a result of her collaboration and acting as a witness in the administrative complaint alleging sexual harassment and retaliation filed by Sofia Figueroa Rossy (now Civil cases 10-2157 (PG) and 12-1891 (ADC). Matos-Rivera has been transferred four times from her work position ever since her collaborations a witness favorable to Sofía Figueroa Rossy.

    b. Peregrina Marrero-Rivera, Lieutenant II at the PRPD, filed multiples administrative complaints (one in 2007 and another in 2012) resulting in a charge of discrimination to the Puerto Rico Department of Labor-Antidiscrimination Unit- (EEOC charge number 515-2012-00261) on February 22, 2012. In said document Marrero-Rivera expresses that since 2004 she has been a victim of sexual harassment, sex discrimination and acts of retaliation by her employer and its representatives. She has reported acts of sexual harassment and police corruption (illegal searches and seizures to obtain and keep controlled substances and cash, aiding and abetting in the dismissal of state criminal cases of defendants and other acts of corruption as police officers involving individuals of high ranks, including Reynaldo Torres Centeno.

**WHEREFORE** the appearing parties, as amicus to this Honorable Court's interest in cases involving violations of constitutional rights by members of the Puerto Rico Police Department, file this motion in response to the order at docket #7 dated December 30, 2012 and request that the facts of the cases referred to herein be noted inasmuch as they are related to the averments involving violations of civil rights by members of the Puerto Rico Police Department against police officers and other citizens that are so detrimental to the quality of life in Puerto Rico and detrimental to the ministerial duty of said agency and its members to protect persons and property and enforce the laws and Constitution of the Commonwealth of Puerto Rico and the laws and Constitution of the United States in its legal status of an unincorporated territory of the United States.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico this 3rd day of April, 2013.

I hereby certify having filed this document through the Court's CM/ECF filing system that will notify all parties and counsel of record in this case.

**S/FRANK D. INSERNI MILAM**
**FRANK D. INSERNI MILAM**
**USDC-127807**
PO Box 193748
Hato Rey, Puerto Rico 00919-3748,
Tel. (787) 759-7572/763-3851/fax: 763-5223,
E-mail: finserni@prtc.net