INTAKE DROP BOX
RECEIVED & FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

2013 APR 19 PM 12:24

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as AMICUS CURIAE. | |

## MOTION FOR RECONSIDERATION OF EXTENSION OF TERM

1. The Honorable Gustavo A. Gelpí issued and Order inviting the appearance of *Amicus Curiae* in the present case, with a deadline of April 1, 2013.

2. On April 1, 2013, before the term expired, I filed a motion requesting an extension of thirty (30) days of the term to file an *Amicus Curiae* brief in the present case, in accordance to the tenets set forth in RULE 6 of the LOCAL RULES FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO; and in RULE 6 (B) (1) (A) of the FEDERAL RULES OF CIVIL PROCEDURE.

3. The Honorable Gustavo A. Gelpí denied such request on April 2, 2013, with no explanation attached to his Order.

4. I am hereby requesting reconsideration of such an order under the tenets set forth in RULE 54 (B) of the FEDERAL RULES FOR CIVIL PROCEDURE.

Continued…

MOTION FOR RECONSIDERATION OF EXTENSION OF TERM
No. 3:12-cv-2039 (GAG)
Page No. 2.

5. In my original motion requesting the extension, I stated as reasons for such request the public interest in the case, and my lack of experience postulating before this Honorable Court; allegations which pertain to the merits of the case and to my personal situation, respectively.

6. I would like at this time, in addition, to review the merits of the request itself, as governed by the rules cited in statement No. 2, above.

7. Firstly, LOCAL RULE 6 – COMPUTING AND EXTENDING TIME, states that: "The clerk is authorized to enter orders granting a first extension of time, provided it encompasses a period not to exceed thirty (30) days."

8. Since this was my first request for an extension, and the term requested was exactly thirty (30) days, I would presume that the Clerk of the Court could grant such an extension, or that such extension would be granted as a matter of courtesy, if requested in the proper manner; or that this Honorable U.S. District Court for the District of Puerto Rico and the Honorable Judge Gustavo A. Gelpí would have given the other parties in the case an opportunity to comment upon my request, before entering judgment on the motion; which argument is particularly relevant in denying also my motion for leave to appear as *Amicus Curiae*.

9. However, the Honorable Gustavo A. Gelpí is not specifically required to explain his reasoning, nor to admit or hear any argument before entering judgment upon an interlocutory motion; even if the case is vested with great public interest.

Continued…

MOTION FOR RECONSIDERATION OF EXTENSION OF TERM
No. 3:12-cv-2039 (GAG)
Page No. 3.

10. However, I would like to examine more closely RULE 6 (B) (1) (A), COMPUTING AND EXTENDING TIME… of the FEDERAL RULES OF CIVIL PROCEDURE, which states that: "(b) Extending Time. (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

11. Since my request for extension was filed before the term expired, to comply with the rule cited immediately above, I would have to show good cause for my request.

12. At this point, I would like to include in the record Appendix III, consisting of two medical reports: (a) as Appendix III-A, a report from my primary physician, Dr. Isamaris Veguillas; and (b) as Appendix III-B, a report from orthopedist and hand surgeon, Dr. Jose A. Santiago.

13. On September of 2005 I accidentally cut one of the tendons in the index finger of my right hand, which I could not attend to in a timely manner, and subsequently became ossified, causing a constriction of the muscles surrounding it; making it impossible for me to flex such finger.

14. As appropriate and relevant, Dr. Veguillas states in her report, on page number 3, item number E that: "[patient] has difficulty writing, typing, or handling objects with his right hand; and, specifically, with the second finger of such hand." Please see Appendix III-A.

Continued…

MOTION FOR RECONSIDERATION OF EXTENSION OF TERM
No. 3:12-cv-2039 (GAG)
Page No. 4.

15.    As appropriate and relevant, Dr. Santiago states in his report, on page number 5, that: [p]atient is going to need surgery and a period of therapy and recovery, which could take from [six] 6 to [twelve] 12 years."

16.    Since I am approaching this Honorable U.S. District Court for the District of Puerto Rico PRO SE, I am personally doing all of the research and writing; and due to my medical condition, I am forced to write very slowly; so that my request is not a result of carelessness, lack of interest, or neglect; and that I am proceeding in a timely fashion, to the best of my ability.

17.    I do not foresee that granting such request would be an imposition upon either the Plaintiff, the United States Department of Justice, nor the Defendants, the Commonwealth of Puerto Rico and the PRPD; since they are still formulating a proposed budget for the agreement that is supposed to resolve this Complaint.

18.    I would also like to comment on the fact that recently, many police officers of the Police of Puerto Rico have begun what the press considers to be an unofficial strike, calling in sick in substantial numbers to coincide with the celebration of the intercollegiate games taking place in Ponce.

19.    This situation is a reflection of the apathy that is rampant amongst members of the Police of Puerto Rico; which is a clear signal of the need to have their interests represented in the proposed agreement to this complaint.

20.    However, it is also important to have a direct contribution from the community.
Continued...

MOTION FOR EXTENSION OF TERM TO FILE *AMICUS CURIAE* BRIEF
No. 3:12-cv-2039 (GAG)
Page No. 5.

21. To this effect, I am seeking support in writing my proposed brief from both organizations that represent police officers, and organizations that represent the interests of the community; and I would be very grateful to the Honorable Gustavo A. Gelpí if he would give me an opportunity to present my arguments; and those of the organizations that represent police officers and of the community at large.

22. I would like to thank this Honorable Court, the Honorable Gustavo A. Gelpí, Presiding Judge in the present case, and both attorneys for the Plaintiff, the United States Department of Justice, and for the Defendants, the Commonwealth of Puerto Rico and the PRPD, for their patience and forbearance in regards to my application to appear as *Amicus Curiae* in the present case.

CONCLUSION: For the foregoing, my motion filed on April 1, 2013, requesting an extension of the term to file an *Amicus Curiae* brief should be approved; and I am hereby asking for a reconsideration. If approved, I do hope that my contribution will be one of service to all the parties involved in this Complaint, and to this Honorable Court.

Respectfully submitted this 19th day of April, 2013, in the city of San Juan, Puerto Rico.

Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com