IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

2013 AUG -2 PM 6:32

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT

**I.   INTRODUCTION:**

I, Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, as proposed Intervening Defendant, respectfully request that this Court stay Judgment in the present case; as requested in the accompanying "Motion for Stay of Judgment."

**II.   ARGUMENT:**

A court should stay its judgment pending resolution of a request to intervene, and any appeals therefrom, where an applicant can demonstrate that: (1) it is likely to succeed on the merits; (2) it would suffer irreparable injury if the stay were not granted; (3) granting the stay would not substantially harm the other parties; and (4) granting the stay would serve the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 2

This test is flexible and allows an applicant to obtain a stay by showing "a substantial case on the merits when a serious legal question is involved" and that "the balance of the equities weighs heavily in favor of granting the stay." Ruiz v. Estelle, 650 F.2d 555, 556 (5th Cir. 1981); see also Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002). ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay."). Proposed Intervening Defendant satisfies all four prongs of this test.

**1.    Intervenor's "Motion for Leave to Intervene" will succeed, upon its merits.**

The purpose of FRCP 24(a)(2) is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." Coalition of Arizona/New Mexico Counties v. Department of the Interior, 100 F.3d 837, 841 (10th Circuit 1996) (citing decisions by three Courts of Appeals). Therefore, "(t)he need to settle claims among a disparate group of affected persons militates in favor of intervention." Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Circuit 1990). In light of FRCP 24(a)(2) and its goals, courts have granted motions to intervene as of right under this rule when the following four criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect their interest; and (4) the existing parties cannot adequately protect the applicant's interests.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT
No. 3:12-cv-2039**
Page No. 3

In addition to meeting the requirements for intervention as of right, applicants have met those establishing a basis for a discretionary grant of permissive intervention. Rule 24(b) provides that a court may grant intervention if the applicant's claim "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action have a question of law or fact in common." FRCP 24(b)(1). In addition, in utilizing its discretion, a court should consider whether intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b)(3); Purnell v. Akron, 925 F.2d 941, 950, 951 (6th Cir. 1991).

As will be shown in the "Notice of Motion and Motion for Leave to Intervene," many Federal statutes cited confer a conditional right to intervene; applicants will raise defenses that have numerous questions of law and fact in common with the main action; and their intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Therefore, permissive intervention is also appropriate.

Because the applicant satisfies these requirements, intervention shall be granted. The first prong of the test will be satisfied.

2.   **Intervenor, and numerous PRPD police officers, will suffer irreparable harm if stay is not granted.**

Intervenor's personal situation is dire, to say the least. However, it is not Intervenor's personal situation I would like to stress; but rather, the irreparable harm that will befall most PRPD police officers if the requested stay is not granted.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 4

As will be stated in my "Notice of Motion and Motion for Leave to Intervene," I am attempting to assert the rights of third parties, PRPD police officers, via the judicial doctrine of *Jus Tertii* at the courts for the Commonwealth of Puerto Rico.

In general, Federal courts have adhered to the rule that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 45 L. Ed. 2d 343, 95 S. Ct. 2197. This rule assumes that the party with the right has the appropriate incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal and appropriate presentation. *See* 422 U.S., at 500, 45 L. Ed. 2d 343, 95 S. Ct. 2197. It represents a "healthy concern that if the claim is brought by someone other than one at whom the constitutional protection is aimed," Secretary of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955, n. 5, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984), Federal courts might be "called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights," Warth v. Seldin, *supra*, at 500, 45 L. Ed. 2d 343, 95 S. Ct. 2197. Federal courts have not treated this rule as absolute, however, recognizing that there may be circumstances where it is necessary to grant a third party standing to assert the rights of another; but they have limited this exception by requiring that a party seeking third-party standing make two additional showings.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 5

First, Federal courts have asked whether the party asserting the right has a "close" relationship with the person who possesses the right. Powers v. Ohio, 499 U.S. 400, 411, 113 L. Ed. 2d 411, 111 S. Ct. 1364 (1991). Second, they have considered whether there is a "hindrance" to the possessor's ability to protect his own interests. Id.

Federal courts have sometimes been quite forgiving with these criteria. "Within the context of the First Amendment," for example, "the Court has enunciated other concerns that justify a lessening of prudential limitations on standing." Secretary of State of Md. v. Joseph H. Munson Co., supra, at 956, 81 L. Ed. 2d 786, 104 S. Ct. 2839.

The doctrine of standing asks whether a litigant is entitled to have a Federal court resolve his grievance. This inquiry involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, supra, at 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). In the instant case, we do not focus on the constitutional minimum of standing, which flows from Article III's case-or-controversy requirement. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). Instead, we shall assume to have satisfied Article III and address the alternative threshold question whether Intervenor has standing to raise the rights of others. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585, 143 L. Ed. 2d 760, 119 S. Ct. 1563 (1999). In the courts for the Commonwealth of Puerto Rico, Intervenor has cited political discrimination, directly infringing upon Intervenor's rights of free speech, as protected by the First Amendment. U.S. CONST. AMEND. I

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 6

We have to be careful, because both cases, KPE 2012-01347, at the Commonwealth of Puerto Rico District Court for San Juan; and its appeal, KLAN 2013-00002, at the Commonwealth of Puerto Rico Court of Appeals, also touched upon the issue of legislative immunity for the Legislative Assembly of the Commonwealth of Puerto Rico, and the constitutionality of its proceedings. However, it was not the constitutionality of the legislative process of the Commonwealth *per se* that was being challenged in these cases, but rather, the constitutionality of the *Jorge Alberto Ramos Comas* Legislative Internship. We have to remember that more than five (5) years have passed since ACT NO. 128 OF JULY 23, 2008, 25 LPRA § 3104 (2010), was approved; and neither the Commonwealth of Puerto Rico nor the PRPD have a showing of just cause as to why a Federal Social Security *referendum* has not taken place.

The reason Intervenor was so interested in applying to the *Jorge Alberto Ramos Comas* Legislative Internship is that the PRPD has had already two Federal Social Security *referendums*, neither of which has been successful. Intervenor believes that an amendment stipulating which PRPD police officers would be eligible to vote on such a *referendum* would enable PRPF officers to finally become a part of the Federal Social Security system. Intervenor asserted the doctrine of *Jus Tertii* for PRPD police officers in both cases at the courts for the Commonwealth of Puerto Rico.

To claim jurisdiction at the Federal level for the *Jus Tertii* claims presented at the courts of the Commonwealth of Puerto Rico Intervenor must first assert a Federal

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 7

question claim; if State-law claims arise from the same nucleus of operative facts, the Federal district court at which such claim is presented must also exercise supplementary jurisdiction:

> *See* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249 (1st Cir. 1996).

*See also* BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824 (1 Cir. 1997).

Thus, by presenting claims at the District Court for the District of Puerto Rico relating to those Federal statutes that were violated in denying my application to the *Jorge Alberto Ramos Comas* Legislative Internship, especially those relating to due process claims, shall confer standing to adjudicate the *Jus Tertii* claims involving PRPD police officers. The second prong of the test will thus be satisfied.

3. **Intervenor's Irreparable Injuries, including those of PRPD police officers, strongly outweigh any harm to the Plaintiff, or State co-Defendants Commonwealth of Puerto Rico and the PRPD.**

The Honorable Gustavo A. Gelpí has already recognized, in the published Opinion for this case, the crisis which has befallen the Commonwealth of Puerto Rico retirement system. If a solution is not found soon for this problem, many retiring PRPD police officers might suddenly find themselves without adequate means of support. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT**
**No. 3:12-cv-2039**
Page No. 8

If retiring PRPD police officers are able to draw a pension from the Federal Social Security system, then the pension from the Commonwealth of Puerto Rico will be diminished, and the Commonwealth of Puerto Rico will have to spend less per retired PRPD police officer.

Moreover, the crisis that has befallen the Federal Social Security system can also be aided by receiving more funds, as would happen once current PRPD police officers become a part of it.

The instant case has been conditionally dismissed without any litigation whatsoever; Intervenor believes that resolving the issue of retirement for PRPD police officers will greatly contribute to improving their morale; and will result in an easier implementation of the Agreement; thus satisfying the third prong of the test, if indeed, the instant case should be resolved by an Agreement, and never litigated.

**4.   A stay of Judgment pending a "Notice of Motion and Motion for Leave to Intervene" is in the public interest.**

Intervenor firmly believes that the people of Puerto Rico are concerned about the performance of PRPD police officers.  Intervenor also believes that PRPD police officers are interested in improving their professional performance as peace officers in charge of maintaining the public order.  For PRPD police officers, there should be no question that the issue of their eventual retirement be solved in a timely manner, which has not yet been done.  The stated public interest would satisfy the fourth prong of the test. Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF JUDGMENT
No. 3:12-cv-2039
Page No. 9

### III. CONCLUSION:

For all the reasons set forth in this memorandum, applicant asks this Court to grant the accompanying "Motion for Stay of Judgment."

**WHEREFORE**, proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, respectfully requests that Judgment be stayed in the present case, pending a "Notice of Motion and Motion for Leave to Intervene" to be filed shortly hereafter.

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 2nd day of August, 2013.

*[signature]*
Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com