2013 AUG -5 PM 5:53
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT,

Defendants;

JORGE DIAZ CASTRO,

as Defendant – Intervenor

**No. 3:12-cv-2039**

**(GAG)**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

### I. INTRODUCTION:

I, Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, as proposed Intervening Defendant, respectfully request that this Court grant me leave to intervene as of right in the instant matter, or, in the alternative, that this Court grant me permissive intervention.

### II. BACKGROUND:

1. The Civil Rights Division of the United States Department of Justice (henceforth, the USDOJ) brought forth a Complaint against the Commonwealth of Puerto Rico and the Puerto Rico Police Department (henceforth, the PRPD) for an alleged pattern of violation of civil rights, specifically those pertaining to the First, Fourth, and Fourteenth Amendments to the United States Constitution. U.S. CONST. AMEND. I, IV, and XIV.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 2.

2. Jurisdiction is granted to the U.S. District Court for the District of Puerto Rico by 28 U.S.C. §§ 1331, 1345, with the United States of America as Plaintiff; venue is claimed by 28 U.S.C. § 1391, since Puerto Rico is the place of residence of most of the defendants, and where the events giving rise to the complaint happened.

3. The USDOJ claimed jurisdiction for the Complaint under the VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994, 42 U.S.C. § 14141, and sought declaratory and injunctive relief under 42 U.S.C. § 14141(b). In various other similar suits that the USDOJ has brought forth against other police agencies, many if not all have been resolved by a mutual agreement; and apparently only three (3) such suits are currently being litigated. Both the USDOJ and the Commonwealth of Puerto Rico expressed an interest that this Complaint be similarly resolved by agreement, and the present Complaint was not litigated on its merits.

4. On December 30th, 2012, the Hon. Gustavo A. Gelpí, presiding Judge in this case, issued an Order inviting the appearance of *Amicus Curiae* by any "interested bona fide entity" by the due date of April 1st, 2013.

5. I filed a timely "Motion for Leave to File and to Appear as Amicus Curiae" and a "Motion for Extension of Time to File" on April 1, 2013. Both motions were summarily denied on the same date as filed, with no explanation attached. On April 19th, 2013, I filed a "Motion for Reconsideration of Extension of Time" which was also summarily denied on the same date as filed. Upon signing by all parties of an Agreement and a

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 3.

conditional dismissal of the present case, without taking into consideration any of the arguments I tried to present, I decided to file a motion to intervene.

6. During the 2004-2008 term, I began to familiarize myself with the legislative process at the state level, for the Commonwealth of Puerto Rico.

7. Towards the end of the 2004-2008 term, I began lobbying in favor of the PRPD. I was directly responsible for the approval of three (3) Acts for the Police of Puerto Rico: (1) ACT NO. 173 OF DECEMBER 3, 2007, 25 LPRA § 3111 (2010); (2) JOINT RESOLUTION NO. 52 OF JULY 17, 2008; and (3) ACT NO. 128 OF JULY 23, 2008, 25 LPRA § 3104 (2010). *See* Exhibit II-B. Of these three acts, only one has been duly carried out, while two of them remain to be enacted properly.

8. When the PRPD last held a Federal Social Security *referendum*, in 2006 (as provided by ACT NO. 75 OF AUGUST 25TH, 2005, *see* Exhibit IV), the overwhelming majority of PRPD police officers who voted, voted in favor of becoming a part of the Federal Social Security system. However, they did not reach the necessary *quorum* by a small margin. This was already their second *referendum*, because they had held a previous one, to such effect. The first Federal Social Security *referendum* held by PRPD police officers was held by virtue of ACT NO. 135 OF JUNE 19, 1999. *See* Exhibit IV. It, too, was unsuccessful.

9. On information and belief, the two previous *referendums* have not been successful because of the penalty that older PRPD police officers would have to pay.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 4.

10. In order to qualify for a Federal Social Security pension, a potential beneficiary has to have accrued 40 credits. The way the Federal Social Security system currently operates, a beneficiary may receive a maximum of 4 credits, annually, according to his/her earnings.

11. A PRPD police officer close to retirement, with less than ten (10) years to go before reaching mandatory retirement, who has never before made contributions to Federal Social Security, will not be entitled to receive a pension, even if he begins making contributions immediately, unless other arrangements are made.

12. Upon information and belief, older PRPD police officers can be excluded from a Federal Social Security *referendum*, on the basis of a change to the Commonwealths retirement system, by virtue of ACT NO. 305 OF 1999, 3 LPRA § 761 *et seq.* (2002).

13. Unfortunately, the sponsor of the bill which became ACT. NO. 128 OF 2008, 25 LPRA § 3104 (2010), the Hon. Senator José Luis Dalmau, PDP-Humacao, did not incorporate my suggestions recommending the exclusion of older PRPD police officers from a Federal Social Security *referendum*.

14. On information and belief, an amendment is necessary to ACT NO. 128 OF 2008, 25 LPRA § 3104 (2010), if any Federal Social Security *referendum* held by the PRPD is to be successful.

15. Towards that end, I attempted, on three (3) separate occasions, to apply to the *Jorge Luis Alberto Ramos Comas* Legislative Internship, unsuccessfully.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 4.

16. On information and belief, the reason I was not deliberately chosen in any of these instances as a legislative intern is that the personnel and the legislators of the Commission were acting under color of state law as Commonwealth of Puerto Rico agents, in denying my application and my claim of disability, to dissuade me from enforcing the tenets set forth by ACT NO. 128 OF 2008, 25 LPRA § 3104 (2010).

17. Also because of my interest in the legislative process, as carried out by the Legislative Assembly of the Commonwealth of Puerto Rico, I decided to study law; and towards that end, I applied to and was accepted, to the University of Puerto Rico School of Law, where I began studying in August of 2010.

18. Following my acceptance to the University of Puerto Rico School of Law, I encountered a situation which made it impossible to continue my studies beyond the first semester; which actions, upon information and belief, were actions under color of state law by Commonwealth of Puerto Rico agents, to dissuade me from enforcing the tenets set forth by ACT NO. 128 OF 2008, 25 LPRA § 3104 (2010).

19. On information and belief, as a result of my problems at the University of Puerto Rico School of Law, I also experienced difficulties with my student housing, so that I became homeless on or about June of 2010; and that the actions undertaken by personnel of the Housing Division of the University of Puerto Rico at Río Piedras were actions under color of state law by Commonwealth of Puerto Rico agents, to dissuade me from enforcing the tenets set forth by ACT NO. 128 OF 2008, 25 LPRA § 3104 (2010). Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 6.

20.     On or about September of 2005 I suffered an accident in which I severed a tendon in the index finger of my right hand. The finger became ossified at a 45° angle, and I cannot flex this finger; nor can I grasp a heavy object with my right hand.

21.     On or about September of 2009, I was hit a hit-and-run driver on my right knee, which I believe has injured the meniscus. I cannot flex my knee; and I have to walk slowly, and only for short distances.

22.     On information and belief, the actions described in the preceding paragraphs 15 to 19, inclusive, can also be interpreted as discrimination because of a disability.

23.     On June, July, August, and September of 2004, I had difficulties renewing my food stamp certification. Personnel from the Río Piedras I office of the Department of the Family were refusing to interview me, and members of my family group. I was receiving food stamp benefits within a family group formed by me and my friends Luz Muñoz Almanzar, Nydia Muñoz Almanzar, and Vimaris Báez. At the time, we were all unemployed, and Nydia had become pregnant; although I was not the father. Before I was able to renew our benefits, Nydia lost her baby in a natural abortion. I believe then and still believe now that we were being discriminated against because of national origin, since my friends are originally from Santo Domingo; and I am Cuban.

24.     More recently, I experienced difficulties again in October of 2010, when again personnel from the Río Piedras I office of the Department of the Family were refusing to interview me to renew my food stamp certification.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 7.

25. On information and belief, those actions undertaken by personnel of the Río Piedras I office of the Department of the Family were actions under color of state law by Commonwealth of Puerto Rico agents, to dissuade me from enforcing the tenets set forth by Act No. 128 of 2008, 25 LPRA § 3104 (2010); in addition to being discriminatory, because of my disability.

26. Former Senator Melinda Romero Donelly, NPP-at large, during her tenure in the 2008-2012 term, proposed a bill that would enable a PRPD Federal Social Security *referendum* to be held electronically. Although the bill passed the vote of the Senate of Puerto Rico, it was never considered by the Puerto Rico House of Representatives.

27. In addition to ACT NO. 128 OF JULY 23, 2008, 25 LPRA § 3104 (2010), the Commonwealth of Puerto Rico still has to fully implement ACT NO. 173 OF DECEMBER 3, 2007, 25 LPRA § 3111 (2010); and fully implement the stipulated salary raise for PRPD police officers.

28. On information and belief, there have been recent commentaries in the press regarding the necessity of a PRPD Social Security *referendum*; but no bill has yet been sponsored, and no consideration is given to the exclusion of older PRPD police officers from a *referendum*.

29. On information and belief, many, if not most PRPD police officers are concerned about their retirement; and they would have hoped that a provision had been made in the Agreement upon which this case was conditionally dismissed.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 8.

30. On information and belief, given the various problems that have plagued the Commonwealth's retirement system, as stated by the Hon. Gustavo A. Gelpí in his Opinion for the above-captioned case, published on February 6th, 2013, well before his deadline for *Amicus Curiae* briefs, it is surprising, and more than a little worrying, that a provision for the enactment of such a *referendum* is not a part of the Agreement; moreover, the situation is not even mentioned.

## III. ARGUMENT:

### A. INTERVENTION AS OF RIGHT:

### 1. Rule 24(a) of the FRCP.

Rule 24(a) of the FRCP provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention by right under FRCP 24(a)(1) is rarely claimed by private parties; Federal statutes usually confer an unconditional right to litigate only to governmental entities:

> Rule 24(a)(1) is narrowly construed; private parties are rarely given an unconditional right to intervene. *See* Fuel Oil Supply and Terminaling v. Gulf Oil Corp., 762 F.2d 1283, 1286 (5th Cir. 1985); C. Wright, A. Miller, & M. Kane, 7C *Federal Practice & Procedure* § 1906, at 246. Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 641 (1st Circuit 1989).

Most claims for intervention by right are granted under FRCP 24(a)(2).

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 9.

The purpose of FRCP 24(a)(2) is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." Coalition of Arizona/New Mexico Counties v. Department of the Interior, 100 F.3d 837, 841 (10th Circuit 1996) (citing decisions by three Courts of Appeals). Therefore, "(t)he need to settle claims among a disparate group of affected persons militates in favor of intervention." Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Circuit 1990).

In addition, the courts have stressed that Rule 24's intervention requirements should be liberally construed to favor intervention. *See*, Nuesse v. Camp, 385 F.2d 694, 702-04 (D.C. Cir. 1967); American Horse Prot. Ass'n., Inc. v.Veneman, 200 F.R.D. 153, 157 (D.D.C. 2001) (the interest requirement is "liberal andforgiving"); Wilderness Society v. Babbitt, 104 F.Supp.2d 10 (D.D.C. 2000) (same).

In light of FRCP 24(a)(2) and its goals, courts have granted motions to intervene as of right under this rule when the following four criteria are met: (1) the motion is timely; (2) the applicants have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicants' ability to protect their interest; and (4) the existing parties cannot adequately protect the applicants' interests. MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). In the instant case, proposed Intervening Defendant clearly and undeniably meets these demands.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 10.

**2. The motion is timely.**

In determining whether a motion for intervention is timely, the Court generally considers the following three factors: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for and any delay in moving to intervene." Northwest Forest Resource Council, 82 F.3d at 836 (citing United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990)).

In the present case, and for considering the present motion to intervene, we have to note that the case was conditionally dismissed by an Agreement. As stated by the First Circuit:

> Timeliness is to be gauged from all the circumstances, including the stage to which the proceedings have progressed before intervention is sought. The district court is to exercise its discretion in determining timeliness, and its ruling will not be disturbed on review unless there is an abuse of discretion. NAACP v. New York, 413 U.S. 345, 366, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973).... Intervention after judgment is unusual; it is granted only in very special circumstances. Chase Manhattan Bank (Nat'l Asso.) v. Corporacion Hotelera de Puerto Rico, 516 F.2d 1047 (1st Cir. 1975).

Even if a Judgment has been entered on the docket, Intervenor would like to stress that no litigation has taken place. Moreover, before the complaint was served, both Plaintiff and Defendants had expressed an interest in reaching an agreement, and not litigating the complaint. An argument could be made that such a complaint would be costly and difficult to litigate, for both parties. The complaint is based only upon a report, and Defendants could easily call for witnesses for each of the claims put forth of a violation of civil rights.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 11.

The most important factor in determining whether intervention is timely is whether any delay in seeking intervention will prejudice the existing parties to the case. *See*, McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970) ("In fact, this may well be the *only* significant consideration when the proposed intervenor seeks intervention of right.").

A police lieutenant's motion to intervene in an action against the city challenging racial and gender discrimination in hiring and promotion practices of the police department was timely, though the lieutenant filed the motion approximately 16 years after the complaint was filed and ten years after the district court first approved the consent decree. Officers for Justice v. Civil Service Commission of City & County of San Francisco, 934 F2d 1092 (9th Cir. 1991).

Thus, although intervention after Judgment is rarely granted, we would like to consider the reason for my delay in seeking to intervene. One recent case summarizes the issues:

> **Length and Reason for Delay**
>
> Any substantial length of time weighs heavily against intervention. League of United Latin American Citizens Against Wilson, 131 F.3d at 1302. However, the mere lapse of time by itself is not controlling. The focus is on the date the entity attempting to intervene should have been aware its interests would no longer be protected adequately by the parties, rather than the date it learned of the litigation. Officers for Justice v. Civil Service Commission of City & County of San Francisco, 934 F.2d 1092, 1095 (9th Cir. 1991) (intervention allowed ten years after consent decree because existing party changed its position on interpretation of important provision.)

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 12.

> Knowledge that the action was pending is not always, by itself, relevant in determining timeliness. National Association for the Advancement of Colored People v. New York, 413 U.S. 345, 366-367 (1973). Rather, the relevant circumstance is when the would-be intervenor first became aware that its interest could be adversely affected and was not being protected adequately by the existing parties. United Airlines, Inc. v. McDonald, 432 U.S. 385, 394, 97 S. Ct. 2464, 53 L. Ed. 2d 423 (1977); League of United Latin American Citizens, *Id.* at 1304.
>
> The Court looks to when the proposed Intervenor knew or should have known of the circumstance which would give rise to the need to intervene. United States v. Alisal Water Corp., 370 F.3d 915, 923 (9th Cir. 2004). NRDC v. Gutierrez, 2007 U.S. Dist.

Intervenor first sought intervention as *Amicus Curiae* on April 1, 2013. After contacting Mr. Diego Figueroa Torres, President of the F.U.P.O. ("Frente Unido de Policías Organizados", or United Front of Organized Police Officers), he assured me that he had received notice that the parties were working towards including a proviso for the enactment of a Federal Social Security *referendum.* Sadly, this was not the case, as I learned upon reading the Agreement. It is at this point that Intervenor realized he would need to intervene.

Filing an *Amicus Curiae* brief is not sufficient. To zealously assert Intervenor's position that the Commonwealth of Puerto Rico has not fulfilled its legal obligations without a showing of just cause, Intervenor must be a party with the full rights of parties under the rules of the adversary system, including the right to appeal, to petition for *certiorari* to the Supreme Court of the United States; and, if this case is stayed and intervention allowed, to participate in any further proceedings in the Circuit Court.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 13.

**3. Proposed Intervening Defendant has a significant legal interest in the subject matter of the present case.**

Intervenor has now devoted more than five years to ensure that PRPD police officers be allowed to have a *referendum* where they may decide whether or not to become a part of the Federal Social Security system.

Intervenor would also like to stress to the Court that, in the process, he has been subject to numerous reprisals, precisely because Intervenor has been trying to advocate for the rights of PRPD police officers.

The following Opinion from the U.S. District Court for the Southern District of Ohio to be illustrative of the issue:

> In determining whether the remaining three prongs of the test are met, Rule 24 must be broadly construed in the potential intervenors favor. See Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991).
>
> As stated above, the first prong requires that the proposed intervenors have a legal interest in the subject matter of the action. The Supreme Court of the United States has held that this interest must be "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531, 27 L. Ed. 2d 580, 91 S. Ct. 534 (1970). The Sixth Circuit has required that along with being significantly protectable, the interest must be "direct" and "substantial." Purnell, 925 F.2d at 947.
>
> The terms used by the Supreme Court and by the Sixth Circuit to describe an interest sufficient to satisfy Rule 24(a)(2) have not been clearly defined. *Id.* at 947. The Court finds the Sixth Circuit's opinion in Bradley v. Milliken instructive. Bradley v. Milliken, 828 F.2d 1186 (6th Cir. 1987). In Bradley, the Sixth Circuit held that "interest," as used above, should be liberally construed. *Id.* at 1193. United States v. Schreiber, 150 F.R.D. 106, 108.

Continued...

As discussed in the "Memorandum of Law in Support of Motion to Stay," Intervenor presented a writ of *mandamus* at the Commonwealth of Puerto Rico District Court for the District of San Juan, case KPE 2013-01347, which was subsequently appealed at the Commonwealth of Puerto Rico Court of Appeals, KLRA 2013-00002. In both cases Intervenor presents the argument that he is asserting the rights of PRPD police officers through the judicial doctrine of *Jus Tertii.*

**4. Disposition of this action may as a practical matter impair or impede proposed Intervening Defendant's ability to protect that interest.**

Intervenor's efforts to obtain relief from the executive, judiciary, and legislative branches have been for naught. The impairment prong of the test requires only a hypothetical showing: applicants need show neither "substantial impairment" of their interests nor that "impairment will inevitably ensue from an unfavorable disposition". Purnell v. City of Akron, 925 F.2d at 947. Rather, as stated in Rule 24, they need only show that the disposition may harm their ability to protect their interest. *Id.*

Intervenor would like to stress again that he is attempting to assert the rights of PRPD police officers through the judicial doctrine of *Jus Tertii.* To that effect, he is worried that an Agreement in the present complaint between Plaintiff USDOJ and co-Defendants Commonwealth of Puerto Rico and PRPD may be strongly suggestive of collusion between the parties, so as to not allow PRPD police officers, as a class, just representation in the Agreement reached.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 15.

Furthermore, the time-sensitive nature of many of Intervenor's claims makes intervention necessary for the protection of his interests, along with those of PRPD police officers. Thus, unless this Court grants intervention, Intervenor will be wholly unable to protect their interests, as well as his own. If denied intervention here, Intervenor's only available recourse will then be to file a new action at the Federal district court level, seeking declaratory and injunctive relief, and pursue the process of pleadings, temporary restraining order, preliminary injunction, discovery, motions, trial and appeal before the issue can again be presented to a federal court for adjudication. That would pose a substantial hardship on Ijntervenor's time, energy and resources; and would unnecessarily delay relief for PRPD police officers.

**4. Intervenor's interest was not adequately represented by existing parties.**

The inadequate representation prong of the test, like the impairment prong, requires only a minimal and hypothetical showing: "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers of America, 404 US 528, 538 (1972) (emphasis added). Therefore, applicants "should be allowed to intervene unless it is clear that [co-Defendants Commonwealth of Puerto Rico and the PRPD] have provided adequate representation." Wright, Miller, and Kane, Federal Practice and Procedure, p. 1909, (2d ed. 1986).

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 16.

Since it is, on the contrary, clear that co-Defendants have not adequately represented Intervenor, nor PRPD police officers, Intervenor has the right to represent himself, and PRPD police officers, by becoming a party to the present case.

**5. Conclusion.**

To avoid multiplicity of actions, for judicial economy, and to serve the best interests of justice, intervention by right under FRCP 24(a)(2) should be allowed.

**B. PERMISSIVE INTERVENTION IS ALSO APPROPRIATE:**

**1. Rule 24(b) of the FRCP:**

Rule 24(b) of the FRCP provides as follows:

> Permissive Intervention. (1) *In General.* On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a Federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

**a. A conditional right to intervene by Federal statute.**

Because of my disability, an action can be brought against the Commission for the Legislative Internship *Jorge Alberto Ramos Comas*, the University of Puerto Rico, and/or the Department of the Family, pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; Section 504 of the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 et seq.; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d et seq.; and 42 U.S.C. § 1983 ("Section 1983"), alleging violations to the First Amendments to the United States Constitution.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 17.

Plaintiff also brought state claims alleging violations of Puerto Rico Law 115 of December 20, 1991 ("Law 115"), P.R. Laws Ann. tit 29, §194(a); Puerto Rico Law 44 of July 2, 1985 ("Law 44"), P.R. Laws Ann. tit. 1, 501 §§ et seq.; and Articles 1801 and 1802 of the Civil Code of Puerto Rico ("Articles 1801 and 1802"), P.R. Laws Ann. tit. 31, §§ 5141-5142. *See* "Motion for Stay of Judgment" and "Memorandum of Law" in support thereof.

**b. A claim that shares with the main action a common question of law.**

In addition to meeting the requirements for intervention as of right, Intervenor has met those establishing a basis for a discretionary grant of permissive intervention. Rule 24(b) provides that a court may grant intervention if "the applicant's claim or defense and the main action have a question of law or fact in common." As was shown above, Intervenor may raise defenses that have numerous questions of law and fact in common with the main action. Intervenor's application is also timely. Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, and will prevent their collusion. Therefore, permissive intervention is appropriate.

**2. Conclusion.**

Permissive intervention is also appropriate, and should be allowed.

**IV. CONCLUSION:**

For all the reasons set forth in this memorandum, Intervenor asks this Court to grant the accompanying "Notice of Motion and Motion for Leave to Intervene."

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**
**No. 3:12-cv-2039**
Page No. 18.

**WHEREFORE**, proposed Intervening Defendant Jorge Díaz Castro respectfully requests that he be allowed to intervene in this case as a concerned lobbyist for Defendant Puerto Rico Police Department.

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 5th day of August, 2013.

Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com