IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**

I.   **INTRODUCTION:**

I, Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, as proposed Intervening Defendant, respectfully request that this Court amend its Judgment in the present case; as requested in the accompanying "Motion to Amend Judgment, Pending Appeal of Denial of Motion for Leave to Intervene."

II.   **BACKGROUND:**

1.   The factual and procedural background of the instant complaint was summarized in my "Memorandum of Law in Support of Motion to Intervene", entered as document No. 66-1 on the docket, filed on August 5th, 2013. Rather than re-state what has already been summarized, which should be familiar to this Honorable Court and to the parties and their attorneys of record, I would like to focus on certain facts, as relevant. Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039
Page No. 2.

2.   First, I would like to remind the Court that I did concur on April 1st, 2013, to the instant case, asking for leave to file a motion as *Amicus Curiae* (document No. 29 on the docket); and asking for an extension (document No. 30 on the docket). Both motions were summarily denied. I subsequently asked for a reconsideration under FRCP 54(b) of the extension of the term to file an *Amicus Curiae* brief (document No. 41 on the docket, dated 4/19/2013) and a motion for leave to file an appeal (document No. 46 on the docket, dated 5/20/2013). At the discretion of the Court, I had no opportunity to present my views; and no explanation from the Court as to why not.

3.   Second, the only parties of record in the instant case are the United States of America, through the USDOJ; the Commonwealth of Puerto Rico, and its agency, the PRPD. There is no direct representation of the interests of PRPD police officers. Only two *Amicus Curiae* briefs were selected by the Honorable Court: (a) by the American Civil Liberties Union, and (b) by Gregorio Iguarta. Both *Amicus Curiae* briefs served mainly to extol the virtues of the proposed Agreement, which safeguards the interests of the USDOJ, the Commonwealth of Puerto Rico, and the PRPD; neither raised any substantial objections to the Agreement, nor proposed any substantial amendments.

4.   Third, PRPD police officers cannot unionize; at best, they can become part of police officer associations. However, these police officer associations cannot enter into collective bargaining agreements; they can only defend individual PRPD police officers on a case-by-case basis, as the need arises.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 3.

5.      Finally, I would like to remind the Honorable Judge Presiding the instant case, Gustavo A. Gelpí, that we have already met, outside of a courtroom, in an extrajudiciary setting. The Honorable Judge Gustavo A. Gelpí teaches a course on Federal Criminal Procedure and Evidence at the Inter American School of Law. Also, on the term that began on January of 2011, Judge Gustavo A. Gelpí taught a mini-course of 1 credit at the University of Puerto Rico (henceforth, the UPR) School of Law, which ran from March 7th, 2011 to March 12th, 2011, on the same subject. I had begun studying at the UPR School of Law in August of 2010. I had an appointment with the Dean of the School of Law, Professor Vivian Neptune, the week after the course ended. Although I had attended all of the lectures, and participated in class, I was not allowed to register, nor to submit the required homework for a grade. Actually, at this point my studies were interrupted at the UPR School of Law. On information and belief, according to the school's academic policies regarding incompletes, I should have been considered a student. On information and belief, the school officials that denied me the permission to register were agents of the Commonwealth of Puerto Rico acting under color of state law, in order to avoid having me enforce ACT NO. 128 OF 2008, 25 LPRA § 3104 (2010), which called for PRPD police officer to have a *referendum* to decide whether they wanted to become part of the Federal Social Security System. On information and belief, and with all due respect due to the Honorable Presiding Judge in the instant case, Gustavo A. Gelpí, this may give the appearance of bias, even if no bias exists. Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039
Page No. 4.

### III.   ARGUMENT:

A court should amend its judgment, as per FRCP 59(e), where an applicant can demonstrate: (1) manifest errors of law or fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law.  11 C. Wright et al., FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995).

To prevail upon a motion to amend judgment, the general rule in the First Circuit is that the moving party must "either clearly establish a manifest error of law or … newly discovered evidence." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Grants and denials of FRCP 59(e) motions are reviewed only for abuse of discretion. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).

Based upon the factual background discussed previously, I would like to discuss four manifest errors of law and/or fact, which result in a manifest injustice.

**1.   The Honorable Court abused its discretion by not allowing me to present my *Amicus Curiae* brief.**

In my "Motion for Leave to Appear as *Amicus Curiae*," I discussed the standards which a district court should consider when granting leave to appear as *Amicus Curiae*: (a) an issue of general public interest; (b) supplemental assistance to existing counsel; and/or (c) a complete discussion of difficult issues, so that the court may reach a proper decision.  I did not claim to be actively assisting existing counsel.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039
Page No. 5.

However, I believe I argued adequately concerning the public interest of the case, in regards to PRPD police officers being able to hold a Federal Social Security *referendum*, as set forth by ACT NO. 128 OF JULY 23, 2008, 25 LPRA § 3104 (2010). On information and belief, an amendment to the above act is necessary if such a *referendum* is to be successful; and I would have been able to explain to the Court the difficult issues involved, and the necessity of such an amendment. Nevertheless, this Honorable Court denied all of my motions summarily, with no explanation for its actions.

In reviewing the Order issued by the Honorable Court, we find it somewhat restrictive, in that specifies that only entities duly represented by admitted counsel are thereby invited. (*See* Order dated 12/30/2013, document No. 7 on the docket.) Although I am not an attorney, and not admitted to practice before this Honorable Court, I believe I would have made an adequate presentation as an *Amicus Curiae*. Also, the Honorable Court apparently is not interested on hearing the concerns of individual persons. Is it perhaps because of the restrictions placed by the Eleventh Amendment to the United States Constitution, U.S. CONST. AMEND. XI?

The Eleventh Amendment bars individuals from suing states in Federal Courts; and it also applies to territories, such as the Commonwealth of Puerto Rico. <u>Puerto Rico Sewer and Water Authority v. Metcalf and Eddy, Inc.</u>, 506 U.S. 139, 121 L. Ed. 2d 605, 113 S. Ct. 684 (1993). *See also* <u>Ramirez v. Puerto Rico Fire Serv.</u>, 715 F.2d 694, 697 (1983).

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 6.

The First Circuit, however, has decided that the Eleventh Amendment does not confer immunity from suit, but merely a defense to liability. Puerto Rico Sewer and Water Authority v. Metcalf and Eddy, Inc., *supra*. See also Libby v. Marshall, 833 F.2d 402 (1st Cir. 1987). Additionally, the Supreme Court has held that suits seeking prospective but not compensatory or other retrospective relief may be brought against state officials in Federal Court challenging the constitutionality of official conduct enforcing state law. *Ex parte* Young, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908). This view of the Eleventh Amendment's applicability to the instant case is particularly pertinent, in view of the fact that a counterclaim seeking prospective relief against Commonwealth of Puerto Rico officials may prosper, if the case is re-opened; and provisions for such relief for me and PRPD police officers would be available, even if the case was again settled by an Agreement, after including proposed Intervening Defendant as a party, and PRPD police officers via the judicial doctrine of *Jus Tertii*.

Thus, it would have been eminently in the interests of this Honorable Court and existing parties for me to have been allowed to appear as *Amicus Curiae* and present my views; and perhaps it would have sufficed to uphold my rights and of PRPD police officers in regards to a Federal Social Security *referendum*. However, summarily denying all my motions to this effect presented before Judgment was entered on the docket on July 18th, 2013, has resulted in a manifest injustice both to me, personally, and to PRPD police officers, effectively denying us an easy resolution to this issue. Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039
Page No. 7.

2. **The Honorable Court did not allow any objectors to the Agreement.**

In its "Joint Motion for Conditional Dismissal and Entry of Agreement as an Order," (document No. 57 on the docket, submitted on July 17th, 2013), Plaintiff and Defendants jointly discuss the standards by which an Agreement should be approved and ordered by a district court. Among the standards is that notice was given to possible objectors to such an Agreement.

Although notice was given inviting the appearance of *Amicus Curiae*, as discussed in the previous section. On information and belief, only *Amici* which did not deviate substantially from the proposed Agreement were allowed to argue and present oral arguments before the Court. Also, police officer associations in Puerto Rico are not labor unions, and are not allowed to enter into collective bargaining agreements on behalf of PRPD police officers. Thus, by not allowing individual persons from objecting to the agreement, not even by appearing as *Amicus Curiae*, this Court has effectively denied individual PRPD police officers, as possible objectors, to raise their objections before the Agreement was finalized, and entered as an Order by the Court.

We should consider that we hereby question the standards by which this Honorable Court decided whether or not to approve a proposed Agreement; and would raise again the question of abuse of discretion on the part of this Honorable Court. In addition, it raises a more substantial question regarding the validity of the Agreement, in terms of the applicable state law, as we will see in the following section.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 8.

3. **The Agreement violates state law of the Commonwealth of Puerto Rico.**

A compromise or settlement Agreement, under Puerto Rico law, is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted. P.R. LAWS ANN. TIT. 31, § 4821 (2008). Settlements are subject to the general rules regarding contracts and their interpretation, insofar as compatible with the specific provisions of the PUERTO RICO CIVIL CODE that regulate compromises. Thus, as with all contracts, in order for there to be a valid settlement Agreement there must be: (a) consent of the parties to the contract; (b) a definite object as the subject of the contract; and (c) a cause for the obligation. P.R. LAWS ANN. TIT. 31, § 3391 (2008). In the case of compromises the object is the controversy dividing the parties and the cause is the termination of that controversy through mutual concessions. Neca Mtg. Corp. v. A & W Developers S.E., 137 DPR 860, 871 (1995).

A party's consent, however, may be marred by error, violence, intimidation, or deceit. P.R. LAWS ANN. TIT. 31, § 3404 (2008). Consent given as a result of any such defect may render such a consent null. P.R. LAWS ANN. TIT. 31, § 3404 (2008). My first argument is that PRPD police officers have not given explicit consent, nor have they been given the opportunity to voice any objections they may have, to the Agreement. This is a direct result of the parameters under which the Honorable Court invited the appearance of *Amicus Curiae* in the instant case.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 9.

My second argument challenging the element of consent is that there has been intimidation on the part of both Plaintiff, United States and its agent, the USDOJ, and Defendants Commonwealth of Puerto Rico and the PRPD, so that PRPD police officers will not voice their objections to the Agreement, under the threat, sometimes implied, sometimes explicit, of reprisals. However, in assessing the impact of the actions of both the United States and the Commonwealth of Puerto Rico, I would claim that the Commonwealth has shown much more readiness in implicitly threatening PRPD police officers if they voice their objections to the Agreement.

First, we should remember that the Commonwealth delayed payment to PRPD police officers of accrued sick leave. More significant, as an implied threat with the purpose of hindering objection to the Agreement in the instant case, however, is the approach that the Commonwealth of Puerto Rico's Department of Justice has taken in cases involving police officers, and/or the District Court for the District of Puerto Rico.

As discussed previously in my "Motion for Leave to Appear as *Amicus Curiae*," the Puerto Rico Department of Justice has accused former PRPD police officer Roberto Quiñones Rivera for the murder of his girlfriend, Yexeira Torres Pacheco, without having found her body, nor advancing a reasonable theory as to its whereabouts; and may have incurred in malicious prosecution. Similarly, the Puerto Rico Department of Justice has been overtly zealous in accusing Pablo Casellas Toro, for the murder of his wife, Carmen Paredes Cintrón; and may have also incurred in malicious prosecution. Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039
Page No. 10.

Pablo Casellas Toro is a son of Federal Judge Salvador Casellas Toro, a fact which has been given ample publicity.

At this point, I would also like to mention the case of Hilton Cordero Rosario, former Police Commissioner for the City of San Juan, who is being tried for several counts of child pornography at the courts for the Commonwealth of Puerto Rico, in an overtly zealous manner. There are other cases of former legislators, that I would also consider to be reprisals and warnings to PRPD officers; some of which have been favorably resolved, and some of which are pending resolution, which in my mind raise the possibility of further reprisals if PRPD police officers actively voice any objections to the Agreement.

Thus, if we wonder why no PRPD police officer, nor any PRPD police officer association concurred to the instant case; it is perhaps because of the implied threats if they attempt to raise legitimate concerns regarding the resolution of the instant case.

4.  **The Honorable Judge Gustavo A. Gelpí has the appearance of bias, rendering him liable to a general claim of abuse of discretion.**

With all due respect due to this Honorable Court, we wonder if the Honorable Presiding Judge in the instant case, Gustavo A. Gelpí, is aware of 28 U.S.C. § 455(a): "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal Judges must avoid not only actual bias but its appearance.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT
No. 3:12-cv-2039**
Page No. 11.

The Honorable Judge Gustavo A. Gelpí should have been aware that, having met me as a law professor at the UPR School of Law, and having been exposed to my situation therein, he could reasonably be inferred to be biased against me, personally, and against any argument I would present in Court; even if no actual bias is present. Although I have not filed a recusal motion 28 U.S.C. § 455(a), I wonder if the Honorable Judge Gustavo A. Gelpí would consider recusing himself *sua sponte*.

The reason for my *caveat* is that my claim is based on extrajudicial grounds, and would allow claims for abuse of discretion in those decisions involving me, personally, in the instant case.

We have to remember that the interests of many persons are at stake in my claims; not only those of me, personally, but of those PRPD police officers interested in becoming a part of the Federal Social Security system. Currently, the PRPD employs approximately eighteen thousand police officers.

5.   **Additional considerations.**

This Honorable Court must also be aware of the Federal budget deficit that the current administration is trying to diminish. For the past five years, all salary raises have been frozen. On information and belief, one of the biggest spenders in the Federal Government is not the Department of Defense, but rather, Federal Social Security, in the payments they make to beneficiaries. If I had been permitted to appear as *Amicus Curiae*, perhaps the situation could have been improved.
Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 12.

At the time Federal Social Security was established, government employees at the state, county, and city level were largely excluded. The result is that some of the highest paid employees are not contributing at all to Federal Social Security, while the Federal Government subsidizes their employment. On information and belief, this oversight automatically increases the budget deficit as time progresses.

### IV.   CONCLUSION:

For all the reasons set forth in this memorandum, applicant asks this Court to grant the accompanying "Motion to Amend Judgment."

**WHEREFORE**, proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, respectfully requests that the motion to amend judgment accompanying this memorandum of law be granted in the instant case; that the Court's Order and Judgment of July 17th and July 18th, 2013, respectively, be vacated; and that the case re-opened, pending an appeal of the denial of my "Notice of Motion and Motion for Leave to Intervene."

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND JUDGMENT**
**No. 3:12-cv-2039**
Page No. 13.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 15th day of August, 2013.

_____
Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com