INTAKE DROP BOX
RECEIVED & FILED
2013 NOV -6 AM 2: 19
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION REQUESTING INFORMATION FROM THE RECORD

**I.   INTRODUCTION:**

I, Jorge Díaz Castro, as PRO SE Appellant in the instant case, respectfully request that this Court furnish the requested information as regards the instant case; as requested in the accompanying "Motion Requesting Information From the Record."

**II.   ARGUMENT:**

**1.   The right of access to court proceedings and records.**

The public and press have a First Amendment right of access to judicial proceedings in criminal cases. In <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555 (U.S. 1980), the United States Supreme Court said that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Id.*, at 573. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING INFORMATION
No. 3:12-cv-2039**
Page No. 2.

The United States Supreme Court has not directly addressed whether the public and the press also have a constitutional right of access to civil cases, but many other federal and state courts have recognized a public right of access to civil proceedings and documents. The Puerto Rico Supreme Court, for example, found that an administrative investigation of a Superior Judge of the Commonwealth of Puerto Rico should be considered a public document under the Law for Administration of Public Documents for the Commonwealth of Puerto Rico, Law No. 8 of December 5, 1955, as amended, P.R. Laws Ann. Tit. 3 § 1001 *et seq.* (2008); as, indeed, *all* court records are considered public documents under this law. <u>Ligia M. Ortíz Rivera et al. v. Mercedes Bauermeister, Fernando Campoamor Redín, Interventor</u>, 152 DPR 161 (2000)[1].

In <u>Manuel Augusto Colon Cabrera et al. v. Caribbean Petroleum Corporation et al.</u>, 170 DPR 582 (2007)[2], however, the Puerto Rico Supreme Court found that it could withhold information from court records on a number of instances; for instance, in safeguarding the privacy of individuals in an investigation undertaken by the Puerto Rico's Justice Department Office of Monopolistic Affairs. *Id.*, at 597. However, in the instant appeal, the requested information does not concern private individuals, *per se*; at least, not to our knowledge. Rather, it concerns the proposed budget for the Settlement Agreement; which we strongly feel should be public information.

---

[1] Official translation not yet available from the Puerto Rico Supreme Court.
[2] Official translation not yet available from the Puerto Rico Supreme Court.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING INFORMATION
No. 3:12-cv-2039
Page No. 3.

When considering whether a constitutional presumption of access applies to particular proceedings or records, courts consider two factors: (1) whether the place and process have historically been open to the press and general public; and (2) whether public access plays a significant positive role in the functioning of the particular process in question. Where a constitutional presumption of access applies, the court may close proceedings only after making specific, on-the-record findings: (1) that closure is necessary to further a compelling governmental interest; (2) the closure order is narrowly tailored to serve that interest; and (3) that no less restrictive means are available to adequately protect that interest. Press Enterprise Co. v. Superior Court, 478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986).

### III. CONCLUSION:

For all the reasons set forth in this memorandum, applicant asks this Court to grant the accompanying "Motion for Request of Information From the Record," and identify the court reporter present at the stipulated Status Conferences.

**WHEREFORE**, proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, respectfully requests that the information concerning identity of the court reporters at the stipulated Status Conferences be revealed, so that a Transcript Report/Order Form may be issued, and/or amended.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING INFORMATION**
**No. 3:12-cv-2039**
Page No. 4.

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, P.R., on this 5th day of November, 2013.

*[signature]*
Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com