INTAKE DROP BOX
RECEIVED & FILED

2013 NOV 15 PM 2:38

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION REQUESTING CLARIFICATION OF ORDER**

**I.   INTRODUCTION:**

I, Jorge Díaz Castro, as PRO SE Appellant in the instant case, respectfully request that this Court furnish the requested information as regards the instant case; as requested in the accompanying "Motion Requesting Clarification of Order."

**II.   ARGUMENT:**

**1.   Factual and Statutory Background, as basis for the request.**

In Appendix II-B of my "Motion For Leave to File and to Appear as *Amicus Curiae*," filed on April 1st, 2013 (Docket No. 29), I presented to this Honourable Court the text of Act No. 173 of December 3, 2007, P.R. Laws An. Tit. 25 § 3111 (2010), and Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010). Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF CLARIFICATION REQUEST
No. 3:12-cv-2039**
Page No. 2.

As a registered lobbyist for the Legislative Assembly of the Commonwealth of Puerto Rico at the time these acts were passed, I was directly involved with their approval. In particular, I was personally responsible for the proposal to the Honourable Senator José Luis Dalmau, PDP at large (today, Vice-President of the Senate of Puerto Rico), of the bill that was to become Act No. 128 of 2008; which provided for a Federal Social Security *referendum* to be held by PRPD police officers, *no later than 90 days after its approval*, to decide whether to join the Federal Social Security system; and *which still has not taken place, more than five years after its approval*, without a showing of just cause by the Commonwealth of Puerto Rico on this particular issue.

I was also involved in the approval of Act No. 173 of 2007, which provided for a salary increase of two hundred dollars ($200.00) for PRPD police officers; through a series of meetings with various aides of the Honourable Rolando Crespo Arroyo, then a member of the Puerto Rico House of Representatives. Although I did not make any statements in writing concerning the project, I argued at large for the necessity of having this salary raise approved; and subsequently, Representative Crespo Arroyo argued for the bill before it came to a vote in the floor of the House; and thanks (in my opinion) to his eloquent words, the raise was approved.

Unfortunately, Act No. 173 of 2007 was not fully implemented. The monthly two hundred dollar ($200.00) salary raise was to have been implemented in two parts: (a) a monthly one hundred dollar ($100.00) raise to be effective January 1, 2008 (which Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF CLARIFICATION REQUEST**
**No. 3:12-cv-2039**
Page No. 3.

was implemented); and (b) a second monthly one hundred dollar ($100.00) raise to be effective January 1, 2009 (which was subsequently, and indefinitely, postponed). *We should remember that PRPD police officers' annual salaries are in the mid twenty thousand dollar range; which are amongst the lowest salaries for police officers in the United States of America, and its Territories.*

I was also involved in the implementation of Joint Resolution No. 52 of July 17th, 2008, which has not been codified in P.R. Ann. Laws. Joint Resolution No. 52 of 2008 provided for the construction of a monument for PRPD police officers fallen in the line of duty. The sponsor of the bill that subsequently became Joint Resolution No. 52 of 2008 was the Honourable Senator Lucy Arce, NPP at large, at the time the bill was approved. Senator Arce asked in private for my advice concerning obtaining funding for this monument; and I expressed my opinion, and advised her to seek the support of the Honourable Senator Thomas Rivera Schatz, NPP at large; then President of the Senate of Puerto Rico. Thanks to our efforts, and the consent of Senator Rivera Schatz, the monument was inaugurated on February 24th, 2011.

**2.      The right to a complete record on appeal.**

The process whereby a record on appeal is assembled is thoroughly detailed in Fed. R. App. P. 10(b); and in Local Rule 10. It is the Appellant's duty to request a Transcript Report/Order Form for those proceedings not already part of the record; or a statement to the effect that no transcript will be requested.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF CLARIFICATION REQUEST**
**No. 3:12-cv-2039**
Page No. 4.

When a transcript of the procedures is unavailable, or they were not recorded, then Fed. R. App. P. 10(c), (d), and (e) stipulate that a statement of the facts and/or issues on appeal by the parties must be approved by the Honourable District Court and then forwarded to the Honourable First Circuit Court of Appeals.

As already mentioned in the "Motion Requesting Transcripts at Government Expense" (Docket No. 77), fees for transcripts in civil proceedings not brought under 28 U.S.C. § 2255, may be paid for by the U.S. Government to persons permitted to appeal *in forma pauperis* if the Circuit Judge certifies that the appeal is not frivolous (but presents a substantial question), and that the requested transcript is necessary to resolve the appeal. Furthermore, a court reporter "shall not charge a fee for any copy of a transcript delivered to the clerk for the records of the court." 28 U.S.C.S § 753 (f). Since the Honourable District Court has already ordered the transcription of all in court proceedings for the record, in Order dated November 8th, 2013 (Docket No. 91), further discussion as to the merits of my request would be, perhaps, academic. An explicit request is made, however, to assure that the specific content of the Settlement Conferences are made part of the record, to be examined on the appeal(s) pending.

III.   **CONCLUSION:**

For all the reasons set forth in this memorandum, applicant asks this Honourable District Court to consider the accompanying "Motion for Clarification of Order," and approve the accompanying Transcript Reports/Order Forms, as part of the record. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF CLARIFICATION REQUEST**
**No. 3:12-cv-2039**
Page No. 5.

**WHEREFORE,** proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, respectfully requests that the accompanying Transcript Reports/Order Forms be approved, so that the transcripts may thus be added to the record. I reserve the right to request a statement of facts and/or issues from the parties in regards to the in chambers status conferences, for approval of the Honourable District Court, following the resolution of the instant motion.

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, P.R., on this 15th day of November, 2013.

_____
Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com