INTAKE DROP BOX
RECEIVED & FILED

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION REQUESTING A STATEMENT OF FACTS AND/OR ISSUES**

**I.   INTRODUCTION:**

I, Jorge Díaz Castro, as PRO SE Appellant, respectfully request that the Honourable Court instruct the parties to furnish all budgetary information; as requested in the accompanying "Motion Requesting a Statement of Facts and/or Issues."

**II.   ARGUMENT:**

**1.   Factual and Statutory Background, as basis for the request.**

In Appendix II-B of my "Motion For Leave to File and to Appear as *Amicus Curiae*," filed on April 1st, 2013 (Docket No. 29), I presented to this Honourable Court the text of Act No. 173 of December 3, 2007, P.R. Laws An. Tit. 25 § 3111 (2010), and Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010).

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 2.

As a registered lobbyist for the Legislative Assembly of the Commonwealth of Puerto Rico, I was directly involved with their approval. Act No. 128 of 2008 provided for a *referendum* to be held by PRPD police officers, *no later than 90 days after its approval*, to decide whether to join the Federal Social Security system; and *which still has not taken place, more than five years after its approval*, without a showing of just cause by the Commonwealth of Puerto Rico on this particular issue.

Act No. 173 of 2007, which provided for a salary increase of two hundred dollars ($200.00) for PRPD police officers, has not been fully implemented. The salary raise was to have been implemented in two parts: (a) a monthly one hundred dollar ($100.00) raise to be effective January 1, 2008, which was implemented; and (b) a second monthly one hundred dollar ($100.00) raise to be effective *January 1, 2009, which has been postponed for more than six years after its approval*; again, without a showing of just cause by the Commonwealth of Puerto Rico on this particular issue. *We should remember that PRPD police officers' annual salaries are in the mid twenty thousand dollar range; which are amongst the lowest salaries for police officers in the United States of America, and its Territories.*

There is a complaint at the San Juan District Court of Puerto Rico in regards to approved salary raises for the PRPD, not yet implemented; and I am considering joining the complaint as a party, claiming the judicial doctrine of *Jus Tertii* (as third party) to assert the rights of PRPD police officers in regards to Act No. 173 of 2007.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 3.

The number of PRPD police officers active at any time during the last five years has fluctuated between eighteen thousand and nineteen thousand, approximately. I would estimate that, if the *referendum* had been successful, the Commonwealth of Puerto Rico would have contributed *approximately one hundred million dollars*, and PRPD police officers *another one hundred million dollars* to Federal Social Security.

The amount that is owed to PRPD police officers with regards to Act No. 173 of 2007 is also, approximately, *an additional one hundred millions dollars*. Given the amount of money involved, I would have hoped that these issues would be included in the Settlement Agreement (Docket No. 60) filed on July 17th, 2013, whereby this complaint was conditionally dismissed. None of these issues was even mentioned.

Incidentally, another material fact that is relevant, and which has not been mentioned, is the large number of PRPD police officers that work in a police precinct that is not in the county where they officially reside. Apparently, this practice is necessary to assure an adequate number of police officers for all precincts. The PRPD is a relatively large police agency; it covers an unusually large geographical area, for only one agency. What the PRPD has done, in the past, is to establish police dormitories for a limited number of PRPD police officers. This is an issue that should be included in the Settlement Agreement, so it may be studied; and appropriate remedies may be proposed, and implemented. The easiest solution would be to provide larger dormitories for those police officers that work in a county where they do not reside. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 4.

2.   **What is due process, in regards to the issues on appeal?**

The process whereby a record on appeal is assembled is thoroughly detailed in Fed. R. App. P. 10(b); and in Local Rule 10. It is the Appellant's duty to request a Transcript Report/Order Form for those proceedings not already part of the record; or a statement to the effect that no transcript will be requested.

When a transcript of the procedures is unavailable, or they were not recorded, then Fed. R. App. P. 10(c), (d), and (e) stipulate that a statement of the facts and/or issues on appeal by the parties must be approved by the Honourable District Court and then forwarded to the Honourable First Circuit Court of Appeals.

The Fifth Amendment to the United States Constitution states that: "No person shall... be deprived of life, liberty, or property without due process of law...." U.S. Const. amend V. The Fourteenth Amendment to the United States Constitution adds: "... nor shall any State deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.

In claiming a violation of constitutional due process, two questions arise: (a) is the interest related to *life, liberty and/or property* within the scope of the Fifth and/or Fourteenth Amendment?; and (b) if the right is a *protected right*, what must be done to satisfy the due process requirement? We can further subdivide due process into its *procedural aspect*, relating to what specific processes must be undertaken; and its *substantive aspect*, relating to what specific rights may be considered.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 5.

Furthermore, we must be careful to distinguish between a *right*, and a *privilege*. *Rights* are protected by the United States Constitution, but *privileges* are not. We have to be careful, because sometimes, governmentally created interests may be considered privileges. For instance, police officers traditionally have been forbidden to perform political acts while on duty. At the turn of the last century, a municipal policeman of Massachussetts was removed from duty by the Mayor of the City for soliciting money for political purposes, after an administrative hearing; for a violation of established police regulations. The policeman stated that such regulations invaded his constitutional right to express his political opinions. The Supreme Court of Massachusetts stated, in an opinion written by Justice Oliver Wendell Holmes, Jr.: "The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman." McAuliffe v. Mayor... of New Bedford, 155 Mass. 216, 220 (1892).

When the government grants a benefit, due process is required to terminate it. The United States Supreme Court has held that the State of New York cannot terminate benefits to a welfare recipient without providing an evidentiary hearing. Goldberg v. Kelly, 397 U.S. 254 (1970). In this decision, the Supreme Court affirmed the district court's determination that failure to provide a fair hearing before terminating benefits failed to satisfy procedural due process requirements; especially, in consideration of the dire economic state of welfare recipients. The question then arises, how much must the government do to satisfy the due process requirement in any given situation? Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 6.

In applying these standards to the instant case, it is also important to distinguish between an *entitlement* and an *expectation*. An *entitlement* is already possessed, and an *expectation* is a future benefit yet to be attained. If an interest granted by the state, such as those of PRPD police officers to become eligible for Federal Social Security and/or to receive a salary raise, is created by state law, then it is an *entitlement*, and becomes a *right*, when the wording of the law creates more than an expectation of future benefit. Also, if it is a *protected interest*, and the government fails to honor it *without due process*, then it becomes a *right*.

In <u>Mathews v. Elridge</u>, 424 U.S. 319 (1976), the United States Supreme Court established three requirements to determine how much due process is required by the government to terminate a benefit in a given situation; and, specifically, in terminating Social Security disability benefits:

> ... identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See*, e.g., <u>Goldberg v. Kelly</u>, ... [397 U.S.], at 263-271 (1970). *Id.*, at 335.

Before considering if an interest created by state law is a protected right, we should consider what due process was involved in its termination.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 7.

When we think of due process, we usually think either of a trial, or an administrative hearing. It would be erroneous, however, to consider these as the only alternatives. Consider for a moment the legislative process. It is a very precise process to have an act, on an amendment thereof, approved; either at the level of the Federal legislature; or at the level of a state legislature. What is sometimes very frustrating, as a lobbyist, is to see an act become approved, or an amendment pass; and is signed by the executive branch; and then, not to see it implemented correctly, *after all the hard work that took to have it approved.* If an act is not to be implemented, due process would be satisfied by either an amendment, or by repeal; *not by simply ignoring the provisions thereof.*

In the instant case, however, neither Act 173 of 2007, nor Act 128 of 2008 have been altered by the Legislative Assembly of the Commonwealth of Puerto Rico. My most important reason in requesting a Statement of Facts and/or Issues is to verify that, indeed, these acts were not considered at all in reaching the Settlement Agreement; and due process has been totally ignored, in blatant disrespect to the due process inherent in the legislative process.

For instance, Puerto Rican law establishes that a verbal contract has the same validity as a written contract; i.e., if a trial court establishes the validity of a verbal contract, it can enforce it. See Vila & Hnos., Inc. v. Owens Ill. de P.R., 17 P.R. Offic. Trans. 987 (1988).

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING STATEMENT**
**No. 3:12-cv-2039**
Page No. 8.

Did the parties enter into any verbal stipulation that could be considered a contract, in regards to the possible future enactment of either act? Would this satisfy the due process requirement? These are the essential questions we are seeking to answer; and, in order to answer them, in the absence of a court reporter, is a Statement of Facts and/or Issues. If a proposed budget was also ever submitted at *any* of the proceedings, then its inclusion in such a statement would serve to complete the record.

### III.   CONCLUSION:

For all the reasons set forth in this memorandum, applicant respectfully requests this Honourable U.S. District Court for the District of Puerto Rico to consider the accompanying "Motion Requesting a Statement of Facts and/or Issues," and request from the official parties in the instant case such a statement, *with particular attention to any and all budget issues*, for its approval as part of the record to be forwarded to the Honourable First Circuit Court of Appeals.

**WHEREFORE**, proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, respectfully requests that the Honourable U.S. District Court for the District of Puerto Rico request from the official parties in the instant case a statement of facts and/or issues, *with particular attention to any and all budget issues,* for its approval as part of the record to be forwarded to the Honourable First Circuit Court of Appeals.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF CLARIFICATION REQUEST
No. 3:12-cv-2039
Page No. 9.

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, P.R., on this 25th day of November, 2013.

*Jorge Díaz Castro*
Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com