IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 3:12-cv-2039 |
| COMMONWEALTH OF PUERTO RICO, and the PUERTO RICO POLICE DEPARTMENT, | (GAG) |
| Defendants; | |
| JORGE DIAZ CASTRO, | |
| as Defendant – Intervenor | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY DECLARATORY AND INJUNCTIVE RELIEF, *PENDENTE LITE*

**I.   INTRODUCTION:**

I, Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department, as proposed Intervening Defendant in the instant case; and as Appellant in case(s) U.S.C.A. 13-2079 and U.S.C.A. 13-2306; respectfully requests that this Court grant such preliminary declaratory and injunctive relief as is requested in the "Motion for Preliminary Declaratory and Injunctive Relief, *pendente lite*," which is annexed.

**II.   ARGUMENT:**

The primary purpose for granting a preliminary injunction motion is "to preserve the relative positions of the parties until a trial on the merits can be held." See Brown v. Chote, 411 U.S. 452, 456 (1973). No trial on the merits has taken place; neither at the

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 2

level of the Honourable U.S. District Court for the District of Puerto Rico; nor has the appeal been seen yet at the level of the First Circuit Court of Appeals. A preliminary injunction is often granted to preserve the *status quo* (and, in my particular case, until my appeal(s) are resolved); to preserve a court's ability to grant a meaningful decision; and to minimize the risk of error. Lea B. Vaughn, *A Need for Clarity: Toward a New Standard for Preliminary Injunction*, 68 OR. L. REV. 839, n. 15, at 849 (1989) (discussing the various standards whereby Preliminary Injunctions are granted).

In Brown v. Chote, *Id.* at 456, the Court provided two factors that a district court should consider and weigh in determining whether to issue a preliminary injunction: (1) the movant's "possibilities of success on the merits," and (2) "the possibility that irreparable injury would have resulted, absent interlocutory relief." *Id.* When the issues involve the government, the U.S. Supreme Court has also considered the public interest. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312-13 (1982); *see also* United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 496 (2001). The U.S. Supreme Court has also considered the interests of non-parties to the litigation in granting a Preliminary Injunction, when the public interest is at stake:

> ...the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff. Yakus v. United States, 321 U.S. 414, 440 (1944)

The U.S. Supreme Court has been consistent in considering "public consequences" in cases involving the government. Weinberger v. Romero-Barcelo, *Id.* at 312.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMNARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 3

At the level of the Court of Appeals, the standard for review of a Preliminary Injunction at the level of the District Court is abuse of discretion. Thornburg v. Am. Coll. of Obstetricians & Gynecologists, 476 U.S. 747, 757 (1986), *overruled on other grounds by* Planned Parenthood v. Casey, 505 U.S. 833, 870 (1992). Different circuits have different standards for granting a Preliminary Injunction; this distinction has been considered by the U.S. Supreme Court when reviewing a District Court's decision. *See* Doran v. Salem Inn, Inc., 422 U.S. 922, 932 (1975). The Honourable First Circuit Court of Appeals utilizes the traditional four part test:

> The considerations are: (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776-77, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987) (quoted in Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, n. 3 at 16 (1st Cir. 2002)).

In particular, granting a Preliminary Injunction *pendente lite* depends on "whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]." United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted). However, we should remember that in a government case, the public interest should also be strongly considered, along with success on the merits.

An additional consideration we have not mentioned yet in granting a Preliminary Injunction *pendente lite* is whether the movant has another adequate remedy at law:
Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 4

> [T]the bases for injunctive relief are irreparable injury and inadequacy of legal remedies. Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542 (1987).

If we examine the various standards for granting a Preliminary Injunction, *pendente lite*, we will find that the motion should be granted, and an injunction issued.

**1.    Intervenor's "Motion for Leave to Intervene" will succeed, upon its merits.**

The purpose of FRCP 24(a)(2) is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." Coalition of Arizona/New Mexico Counties v. Department of the Interior, 100 F.3d 837, 841 (10th Circuit 1996) (citing decisions by three Courts of Appeals). Therefore, "(t)he need to settle claims among a disparate group of affected persons militates in favor of intervention." Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Circuit 1990). In light of FRCP 24(a)(2) and its goals, courts have granted motions to intervene as of right under this rule when the following four criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect their interest; and (4) the existing parties cannot adequately protect the applicant's interests.

In addition to meeting the requirements for intervention as of right, applicant meets those establishing a basis for a discretionary grant of permissive intervention. Rule 24(b)(1) provides that a court may grant intervention if the applicant's claim "(A) is Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 5

given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action have a question of law or fact in common." FRCP 24(b)(1). In addition, in utilizing its discretion, a court should consider whether intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b)(3); Purnell v. Akron, 925 F.2d 941, 950, 951 (6th Cir. 1991).

In the "Notice of Motion and Motion for Leave to Intervene" (Docket No. 66), applicant raised defenses that have numerous questions of law and fact in common with the main action; and their intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Therefore, permissive intervention is also appropriate.

Because the applicant satisfies these requirements, intervention shall be granted. The first part of the test will be satisfied.

2. **Intervenor, and numerous PRPD police officers, will suffer irreparable harm if stay is not granted.**

Intervenor's situation is dire, to say the least. However, it is not only Intervenor's situation that should most concern this Honorable court; but rather, the irreparable harm that will befall most PRPD police officers if the requested stay is not granted.

As was stated in the "Motion for Leave to Intervene," (Docket No. 66) applicant is attempting to assert the rights of third parties, PRPD police officers, via the judicial doctrine of *Jus Tertii* at the courts for the Commonwealth of Puerto Rico.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 6

In general, Federal courts have adhered to the rule that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 45 L. Ed. 2d 343, 95 S. Ct. 2197. This rule assumes that the party with the right has the appropriate incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal and appropriate presentation. *Id.,* at 500. It represents a "healthy concern that if the claim is brought by someone other than one at whom the constitutional protection is aimed," Secretary of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955, n. 5, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984), Federal courts might be "called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights, Warth v. Seldin., *supra*, at 500. Federal courts have not treated this rule as absolute, however, recognizing that there may be circumstances where it is necessary to grant a third party standing to assert the rights of another; but they have limited this exception by requiring that a party seeking third-party standing make two additional showings.

First, Federal courts have asked whether the party asserting the right has a "close" relationship with the person who possesses the right. Powers v. Ohio, 499 U.S. 400, 411, 113 L. Ed. 2d 411, 111 S. Ct. 1364 (1991). Second, they have considered whether there is a "hindrance" to the possessor's ability to protect his own interests. *Id.* Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 7

Federal courts have sometimes been quite forgiving with these criteria. "Within the context of the First Amendment," for example, "the Court has enunciated other concerns that justify a lessening of prudential limitations on standing." Secretary of State of Md. v. Joseph H. Munson Co., *supra*, at 956.

The doctrine of standing asks whether a litigant is entitled to have a Federal court resolve his grievance. This inquiry involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, *supra*, at 490, 498. In the instant case, we do not focus on the constitutional minimum of standing, which flows from Article III's case-or-controversy requirement. *See* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). Instead, we shall assume to have satisfied Article III and address the alternative threshold question whether Intervenor has standing to raise the rights of others. *See* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585, 143 L. Ed. 2d 760, 119 S. Ct. 1563 (1999). Intervenor has cited political discrimination, directly infringing upon Intervenor's rights of free speech, as protected by the First Amendment. U.S. Const. amend. I

Both cases, KPE 2012-01347, at the Commonwealth of Puerto Rico District Court for San Juan; and its appeal, KLAN 2013-00002, at the Commonwealth of Puerto Rico Court of Appeals, also touched upon the issue of legislative immunity for the Legislative Assembly of the Commonwealth of Puerto Rico, and the constitutionality of its proceedings.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 8

However, it was not the constitutionality of the legislative process of the Commonwealth *per se* that was being challenged in these cases, but rather, the constitutionality of the *Jorge Alberto Ramos Comas* Legislative Internship. More than five (5) years have passed since Act No. 173 of December 3, 2007, P.R. Laws An. Tit. 25 § 3111 (2010), and Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010), were approved. Neither the Commonwealth of Puerto Rico nor the PRPD have a showing of just cause as to why the second part of a salary raise to PRPD police officers has not been fully implemented; nor as to why a Federal Social Security *referendum* has not taken place. We should remember that the amount of money involved is considerable. Approximately *one hundred million dollars* is owed to PRPD police officers as backpay for withheld raises; approximately *two hundred million dollars* would have been paid to the Federal Social Security system if the *referendum* had been successful: *one hundred million dollars* by the Commonwealth of Puerto Rico; and an additional *one hundred million dollars* by PRPD police officers.

The reason for applying to the *Jorge Alberto Ramos Comas* Legislative Internship is that the PRPD has had already two Federal Social Security *referendums*; neither was successful. Intervenor believes that an amendment stipulating which PRPD police officers would be eligible to vote on such a *referendum* would enable PRPF officers to finally become a part of the Federal Social Security system; and asserted the doctrine of *Jus Tertii* for PRPD police officers in both cases at the Commonwealth courts. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION
No. 3:12-cv-2039**
Page No. 9

To claim jurisdiction at the Federal level for the *Jus Tertii* claims presented at the courts of the Commonwealth of Puerto Rico Intervenor must first assert a Federal question claim; if State-law claims arise from the same nucleus of operative facts, the Federal district court at which such claim is presented must also exercise supplementary jurisdiction:

> *See* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249 (1st Cir. 1996).

*See also* BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824 (1 Cir. 1997).

Thus, by presenting claims at the District Court relating to Federal statutes that were violated in denying my application to the *Jorge Alberto Ramos Comas* Legislative Internship, especially those relating to due process claims, shall confer standing to adjudicate the *Jus Tertii* claims involving PRPD police officers. *Given the amount of money involved, these issues should be included in the Settlement Agreement; not to do so will cause irreparable injury to PRPD police officers; and will further and needlessly delay their resolution.* The second part of the test will thus be satisfied.

3. **Intervenor's Irreparable Injuries, including those of PRPD police officers, strongly outweight any harm to the Plaintiff, or State co-Defendants Commonwealth of Puerto Rico and the PRPD.**

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 10

The Honorable Gustavo A. Gelpí has already recognized, in the published Opinion for this case, the crisis which has befallen the Commonwealth of Puerto Rico retirement system. USA v. Puerto Rico, 922 F. Supp. 2d 185 (2013). If a solution is not found soon for this problem, many retiring PRPD police officers might suddenly find themselves without adequate means of support. Furthermore, if retiring PRPD police officers are able to draw a pension from the Federal Social Security system, then the pension from the Commonwealth will be diminished, and the Commonwealth will have to spend less per retired PRPD police officer. Moreover, the crisis that has befallen the Federal Social Security system can also be aided by receiving more funds, as would happen once current PRPD police officers become a part of it.

The instant case has been conditionally dismissed without any litigation whatsoever; Intervenor believes that resolving the issue of retirement for PRPD police officers will greatly contribute to improving their morale; and will result in an easier implementation of the Agreement; thus satisfying the third part of the test; if indeed, the instant case should be resolved by an Agreement, and never litigated.

**4.   A Preliminary Injunction *pendente lite* is in the public interest.**

Intervenor firmly believes that the people of Puerto Rico are concerned about the performance of PRPD police officers. Intervenor also believes that PRPD police officers are interested in improving their professional performance as peace officers in charge of maintaining the public order.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 11

For PRPD police officers, there should be no question that the issue of their eventual retirement be solved in a timely manner, which has not yet been done. *Thus, granting a Preliminary Injunction pendent lite would assure the public that this important issue is considered in the Settlement Agreement, as it should be.* The stated public interest would satisfy the fourth part of the test.

Moreover, there is another important consideration: budgetary issues have not been made public. This is a very important issue to consider:

> The agreement, the consideration of which the Court has stayed until April 15, 2013 (see Docket No. 5), however, does not include a proposed budget for the several measures the Commonwealth must take to implement the directives contained therein. This is a crucial element for the Court as it considers whether to accept the agreement. What is the projected short-term and long-term cost of implementing this agreement? More so, the agreement is silent as to whether the Commonwealth will bear the entire cost of overhauling its police department, or whether the United States will assist in whole or in part, by way of federal executive grants, programs or otherwise. USA v. Puerto Rico, 922 F. Supp. 2d 185 (2013)

If budgetary issues are important to the Honourable Court, then surely they must also be important to the public! However, the Settlement Agreement (Docket No. 60), as it stands, contains various stipulations that limit the public's access to information.

For instance, the parties are not required to preserve their records (paragraph No. 283); and they are not to be considered an agency, so their records are not public (paragraph No. 259). The public concern for transparency is, perhaps, the most important reason for granting a Preliminary Injunction, *pendente lite*.

Continued..

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 12

**5.     There is no other remedy adequate at law for various issues.**

The issue of the budget, which has not been made public; and the way the Settlement Agreement (Docket No. 60) helps to hide this information can only be resolved by amending the agreement. In the meantime, the only remedy that shall preserve the *status quo*, and serve the public interest, is to grant the Preliminary Injunction; as a fifth and final part of the test.

If either Plaintiff UDOJ and/or co-Defendants Commonwealth of Puerto Rico and/or the PRPD felt that some budgetary information was too sensitive for the public, then the proper procedure would have been to have this information Sealed. To circumvent this requirement without a showing of just cause seems equivocal.

**III.    CONCLUSION:**

For all the reasons set forth, applicant asks this Court to grant the accompanying "Motion for Preliminary Declaratory and Injunctive Relief, *pendente lite*."

**WHEREFORE**, proposed Defendant-Intervenor Jorge Díaz Castro, as a concerned lobbyist for Defendant Puerto Rico Police Department; and as Appellant in case(s) U.S.C.A. 13-2079 and U.S.C.A. 13-2306; respectfully requests that a Preliminary Injunction suspending the Settlement Agreement, and that the naming of a Technical Compliance Advisor (T.C.A.) in the instant case, awaiting resolution of either and/or both appeal(s) at the Honourable First Circuit Court of Appeals.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION**
**No. 3:12-cv-2039**
Page No. 13

**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the Court which, on information and belief, shall automatically notify counsel of record which are CM/ECF system participants at the corresponding e-mail address, and which pursuant to Local Civil Rule 5, constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**, in San Juan, P.R., on this 2nd day of December, 2013.

Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R. 00902-1288
Email: transcripciones@mail.com