# United States Court of Appeals
## For the First Circuit

Nos.   13-2079; 13-2306

UNITED STATES,

Plaintiff, Appellee,

v.

COMMONWEALTH OF PUERTO RICO, ET AL.,

Defendants,

JORGE DIAZ-CASTRO,

Movant, Appellant.

Lynch, Chief Judge,
Torruella and Kayatta, Circuit Judges.

**JUDGMENT**

Entered:  January 17, 2014

    Movant-appellant Jorge Diaz-Castro has appealed pro se from the summary denial of his post-judgment motion to intervene.  Plaintiff-appellee, the United States, has moved for summary disposition.  We agree with the government that summary affirmance is appropriate as "it clearly appears that no substantial question is presented." 1st Cir. R. 27.0(c).

    A. Denial of Motion to Intervene As of Right

    "The district court's denial of a motion for intervention as of right lays the foundation for an immediate appeal." Public Service Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998).  Review is for abuse of discretion. Id.  "[A] would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interests.  Each of

these requirements must be fulfilled; failure to satisfy any one of them defeats intervention as of right." Ungar v. Arafat, 634 F.3d 46, 50-51 (1st Cir. 2011).[1]

To satisfy the Rule's second requirement, "the interest must be direct and 'significantly protectable.' An interest that is too contingent or speculative -- let alone an interest that is wholly nonexistent -- cannot furnish a basis for intervention as of right." Id. at 51-52.

To the extent that Diaz-Castro relies upon his own interests as a lobbyist in support of legislation concerning the police officers, those interests do not "'bear a sufficiently close relationship to the dispute between the original litigants.'" Ungar, 634 F.3d at 51. Neither the complaint nor the Agreement for the Sustainable Reform of the Puerto Rico Police Department directly concerns the subject of the legislation for which Diaz-Castro claims to have lobbied. The concern that the Settlement Agreement will distract the parties from focusing on that legislation constitutes, at best, an indirect and speculative relationship.

To the extent that Diaz-Castro seeks to intervene to represent the interest of a third party (the police officers), he fails to satisfy the requirements for asserting such *jus tertii* claims. For a litigant to bring an action on behalf of a third party, three criteria must be satisfied: "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party, and there must exist some hindrance to the third party's ability to protect his or her own interests." Powers v. Ohio, 499 U.S. 400, 410-411 (1991). While Diaz-Castro expresses concern that the interests of the police officers are not adequately represented, he has not identified an obstacle or hindrance to the officers' asserting their own rights. Nor has he identified an injury in fact that he has suffered in relation to the suit.

Diaz-Castro may not successfully rely upon the police officers' interests in intervening in the suit to establish his right to intervene. He has alleged only that he has lobbied in support of legislation concerning the police officers. That is not sufficient to establish a right to intervene as a representative whose "function [it is] to represent the relevant members' interests in matters of this kind." Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 36 (1st Cir. 2000); compare United States v. City of Los Angeles, 288 F.3d 391, 399-400 (9th Cir. 2002)(holding that the Police League, which served as designated bargaining unit for police officers, had "a protectable interest" in the merits of the §14141 action and the remedy sought by the United States).

There is no substantial argument that the district court abused its discretion in denying Diaz-Castro's motion to intervene as a matter of right.

---

[1] Because Diaz-Castro clearly cannot satisfy the second requirement, it is unnecessary to discuss the other requirements. But, this court has noted that "courts have historically viewed post-judgment intervention with a jaundiced eye in situations where the applicant had a reasonable basis for knowing, before final judgment, that its [alleged] interest was at risk." Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231(1st Cir. 1992).

      B. Permissive Intervention

"Permissive intervention under Rule 24(b)(2) . . . gives the judge discretion to allow intervention 'when an applicant's claim or defense and the main action have a question of law or fact in common.'" Daggett v. Commission on Governmental Ethics and Election Practices, 172 F.3d 104, 112-113 (1st Cir. 1999).

The main action involves allegations "that Defendants engaged in a pattern or practice of unconstitutional and unlawful activity in violation of the First Amendment, the Fourth Amendment, the Fourteenth Amendment, and Section 14141."  The parties' Agreement "addresses the necessary changes to the policies, procedures, training, internal and external oversight, disciplinary systems, and information and data integrity mechanisms to ensure the delivery of effective and constitutional police services that protect and guarantee the civil rights of all residents of Puerto Rico."  Diaz-Castro has not shown how his claims related to legislation concerning salary increases and a referendum on participation in the federal social security system involve a question of law or fact at issue in the main action.

The district court's denial of Diaz-Castro's motion to intervene is affirmed. See 1st Cir. R. 27.0(c).  Appellant's remaining pending motions are denied as moot.

      By the Court:

      /s/ Margaret Carter, Clerk.

cc:
Dennis Dimsey
Nelson Perez-Sosa
Christopher Wang
Jorge Diaz-Castro
Beatriz Annexy-Guevara
Carlos Del Valle Cruz
Frank Inserni-Milam
Gregorio Igartua-de-la-Rosa
Josue Gonzalez-Ortiz