INTAKE DROP BOX
RECEIVED & FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

2014 APR -8  AM 4: 32

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| | X | |
| v. | X | No. 3:12-cv-2039 |
| | X | |
| COMMONWEALTH OF PUERTO RICO, and | X | (G.A.G.) |
| the PUERTO RICO POLICE DEPARTMENT, | X | |
| | X | |
| Defendants; | X | |
| | X | |
| JORGE DIAZ CASTRO, | X | |
| | X | |
| as Proposed Intervening Defendant | X | |
| | X | |

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

## MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO SUPREME COURT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**I.     INTRODUCTION:**

I, Jorge Díaz Castro, as proposed intervening defendant in the instant case, and PRO SE Appellant in cases 13-2079 and 13-2306 at the Honorable First Circuit Court of Appeals, hereby move for an Intrajurisdictional Certification, according to the tenets set forth in Rule No. 25 of the Honorable Puerto Rico Supreme Court.

**II.     FACTUAL  AND PROCEDURAL BACKGROUND FOR THE REQUEST:**

The Honorable First Circuit Court of Appeals dismissed Appeals No. 13-2079 and No. 13-2306; and affirmed the Honorable United States District Court for Puerto Rico with a Judgment to such effect on January 17th, 2014.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO**
**SUPREME COURT**
**No. 3:12-cv-2039**
Page No. 2.

Movant filed an "En Banc Petition for a Writ of *Mandamus*" on January 27th,

2014; an "Emergency Supplementary Motion to Accompany En Banc Petition for a Writ

of *Mandamus*, Requesting the Right to Be Heard in Oral Argument" on February 29th,

2014; and a "Petition for Panel Rehearing and/or Rehearing en Banc," and

accompanying memorandum of law in support thereof on March 3rd, 2014.

The Honorable First Circuit Court of Appeals issued an Order on March 13th,

2014 denying all requests.  Movant had also filed an "En Banc Motion for Clarification of

Judgment" on March 11th, 2014; which was not ruled upon.  On March 19th, 2014,

Movant additionally filed an "En Banc Motion for Stay of Mandate."  In both motions,

Movant requested to be allowed to file the corresponding memoranda of law on March

25, 2014.  On March 24, 2014, a status conference was scheduled in case No. KAC

2007-4170 at the Honorable San Juan Court of First Instance; but only an in chambers

conference took place.  On March 25th, 2014, Movant filed a "Motion to Extend Time" to

file the corresponding memoranda of law at the Honorable First Circuit Court of

Appeals; and was granted until April 4th, 2014 by the Honorable Clerk of the Court, Ms.

Margaret Carter, to comply.

## III.   DISCUSSION OF THE MERITS OF INTERJURISDICTIONAL CERTIFICATION:

In an Interjurisdictional Certification a United States Federal court may certify

legal issues pertaining to state law to the corresponding State Supreme Court.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
   SUPREME COURT
No. 3:12-cv-2039
Page No. 3.

In <u>Erie R.R. v. Tompkins</u>, 304 U.S.64 (1938), the Honorable United States

Supreme Court reversed <u>Swift v. Tyson</u>, 47 U.S. (16 Pet.) 1 (1842); which required the

federal courts to follow only state statutes, or long-established local custom having the

force of law, in compliance with the Rules of Decision Act:

> The laws of the several states, except where the constitution, treaties, or
> statutes of the United States shall otherwise require or provide, shall be
> regarded as rules of decision in trials at common law in the courts of the
> United States in cases where they apply.  Judiciary Act of 1789, § 34, 1
> Stat. 92 (1789).

In a new interpretation of the "laws of the state" clause, the law of the state could

mean either an statute, or a decision by its highest court.  <u>Railroad Commission v.

Pullman Co.</u>, 312 U.S. 496 (1941) established that cases involving the constitutionality

of a state act required abstention by the Federal courts.  Thus, taken in conjunction,

both decisions provided for Interjurisdictional Certification; where a Federal court

certifies a question regarding state law to the state's highest court.  In this case, where

the United States is suing the Commonwealth, Intejurisdictional Certification may help

decide jurisdictional issues; and may help avoid the appearance of abuse of discretion:

> [I]t is the source of the right being sued, and not the ground on which
> Federal jurisdiction over the case is founded, which determines governing
> law.…  Thus, the Erie doctrine applies, whatever the ground for Federal
> jurisdiction, to any issue or claim which has its source in state law.  See,
> e.g., <u>Rothenberg v. H. Rothstein & Sons</u>, 3$^{rd}$Cir., 1950, 183 F.2d 524,
> 21A.L.R.2d 832. Cf. <u>Wichita Royalty Co. v. City National Bank</u>, 1939, 306
> U.S. 103, 107, 59 S.Ct. 420, 83 L.Ed. 515. <u>Maternally Yours, Inc. v. Your
> Maternity Shop</u>, 234 F.2d 358, 540-541 n.1 (2$^{nd}$Cir., 1956).

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
      SUPREME COURT
No. 3:12-cv-2039
Page No. 4.

The Honorable United States Supreme Court has stated, in a plurality opinion,

that Interjurisdictional Certification is proper under Puerto Rico law where:

> (1) the controversy involves questions of Puerto Rican law; (2) *said questions may determine the outcome of the case*; (3) there are no clear-cut precedents in our Court's case law; and (4) the case makes an account of all the facts relevant to said questions showing clearly the nature of the controversy giving rise to the questions. Cuesnongle v. Ramos, 835 F.2d 1486, 1491 (1stCir., 1987).

In Puerto Rico, Interjurisdictional Certification is provided for by Rule No. 25 of

the Honorable Puerto Rico Supreme Court, which states, in relevant part:

> Rule 25 – Procedure for interjurisdictional certification:
> (a)  This Court may entertain any matter certified to it by ... a District Court of the United States of America, ....when it is thus requested by any of said court[s], should there exist in the petitioner court any judicial matter involving questions of Puerto Rican law that may determine the outcome of the same, and with regard to which, in the opinion of the petitioner court, there are no clear precedents in the caselaw of this Court. ...
> (d) This certification shall be perfected by filing a petition consisting of a ruling to such effects issued by the petitioner court, *sua sponte* or on motion of any of the parties in the case before said court.
> (e)  The certification shall include: (1) the questions of law whose answer is sought; (2) a statement of all the facts that are relevant to the questions, and that clearly show the nature of the controversy that gave rise to said questions, which must arise from a determination of the petitioner court, either because they were stipulated by the parties or because they were discussed and adjudicated in the proceeding; and (3) an appendix that shall include the original and the certified copy of that part of the record that, in the opinion of the petitioner court, is necessary or convenient to place this Court in a position to answer the questions.  Rules of the Supreme Court of Puerto Rico, 4 LPRA XXI-B (2012), R. 25 (a), (d), and (e) (Official translation).

Movant will proceed to detail the questions.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
     SUPREME COURT
No. 3:12-cv-2039
Page No. 5.

## IV.    QUESTIONS TO BE CERTIFIED:

1.    Are police associations in Puerto Rico, which cannot enter into labor bargaining

agreements, adequate representatives of the interests of all PRPD police officers?

2.    Can the Commonwealth of Puerto Rico enter into a Settlement Agreement such

as the one entered into in the instant case (Docket No. 57), which:  (a) does not require

the disclosure of a budget at any stage of the proceedings; and (b) whose budget does

not have to be approved by the Legislative Assembly of the Commonwealth of Puerto

Rico, even though it requires recurrent funding from the Commonwealth?

3.    Is the Settlement Agreement (Docket No. 57) a valid contract under the laws of

the Commonwealth of Puerto Rico, when:  (a) the new Secretary of Justice of the

Commonwealth of Puerto Rico, the Honorable César Miranda Rodríguez, has not yet

been confirmed;  and (b) where there are continued reprisals from the Commonwealth

of Puerto Rico, that serve as a form of intimidation, to comply with the Agreement?

## V.    DISCUSSION OF THE MERITS OF THE QUESTIONS TO BE CERTIFIED:

**1.    Merits of the first question to be certified:**

In its Order dated December 30th, 2012 (Docket No. 7), the Honorable Judge in

the instant case, Gustavo A. Gelpí, invited the appearance of *Amicus Curiae* to any

"bona fide govermental or private entity," purposefully excluding any individual police

officers from such a filing.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
SUPREME COURT
No. 3:12-cv-2039
Page No. 6.

The existing police associations in Puerto Rico are not allowed to enter into
collective bargaining agreements on behalf of PRPD police officers; and thus *may* or
*may not* have been found to adequately represent them; if they attempted to intervene.
For instance, in case <u>U.S. v. City of Portland</u>, Case No. 3:12-cv-02265, at the Honorable
United States District Court for Oregon, Portland Division; the Portland Police
Association (henceforth, the PPA),a labor union allowed to enter into collective
bargaining agreements on behalf of their members, was allowed to intervene only for
remedy purposes; whereas the Albina Ministerial Alliance Coalition for Justice and
Police Reform (henceforth, the AMA Coalition), which is not allowed to enter into
collective bargaining agreements, has been heretofore denied *any* intervention.
Individual PRPD police officers, the most important potential objectors to the Settlement
Agreement (Docket No. 57) were not allowed to present *Amicus Curiae* motions; much
less to intervene as official parties to the complaint.

A compromise or Settlement Agreement, under Puerto Rico law, is a contract by
which each of the parties in interest, by giving, promising, or retaining something, avoids
the provocation of a suit, or terminates one that has already been instituted. P.R. Laws
Ann. Tit. 31, § 4821 (2008).  Settlements are subject to the general rules regarding
contracts and their interpretation, insofar as compatible with the pertinent provisions of
the Puerto Rico Civil Code.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
     SUPREME COURT
No. 3:12-cv-2039
Page No. 7.

Moreover, no fairness hearing was held, prior to the approval of the agreement; in contrast to recent First Circuit Court of Appeal cases which have been solved by an agreement. Volkswagen Group of America, Inc. v. Peter McNulty Law Firm (In re Volkswagen & Audi Warranty Extension Litig.), 692 F.3d 4 (1st Cir., 2012); Hutchinson v. Patrick, 636 F.3d 1 (1st Cir., 2011); Rolland v. Romney, 318 F.3d 42(1st Cir., 2003). This is a showing of lack of uniformity within the First Circuit.

**2.   Merits of the second question to be certified:**

The public and press have a First Amendment right of access to judicial proceedings in criminal cases. In Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (U.S. 1980), the Supreme Court said that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." Id., at 573. In Ligia M. Ortíz Rivera et al. v. Mercedes Bauermeister, Fernando Campoamor Redín, Interventor, 152 DPR 161 (2000), the Honorable Supreme Court of Puerto Rico established that documents filed in a court case, or in administrative proceedings, are considered public. Id., at 176-177. See also the Law for Administration of Public Documents for the Commonwealth of Puerto Rico, Law No. 8 of December 5, 1955, as amended, P.R. Laws Ann. Tit. 3 § 1001 et seq. (2008).

When considering, moreover, whether a constitutional presumption of access applies to particular proceedings or records, courts consider two factors: (a) whether Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
     SUPREME COURT
No. 3:12-cv-2039
Page No. 8.

the place and process have historically been open to the press and general public; and

(b) whether public access plays a significant positive role in the functioning of the

particular process in question.  Where a constitutional presumption of access applies,

the court may close proceedings only after making specific, on-the-record findings: (a)

that closure is necessary to further a compelling governmental interest; (b) the closure

order is narrowly tailored to serve that interest; and (c) that no less restrictive means are

available to adequately protect that interest.  Press Enterprise Co. v. Superior Court,

478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986).

     However, as the Honorable Judge Gustavo A. Gelpí stated, in his Order dated

November 8th, 2013 (Docket No. 91), "... there are no sealed documents in this case."

Movant thus contends that the budget should be an essential part of the Agreement,

available for public scrutiny; but is not included therein.  This is the basis, essentially, for

the first issue in the second question to be certified; namely, whether the budget should

be part of the Agreement.  In addition, Movant also objects to the way the Office of the

Technical Compliance Advisor (henceforth, the TCA) is construed in the Agreement;

because it enables the TCA to operate without any degree of accountability to either the

United States of America, nor to the Commonwealth of Puerto Rico.

     The second issue in the second question to be certified is, basically, whether a

recurrent expense incurred by the Commonwealth has to be in the General Budget.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
SUPREME COURT
No. 3:12-cv-2039
Page No. 9.

Movant believes that Article 6, § 6 of the Constitution of the Commonwealth of Puerto

Rico logically leads to this conclusion:

> Article VI.  General Provisions.
> § 6.  Failure to Make Appropriations.
> If at the end of any fiscal year the appropriations necessary for the
> ordinary operating expenses of the government and for the payment of
> interest on and amortization of the public debt for the ensuing fiscal year
> shall not have been made, the several sums appropriated in the last
> appropriation acts for the objects and purposes therein specified, so far as
> the same may be applicable, shall continue in effect item by item, and the
> Governor shall authorize the payments necessary for such purposes until
> corresponding appropriations are made.
> Const. P.R., Art. VI, § 6.

Nevertheless, due to the dire financial situation of the Commonwealth of Puerto

Rico, and the necessity for controlling expenses, it is Movant's contention that it

is in the public interest that this question be certified to the Honorable Puerto

Rico Supreme Court.

3.    **Merits of the third question to be certified:**

The first issue in the third question to be certified is whether consent is given by

the Commonwealth when the preceding Secretary of Justice has voluntarily resigned;

and the succeeding Secretary of Justice, the Honorable César Miranda Rodríguez, is

yet to be confirmed.  The Secretary of Justice is one of the Commonwealth's key

functionaries, whose consent in the Settlement Agreement (Docket No. 57) is necessary

so that the Commonwealth may not question its legality.

Continued...

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
SUPREME COURT
No. 3:12-cv-2039
Page No. 10.

As with all contracts, in order for there to be a valid Settlement Agreement (Docket No. 57) there must be: (a) consent of the parties; (b) a definite object as the subject of the contract; and (c) a cause for the obligation. P.R. Laws Ann. Tit. 31, § 3391 (2008).  With compromises, the object is the controversy dividing the parties and the cause is the termination of that controversy through mutual concessions.  Neca Mtg. Corp. v. A & W Developers, S.E., 137 DPR 860, 871 (1995).

A party's consent in a contract, however, may be marred by error, violence, intimidation, or deceit.  P.R. Laws Ann. tit. 31, § 3404 (2008). Consent given as a result of any such defect may render such a consent null.  P.R. Laws Ann. tit. 31, § 3404 (2008).  The situation surrounding the resignation of the former Secretary of Justice, who resigned after presenting himself in a PRPD precinct, in aid of a personal friend who was being held for charges of drunk driving; in conjunction with the failure to confirm the current Secretary of Justice, would put into question whether the Commonwealth is actually consenting to the Settlement Agreement (Docket No. 57). The situation with the PRPD Superintendent is similar.  Currently, a new PRPD Superintendent has been nominated; but the Commonwealth's failure to have a properly confirmed PRPD Superintendent may be indicative of its unwillingness to comply with the Settlement Agreement (Docket No. 57).  This is notwithstanding the fact that the PRPD Superintendent did not have to sign the Settlement Agreement (Docket No. 57). Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
    SUPREME COURT
No. 3:12-cv-2039
Page No. 11.

Nevertheless, since only the Commonwealth's Secretary of Justice' consent is

fully required, as evidenced by his signature, Movant will only question the lack of

confirmation of the current Secretary of Justice.  Movant believes that certification to the

Honorable Puerto Rico Supreme Court is in the Commonwealth's public interest; and

this is the reason Movant is including this issue in the instant motion.

The second issue in the third question is whether the continued reprisals that are

befalling PRPD police officers invalidate the Settlement Agreement (Docket No. 57).

The Puerto Rico Department of Justice has accused former PRPD police officer

Roberto Quiñones Rivera for the murder of his girlfriend, Yexeira Torres Pacheco,

without finding her body, nor advancing a reasonable theory as to its whereabouts.

Similarly, they have been overly zealous in accusing Mr. Pablo Casellas Toro,

son of the Honorable Salvador Casellas Toro, Senior Judge of this Honorable First

Circuit Court of Appeals, for the murder of his wife, Carmen Paredes Cintrón; and may

have also incurred in malicious prosecution.  Mr. Pablo Casellas Toro is now facing

criminal proceedings at the United States District Court of Puerto Rico.

Former Commissioner of Public Security and Chief of the Municipal Police for the

City of San Juan, Mr. Hilton Cordero Rosario, has faced severe penalties both in the

Federal jurisdiction and in the jurisdiction of the Commonwealth of Puerto Rico for

charges of child pornography; in addition to civil liability in Federal court.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
        SUPREME COURT
No. 3:12-cv-2039
Page No. 12.

These accusations may be construed as an implied threat with the purpose of
hindering objection to the Settlement Agreement (Docket No. 57); and the approach that
the Commonwealth of Puerto Rico's Department of Justice has taken in cases involving
police officers, and/or the Honorable United States District Court for the District of
Puerto Rico may be construed as malicious prosecution.  These are not, however, the
only reprisals that PRPD police officers have encountered.

In early 2013 the Commonwealth delayed payment to PRPD police officers
of accrued sick leave; and greatly reduced the amount they could be paid.  PRPD police
officers began a practice of calling in sick, allegedly unfalsely; and the Commonwealth
threatened them with administration of a lie detector test to determine if they were telling
the truth.  More recently, the W-2 retention slips of all PRPD police officers who have
been paid overtime are being withheld because of an error; and Movant wonders when
will they be issued; insofar as the due date for filing the Commonwealth's income tax
return is still April 15th.  With all due respect, this Honorable United States District Court
has insofar been completely blind to these facts; in what may eventually be construed
as abuse of discretion.  However, this Settlement Agreement (Docket No. 57) has so far
been totally ignored by the Commonwealth.  The Honorable Presiding Judge in the
instant case, Gustavo A. Gelpí, keeps issuing Orders concerning the instant case, that
unfortunately, seem to fall on deaf ears.

Continued...

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
      SUPREME COURT
No. 3:12-cv-2039**
Page No. 13.

Movant has, nevertheless, exhibited all possible courtesies; and strict adherence both to the letter and to the spirit of the law; in spite of repeated attempts on behalf of numerous individuals to hinder my attempt to intervene in what Movant considers, at the very least, to be various counts of Federal obstruction of justice.

Movant still respectfully requests this Honorable United States District Court to give some consideration to the issues he presents; especially in regards to budgetary issues.  Unfortunately, the Legislative Assembly of the Commonwealth of Puerto Rico is vested with a level of immunity that may be very difficult for this Honorable Court to overcome; and this Honorable Court has so far denied Movant's attempts not only to intervene, but to perhaps be of assistance in implementing the PRPD reform.  If Movant may be of any assistance to this Honorable Court, perhaps the implementation of the PRPD reform could proceed with more celerity.  This is, also, an additional reason for Movant's request for certification:  perhaps the Honorable Puerto Rico Supreme Court may also be of some assistance, if given the opportunity.   Approximately eight months have passed since the Settlement Agreement (Docket No. 57) was signed, and the case conditionally dismissed.  If a report were to be issued at this point, what would be the result of the first six months after signing the agreement?  Movant also contends that PRPD police officers have various labor-related claims that are still pending, after more than seven (7) years, and that should have been included in the Agreement.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR INTRAJURISDICTIONAL CERTIFICATION TO THE PUERTO RICO
     SUPREME COURT
No. 3:12-cv-2039
Page No. 14.

Movant would also like to note that, for the record, even though a Judgment was issued in U.S.C.A. cases No. 13-2079 and No. 13-2306; a mandate has yet to be issued; and the Honorable First Circuit Court of Appeals thus still retains jurisdiction over Movant's appeal.  However, Movant is first seeking relief at the Honorable United States District Court for Puerto Rico, as appropriate.

## VI.   CONCLUSION:

For all the reasons stated above, Movant requests that three questions be certified to the Honorable Puerto Rico Supreme Court, as specified herein.

**WHEREFORE,** proposed intervening defendant Jorge Díaz Castro, as a concerned lobbyist for the PRPD; and as Appellant in U.S.C.A. cases No. 13-2079 and 13-2306; respectfully requests that the Honorable U.S. District Court for Puerto Rico certify three questions to the Honorable Puerto Rico Supreme Court, as specified herein.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on  April 7th, 2014.

Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com