E-14-0110

ESTADO LIBRE ASOCIADO DE PUERTO RICO

17ma. Asamblea  
Legislativa

3ra. Sesión  
Ordinaria

## SENADO DE PUERTO RICO

# P. del S. 1065

30 de abril de 2014

Presentado por los señores *Bhatia Gautier, Dalmau Santiago, Torres Torres;* la señora *López León;* los señores *Fas Alzamora, Nadal Power, Rosa Rodríguez;* la señora *González López;* los señores *Nieves Pérez, Pereira Castillo, Rivera Filomeno, Rodríguez González, Rodríguez Otero, Rodríguez Valle, Ruiz Nieves, Suárez Cáceres, Tirado Rivera* y *Vargas Morales*

*Referido a las Comisiones de lo Jurídico, Seguridad y Veteranos; y Hacienda y Finanzas Públicas*

# LEY

Para enmendar el inciso (e) y reenumerar el inciso (h) como (g) del Artículo 6 de la Ley 53-1996, según enmendada y conocida como la "Ley de la Policía de Puerto Rico de 1996", a los fines de instituir como deberes del Superintendente establecer, desarrollar y mantener un Programa para la Profesionalización del Cuerpo de la Policía y cumplir con los requisitos de educación continua para los miembros de la Policía de Puerto Rico; para añadir los nuevos Artículos 6-A, 6-B, 6-C y 6-D a la Ley 53-1996, a los fines de crear el Programa para la Profesionalización del Cuerpo de la Policía; proveer lo relacionado a la función y dirección del mismo; establecer los objetivos del Programa; establecer las funciones y poderes del Superintendente respecto al Programa; crear el Fondo Especial del Programa de Educación de la Policía y proveer para sus usos; proveer para las transferencias de empleados y transferencia de bienes a la Policía de Puerto Rico; para enmendar el Artículo 37 de la Ley 53-1996; para enmendar el Artículo 2 de la Ley 103-2010 a los fines de crear un currículo de educación jurídica continua; para derogar la Ley 155-1999, según enmendada y conocida como "Ley para Establecer el Colegio de Justicia Criminal"; a los fines de que el Colegio de Justicia Criminal se convierta en un Programa para la Profesionalización bajo el control y dirección del Superintendente de la Policía; y para otros fines.

# EXPOSICIÓN DE MOTIVOS

Esta Asamblea Legislativa tiene como uno de sus objetivos primordiales reforzar la política pública en el ámbito de seguridad pública. En la consecución de esa responsabilidad, entendemos que debe recaer en la Policía de Puerto Rico la formación académica y disciplinaria de los cadetes, como funcionarios de primer rango en la uniformada.

Previo a la promulgación de la Ley 155-1999, la cual estableció el Colegio de Justicia Criminal, los cadetes eran formados en el aspecto académico y táctico por la Policía de Puerto Rico, a través de su Academia. Con la aprobación de la Ley 155, *supra*, se creó el Colegio de Justicia Criminal como una entidad autónoma destinada a entrenar a los cadetes de la Policía. El objetivo primordial tras la creación del Colegio, fue la obtención de fondos federales para el funcionamiento de la misma, lo que nunca se materializó.

Al presente, existe un desfase en la formación integral de los cadetes, toda vez que el Colegio los entrena desde un ámbito académico. Sin embargo, no refuerza el aspecto disciplinario, el cual es una piedra angular en la capacitación de cualquier agente del orden público. En ese sentido, consideramos que los cadetes deben ser educados con mucha rigurosidad, específicamente en la materia concerniente a la conducta profesional, asunto que en la actualidad el Colegio no atiende con la misma relevancia que administra el área académica. El resultado de esta coyuntura ha sido investir cadetes que durante su formación no estuvieron expuestos a las normas de conducta y disciplina ineludibles para el desempeño probo que se espera de los agentes del orden público.

Por otro lado, es menester señalar que el Informe que rindió la División de Derechos Civiles del Departamento de Justicia de los Estados Unidos de América, referente al desempeño de la Policía de Puerto Rico, recomendó readiestrar a sus miembros tanto en las destrezas policíacas prevalecientes, como en los demás aspectos operacionales. Por lo tanto, creemos que un Programa, adscrito a la Policía, es el mecanismo idóneo para reenfocar y asumir el control de la preparación de los cadetes y de los adiestramientos de los agentes, de manera que su educación esté integrada a las necesidades operacionales de la agencia. De igual modo, el aludido Informe

indicó que la Policía debe reforzar el ámbito disciplinario de los agentes. Este importantísimo señalamiento, opera como fundamento adicional para el restablecimiento de un Programa profesionalizado adscrito a la Policía.

Conjuntamente, el 17 de julio de 2013 el Departamento de Justicia de los Estados Unidos de América y el Departamento de Justicia del Estado Libre Asociado de Puerto Rico firmaron el "*Agreement for the Comprehensive and Sustainable Reform of Puerto Rico Police Department*". Este convenio es un acuerdo amplio para la reforma de la Policía de Puerto Rico y un compromiso conjunto para garantizar los servicios policiales efectivos y los derechos constitucionales de los ciudadanos en Puerto Rico. Por medio de este convenio, se logrará la transformación de la Uniformada de Puerto Rico, entre otras importantes metas. Entre de los aspectos más importantes de este acuerdo figuran los siguientes: el profesionalizar la Policía de Puerto Rico; la reformulación de los parámetros para el uso de la fuerza; el fortalecer la educación y los métodos de intervención que aseguren el trato equitativo; el respeto a los derechos civiles y a la no discriminación; el mejorar los mecanismos de supervisión y desarrollar las relaciones entre la comunidad y la Policía de Puerto Rico.

Por último, pero no menos importante, ante la crisis fiscal por la que nos encontramos atravesando, se requiere una maximización de los recursos disponibles, a través de un proceso de reingeniería que reduzca el gigantismo gubernamental, lo que permitirá que se reduzcan o compartan los gastos administrativos, sin que se vean afectados los servicios o población a la cual persigue servir la entidad, a la misma vez que se continua atendiendo la política pública programática.

Es menester señalar que, recientemente el Tribunal de Apelaciones Federal de los Estados Unidos para el Primer Circuito determinó, en el caso <u>Díaz-Carrasquillo v. García-Padilla</u>, No. 13-2277 de 16 de abril de 2014 (disponible en www.ca1.uscourts.gov), que todo gobierno competente debe tener el poder de aprobar y derogar leyes, así como la autoridad para crear, cambiar o relevar de sus funciones a cualquier agente o funcionario designado para implantar y velar por el cumplimiento de esas leyes. Véase, <u>Butler v. Pennsylvania,</u> 51 U.S. 402, 416-17. De esta forma, la Corte Federal validó la acción legislativa de aprobar la Ley 75-2013, la cual,

4

derogó el Plan de Reorganización Núm. 1-2011 y reorganizó el grupo de procuradorías. Igualmente, el Tribunal expresó que no existe un impedimento constitucional para que la Asamblea Legislativa restructure su fuerza laboral. Con ello, la Corte Federal reafirmó la autoridad impartida a la Asamblea Legislativa de Puerto Rico de aprobar aquellas medidas legislativas que pretendan crear o suprimir entidades gubernamentales.

Por estas razones, esta Asamblea Legislativa estima necesario derogar la Ley 155-1999, a los fines de reintegrar las funciones educativas a la Policía, teniendo como norte la profesionalización de ese Cuerpo, como un Programa adscrito a la Policía de Puerto Rico, bajo el control y dirección del Superintendente, y no como un ente autónomo y desvinculado de dicho Cuerpo. De esta forma, promovemos la integración de las destrezas académicas, tácticas y disciplinarias de los futuros agentes del orden público. Además, este Programa irá dirigido a fortalecer la eficiencia en el uso de los recursos del Estado.

Por otro lado, también reafirmamos la política pública en cuanto a la responsabilidad del nuevo Programa en el adiestramiento continuo de todos los miembros de la uniformada. Por ello, se enmienda la Ley 103-2010 para proveer la obligación del Superintendente de la Policía, a través del Programa, de desarrollar un currículo de educación continua para todos los agentes y garantizar que todos los miembros de la Policía cumplan con el requisito mínimo de doce (12) horas anuales de educación continua.

La Asamblea Legislativa en virtud del Artículo III, Sección 16 de la Constitución de Puerto Rico tiene la facultad de la facultad para crear, consolidar reorganizar departamentos ejecutivos y definir sus funciones". En virtud de este poder, la Rama Legislativa establece las agencias administrativas, entidades públicas e instrumentalidades que ejercen el poder delegado. Conforme a ello, la Legislatura tiene la autoridad para conducir o llevar a cabo las reorganizaciones gubernamentales que entienda necesarias para garantizar que la estructura ministerial del Estado Libre Asociado funcione de manera apropiada y eficiente.

Esta Legislación es parte de un esfuerzo conjunto, dirigido a la reducción de las estructuras gubernamentales, la centralización de la prestación de servicios y el desarrollo de estructuras ágiles y eficientes.

**DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:**

1  Artículo 1.- Se enmienda el inciso (e) y se reenumera el actual inciso (h) como inciso (g)
2  del Artículo 6 de la Ley 53-1996, según enmendada, y conocida como la "Ley de la Policía de
3  Puerto Rico de 1996", para que lean como sigue:
4  "Artículo 6.- Superintendente - Facultades Especiales
5      (a) …
6      (b) …
7      (c) …
8      (d) …
9      (e) Tendrá la facultad de llevar a cabo las gestiones para [**convertir la Academia**
10  **de la Policía en una institución de educación superior que confiera grados**
11  **universitarios**] *lograr el buen funcionamiento del Programa para la Profesionalización*
12  *del Cuerpo de la Policía, a través del cual se promoverá el* [**y podrá mediante**
13  **reglamentación establecer un programa de**] estudio y trabajo sujeto a las necesidades
14  de servicio, para facilitar la superación profesional de miembros de la Fuerza [**que**
15  **interesen realizar estudios universitarios**]. *Disponiéndose además que a través del*
16  *Programa de Profesionalización del Cuerpo de la Policía, el Superintendente deberá*
17  *cumplir con la política pública y con los requisitos de educación continua para todos los*
18  *miembros de la Policía de Puerto Rico, según establecidos en esta Ley y en la Ley Núm.*
19  *103-2010.*

1      (f)   ...

2      [(h)] *(g)*   ..."

3      Artículo 2.- Se añade un nuevo Artículo 6-A a la Ley 53-1996, según enmendada, y conocida como la "Ley de la Policía de Puerto Rico de 1996", que leerá como sigue:

*"Artículo 6-A.- Programa para la Profesionalización del Cuerpo de la Policía de Puerto Rico.*

*Se crea el Programa para la Profesionalización del Cuerpo de la Policía, como parte integral de la estructura de la Policía de Puerto Rico, el cual proveerá educación y adiestramiento en diversas materias, entre ellas ciencias policiales, técnicas de investigación, técnicas de supervisión y relacionas humanas, ética en el desempeño de sus funciones, protección de los derechos civiles, con el fin de ofrecer destrezas necesarias a las fuerzas de seguridad para prevenir y combatir la actividad delictiva. El Superintendente de la Policía designará un funcionario de confianza de la Policía de Puerto Rico, quien lo asistirá en la ejecución e implementación del Programa. El referido funcionario podrá ser un Superintendente Auxiliar o cualquier otro funcionario dentro de la estructura gerencial de la Policía. No obstante, ello no podrá implicar que se delega la facultad de despedir o nombrar personal, ni el poder de aprobar reglamentación."*

Artículo 3.- Se añade un nuevo Artículo 6-B a la Ley 53-1996, según enmendada, y conocida como la "Ley de la Policía de Puerto Rico de 1996", que leerá como sigue:

*"Artículo 6-B.- Objetivos del Programa*

*El Programa tendrá como misión alcanzar los siguientes objetivos:*

1    *(a) Garantizar que los cadetes y los miembros de la Policía cuenten con la adecuada*
2    *formación técnica, científica, ética y humanística, para que los mismos estén aptos*
3    *para desempeñarse en las áreas de seguridad pública.*
4    *(b) Velar por la implementación de un currículo académico que refleje las últimas y más*
5    *desarrolladas técnicas de enseñanza en el ámbito policiaco.*
6    *(c) Propender que los cadetes y miembros de la uniformada adquieran los conocimientos*
7    *y destrezas que le permitan desempeñarse y brindar servicios en la lucha contra el*
8    *crimen y la seguridad pública.*
9    *(d) Fomentar que el cadete y el miembro de la Policía cuenten con una visión integrada*
10   *de los componentes del sistema de justicia en Puerto Rico.*
11   *(e) Concientizar al estudiante de que el problema de la criminalidad en Puerto Rico*
12   *afecta a todos los sectores de la sociedad, por lo cual se requiere un interés humano,*
13   *realista y científico, así como soluciones rápidas y efectivas.*
14   *(f) Desarrollar en el estudiante los más altos valores morales, de disciplina y*
15   *profesionalismo en el desempeño de su labor como agente del orden público.*
16   *(g) Mantener un programa de educación continua, según requerido en esta Ley y en la*
17   *Ley 103-2010.*
18   *(h) Coordinar el adiestramiento rutinario de los miembros de la uniformada y cualquier*
19   *otro programa de educación que le sea requerido y resulte necesario para el buen*
20   *desempeño de la Policía de Puerto Rico."*
21   Artículo 4.- Se añade un nuevo Artículo 6-C a la Ley 53-1996, según enmendada, y
22   conocida como la "Ley de la Policía de Puerto Rico de 1996", que leerá como sigue:

Case 3:12-cv-02039-FAB   Document 126-2   Filed 05/28/14   Page 8 of 18

8

1  *"Artículo 6-C.- Funciones y Poderes del Superintendente de la Policía con respecto al*
2  *Programa para la Profesionalización del Cuerpo de la Policía*
3  *El Superintendente tendrá las siguientes funciones o deberes respecto al Programa para*
4  *la Profesionalización del Cuerpo de la Policía:*
5  *(a) Formular, aprobar y adoptar reglamentos para regir sus actividades y*
6  *funcionamiento interno.*
7  *(b) Organizar el Programa, nombrar su personal y contratar los servicios de peritos,*
8  *asesores y técnicos necesarios para ejercer las facultades que se establecen para el*
9  *Programa en virtud de esta Ley.*
10 *(c) Otorgar contratos y formalizar los acuerdos necesarios o convenientes para el*
11 *ejercicio de sus funciones académicas.*
12 *(d) Con los objetivos dispuestos en esta Ley, podrá aceptar donaciones, asignaciones*
13 *legislativas, fondos del Gobierno de Estados Unidos de América, transferencias de*
14 *agencias, instrumentalidades o corporaciones públicas, así como de municipios.*
15 *(e) Cobrar por los servicios que preste y utilizar dichos ingresos para fortalecer los*
16 *ofrecimientos del Programa y cualquier otro fin cónsono con los objetivos del mismo.*
17 *A tales efectos, emitirá una reglamentación que contendrá todo lo relacionado a los*
18 *costos por crédito académico, laboratorios, talleres, cuotas de admisión, readmisión,*
19 *graduación, y cualquier otro costo por servicio que ofreciere el Programa, cuando*
20 *ello aplicare. No se permitirá el cobro por los servicios que el Programa preste a la*
21 *propia Policía de Puerto Rico u otra agencia del Gobierno Central. Sin embargo,*
22 *ello no impedirá el cobro a los municipios conforme a las disposiciones de la Ley*
23 *Núm. 19 de 12 de mayo de 1977, según enmendada.*

1     *(f) Arrendar las facilidades del Programa conforme a la reglamentación que apruebe*
2         *para ello.*
3     *(g) Establecer y mantener acuerdos con conferenciantes, instituciones de educación*
4         *superior y centros de estudios en Puerto Rico o el exterior para el mejoramiento de*
5         *la enseñanza en el Programa."*
6     Artículo 5.- Se añade un nuevo Artículo 6-D a la Ley 53-1996, según enmendada, y
7 conocida como la "Ley de la Policía de Puerto Rico de 1996", que leerá como sigue:
8     *"Artículo 6-D.- Fondo Especial del Programa de Educación de la Policía*
9     *Se autoriza al Secretario de Hacienda a crear el Fondo Especial del Programa de*
10 *Educación de la Policía, en el cual ingresarán los fondos que genere por el arrendamiento de su*
11 *propiedad, o por el cobro de servicios conforme se ha autorizado a través de esta o cualquier*
12 *otra ley, en aquellos casos en que aplicare. El mismo podrá ser utilizado para fortalecer los*
13 *ofrecimientos del Programa y cualquier otro fin cónsono con los objetivos de la Programa. A su*
14 *vez, el Fondo podrá nutrirse de donativos provenientes de personas o entidades privadas,*
15 *asignaciones legislativas, y fondos provenientes del Gobierno Federal."*
16     Artículo 6.- Se enmienda el Artículo 37 de la Ley 53-1996, según enmendada, y conocida
17 como la "Ley de la Policía de Puerto Rico de 1996", para que lea como sigue:
18     "Una vez nombrado el candidato por el Superintendente de la Policía de Puerto Rico, éste
19 deberá recibir un adiestramiento inicial en **[el Colegio Universitario de Justicia Criminal de**
20 **Puerto Rico]** *el Programa para la Profesionalización del Cuerpo de la Policía de Puerto Rico*,
21 equivalente a doce (12) semanas, sobre las funciones y deberes de los Policías Auxiliares, según
22 el programa aprobado por el Superintendente."

Artículo 7.- Se enmienda el Artículo 2 de la Ley 103-2010, según enmendada, para que lea como sigue:

"Artículo 2.- Se establecerá como política pública que [el **Colegio Universitario de Justicia Criminal se convierta en un recinto de entrenamiento policiaco y**] *la Policía de Puerto Rico, a través del Programa para la Profesionalización del Cuerpo de la Policía,* desarrolle un currículo de educación continua para todos los miembros de la fuerza policiaca."

Artículo 8.- Transferencia de empleados.

Dentro del término de sesenta (60) días, contados a partir de la aprobación de esta Ley, los empleados de carrera y/o regulares del Colegio de Justicia Criminal, pasarán a ser empleados de la Policía de Puerto Rico. Los empleados de carrera y/o regulares tendrán un sueldo y beneficios comparables pero no inferiores a los que disfrutaban en el Colegio de Justicia Criminal.

Las disposiciones de esta Ley no podrán ser utilizadas como fundamento para el despido de ningún empleado o empleada con un puesto regular o de carrera, ni podrán interpretarse como un requerimiento o fundamento para la reducción o aumento del sueldo y beneficios marginales que están recibiendo los empleados de la agencia a la cual fueron transferidos. Mientras no se enmiende el Plan de Clasificación de la Policía de Puerto Rico, se utilizará paralelamente el Plan de Clasificación del Colegio de Justicia Criminal para los empleados que fueron transferidos de dicho Colegio.

A partir de la vigencia de esta Ley, la Policía de Puerto Rico reconocerá al (los) sindicato(s) que representen a los empleados transferidos del Colegio de Justicia Criminal, de existir alguno. La Policía de Puerto Rico asumirá el(los) convenio(s) colectivo(s) vigentes al ocurrir la transición y hasta la terminación de los mismos, conforme a las disposiciones legales

1   que sean aplicables. En esos casos, el personal transferido entre componentes u otras entidades
2   gubernamentales que sean parte de una unidad apropiada de negociación colectiva conservarán
3   ese derecho, y como medida excepcional podrán permanecer como tal unidad apropiada, sin
4   sujeción a lo dispuesto en cualquier otra ley anterior.
5   Artículo 9.- Transferencia de bienes.
6   Dentro de un periodo que no excederá de sesenta (60) días naturales, contados a partir la
7   fecha de aprobación de esta Ley, la Policía de Puerto Rico solicitará y el Colegio de Justicia
8   Criminal llevará a cabo la transferencia de los documentos, expedientes, materiales, equipos,
9   presupuesto, y cualquier propiedad mueble o inmueble del Colegio.
10  El periodo aquí mencionado aplicará también a todas las acciones necesarias, apropiadas
11  y convenientes que deberá llevar a cabo la Policía de Puerto Rico para cumplir con los propósitos
12  de esta Ley, tales como, pero sin limitarse al establecimiento de estructura interna, programática
13  y presupuestaria, así como la estructura de cuentas requeridas para llevar a cabo la contabilidad
14  de sus fondos, reubicación de oficinas.
15  La Policía de Puerto Rico asumirá y será responsable por cualquier deuda, obligación o
16  responsabilidad económica del Colegio y a su vez asumirá y será acreedora de cualquier activo o
17  derecho de la misma.
18  Artículo 10.- Presupuesto.
19  Cualquier remanente de asignaciones especiales de años fiscales anteriores para el
20  Colegio de Justicia Criminal, y que al momento de la aprobación de la esta Ley estuvieran
21  vigentes, serán contabilizados a favor de la Policía de Puerto Rico, manteniendo su uso y balance
22  al momento de la transición. De igual forma, cualesquiera fondos que hubiesen sido generados

por el Colegio de Justicia Criminal serán transferidos al Fondo Especial del Programa de Educación de la Policía.

Asimismo, con relación al presupuesto aprobado para el Colegio de Justicia Criminal para el Año Fiscal 2014-2015, ya sea que provenga del presupuesto operacional contenido en la resolución Conjunta del Presupuesto General, o de las asignaciones contenidas en la Resolución Conjunta de Asignaciones Especiales, la Oficina de Gerencia y Presupuesto determinará la cantidad que estime necesaria para darle la continuidad y operación al Programa, y transferirá la misma a la Policía de Puerto Rico. Si existiere un sobrante entre lo aprobado y lo transferido, se transferirá la diferencia al Fondo Presupuestario, para ser utilizados conforme a las disposiciones aplicables al mismo.

Artículo 11.- Disposiciones Transitorias.

    a) El Superintendente de la Policía dirigirá la transición y atenderá los asuntos administrativos que surjan de la misma. A tales fines, podrá establecer mediante órdenes administrativas todas las normas que entienda necesarias para asegurar un proceso de transición ágil y ordenado, incluyendo lo relativo a las transferencias de empleados del Colegio de Justicia Criminal.

    b) El Rector del Colegio de Justicia Criminal deberá preparar y poner a disposición del Superintendente de la Policía, dentro de un período de tiempo que no excederá de treinta (30) días naturales desde la fecha de la aprobación de la Ley, un informe de transición el cual incluirá entre otras cosas:

        i. informe de estatus de cualquier caso en el que sea parte ante cualquier Tribunal, estatal o federal, así como ante cualquier foro administrativo;

      ii.    informe de estatus de transacciones administrativas;

      iii.  informe de cuentas que incluya el balance en las cuentas de la agencia y el balance en el presupuesto asignado para el año fiscal en curso;

      iv.  inventario de propiedad muebles o inmueble, recursos, materiales y equipo del Colegio de Justicia Criminal;

      v.    copia de los últimos informes que por ley tienen que radicar a las distintas Ramas de Gobierno;

      vi.  informe del personal del Colegio de Justicia Criminal que incluya los puestos, ocupados y vacantes, de la entidad, los nombres de las personas que los ocupan y el gasto en nómina que representan;

      vii.  informe de los contratos vigentes del Colegio de Justicia Criminal;

      viii. informe de los acuerdos o convenios vigentes con entidades públicas, estatales o federales;

      ix.  cualquier otra información que le sea requerida por el Superintendente de la Policía.

c) Durante el proceso de transición, el Rector del Colegio de Justicia Criminal pondrá a disposición del Superintendente de la Policía todo el personal que este último estime necesario. Asimismo, el Superintendente tendrá acceso a todo archivo, expediente o documento que se genere o haya sido generado por el Colegio de Justicia Criminal.

d) Durante el proceso de transición, el Rector del Colegio de Justicia Criminal deberá informar al Superintendente de la Policía y solicitar su autorización para toda disposición de fondos que se tenga que realizar.

e) Todos los reglamentos, órdenes, resoluciones, cartas circulares y demás documentos administrativos del Colegio de Justicia Criminal se mantendrán vigentes, en lo que sea compatible con lo dispuesto en esta Ley, hasta que éstos sean enmendados, suplementados, derogados o dejados sin efecto por el Superintendente de la Policía de Puerto Rico.

f) Durante el proceso de transición el Colegio de Justicia Criminal continuará funcionando de forma regular, hasta tanto el nuevo Programa inicie sus operaciones, sujeto a las medidas de transición aquí dispuestas.

g) El Superintendente de la Policía tendrá un término de cincuenta (50) días naturales para someter a la Oficina de Gerencia y Presupuesto cualquier planteamiento o cualquier transacción que sea necesaria para poner en vigor esta Ley y que en el curso ordinario requiera aprobación de dicha Oficina.

i) Los empleados de carrera y/o regulares del Colegio de Justicia Criminal pasarán a ser empleados de la Policía de Puerto Rico conforme a las disposiciones de esta Ley, en un término de sesenta (60) días desde la aprobación de la ley, por lo que el Rector del Colegio de Justicia Criminal y el Superintendente de la Policía de Puerto Rico, tomarán todas las acciones requeridas para dar efecto a dicha transferencia. Al cabo de los sesenta (60) días de la aprobación de la ley, el Programa para la Profesionalización de la Policía pasará a estar bajo la dirección del funcionario de confianza de la Policía de Puerto Rico designado de conformidad con el Artículo 2 de esta Ley, y quedará vacante y eliminado el puesto de Rector y los puestos de los miembros de la Junta de Directores del eliminado Colegio de Justicia Criminal.

1   j)  En caso de que el Rector no esté disponible o no ejecute las medidas contenidas
2       en esta Sección, el Superintendente de la Policía podrá designar un funcionario de
3       confianza para llevar a cabo todas las funciones que le han sido encomendadas al
4       Rector en esta Sección.
5   k)  En virtud de esta Ley, la Policía de Puerto Rico será la sucesora legal del Colegio
6       de Justicia Criminal y esta última entidad quedará eliminada.

7   Artículo 12.- Informe de Integración.

8   Se ordena al Superintendente de la Policía de Puerto Rico a que someta al Gobernador, a
9   la Oficina de Gerencia y Presupuesto, y a la Asamblea Legislativa un Informe de Integración en
10  el que se detallen los resultados de la integración del Programa dentro de la Policía la
11  redistribución de los recursos, y cualquier otra información solicitada por la Oficina de Gerencia
12  y Presupuesto. Dicho informe debe ser presentado durante los treinta días siguientes al cierre del
13  Año Fiscal 2014-2015.

14  Artículo 13.- Cláusula Enmendatoria.

15  Cualquier referencia al Colegio de Justicia Criminal contenida en cualquier otra ley,
16  reglamento o documento oficial del Gobierno del Estado Libre Asociado de Puerto Rico, se
17  entenderá enmendada a los efectos de referirse a la Policía de Puerto Rico.

18  Sección 14.- Cláusula Derogatoria.

19  Se deroga la Ley 155-1999, según enmendada, conocida como la "Ley para Establecer el
20  Colegio de Justicia Criminal", y por ende, expresamente se deroga la Junta de Directores del
21  Colegio de Justicia Criminal, conforme a las disposiciones de esta Ley.  De igual forma, se
22  deroga aquella parte de cualquier ley, reglamento o documento oficial del Gobierno de Puerto

1  Rico que sea inconsistente con lo dispuesto en esta Ley, hasta donde existiere tal
2  incompatibilidad.

3  Artículo 15.- Divulgación.

4  Esta Ley y el impacto de la misma constituyen información de interés público. Por
5  consiguiente, se autoriza al Superintendente de la Policía a educar e informar sobre esta Ley y su
6  impacto, siendo de vital importancia que los ciudadanos estén informados sobre los cambios y
7  deberes de las entidades concernidas, los nuevos servicios y los derechos y obligaciones de los
8  ciudadanos y del Estado Libre Asociado de Puerto Rico.

9  Artículo 16.- Incompatibilidad.

10 En tanto las disposiciones de esta Ley sean incompatibles con las de alguna otra ley o
11 reglamento, prevalecerán las disposiciones de esta Ley.

12 Artículo 17.- Separabilidad.

13 Si cualquier cláusula, párrafo, subpárrafo, artículo, disposición, sección, inciso, o parte de
14 esta Ley, fuere declarada inconstitucional por un tribunal competente, la sentencia a tal efecto
15 dictada no afectará, perjudicará, ni invalidará, el resto de esta Ley. El efecto de dicha sentencia
16 quedará limitado a la cláusula, párrafo, subpárrafo, artículo, disposición, sección, inciso, o parte
17 de la misma, que así hubiere sido declarada inconstitucional.

18 Artículo 18.- Exclusión.

19 Se excluye esta Ley de las disposiciones de la Ley 182-2009, según enmendada, conocida
20 como la "Ley de Reorganización y Modernización de la Rama Ejecutiva del Gobierno de Puerto
21 Rico de 2009".

22 Artículo 19.- Vigencia.

1	Esta Ley entrará en vigor inmediatamente a partir de su aprobación.