INTAKE DROP BOX
RECEIVED & FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

2014 JUN 20  PM 4: 22

CLERK'S OFFICE
DISTRICT COURT
SAN JUAN. P.R

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| v. | X | No. 3:12-cv-2039 |
| | X | |
| COMMONWEALTH OF PUERTO RICO, and | X | (G.A.G.) |
| the PUERTO RICO POLICE DEPARTMENT, | X | |
| | X | |
| Defendants; | X | |
| | X | |
| JORGE DIAZ CASTRO, | X | |
| | X | |
| as Defendant-Intervenor. | X | |
| | X | |

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

## MOTION FOR APPOINTMENT OF COUNSEL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

I.    INTRODUCTION:

Jorge Díaz Castro, as Proposed Intervening Defendant in the instant case;  as

Appellant in cases 13-2079 and 13-2306 at the Honorable First Circuit Court of Appeals;

and as Applicant in case 13A-1220 at the Honorable Supreme Court of the United

States, hereby moves to have counsel appointed by the Honorable Court for the case

pending at the Honorable Supreme Court of the United States.

Pursuant to Local Rule 83(L) of this Honorable United States District Court for

Puerto Rico, Movant would like to specifically request the appointment of Radamés

(Rudy) A. Torruellas, Esq., of counsel at McConnell Valdés LLC, to represent him at the

Honorable Supreme Court of the United States; due to his qualifications and expertise.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 2.**

## II.     FACTUAL AND PROCEDURAL BACKGROUND FOR RELIEF:

Movant sought to intervene both by right, and/or by permission under Fed. R.

App. P. No 24(a) & (b) (Docket No. 63) in a case brought forth by the United States

Department of Justice (henceforth, the USDOJ) against the Commonwealth of Puerto

Rico and the PRPD for a pattern of civil rights violations, under the Violent Crime

Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 (among other statutes).

The case was conditionally dismissed upon signing of a Settlement Agreement (Docket

No. 57) on July 17th, 2013.  Judgment was entered on July 18th, 2013 (Docket No. 61).

As a registered lobbyist for the PRPD at the Legislative Assembly for the

Commonwealth of Puerto Rico, Movant was responsible for the approval and/or

implementation of three Acts:  (a) Act No. 173 of December 3, 2007, P.R. Laws An. Tit.

25 § 3111 (2010); (b) Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010);

and (c) Joint Resolution No. 52 of July 17th, 2008 (not codified).  Only Joint Resolution

No. 52 of July 17th, 2008 has been heretofore fully implemented.

Movant believes compliance with Act No. 173 of December 3, 2007 and Act No.

128 of July 23, 2008 should have been included in the Settlement Agreement (Docket

No. 57); but they were not even mentioned.  Upon denial (Docket No. 64) of his motion

to intervene (Docket No. 63), Movant filed appeal(s) U.S.C.A. No. 13-2079 and 13-2306

(Docket No.'s 68 and 76) at the Honorable First Circuit Court of Appeals.  At all times

Movant has been representing himself PRO SE.

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 3.**

After stating in his Orders dated November 8th, and November 18th, 2013 (Docket No.'s 91 and 94) that all in court proceedings would be transcribed for the record, in his Order dated November 26, 2013 (Docket No. 96), the Honorable Presiding Judge Gustavo A. Gelpí reversed himself; and summarily denied a statement by stipulation and/or disclosure of the budget.  Petitioner could not file a timely Appellate Brief.

On December 20th, 2013, the United States filed a joint motion to dismiss and a response to Petitioner's motion seeking preliminary injunction.  Movant first moved for an extension, and then filed:  (a) a preliminary response to the joint motion to dismiss in case 13-2306, on January 3rd, 2014; (b) a preliminary response to the joint motion to dismiss and a preliminary reply to the response to the motion seeking preliminary injunction; both in case 13-2079; on January 12th, 2014.

On January 17th, 2014, a panel composed by the Honorable Chief Judge Lynch, and the Honorable Circuit Judges Torruella and Kayatta issued Judgment; whereby appeal(s) U.S.C.A. No. 13-2079 and 13-2306 were dismissed on the merits, for failure to present a substantial question.  Movant then filed:  (a) an "En Banc  Petition for a Writ of *Mandamus*" on February 27th, 2014; (b) an "Emergency Supplementary Motion to Accompany En Banc Petition for a Writ of *Mandamus*; to Request the Right to Be Heard in Oral Argument" on February 28th, 2014; and (c) a timely "Petiton for Panel Rehearing, and/or Rehearing En Banc" on March 3rd, 2014.  They were all denied on March 13th, 2014.  A mandate issued on April 14th, 2014, at the Honorable First Circuit. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 4.**

On June 2nd, 2014, Movant filed a "Motion for Leave to Appear *in Forma*

*Pauperis*…" and an "Application for Extension of Time to File a Petition for a Writ of

Certiorari" by U.S.P.S. Priority Mail to the Honorable Supreme Court of the United

States, to the attention of the Honorable Justice Stephen Breyer.  On June 13th, 2014,

the Honorable Stephen Breyer granted Application 13A-1220, extending the time to file

to August 10th, 2014.  See Appendix I.

### III.    JURISDICTION:

28 U.S.C. § 1915(e)(1) states:  "The court may request an attorney to represent

any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Local Rule 83(L) of the

FRCP at the Honorable United States District Court for Puerto Rico regulates this

practice.  Movant will proceed to discuss the merits of the relief requested herein; in

accordance to the above-mentioned tenets.

### IV.    DISCUSSION OF THE MERITS OF THE RELIEF REQUESTED:

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent

any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  A civil plaintiff lacks an

absolute constitutional right to free counsel.  Des Rosiers v. Moran, 949 F.2d 15, 23 (1st

Cir. 1991). See also Bemis v. Kelley, 857 F.2d at 15 (1st Cir. 1988); Childs v.

Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

In order to qualify for appointment of counsel, a party must be indigent and

exceptional circumstances must exist such that denial of counsel will result in

Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 5.**

fundamental unfairness impinging on the party's due process rights.  Des Rosiers v. Moran, *supra*.  See also Childs v. Duckworth, 705 F.2d at 922.  Also, as stated in Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir.1983), "the circumstances of a particular case may make the presence of counsel necessary."  See also LaClair v. United States, 374 F.2d 486 (7th Cir.1967).  To determine whether exceptional circumstances sufficient to warrant the appointment  of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Des Rosiers v. Moran, *supra*, at 24.

Local Rule 83(L) regulates appointment of counsel at the Honorable U.S. District Court for Puerto Rico; section (i) specifically details the criteria for deciding the issue:

> The following factors will be taken into account in making the determination:
> (1) the potential merits of the claims as set forth in the pleadings;
> (2) the nature and complexity of the action, both factual and legal, including the need for factual investigation;
> (3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination;
> (4) the capability of the pro-se party to present the case;
> (5) the inability of the pro-se party to retain counsel by other means;
> (6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and
> (7) any other factor deemed appropriate by the Court. Local Rule 83(L)(i).

Movant would like to note, first of all, that he is thankful to this Honorable Court for allowing him to proceed *in forma pauperis*, notwithstanding the fact that almost every motion has been summarily denied by this Honorable Court.  In this respect, Movant Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 6.**

would like to assure the Honorable Court, and the Honorable Presiding Judge in the instant case, Gustavo A. Gelpí, that my financial situation is restricted, due to the fact that my only source of income is from the food stamp program.  Unfortunately, as I recently stated in the "Application for Extension of Time" filed at the Honorable Supreme Court of the United States (see Docket No. 128) I am handicapped; and in need of medical attention; and cannot therefore seek gainful employment easily.  I would like to assure the Honorable Court that this situation is not of my choosing.  See Appendix II.

It would be difficult for me to convince the Honorable Court that I believe my claim to be meritorious; and that I believe that if properly presented, I would have an opportunity to prevail; given the fact that the Honorable Court has strenuously denied my application for intervention; and so, apparently, has the Honorable First Circuit Court of Appeals.  Nevertheless, I would like to note that I do sincerely believe my claim to be meritorious; otherwise, I would not be attempting to intervene, as I am doing.

In defense of my position, I would like to note two factors that particularly warrant appointment of counsel for presenting my case at the Honorable Supreme Court of the United States.  First, I would like to remind the Honorable Court that I am attempting to validate the rights of third parties, PRPD police officers, via the judicial doctrine of *jus tertii*, as it applies to the Federal jurisdiction, a complex issue.   Intervention in and of itself is a very complex issue; and although I have had some minor legal training, I am not a lawyer; and perhaps, I should have requested appointment of counsel sooner. Continued…

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**
**MOTION FOR APPOINTMENT OF COUNSEL**
**No. 3:12-cv-2039**
**Page No. 7.**

The second factor I would like to note, briefly, is the high public importance of this case, which has received such widespread coverage in the news.  Tied to this high public importance is the fact that the amount of money involved in my claims, for PRPD police officers, runs into the hundreds of millions; for raises that were not honored, to the failure of the PRPD to hold a *referendum* so that PRPD police officers could decide whether or not to join the Federal Social Security.  They deserve to have their claims be adequately presented in court; in the same manner that I believe that I have been discriminated against, and my civil rights continuously violated; precisely because I am attempting to vindicate the rights of PRPD police officers; to such an extent, that it would be too burdensome for me to seek relief in a separate case; when I can barely walk, and/or type; and when I am continuously being interrupted when doing so.

Finally, as an addenda to the issue of high public importance is the question of whether justice is being served by denying the requested appointment of counsel; when I perceive that there are various cases that seem to me to be impinging upon the due process rights of the individuals involved, including myself.  In my original "Motion for Leave to File and to Appear as *Amicus Curiae*" (Docket No.  29), filed on April 1, 2013, I mentioned the cases of Roberto Quiñones Rivera; of Pablo Casellas Toro; and I now add of Hilton Cordero Rosario; and of myself; in which I perceive a serious violation of both procedural and substantive due process rights.  In good faith, my conscience will not allow me to remain silent at these injustices.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR APPOINTMENT OF COUNSEL
No. 3:12-cv-2039
Page No. 8.

Movant is also asserting a qualified First Amendment right of access to

information.  Press Enterprise Co. v. Superior Court, 478 U.S. 1, 106 S. Ct. 2735, 92 L.

Ed. 2d 1 (1986).  Movant also attempted to correct and complete the record for appeal.

Before being deprived of these rights, Movant has the right to be heard; an essential

part of the procedural due process rights protected by the Fourteenth Amendment to the

United States Constitution.  U.S. Const. amend. XIV, § 1.  "[S]ome form of hearing is

required before an individual is finally deprived of a property [or liberty] interest."

Mathews v. Eldridge, 424 U.S. 319, 333 (1976).  "Parties whose rights are to be affected

are entitled to be heard."  Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863).  The notice

of hearing and the opportunity to be heard "must be granted at a meaningful time and in

a meaningful manner."  Armstrong v. Manzo,  380 U.S. 545, 552 (1965).

The right to be heard is also often tied to the right to be heard, when represented

by counsel:

> The right to be heard would be, in many cases, of little avail if it did not
> comprehend the right to be heard by counsel…. [A litigant] is unfamiliar
> with the rules of evidence…. He lacks both the skill and knowledge
> adequately to prepare his [case]…, even though he [may] have a perfect
> one. He requires the guiding hand of counsel at every step in the
> proceedings…."  Powell v. Alabama, 287 U.S. 45, 68-69 (1932).

Movant has made several attempts to retain counsel.  Unfortunately, almost all

the free legal aid available is for the courts of the Commonwealth of Puerto Rico.  The

Federal Public Defender, on the other hand, oversees only criminal cases.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR APPOINTMENT OF COUNSEL
No. 3:12-cv-2039
Page No. 9.

There is, perhaps, a question, as to why and under what authority Movant is

requesting specifically the appointment of Radamés (Rudy) A. Torruellas, Esq., as

counsel for the undersigned.  The why is easily explained.  One has but to look at Mr.

Torruella's biography in his page at McConnell Valdés, LLC to understand that he would

be ideally qualified to present this case.  See Appendix III.

The second question is under what authority Movant is specifically requesting Mr.

Torruella; and not another qualified counsel from the PRO BONO panel.  The reason is

specified in section (j) of Local Rule 83(L), which states, in relevant part:

> The selection of a member of the panel for appointment pursuant to the
> appointment order will normally be made in accordance with section (i).
> The Court may determine that an appointment be made, however, in any
> of the following manners:
> …
> (2)  Where the judge finds that the nature of the case requires specific ex-
> pertise and among the panel members available for appointment there are
> some with the required expertise, the judge may direct the Clerk to select
> counsel from among those included in the group or may designate a spe-
> cific member of the group.
>
> (3)  Where the judge finds that the nature of the case requires specific ex-
> pertise and none of the panel members available for appointment has in-
> dicated that expertise, the judge may appoint counsel with the required
> expertise who is not on the panel.  Local Rule 83(L)(j).

The reason Mr. Torruella's expertise is being requested is that, in addition to his

experience as a labor lawyer, he has experience with the Legislative Assembly of

Puerto Rico, as noted in Prinair v. Senator Nicolas Nogueras, et al.  It would be very

difficult to find a similar lawyer admitted to the Supreme Court of the United States.

Continued…

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
MOTION FOR APPOINTMENT OF COUNSEL
No. 3:12-cv-2039
Page No. 10.

## V.   CONCLUSION AND SUMMARY:

**FOR ALL THE REASONS STATED ABOVE,** Movant requests that Radamés

(Rudy) A. Torruellas, Esq., of McConnell Valdés, LLC, be appointed as counsel for the

undersigned.

## VI.   PRAYER FOR RELIEF:

**WHEREFORE,** Proposed Intervening Defendant Jorge Díaz Castro, as Applicant

in case 13A-1220 at the Honorable Supreme Court of the United States, respectfully

requests that the Honorable U.S. District Court for Puerto Rico appoint Radamés (Rudy)

A. Torruella, Esq., of McConnell Valdés, LLC, as counsel, as specified above.


**CERTIFICATION:** I hereby certify that today I filed the foregoing with the Clerk of the

Court which, on information and belief, shall automatically notify counsel of record which

are CM/ECF system participants at the corresponding e-mail address, and which

pursuant to Local Civil Rule 5, constitutes the equivalent service.


**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on June 20th, 2014.


Jorge Díaz Castro
PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com