3:12-CV-2039
(G.A.6)
Appendix B-1.

INTAKE·DROP BOX
RECEIVED & FILED

## IN THE UNITED STATES SUPREME COURT

CLERK'S ~~~~~~~~~~~~~~~~~~
U.S. DISTRICT COURT
SAN JUAN, UNITED STATES

No. A13-

Plaintiff-Appellee

JORGE DIAZ-CASTRO

Petitioner-Appellant

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT

Defendant-Appellees

--------------------------

### ON PETITION FOR A WRIT OF CERTIORARI
### TO THE HONORABLE FIRST CIRCUIT COURT OF APPEALS

--------------------------

### APPLICATION FOR STAY OF JUDGMENT,  PENDING CERTIORARI REVIEW

--------------------------

### DIRECTED TO THE HONORABLE STEPHEN G. BREYER,
### JUSTICE OF THE SUPREME COURT OF THE UNITED STATES, AND
### CIRCUIT JUSTICE FOR THE  U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT
--------------------------

**COUNSEL OF RECORD:**

**FOR THE UNITED STATES:**

1. Mr. Donald B. Verrilli, Jr., Solicitor General of the United States
   U.S. Department of Justice
   950 Pennsylvania Ave., N. W., Room 5614
   Washington, DC 20530-0001

**PETITIONER IS CURRENTLY APPEARING PRO SE:**

1. Mr. Jorge Díaz-Castro
   P.O. Box #9021288
   San Juan, P.R.  00902-1288

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 1.

### DIRECTED TO THE HONORABLE STEPHEN G. BREYER, JUSTICE OF THE SUPREME COURT OF THE UNITED STATES, AND CIRCUIT JUSTICE FOR THE U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT:

**I.      INTRODUCTION:**

Jorge Díaz Castro, as Proposed Intervening Defendant in case 3:12-CV-2039 at the Honorable United States District Court for Puerto Rico;  as Appellant in cases 13-2079 and 13-2306 at the Honorable First Circuit Court of Appeals; and as Applicant in case 13A-1220 at the Honorable Supreme Court of the United States, hereby applies for a Stay of the Judgment entered by the United States District Court for Puerto Rico; to the issued until the timely filing and disposition of a Petition for a Writ of Certiorari at this Honorable Supreme Court of the United States.

**II.     FACTUAL AND PROCEDURAL BACKGROUND:**

**A.      For the instant case(s) at the District Court and the Circuit Court:**

Applicant sought to intervene both by right, and/or by permission under Fed. R. Civ. P. No. 24(a) & (b); in a case brought forth by the United States Department of Justice (henceforth the USDOJ) against the Commonwealth of Puerto Rico and the Puerto Rico Police Department (henceforth the PRPD); for a pattern of civil rights violations, under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 (among other statutes).

As a registered lobbyist for the PRPD at the Legislative Assembly for the Commonwealth of Puerto Rico, Applicant was responsible for the approval and/or implementation of three Acts:  (a) Act No. 173 of December 3, 2007, P.R. Laws An. Tit. Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 2.

25 § 3111 (2010); (b) Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010);
and (c) Joint Resolution No. 52 of July 17th, 2008 (not codified; and, unfortunately, not
heretofore translated).  Only Joint Resolution No. 52 of July 17th, 2008 has been
heretofore fully implemented.

Act No. 173 of December 3, 2007, P.R. Laws An. Tit. 25 § 3111 (2010), provided
for a monthly two hundred dollar ($200.00) salary increase for PRPD police officers; to
be awarded in two one hundred dollar ($100.00) increments.  The first monthly one
hundred dollar ($100.00) increment was awarded on January 1st, 2008; as stipulated.
The second one hundred dollar ($100.00) increment to be awarded on January 1st,
2009, has not been, heretofore, honored.  (Applicant is also currently attempting to
intervene in case KAC2007-04170 brought forth against the Commonwealth of Puerto
Rico and the PRPD in the Court of First Instance for the Commonwealth.)

Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010) provided for
holding a limited-purpose *referendum*; so that PRPD police officers could decide
whether to join the Federal Social Security system.  Act No. 128, *Id.*, stipulated that the
referendum was to take place no later than one hundred and twenty (120) days after its
approval.  Unfortunately, 2008 was an election year; and the term may have conflicted
with the date of the election.  This *referendum* has not been heretofore carried out.

Joint Resolution No. 52 of July 17th, 2008, *supra*, provided for the construction of
a monument to honor PRPD police officers fallen in the line of duty.  The monument
was inaugurated on February 24th, 2011.

Continued...

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 3.

Case 3:12-CV-2039 was conditionally dismissed upon signing of a settlement agreement (Docket No. 60) on July 17th, 2013. Judgment was entered on July18th, 2013 (Docket No. 61). See U.S.A. v. Puerto Rico, 922 F. Supp. 2d 185 (2013). (Appendix A.) Applicant believes compliance with Act No. 173 of December 3, 2007, *supra*, and Act No. 128 of July 23, 2008, *supra*, should have been included in the settlement agreement (Docket No. 60), due to the amount of money involved; and the fact that non-compliance with these statutes could be the basis for a counter-claim on the part of PRPD police officers, to object to the allegations contained in the original complaint; but this issue was not mentioned. Upon denial (Docket No. 64) of his motion to intervene (Docket No. 63), Applicant filed appeal(s) U.S.C.A. No. 13-2079 and 13-2306 (Docket No.'s 68 and 76) at the Honorable First Circuit Court of Appeals.

On January 17th, 2014, Judgment was entered in U.S.C.A. No.'s 13-2079 and 13-2306, dismissing the appeal(s) on the merits, for failure to ask a substantial question. (Appendix B.) Applicant filed an "En Banc Petition for a Writ of *Mandamus*" on February 2th, 2014; and an "Emergency Supplementary Motion to Accompany En Banc Petition for a Writ of *Mandamus*; to Request the Right to Be Heard in Oral Argument" on February 28th, 2014. Applicant also filed a timely "Petition for Rehearing, and/or Rehearing En Banc" on March 3rd, 2014; according to Fed. R. App. P. No. 40(a)(1)(A), within 45 (forty-five) days after entry of Judgment. They were all denied on March 13th, 2014. (Appendix C.) A Mandate was finally issued by the Honorable First Circuit on April 14th, 2014; upon denial of a motion for stay of mandate.

Continued…

**IN THE UNITED STATES SUPREME COURT**
**APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW**
No. A13-
Page No. 4.

On June 2nd, 2014, Movant filed a "Motion for Leave to Appear *in Forma Pauperis...*" and an "Application for Extension of Time to File a Petition for a Writ of Certiorari" by U.S.P.S. Priority Mail to the Honorable Supreme Court of the United States, directed to the Honorable Justice Stephen G. Breyer.  On June 13th, 2014, the Honorable Justice Stephen G. Breyer granted Application 13A-1220, extending the time to file to August 10th, 2014.  (Appendix D.)

**B.      For 42 U.S.C. § 14141 litigation strategy, in general:**

Columbia Law School hosted a "Policing Litigation Conference" on Friday, May 18t, 2012.  Among the papers presented was Joshua M. Chanin, "Implementing §14141 'Pattern or Practice' Reform:  Evidence from Four Police Departments," *available at* http://web.law.columbia.edu/policing-litigation-conference/papers-articles/law-review-articles; which summarizes this effort by the USDOJ.  (Appendix E.)

Chanin presents a brief overview of the history of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796 (1994).  Part of the Act, 42 U.S.C. § 14141, grants the USDOJ jurisdiction to "sue local police departments found in systematic violation of constitutional or statutory law."  Chanin, at 3.  This strategy is part of a larger structural reform legislation strategy to have Federal judges manage the reform of "school districts, public prison systems, and mental Facilities." *Id.*, at 8.  The specific strategy, when dealing with 42 U.S.C. § 14141 litigation, consists of reaching a settlement agreement between the police agency that is being targeted for reform and the Special Litigation Division (SPL) of the USDOJ's Civil Rights Division. Continued...

**IN THE UNITED STATES SUPREME COURT**
**APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW**
No. A13-
Page No. 5.

According to Chanin, although each individual settlement agreement is different, and tailored to each particular situation, there are three essential components of a settlement agreement of this nature.  First, "each department is required to adjust their use of force policies, though the specifics of that mandate vary."  *Id.*, at 11.  Second, each police department will develop and implement a database that will enable them to supervise and manage their personnel.  *Id.*, at 12.  Third, "settlement agreements signed with the [US]DOJ require each jurisdiction to establish model citizen complaint processes."  *Id.*, at 13.  This is accomplished, first, by establishing a policy that will facilitate the complaint process; and, second, establishing an independent complaint review office that will investigate and settle every complaint taken.  Then, "[t]o facilitate implementation of settlement terms, each agreement mandates the appointment of an independent monitor, selected by the DOJ and the affected department "… to assist in the implementation of the settlement agreement."  *Id.*, at 14.

Chanin then proposes a model to evaluate the outcome of these agreements, based upon policy implementation literature.  The data is drawn from the quarterly reports that the independent monitor is required to file; and, along with these reports, the reports prepared by the police departments.  They are then compared.  Chanin then proceeds to evaluate the efforts undertaken "in four jurisdictions – Pittsburgh, Cincinnati, Washington, D.C., and Prince George's County, Maryland."  *Id.*, at 3.

A caveat Chanin presents is that there is no one to oversee the task of the monitor.  He wonders if the independent monitors have too much power:
Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 6.

> Beyond the quarterly report filing requirement, there is no accountability structure in place to ensure that the monitors themselves are performing as expected. The recent experience in Detroit, where the independent monitor was caught having an extramarital affair with the mayor and has been accused of lying about her fees and expense reports to the tune of millions of dollars (Elrick et al, 2009), illustrates the extent of damage a monitor may cause. Further, there are no mechanisms in place under the current arrangement to prevent a rogue monitor intent on padding his or her pockets from setting an unattainable standard and forcing an extension of the original settlement termination date.  Chanin, at 37.

We next review a background briefing paper (Appendix F) from the USDOJ for a one-day roundtable discussion of the state and local law enforcement police pattern or practice program under 42 U.S.C. § 14141, which took place on June 21, 2010.  The motivation for this program is further explained.  In Los Angeles v. Lyons, 461 U.S. 95 (1983), this Honorable Supreme Court ruled that an individual was not entitled to prospective injunctive relief from excessive use of force by police because it could not be demonstrated that inidividuals would be the subject of excessive force, repeatedly. Thus, a programmatic way to deal with this situation was needed; and such is the motivation for the program.  The briefing paper then reviews the efforts undertaken in Cincinatti, Ohio; Pittsburgh, Pennsylvania; and the Los Angeles Police Department, in California.   It concludes by stating that federal intervention has lead to fundamental changes that do improve the structure and organization of police agencies.  It also asks if there are ways to improve the program; and whether the changes are sustainable.

Finally, we review the Report (Appendix G) of the roundtable that took place on June 21, 2010.  The final page of the report is particularly interesting.
Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 7.

First, the education of police officers is stressed as an important factor in deterring a pattern or practice of civil rights violation in police departments. Second, a "Centers of Excellence" approach is recommended, suggesting that police departments that have successfully completed a 42 U.S.C. § 14141 settlement agreement serve as models and mentors to other police departments. We will shortly apply this material.

III.   JURISDICTION:

Applicant seeks a stay pending certiorari review of the Judgment issued by the District Court on July 18th, 2013 (Docket No. 61). The final judgment of the First Circuit Court of Appeals is subject to review by this Court under 28 U.S.C. § 1254(1); and this Court therefore has jurisdiction to consider and grant a request for a stay pending certiorari review under 28 U.S.C. § 2101(f); Sup. Ct. R. No. 23 establishes the tenets whereby such relief may be granted. In addition, the Honorable Court has authority to issue stays in aid of its jurisdiction under 28 U.S.C. § 1651(a); and Fed. R. Civ. P. 62(c).

IV.   DISCUSSION OF THE STANDARDS FOR GRANTING STAY OF JUDGMENT:

A.   In General:

This application for a stay of the Judgment (Docket No. 61) entered in the U.S. District Court for Puerto Rico is made on the grounds that: (a) Applicant's Petition for a Writ of Certiorari will be considered favorably, upon its merits, and granted, as will the writ itself; (b) Applicant, and numerous PRPD police officers, will suffer irreparable harm if this stay is denied; (c) the effect upon plaintiff USDOJ and/or co-defendants Commonwealth of Puerto Rico and PRPD will be minimal, if the stay is granted; and is Continued...

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 8.

greatly outweighed by the harm to be suffered by Applicant, and numerous PRPD police
officers, if the requested stay is denied; (d) this stay will serve the public interest; and (e)
there is no other adequate remedy at law that is readily available.

The specific relief being sought is to suspend the implementation of the
settlement agreement (Docket No. 60), and naming a Technical Compliance Advisor
(T.C.A.); pending and until the timely filing of a Petition for a Writ of Certiorari, and its
eventual  review and disposition by this Honorable Supreme Court of the United States.

In addition, since Applicant is moving this Honorable Court to proceed *in forma
pauperis*, Applicant respectfully requests that the stay be granted without the posting of
a bond and/or surety, as specified in Sup. Ct. R. No. 23(4).  In addition,  Applicant is
neither requesting nor obtaining any economic relief, merely requesting a stay.

An unsecured stay, such as the one Applicant is requesting, which is part of the
courts' inherent powers to maintain the status quo, may be seen as a preliminary
injunction. In re Wymer, 5 B.R. 802, 804 (9th Cir. BAP 1980).

Applicant filed a "Motion for Preliminary Injunction, and/or an Emergency T.R.O.,"
with the corresponding memorandum of law in support thereof, on April 9th, 2014, at the
Honorable First Circuit Court of Appeals.  (Appendix I shows the memorandum, only.)
The motion was subsequently denied on April 14th, 2014.  From the Memorandum,
Applicant would like to incorporate Section III, paragraphs 18 through 26, inclusive, as
additional arguments in favor of granting a stay of judgment from the District Court in
the instant case, generally.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 9.

**B.**      **In the Honorable Supreme Court of the United States:**

The standards for granting a stay pending review are "well settled."  Deauer v.
United States, 483 U.S. 1301, 1302 (1987) (Rehnquist, C.J., in chambers).  Sup. Ct. R.
No. 23(3), preliminarily, requires a showing that "the relief is not available from any other
court or judge."  *Id.*  Both the District Court and the Circuit Court have repeatedly
refused *any* type of relief requested, beyond granting *in forma pauperis* status (Docket
No. 69).  (In addition, the Honorable U.S. District Court for the District of Puerto Rico
has summarily denied almost all of Applicants requests; in what could, perhaps, be
construed as abuse of discretion by this Honorable Supreme Court of the United States,
given the importance of the claims presented.)

The standards for granting a stay at the Honorable Court are thus examined:

To obtain a stay pending the filing and disposition of a petition for a writ of
certiorari, an applicant must show (1) a reasonable probability that four
Justices will consider the issue sufficiently meritorious to grant certiorari;
(2) a fair prospect that a majority of the Court will vote to reverse the
judgment below; and (3) a likelihood that irreparable harm will result from
the denial of a stay. In close cases the Circuit Justice or the Court will
balance the equities and weigh the relative harms to the applicant and to
the respondent.  Lucas v. Townsend, 486 U. S. 1301, 1304, 108 S. Ct.
1763, 100 L. Ed. 2d 589 (1988) (Kennedy, J., in chambers); Rostker v.
Goldberg, 448 U. S. 1306, 1308, 101 S. Ct. 1, 65 L. Ed. 2d 1098 (1980)
(Brennan, J., in chambers).  In Hollingsworth v. Perry, 558 U.S. 183,
189 (2010) (*per curiam*).

To summarize, on application for a stay pending certiorari review, a Circuit
Justice must try to predict whether the Court would vote to grant certiorari; whether the
Court would reverse the Judgment below; whether there is a likelihood of irreparable
Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 10.

harm; and in close cases must balance the equities, and weight the relative harms to

the applicant and the respondent.  These standards have been repeatedly upheld.

Conkwright v. Frommert, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers);

Barnes v. E-Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan, 501 U.S. 1301, 1302,

1305 (1990) (Scalia, J., in chambers).[1]

**1.      There is a strong likelihood that Certiorari will be granted:**

**i.      The occurrence of a circuit split:**

In the motion for leave to appeal *in forma pauperis* filed at the Honorable U.S.

District Court for Puerto Rico, (Docket No. 68), Applicant stated that to the extent that a

district court's ruling on a motion to intervene as of right is based on questions of law, it

is reviewed *de novo*; to the extent that it is based on questions of fact, it is ordinarily

reviewed for abuse of discretion.  Mova Pharm. Corp. v. Shalala, 140 F.3d 1060 (D.C.

Cir. 1998). See also Mass. School of Law at Andover, Inc. v. United States, 326 U.S.

App. D.C. 175, 118 F.3d 776, 779-80 (D.C. Cir. 1997). Applicant also stated that if a

motion to intervene by permission is denied, it may be reviewed for abuse of discretion.

See Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999).

Thus, different circuits treat denial of a motion to intervene as of right differently:

Rule 24(a): Compare Weiser v. White, 505 F.2d 912, 916-17 (5th Cir.),
*cert. denied*, 421 U.S. 993, 44 L. Ed. 2d 482, 95 S. Ct. 1998 (1975) (party
can appeal denial of motion to intervene under Rule 24(a) only if he was in
fact improperly denied intervention -- appealability turns on merits of 3rd
intervention claim), with Commonwealth v. Rizzo, 530 F.2d 501, 504 (3rd

---

[1] Applicant would respectfully remind the Honorable Justice Stephen G. Breyer that he is not an attorney; and will most probably move the Honorable Court for appointment of counsel, along with the Petition for a Writ of Certiorari; so that my legal arguments may be construed in the most favorable light possible, if at all possible.

**IN THE UNITED STATES SUPREME COURT**
**APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW**
No. A13-
Page No. 11.

> Cir.), *cert. denied*, 426 U.S. 921, 96 S. Ct. 2628, 49 L. Ed. 2d 375 (1976), and Ionian Shipping Co. v. British Law Ins. Co., 426 F.2d 186, 188-89 (2d Cir. 1970) (denial of motion to intervene is appealable as an appeal from a final order regardless of ultimate merits ....).  Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 548 n. 9 (1982) (citations omitted).

> What is the holding on this issue at the Honorable First Circuit?:

> The First Circuit has treated denials of motions to intervene of right as final, appealable orders [*regardless of ultimate merits of movant's claim*] (emphasis added). See, e.g., Culbreath v. Dukakis, 630 F.2d 15 (1st Cir. 1980);  Moosehead Sanitary Dist. v. S.G. Phillips Corp., 610 F.2d 49 (1st Cir. 1979). Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 548 n. 9 (1982) (citations omitted).

Different circuits treat the issue of the appealability of the denial of a motion to intervene differently.  In the Honorable First, Second, and Third Circuit appealability is distinct from the merits of the claim for intervention; whereas in the Honorable Fifth Circuit, appealability depends on the merits of the claim.

Although the dismissal of Applicant's appeal(s) at the Honorable First Circuit Court of Appeals was not for lack of subject matter jurisdiction, this is an issue that the Honorable Supreme Court of the United States could resolve uniformly for all Circuit Courts, and decide a circuit split.  This is often a compelling reason for the Honorable Supreme Court to grant a Petition for a Writ of Certiorari.  Sup. Ct. R. No. 10(a).

ii.      **Right to a complete record on appeal; and to file a timely appellate brief:**

Applicant stated in his motion for rehearing that he had not had an opportunity to file a timely Appellate Brief; nor to a complete record on appeal.  After stating in his Orders dated November 8th, and November 18th, 2013 (Docket No.'s 91 and 94) that all Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 12.

in court proceedings would be transcribed for the record, in his Order dated November 26, 2013 (Docket No. 96), the Honorable Presiding Judge Gustavo A. Gelpí reversed himself; and summarily denied a stipulation and/or disclosure of the budget.[2]

Perhaps, if Applicant had requested appointment of counsel, these particular difficulties would have been more easily overcome by an attorney; an Appeal Brief timely filed, and a complete record on appeal.[3] These two factors considerably impinged upon Applicant's due process rights at the Honorable First Circuit Court of Appeals, as protected by the Fourteenth Amendment to the United States Constitution. U.S. Const. amend XIV, § 1.

They might also be construed as departing so far "from the accepted and usual course of judicial proceedings" that they would warrant the Honorable Supreme's Court supervision; especially in a case of such high public importance. Sup. Ct. R. 10(a).

iii.    A qualified First Amendment right of access to information is asserted:

Applicant is asserting a First Amendment right of access to information. The public and the press have a qualified First Amendment right of access to judicial proceedings in criminal cases. In Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (U.S. 1980), this Honorable Supreme Court stated that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." Id., at 573. Continued...

---

[2] Furthermore, in several motions filed at the Honorable First Circuit Court, Applicant explained the difficulties encountered when trying to draft legal documents, in terms of interruptions, loud noises; sometimes even foul and offensive language, and occasionally, threats. These continue unabated, to this day.

[3] To correct this situation, Applicant moved at the Honorable U.S. District Court for appointment of counsel on June 24th, 2014 (Docket No. 135). The motion was subsequently denied on June 25th, 2014 (Docket No. 136).

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 13.

This Honorable Supreme Court has not directly addressed whether the public and the press also have a constitutional right of access to civil cases.  However, the Puerto Rico Supreme Court has found that the records for an administrative investigation of a Superior Judge of the Commonwealth of Puerto Rico are public documents under the Law for Administration of Public Documents for the Commonwealth of Puerto Rico, Law No. 8 of December 5, 1955, as amended, P.R. Laws Ann. Tit. 3 § 1001 *et seq.* (2008); and all court records are considered public documents under this law.  Ligia M. Ortíz Rivera et al. v. Mercedes Bauermeister, Fernando Campoamor Redín, Interventor, 152 DPR 161 (2000).  In Manuel Augusto Colon Cabrera et al. v. Caribbean Petroleum Corporation et al., 170 DPR 582 (2007), however, the Puerto Rico Supreme Court found that it could withhold information from court records on a number of instances; for instance, in safeguarding the privacy of individuals in an investigation undertaken by the Puerto Rico's Justice Department Office of Monopolistic Affairs. *Id.*, at 597.

However, the requested information does not concern private individuals, *per se*; at least, not to Applicant's knowledge.  Rather, it concerns the proposed budget for the settlement agreement (Docket No. 60); which should be public information.  Moreover, there are no sealed documents in the case, neither at the Honorable U.S. District Court for Puerto Rico; nor at the Honorable First Circuit Court of Appeals.

By denying the Petition for a Writ of Mandamus filed on February 27th, 2014, the Honorable First Circuit Court of Appeals has decided an important question of Federal Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 14.

law that should be decided by the Honorable Supreme Court:  are court documents in a

Federal civil case public documents?  This would be an additional reason to grant the

Petition for a Writ of Certiorari.  Sup. Ct. R. No. 10(c).

**2.      There is a strong likelihood that the Circuit Court's Judgment will be reversed, and intervention allowed, on the merits:**

From the Memorandum (Appendix I), Applicant would like to incorporate

Section IV(a), paragraphs 27 through 33, inclusive, in the instant application, as

initial arguments in favor of reversal of the Judgment at the Honorary First Circuit

Court of Appeals.

Subsequently, Applicant would like to consider, briefly, Fed. R. Civ. P.

24(a)(2), which states, in relevant part:

Rule 24.  Intervention.

(a) Intervention of Right. On timely motion, the court must permit anyone
to intervene who:
…
(2) claims an interest relating to the property or transaction that is the
subject of the action, and is so situated that disposing of the action may as
a practical matter impair or impede the movant's ability to protect its
interest, unless existing parties adequately represent that interest.
Fed. R. Civ. P. 24(a)(2).

The Judgment issued by the Honorable First Circuit Court of Appeals

states:   "Neither the complaint nor the agreement for the Sustainable Reform of

the Puerto Rico Police Department directly concerns the subject of the legislation

for which Diaz-Castro claims to have lobbied."  Judgment (Circuit Court), p. 2.

(Appendix B).  With all due respect, Applicant differs.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 15.

The two acts of the Legislative Assembly of the Commonwealth of Puerto

Rico for which Applicant lobbied for, and got approved, can be seen as pertaining

to labor benefits in favor of PRPD police officers.  We should remember that the

original complaint in the Honorable United States District Court for Puerto Rico

was based merely upon a report; and that, perhaps, it would be unduly

burdensome to litigate.  Every allegation would have to be proved, by bringing in

the appropriate witness(es).  Furthermore, a logical counterclaim on behalf of

PRPD police officers is that both the Commonwealth of Puerto Rico and the

PRPD have been negligent in not honoring these benefits, as provided by state

law; and that this may be an important reason (at least, in Puerto Rico) for the

perceived "pattern or practice of civil rights violations."  This is not an "indirect

and speculative relationship," inasmuch as Applicant had to strive to have these

two acts approved.  Furthermore, it is Applicant's belief and contention, in good

faith, that if not for his efforts, neither act would have been approved.

The Judgment goes on to state that Applicant has not identified "an injury

in fact" that Applicant has suffered in relation to the case.  Once again, Applicant

respectfully differs.  Applicant has suffered various reprisals on the part of the

Commonwealth of Puerto Rico, so as to deter him in his attempts to uphold the

acts Applicant lobbied for, for PRPD police officers.  Amongst these, he has seen

his studies at the University of Puerto Rico School of Law interrupted; and has

become homeless, as a result.  These allegations are not lightly made.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 16.

Perhaps the biggest obstacle in grant Applicant's motion to intervene is the issue of standing.  Standing is the plaintiff's right to assert a claim in court. In federal court, standing involves constitutional limitations on federal-court jurisdiction as well as prudential limits on the exercise of that jurisdiction.  Bennett v. Spear, 520 U.S. 154, 162 (1997). To satisfy constitutional standing, which is required by Article III's limit on federal-court jurisdiction to cases or controversies, plaintiffs must demonstrate (1) that they have suffered an injury in fact; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that a favorable decision will redress the injury.  *Id.* In addition to these immutable requirements, federal courts have adhered to "a set of prudential principles that bear on the question of standing." *Id.* (citations omitted).

Prudential limits are concerned with the proper role of courts in a democratic society. *Id.* Unlike constitutional standing, Congress can override courts' prudential standing decisions with legislation.  *Id.*  As might be expected, no single rule governs every issue of prudential standing.  See Clarke v. Sec. Indus. Ass'n, 479 U.S. 388, 400 n.16 (1987). There are, however, several considerations that are typically invoked: (1) litigants may not assert the rights of third parties; (2) courts should refrain from adjudicating matters of wide public significance which amount to generalized grievances; and (3) litigants must demonstrate that their asserted interests are arguably within the zone of interests intended to be protected by the statute, rule, or constitutional provision upon which the claim is based.  Int'l Ass'n of Firefighters of Saint Louis v. City of Ferguson, 283 F.3d 969, 973-74 (8th Cir. 2002).

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 17.

In this respect, when examining a Federal statute, such as 42 U.S.C. § 14141, courts are expected to interpret whether a plaintiff's asserted interest falls within the zone of interest protected by the statute in question.  If this *proviso* of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796 (1994) was enacted, it was so that local police departments could be sued in Federal court by the USDOJ.  Then, it is logical to assume that an interest that could be used as a counterclaim would fall within the zone of interest of the statute; since correcting the situation, arguably, would help to improve the perceived "pattern or practice of civil rights violations" that the police department is being charged with.

Thus, it is Applicant's contention that beyond the injuries in fact that he has suffered, a mere consideration of his role as lobbyist for the PRPD could, in and of itself, be sufficient to grant him standing, when considering that the Commonwealth of Puerto Rico and the PRPD have failed to honor the acts Applicant lobbied for, for a period of more than eight years, in a blatant disregard for the due process and equal protection of the law clauses.  To be succinct, and restate, Applicant's professional reputation as a lobbyist for the Commonwealth of Puerto Rico has suffered; and Applicant has suffered a loss of earnings, as well, in regards to a reasonable expectation of future earnings.

Finally, unless Applicant is allowed intervention, and the exercise of his ability as a lobbyist, the purported PRPD reform will be hindered.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 18.

3.      **Absent a stay, there is almost a certainty of irreparable harm:**

From the Memorandum (Appendix I), Applicant would like to incorporate Section IV(b), paragraphs 34 through 103, inclusive, in the instant application; in regards to allegations of irreparable harm.  The irreparable harm is considered, first, for PRPD police officers; and then to Applicant, personally.  The reason for this reversed order is the public importance of PRPD police officers, which surpasses that of Applicant, personally.  Nevertheless, Applicant contends that he has sufficient constitutional standing to assert his claim, alone; but prefers to include, also, the claims of PRPD police officers, via the judicial doctrine of *jus tertii*, as it applies to the Federal jurisdiction.

Applicant would like to consider recent developments in Puerto Rico, with regards to allegations of irreparable harm on behalf of PRPD police officers, if the Judgment (Docket No. 61) of the District Court is not stayed.  In Appendix J, Applicant is including photographs of PRPD police officers marching in defense of their labor rights; on July 2, 2014.  (Appendix I-1, I-2, and I-3).  PRPD police officers marched from El Escambrón beach to La Fortaleza, where they met with the Governor, the Honorable Alejandro García Padilla.

The Honorable District Court has abused its discretion, by not allowing the labor issues of PRPD police officers be included in the settlement agreement (Docket No. 60) via Applicant's claim for intervention.  If Applicant's claim for intervention had been allowed, this march would not have occurred.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 19.

4.      The balance of equities favors a stay:

From the Memorandum (Appendix I), Applicant would like to incorporate

Section IV(c), (d), and (e); paragraphs 104 through 117, inclusive, in the instant

application; in regards to a discussion of the balance of the equities for stay.

Applicant hereby considers the harm to either the plaintiff, the USDOJ, and/or to

co-defendants Commonwealth of Puerto Rico and the PRPD; where the public

interest lies; and whether there is another adequate remedy at law available.

Applicant contends that neither the USDOJ nor the Commonwealth of

Puerto Rico, nor the PRPD, would suffer substantial harm if the Judgment

(Docket No. 61) entered on July 17th, 2013, at the District Court were to be

stayed.  Even though almost a year has passed, it was not until fairly recently

that a T.C.A. was named:  Mr. Arnaldo Claudio, upon Order dated June 5th, 2014

(Docket No. 124).  The term to file a Petition for a Writ of Certiorari was extended

until August 10th, 2014.

If the requested stay is granted, respondents would have to wait only a

few months; perhaps three or four months would suffice.  If any harm would

occur to respondents for granting the stay, it is greatly outweighed by the

irreparable harm to petitioners if the requested stay is not granted.  Applicant's

personal situation is dire; and hopefully, some adequate remedy at law may be

obtained, eventually, if intervention is allowed.  At present, it would be too

burdensome for Applicant to attempt to begin a separate case.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 20.

Indeed, for both the Commonwealth of Puerto Rico, and the PRPD, it would conceivably be preferable that Applicant's intervention be allowed; inasmuch as Applicant may be of service, in his role as lobbyist, to help resolve some of the labor issues that are being claimed by PRPD police officers.

In this respect, Applicant would like to consider a recent, unpublished, Opinion and Order. In United States of America  v. City of Portland, 3:12-cv-02265 SI, (D. Or., February 19th, 2013) (Appendix H); the Portland Police Association (henceforth, the PPA), a labor union, was allowed to intervene only for remedy purposes; whereas the Albina Ministerial Alliance Coalition for Justice and Police Reform (henceforth, the AMA Coalition) has been heretofore denied any intervention.  Police associations in Puerto Rico are not allowed to engage in collective bargaining agreements on behalf of PRPD police officers.  This is the reason why the AMA Coalition was denied intervention.  However, Applicant, in his role as lobbyist, can lobby for laws that pertain to *all* PRPD police officers.  Hence, intervention is appropriate for him.

This is perhaps the single, most important reason why Applicant is attempting a stay of judgment.  Applicant strongly believes that at this stage of the USDOJ's strategy, a neutral evaluation needs to take place; but not in the nature of an advisory opinion.  Applicant fervently hopes that this Honorable Supreme Court, and the Honorable Circuit Justice Stephen G. Breyer, would be willing and able to dictate an appropriate declaratory judgment to this effect. Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 21.

Applicant would like not to be seen as an adversary in the instant proceedings; especially not against the USDOJ.  Applicant is not opposed to 42 U.S.C. § 14141 litigation, *per se*.  He is concerned about its implementation; especially at the level of the District Court.  Even now, any PRPD police officer could intervene.  In <u>Devlin v. Scardelletti</u>, 536 U.S. 1 (2002), the Honorable Supreme Court reversed and remanded a Judgment from the Honorable Fourth Circuit, in which a non-named member of a class action suit appealed a settlement, and had been denied because he had not moved to intervene.

The people of Puerto Rico are still concerned about various issues relating to this case.  The Community Interaction Council, Caguas Region, filed a motion to enforce judgment on June 27th, 2014.  (Docket No. 117).  Among their concerns was the lack of available information for Spanish speakers, which constitute the mainstay of the community in Puerto Rico.  Rafael Lenín López, <u>18 meses:  AGP y la prensa</u> (newspaper column in Spanish), Metro (San Juan), July 3rd, 2014, at 8, criticizes the lack of transparency undertaken by the District Court in dealing with the appointment of the T.C.A.. A previous T.C.A. had been named, but resigned:  Mr. Juan Mattos; for reason or reasons unknown.

More worrisome is the fact that PRPD's settlement agreement (Docket No. 60) is deficient, when compared to the standards presented by Chanin.  Of the three key components, much emphasis is given to force deterrence; very little to community feedback; and none to creating a personnel database for the PRPD. Continued...

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 22.

Lastly, Applicant would like to consider the issue of whether there are other adequate remedies at law. This consideration is especially important in regards to PRPD police officers.

Applicant would like to note that he is also attempting to intervene in case KAC 2007-04170 at the Court of First Instance for the Commonwealth of Puerto Rico. This is a case filed by two PRPD police associations against the Commonwealth of Puerto Rico and the PRPD, for withheld salary raises for PRPD police officers. Applicant is attempting to include his claim, as lobbyist for the PRPD, for full compliance with Act No. 173 of December 3, 2007, P.R. Laws An. Tit. 25 § 3111 (2010); and, perhaps, for compliance with Act No. 128 of July 23, 2008, P.R. Laws An. Tit. 25 § 3104 (2010). The question is whether these remedies are, or will prove to be, adequate. Case KAC2007-04170 was filed over seven years ago; and PRPD police officers have still not received *any* relief. Moreover, the case covers *some*, but not all, PRPD police officers.

There are, in addition, other reasons to stay the Judgment (Docket No. 61) of the District Court. As an addendum to the issue of high public importance is the question of whether justice is being served; since there are various cases that seem to be impinging upon the due process rights of the individuals involved, including Applicant. In the original "Motion for Leave to File and to Appear as *Amicus Curiae*," filed on April 1, 2013 (Docket No. 29), Applicant first mentioned the cases of Roberto Quiñones Rivera; of Pablo Casellas Toro; and now Applicant adds, of Hilton Cordero Rosario, and of himself; in which there is a serious violation of both procedural and substantive due process Continued…

**IN THE UNITED STATES SUPREME COURT**
**APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW**
No. A13-
Page No. 23.

rights on the part of the courts for the Commonwealth of Puerto Rico.  U.S. Const. amend. XIV, § 1.  (In good faith, my conscience will not allow me to remain silent.)

The Stipulation (Docket No. 139) concerning the T.C.A. filed on June 26th, 2014, contains worrisome language, that may impinge upon Applicant's due process rights, as protected in the Fourteenth Amendment to the United States Constitution.  U.S. Const. amend. XIV, § 1.

Beyond all the arguments and allegations that Applicant has presented, Applicant wishes to submit for consideration of the Honorable Circuit Justice  Appendix J-5, the image of several PRPD police officers engaged in donating blood for two PRPD police officers that were injured in the line of duty:  PRPD agent Valery Ortíz Rivera, and PRPD agent José Rosario Santiago.  These two PRPD agents were wounded in a robbery attempt in Dorado which took place on June 3rd, 2014.  On April 10th, 2014, PRPD agent Marieli Morales Santiago died; after a mysterious car accident on April 4th, 2014.  Before that, on March 10th, 2014, PRPD agent Joaquín Correa Ortega was wounded, and subsequently died while conducting an undercover arms purchase. Applicant believes that there is a climate of tension in Puerto Rico concerning the settlement agreement (Docket No. 60); especially on the part of PRPD police officers; which may render them more susceptible to making mistakes; sometimes very serious mistakes, which may cost them their lives.  The District Court seems not to have noticed; or if it has, has chosen to take no action.  Their lives are at stake.

For all of these reasons, the balance of equities favors a stay.

Continued…

IN THE UNITED STATES SUPREME COURT
APPLICATION FOR STAY OF JUDGMENT, PENDING CERTIORARI REVIEW
No. A13-
Page No. 24.

VI.    CONCLUSION AND SUMMARY:

FOR ALL THE REASONS STATED ABOVE, Applicant respectfully requests that the Honorable Stephen G. Breyer, Circuit Justice for the Honorable First Circuit Court of Appeals, grant the requested stay of Judgment (Docket No. 61) of the District Court, pending Certiorari review by the Honorable Supreme Court of the United States.

If the Honorable Circuit Justice so decides, he may direct the instant Application to the Honorable Court; especially if he feels disinclined to grant the requested relief, a stay of judgment, by himself.

VII.    PRAYER FOR RELIEF:

WHEREFORE, Applicant hereby respectfully requests the Honorable Stephen G. Breyer, Circuit Justice for the Honorable First Circuit Court of Appeals, grant the requested stay of the Judgment of the District Court, pending Certiorari review by the Honorable Supreme Court of the United States.

RESPECTFULLY SUBMITTED, in San Juan, P.R., on July 11th, 2014.

Jorge Diaz-Castro, PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com

## IN THE UNITED STATES SUPREME COURT

-------------------------

No.                                        UNITED STATES

Plaintiff-Appellee

JORGE DIAZ-CASTRO

Petitioner-Appellant

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT

Defendant-Appellees

-------------------------

## ON PETITION FOR A WRIT OF CERTIORARI
## TO THE HONORABLE FIRST CIRCUIT COURT OF APPEALS

-------------------------

## CERTIFICATE OF SERVICE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Applicant hereby certifies that, since the United States is a Party, a copy of the instant "Application for Stay of Judgment, Pending Certiorari Review" shall be mailed on or before July 14th, 2014, to Mr. Donald B. Verrilli, Jr., the Solicitor General of the United States, Room 5614, Department of Justice, 950 Pennsylvania Ave., N. W., Washington, DC 20530-0001, pursuant to Sup. Ct. R. No. 29 (3) & (4)(a).

Jorge Díaz-Castro, PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com

IN THE UNITED STATES SUPREME COURT

--------------------------

No.                                   UNITED STATES

Plaintiff-Appellee

JORGE DIAZ-CASTRO

Petitioner-Appellant

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT

Defendant-Appellees

--------------------------

**ON PETITION FOR A WRIT OF CERTIORARI
TO THE HONORABLE FIRST CIRCUIT COURT OF APPEALS**

--------------------------

**ADDENDUM TO CERTIFICATE OF SERVICE
FOR ELECTRONIC FILERS (CM/ECF FILERS)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Applicant hereby certifies that a copy of the instant "Application for Stay of
Judgment, Pending Certiorari Review" shall be filed, along with a notice of filing, with
the Honorable U.S. Court of Appeals for the First Circuit, and with the Honorable U.S.
District Court for Puerto Rico, on or before July 14th 2014, to the official parties and/or
their counsel of record that are registered as ECF filers; and that they will be served by
the CM/ECF system, pursuant to Sup. Ct. R. No. 23(3).

Jorge Diaz-Castro, PRO SE
P.O. Box #9021288
San Juan, P.R.  00902-1288
Email:  transcripciones@mail.com