**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO. 12-2039 (GAG)** |
| **COMMONWEALTH OF PUERTO RICO, et al.,** | |
| **Defendant.** | |

## SEALED ORDER ISSUING DIRECTIVES TO THE TECHNICAL COMPLIANCE ADVISOR AND PARTIES

On October 18, 2015, the Court held an *in camera* hearing with the parties who jointly expressed serious concerns regarding the office of the Technical Compliance Advisor (hereinafter "the TCA.")  At the hearing, the parties informed the Court that they were ready to formally request the removal of the TCA, via motion.  After listening to a preliminary account of the issues involved, the Court ordered counsel for US DOJ and PRD DOJ to meet with attorneys Alfredo Castellanos and Federico Hernández Denton to discuss the particulars.  (See Docket No. 270.)  The Court cautioned the parties not to file their formal request until they met with the attorneys to the TCA.  The parties indeed met with attorneys Castellanos and Hernandez Denton, who subsequently briefed the undersigned as to the issues raised by the parties.  Id.

The Court has given this situation the utmost serious consideration and, after discussing and analyzing the parties' concerns together with the TCA's attorneys, the undersigned has decided that removal of the TCA is not warranted.  In order to deter any further controversies regarding the addressed matters, however, the Court deems it appropriate to issue the following specific order that will apply prospectively.  The undersigned is heedful of the parties' concerns,

**Civil No. 12-2039 (GAG)**

but nonetheless understands that by virtue of the present directives, any existing or potential conflict between the parties and the TCA should cease to exist.  The TCA, his employees, agents and independent contractors, and the parties are hereby instructed to immediately comply with the present directives.  This Order shall remain sealed, and will not become a public document unless further ordered by this Court.

First and foremost, the undersigned reminds both the TCA and the parties that the Court's role is to ensure the effective implementation of the Reform of the Puerto Rico Police Department in accordance with the Agreement.  This, of course, demands the utmost cooperation from all participants involved.  It is vital for the success of the Reform that all those involved in the process conduct themselves in the professional manner that is expected of all officers of the Court, and that they will, at all times, focus their efforts in the implementation of the reform, safeguarding the rights of the citizenry of Puerto Rico, restoring the public trust in the Puerto Rico Police Department, and ensuing a smooth reform process.  For that to be attained, the utmost focus and devotion from all participants is required.

Furthermore, the Court is extremely satisfied with the TCA's performance related to the implementation of the Agreement.  He has complied with all deadlines and directives, has put together an excellent team of professionals and, most important, has acted in an objective manner, regardless of any parties' particular position as to any issue.  This is precisely the role of the TCA.

The TCA acts as an officer of this Court, and his role is to assess and report on the PRPD's compliance to the Court, as established in paragraphs 225 and 226 of the Agreement.  (See Docket No. 60 at 75.)  Neither the TCA nor the Court is responsible for the direct administration of the PRPD or its members.  Id.  The undersigned has already mandated that the TCA, his employees, agents and independent contractors must strictly abide by the Code of Conduct for Judicial Employees, which applies to all federal judicial employees.  See Code of Conduct for Judicial

Civil No. 12-2039 (GAG)

Employees, Guide to Judicial Policy, Vol. 2, Pt. A, Ch. 2.[1]  (See Attachment.)  "In addition to the duties, responsibilities, and authority set forth in the Agreement, as officers of the Court, the TCA and all employees, agents, or independent contractors shall comply with the Code of Conduct for Judicial Employees, as adopted by the Judicial Conference of the United States."   (Docket No. 139 at 3.)   Most importantly, the TCA and the parties are expected to fully collaborate with each other by fulfilling their respective roles, thereby ensuring the Reform's success, under the Court's supervision.   Both the TCA and the parties are expected to fully continue to comply with the Agreement and the Court's directives.

Accordingly, the Court issues the following directives:

1. Scope of the Agreement:   Any matter handled by the TCA that is not expressly contemplated in the Agreement is not authorized without prior Court approval.

2. Political Activity:   The TCA, and his employees, agents and independent contractors are reminded that they are prohibited from taking part, engaging in and/or endorsing political activity both in their **official and personal capacities**. (See Docket No. 139 at 4) ("the TCA, including any employees, agents, or contractors of the TCA Office, shall refrain from partisan political activity, including, but not limited to, publicly endorsing or opposing a partisan political organization or candidate; soliciting funds for or contribute to a partisan political organization, candidate, or event; and should not otherwise actively engage in partisan political activities.").   **Outside of casual encounters, family gatherings or chance meetings, the TCA, his employees, agents and independent contractors, should exercise extreme caution when communicating with any current elected official or political candidate of both**

---

[1] http://www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/code-conduct-judicial-employees

Civil No. 12-2039 (GAG)

**Municipal and Commonwealth Government** in those instances contemplated in the Agreement. Moreover, **political advice and/or endorsement of any kind** to current elected officials and/or political candidates by or on behalf of the TCA, his employees, agents and independent contractors is **expressly prohibited.** This is particularly important considering the upcoming primaries and general elections given that during this period the Court wishes to avoid any appearance of impropriety from the TCA, his employees, agents and independent contractors. (<u>See</u> <u>also</u> Canon 5, Code of Conduct for Judicial Employees.)

However, the agents or independent contractors that may render services to governmental entities that may require communications with elected officials are exempt from the above mandate, as long as said communications are limited to legal services that do not constitute a conflict of interest that violates the aforementioned Canon 5.

The parties should consider proposing to the Court, if they deem necessary, temporary directives to further limit, or even restrict, the TCA's involvement with current elected officials and political candidates for two or three months prior to the 2016 primary and general elections.[2] The purpose of this measure would be to avoid any potential or inadvertent appearance of favoritism towards any political candidate, akin to the pre-electoral advertising ban established by the Puerto Rico Elections Code. <u>See</u> P.R. LAWS ANN. tit. 16, § 4231. **<u>The PRPD Reform is not a political matter</u> and by way of these directives the Court stresses that it will take all the necessary steps to keep the reform outside of the political realm.**

---

[2] The parties shall file their proposal on or before February 1, 2016. Compliance with this deadline is essential to the Court.

Civil No. 12-2039 (GAG)

3. <u>Communications with the Court</u>: Any communication between the Court and the TCA **may not** be disclosed or forwarded to any other participant, individual and/or party, **unless expressly ordered by the undersigned.**  (<u>See</u> Canon 3(D), Code of Conduct for Judicial Employees.)  This includes both written and verbal communications, as well as sealed orders by the Court.

4. <u>Social Media</u>: The TCA, his employees, agents and independent contractors shall exercise caution and the utmost professional discretion when using social media. The TCA, his employees, agents and independent contractors **are prohibited from using social media to publish or endorse matters of political nature, matters involving the PRPD, the Police Reform, or the parties, or any other publication, use or communication that may violate the Code of Conduct for Judicial Employees.** Everyone associated with the Reform shall avoid both impropriety under the Code of Conduct and the appearance of impropriety.  Just like all other Judicial employees, this prohibition applies to both **official and personal use of social media** by the TCA, his employees, agents and independent contractors.[3]  These restrictions apply to all social media outlets, such as: Facebook, Twitter, LinkedIn, Instagram, Snapchat, blogs, among others.  <u>See</u> Attachment:  Judicial Conference of the United States' Advisory Opinion No. 112.[4]

---

[3]   As an exception, The TCA, his employees, agents and independent contractors may make mention of their role with the PRPD Reform when using business-oriented social media outlets (such as Linkedin) **only** for purposes of professional networking.  However, all participants shall exercise extreme caution when using these professional networking portals.  The information provided shall be circumspect and shall comply with these directives and the Code of Conduct for Judicial Employees.

[4] http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-2-ethics-and-judicial-conduct/part-b-ethics-advisory-opinions/ch-2-published-advisory-opinions

**Civil No. 12-2039 (GAG)**

5. <u>Civilian Complaints</u>: The TCA, his employees, agents and independent contractors, are directed to follow the policy regarding the handling of complaints, grievances, or any information received from civilians and/or interest group(s) relating to the PRPD, especially any information that may be the object of pending or future investigations.  If such policy has not been delineated by the parties, the TCA, together with counsel to the parties, shall jointly stipulate measures that address the handling of information provided by civilians and/or interest group(s).[5]

6. <u>Community involvement and the TCA</u>:    Pursuant to the Agreement, the TCA is encouraged to meet with community stakeholders "to explain the TCA reports, inform the public about the process of implementation of the Agreement, to hear community perspectives of police interaction and to seek the input of particular community groups with respect to specific reforms required by this Agreement."  The Agreement, ¶ 254 (Docket No. 60 at 91.)  The TCA, together with counsel to the parties, shall jointly stipulate a process to provide the parties advance timely notification when the TCA, his employees, agents and/or independent contractors, will assist or plan on assisting any engagement and/or meeting under paragraph 254 of the Agreement.  If the activity is not contemplated by paragraph 254 of the Agreement, the TCA shall only assist if previously authorized by both parties, or, with prior court approval.

7. <u>Communications with the Press and Media</u>: The TCA, his employees, agents and independent contractors are prohibited from communicating or disclosing to members of the press any communications between the Court and TCA, or any of the parties, regarding the Reform or the PRPD.  In order to disclose such information, the TCA

---

[5]    This process shall be written and signed by the TCA and the parties and submitted to the Court on or before **February 1, 2016.**

Civil No. 12-2039 (GAG)

must first obtain leave of the Court, so as to avoid the dissemination of confidential communications between the TCA and the Court, which could be perceived as official statements of the Court.  (See Canon 3(D), Code of Conduct for Judicial Employees.)

8. Private Interests:  Neither the TCA, nor his employees, agents and/or independent contractors may use the authority of the TCA or the PRPD to benefit or advance interests other than those expressly established in the Agreement. (See Canon 5, Code of Conduct for Judicial Employees.)  Moreover, neither the TCA, nor his employees, agents and/or independent contractors may advance or appear to advance his/her private interests, or the private interests of others.  The TCA, his employees, agents and independent contractors cannot engage in any activity that the Court itself is not allowed to engage in.  (See Canon 2, Code of Conduct for Judicial Employees.)

9. Courteousness and Civility:  The TCA, his employees, agents and independent contractors, and counsel for the parties are obligated to be respectful, courteous and civil to each other and to this Court. The TCA, his employees, agents and independent contractors must uphold the outmost level of professionalism and decorum, as is expected from any member of the Court. This is especially crucial between the TCA and counsel for both parties.  (See generally, Code of Conduct for Judicial Employees.)

These directives are immediately effective and have been created in an effort to avoid any violation to the Code of Judicial Conduct or further legal ramifications.  Failure to adhere to these guidelines will result in the appropriate action by the Court in accordance with Article 279 of the Agreement.  (Docket No. 60.)

Any other matter of concern or any other question the TCA might have as to the Agreement must be informed to the parties and to the Court.

**Civil No. 12-2039 (GAG)**

If the TCA, his employees, agents, independent contractors, and/or the parties understand that there is an issue (or potential issue) regarding compliance with these directives, the Code of Conduct for Judicial Employees and/or this Court's orders, the same shall <u>immediately</u> be brought to the attention of any of the TCA's constitutional attorneys who will try to solve or mitigate the issue.  If the TCA's constitutional attorneys are unable to solve the issues that have been raised, said attorney will then proceed to inform the Court.  If the undersigned finds that the matter is of such importance that the same requires judicial intervention, Counsel for the parties will be instructed to address the concern appropriately.

The channels of communication between the TCA, the parties and this Court shall always be open.  Any concern and/or question by either the TCA or the parties should not be raised at the last minute.  On the contrary, all matters that are addressed in the present order should always be brought to the attention of the Court in a timely manner.  The undersigned cautions all participants that the matters mentioned in the previous paragraph shall be notified <u>without undue delay</u>.  The TCA, his employees, agents, independent contractors, and/or the parties shall not wait for the next monthly meeting between the TCA and counsel to the parties, to resolve any such issue, pursuant to paragraph 253 of the Agreement.  Paragraph 253 of the Agreement establishes that "[t]he TCA shall maintain regular contact with the parties in order to ensure effective and timely communication regarding the status of implementation of and compliance with this Agreement. To facilitate this communication, the TCA shall conduct a monthly conference that shall include participation by the Reform Unit and DOJ."  (<u>See</u> Docket No. 91 60 at 90-91.)  These monthly meetings shall solely focus on the progress and implementation of the Reform and compliance with the Agreement, and not to attend the grievances of any party concerning matters mentioned in the previous paragraph.

**Civil No. 12-2039 (GAG)**

The Court stresses that these directives are not to be construed as a reprimand to neither the YCA nor parties.  Instead, and to the contrary, they aim to facilitate the communication between the TCA and the parties, allowing the TCA, his employees, agents and independent contractors, to be successful in carrying out their duties under the Police Reform.

The TCA shall communicate these directives to his employees, agents and independent contractors.  The TCA, his employees, agents and independent contractor shall, on or before **December 30, 2015**, certify to the Court having received a copy of this Order (with the attached Advisory Opinion and Code of Conduct for Judicial Employees) and to have read and understood the same.

All other matters and/or concerns previously brought to the attention of the Court by the parties remain pending, and are under the advisement of the Court.  However, the Court is hopeful that the present directives will settle once and for all the issues raised by the parties.

Once again, the undersigned reminds all participants that access to this Order shall remain under seal unless the undersigned orders otherwise.  Access to this Order is **strictly limited** to the following participants: counsel for the parties, the TCA, his employees, agents, independent contractors.

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of December, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge