**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>　　　　　　　　Defendants. | **SEALED**<br><br>No. 12-cv-2039 (GAG) |

**STIPULATION AND [PROPOSED] ORDER
SUPPLEMENTING SEALED ORDER ISSUING DIRECTIVES TO THE
TECHNICAL COMPLIANCE ADVISOR AND PARTIES**

　　　　Plaintiff, United States of America, and Defendants, Commonwealth of Puerto Rico, et al. (collectively, the "Parties"), enter into this Stipulation Supplementing Sealed Order Issuing Directives to the Technical Compliance Advisor and Parties ("Stipulation") to further this Court's efforts to facilitate communication between the TCA and the Parties and ensure that the TCA carries out his duties successfully under the Agreement for the Sustainable Reform of the Puerto Rico Police Department ("Agreement," Dkt. No. 60).

　　　　Specifically, the Stipulation outlines specific measures that are necessary to fully effectuate the directives in the following three areas of the Sealed Order Issuing Directives to the Technical Compliance Advisor and the Parties ("Sealed Order" of 12/10/15, Dkt. No. 288): (1) political activity; (2) communications with the press and media; and (3) courteousness and civility. In a separate filing, the Parties, together with the Technical Compliance Advisor ("TCA"), address two other areas of the Sealed Order related to community involvement and civilian complaints.

**I.     BACKGROUND**

The TCA is charged with assessing and reporting whether the provisions of the Agreement have been implemented, and whether implementation is resulting in constitutional and effective policing, professional treatment of individuals, and increased community trust of the Puerto Rico Police Department ("PRPD").  (Agreement ¶225).  The Agreement outlines the TCA's specific duties, responsibilities, and authority to carry out these objectives.  (Agreement ¶¶226-279).  The TCA is subject to the supervision and orders of the Court and acts as an officer of the Court.  (See Agreement ¶226; Sealed Order at 2).

On December 10, 2015, the Court issued the Sealed Order to address concerns raised by the Parties at a sealed hearing on October 15, 2015.  (See Sealed Minute, Oct. 29. 2015, Dkt. No. 270).  The Parties' presentations were led by the Acting Chief of the Civil Rights Division's Special Litigation Section for the United States and the Secretary of Justice for the Commonwealth of Puerto Rico.

The Sealed Order sets forth specific directives to the TCA and the Parties in the following eight areas:  (1) the scope of the Agreement; (2) political activity; (3) communications with the Court; (4) social media; (5) civilian complaints; (6) community involvement and the TCA; (7) private interests; and (8) courteousness and civility.  The Court invited the Parties to propose further measures to supplement the Court's directives to ensure effective communication between the TCA and the Parties and ensure compliance with the Agreement.  (See Order at 2, 8, 9).  The Court instructed the Parties to file their proposal by February 1, 2016.  Id. at n. 2.  Following two initial extensions, the Court granted the Parties an extension until March 4, 2016 to reach consensus on measures to supplement the Sealed Order.  (See Orders of 2/2/16, 2/9/16, 2/18/16, Dkt. Nos. 309, 317, 327).

On February 11, 2016, after developing a joint proposal, the Parties submitted a proposed stipulation to the TCA.  The TCA indicated that his team needed additional time to review the proposed stipulation and requested a meeting on February 26, 2016.  On February 26, 2016, after the Parties obtained an extension from this Court, the Parties participated in a telephone conference with Ms. Lara Morell of the TCA Office and the constitutional lawyers.  The TCA did not participate in the telephone conference.  The Parties resolved most of the comments and suggestions from Ms. Morell and the constitutional lawyers.  On March 2, 2016, Ms. Morell transmitted additional comments from the TCA.  The Parties considered the TCA's comments and input from the February 26 conference and the March 2 submission in finalizing this Stipulation between the United States and the Commonwealth.

## II.     STIPULATION

The Parties stipulate and agree to the following additional measures to supplement this Court's directives and ensure that the TCA, his employees, agents, and independent contractors carry out their duties in a manner that complies with the Agreement and the Court's Orders, upholds the TCA's position as an officer of the Court, and furthers the civil rights reforms required by the Agreement.  All references to the TCA below include the TCA, his employees, agents, or independent contractors.

1. Political Activity

Paragraph 12 of the Stipulated Order on the Establishment of the TCA Office and the Payment of TCA Expenses (Stipulated Order of 6/26/14, Dkt. No. 139) and Section 2 of the Sealed Order prohibit the TCA from taking part, engaging in, or endorsing political activity.  In the Sealed Order, the Court instructed as follows: "The parties should consider proposing to the Court, if they deem necessary, temporary directives to further limit, or even restrict, the TCA's

involvement with current elected officials and political candidates for two or three months prior to the 2016 primary and general elections. (Order of 12/10/15 at 4). The Parties stipulate and agree that the TCA will take the following additional steps to meet the requirement of Section 2 of the Sealed Order:

    a.    The TCA will not communicate with elected officials or political candidates within 60 days of each of the following events: the June 2016 primary elections and the November 2016 general elections in Puerto Rico. If the TCA believes that communications with Commonwealth or municipal elected officials during these two periods are essential to carrying out his duties under the Agreement and the Court's Orders, the TCA or his designee must obtain written consent of the Parties prior to any communications. Such communications will be conducted through counsel of either party only and not directly with elected officials.

    b.    The restrictions in this section do not apply to communications between the TCA's constitutional lawyers who are responsible for planning public hearings and Commonwealth or municipal elected officials. (See e.g., Scheduling Order, Jan. 25, 2016, Dkt. No. 302). Such communications will be limited to matters pertaining to the Court's public hearings during the periods specified in subsection (a), above.

2.    <u>Communications with the Press and Media</u>

Paragraph 256 of the Agreement, Paragraph 10 of the Stipulated Order on the Establishment of the TCA Office and the Payment of TCA Expenses (Dkt. No. 139), and Section 7 of the Sealed Order govern the TCA's communications with the press and media. The Parties

stipulate and agree that the TCA will take the following additional steps to meet the requirements of Section 7 of the Sealed Order:

    a.    The TCA will not contact the press or media concerning the Agreement or the police reform process, unless authorized by the Court.  Whenever the TCA receives such authorization, the TCA or his designee will notify the Parties in writing prior to contacting the press or media.  The TCA or his designee will specify the purpose of the contact and the representative of the press or media who will be contacted.

    b.    The TCA or his designee will notify the Court and the Parties in writing whenever he receives an inquiry, request for interview, or other request from the press or media within five calendar days of the inquiry or request.  The TCA or his designee will provide relevant information to the Court and the Parties, such as the person or entity making the inquiry or request, and the expected broadcast or publication date of any statements provided by the TCA.  The TCA or his designee will consult with the Parties and seek their consent in writing within five calendar days of notifying the Parties and prior to making any statements or granting any interviews or other requests related to the PRPD or his work as TCA.  The TCA or his designee will also seek authorization from the Court.  In the event that the Parties do not consent to the interview or request, the Parties will make their objection in writing within ten calendar days of the request and specify the basis of their objection, and will seek assistance from the constitutional lawyers who will contact the Court to attempt to resolve the matter.

      c.      The TCA will not participate in press conferences or other media events related to his role as TCA, the Agreement, or the police reform process as a speaker or other ancillary role, unless specifically consented to by the Parties in writing or authorized by the Court.  The TCA may participate in a press conference or media event as a general member of the audience or spectator.

      d.      Any notices to the Parties in order to seek their consent in writing pursuant to this section or any other section in this Stipulation will be made through their CM/ECF contact information as submitted to the Court.

      3.      <u>Courteousness and Civility</u>

Section 9 of the Sealed Order governs the relations among the Parties and the TCA.  The Parties, the TCA and the constitutional attorneys conduct monthly meetings in accordance with Paragraph 253 of the Agreement relating to pending matters in the reform process.  Any joint agreements reached by the Parties, the TCA and the constitutional lawyers in the 253 meetings should be respected and adhered to by all.  Any deviation of the agreed to plans shall be first circulated to the Parties, TCA, and the constitutional lawyers for review and feedback.

All communications sent to PRPD by the TCA Office will also be sent to counsel for the Commonwealth.

This Stipulation is not intended to alter or modify the Agreement or any of the Court's Orders in this case, including the Sealed Order.  This Stipulation is binding on the TCA and his current and future employees, agents, and independent contractors.

/

/

/

Agreed to and respectfully submitted this 4th day of March, 2016,

| FOR PLAINTIFF UNITED STATES: | FOR DEFENDANT COMMONWEALTH OF PUERTO RICO: |
|---|---|
| STEVEN H. ROSENBAUM<br>Chief | CESAR MIRANDA<br>Secretary of Justice |
| S/ LUIS E. SAUCEDO<br>CHRISTY LOPEZ<br>Deputy Chief<br>LUIS E. SAUCEDO (G01613)<br>Counselor to the Chief<br>BRIAN BUEHLER<br>LYNDA GARCIA<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel:  (202) 598-0482<br>Fax:  (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br><br>Attorneys for Plaintiff | S/ BEATRIZ ANNEXY GUEVARA<br>BEATRIZ ANNEXY GUEVERA<br>USDC-PR # 217505<br>Special Assistant to the Secretary<br>P.R. Department of Justice<br>P.O. Box 9020192<br>San Juan, PR 00902-0192<br>Tel:  (787) 721-7700, ext. 2105<br>Fax. (787) 722-4440<br>bannexy@justicia.pr.gov<br><br>Attorneys for Defendants |

SO ORDERED, this _____ day of _____, 2016,

 

_____
GUSTAVO A. GELPÍ
United States District Judge