IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO. 12-2039 (GAG)** |
| **COMMONWEALTH OF PUERTO RICO, et al.,** | |
| **Defendant.** | |

## ORDER REGARDING PROTOCOLS FOR THE HANDLING OF CIVILIAN COMPLAINTS AND COMMUNITY ENGAGEMENT

The Parties and the TCA agree and jointly request the Court approve the following protocols for the Handling of Civilian Complaints and Community Engagement by the Technical Compliance Advisor in furtherance of the Agreement for the Sustainable Reform of the Puerto Rico Police Department. (Docket No. 330.) The Court hereby **APPROVES** and **ADOPTS** the following joint stipulations reached between the parties and the TCA, regarding protocols for the handling of civilian complaints and community engagement by the TCA agreed upon by the parties and the TCA. The Court retains authority to review, modify or suspend said agreements when circumstances so warrant, or, upon request of the parties and/or TCA.

1. Civilian Complaints

During the course of the TCA's duties, he may receive information from individuals alleging administrative violations, criminal behavior, or other misconduct by Puerto Rico Police Department ("PRPD") officers, agents, or employees. The Agreement does not authorize the TCA to investigate or adjudicate such complaints. In order to ensure the proper handling of

these complaints, the Parties and the TCA stipulate and agree that the TCA will take the following steps:

    a.    The TCA will receive and forward complaints or allegations of administrative violations, criminal behavior or other misconduct by PRPD officers, agents, or employees that are brought to his attention. The TCA or his designee will advise the complainant or person making the allegation that the TCA is not authorized to investigate or adjudicate complaints and that the TCA will refer the matter to the Reform Unit of PRPD and simultaneously copy counsel for the Parties. The TCA or his designee will also advise the complainant that he or she may make their complaint directly to PRPD or the Parties.

    b.    In highly sensitive matters or situations in which the complainant does not want to be identified, the TCA will take appropriate safeguards in disclosing information to the Parties, including limiting notice to only counsel for the Parties or otherwise maintaining the confidentiality of the complainant.

    c.    The TCA or his designee shall promptly notify the Reform Unit and counsel for the Parties in writing of all complaints received by the TCA. The Reform Unit or counsel for the Parties will route the complaints to the proper investigative authority, if warranted, and take any other action they deem necessary.

    d.    PRPD will inform the TCA and the Parties the status of complaints forwarded by the TCA every six months, specifically June and December each year.

    e.    If a complaint requires immediate attention or involves an urgent or emergency situation, the TCA or his designee may refer the complaint directly to a federal or local law enforcement agency. The TCA or his designee will simultaneously

**Civil No. 12-2039 (GAG)**

    notify counsel for the Parties in writing that such a referral was made.

  f. The TCA may not interfere or impede an investigation or any criminal, civil, or administrative proceeding. If the TCA is unclear or has questions whether any specific action would interfere or impede an investigation or a criminal, civil, or administrative proceeding, the TCA or his designee will consult with counsel for the Parties.

2. <u>Community Engagement by the TCA</u>

Paragraph 254 of the Agreement and Section 6 of the Sealed Order of December 10, 2015, Docket No. 288, govern the TCA's meetings with community stakeholders. Specifically, the Agreement authorizes the TCA to meet with a broad cross-section of community stakeholders on the implementation of reforms and consider their input in assessing the Commonwealth's compliance. The Parties and the TCA stipulate and agree that the TCA will take the following additional steps to meet these requirements:

  a. Whenever the TCA plans to meet with a community stakeholder, as defined in Paragraph 254 of the Agreement, the TCA or his designee will notify the Parties in writing within three business days of the meeting. The TCA or his designee will provide relevant information, such as the anticipated participants and the purpose of the meeting. If the TCA or his designee is unable to provide advance notice due to exceptional circumstances, such as an urgent or emergency request for a meeting, the TCA or his designee will notify the Parties in writing as soon as practicable after the meeting.

  b. Whenever a community stakeholder requests the assistance from the TCA in connection with a public meeting, conference, forum, event, or activity, the TCA or his designee will notify the Parties in writing within five calendar days of the

**Civil No. 12-2039 (GAG)**

request. If one or both Parties deem the request to be outside the authority of the TCA, contrary to the Agreement or the Court's Orders, or otherwise improper, the Party may object to the request. The Parties will make their objection in writing within five calendar days of the request and specify the basis of their objection. The TCA will make good faith efforts to resolve the objection. If the TCA is unable to resolve the Party's objection, the TCA may seek assistance from the TCA's constitutional lawyers or petition the Court.

**SO ORDERED.**

In San Juan, Puerto Rico this 7th day of March, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

4