UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                 Defendants. | No. 12-cv-2039 (GAG) |

**UNITED STATES' RESPONSE TO THE SIX-MONTH REPORT OF THE TECHNICAL COMPLIANCE ADVISOR, JUNE 8, 2015 – DECEMBER 8, 2015**

COMES NOW, Plaintiff, United States of America, by and through the undersigned, and respectfully submits the following response to the "Six-Month Report of the Technical Compliance Advisor, June 8, 2015 – December 8, 2015," ("Third Six-Month Report") filed on February 1, 2016. Dkt. #306. The United States recognizes the efforts of the Technical Compliance Advisor ("TCA") and his team of subject-matter experts during the review period, and this Response highlights the most effective aspects of the TCA's Third Six-Month Report. Notwithstanding, the TCA must improve the areas covered by his semiannual reports to meet the requirements of the Agreement and to better guide PRPD in its reform. Specifically, the United States seeks that future six-month reports list each step and timeframe in the Action Plans and assess the Commonwealth's progress against them, and incorporate the specific findings on which the TCA bases his conclusions.

### I.    BACKGROUND

The Agreement for the Sustainable Reform of the Puerto Rico Police Department, Dkt. #60 ("Agreement"), calls for the Puerto Rico Police Department ("PRPD") to implement among the most sweeping reforms a law enforcement agency has undertaken pursuant to the

Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.  PRPD will adopt dozens of new policies, provide training for new recruits and thousands of current officers, and implement reporting and accountability systems that will reinforce constitutional policing practices, equal protection for all, and public safety.

The Agreement requires a unique four-year capacity-building period that permits the Commonwealth of Puerto Rico and PRPD to build a solid foundation of policies, regulations, training, staffing measures, technology, and accountability mechanisms to place PRPD in a position to successfully implement the terms of the Agreement in all police areas.  Pursuant to the Agreement, the Commonwealth and PRPD draft "action plans" setting forth the steps that PRPD will take to lay this foundation.  Agreement ¶ 234.  PRPD begins implementing the Action Plans upon their approval by the TCA.  *Id.* ¶ 236.  At the time of the TCA's review for the Third Six-Month Report, the TCA had approved Action Plans on Use of Force, Searches and Seizures, Equal Protection, and Administrative Complaints.

The TCA is tasked with assessing PRPD's implementation of the Agreement and providing technical assistance, where appropriate.  *See id.* ¶¶ 225, 255.  The TCA files semi-annual reports that serve as the primary means of communicating his assessments to the Court, the parties and the public.  *See id.* ¶ 250.  For the first four years of the Agreement, the TCA's reports must include (a) a description of the TCA's work; (b) a listing of each detailed step and timeframe in the Commonwealth's Action Plans and an assessment of the Commonwealth's progress; (c) the methodology and specific findings of each review conducted; (d) recommendations to achieve compliance; and (e) a projection of the work to be completed during the upcoming reporting period and any anticipated challenges or concerns related to the implementation of the Agreement.  *Id.* ¶ 250.

The TCA filed his Third Six-Month Report on February 1, 2016.  Dkt. #306.  This Report contains, *inter alia*, a section dedicated to compliance assessments.  *See id.* at 17-30.[1]  The Report cites a limited selection of Action Plan steps from each of the four approved Action Plans, and provides a rating for the steps selected.  *See, e.g.*, *id.* at 18-19 (citing four of the 39 Action Plan steps related to Administrative Complaints).

## II.    DISCUSSION

The Third Six-Month Report represents an improvement over previous six-month reports.  Notwithstanding, the Third Six-Month Report provides an incomplete assessment of PRPD's compliance by discussing only a small number of steps that PRPD agreed to undertake during the review period.  A more complete and reliable assessment of PRPD's compliance is critical to fulfilling the TCA's duties under the Agreement; assisting PRPD in developing corrective action, when necessary; and increasing the public's confidence in PRPD's reform efforts.[2]

As discussed above, Paragraph 250 of the Agreement requires that the TCA's semiannual reports include a listing of each detailed step and timeframe in the Commonwealth's Action Plans and an assessment of the Commonwealth's progress.  However, the Third Six-Month Report lists only a small fraction of the detailed steps that applied during the review period.  For instance, the Action Plan on Administrative Complaints establishes 39 individual steps for PRPD to follow during the capacity-building period to position the agency for formal compliance

---

[1]     Citations in this Response reflect the number of pages in Dkt. #306 on the Court's Electronic Court Filing system, not the page numbers listed in the Report (which differ).

[2]     It is also critical to describe the methodology employed for each compliance assessment and the specific findings supporting the TCA's conclusions to ensure the reliability of the TCA's reports, pursuant to Paragraph 250.

monitoring in the fifth year of implementation of the Settlement Agreement.[3] The Third Six-Month Report only addresses four of these steps – the ones the TCA reports are in "Full Compliance." *See* Third Six-Month Report, at 18-19.  By declining to report on PRPD's progress on the other 35 steps in this area, the TCA deprives the Court, the parties, and the public of a complete understanding of PRPD's work and the task in front of it.

The Third Six-Month Report also provides little information about PRPD's progress on searches and seizures and equal protection.  The Search and Seizure Action Plan contains 21 steps; the Third Six-Month Report assesses PRPD's progress on only three of these steps.  Similarly, the Equal Protection Action Plan contains 45 steps; the Third Six-Month Report assesses PRPD's progress on only three of these steps.

The TCA's compliance with Paragraph 250 would substantially improve the current record of PRPD's progress.  Even in the scenario where an Action Plan step has not yet come due, the TCA would improve on the current record by listing the unsatisfied Action Plan requirements in the Report and providing appropriate assessments, such as "Not Monitored During the Ratings Period" or "Not Yet Due."  For example, the Third Six-Month Report's section on the Administrative Complaints Action Plan only addresses PRPD's drafting of policies and memoranda.  *See* Third Six-Month Report, at 18-19.  This could send the erroneous message that PRPD's *only* capacity-building activity related to Administrative Complaints is policy drafting.  A full listing of requirements would help readers to understand that PRPD has also planned training, implementation, quality assurance, and data collection activities designed to improve the actual processing and investigation of administrative complaints.  The Third Six-

---

[3]   Some of the 39 steps in the Action Plan could be considered compositions of subparts. Regardless, the final version of the Administrative Complaints Action Plan is 29 pages long; the Third Six-Month Report only addresses elements found on five of those pages.

Month Report could have listed these steps, and substantive assessments of them could follow in later six-month reports.

The TCA did make improvements in this, his Third Six-Month Report.  First, this Report devotes relatively more time to discussing PRPD's progress in implementing reform measures; past reports focused more heavily on reporting the TCA's own achievements.  *See, e.g.*, United States' Supplement to the First Six-Month Report, at 4, Dkt. #212 (noting "significant emphasis to the activities undertaken by the TCA, but … limited discussion of PRPD's implementation efforts and compliance initiatives").  Second, in this Report, the TCA hews closer to his obligation to assess PRPD's progress against its Action Plans and the Agreement during the capacity-building period than he has in past reports.  *Compare* Agreement ¶ 240 ("the TCA shall evaluate PRPD's compliance with this Agreement by assessing PRPD's progress against its Action Plans") *with* Joint Resp. to the Six-Month Report, at 7-8, Dkt. #252 ("the activities described in the [TCA's] monitoring methodology [in the Second Six-Month Report] … are tailored to an evaluation of PRPD after it has implemented its Action Plans following the capacity-building period").

### III.     CONCLUSION

The United States submits this Response to improve the TCA's reports during the capacity-building period.  These reports describe the Commonwealth's efforts to lay a solid foundation of policies, training, infrastructure, technology, and staffing in order to successfully implement the extensive reforms required by the Agreement in all police areas in Puerto Rico.  By addressing the United States' concerns, the TCA will provide a more complete and reliable assessment of the Commonwealth's compliance and will assist the Court, the parties, and the

public in understanding the Commonwealth's use of the unique capacity-building period offered by the Agreement.

WHEREFORE, the United States respectfully requests that the Court take notice of the United States' concerns and direct that future TCA reports list each step and timeframe in the Action Plans and assess the Commonwealth's progress against them, and incorporate the specific findings on which the TCA bases his conclusions, pursuant to Paragraph 250

Respectfully submitted, this 7th day of March, 2016.

    STEVE H. ROSENBAUM
    Chief

    CHRISTY LOPEZ
    Deputy Chief

    *s/ LUIS E. SAUCEDO*
    LUIS E. SAUCEDO (G01613)
    Counselor to the Chief
    BRIAN BUEHLER
    LYNDA GARCIA
    Trial Attorneys
    U.S. Department of Justice
    Civil Rights Division
    Special Litigation Section
    950 Pennsylvania Avenue, NW
    Washington, DC  20530
    Tel:   (202) 598-0482
    Fax:  (202) 514-4883
    luis.e.saucedo@usdoj.gov

    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on this 7th day of March 2016, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

      *s/Luis E. Saucedo*
LUIS E. SAUCEDO
Counselor to the Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
Email:  luis.e.saucedo@usdoj.gov

Attorney for Plaintiff