**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL NO. 12-2039 (GAG)** |
| **Plaintiffs,** | |
| **v.** | |
| **COMMONWEALTH OF PUERTO RICO, et. al.** | |
| **Defendants.** | |

**COMMONWEALTH'S OF PUERTO RICO RESPONSE TO THE SIX-MONTH REPORT OF THE TECHNICAL COMPLIANCE ADVISOR, DECEMBER 9, 2015 - JUNE 9, 2016**

**TO THE HONORABLE COURT:**

      **COME NOW** the COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT, through the undersigned counsel, and respectfully submits the following response to the "Six-Month Report of the Technical Compliance Advisor, DECEMBER 9, 2015 - JUNE 9, 2016," ("Fourth Six-Month Report") filed on July 11, 2016. Dkt. #382.

**I.      BACKGROUND**

      The Agreement for the Sustainable Reform of the Puerto Rico Police Department, Dkt. #60 ("Agreement"), calls for the Puerto Rico Police Department ("PRPD") to implement among the most sweeping reforms a law enforcement agency has undertaken pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. The PRPD will adopt dozens of new policies, provide training for new recruits and thousands of current officers, and implement reporting and

accountability systems that will reinforce constitutional policing practices, equal protection for all, and public safety.

The Agreement requires a unique four-year capacity-building period that permits the Commonwealth of Puerto Rico and PRPD to build a solid foundation of policies, regulations, training, staffing measures, technology, and accountability mechanisms to place PRPD in a position to successfully implement the terms of the Agreement in all police areas. Pursuant to the Agreement, the Commonwealth and PRPD draft "action plans" setting forth the steps that PRPD will take to lay this foundation. Agreement ¶ 234. PRPD begins implementing the Action Plans upon their approval by the TCA. *Id.* ¶ 236.

The TCA is tasked with assessing PRPD's implementation of the Agreement and providing technical assistance, where appropriate. *See id.* ¶¶ 225, 255. The TCA files semiannual reports that serve as the primary means of communicating his assessments to the Court, the Parties and the public. *See id.* ¶ 250. For the first four (4) years of the Agreement, the TCA's reports must include (a) a description of the TCA's work; (b) a listing of each detailed step and timeframe in the Commonwealth's Action Plans and an assessment of the Commonwealth's progress; (c) the methodology and specific findings of each review conducted; (d) recommendations to achieve compliance; and (e) a projection of the work to be completed during the upcoming reporting period and any anticipated challenges or concerns related to the implementation of the Agreement. *Id.* ¶ 250. The TCA filed his Fourth Six-Month Report on July 11, 2016. Dkt. #382.

## II.   DISCUSSION

A.   PRPD's Relationship with GRUCORPO

On the subject of PRPD's Relationship with GRUCORPO, the TCA described in the report that the dialogue between PRPD and GRUCORPO, had slowed down due to administrative issues regarding the terms of the policy review control. The PRPD appreciates the TCA's effort to mediate and facilitate a better working relationship. However, the PRPD is concerned that it is merely a perception of the TCA and no specific arguments are presented to validate such appearance of deterioration in PRPD's relationship with GRUCORPO. As previously and consistently asserted, the PRPD is in the best disposition to foster collaboration with GRUCORPO and any other community group, in order to strengthen partnerships and promote the exchange of ideas and suggestions. However, as all institutional process, certain parameters governing the exchange of information between the Parties must be established.

As an institution, the PRPD does not agree with GRUCORPO's past practice that promotes the publication of working documents (i.e. drafts) that are still in the process of development and discussion, and that have not been approved by the relevant Parties for its publication. This practice is against the best interests of the public, because as working documents, rather than informing communities, there is a high probability they might confuse and misinform them.

The PRPD reiterates that our approach toward citizen participation in the process of reforming the PRPD has been equally open and transparent. However, as a security agency the PRPD has the responsibility of reporting correct information, in order to avoid confusing the public, members of the PRPD, and other components that interact daily with the justice system in the country. Therefore, the PRPD has developed a section on its website to publish each and every one of the policies and procedures

developed once these have been duly approved and signed by the Superintendent. Moreover, the PRPD continues to comply with the provisions of law regarding the publication of the rules and regulations to receive input on these and ensure citizen participation.

Furthermore, the PRPD has indeed shared with GRUCORPO Action Plans governing programmatic work of the Agency once they were duly approved. As a result, GRUCORPO is having the opportunity of being fully aware of the policies to be reviewed and their corresponding dates. The PRPD considers that GRUCORPO has several alternatives at their disposal to receive input from the communities they represent, without this entailing the publication of draft documents developed by the PRPD during the reform process. Thus, the PRPD does not agree with the TCA's assertion that the relationship with GRUCORPO has slowed down due to PRPD's administrative issues.

B. <u>Study of Personnel and Resources</u>

The TCA's Fourth Report states that there has been little progress on PRPD's part in the study of personnel and resources required in paragraph 13 of the Agreement. The PRPD is aware that the current steps taken may give the impression of little progress. However, it is foreseeable that the time of completion could be extended, after analyzing and discussing comparatively similar processes in other jurisdictions with smaller populations. We understand that this study is very complex, since it is the first time that an initiative of this magnitude is being made in Puerto Rico and the United States. Therefore, for the purpose of advancing the study of personnel and resources, a task team has been created, with their leader being Mr. Miguel Rivera, Auxiliary

Superintendent in Management Services. This team is developing a detailed work plan containing the identification of the objectives pursued by the requirement, the steps to achieve compliance and execution of the budget.

In light of the complexity of the study, the PRPD requires the hiring of external staff with experience to advise the Agency in this matter. Therefore, a modification of the compliance date was requested, which was originally established for December, 2016, in agreement with the Parties, as was discussed in the meeting held at the Reform Office on February 24, 2016, which was led by Lieutenant Colonel Alba Diaz, Auxiliary Director of the Office Reform.

The PRPD reiterates its full commitment to comply with the provisions of the Agreement and, in order to strengthen the collaborative spirit with the Parties, a federal draft proposal submitted by the PRPD was shared with the TCA. This proposal, if granted, would allow the PRPD to receive the funds necessary to carry out the referred study. The PRPD is thankful for the technical assistance that the TCA and his team has provided for the presentation of said proposal.

C. Issues Regarding Trainings

The Fourth Report makes reference to a concern regarding the availability of ambulance services on a permanent basis in the PRPD's firing range. The PRPD has taken certain affirmative measures to handle any emergency situation arising during the course of trainings in the firing range. To address the TCA's observation properly, without the need to have a permanent ambulance on the Academy's Firing Range, the PRPD has coordinated First Aid training certifications for the shooting instructors.

Likewise, the PRPD has acquired first aid kits, particularly designed to deal with emergency situations in the Academy's Firing Range.

D. <u>Drugs and Narcotics Division</u>

The TCA's Fourth Report highlights incidents of corruption and violations of civil rights as a result of a disorganized PRPD Drug Division, lacking in leadership and direction. Correspondingly, the TCA recommends a complete transformation of this Division and reconsideration of the promotion awarded to the Director in charge of the Drug Division. In this regard, it is necessary to clarify several aspects, namely: the PRPD strongly rejects the arbitrary, illegal and discriminatory actions in any scope of action, either by PRPD members or civilian personnel of the Agency. The PRPD has been emphatic on establishing a public policy of zero tolerance of civil rights violations, and promotes the equal protection of the law in any type of intervention performed by PRPD members.

The PRPD differs from the comments outlined by the TCA in his Fourth Report, regarding the alleged few changes reflected in the restructuring of the Drug Division. The PRPD has been taking affirmative action by restructuring the Drug Division in order to incorporate new criteria for recruitment, selection, evaluation and retention, according to the standards of best police practices. The main objective of all these efforts is to achieve an operational transformation, of one the most important, and at the same time most challenging divisions, that makes up the agency's central axis in regards to the criminal investigation process.

On April 30, 2016, the PRPD presented the Parties with the draft of the Drug Division General Order. During the month of May of this year, PRPD received,

evaluated and incorporated, comments from both TCA and the DOJ, as discussed in a meeting held between the Parties. The PRPD is currently waiting for final approval and signing of the above mentioned General Order by the Superintendent. Thereafter, the PRPD will begin to implement the proposed changes to achieve the ultimate goal of the policy, which is to ensure efficient supervision that promotes a respectful, bias free police practices which will result in the protection of civil rights for all individuals.

In regards to the recommendation of reconsidering the promotion awarded to the Director of the Drug Division, it is necessary to outline, on the firsthand, that it was conducted in accordance with applicable legislation; taking into consideration that the applicant of Director of Drug Division must have an administrative file free of complaints, including pending complaints, among which are: use of force, domestic violence and violation of civil rights, among others. On the other hand, it is worthy to note that the Superintendent, has an appointing authority, with the power to contemplate the promotion of members of the PRPD. These promotions are awarded based on their knowledge and administrative skills, so that they are approved in accordance with the results obtained in the work plans designed to tackle crime in Puerto Rico.

The PRPD understands that it is not appropriate to come to the conclusion that if some members of the Police have engaged in illegal conduct, under a Director's command, then forcibly the Director of said Division sanctions these actions, especially when the Agency has been proactive in the investigative processes of this nature. It is important to note that these types of investigations are of confidential nature and that the TCA cannot properly evaluate the actions of a Director of a Division until the investigations have concluded. Specifically, the PRPD, on its own initiative, has been

proactive in the process of investigating cases of police corruption and violation of civil rights, which has resulted in referrals to the Superintendent and/or other concerning agencies, for its proper criminal and/or administrative processing if necessary.

The PRPD acknowledges the TCA's good faith intent in its recommendation to improve the Drug Division. However, to recommend that no additional promotions are made gives the appearance that the TCA is undermining the Superintendent's appointing authority and exceeding the duties given by the Court as such. For all these reasons, the PRPD respectfully urges the TCA or any other interested party, to present any information that could direct us towards any evidence that reflects illegal, unfair or discriminatory actions by the Director of the Division, in order for the PRPD to initiate the appropriate investigative process.

### III.   Conclusion

The Commonwealth of Puerto Rico and the PRPD submits this response with the purpose to improve the TCA's report during this important capacity building period. It bears mentioning that the PRPD submitted the concerns in this response through a letter before the TCA filed its Fourth Report so that the TCA could have the opportunity to clarify certain information outlined in the draft that the PRPD received. The PRPD presented the letter with the intention that the response be assessed and considered, and for the parties to converse before developing the final Semiannual Report to be presented to the Federal District Court of Puerto Rico before the Honorable Judge Gustavo Gelpí.

As mentioned before by the United States Department of Justice, these reports describe the Commonwealth's efforts to lay a solid foundation of policies, training,

infrastructure, technology, and staffing in order to successfully implement the extensive reforms required by the Agreement in all police areas in Puerto Rico. By addressing the Commonwealth's concerns, the TCA will provide a more complete and reliable assessment of the Commonwealth's and PRPD's compliance and will assist the Court, the Parties, and the public in understanding the Commonwealth's use of this unique capacity-building period offered by the Agreement.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 9, 2016.

**CÉSAR R. MIRANDA RODRÍGUEZ**
Secretary of Justice

**MARTA ELISA GONZÁLEZ Y.**
Deputy Secretary
General Litigations Office

**WANDYMAR BURGOS VARGAS**
Director
Federal Litigation Division
Department of Justice

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice
P.O. Box 9020192

San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov