**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br>　　　　　　　Defendants. | No. 12-cv-2039 (GAG) |

**TRANSITION ORDER**

　　　In view of the November 2016 General Elections in Puerto Rico and consistent with an orderly transition process that provides continuity and stability to government operations, the Court issues this Transition Order to mitigate and prevent any undue interruption in operations or abrupt turnover in personnel that is likely to set back the Commonwealth's efforts to implement key civil rights reforms at PRPD.  The likelihood for interruption and turnover is heightened with the incumbent Governor's decision not to seek re-election.  Specifically, the abrupt termination or transfer of critical personnel responsible for drafting appropriate policies and delivering quality training would jeopardize continued progress in this case and would deprive officers of the guidance and support that they need to carry out their law enforcement duties in an effective and constitutional manner.  As a result, the residents of Puerto Rico would remain more vulnerable to the use of excessive force, unreasonable searches and seizures, and unlawful discrimination by the Puerto Rico Police Department, hereinafter PRPD.

I.      Background

This Order relates to a civil action filed by the United States of America pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, against the Commonwealth of Puerto Rico and its officers for an alleged pattern or practice of civil rights violations by the Puerto Rico Police Department (PRPD).  On July 17, 2013, the Parties entered into the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement) to implement comprehensive reforms to ensure that PRPD delivers constitutional, effective policing services that promote public safety and foster greater trust between the public and PRPD.  The Agreement requires a complete review and update of PRPD's policies and practices in eleven substantive areas, as well as the implementation of internal and external systems of accountability that will ensure the sustainability of critical reforms.  The Parties carefully crafted the Agreement to meet the significant challenges facing PRPD and ensure that it receives the support and resources it needs to accomplish the Parties' mutual goals.  PRPD is currently the largest and most complex local law enforcement agency undergoing this transformation under Section 14141.

Implementing sustainable reforms at PRPD is a significant undertaking.  It requires strategic planning, ongoing collaboration, continuous program development and evaluation, and consistent investment in human and other resources.  To ensure that PRPD is in the best possible position to succeed under the Agreement, the Parties agreed to a unique capacity-building period for the first four years of the Agreement.  The capacity-building period permits the Commonwealth to construct a solid foundation of policies, training, supervision, staffing, oversight, technology, and partnerships that are critical to the implementation and sustainability

of reforms. The capacity-building period began with the appointment of the TCA on June 6, 2014.

The Commonwealth agreed to develop "action plans" during the capacity-building period, each of which will set forth the steps that the Commonwealth will take to implement and achieve compliance with the Agreement. The Commonwealth, in collaboration with the TCA and the United States Department of Justice, has drafted eleven such action plans, each of which describe detailed activities designed to build new accountability systems, increase transparency, professionalize personnel, modernize infrastructure, and expand community outreach and engagement. These action plans will be incorporated into the Agreement and will become binding terms once they are approved by the Parties, the Technical Compliance Advisor (TCA), and the Court. Agreement ¶ 238.

Alongside development of the action plans, and numerous other foundational initiatives, PRPD has been undertaking the critically important tasks of developing new policies and procedures, and seeking to provide quality instruction and training. Developing and delivering quality policies, procedures and training is central to ensuring that all PRPD officers with the guidance, direction, and support they need to uphold and protect the civil rights of the residents of Puerto Rico. PRPD's Reform Unit is responsible for developing new policies and procedures, and the Deputy Superintendence on Education and Training (Superintendencia Auxiliar Educación y Adiestramiento), hereinafter SAEA, is responsible for developing and delivering training to PRPD personnel. PRPD relies on contract staff to supplement sworn and civilian employees in the performance of these critical tasks. Undue interruption or precipitous turnover in these two PRPD units would prove detrimental to the progress achieved by the

Commonwealth and would lead to wasted resource investments that have been made in the first two years of the capacity-building period.

II.     Transition Order

This Court has issued "Transition Orders" in other institutional reform cases that require continuity of operations to preserve critical civil rights protections during government transitions stemming from general elections in Puerto Rico.  See Transition Order, Docket No. 794, United States v. Commonwealth of Puerto Rico, No. 99-cv-1435-GAG (P.R.D. Dec. 10, 2008) (ordering measures to minimize or eliminate the potential adverse impact the government administration change could have on the ongoing and future operations of the Commonwealth's Mental Retardation Program); Supplemental Transition Order, Docket No. 1299 (P.R.D. Nov. 12, 2012).

The Transition Order in this case is necessary because Commonwealth contracts for professional services often terminate automatically at the end of the calendar year before the inauguration of a newly-elected Governor.  The Commonwealth's precarious fiscal situation also creates uncertainty in PRPD's ability to fill critical positions, maintain essential contracts, and produce timely work product.  This Transition Order is designed to address current conditions and ensure continued progress in the case, avoid noncompliance with this Court's orders, and supplement the Commonwealth's own efforts to ensure an orderly government transition in furtherance of the Agreement.

Regardless of the outcome of the 2016 General Elections in Puerto Rico, the Court has an interest in ensuring compliance with its Orders and continued progress in the implementation of comprehensive policing reforms.  To protect against undue interruptions in operations or precipitous turnover in personnel that are essential to the development and implementation of

necessary policies and training, the Court issues this Transition Order to set forth the following safeguards and requirements:

      A.      The Commonwealth shall continue to implement the reforms required by the Agreement and shall implement the activities outlined in the Commonwealth's action plans once the plans are submitted and approved by the Court, pursuant to Paragraph 238 of the Agreement.

      B.      By September 30, 2016, the Commonwealth shall notify the Court, the TCA, and the United States of existing PRPD personnel in the Reform Unit and SAEA, including contract staff, who the Superintendent has designated as critical to the successful implementation of the Agreement and the comprehensive reform of PRPD, pursuant to Paragraph 233 of the Agreement.  The notification shall include the name of the staff person, the position held, the staff person's duties and responsibilities, and the employment status of the staff person, namely, whether the staff person is a sworn officer, civilian employee, confidential assistant, or contractor.

      C.      By September 30, 2016, the Commonwealth shall also notify the Court, the TCA, and the United States of the steps that the Commonwealth has taken or will take to retain personnel in the Reform Unit and SAEA who are designated as critical through June 30, 2017, pursuant to Paragraph 233 of the Agreement.  These steps shall include eliminating automatic termination provisions in professional service contracts, extending the period of performance for professional service contracts to June 30, 2017, and prohibiting the transfer or reassignment of personnel from the Reform Unit or SAEA without just cause.

      D.      Until June 30, 2017, the Commonwealth shall promptly notify the Court, the TCA, and the United States whenever there is a vacancy, for any reason, in positions or professional service contracts designated as critical in the Reform Unit or SAEA, pursuant to

Paragraph 233 of the Agreement.  The Court may issue supplemental orders on its own, or at the petition of a Party, to ensure continuity of effort and proper implementation of the Agreement and approved action plans.

  E. The Commonwealth shall ensure that there are sufficient funds to pay personnel or satisfy personal service contracts that are deemed critical in the Reform Unit and SAEA through June 30, 2017, pursuant to Paragraph 289 of the Agreement.

  F. The provisions of this Transition Order shall not be interpreted as creating any vested interest for incumbents in any of the positions within PRPD nor shall be interpreted as an invitation for substandard performance or as a measure to alter the function of any existing human resources or contracting process.  On the contrary, the Court recognizes that any incoming administration must be allowed to exercise its widest discretion, as long as it complies with existing Court orders to implement reforms and provide policing services in an effective and constitutional manner, pursuant to the Agreement.

  G. Upon proper motion filed by the Commonwealth after the inauguration of a new governor on January 2, 2017, the Court will consider any request to modify, amend, or vacate the appropriate and pertinent provisions of the present Transition Order and allow for the substitution of PRPD personnel, including contract staff, as the new Commonwealth administration deems proper to submit.

  H. The PRPD Superintendent is hereby ordered to deliver a copy of the present Transition Order to the members of the Commonwealth's Transition Committee for the upcoming administration during PRPD transitional meetings.

I.      Through June 30, 2017, the Parties and the TCA shall consider whether additional provisions are necessary to mitigate or prevent undue interruptions or precipitous turnover in the Reform Unit or SAEA.  Either Party may petition the Court for appropriate relief.

**SO ORDERED.**

In San Juan, Puerto Rico, this 1st of August, 2016.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge