**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>            Defendants. | No. 12-cv-2039 (GAG) |

**EXPEDITED MOTION SEEKING ORDER CLARIFYING THE
TECHNICAL COMPLIANCE ADVISOR'S ROLE IN A
DECEMBER 1, 2016 PUBLIC MEETING**

**COMES NOW**, Plaintiff, United States of America, through the undersigned, and respectfully requests an order clarifying the role of the Technical Compliance Advisor (TCA) during a December 1, 2016 public meeting, which has been scheduled to address public controversies over the disposal of ash material in Peñuelas, Puerto Rico.  Given the limited scope of the TCA's authority, the ongoing litigation involving the disposal issues, and the need to preserve the TCA's impartiality, the United States seeks to clarify that the TCA's role in the December 1 public meeting and similar meetings is solely as an observer.  Recent news reports have indicated that the TCA may take a more active role in these meetings, and the United States is concerned that such a role in these and similar meetings would run afoul of controlling codes of conduct and the Court's orders in this case.  Such a role would also jeopardize the TCA's appearance of impartiality.  For cause, the United States alleges and states more fully as follows:

    1.    For some time, individuals have gathered to protest the disposal of ash materials in a landfill in Peñuelas, Puerto Rico.  The controversy has been the subject of various lawsuits and has required the intervention of the Puerto Rico Police Department (PRPD).  Recent news

articles, attached hereto as Exhibit 1, report that the controversy remains ongoing and that protests are likely to continue.

2. On November 29, 2016, the United States received a copy of a letter written by Peñuelas Mayor Walter Torres Maldondo to Governor Alejandro García Padilla requesting that representatives of the Governor and the PRPD Superintendent attend a meeting on the Peñuelas controversy on December 1, 2016. Letter from Torres Maldonado to García Padilla of 11/27/16, attached hereto as Exhibit 2. The letter indicates that the purpose of the meeting is to reach an agreement that satisfies all parties while courts resolve the matters before them. The letter states further that the meeting was scheduled in coordination with the TCA and with the endorsement of this Court. Several news sources have also reported that the TCA will attend the December 1 meeting and that the TCA helped convene the meeting. *See* Ex. 1, News Reports from 11/25/16, 11/26/16, and 11/27/16.

3. Given the November 27, 2016, letter from Mayor Torres Maldonado and related media coverage, the United States is concerned about an appearance or public expectation that the TCA's role in the Peñuelas controversy extends beyond his appointment under the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). Agreement, Dkt. #60. These materials give the impression that the TCA will serve as a mediator, negotiator, or facilitator over underlying controversies related to the disposal of ash materials. If the TCA played such a role, it would likely run afoul of controlling codes of conduct and court orders, and would jeopardize the TCA's appearance of impartiality.

4. On November 29, 2016, the Parties held a telephone conference with a constitutional lawyer assigned to the TCA Office. The constitutional lawyer notified the Parties

2

that the Court had instructed the TCA to appear at the December 1, 2016 meeting as an observer only.

5.      The Agreement is clear that the role of the TCA is to <u>assess</u> and <u>report</u> whether the provisions of the Agreement have been implemented, and whether the implementation is resulting in constitutional and effective policing, professional treatment of individuals, and increased community trust of PRPD.  Agreement ¶ 225 (emphasis added).  The TCA possesses only the duties, responsibilities, and authority conferred by the Agreement and is "subject to the supervision and orders of the Court, consistent with [the] Agreement, the Court's dismissal order, and applicable law." *Id.* at ¶ 226.

6.      PRPD's response to public protests falls within the scope of the Agreement.  The Agreement requires that PRPD implement measures on crowd control and incident management that guarantee individuals' constitutional rights to free expression and assembly, and to protect against the use of unreasonable force by PRPD.  *See, id.* at ¶¶ 32-35.  The Agreement also requires extensive measures to ensure that PRPD conducts arrests and other seizures in accordance with individuals' constitutional rights.  *See, id.* at ¶¶ 58-79.  Meetings with community stakeholders to address these and other compliance issues are within the scope of the TCA's duties and responsibilities.  Accordingly, the United States believes it is appropriate for the TCA to attend the meeting in an observer role to determine whether PRPD may need to respond to further protests.  An order affirming this observer role, as conveyed by the TCA's constitutional lawyer during the Parties' November 30, 2016 telephone conference, would avoid potential public confusion or other misperception about the TCA's role in the December 1 meeting.

7. The Mayor's letter and related media coverage make clear that the purpose of the December 1 meeting, however, is to reach agreement among the various parties – the private companies involved, public officials, and the public – concerning substantive issues unrelated to the Agreement that are currently being litigated in the courts, including proposals to stay certain disposal activities and endorse certain legislation.  The Agreement does not authorize the TCA to act as a mediator, negotiator, or facilitator in public controversies beyond those covered in the Agreement.  The TCA is also not permitted to "testify in any other litigation or proceeding with regard to any act or omission of the Commonwealth of Puerto Rico or any of its agencies, departments, officials or employees related to this Agreement or regarding any matter or subject that the TCA may know as a result of his or her performance under this Agreement." *Id.* at ¶ 89.  Nor is the TCA authorized to make public statements without the consent of the Court or the Parties.  *See id.* at ¶ 256.  The TCA and the Parties are also subject to other relevant Court Orders.  *See*, *e.g.,* Sealed Orders, Dkt. # 288, 331.   Given the apparent purpose of the December 1 meeting, it would be improper for the TCA to participate in the meeting beyond participating as an observer.

8. The TCA is also subject to the Code of Conduct for Judicial Employees as an officer of the Court.  *See* Order of Appointment of 6/5/14 at 2, Dkt. #124 (stating that the TCA will serve as an officer of the United States District Court for the District of Puerto Rico for purposes of the Commonwealth Police Reform); Stipulated Order for the Establishment of the TCA Office and the Payment of TCA Expenses at ¶ 9, Dkt. #139 (requiring the TCA and all employees, agents, or independent contractors to comply with the Code of Conduct for Judicial Employees, as adopted by the Judicial Conference of the United States).  Under Canon Two, judicial employees should avoid impropriety and the appearance of impropriety in all activities.

Canon Two further states, in relevant part, "A judicial employee should not lend the prestige of the office to advance or to appear to advance the private interests of others." The United States is concerned that, if the TCA's role is not clarified as requested, the TCA could be perceived by the public as inappropriately using the prestige of the court to mediate an issue outside of the Agreement.

**WHEREFORE**, the United States respectfully requests that the Court issue an Order clarifying that the TCA's role at the December 1, 2016 meeting and any other similar meeting is solely as an observer. The Order would clarify the TCA's duties and responsibilities with respect to matters that are the subject of ongoing litigation and would ensure compliance with the Agreement and related Orders of this Court.

The United States further respectfully requests leave to file Exhibits 1 and 2 in their original Spanish language. The United States will file certified translations of the same once the translations are obtained or as otherwise ordered by this Court.

Respectfully submitted, this 1st day of December, 2016,

STEVEN H. ROSENBAUM
Chief

TIMOTHY MYGATT
Deputy Chief

*s/Luis E. Saucedo*
LUIS E. SAUCEDO (G01613)
Counselor to the Chief
BRIAN BUHLER
LYDIA GARCIA
SETH WAYNE
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530

Tel: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was filed electronically on this 1st day of December, 2016, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

        *s/Luis E. Saucedo*
        LUIS E. SAUCEDO
        Counselor to the Chief
        U.S. Department of Justice
        Civil Rights Division
        Special Litigation Section
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Tel: (202) 598-0482
        Fax: (202) 514-4883
        Email: luis.e.saucedo@usdoj.gov

        Attorney for Plaintiff