## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>        v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                                    Defendants. | No. 12-CV-2039 (GAG) |

## UNITED STATES' STATEMENT FOR THE
## SECOND PUBLIC HEARING ON MAY 22, 2017

Plaintiff, United States of America, respectfully submits its Statement for the Second

Public Hearing on May 22, 2017, in compliance with this Court's Order of April 19, 2017 (ECF

No. 509; see also Nos. 511, 521).  The Statement addresses the following issues, as instructed by

the Court:  (1) the position of the United States Department of Justice (USDOJ) regarding Law

20 of 2017 and its impact on the Agreement for the Sustainable Reform of the Puerto Rico Police

Department (Reform Agreement) (ECF No. 60); (2) the Attorney General's position regarding

police reform consent decrees and, in particular, whether USDOJ contemplates any request to

modify the Reform Agreement; (3) the view of USDOJ as to the Puerto Rico Police

Department's (PRPD) compliance in the capacity-building stage; and (4) any other concerns or

issues.

### I.        INTRODUCTION

The United States and the Government of Puerto Rico (the Parties) entered into the

Reform Agreement in July 2013, pursuant to the Violent Crime Control and Law Enforcement

Act of 1994, 42 U.S.C. §14141, to ensure constitutional policing in Puerto Rico.  The eleven

substantive areas of the Reform Agreement are designed to establish new systems of

accountability, promote effective partnerships with communities and stakeholders, and provide officers with the skills, training, and resources they need to fight crime successfully and adhere to the standards of constitutional policing.  Once implemented, these measures work as part of an integrated system to prevent and eradicate the alleged pattern or practice of excessive force, unlawful searches and seizures, and discriminatory policing.

The Reform Agreement is tailored to the unique needs of PRPD.  The Parties recognized that professionalization and modernization are important priorities that must be addressed to ensure the sustainability of reforms beyond traditional forms of technical assistance and monitoring.  As a result, the Parties agreed to a unique capacity-building period during the first four years of the Reform Agreement.  The capacity-building period allows PRPD to conduct a coordinated and structured overhaul of its administrative and operating structures, information systems, and personnel management processes, while completing other foundational tasks, such as developing policies and training.  Action plans, approved by the Technical Compliance Advisor (TCA) and USDOJ, permit PRPD to self-direct its efforts during the capacity-building period by detailing action steps, allocating necessary resources, and drawing on local and external expertise to meet established benchmarks in the Reform Agreement.  *See* ECF No. 57 at 6.  The capacity-building period began with the appointment of the TCA in June 2014, and the Action Plans serve as the measure for the Commonwealth's compliance in this case through June 2018.[1]

---

[1]     On May 9, 2017, Puerto Rico requested a four-month extension of the capacity-building period, pursuant to Paragraph 239 of the Reform Agreement.  If approved by the TCA, the capacity-building period would expire in October 2018.

In addition, Puerto Rico designated five PRPD precincts as "Zones of Excellence" as part of its implementation approach. These Zones of Excellence serve as initial testing grounds for new policing practices and technology that are then expanded to other precincts. PRPD's Action Plans prioritize the Zones of Excellence for training, policy implementation, and allocation of resources.

PRPD is nearing the end of the third year of the capacity-building period. In that time, PRPD has filed five semiannual status reports describing its implementation efforts and related investments, pursuant to Paragraph 261 of the Reform Agreement. *See* ECF Nos. 196, 255, 404, 412, 451. The TCA has also filed five monitoring reports evaluating PRPD's implementation of the Reform Agreement, the development of Action Plans, and certain activities in the Action Plans.[2] ECF Nos. 203, 245, 306, 382, 464. The United States has participated consistently in the TCA's monthly site visits to PRPD. The Reform Agreement also provides the United States with full and direct access to all PRPD staff, employees, facilities, documents, and data to the extent necessary to ensure the proper implementation of the Agreement. Reform Agreement ¶ 265.

---

[2] Paragraph 250 of the Reform Agreement requires that the TCA file semiannual public reports assessing the implementation of each detailed step in PRPD's Action Plans. The current five reports assess certain aspects of the Reform Agreement, but have not included a comprehensive evaluation of each step in PRPD's Action Plans. We expect that the next TCA report, covering December 2016 through June 2017, will include a comprehensive assessment. Similarly, under Paragraph 261 of the Reform Agreement, PRPD's reports are required to include PRPD's assessment of its progress to implement the Agreement, which should form the basis for the TCA's comprehensive evaluation. PRPD's reports have not, to date, included a comprehensive assessment of the status of its progress, which would aid the TCA in producing his comprehensive evaluation.

## II.      DISCUSSION

The Reform Agreement serves as a platform for collaborative efforts between the Parties to enhance PRPD's law enforcement capabilities and promote public safety.  Reform Agreement ¶ 2.  The United States continues to work collaboratively with Puerto Rico as the capacity-building period draws to a close and the case enters a new phase of more traditional monitoring and evaluation in 2018.  This will require PRPD to prioritize administrative and operational capacities that extend beyond policy development and training, with continued technical assistance and evaluation by the TCA and USDOJ.  The United States will continue working in similar fashion to support Puerto Rico's creation of the Department of Public Safety.

### A.  USDOJ Position on Law 20 Creating the Department of Public Safety

On April 10, 2017, Puerto Rico enacted Law 20 of 2017 to consolidate seven separate agencies, including PRPD, into a new Department of Public Safety.  Once consolidated, PRPD will become the Police Bureau and will be overseen by a Police Commissioner.

The Reform Agreement does not prohibit the consolidation of PRPD and remains binding on all Parties, including the new Department of Public Safety and the Police Bureau.  Indeed, the Parties contemplated the possibility that Puerto Rico would establish or reorganize an entity related to the administration or operation of PRPD during the life of the Reform Agreement.  The Parties included Paragraph 286 to address this eventuality and ensure continuity in the reform process.  Paragraph 286 of the Reform Agreement provides:

> This Agreement is binding on all Parties hereto, by and through their officials, agents, employees, and successors.  If the Commonwealth of Puerto Rico establishes or reorganizes a government agency or entity whose function includes overseeing, regulating, accrediting, investigating, training, or reviewing the operations of PRPD, any aspect thereof, or of its officers, the Commonwealth of Puerto Rico agrees to ensure that these functions and entities are consistent with the terms of this Agreement and shall incorporate, to the extent possible under applicable law, the terms of this Agreement into the oversight, regulatory,

4

accreditation, investigation, training, or review functions of the government
agency or entity as necessary to ensure full implementation of this Agreement.

Under Law 20 of 2017, the Department of Public Safety will oversee the Police Bureau and may

have other responsibilities that include investigating, training, and reviewing the Bureau's

operations.  Therefore, the Department of Public Safety must meet the requirements of the

Reform Agreement to the extent that it takes on functions related to PRPD and the Reform

Agreement.

The United States has maintained direct communication with Puerto Rico and the TCA

on Puerto Rico's plans to consolidate PRPD.  Puerto Rico has committed to continue to fulfill all

the requirements of the Reform Agreement, including any responsibilities that fall to the newly-

created Department of Public Safety, to keep the United States informed during the transition

process, and to ensure minimal disruption during the capacity-building period and the overall

reform process.  Law 20 of 2017 requires that Puerto Rico maintain such communication:

> The consolidation process of the Police Bureau will be subject to compliance with
> the requirements of the agreement between the United States Department of
> Justice, the Government of Puerto Rico, and the Police Commissioner
> (Agreement for the Sustainable Reform of Puerto Rico Police Department).  The
> merger in this Law will be carried out in coordination with federal authorities that
> are part of and/or supervise the Reform Agreement of the PRPD.

Art. 9.02, Law 20 of 2017.  Under Article 9.07 of Law 20 of 2017, Puerto Rico's obligation to

coordinate with USDOJ and the TCA became effective immediately.

The United States is likewise committed to ongoing communication and consultation

with Puerto Rico and the TCA to ensure that the passage of Law 20 of 2017 results in minimal

disruption to the reform process.  In particular, the United States in interested in understanding

how Puerto Rico will continue making progress on policies, training, internal investigations,

staffing, and information technology after the passage of Law 20 of 2017.  On May 2, 2017, the

United States requested information on upcoming transition meetings related to the Department

5

of Public Safety.  That same day, May 2, Puerto Rico notified the United States that the Puerto

Rico Senate had confirmed Hector Pesquera as the new Secretary of the Department of Public

Safety.  The United States looks forward to working with Secretary Pesquera, the Police

Commissioner, and other Puerto Rico officials over the next six months to ensure continued

progress in the reform process.

### B.  USDOJ Position on Consent Decrees and Potential Modifications

On March 31, 2017, the Attorney General issued a Memorandum for Heads of

Department Components and United States Attorneys on Supporting Federal, State, Local and

Tribal Law Enforcement (attached hereto as Ex. A).  The Memorandum directs the Deputy

Attorney General and the Associate Attorney General to review all Department activities related

to law enforcement, including existing or contemplated consent decrees, to ensure that they fully

and effectively promote the goals articulated in the Memorandum.  Ex. A at 2.  The review is

ongoing, and the United States does not have any information to share about that review at this

time.

Furthermore, the United States has not proposed any modification of the Reform

Agreement at this time.  Consistent with longstanding practice and the express terms of the

Reform Agreement, if PRPD would like to request a modification of the Reform Agreement, the

United States will consider that request.  In this regard, we note that paragraph 296 permits the

Parties to stipulate jointly to modify or amend the Reform Agreement.  The Reform Agreement

encourages modifications under the following circumstances:

> [W]hen the Parties agree, or where the reviews, assessments and/or audits of the
> TCA demonstrate that the Agreement provision is not furthering the purpose of
> the Agreement or that there is a preferable alternative that will achieve the same
> purpose, or that there are budgetary or operational considerations that require
> modification of the timeframes in the Agreement.

6

Reform Agreement ¶ 296.  The Reform Agreement also permits the Parties to suspend a current

Agreement requirement for a defined period if the Parties or the TCA are uncertain whether a

change is advisable to allow for the implementation of an alternative requirement.  *Id.*[3]

### C.  USDOJ's View of PRPD's Compliance During the Capacity-Building Period

Based on the TCA's semiannual reports and PRPD's self-reports, PRPD has made steady

progress in the implementation of its Action Plans during the capacity-building period, mostly in

the areas of policy development and training.  There have been mixed results in other areas of the

Action Plans that should be prioritized during the remaining months of the capacity-building

period to ensure that, at a minimum, the five Zones of Excellence have sufficient operational and

administrative capacity to begin successful implementation of the Reform Agreement.  These

areas include, but are not limited to, reliable data collection and analysis, improvements in first-

line and command-level supervision, completion of the staffing study, and further investments in

information systems and technology.

The United States provides a fuller assessment of priority issues that should be addressed

during the remaining months of the capacity-building period in the attached Supplement

(attached hereto as Ex. B).

### D.  Other Concerns or Issues

The United States has notified the TCA that a complete assessment of PRPD's activities

under the Action Plans is necessary under Paragraph 250 of the Reform Agreement.  Similarly,

PRPD should provide the TCA and the United States with a comprehensive self-assessment as

---

[3]      Last year, PRPD proposed a potential modification to Paragraph 229 to ensure that the
Parties have adequate time to review and confer on the approval of policies and other documents,
and the Parties discussions on the proposed modification are ongoing.

contemplated by Paragraph 261 and the Action Plans, and the United States will provide any

assistance or guidance that would be helpful to PRPD to make this possible.

WHEREFORE, the United States respectfully requests that this Court take notice of the

United States' Statement for the Second Public Hearing on May 22, 2017.

Respectfully submitted,

T.E. WHEELER, II
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief

S/ Luis E. Saucedo
TIMOTHY MYGATT
Deputy Chief
LUIS E. SAUCEDO
Counselor to the Chief
BRIAN BUEHLER
LYNDA GARCIA
SETH WAYNE
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 353-1100
Fax:  (202) 514-4883
brian.buehler@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing United States' Statement for the Second Public Hearing on May 22, 2017, was filed electronically on this 19th day of May, 2017, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

S/ LUIS E. SAUCEDO
LUIS E. SAUCEDO
Counselor to the Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:   (202) 598-0482
Fax:  (202) 514-4883
Email:  luis.e.saucedo@usdoj.gov

Attorney for Plaintiff