# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff;<br><br>　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　Defendants. | No. 12-cv-2039 (GAG) |

**STIPULATION AND [PROPOSED] ORDER ON THE TECHNICAL COMPLIANCE ADVISOR'S COMPLIANCE ASSESSMENT ACTIVITIES IN THE FIELD**

Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico and the Puerto Rico Police Department (PRPD) (collectively, the Parties), enter into this Stipulation on the Technical Compliance Advisor's Compliance Assessment Activities in the Field (Stipulation) to ensure that the Technical Compliance Advisor's (TCA)[1] compliance assessment activities in the field are consistent with the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). The Parties intend this Stipulation to avoid interference or appearance of interference by the TCA in the operations and enforcement activities of the Puerto Rico Police Department (PRPD) during events that involve a law enforcement response, such as demonstrations, protests, or other crowd events.

---

[1] References to the TCA include current and future members of the TCA Office, including the TCA and any employee, agent, or independent contractor of the TCA.

## I. BACKGROUND

The Agreement authorizes the TCA to conduct the reviews specified in the Agreement to assess and report on PRPD's implementation of the Agreement and related Action Plans. *See* Agreement ¶¶ 225, 227, 238, Dkt. No. 60.  The Agreement further authorizes the TCA to "conduct such additional audits, reviews, and assessments as the TCA or the Parties deem appropriate, or the Court, consistent with th[e] Agreement and the dismissal order." *Id.* at ¶ 227.

Compliance assessment activities in the field are those activities that involve observation of policing practices, tactics, or responses to gather data or information about PRPD's enforcement practices, and can include ride-alongs with individual officers and on-site observations of demonstrations, protests, or other crowd events.  These compliance assessment activities are within the scope of "additional audits, reviews, and assessments" authorized by Paragraph 227 of the Agreement and are consistent with Paragraphs 262 and 263 regarding the TCA's access to individuals and facilities.  When conducting compliance assessment activities, the TCA is required to "communicate and cooperate with PRPD . . . to access staff, employees, and facilities in a reasonable manner that, consistent with the TCA's responsibilities, minimizes interference with daily operations." *Id.* at ¶ 263.

At the public hearing held on May 22, 2017, the Court asked the Parties to draft a directive clarifying the TCA's role when observing PRPD law enforcement activities in the field, and to ensure non-interference with PRPD enforcement activities.

## II. STIPULATION

To ensure that the TCA conducts its compliance assessment activities in the field within the parameters and responsibilities established by the Agreement, the Parties STIPULATE and AGREE as follows:

1.      As a representative of the Court, the TCA will remain a neutral observer during compliance assessment activities in the field to ensure the reliability and objectivity of the TCA's compliance assessments, and to avoid the appearance that the TCA is a law enforcement member.  Accordingly, when conducting compliance assessment activities in the field, the TCA will not direct or guide PRPD members and will not interfere with the chain-of command decisions.  The TCA and all members of the TCA's Office will also wear a jacket with "Observer" visibly printed across the back when assessing PRPD activities at demonstrations, protests, or other crowd events.  The TCA shall provide notice to the Reform Office before conducting a ride-along.

2.      The TCA will cooperate with PRPD and adjust compliance assessment activities to allow PRPD to ensure the safety of its officers, the public, and the TCA when PRPD is responding to situations that pose a risk of harm or injury.  This shall include maintaining a reasonably safe distance from areas that present a significant risk of harm or injury to the TCA, or when the TCA's presence may impede PRPD's law enforcement response.  The TCA and PRPD shall cooperate to ensure that the TCA is permitted to exercise compliance assessment activities to the fullest extent possible when setting a reasonable distance perimeter.  The TCA may communicate with the PRPD incident commander or highest-ranking PRPD member on the scene to share information about emergencies or circumstances that present an imminent risk of harm or injury to the officers, public, or TCA.

3.       The TCA will refrain from making public statements during compliance assessment activities in the field or at any other time, except as authorized by the Agreement or the Parties acting together.  Agreement ¶ 256.  The TCA will consult with, and obtain

authorization from, the Parties or the Court before making public statements in response to media inquiries received during compliance assessment activities in the field.

4. Consistent with existing orders issued by the Court and the Code of Conduct for Judicial Employees, the TCA will not participate in or endorse any political activity, or express any political views, during compliance assessment activities in the field.  *See* Stipulated Order Establishing the Office of the TCA, Dkt. No. 139; Code of Conduct for Judicial Employees § 320, Canon 5 (stating that judicial employees should refrain from partisan and nonpartisan political activity).

5. Consistent with the protocols adopted by the Parties and approved by the Court, the TCA will refer alleged administrative violations, criminal behavior, or other misconduct by PRPD members that the TCA observes in the field, or receives complaints of, to the PRPD Reform Office for investigation by the Deputy Superintendence for Professional Responsibility. The TCA will notify counsel for the Parties when referring such a matter to the PRPD Reform Office.  In situations in which the complainant does not wish to be identified, the TCA will take appropriate safeguards in disclosing information to the Parties, including limiting notice to only counsel for the Parties or otherwise maintaining the confidentiality of the complainant.  If a matter observed by the TCA or a complaint requires immediate attention or involves an urgent or emergency situation, the TCA may refer the matter or complaint directly to a federal or local law enforcement agency.  The TCA will simultaneously notify counsel for the Parties in writing of the referral.

This Stipulation shall not alter or modify the Agreement or any of the Court's Orders in this case.  This Stipulation is binding on the TCA and his current and future employees, agents, and independent contractors, and the Parties.

Agreed to and respectfully submitted, this 21st day of July 2017,

| FOR PLAINTIFF UNITED STATES OF AMERICA: | FOR DEFENDANTS COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section<br><br>*S/LUIS E. SAUCEDO*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER**<br>**LYNDA GARCIA**<br>**SETH WAYNE**<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br><br>Attorney for Plaintiff | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice<br><br>**WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of<br>General Litigation<br><br>**SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*S/JOEL TORRES ORTIZ*<br>**Joel Torres Ortiz**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |

SO ORDERED, this _____ day of _____, 2017,

_____
GUSTAVO A. GELPÍ
United States District Judge

5