## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>         v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                                  Defendants. | No. 12-CV-2039 (GAG) |

## UNITED STATES' STATEMENT ON JOINDER

NOW COMES Plaintiff, United States of America, in response to the Court's Order of July 18, 2017, ECF No. 560, and respectfully submits its position on whether the newly-created Puerto Rico Department of Public Safety (DPS) and the Secretary of Public Safety (Secretary) need to be joined as parties in the instant action.

As set forth more fully below, DPS and the Secretary are not required parties under Fed. R. Civ. P. R 19(a) because they are instrumentalities and agents of Defendant Commonwealth of Puerto Rico (Commonwealth) and successors of Defendant Puerto Rico Police Department (PRPD). Thus, their inclusion as named defendants is unnecessary. Both DPS and the Secretary, in his official capacity, are bound in interest by Defendants' existing obligations under the court-approved Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement) and under Law 20, the Puerto Rico Department of Public Safety Law, enacted in April 2017. 2017 P.R. Law 20.

### I.      Background

The United States filed this action against the Commonwealth and PRPD seeking declaratory and equitable relief for an alleged pattern or practice of civil rights violations by

PRPD officers under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.  Am. Compl., ECF No. 10.  Section 14141 makes it unlawful "for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."  42 U.S.C. § 14141a.

On July 17, 2013, the Parties entered into the Agreement to resolve the suit and ensure constitutional policing by PRPD.  ECF No. 57.  The Governor, as the supreme authority over PRPD, and counsel for the Commonwealth signed the Agreement on behalf of Defendants.  ECF No. 60; *see,* P.R. LAWS ANN. tit. 25, § 3103 (1996).  The Agreement, at Paragraph 299 provides, "The Commonwealth of Puerto Rico and PRPD shall require compliance with this Agreement by all of its agencies, departments, officials, employees, and their respective assigns and successors."  ECF No. 60.  The Court approved and entered the Agreement as an Order to ensure that its terms are properly and timely implemented.  Order of 7/17/13, ECF No. 59.

On April 10, 2017, the Commonwealth enacted Law 20 to consolidate PRPD and six other Commonwealth agencies into a new umbrella agency, DPS.  2017 P.R. Law 20.  DPS is charged, in pertinent part, with "reorganizing, reforming, modernizing, and strengthening the Commonwealth's state-level public safety instruments to increase capacity, efficiency, and effectiveness."  *Id.* at Art. 1.03.  DPS is also charged with "preventing abuse and protecting the rights and liberties of citizens to build a solid base with full confidence of society."  *Id.*  Law 20 vests supreme authority over DPS in the Governor and delegates the administration and immediate supervision of DPS to a new Secretary.  *Id.* at Art. 1.04.

Law 20 repeals PRPD's enabling statute and creates the Puerto Rico Police Bureau (PRPB) as the successor of PRPD and a subdivision of DPS. *Id.* at Art. 1.06, 2.01. Law 20 charges a new Police Commissioner with the daily operation of PRPB and the responsibility to ensure compliance with the Agreement. *Id.* at Art. 2.02, 2.04. The Commonwealth is currently transitioning PRPD and the six other Commonwealth agencies into DPS at the direction of the Secretary and with the assistance of an Executive Committee on Public Safety. *See id.* at Art. 1.13.

## II.    Discussion

The Court instructed the Parties to consider the inclusion of DPS and its Secretary as named parties in this case under Fed. R. Civ. P. R. 19(a). ECF No. 560. As agents of Defendant Commonwealth of Puerto Rico and successors of Defendant PRPD, DPS and the Secretary are bound in interest with existing Defendants in this case. Thus, they are not absent parties and need not be joined under Rule 19.

Joinder under Rule 19 requires that courts first determine whether an absent party is required. A party is required in a civil action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. R. 19(a). Rule 19 calls for courts to make pragmatic, practical judgments that are heavily influenced by the facts of each case. *Bacardí Int'l Ltd. v. V. Suárez & Co.*, 719 F.3d 1, 9 (1st Cir. 2013).

DPS and the Secretary, in his official capacity, are not absent parties for purposes of Rule 19 because, as agents and officers of Defendant Commonwealth, they are already bound in interest to the injunctive relief agreed-upon by the Parties and ordered by this Court. The Commonwealth created DPS as a government agency charged with providing public safety services and protecting the civil rights of its citizens. 2017 P.R. Law 20, Art. 103. The Governor is the supreme authority over DPS and appoints the Secretary with the advice and consent of the Puerto Rico Senate. *Id.* at Art. 1.04. PRPB, a sub-agency of DPS, is the successor of Defendant PRPD and is supervised directly by the Secretary. *Id.* at 1.06, 2.01. Paragraph 286 of the Agreement provides:

> This Agreement is binding on all Parties hereto, by and through their officials, agents, employees, and successors. If the Commonwealth of Puerto Rico establishes or reorganizes a government agency or entity whose function includes overseeing, regulating, accrediting, investigating, training or reviewing the operations of PRPD, or any aspect thereof, or of its officers, the Commonwealth of Puerto Rico agrees to ensure that these functions and entities are consistent with the terms of this Agreement and shall incorporate, to the extent possible under applicable law, the terms of this Agreement into the oversight, regulatory, accreditation, investigation, training, or review functions of the government agency or entity as necessary to ensure full implementation of this Agreement.

> *Id.* at ¶ 286.

In addition, the Agreement requires the Commonwealth and PRPD to "require compliance with this Agreement by all of its agencies, departments, officials, employees, and their respective assigns and successors." Agreement ¶ 299, ECF No. 60. Based on these facts and circumstances, neither DPS nor the Secretary is a separate entity that must be joined as a defendant party under Rule 19(a).

The Commonwealth also enacted Law 20 in accordance with the Agreement by expressly incorporating the Agreement into the duties and functions of DPS and its officers and agents. The Commonwealth created DPS to oversee and directly supervise PRPB, the successor of

Defendant PRPD.  In Law 20's preamble, the Commonwealth expressed its commitment to "address the pillars of safety in a coherent manner and in compliance with the requirements of the [Agreement]."  2017 P.R. Law 20.  Among the specific duties of the new Police Commissioner, who is responsible for the daily operation of PRPB, are to ensure compliance with the Agreement and develop the rank system for officers with the consent of the Secretary and in accordance with the Agreement.  *Id.* at Art. 2.04, 211.  Law 20 provides that all references to PRPD or the Superintendent in regulations, executive orders, or other official Commonwealth documents are to be understood to refer to the new PRPB and Police Commissioner and that questions regarding the interpretation of these documents should be read in a manner that is consistent with the Agreement.  *Id.* at Art. 2.22.  The new DPS Center for Training and Development of Public Safety is charged with supporting compliance with the Agreement.  *Id.* at Art. 1.11.  Finally, Law 20 requires that Commonwealth officials coordinate the transition process for DPS with the undersigned, as part of the instant case.  *Id.* at Art. 9.02.

WHEREFORE, the United States respectfully requests that this Court take notice of the United States' position on joinder of DPS and the Secretary in compliance with this Court's Order of July 18, 2017.

Respectfully submitted, this 1st day of August, 2017,

JOHN M. GORE
Acting Assistant Attorney General

STEVEN H. ROSENBAUM
Chief

S/ Luis E. Saucedo
TIMOTHY MYGATT
Deputy Chief
LUIS E. SAUCEDO
Counselor to the Chief

5

BRIAN BUEHLER
LYNDA GARCIA
SETH WAYNE
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing United States' Statement on Joinder was filed

electronically on this 1st day of August, 2017, with the Clerk of Court using the CM/ECF

System, which will provide notice of such filing to all registered parties.

S/ LUIS E. SAUCEDO
LUIS E. SAUCEDO
Counselor to the Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
Email:  luis.e.saucedo@usdoj.gov

Attorney for Plaintiff

6