UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO,**<br>et. al.<br><br>Defendants. | CIVIL NO. 12-2039 (GAG) |

**RESPONSE TO TCA'S INFORMATIVE MOTION AT DOCKET 561**

**TO THE HONORABLE COURT:**

**COME NOW** the COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT, through the undersigned counsel, and respectfully allege and pray as follows:

1. On July 18, 2017, the Technical Compliance Advisor ("TCA") filed an informative motion seeking that the court note the information contained therein and to clarify this Honorable Courts Order at Docket No. 511. (*See* Docket No.561)

2. On this date, this Honorable Court noted the information contained in the TCA's informative motion at docket No. 561, hereafter "informative motion", and proceeded to clarify its order at docket No. 511. (*See* Docket No.562)

3. Although this Court has already noted the information contained in the "informative motion" and the need for clarification from the Court is moot at this time, the Commonwealth posits that a response is warranted. Specifically, this Court needs to

address the statements contained in paragraphs 4 and 5 of the TCA's informative motion.

4. The TCA's informative motion stated that the USDOJ timely submitted its recommendation which the TCA adopted and that none were received from the Commonwealth of Puerto Rico. (*See* Docket No.561, ¶4)  It is important that this court be aware that the use of the word "timely" may give the impression that the parties agreed on a deadline to submit their recommendations and that the Commonwealth was untimely in providing said recommendations. The truth of the matter is that no time frame or deadline was agreed upon by the parties to provide recommendations to the "TCA's Assessment Methodology".  Thus, it would be an incorrect interpretation that the Commonwealth was untimely in providing said recommendations.

5. Moreover, pursuant to paragraph 248 the parties have 45 days to submit any comments regarding the proposed methodology to the TCA. (*See* Docket No. 60, ¶248)  The parties received the TCA's proposed methodology on June 7, 2017. Thus, the Commonwealth had until July 22, 2017 to submit comments to the TCA.  However, the TCA filed his Informative Motion on July 18, 2017, thus making prematurely an argument for timeliness *vel non*.

6. The "informative motion" in paragraph 5 stated that "*An attorney representing the Police Superintendent expressed, to both the USDOJ and the TCA, that there were reservations with the Court Order, particularly with the faculty of the Court to order such an Assessment.*"  With respect to the expressions made by the in-house counsel for the PRPD during the July 17, 2017 meeting, the Commonwealth clarifies that the attorney did not question the court's faculty to order such an

Assessment during the meeting. The concerns raised were regarding the "TCA's Assessment Methodology". (*See* Exhibit 1 declaration under penalty of perjury)

7. The Commonwealth has concerns regarding the most recently submitted TCA's methodology for the independent assessment and has requested an extension of time for the parties to submit to the TCA a stipulation on the TCA's methodology to conduct the independent assessment. (*See* Docket No.566)

8. The TCA's informative motion, also expressed that the aforementioned position of the in-house counsel for the PRPD was belated. (*See* Docket No.561, ¶4) The Court's Order at Docket No. 511 was not objected by the Commonwealth because there is no objection from the Commonwealth for the TCA's office to conduct an independent assessment. If and when the Commonwealth objects to a courts order, it will be done by the Commonwealth's legal representative, the Puerto Rico Department of Justice, which has the duty to represent the Commonwealth before this Honorable Court. As mentioned before, the expressions made by the in-house counsel were in respect to the "TCA's Assessment Methodology" and not to the court's order. If the Commonwealth had the intention to object to the court's order it would have done so pursuant to Fed.R.Civ.P. 59 or Rule 60.

9. Therefore, it is <u>not correct</u> for the Court to note that an attorney representing the Police Superintendent or the Commonwealth had reservations with the Court's Order.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated and disregard any statement standing for the proposition that

3

the in-house counsel for the PRPD expressed *"reservations with the Court Order, particularly with the faculty of the Court to order such an Assessment."*

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 1, 2017.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov