UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiffs,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et. al.**<br><br>**Defendants.** | **CIVIL NO. 12-2039 (GAG)** |

**MOTION IN COMPLIANCE WITH ORDER AT DOCKET 560**

**TO THE HONORABLE COURT:**

**COME NOW** the COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT, through the undersigned counsel, and respectfully allege and pray as follows:

Procedural Background and Statement of the Issues:

1. On July 18, 2017, this Honorable Court order the parties in this case to state their respective positions as to the inclusion of the newly created Department of Public Safety "DPS" and its Secretary as named parties to the present action making reference to Fed. R. Civ. P. 19(a). (*See* Docket No. 560)

2. In order to comply with this Court's Order at docket 560, the Commonwealth needs to address if the DPS and its Secretary are different juridical entities from the Commonwealth of Puerto Rico that need to be joined in this case pursuant to Fed. R. Civ. P. 19(a).

3. The text of the above mentioned rule reads as follow:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

4. On April 10 2017, the Governor signed Law 20-2017 to reorganize and consolidate seven agencies of the government in charge of public safety into one Department. Specifically, Law 20-2017 integrated the Puerto Rico Police Department, the Fire Department, the Emergency Management Agency, the Medical Emergencies Management Agency, the Bureau of Special Investigations, and the Institute of Forensic Sciences into the DPS.

5. Article 1.04 of Law 20, states that the supreme authority regarding the direction of the Department of Public Security shall be exercised by the Governor of

Puerto Rico, but the immediate administration and supervision of the organization shall be delegated to the Secretary of Public Security. (*See* Law 20-2017, Article 1.04)

6. The DPS and its Secretary are under the authority of the Governor of Puerto Rico. Accordingly, the DPS and its Secretary are not independent different juridical entities from the Commonwealth of Puerto Rico. Only juridical entities that are created as independent should be treated as such. See *See, e.g., First Nat. City Bank v. Banco Para el Comercio Exterior de Cuba, 462 U.S. 611, 625, 77 L. Ed. 2d 46, 103 S. Ct. 2591 (1983)*, at 626-627 ("Government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such") Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (U.S. Apr. 22, 2003)

7. The Commonwealth of Puerto Rico has already submitted itself to this Court's jurisdiction in this case.

8. Therefore, the Commonwealth of Puerto Rico is of the opinion that it is not necessary to include the Department of Public Safety and its Secretary as named parties to the present action because said Department is not a separate distinct juridical entity and this Court already has jurisdiction over the Commonwealth. Also, in this case there are no named officials in the complaint on behalf of the Commonwealth. Thus, there is no need to include individuals in their official capacity.

9. Moreover, the Agreement contemplates the possibility of the Commonwealth of Puerto Rico making reorganization changes to its instrumentalities. (*See* Docket No. 60, ¶286)

> "*This Agreement is binding on all Parties hereto, by and through their officials, agents, employees, and successors. If the Commonwealth of Puerto Rico establishes or reorganizes a government agency or entity whose function includes overseeing,*

3

> *regulating, accrediting, investigating, training, or reviewing the operations of PRPD, any aspect thereof, or of its officers, the Commonwealth of Puerto Rico agrees to ensure that these functions and entities are consistent with the terms of this Agreement and shall incorporate, to the extent possible under applicable law, the terms of this Agreement into the oversight, regulatory, accreditation, investigation, training, or review functions of the government agency or entity as necessary to ensure full implementation of this Agreement*".

10. Besides, the Agreement itself does not in any manner prohibits the Commonwealth to establish an agency as it did when Law 20-2017 was enacted creating the DSP. Additionally, as already stated above, the DSP is not an entity different and independent but it is an executive agency of the Commonwealth, the real party in this case. Any remedy sought in this action can be provided through the Commonwealth as a party in this case.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 1, 2017.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**

Director of Federal Litigation
and Bankruptcy Division

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov