# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　Defendants. | No. 12-cv-2039 (GAG) |

## JOINT STIPULATION AND ORDER ON THE
## TECHNICAL COMPLIANCE ADVISOR'S FIELD ASSESSMENT ACTIVITIES

Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico and the Puerto Rico Police Department (PRPD) (collectively, the Parties), with the recommendations of the Technical Compliance Advisor (TCA),[1] enter into this Stipulation on the Technical Compliance Advisor's Field Assessment Activities (Stipulation) in furtherance of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). The Agreement authorizes the TCA to conduct field assessment activities as part of the TCA's duties to assess and report on the implementation of the Agreement and its result on constitutional and effective policing. The Parties intend this Stipulation to guide the TCA's field assessment activities during public events that involve a law enforcement response from the Puerto Rico Police Department (PRPD), such as demonstrations, protests, or other crowd events, in compliance with the Agreement.

---

[1] References to the TCA include current and future members of the TCA Office, including the TCA and any employee, agent, or independent contractor of the TCA.

## I. BACKGROUND

The Agreement authorizes the TCA to conduct the reviews specified in the Agreement to assess and report on PRPD's implementation of the Agreement and related Action Plans. *See* Agreement ¶¶ 225, 227, 238, Dkt. No. 60. The Agreement further authorizes the TCA to "conduct such additional audits, reviews, and assessments as the TCA or the Parties deem appropriate, or the Court, consistent with th[e] Agreement and the dismissal order." *Id.* at ¶ 227.

Field assessment activities are those activities that involve observation of policing practices, tactics, or responses to gather data or information about PRPD's enforcement practices, and can include ride-alongs with individual officers and on-site observation of demonstrations, protests, or other crowd events. These field assessment activities are within the scope of "additional audits, reviews, and assessments" authorized by Paragraph 227 of the Agreement and are consistent with Paragraphs 262 and 263 regarding the TCA's access to individuals and facilities. When conducting field assessment activities, the TCA is required to "communicate and cooperate with PRPD . . . to access staff, employees, and facilities in a reasonable manner that, consistent with the TCA's responsibilities, minimizes interference with daily operations." *Id.* at ¶ 263.

At the public hearing held on May 22, 2017, the Court asked the Parties and the TCA to develop guidelines on the TCA's field assessment activities. On July 24, 2017, the Court further instructed the Parties and the TCA to meet and confer on the guidelines and to collaborate on a final protocol. Order of 7/24/17, Dkt. No. 572.

## II.     STIPULATION

To guide the TCA's field assessment activities within the parameters and responsibilities established by the Agreement, the Parties STIPULATE and AGREE, subject to the approval of the Court, as follows:

1.      As a representative of the Court,[2] the TCA shall remain a neutral observer during field assessment activities as part of the compliance assessments required by the Agreement. Pursuant to the Agreement, when conducting field assessment activities, the TCA shall not direct or guide PRPD members and shall not interfere with decisions of PRPD's chain-of-command.  In addition, to avoid any unwarranted confusion as to the role of the TCA during demonstrations, protests, or other crowd events, the TCA shall wear a jacket that visibly displays the term "TCA Observer."  The TCA shall provide notice to PRPD's Reform Office before conducting a ride-along.

2.      The TCA shall cooperate with PRPD and adjust field assessment activities to allow PRPD to ensure the safety of its officers, the public, and the TCA when PRPD is responding to situations that pose a risk of harm or injury.  This shall include maintaining a reasonably safe distance from areas that present a significant risk of harm or injury to the TCA, or when the TCA's presence may impede PRPD's law enforcement response.  The TCA and PRPD shall cooperate to permit the TCA to conduct field assessment activities to the fullest extent possible when setting a reasonable distance perimeter.  At the TCA's request, PRPD shall promptly provide the name and rank of the incident commander designated by PRPD to respond to a demonstration, protest, or other crowd event.  The TCA may communicate with the PRPD

---

[2]     Like all employees of the judicial branch, the TCA is subject to the Code of Conduct for Judicial Employees, which requires that covered individuals refrain from inappropriate political activity.  *See* Stipulated Order Establishing the Office of the TCA, Dkt. No. 139; Code of Conduct for Judicial Employees § 320, Canon 5.

incident commander or, if PRPD does not identify or designate an incident commander, with the highest-ranking PRPD member on the scene, to share information about emergencies or circumstances that present an imminent risk of harm or injury to the officers, public, or TCA. Such communication shall not be deemed interference by the TCA, as set forth in this Stipulation or Paragraph 263 of the Agreement.

3. Except as authorized by the Agreement or the Parties acting together, the TCA shall not make public statements during field assessment activities, in compliance with Paragraph 256 of the Agreement. The TCA shall consult with, and obtain authorization from, the Parties or the Court, before making public statements in response to media inquiries received during field assessment activities.

4. Consistent with the protocols adopted by the Parties and approved by the Court, the TCA shall refer allegations of administrative violations, criminal behavior, or other misconduct by PRPD members that the TCA observes in the field, or receives therefrom, to the PRPD Reform Office for investigation by the Deputy Superintendence for Professional Responsibility. The TCA shall notify counsel for the Parties when referring such a matter to the PRPD Reform Office.

In situations in which the complainant does not wish to be identified, the TCA shall consult with the TCA's counsel to take appropriate safeguards in disclosing information to the Parties, including limiting notice to only counsel for the Parties or otherwise maintaining the confidentiality of the complainant. If a matter observed by the TCA or a complaint requires immediate attention or involves an urgent or emergency situation, the TCA may refer the matter or complaint directly to a federal or local law enforcement agency. The TCA shall

simultaneously notify counsel for the Parties in writing of the referral, unless the federal or local law enforcement agency instructs otherwise.

This Stipulation does not alter, modify, or amend the Agreement or any of the Court's Orders in this case. Nothing in this Stipulation should be interpreted as limiting or expanding the TCA's authority under the Agreement. The Parties intend this Stipulation to guide the TCA's field assessment activities during demonstrations, protests, and other crowd events as part of the TCA's duties under the Agreement. This Stipulation is binding on the Parties and the TCA.

Agreed to and respectfully submitted,

| FOR PLAINTIFF UNITED STATES: | FOR DEFENDANT COMMONWEALTH OF PUERTO RICO: |
|---|---|
| STEVEN H. ROSENBAUM<br>Chief | WANDA VAZQUEZ<br>Secretary of Justice |
| */s/ Luis E. Saucedo*<br>TIMOTHY D. MYGATT<br>Deputy Chief<br>LUIS E. SAUCEDO (G01613)<br>Counselor to the Chief<br>BRIAN BUEHLER<br>LYNDA GARCIA<br>SETH WAYNE<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel:  (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br><br>Attorneys for Plaintiff | WANDYMAR BURGOS VARGAS<br>Deputy in Charge of General Litigation<br><br>SUSANA PENAGARICANO BROWN<br>Director of Federal Litigation and Bankruptcy<br><br>*/s/ Joel Torres Ortiz*<br>JOEL TORRES ORTIZ<br>U.S.D.C. No. 302311<br>Federal Litigation Division<br>P.R. Department of Justice<br>P.O. Box 9020192<br>San Juan, PR 00902-0192<br>Tel:  (787) 721-2900, ext. 2647, 2650, 2624<br>Fax:  (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |

Concur:

**FOR TECHNICAL COMPLIANCE ADVISOR:**


 */s/ Alfredo Castellanos Bayouth*
ALFREDO CASTELLANOS BAYOUTH
Office of the TCA and Counsel in Charge of Public Hearings




**O R D E R**

Having examined the above Stipulation representing the concurrence of the parties on the field assessment activities of the Technical Compliance Advisor, the Court imparts its approval to the same and highly commends the parties and TCA for the joint good faith effort in resolving a matter of safety and great public interest as well as advancing the overall objectives of the Agreement.

This Order is a document which is public in nature. Accordingly the PRPD and USDOJ shall make the same available in its web pages. The PRPD, via its community outreach, as well as any other available method, shall also post and disseminate its contents to the general public.

**SO ORDERED**

In San Juan, Puerto Rico this 10th day of August, 2017.

> */s/ Gustavo A. Gelpí*
> GUSTAVO A. GELPÍ
> UNITED STATES DISTRICT JUDGE