UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                Defendants. | No. 12-cv-2039 (GAG) |

**UNITED STATES' RESPONSE TO
DEFENDANTS' REQUEST TO ENFORCE PARAGRAPH 269 OF THE AGREEMENT
FOR THE SUSTAINABLE REFORM OF THE PRPD**

COMES NOW, Plaintiff, the United States of America, in response to Defendants' Memorandum of Law to Enforce Paragraph 269 of the Agreement for the Sustainable Reform of the PRPD (ECF No. 599), pursuant to the Court's expedited briefing schedule. *See* ECF No. 590. Defendants seek an order providing for restricted filing or *in camera* inspection of the Technical Compliance Advisor's (TCA) revised semi-annual report to prevent disclosure of certain information that Defendants deem privileged or otherwise non-public, pursuant to Paragraph 269 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). ECF No. 60.

The United States does not object to relief requested in Defendants' memorandum of law. The relief sought by Defendants would allow the Parties to determine whether the TCA's latest draft of the report contains non-public information that the TCA must keep confidential under the Agreement. The United States respectfully submits this brief to address the following two issues in support of its position: (1) the Parties may review the TCA's draft reports; and (2) further briefing on the application of specific privileges or protections may be necessary if

the Court grants Defendants' request and the Parties cannot resolve any actual disputes based on the TCA's revised report.

## I.    Background

Defendants agreed to provide the TCA with access to documents and data that are reasonably necessary to carry out the TCA's duties, except for documents or data protected by the attorney-client privilege.  Agreement ¶ 264, ECF No. 60.  The TCA must maintain confidential all non-public documents and information provided by Defendants.[1]  *Id.* at ¶ 269.  Defendants' disclosures to the TCA under the Agreement do not waive any privileges or rights that Defendants may assert, including those recognized at common law or created by statute, rule, or regulation, against any other person or entity with respect to the disclosure of any document.  *Id.*

The Agreement provides several safeguards to ensure that the TCA maintains confidential all non-public information that the TCA uses in his six-month public reports.  *See, id.* ¶¶ 250, 251.  The TCA must provide reports in draft form to the Parties for comment before the reports are filed on the record for public viewing.  *Id.* at ¶ 252.  The TCA must also redact final public reports for privacy concerns, file unredacted final reports under seal, and submit unredacted copies of final reports to the Parties.  *Id.* at ¶¶ 250(c), 251(c).

On June 25 and 26, 2017, the TCA submitted a draft copy of his latest six-month report to the Parties for comment, pursuant to Paragraph 252 of the Agreement.  The Parties submitted written comments and conferred about those comments with the TCA.  On August 3, 2017, the TCA notified the Parties that he would be filing his report without specifying edits or changes he

---

[1]    The Agreement provides the United States with similar access to documents and data, and with similar obligations to maintain confidential all non-public information provided by Defendants.  *See, id.* ¶¶ 265, 269.

made to the draft report in response to the Parties' comments. Email from Claudio to Torres of 8/3/17 at 3:00 PM, attached hereto as Ex. A. On the same day, August 3, Defendants filed their Motion Requesting Protective Order to Safeguard Privilege Information Covered in the TCA's Draft Report. ECF No. 588. Defendants sought a protective order under Fed. R. Civ. P. R. 26(c) to prevent the disclosure of a document that Defendants claimed was privileged. *Id.* at 3-4. That same day, August 3, the Court set an expedited briefing schedule with Defendants' memorandum on attorney-client privilege due on August 8 and the United States response due on August 11. ECF No. 590.

On August 4, 2017, the TCA notified the Parties that he had made changes to his draft report, but did not specify those changes or share a copy of the revised draft report, despite joint requests from the Parties. Email from Claudio to Torres of 8/4/17 at 10:06 AM, Ex. 1, ECF No. 592. On the same day, August 4, Defendants filed an Emergency Motion to Modify the Deadlines on Order Docket 590 to set aside or modify the expedited briefing schedule on Defendants' Motion Requesting Protective Order (ECF No. 588) until the Parties "received the final edits of the TCA's Draft Report." ECF No. 592. The Court denied Defendants' Emergency Motion on August 4, 2017. ECF No. 593.

On August 8, 2017, Defendants filed their Memorandum of Law to Enforce Paragraph 269 of the Agreement. ECF No. 599. Rather than seek a protective order under Fed. R. Civ. P. R. 26(c), Defendants now request that this Court enforce Paragraph 269 to prevent disclosure of confidential information in the TCA's public report. Defs.' Mem. at 11, ECF No. 599.

## II. Discussion

The United States does not object to the specific relief requested by Defendants. A review of the TCA's revised report *in camera* or in restricted mode through the Court's

Electronic Case Filing (ECF) system will permit the Parties to identify non-public information in the revised report that the TCA must maintain confidential under Paragraph 269 of the Agreement. This review would also permit the United States to evaluate Defendants' claims that certain information is privileged or otherwise protected from disclosure to the public. The TCA has not shared his revised report with the Parties, and the Parties are unaware of any specific edits or redactions that the TCA has made to resolve, in whole or in part, Defendants' objections on disclosure. Thus, the relief requested by Defendants is appropriate. Because the Court approved and entered the Agreement as an Order requiring that the TCA maintain confidential all non-public information provided by Defendants, a separate protective order under Fed. R. Civ. P. R. 26(c) is not necessary.

> A. **The Agreement Permits the Parties to Review the TCA's Draft Reports**

Reviewing the TCA's draft reports by the Parties before they become public is expressly provided for in the Agreement, in part, to ensure that the Parties' non-public information is protected. Defendants' request to review the TCA's revised report *in camera* or in restricted mode through ECF is consistent with Paragraph 252 of the Agreement, which requires the TCA to submit a copy of his draft report to the Parties for review and comment. ECF No. 60. Paragraph 252 provides:

> The TCA shall provide a copy of the six-month reports to the Parties in draft form within 15 days after the end of the reporting period. The Parties shall have fifteen calendar days upon receipt of the draft report to allow the Parties to informally comment on the draft reports. The TCA shall consider the Parties' responses and make appropriate changes, if any, and shall file the final report with the Court within 45 days of the end of the review period. DOJ and PRPD may file responses to the TCA's final report within 30 days.

*Id.*

Thus, the Agreement makes clear that the Parties may review the TCA's draft reports, distinguishing the TCA's draft reports from draft motions or memoranda prepared by the Parties. *See* Order on 8/4/17, ECF No. 593. Reviewing the TCA's reports in draft form is an important mechanism to ensure that the TCA complies with the Agreement's confidentiality requirements under Paragraph 269. Paragraph 252 also serves as an important mechanism to increase the accuracy and reliability of the TCA's reports because it permits the Parties to raise errors or omissions in a way that preserves the TCA's independence in the formulation of his compliance opinions and conclusions. Because the Agreement makes clear that the Parties may review the TCA's draft reports, in part, to protect confidential information, the Defendants' requested relief is appropriate.

### B. A Review of the TCA's Revised Report is Necessary to Evaluate Defendants' Claims of Privilege

The review proposed by Defendants would also allow the Defendants to determine in advance of disclosure whether the revised report contains any confidential information. If upon review of the revised report, the Defendants make that contention, the United States would be able to evaluate Defendants' specific claims of privilege. Defendants assert various privileges and protections to prevent disclosure of information related to a letter from the Governor that the TCA referenced in his draft report. Since then, the TCA has indicated that he has made edits and other changes to his report in response to the Parties' comments, including Defendants' claims of privileged and confidential material. However, the TCA has not submitted a revised draft to the Parties nor has he indicated what, if any, portions of his public report he will redact. Thus, the Parties cannot confirm that the TCA is maintaining confidential all non-public information provided by Defendants, as required by Paragraph 269. Such confirmation would obviate any need for further briefing on the privileges and protections asserted by Defendants because

Defendants are challenging only the potential disclosure of confidential information and not the TCA's access to that information. Defs.' Mem. at 1, 11, ECF No. 599. The specific use of non-public information by the TCA may also change the protections or privileges that apply. Without knowing the specific changes and edits made by the TCA, the United States cannot fully evaluate Defendants' claims of privilege, so the review proposed by Defendants is appropriate and may make further briefing unnecessary.

WHEREFORE, the United States does not object to Defendants' request to review the TCA's revised report *in camera* or in restricted mode through ECF to ensure compliance with Paragraph 269 of the Agreement.

Respectfully submitted, this 11th day of August, 2017,

JOHN M. GORE
Acting Assistant Attorney General

STEVEN H. ROSENBAUM
Chief

S/ Luis E. Saucedo
TIMOTHY MYGATT
Deputy Chief
LUIS E. SAUCEDO
Counselor to the Chief
BRIAN BUEHLER
LYNDA GARCIA
SETH WAYNE
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion in Compliance was filed electronically on this 11th day of August, 2017, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

S/ LUIS E. SAUCEDO
LUIS E. SAUCEDO
Counselor to the Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
Email:  luis.e.saucedo@usdoj.gov

Attorney for Plaintiff
