IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**GOVERNMENT OF PUERTO RICO, et al.,**

Defendants.

CIVIL NO. 12-2039 (GAG)

## ORDER

The present Order contemplates the relationships and conduct of the Parties, TCA, government officials and public in the Reform Process. The role of the Court is to ensure the effective implementation of the Reform of the Puerto Rico Police Department in accordance with the Agreement. To achieve this goal, the Court will continue to work closely with the parties and the TCA to attain full collaboration and team work. The primary goal of the Reform is to focus efforts in the implementation of the Reform Agreement, safeguarding the rights of the citizenry, restoring the public trust in the Puerto Rico Police Department and ensuring a smooth reform process.

The following directives shall be followed at all times by the TCA and those who contact the TCA:

a. <u>Political Activity</u>:  The TCA, his employees, agents and independent contractors are cognizant that they are prohibited from taking part, engaging in and/or endorsing political activity both in their official and personal capacities, both

during election and non-election periods.  It is hereby clarified that to refrain from partisan political activity, includes but is not limited to, publicly endorsing or opposing a partisan political organization or candidate; soliciting funds for or contribute to a partisan political organization, candidate, or event and to not otherwise actively engage in partisan political activities." Outside of casual encounters, family gatherings or chance meetings, the parties and the TCA, his employees, agents and independent contractors, will always exercise extreme caution when communicating with any current elected official or political candidates of both Municipal and Commonwealth Government in those instances contemplated in the Agreement.  Political advice and/or endorsement of any kind to current elected officials and/or political candidates are expressly prohibited.  (See also Canon 5, Code of Conduct for Judicial Employees.)

U.S. Department of Justice employees have analogous restrictions contained in the Hatch Act. See 5 U.S.C. §§ 7323(a) & 7324(a). See also U.S. DOJ March 10, 2016 Memorandum re: Restrictions on Political Activities. Likewise, the Secretary of Justice and Police Superintendent are precluded from such activity, as are certain local government officials. See Law No. 178-2001 and Law No. 121-2013.

The Court encourages public officials, both elected and appointed, to learn and consult about the Reform.  While information is available in the U.S. Department of Justice and P.R. Police Department websites, any such official who wishes to meet with the TCA for a non-political purpose, shall formally request in writing the same. Said communication shall state the purpose of the meeting and particular information sought. The TCA, in turn, shall, promptly inform the undersigned who, in turn, shall approve or disapprove the request. The TCA shall keep a logbook of all such requests. Strict adherence to this directive is essential. The TCA, as an officer of the Court, will at all times act accordingly, as would the undersigned.

b. Social Media: Everyone associated with the Police Reform, the parties and their representatives, the TCA and its representatives shall exercise caution and the utmost professional discretion when using social media.  These restrictions apply to all social media outlets, such as: Facebook, Twitter, LinkedIn, Instagram, Snapchat, blogs, among others.

As an exception, the parties and the TCA, his employees, agents and independent contractors may make mention of their role with the PRPD Reform

when using business-oriented social media outlets (such as LinkedIn) only for purposes of professional networking.

     c. <u>Community involvement and the TCA</u>:  Pursuant to the Agreement and the job description of the TCA, the TCA shall continue to meet with community stakeholders "to explain the TCA reports, inform the public about the process of implementation of the Agreement, hear community perspectives of police interaction and to seek the input of particular community groups with respect to specific reforms required by this Agreement."  The Agreement, ¶ 254 (Docket No. 60 at 91.)  The TCA shall also maintain a logbook of his community outreach.

The preceding directives are immediately effective.

To achieve the goals of the reform, the parties and the TCA are encouraged to continue to maintain open the channels of communication between them and the Court.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of August, 2017.

                                              */s/ Gustavo A. Gelpí*
                                           GUSTAVO A. GELPÍ
                               UNITED STATES DISTRICT JUDGE