1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

CASE NO. 12-2039 (GAG)

## ORDER

Law 20 of April 10, 2017, became fully effective on October 10, 2017.  The same is also the effective date of the repeal of Public Law 53-1996, as amended (Puerto Rico Police Act).  The Puerto Rico Police Department became the Bureau of Police as one of several government agencies that were integrated into the Department of Public Safety.

The Law implementing the Department of Public Safety (DPS) allows for the sharing of personnel, administrative expenses and work in an integrated manner among its components thus, creating a reasonably foreseeable expectation that there will be changes to the structure of the Puerto Rico Police.

The Agreement for the Sustainable Reform of the Police of Puerto Rico imposes on the Parties, mainly on the Government of Puerto Rico, the obligation to ensure that the reorganization of its components provides continuity to the Reform process that is consistent with the strict mandates agreed upon.  Furthermore, the progress made to this date through the effort of personnel, which involves thousands of man-hours and costly expenses, should not be affected nor discarded by changes in structure and key personnel already immersed in the Reform Process (Paragraph 286 of the Agreement).  It should be noted that to this date the Reform process has achieved great

Civil No. 12-2039 (GAG)

success and amply complied with the Agreement through its mandated Action Plans establishing processes and activities in an orderly and systematic manner conducive to the development of a Sustainable Reform (Paragraph 235 of the Agreement).  Cognizant of the aforesaid needs, this Court issued a "Transition Order (Docket No. 388), during the election process to assure the smooth flow of the reform process after the newly elected Government took control in January, 2017.

Presently, in what can be considered as the final stage of the capacity building period, the multi-rank staff and the attorneys of the PRPD Reform Office have acquired the skills and fluency in capturing the whole intent of the Agreement, which fully accounts for the creation and establishment of the Action Plans and the new procedures generated in the corresponding recent policies. Furthermore, these efforts helped multi-rank staff train and instruct all members of the Police and their civilian employees in the complex task of implementing new methods for achieving full and effective operational compliance (Paragraphs 231, 232, 233 and 294 of the Agreement).

Once again the Court foresees the possibility that at this crucial stage the movement or replacement of trained personnel may cause a needless delay in the implementation of the Agreement and an economic disruption in terms of training new personnel to the level already attained by those currently in place.  The Agreement requires a sustainable fulfillment of all its requirements and a continuum of constitutional police practices demonstrated in the measurement of results (Paragraph 294).  This, of course, is not to say that Reform Office personnel is glued perpetually.

**Civil No. 12-2039 (GAG)**

In view of the above, the Court hereby orders the Commonwealth of Puerto Rico to specifically address and discuss the following issues in a memorandum **to be filed on or before December 8, 2017**:[1]

1. Article 9.02 of Law 20-2017- Transitory dispositions. The Executive Committee report to the Governor, which includes the evaluation carried out in the agencies to be formed by the DPS and the recommendations of the Committee as to the transfers of property, resources and personnel as provided in this Law (in regards to the PRPD only).

2. Article 9.02- The certification presented to the Governor, according to the evaluation made by the Executive Committee that the DPS was ready to assume the functions delegated to it by Law 20-217 as of 10 October 2017.

3. Article 9.02- The certification conducted by the Office of Management and Budget certifying the estimated savings through the consolidation within the Department of Public Safety and the estimated saving dollar amount.

4. Article 9.02- The Secretary of DPS certification to the Governor as the fulfillment of the above requirements.

5. A statement discussing how the process of consolidating the Bureau of Police will continue to be subject to compliance with the provisions of the agreement between the United States Department of Justice and Government of Puerto Rico.

6. Whether the Reform Unit of the Police of Puerto Rico, created by the Agreement for the Sustainable Reform, will continue to operate as the unit responsible for the implementation of the reform process as established by the Agreement.

---

[1] The same, like this order, shall be filed in restricted mode.

Civil No. 12-2039 (GAG)

7.    Whether the Police Academy will continue to operate in the training of new cadets and the retraining of police officers or whether a different entity will oversee the instructional process.

8.    How the approved Actions Plans up to date shall continue to be executed.  Any information regarding a possible delay in the execution of the Action Plans and intended remedial action shall also be brought to the attention of the Court.

9.    Budget and resources. In accordance with terms of the Agreement, the Commonwealth of Puerto Rico assigned a determined amount of monies and resources to fund and manage the reform process which to this date has been accomplished by the Police of Puerto Rico.  The Government of Puerto Rico must inform the Court if the Bureau of Police, formerly the Puerto Rico Police Department, will continue to manage the funds and resources assigned or if the Department of Public Safety will assume the management of the aforesaid matters exclusively for the reform process of the Bureau of Police.

10.   Any other matters of concern to the Government of Puerto Rico.

The Court is certainly aware that the passage of Hurricanes Irma and María may have affected steps taken by the Commonwealth as to any of the above matters.  If so, the Commonwealth shall so indicate, and, in addition explain those steps being taken in lieu.

**The US DOJ shall file a memorandum in response on or before January 8, 2018.**

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of October, 2017.

s/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge