**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT<br><br>Defendants | No. 3:12-cv-2039 (GAG) |

**MOTION FOR ORDER TO SHOW CAUSE WHY PUERTO RICO POLICE DEPARTMENT AND MR. HECTOR PESQUERA SHOULD NO BE ADJUDGED IN CIVIL CONTEMPT FOR VIOLATION OF THE AGREEMENT FOR THE SUSTAINABLE REFORM OF THE PUERTO RICO POLICE DEPARTMENT AND ORDERS AT DOCKET NOS. 143 AND 644**

**TO THE HONORABLE COURT**

**COMES NOW,** Colonel Clementina Vega Rosario, through her undersigned attorneys, and very respectfully prays and states as follow:

I. SUMMARY OF ARGUMENT

Colonel Clementina Vega Rosario, former Director of the Puerto Rico Police Department Reform Unit, who was removed from said position in violation of the agreement for the sustainable reform of the Puerto Rico Police Department and this Court's orders at Docket Nos. 143 and 644, move for the enforcement of the agreement and Court's orders, and requests to be reinstated as Director of the Reform Unit and be treated according to PRPD internal Regulations, which were adopted in compliance with the agreement.

II. AGREEMENT TO REFORM THE PUERTO RICO POLICE DEPARTMENT AND THE REFORM UNIT

Due to a long-standing pattern of unconstitutional activity and civil rights violations from the Puerto Rico Police Department ("PRPD"), the United States of America initiated the case of caption to enforce the First, Fourth, and Fourteenth Amendments to the United States Constitution,

1

and the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. The US sought declaratory and injunctive relief to remedy Puerto Rico and PRPD's violations of the law and to ensure that the latter implemented sustainable reforms establishing constitutional and effective policing practices. See Amended Complaint at Docket No. 10.

As a result of the action, and to ensure constitutional law enforcement, on July 17, 2013, the US and the Commonwealth of Puerto Rico signed a settlement agreement to implement a sustainable reform of the PRPD. See Docket No. 60 (hereinafter, agreement or consent decree). Accordingly, the court entered judgment conditionally dismissing the action and retaining jurisdiction to enforce the same. See Docket No. 61. **The agreement is binding on the parties, by and through their officials, agents, employees, and successors**. See Agreement, p. 99, ¶ 286.

The consent decree is a detailed document that orders a comprehensive plan to "…ensure that the PRPD delivers policing services in a manner that upholds civil rights guaranteed by the Constitution and laws of the United States and the Commonwealth of Puerto Rico". See Agreement, p. 4, ¶ 1. To that end, the agreement requires the PRPD to implement specific procedures in different areas to reform such as professionalization of the police force, internal controls for search and seizures and use of force, equal protection and non-discrimination, and recruitment, selection and hiring of PRPD personnel.

In addition, the decree mandates the adoption of policies and procedures consistent with the spirit of the agreement and to assure compliance. "Policies and procedures shall reflect and express PRPD's core values and priorities, and provide clear guidance to ensure that officers and civilians employees lawfully, effectively, and ethically serve the community. **PRPD shall develop comprehensive and agency-wide policies and procedures to ensure consistency with, and full implementation of, each requirement of this Agreement** …". See Agreement, p. 43, ¶ 109. (Emphasis supplied).

Moreover, to ensure compliance, the decree includes requirements for the implementation and enforcement of the agreement. See Agreement, p. 72-100. One of these is the creation of a Reform Unit within the PRPD. See, Agreement, p. 77, ¶ 231. Per the agreement, the Reform Unit shall serve as *the* source of reform within PRPD, as the liaison between the Parties, the TCA, and the CICs, and will assist with PRPD's implementation of and compliance with this Agreement. Id (emphasis added). Furthermore, the Reform Unit **is the entity responsible of coordinating PRPD's compliance and implementation activities, including assisting the PRPD in drafting Actions Plans to implement and achieve compliance with the agreement**. See Agreement, p. 78, ¶¶ 232-234.

On the other hand, regarding its composition, the agreement describes the Reform Unit as "an interdisciplinary and multi-rank unit with the skills and abilities necessary to plan for and facilitate implementation of the Agreement". See, Agreement, p. 77, ¶ 231. In addition, the unit shall include a PRPD Supervisor. See Agreement, p. 78, ¶ 233. The Supervisor needs to be a sworn PRPD employee at the rank of sergeant or above (or anyone acting in those capacities) and non-sworn personnel with oversight responsibility for other officers. See Agreement, p. 16, ¶ ggg.

Furthermore, given the importance of the unit for the implementation of the reform, **the PRPD is obligated to inform the Technical Compliance Advisor (TCA) and the US Department of Justice (DOJ) of any changes to Reform Unit staff, including suspensions, reassignments, and dismissal of personnel**, and the Commonwealth and the PRPD are supposed to make their best efforts to retain the Reform Unit's personnel and resources <u>to ensure continuity of effort and successful implementation of the agreement</u>. See Agreement, p. 78, ¶ 233. (Emphasis supplied). Consistent with this requirement, this Court has issued at least three orders reiterating PRPD's obligation to notify changes in the Reform Unit' staff and the

importance of said notification to avoid disruptions in the adequate implementation of the reform. See, Docket Nos. 143, 388 and 644.

### III. COLONEL VEGA ROSARIO AND HER UNLAWFUL REMOVAL FROM THE REFORM UNIT

Plaintiff, Colonel Clementina Vega Rosario, has been part of the PRPD for 33 years and is one of the few women ever been ascended to the rank of Colonel in the police force. Due to her experience and commitment, Col. Vega Rosario was appointed to direct the newly created PRPD's Reform Unit after the agreement was reached. She occupied said position actively since 2012 and diligently complied with all the responsibilities the same entails. Col. Vega Rosario performed exceptionally as director of the unit always looking for the implementation of the police reform. No complaint was ever raised for her work in the unit. Yet, all her accomplishments were ignored and thrown away in a matter of days and for unlawful reasons.

On October 13, 2017, attorney Yashira M. Vega Montalvo, a PRPD's employee assigned to the Reform Unit, filed an internal administrative complaint against Col. Vega Rosario claiming hostile work environment. The administrative complaint was filed following PRPD internal regulations for cases of such nature. At that time, the PRPD had in place two regulations that were adopted under the agreement which provided the legal and procedural framework for the resolution of such administrative complaint: *Regulations for the Prevention of Discrimination, Harassment and Reprisals* adopted on February 2016 and *Regulation No. 8841 for the Receipt, Processing, Investigation and Adjudication of Administrative Complaints against PRPD's employees* approved on October 31st, 2016. **These regulations were adopted as part of the PRPD reform, as ordered in Paragraph 109 of the decree.**[1]  In fact, in her administrative complaint, attorney Vega Montalvo requested the remedies provided in the *Regulations for the Prevention of Discrimination,*

---

[1] The Regulations expressly cited the agreement as one of its legal basis. A copy of the Regulations could be provided to the court if necessary.

4

*Harassment and Reprisals*. Thus, one would expect that PRPD would follow these rules, which would have guarantee a due process of law to Col. Vega Rosario. But unfortunately that was not the case.

Immediately after the filing of the complaint, the administrative process against Col. Vega Rosario began pursuant to *Regulation No. 8841 for the Receipt, Processing, Investigation and Adjudication of Administrative Complaints*. However, the administrative process was suddenly interrupted by the Secretary of Puerto Rico Public Security Department, Héctor Pesquera. The Secretary took active participation on the matter and, instead of letting the administrative process to continue pursuant to the applicable regulations, he (i) ordered the case to be handled by the Special Investigations Bureau (NIE, by its Spanish acronym), as if it were a criminal investigation[2] (ii) ordered the removal of Col. Vega Rosario from her position as Director of the Reform Unit, and, to add insult to injury (iii) ordered her transfer to the Ponce Region of PRPD. These actions are contrary to the applicable law and regulations and, as relevant here, to the consent decree and this court' orders.

Mr. Pesquera simply ignored the regulations approved pursuant to the decree and personally handled the complaint depriving Col. Vega Rosario of her substantive and procedural rights. With his actions, Mr. Pesquera, and therefore the PRPD, breached the agreement and has irreparably harmed Col. Vega Rosario's reputation, causing her emotional damages in the form of embarrassment, distress, and mental anguishes.

Mr. Pesquera's intervention with Col. Vega Rosario's case is a reflection of how he has been obstructing the implementation of the police reform since his appointment as Secretary of Puerto Rico Public Security Department pursuant to Puerto Rico Law 20 of April 10, 2017; **a statute which, ironically, reorganized PR security agencies to, among other things, comply**

---

[2] The Special Investigation Bureau (NIE) only has jurisdiction to investigate different types of criminal conduct. See PR Law 20 of April 10, 2017, Art. 8.04.

5

**with the requirements of the agreement.** See Legislative Intent of Law 20 of April 10, 2017. Mr. Pesquera, however, has elected to disrupt the ongoing reform by disregarding the policies and procedures that were put in place after the agreement was reached. His actions towards Col. Vega Rosario is just one example, but not the only.

Mr. Pesquera and the PRPD have failed to notify the TCA and the US about the removal of Col. Vega Rosario from the directorship of the Reform Unit. As mentioned before, pursuant to Paragraph 231 of the decree, the PRPD had to inform the DOJ and the TCA of any changes in the Reform Unit' personnel. The reason behind this obligation is making sure that the ongoing reform would not be affected because of changes in the Reform Unit's personnel. Both the DOJ and TCA would definitely intervene should they understand that certain change in the unit's personnel would affect the reform. We must remember that the Reform Unit is *the* source of reform within the PRPD. See, Agreement, p. 77, ¶ 231. It is for that reason that "the PRPD and the Commonwealth are supposed to make their best efforts to retain the Reform Unit's personnel and resources **to ensure continuity of effort and successful implementation of the agreement**". Id. (Emphasis supplied).

Here, not even a minimal effort was made to retain Col. Vega Rosario and, to our knowledge, neither the DOJ nor the TCA have been notified about her abruptly removal as director of the Reform Unit. Thus, without doubt, Mr. Pesquera and the PRPD have deliberately breached the agreement and are putting at risk the police reform agreed therein.

Furthermore, with their actions and omissions, the Secretary and the PRPD have failed to comply with other orders from this Court regarding changes in the Reform Unit's personnel. On July 2nd, 2014, the Court issued an amended order stating:

> "The Puerto Rico Police Department shall, as of this date, inform the TCA, as well as the Puerto Rico and U.S. Department of Justice, of all personnel hirings, promotions, and changes within the Reform Unit of the Puerto Rico Police Department, pursuant to paragraph

6

> 233. **Said notice shall be immediately communicated whenever any decision is contemplated and/or made, and <u>prior</u> to the actual date in which the personnel transaction in fact takes place**. See Docket No. 143 (Underlined in the original and emphasis added).

In addition, and pursuant to the cited order, on November 17th, 2017, the Court ordered the PRPD to notify the TCA and the US of any personnel changes by November 21, 2017. See Docket No. 644.

Notwithstanding these orders, the PRPD has failed to notify the TCA and the DOJ about Mr. Pesquera's decision to remove Col. Vega Rosario as director of the Reform Unit. Thus, not only the PRPD has breached the agreement, it had defied this court's orders regarding the notification of changes in the Reform Unit's personnel.

It should be noted that this Court has addressed the importance of the Reform Unit for the adequate implementation of the police reform. On August 1st, 2016, the Court issued a Transitional Order to ensure continuity of effort and proper implementation of the agreement and to minimize the potential impact of a change of administration in 2016 general elections. See Docket No. 388. Particularly, the order was issued "to mitigate and prevent any undue interruption in operations or abrupt turnover in personnel that is likely to set back the Commonwealth's efforts to implement key civil rights reforms at PRPD". Id. Further, the Court addressed the importance of the Reform Unit personnel and warned that undue interruption or precipitous turnover in the unit would prove detrimental to the progress achieved. See, Docket No. 388 at p. 3-4. Accordingly, pursuant to paragraph 133 of the agreement, the Commonwealth was instructed to notify the Court, the TCA and the US of existing PRPD personnel in the Reform Unit that were critical to the successful implementation of the agreement and even to take affirmative steps in order to retain said personnel until June 30, 2017. See, Docket No. 388 at p. 5, ¶ c.

However, none of these expressions, nor the orders at Docket Nos. 143 and 644, were sufficient for the PRPD to notify the TCA and the DOJ about Mr. Pesquera's decision with regard to Col. Vega Rosario. Her removal was not justified. Her outstanding work in the Reform Unit is unquestionable and the administrative complaint filed against her is not a sufficient ground for her destitution, especially when it has not been resolved according to the applicable regulations. Other motives, **not related to the adequate implantation of the reform**, must have move Mr. Pesquera to summarily dismissed Col. Vega Rosario as Director of the Reform Unit.

### IV. PUERTO RICO POLICE DEPARTMENT NONCOMPLIANCE WITH THE DECREE AND RELIEF SOUGHT

Col. Vega Rosario, who was appointed to direct the PRPD Reform Unit in 2012 pursuant to the decree, is a person by and through which the decree is binding on the PRPD[3], thus entitled to seek its enforcement. See Brennan v. Nassau County, 352 F.3d 60, 62 (2nd Cir. 2003) (Employees hired by the government pursuant to the terms of a consent decree are entitled to seek enforcement of the same under Fed. R. Civ. P. 71). She clearly understands the role of the Reform Unit and is cognizant of the policies and procedures that have been implemented pursuant to the agreement. In addition, she is aware of the orders that the Court has issued regarding the Reform's Unit personnel (Docket Nos. 143 and 644) and has a duty to ensure its compliance. In sum, given her position and duties under the police reform, Col. Vega Rosario is an interested party who is entitled to seek enforcement of the agreement.

It is well settled that a motion for contempt is the proper way to seek enforcement of a consent decree. Hawkins v. Department of Health, 665 F.3d 25, 30 (1st Cir. 2012); Brewster v. Dukakis, 675 F.2d 1, 3 (1st Cir.1982). And the motion for contempt should be presented before the court that entered the consent decree. Rodriguez Rivera v. Pereira Castillo, 2010 WL

---

[3] See Paragraph 286 of the agreement, Docket No. 60, p. 99 ("**This Agreement is binding on all Parties hereto, the parties, by and through their officials, agents, employees, and successors**".

891630, Civil No. 09–1426. Here, the agreement which enforcement Col. Vega Rosario seeks was entered by this Court, and the presiding Judge, Hon. Judge Gustavo Gelpí, retained jurisdiction for its enforcement. Thus, this is the adequate forum to entertain the present motion.

Civil contempt could be employed to coerce compliance with the court's order and compensate the complainant for losses sustained. US v. United Mine Workers, 330 US 258 (1947) cited with approval in Hawkins v. Department of Health and Human Services, 665 F.3d 25 (1st Cir 2012). "To prove civil contempt, a movant must show that (1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order". Hawkins v. Department of Health, 665 F.3d at 31. (internal citations omitted). All of these elements are present in this case.

First, it is unquestionable that the PRPD had notice of the consent decree. The Commonwealth of Puerto Rico, through the Governor and the Secretary of Justice, signed the agreement. Since its execution, the PRPD has been working on its implementation along with the other parties. The docket of the present case evinces such notice. In addition, as it is the case with Col. Vega Rosario, Secretary Héctor Pesquera is a person by and through which the decree is binding on the PRPD.

Second, the obligations set forth in paragraphs 109 and 231 of the agreement are clear and unambiguous. Under paragraph 109, the PRPD had to implement comprehensive and agency-wide policies and procedures to ensure consistency with, and full implementation of, each requirement of the agreement. And, naturally, that includes following such policies and procedures.

For its part, paragraph 231 clearly imposed upon the PRPD the obligation of informing the TCA and the DOJ of any changes of personnel in the Reform Unit, and further mandates that the PRPD and the Commonwealth make their best efforts to retain the Reform Unit's personnel to ensure continuity of effort and successful implementation of the agreement. Thus, definitely, an

unjustified removal of the Director of the Reform Unit would constitute a violation of the agreement.

As to the last two elements for a finding of civil contempt, without doubt the PRPD had the ability of complying with above-mentioned obligations and nonetheless failed to do so. The PRPD could have allowed the administrative process against Col. Vega Rosario to continue pursuant to the Regulations which were approved under the consent agreement. Additionally, the PRPD could have easily notified the TCA and the DOJ Mr. Pesquera's unjustified decision to remove Col. Vega Rosario from the directorship of the Reform Unit. But Mr. Pesquera and PRPD chose differently for reasons that deserve to be question for the sake of the police reform.

Thus, being present all the elements for civil contempt, Col. Vega Rosario requests the Court to enforce the agreement and order: (i) her reinstatement as Director of the Reform Unit; and (ii) that the internal complaint filed against her by attorney Vega Montalvo be treated according to the *Regulations for the Prevention of Discrimination, Harassment and Reprisals* and *Regulation No. 8841 for the Receipt, Processing, Investigation and Adjudication of Administrative Complaints against PRPD's employees*.

**WHEREFORE**, mindful of the federal interest behind the agreement and the importance of the police reform for the well-being of the residents of Puerto Rico, Col. Clementina Vega Rosario, respectfully requests the Court to **GRANT** this motion, and:

(i) conclude that Secretary Héctor Pesquera and the PRPD have breached the agreement with their actions towards her;

(ii) order her reinstatement as Director of the Reform Unit;

(iii) order that the internal complaint filed against her by attorney Vega Montalvo be handled pursuant to the *Regulations* adopted pursuant to the agreement;

(iv)    conclude that Secretary Héctor Pesquera and the PRPD has failed to comply with the Orders at Docket No. 143 and 644; and

(v)     any other remedy the Court deems proper under the law, including sanctions and a reasonable amount of attorney's fees.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 30th day of November, 2017.

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**ANDREU & SAGARDIA**
261 Domenech Avenue
San Juan, PR 00918
Phone (787) 754-1777
Fax (787) 763-8045
jaf@andreu-sagardia.com
jmc@andreu-sagardia.com


s/José A. Andréu Fuentes
José A. Andréu Fuentes
USDC-PR 204409


s/José M. Martínez-Chevres
José M. Martínez-Chevres
USDC-PR 301002