IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

CASE NO. 12-2039 (GAG)

## ORDER

The request to hold DPS Secretary Pesquera in contempt of court, and requesting equitable remedies and sanctions at Docket No. 648 is hereby **DENIED**. At the outset, the court is mindful that the present case, before the court for enforcement purposes, is based on a consent decree-type agreement between US DOJ and Commonwealth.

Col. Vega is not a party to the action, and the Agreement does not contemplate third parties to seek any form of relief. More so, the present motion, while not a request for damages under Section 1983, and/or Puerto Rico law contains all the elements for a cause of action under 42 U.S.C. § 1983; the court is asked to make a determination and enter declaratory and injunctive relief which would subsequently be the basis for any compensatory and punitive damages against Secretary Pesquera to proceed with. The court, thus, cannot— by virtue of the enforcement of the agreement in this case— allow an independent civil rights claim between and individual police officer and Secretary Pesquera. Rather the same must be commenced by the filing of a complaint, service of process and further compliance with the Rules of Civil Procedure. An attempt to do justice in the manner sought would improperly open the floodgates of the court. Every individual claim by a police officer who alleges a violation of his/her civil rights and raises the Agreement as

**Civil No. 12-2039 (GAG)**

a basis would thus be entitled to litigate his claim afoul to the spirit of the Rules and within the present post-judgment jurisdictional conundrum.  For example, Coronel Roberto Salva López, who has sued Commissioner Fraley and Governor Rosselló in Commonwealth court, could also ask that his claim also be decided under the enforcement umbrella of the Agreement.  Others would follow suit.  That would leave US DOJ (as the other party in interest) in a limbo.  Accordingly, Col Vega's motion is hereby **DENIED**.

<u>This ruling does not constitute a decision as to the merits of Col. Vega's grievance nor does this preclude the US DOJ from taking any necessary action, if warranted.  The court at this time expresses no opinion as to the propriety of the same.</u>

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of November, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge