UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, et. al.<br><br>Defendants. | CIVIL NO. 12-2039 (GAG)(PG) |

**MOTION FOR PARTIAL RECONSIDERATION OF ORDER AT DOCKET No. 644**

**TO THE HONORABLE COURT:**

**COME NOW** the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, through the undersigned counsel, and respectfully allege and pray as follows:

## I.  INTRODUCTION

On November 16, 2017, an in-camera status conference was held in this case to update and inform this Honorable Court on all pending matters, as well as to set a realistic date for the next public status hearing in 2018. (*See* Docket No. 632) On that same date, the Court ordered that a joint proposed timetable of all the deadlines agreed upon and/or set by the Court at the status conference be filed by the next day before noon. (*See* Docket Nos. 639 and 640)

On November 17, 2017 this Honorable Court issued an order setting a timetable based on the discussion held in the in-camera status conference on all pending matters. Furthermore, the Court ordered that, pursuant to the order at Docket No. 208, all reports that are to be submitted by the Defendants must be signed by the Governor's Personal

Representative ("GPR").[1] Moreover, the GPR must attend all status conferences and hearings so that the Governor has direct knowledge of the process of the Police Reform, as ordered at Docket No. 208. (*See* Docket 644)

In this motion for partial reconsideration the Commonwealth of Puerto Rico does not intend to object the timetables set at Docket No. 644. The Commonwealth of Puerto Rico respectfully submits this motion in order for this Court to reconsider its Order at Docket No. 644 instructing that "[a]ll reports that are submitted by the Defendants must be signed by the GPR ["Governor's Personal Representative"]." (Docket 644 at 2, line 20).[2] After a careful evaluation of the Court's Order at Docket No. 644, requiring that all reports submitted by Defendants be signed by the GPR, the Commonwealth posits that such order is unwarranted and too burdensome to achieve as instructed by this Honorable Court.

## II.   STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION

Motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. *Kimmel & Silverman, P.C. v. Porro,* 969 F. Supp. 2d 46 (D. Mass. 2013). Therefore, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id.* at 123*; see also Waye*

---

[1] For purposes of consistency in this motion and in abundance of caution, the word "report" will be interpreted as in all documents requested that contained the word "report".

[2] The Court's Orders setting an in camera meeting/status conference of counsel and the court for November 2017, do not reveal that the Governor's Personal Representative was requested to be present at the in-chambers status hearing of November 16, 2017. (*See* Dockets Nos. 632 and 633). Notwithstanding, the GPR has no objection to the court's order at Docket 644 requiring his presence at conferences and/or public hearings.

2

*v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed). *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) *aff'd sub nom. Villanueva-Méndez v. Nieves-Vázquez,* 440 F.3d 11 (1st Cir. 2006).

### III.   ANALYSIS

The Commonwealth acknowledges the discretion that federal courts have "to manage their own affairs." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). But that is not to say that the district court's exercise of that power is unbridled. E.g. *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.*, 370 F.3d 151, 158 (1st Cir. 2004)(discussing that in reviewing the court discretion when granting a preliminary injunction "appellate courts must ensure that the deferential standard of review does not mutate into blind allegiance. The trial court's discretion is not unbridled and 'abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'") (Citation omitted); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 966 (1st Cir. 1993)(the court's power to reallocate assessments under cost-sharing orders are to comport with principles of equity).

In the instant case, this Honorable Court instructed that the designated GPR—attorney Alfonso Orona-Almilivia--sign all reports submitted by defendants—the Commonwealth of Puerto Rico and the Puerto Rico Police Department-- in this case.

(Docket No. 644 at 2, line 20). However, Mr. Orona-Amilivia is neither the attorney of record nor a party in the present case.

Rule 11 of the Federal Rules of Civil Procedure mandates that every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. In this case, this requirement is usually satisfied with the signature of the attorney assigned to the case in the Department of Justice of Puerto Rico, whose authorization comes from the Attorney General of Puerto Rico. The state attorney general in each of the states and territories is the chief legal advisor to the state government and the state's chief law enforcement officer. In Puerto Rico, the attorney general serves as the head of the state Department of Justice, with responsibilities similar to those of the United States Department of Justice to protect the public interest of the state and its people.

The Court's directive upon the Commonwealth, requiring that all reports must be signed by the GPR, who is not the attorney of record or a party to the case, impacts defendants' effectiveness and swiftness in the review process of reports. Recently, this Honorable Court, in its discretionary authority, has imposed short deadlines on the Commonwealth, and has denied requests for extensions of time. (*See* Docket Nos. 641 and 642). Moreover, this additional requirement implies that the GPR is privy to the day to day operations in the Puerto Rico Police Bureau ("PRPB"). However, as the chief legal advisor to the Governor, it is too burdensome on the Governor to micromanage all aspects of the Police Reform Case. This is not to say that the Governor does not acknowledge the importance and commitment to the Police Reform case. Notwithstanding, the PRPB is undergoing a comprehensive and important sustainable reform process, which goal is

complete and independent sustainability that the PRPB is able to uphold and defend for years to come, without further intervention from third/external parties. Added superfluous or redundant bureaucracy could potentially stall or create hurdles in the party's goal of attaining a reliable and sustainable process.

Therefore, in order to achieve maximum productivity in the Commonwealth's painstaking management of the Police Reform process, without additional clearance from high-end Government officials that could result inefficient, inasmuch as the GPR is not the attorney of record and he is not privy to the day to day operations in PRPB, the Commonwealth request that the GPR be excluded from signing all reports in this case.

### IV.     Conclusion and Prayer

The Commonwealth appreciates the Courts thoughtfulness in that the Governor has direct knowledge of the process of the Police Reform as ordered at Docket No. 208. Therefore, defendants have already taken affirmative actions to make sure that the Governor is inform of matters in this case. However, the Commonwealth considers that having the GPR sign all future reports in this case could cause internal difficulties in the review process and can lead to Kafkaesque bureaucracy that needs to be avoided. Consequently, in the spirit of maintaining an effective and productive handling of the case, and avoid possible delays, and/or additional requests of extension of time, the Commonwealth respectfully request that this Court partially reconsider its order of having the GPR sign all reports in this case.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated and grant this request to partially reconsider the Courts Order at

Docket No. 644 and relief the Governors Personal Representative from signing all reports in this case.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on December 1, 2017.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov