UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff;<br><br> v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>      Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT MOTION INFORMING THE COURT OF MATTERS RELATED TO THE
AFTERMATH OF HURRICANE MARIA**

  COME NOW, Plaintiff, the United States of America, and Defendants, the Government of Puerto Rico, et al., (collectively, the Parties), with the concurrence of the Technical Compliance Advisor (TCA), and inform this Court of matters related to the aftermath of Hurricane Maria, in compliance with the Court's Order of October 4, 2017.  (Doc. 624, 632.)  As the Court observed in its Order, the devastation left in the wake of Hurricane Maria has presented serious challenges to the Island and its residents.  The recovery will continue to require close collaboration and mutual assistance to ensure that services and protections are restored to all communities.  As part of this broader recovery effort, the Parties remain committed to the successful implementation of policing reforms under the Agreement for the Sustainable Reform of the Puerto Rico Police (Agreement) (Doc. 60) in furtherance of the constitutional rights at issue in this case.

  Through this Joint Motion, the Parties inform the Court of the actions they have taken with the TCA to ensure continued progress on reforms that were underway before Hurricane Maria and to assess the current conditions facing the Puerto Rico Police Bureau (PRPB).  Given the significant impact of Hurricane Maria on the infrastructure and operations of PRPB, and the

ongoing emergency deployment of PRPB officers, this Joint Motion provides a preliminary update on recovery plans concerning the Agreement (Doc. 60) and related Action Plans (Doc. 550-1).  The Parties and the TCA will continue to work collaboratively to develop a new compliance framework that considers the post-Maria scenario, available resources, and the challenges and opportunities posed in rebuilding PRPB and related infrastructure.  Specifically, following the brief introduction below, the Parties describe their work with the TCA to develop and revise agency policies and negotiate initial agreements to extend certain deadlines for training.  The next section identifies areas that require additional evaluation by the Parties and the TCA, and that will be the subject of the next joint informative motion due on January 31, 2018.  (*See* Order of 11/17/17 at 2, Doc. 644.)

## I.     Introduction

On September 19, 2017, Hurricane Maria struck Puerto Rico, causing widespread devastation across the Island.  At the time, Puerto Rico was recovering from damage left in the wake of Hurricane Irma.  Just prior to Hurricane Maria's landfall, on September 17, 2017, Governor Rosselló declared a state of emergency and deployed the National Guard.  (Executive Order 2017-047, "Declaring State of Emergency Due to Impending Hurricane Maria, as well as Deploying the National Guard to Provide Support During this Emergency, Sep. 17, 2017, *available at* https://estado.pr.gov/es/ordenes-ejecutivas/.)  The Police Superintendent (now the Commissioner) activated PRPB's emergency plans, and thousands of officers sheltered in police precincts across the Island and braced for Hurricane Maria's impact.  Over the course of two days, Puerto Rico was hit by the most powerful hurricane in 80 years.

Following the passage of the storm, officers deployed for rescue and recovery, and government officials surveyed the immediate damage.  Public safety officials oversaw efforts to

restore police operations, reinforce security, and address the public safety needs of civilians and officers alike.  In the ensuing days and weeks, the Commissioner also began re-assigning PRPB personnel back to reform-related tasks, including assessing Hurricane Maria's impact on pending policy development and training.  On September 27, 2017, PRPB made two initial requests for extensions for policies due on September 30, 2017 and five training courses due by the end of 2017, discussed in greater detail below.  The TCA approved these requests, pursuant to Paragraph 239 of the Agreement,[1] the following day, on September 28, 2017.

At the direction of this Court, the TCA also conducted an initial assessment of perceivable challenges to the reform process immediately after the passage of the storm.  (Order of 10/4/17 at 1, Doc. 624.)  Additionally, the Parties and the TCA began discussing the issues outlined in the Court's October 4 Order related to proposed modifications, vital training needs, and policy development.  (*See id*. at 2-3.)  These discussions occurred through in-person meetings and conference calls in October and November 2017.  As part of these discussions, the Commissioner and PRPB personnel provided briefings on contingency plans in five essential areas related to:  (1) the safety of detained individuals; (2) the investigation of uses of force; (3) the investigation of misconduct complaints against officers; (4) the control and storage of police weapons and ammunition; and (5) the preservation of evidence.  The TCA and his team of subject-matter experts and attorneys also contributed significantly to these discussions through independent observations and assessments of the Police Academy, information and communication systems, policies, training, and other related field operations.

---

[1] Under Paragraph 239, Puerto Rico may request modifications to existing timeframes in the Action Plans.  For good cause, including budgetary and funding limitations, the TCA may extend a timeframe by up to four months.  Longer extensions must also be approved by the United States.  All modifications, including extensions approved by the TCA and the United States, must be filed with the Court for ultimate approval.

Puerto Rico remains under a state of emergency and much of PRPB's personnel and resources are focused on the ongoing emergency response. National Guard personnel and peace officers from across the United States continue to be deployed in Puerto Rico to reinforce public safety and security on the Island. With the assistance of the Federal Emergency Management Agency and other entities, PRPB also continues to assess its infrastructure, communication systems, and operations. At the same time, PRPB continues to undergo other administrative changes as a result of Law 20 of 2017 creating the Puerto Rico Department of Public Safety (DPS). On October 10, 2017, PRPB became integrated into DPS.

The Parties submit this initial Joint Motion against the backdrop above and with the understanding that additional evaluations are necessary before advancing more definitive modification and recovery proposals. The information discussed below on policy development, training agreements, and areas requiring further evaluation is based on the current view of the Parties and the TCA regarding prevailing conditions facing PRPB and available resources.

**II.     Ongoing Policy Development and Agreements on Training Requirements**

As the Court noted in its October 4 Order, the Parties and the TCA resumed work on policy development shortly after the passage of Hurricane Maria. On September 27, 2017, PRPB requested a 30-day extension to submit new and revised policies to the United States and the TCA for review and comment. On October 31, 2017, PRPB's Reform Office submitted 20 proposed policies, regulations, and procedure manuals for review. PRPB also initiated an assessment of training requirements and submitted an initial extension request on September 27, 2017 related to five core training courses. PRPB also began assessing its training capabilities in light of extensive damage to the Police Academy and several command area training centers.

4

Specifically, the Parties and the TCA have worked on the policies and procedures listed below and have reached agreement on the date that PRPB will resume regular training.

### A. Policies submitted for review and comment on October 31, 2017

On October 31, 2017, PRPB submitted the following proposed policies, regulations, and procedure manuals for review by the United States and the TCA:

1. PRPB Ethics Code
2. General Order on Summons and Court Appearances
3. Student Regulation
4. General Order on Performance Evaluation
5. Operations Manual for Criminal Investigations
6. General Order on the Auxiliary Superintendence for Professional Responsibility (SARP)
7. General Order on Confidential Affairs
8. General Order on the Drugs, Narcotics, Vice Control and Illegal Firearms Bureaus
9. Regulation on Administrative Complaints against PRPB Employees
10. Protocol for the Management and Disclosure of Radio Communications
11. General Order on the Force Investigation Units
12. Investigation Manual for SARP
13. General Order on the Function and Responsibilities of the Domestic Violence Division
14. General Order on Interventions with Foreign Individuals
15. General Order on the Use and Management of Criminal Incident Maps
16. General Order on the Early Intervention System
17. Procedures Manual for the Early Intervention System
18. Protocol for the Investigation of Domestic Violence Involving PRPB Personnel
19. General Order on the Investigation of Domestic Violence
20. Standard Operating Procedure for Domestic Violence Investigations

The Parties and the TCA held comment reconciliation meetings on several of the policies listed above in October and November, 2017, and PRPB took additional steps to incorporate comments to move these policies toward final approval.  On November 30, 2017, PRPB submitted additional materials to the Parties and TCA for review and comment.  The Parties and the TCA have agreed to continue their discussion on policies on December 11-12, 2017.

### B. Agreements on Training Requirements

Shortly after the passage of Hurricane Maria, on September 27, 2017, PRPB requested an extension to complete training on five courses by January 15, 2018. The TCA approved the extension on September 28, 2017, pursuant to Paragraph 239 of the Agreement. However, based on the extent of damage to training facilities and the need for continued emergency deployment of personnel, PRPB has been unable to resume training to pre-Maria levels. At the request of PRPB, the Parties and the TCA have agreed to an additional extension that would permit PRPB to resume training on January 15, 2018, as set forth in the table below. PRPB also resumed firearm qualifications under low-level lighting conditions on November 6, 2017 and expects to complete the training by December 15, 2017. Based on serious concerns raised by the TCA regarding the condition of the shooting ranges, PRPB has taken steps to address those concerns and has agreed to conduct additional inspections to ensure the safety of PRPB officers and personnel.

| Course Code | General Order | Original Due Date | Date to Resume Training |
|---|---|---|---|
| REA 603 | Baton | 9/27/17 | 1/15/18 |
| REA 615 | Arrest and Summons | 10/24/17 | 1/15/18 |
| REA 617 | Police Ethics | 10/24/17 | 1/15/18 |
| REA 604 | Pepper Spray | 11/11/17 | 1/15/18 |
| REA 602 | Electronic Control Weapon | 12/5/17 | 1/15/18 |
| REA 601-605 | Use of Force | 1/30/18 | 1/15/18 |
| REA 624 | Transgender | 6/10/18 | 1/15/18 |
| REA 612 | Search and Seizures | 8/12/18 | 1/15/18 |
| REA 623 | Police Pursuits | 9/17/18 | 1/15/18 |
| REA 622 | Sexual Offenses | 10/24/18 | 1/15/18 |
| REA 627 | Domestic Violence | 5/29/19 | 1/15/18 |

### III. Areas Requiring Further Evaluation

The Parties and the TCA continue to evaluate other critical areas of the Agreement and the Action Plans to determine whether any modifications are necessary, pursuant to Paragraph 239 of the Agreement. These evaluations include an assessment of damage and recovery plans

for training facilities and other police buildings, information technology and communication systems, and equipment. The evaluations also include an assessment of personnel and resource availability. Specifically, the Parties and the TCA agree to continue discussions on the following areas and compliance issues to determine whether modifications to timeframes are necessary:

- A. Restoring reliable communications
- B. Restoring information systems
- C. Completing the staffing and resource allocation study and implementing the staffing plan, pursuant to Paragraph 13 of the Agreement\
- D. Completing investigations of civilian complaints
- E. Resuming force reviews and investigations
- F. Restoring computer-aided dispatch systems
- G. Resuming training, pursuant to Paragraph 237 of the Agreement
- H. Resuming reorganization of the Drug Units
- I. Rebuilding the Police Academy
- J. Instituting virtual training
- K. Re-convening civilian interaction committees and public information meetings
- L. Resuming development of crisis intervention teams
- M. Coordinating emergency-related training
- N. Conducting a PRPB organic transportation readiness capability assessment
- O. Conducting a PRPB personnel wellness assessment review
- P. Conducting a PRPB budget analysis for recovery operations and reform
- Q. Conducting a PRPB sustainment capability assessment (Buildings)
- R. Conducting a PRPB special units training and capabilities assessment (Canine, Mounted Police, Special Weapons and Tactics, and Tactical Operations Division)

S. Reviewing the condition of shooting ranges

T. Determining completion dates for training courses resuming on January 15, 2018

## IV. Conclusion

The present situation presents enormous challenges to Puerto Rico, but it also presents unforeseen opportunities to restructure and rebuild PRPB in a manner that promotes greater efficiencies and effectiveness. The Parties and TCA remain committed to advancing the specific goals and objectives of the Agreement to ensure continued progress in the implementation of critical reforms.

WHEREFORE, the Parties respectfully request that the Court take notice of the foregoing.

Respectfully submitted, this 1st day of December, 2017,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice |
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section | **WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation |
| *s/ Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER**<br>**LYNDA GARCIA**<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530 | **SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |

Tel: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorneys for Plaintiff


Concurring:

*s/ Arnaldo Claudio*
**ARNALDO CLAUDIO**
Technical Compliance Advisor


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 1st of December, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

                                       *s/Luis E. Saucedo*
                                       LUIS E. SAUCEDO (G01613)
                                       Counselor to the Chief