UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　　　Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT MOTION SUBMITTING RECOMMENDATIONS ON
EXECUTIVE-LEVEL APPROVAL IN DEFENDANTS' COURT FILINGS**

　　COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), and respectfully submit their recommendations on the responsibilities of the Governor's Personal Representative (GPR) in connection with Defendants' pleadings to ensure that important decisions have the approval of the Governor in furtherance of the Court's Orders of November 17, 2017 (Doc. 644) and December 1, 2017 (Doc. 653).  The Parties respectfully request that the Court consider the recommendations set forth below, which provide for executive-level approval of important matters related to the Agreement for the Sustainable Reform of the Puerto Rico Police (Agreement) (Doc. 60) and account for the intended role of the GPR to facilitate the Governor's participation in the case.  For cause, the Parties allege and state:

　　1.　On March 6, 2015, the Court requested that then-Governor Alejandro Garcia Padilla appoint a personal representative to "attend all in-court events on his behalf." (Doc. 208.)  The appointment was intended to ensure that the Governor has "direct knowledge of the process of the Police Reform." (*Id.*)  The Court also intended for the representative to have direct contact with the Technical Compliance Advisor and counsel for the Parties. (*Id.*)  On

April 14, 2015, then-Governor Garcia Padilla appointed his public safety advisor, Maria Teresa Rivera Corujo, as his personal representative in this case.  (Doc. 222.)

2.   On January 30, 2017, after the change in administration in Puerto Rico, Defendants informed the Court that Alfonso Orona Amilivia would serve as Governor Ricardo Rosselló Nevares' personal representative.  (Doc. 473.)  Mr. Orona Amilivia is the Governor's chief legal advisor.  As GPR, Mr. Orona Amilivia attended the public hearings in February and May 2017.

3.   On November 17, 2017, following the November 16 status conference, the Court ordered the GPR to sign all reports submitted by Defendants and attend all status conferences and hearings "so that the Governor has direct knowledge of the process of the Police Reform," in accordance with the Court's March 2015 Order.  (Doc. 644.)

4.   On December 1, 2017, Defendants sought partial reconsideration of the Court's November 17 Order concerning the directive that the GPR sign all reports.[1]  (Doc. 652.)  Defendants argued that the GPR's signature on all pleadings was unwarranted under Rule 11 of the Federal Rules of Civil Procedure and too burdensome based on the GPR's various responsibilities.  (*Id*. at 2, 4-5.)  On the same day, December 1, the Court ordered the United States to file a response to Defendants' motion for reconsideration by December 8.  (Doc. 653.)  The Court also instructed the Parties to confer and seek agreement on recommendations that the Court should consider regarding filings that must be signed by the GPR.  (*Id*.)

---

[1]   Defendants are not seeking reconsideration of the Court's orders directing the GPR to attend all status conferences, public hearings, and in-court events.  Accordingly, the recommendations presented herein only address those filings that the GPR is required to affirm, in lieu of signing, and not those events that the GPR is required to attend.

2

5. The Parties conferred as directed by the Court and have agreed to present the joint recommendations below for the Court's consideration in lieu of the United States' response due on December 8, 2017. The joint recommendations are intended to ensure that the Governor is appropriately apprised of important matters involving the implementation of reforms under the Agreement and that the Governor approves of substantive positions advanced by Defendants in their pleadings and reports to the Court, as certified by Defendants' attorneys of record. Accordingly, the Parties make the following joint recommendations:

    a) As the attorneys of record for Defendants, the Puerto Rico Department of Justice will continue to sign all pleadings, motions, and other papers, as required by Rule 11 of the Federal Rules of Civil Procedure.

    b) As part of all pleadings and reports submitted by Defendants that advance substantive positions or address Defendants' compliance with the Agreement and this Court's orders, Defendants' attorneys of record shall certify that the Governor, through the GPR, approves of the position or compliance information advanced by Defendants. The GPR's signature shall not be required. The above-mentioned pleadings and reports shall include, but are not limited to, filings required by the Agreement as follows:

        (1) Paragraph 261 regarding Defendants' semi-annual reports;

        (2) Paragraph 239 regarding requests to modify Defendants' action plans;

        (3) Paragraph 286 regarding the assignment, transfer, or succession of compliance-related obligations to a new or reorganized government agency or entity;

        (4) Paragraph 296 regarding proposed modifications to the Agreement; and

  (5) Paragraph 300 regarding termination of the Agreement.

c) Defendants' attorneys of record shall not be required to certify the Governor's approval of pleadings, motions, or other papers filed by Defendants that raise purely procedural issues, such as motions for extensions of time.

WHEREFORE, the Parties respectfully submit the foregoing recommendations for the Court's consideration to ensure that the Governor has direct knowledge and approves of important decisions advanced by the Commonwealth in substantive pleadings and reports submitted by Defendants.

Respectfully submitted, this 8th day of December, 2017,

| | |
|---|---|
| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice |
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section | **WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation |
| | **SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy |
| *s/ Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER**<br>**LYNDA GARCIA**<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov | *s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |
| Attorneys for Plaintiff | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th of December, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

>*s/Luis E. Saucedo*
>LUIS E. SAUCEDO (G01613)
>Counselor to the Chief