**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff;<br><br>   v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>               Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT INFORMATIVE MOTION AND STIPULATION REGARDING DOCKET
ENTRIES 648 AND 651**

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), in response to Order, ECF No. 651 (Nov. 30, 2017), to reaffirm their a mutual interest in the Puerto Rico Police Bureau ("PRPB") conducting timely and impartial investigations of allegations of misconduct by Bureau personnel, and in PRPB implementing approved policies and regulations. The Parties further stipulate to certain measures designed to ensure the implementation of policies and regulations on the handling of complaints against PRPB personnel in accordance with the Agreement for the Sustainable Reform of the Puerto Rico Police Department (hereinafter, "Agreement"), including policies and regulations that have been approved by the Technical Compliance Advisor ("TCA").

### I. Factual Background

On November 30, Puerto Rico Police Bureau ("PRPB") Colonel Clementina Vega (hereinafter "Movant") filed, through counsel, a Motion for Order to Show Cause Why Puerto Rico Police Department and Mr. Hector Pesquera Should No [sic] Be Adjudged in Civil

Contempt (hereinafter "Motion for OSC").[1]  ECF No. 648 (Nov. 30, 2017).  ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  In her Motion, movant alleged that she was removed from her position as Director of the PRPB Reform Unit in violation of the Agreement and the Court's Orders, docketed electronically at ECF Nos. 143 and 644.  Specifically, the Motion alleges that, contrary to the Agreement and PRPB regulations and policies, the Puerto Rico Secretary of Public Safety, Héctor Pesquera, ordered that the Bureau of Special Investigations ("NIE," for its Spanish acronym) handle the workplace harassment complaint as if it were a criminal investigation, and removed Colonel Vega from her position as Director of the Reform Unit and transferred her to the Ponce PRPB Area Command.

This Court denied the Motion.  Order, ECF No. 649.  The Court found that the Agreement does not permit third parties to seek any form of relief.  *Id.* at 1.  The Court also ordered that it "cannot—by virtue of the enforcement of the agreement in this case—allow an independent civil rights claim between an[] individual police officer and Secretary Pesquera."  *Id.*  The Court disclaimed any decision on whether Colonel Vega's allegations violated the Agreement or PRPB policies and regulations, and explicitly did not preclude the United States from taking action on the allegations.  *See id.* at 2.

Colonel Vega sought reconsideration of the Court's denial of her Motion.  ECF No. 650.  The Court denied the Motion for Reconsideration and reaffirmed its earlier Order.  ECF No. 651.  In the Order denying the Motion for Reconsideration, the Court stated that it will consider the information submitted by Colonel Vega, based on compliance concerns raised by the United

---

[1] The Motion for OSC refers to the Puerto Rico Police Department, which entity was subsumed into the Puerto Rico Department of Public Safety, effective October 10, 2017.  Accordingly, this Informative Motion and Stipulation refers to the entity formerly known as the Puerto Rico Police Department by its current name, the Puerto Rico Police Bureau, or PRPB.

States. *Id.* The Court also directed PRPB and the United States to submit simultaneous memoranda on the matter. *See id.* The Court encouraged the parties to meet and come an agreement or stipulation, and file a joint informative motion. *See id.*

## II. Discussion

The Parties agree that the Court properly denied the Motion for OSC. In the Motion, Colonel Vega alleges that the Commonwealth defendants departed from PRPB policy in assigning the administrative complaint against Colonel Vega to NIE, removing her as Director of the Reform Unit, and ordering her transferred to the Ponce Area Command. As the Court ruled in response to the Motion for OSC, "[T]he Agreement does not contemplate third parties to seek any form of relief." Order, ECF No. 649 (Nov. 30, 2017); *accord* Agreement ¶ 287 ("This Agreement is enforceable only by the Parties. No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement or otherwise."). Accordingly, the Court properly denied Colonel Vega's Motion.

The Parties agree, however, that the allegations in the Motion, if proven true, might raise issues that implicate the requirements of the Agreement. As set forth in the Agreement, and reaffirmed here, the Parties have a mutual interest in PRPB conducting timely and impartial investigations of allegations of misconduct by Bureau personnel, and in PRPB implementing approved policies and regulations. Accordingly, the Parties stipulate that Defendants will take the following actions:

1. Implement approved policies and regulations, pursuant to Paragraph 229 of the Agreement, specifically Regulation 8841 on the Handling of Misconduct Complaints

3

and the Internal Regulation on Workplace Discrimination, Harassment, and Retaliation.  In particular, PRPB will direct all complaints to the Auxiliary Superintendence for Professional Responsibility ("SARP", for its Spanish acronym) for investigation; SARP will take approved provisional measures to prevent further harm once a complaint has been made; and SARP will refer allegations involving apparent criminal conduct to criminal investigators.

2. Prospectively, PRPB will notify the United States and the TCA if PRPB takes actions that deviate from approved regulations and the reasons for such deviation, beginning with any such deviations in the handling of the administrative complaint against Colonel Vega and other related complaints.  If the United States or the TCA believe that deviation is inappropriate, the Parties will follow the dispute resolution process set forth in the Agreement.  If PRPB takes actions that deviate from approved regulations and the United States and the TCA believe the deviation is appropriate, the Parties and the TCA will consider whether any modifications to these regulations or other requirements are necessary.

The Parties further stipulate that any information PRPB provides to the United States and the TCA regarding administrative steps taken in response to complaints of official misconduct will, as is the practice in this case, be held in the strictest confidence in accordance with Paragraph 269 of the Agreement.

The investigation into the allegations against Colonel Vega is ongoing.  Because that investigation is ongoing, the Parties take no position at this time concerning the merits of Colonel Vega's underlying claims or whether her removal as Director of the Reform Unit and transfer to another position was consistent with the Agreement.

WHEREFORE, the Parties respectfully submit the foregoing stipulations for the Court's consideration to ensure the timely and impartial investigations of allegations of misconduct by Bureau personnel, and safeguard paragraph 287 of the Agreement that unmistakably provides that the provisions of the Agreement are not intended to benefit third parties in their attempt to seek any form of relief.

Respectfully submitted, this 11th day of December, 2017,

For Plaintiff UNITED STATES OF AMERICA:

**JOHN M. GORE**
Acting Assistant Attorney General
Civil Rights Division

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section

*s/ Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
Counselor to the Chief
**BRIAN BUEHLER**
**LYNDA GARCIA**
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorneys for Plaintiff

For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.:

**WANDA VAZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy in Charge of General Litigation

**SUSANA PENAGARICANO BROWN**
Director Federal Litigation and Bankruptcy

*s/ Joel Torres Ortiz*
**JOEL TORRES ORTIZ**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext.2647,2650,2624
Fax (787) 723-9188
joeltorres@justicia.pr.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th of December, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

*s/Luis E. Saucedo*
LUIS E. SAUCEDO (G01613)
Counselor to the Chief