# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL<br>　　　　　Defendants | No. 12-cv-2039 (GAG) |

## INFORMATIVE MOTION

To the Honorable Court:

**Comes Now** the Technical Compliance Advisor (TCA) Arnaldo Claudio, represented by the undersigned attorney and respectfully states and prays as follows:

1. The Technical Compliance Advisor, hereinafter the TCA, has received information related to the current absenteeism problem of the Puerto Rico Police Bureau, which clearly affects the Agreement for the Sustainable Reform of the Police of Puerto Rico and the same is presented to this Honorable Court in this motion.

2. The TCA further submits that Paragraph 255 of the Agreement for the Sustainable Reform of the Police of Puerto Rico provides the following:

"**255**. In addition to recommendations set out in the TCA's six-month reports, at the request of DOJ or PRPD, based on the TCA's reviews, the TCA may make recommendations to the Parties regarding measures necessary to ensure timely, full, and effective implementation of this Agreement. Such recommendations may include technical assistance or a recommendation to change, modify, or amend a provision of the Agreement."

3. On December 6, 2014, in the First TCA Six Months Report the TCA informed the following:

"Notwithstanding this overall level of commitment, the TCA has identified an important area of concern that could be considered a particularly local one, and separate from the Reform, which could assume a much larger role in the reform process. The TCA feels compelled to address matters pertain to the compensation of police officers, including overtime and sick leave which have been fraught with delays, and have created a mood of cynicism among the police rank and file, whose acceptance and effective cooperation with the Agreement is crucial to the success of the Reform, even though the above important matters are not expressly addressed in the Agreement. The above situation is having a negative effect on morale, and the TCA has at times observed work slowdowns and increased sick leave to call out the predicament in a form of possibly impermissible protest. PRPD is well aware of these challenges and is working with the Office of Management and Budget (OMB) attempting to solve said issues. The TCA is of the opinion that if the above salary related matters are not resolved in the near future, the addressed situation in all likelihood will have an adverse effect on the Reform."

3. The TCA has continued to observe the situation of police absenteeism since his report in 2014; however, this time it flared up in a manner and proportion never seen before directly affecting the safety and security of the citizens of Puerto Rico and the Reform process. On December 22, 2017, a telephone conference, pursuant to the mandate of this Honorable Court on Docket 681, was held between the TCA and the representatives of the USDOJ covering the theme of current police absenteeism on account of unpaid extra work hours as a result of the crisis encountered after the passing of hurricanes Irma and Maria. The budgetary problems of the Commonwealth of Puerto Rico and the inadequate accountability of extra hours by the Bureau of Police has caused non-payment and/or delayed payments in most of the cases and the police force, led by several policemen associations has responded by reporting sick and failing to appear to work. The daily mass failure to report was reported by the TCA to affect the Agreement and to provoke the following dislocations of policing duties:

1. Substantial reduction in supervisors, particularly sergeants, adversely affects the implementation of the Reform, particularly with respect to the "use of force" as well as the channeling of domestic violence incidents.

2. The reduction in the number of members of the force affects the capacity of PRPD to respond to complaints about missing persons and the handling of mentally ill persons.

3. The reduction in PRPD members results in an increase in the absences of policemen from the courts and a substantial delay that affects the rights of defendants to a speedy trial. Such delays may ultimately cause the dismissal of criminal prosecutions.

4. Absenteeism increases the possibility of inadequate response by duty conscious members who are overwhelmed with long work days and additional stress in their jobs.

5. The Agreement intended to promote public safety by providing PRPD officers with the tools, guidance, and resources that they need to fight crime effectively. The failure in the implementation of the Action Plans regarding training of the force will create a lack of leadership and poor quality of supervision plus an inefficient and untrained force.

6. Failure of a full and sustained implementation of this Agreement challenges directly the notion of a police force that can protect public safety, guarantee individual civil rights and increase public confidence in the police.

7. Interaction with Community Interaction Councils ("CICs") and other community representatives to facilitate regular communication and cooperation between PRPB and community leaders at local level has been directly affected. Community partnerships and problem-solving strategies are basically non-existing today.

8. The "Capacity Building Period" is at risk. It requires about 20% of the force to be trained daily to complete this action. With over 80% absent this will be impossible to complete.

9. Lack of personnel to run training at the Academy.

10. Safety and security at the ranges with lack of personnel to run an effective training range. Only correct, professional training increases office hit probability. Mere qualification shooting does not, and it puts at risk everyone.

11. Lack of reporting and supervision concerning use of force events. With absent supervisors force reviews and investigations carried out by Force Investigation Units ("FIU") are not being completed and reported.

12. Use of untrained National Guard assets to implement safety and security of communities in substitution of police create situations where incidents are not recorded and citizens' complaints are not followed.

13. Citizen's complaints are not being processed adequately.

14. Specialized units are all outside the training certifications (K9, Mounted Police, DOT, SWAT).

15. Command and Control of police forces is directly affected.

16. Reform unit cannot perform its responsibilities under the Agreement.

17. Curriculum development for new policies cannot be accomplished.

18. Academy is ineffective.

19. No training at Area Commands.

    4. The TCA also informed and commented in said telephone conference on recent news of multiple crimes not being timely investigated on account of police absenteeism. A sudden rise in the area of violent crime related to murders and car-jacking was also brought to the attention of the USDOJ representatives. The TCA suggested different alternatives to deal with the situation including, technical advice by conducting an assessment regarding the payment process, information technology and manpower resources used to process the payments, and engaging the power of the Court to move, through the issuance of court orders, the Secretary of the Department of Security, the Police Commissioner and the directors of the various policemen associations to enforce compliance, starting with those involved in critical and essential police work.

    5. As of this date, the absenteeism situation has not improved, and violent street crime being reported by the news continues on the rise. There are various police stations throughout the island that remain closed during night hours placing at risk the safety and well-being of the citizens and of those policemen that continue to serve under these unfavorable conditions . The

4

TCA has discussed this alarming situation with the Special Agents In Charge of various federal law enforcement agencies operating in Puerto Rico and they have expressed their concerns on the obvious effect that police absenteeism will have on the overall ability to deter crime.

6. It is respectfully submitted by the TCA that since the outset of the current "absenteeism problem" no known disciplinary measures have been taken to deter recidivism of said misconduct. The present overwhelming number of daily absentees has risen to a degree where individual investigation of employee misconduct, as the one recently ordered, will take such a long time that disciplinary procedures will, more likely than not, outlive the tenure of the Secretary of Public Security and the Police Commissioner. The disciplinary provisions of the PRPB are lengthy, time consuming and subject to "de novo" review by the Comisión de Investigación Procesamiento y Apelación (C.I.P.A.). The disciplinary problem, which is deep-rooted in a labor problem, is also compounded by the recent approval of Law 8 of February 4, 2017, Art. 9, Section 9.1(2)(c), allowing public employees to stay absent from work on account of a medical condition without having to submit a medical certificate if the absence is less than three days.

7. The TCA respectfully submits that the above described situation unequivocally affects the capacity building period, as mandated by the Agreement, by affecting the timeframes set forth in the Action Plans. It should be noted that this Honorable Court recently granted a four (4) months extension on account of (a) unexpected challenges that have delayed the policy approval process, and (b) additional time required to draft policies and regulations capturing amendments to Act 53-1996 which has been superseded by Act 20-2017.

8. The TCA respectfully submits its availability to meet with and cooperate with the parties by providing continuing technical advice to solve this extreme situation.

WHEREFORE, the Technical Compliance Advisor respectfully requests this Honorable Court to issue an Order to the parties to inform on the above described situation and submit proposals for remedial action to further the mandates of Agreement for the Sustainable Reform of the Police of Puerto Rico.

Certificate of Service: I hereby certify that copy of the foregoing motion has been electronically notified to all parties through the Court's system.

In San Juan, Puerto Rico, this 4th. day of January, 2018.

S/ Antonio R. Bazán
Antonio R. Bazán González
U.S.D.C. No. 117007
Banco Cooperativo Plaza Bldg.
Suite 604-B, #623 Ponce de León Ave.
San Juan, Puerto Rico, 00918.
Tel. No. (787) 764-7684 & (787) 249-3070