**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                    Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT INFORMATIVE MEMORANDUM ON MEETING HELD REGARDING OFFICER ABSENTEEISM AT THE PUERTO RICO POLICE BUREAU**

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico[1], et al., (collectively, the Parties), and respectfully submit this Joint Memorandum on their January 10, 2018 meeting concerning absenteeism at the Puerto Rico Police Bureau (PRPB), pursuant to the Court's January 6, 2018 Order. ECF No. 694. In the Order, the Court noted and agreed "with the plethora of serious concerns raised by both the [United States Department of Justice] and [Technical Compliance Advisor (TCA)] regarding the recent and unprecedented massive absenteeism by law enforcement officers of PRPB." *Id.* The Court instructed the Parties and the TCA to meet to "assist and discuss possible means to solve this crisis which gravely affects public security" and to submit a joint memorandum "discussing the results of said meeting, and proposing possible solutions." *Id.*

**I.    Background**

At a status conference on December 20, 2017, the Court "expressed its concern as to how the unprecedented police absenteeism could greatly affect the Reform." Min. and Order of

---

[1]    The Government of Puerto Rico does not waive its right to raise a jurisdictional objection to the Court's Order at Docket No. 694.

12/20/17, ECF No. 681.  The Court instructed the United States to file a restricted memorandum "outlining all issues as to this matter" by January 5, 2018, and ordered PRPB and the Puerto Rico Department of Justice to address these issues during the week of January 22, 2018.  *Id.*

One day before the United States' memorandum was due, on January 4, 2018, the TCA filed an Informative Motion setting forth information that he had received related to the "current absenteeism problem" at PRPB.  Informative Mot. at 1, ECF No. 691.  The TCA indicated that the information "clearly affects the Agreement for the Sustainable Reform of the Police of Puerto Rico" in reference to the consent decree entered in this case.  *Id.*  After noting the historical dimension of the problem,[2] the TCA observed that "budgetary problems of the Commonwealth of Puerto Rico and the inadequate accountability of extra hours by the Bureau of Police has [sic] caused non-payment and/or delayed payments in most of the cases and the police force, led by several policemen associations[,] has responded by reporting sick and failing to appear to work."  *Id.* at 2.  The TCA listed 19 police duties related to the Agreement that were affected by the "daily mass failure" of officers to report to work.  *Id.* at 3-4.  The TCA suggested the following three alternatives to address the situation:  (1) technical advice by the TCA related to the payment process; (2) information and manpower resources used to process payments; and (3) the issuance of Court orders to enforce compliance.  *Id.* at 4.  The TCA recognized in the Informative Motion that the compensation of officers is beyond the scope of the Agreement.  *Id* at 2.

---

[2]   The TCA recounted from his first monitoring report that the compensation of officers, including overtime and sick leave, was "fraught with delays, and . . . created a mood of cynicism among the police rank and file," whose acceptance and cooperation he described as "crucial" to the success of the Agreement.  *Id* at 2 (quoting First Six-Month Report at 8-9, ECF No. 203).

On January 5, 2018, the United States filed a Memorandum on Compliance Issues Related to Officer Absenteeism in compliance with the Court's December 20, 2017 Order. ECF No. 692. The United States requested that the Commonwealth supply additional information on officer absenteeism and its impact on 20 compliance-related activities that Defendants agreed to undertake as part of their recovery planning in this case. *Id.* at 2-4; *see also* Jt. Informative Mot., ECF No. 656. The United States requested the information to "evaluate potential barriers to compliance and potential solutions to ensure continued implementation of the Agreement." *Id.* at 2. The United States also recognized that officer absenteeism is not directly covered by the Agreement.

On January 6, 2018, the Court ordered the Parties and the TCA to meet during the week of January 8, 2018 to discuss officer absenteeism. ECF No. 694. The Court instructed the Parties and the TCA to "discuss possible means to solve this crisis which gravely affects public security" and to submit a joint memorandum "discussing the results of said meeting, and proposing possible solutions." *Id.* The Court observed, "While a solution to said problem is not contemplated by the Agreement, said complex problem certainly impacts most, if not all, areas of the Agreement itself." *Id.* Among other things, the Court also "strongly urged [all officers of the PRPB] to resume their duties and report to work accordingly while all issues are resolved." *Id.*

On January 10, 2018, the Parties and the TCA met at La Fortaleza to discuss the absenteeism issue. The United States participated by telephone due to the unavailability of flights. Present for the United States were: Plaintiff's Counsel Luis Saucedo and Brian Buehler; Sarah López, Investigator; and Jennifer Rivera, Paralegal. Present for the Commonwealth were: Defendants' Counsel Susana Peñagaricano and Joel Torres; Alfonso Orona, Chief Legal Advisor

to the Governor and the Governor's Personal Representative; Estrella Vega, Advisor to the Secretary of the Department of Public Safety (DPS); Lorena Garcia, DPS Counsel (by telephone); Yashira Vega, Director of the Policy and Procedures Section of the PRPB Reform Office; Zulma Canales, DPS Director of Management Affairs; and Jennie López, PRPB Director of Appointments.  Present for the TCA's Office were:  Arnaldo Claudio, TCA; Marcos Soler, Deputy TCA (by telephone); Attorneys Antonio Bazán, Federico Hernandez Denton, and Alfredo Castellanos; and Eric Guzmán, TCA Executive Officer.

**II.      Discussion**

The Parties and the TCA discussed the high level of absenteeism by PRPB officers, including potential causes of the absenteeism, the Commonwealth's response to the absenteeism, and the impact on the Commonwealth's compliance with the Agreement (ECF No. 60).  The United States and the TCA referenced their observations and requests for information, as set forth in their respective filings on January 4 and 5, 2018.  *See* ECF Nos. 691, 692.

In response to questions posed by the United States and the TCA regarding the potential causes of officer absenteeism, the Commonwealth reported the following:

a. A potential cause of the high level of absenteeism is the historical problem of tracking and paying overtime by PRPB.  This problem was compounded by the passage of Hurricanes Irma and Maria, and the Commonwealth's fiscal situation.

b. The Commonwealth did not have sufficient information to identify other potential causes of officers' absenteeism.  However, the Government of Puerto Rico is conducting an investigation to find out what is the root cause of the current police absenteeism.

c. The Commonwealth did not have information regarding the number of absent officers to share with the United States and the TCA during the meeting.  The Commonwealth agreed to provide this information for the period December 1, 2017 through the present, as well as information on the number of PRPB precincts closed due to personnel shortages, on January 11, 2018.  The Commonwealth has not produced responsive information as of the date of this Memorandum.  The Commonwealth

requests additional time to provide the information requested regarding the level of absenteeism and the number of police precincts closed.

In response to questions posed by the United States and the TCA regarding the Commonwealth's response to the high level of absenteeism, the Commonwealth reported the following:

a. The Commonwealth, through DPS, is initiating an investigation into absenteeism at PRPB. The investigation is focused on identifying violations by individual officers and systemic problems that contribute to officer absenteeism. The investigation is expected to take six months.

b. The Commonwealth is working with the Federal Emergency Management Agency (FEMA) to expedite the processing of overtime requests related to the passage of Hurricane Maria. The Commonwealth has paid $12,000,000 to officers in overtime in 2017, which includes reimbursements from FEMA.

c. PRPB continues to develop an electronic timekeeping and payment system, including an application that is specifically designed to facilitate the payment of overtime. PRPB tested the overtime application in November and December 2017, following delays related to the passage of Hurricanes Irma and Maria. PRPB plans to implement a live version of the overtime application in March 2018. PRPB needs human and technology resources to fully implement the overtime application. Other work needed to implement the overtime application includes revising agency policy and training instructors and officers.

d. The Commonwealth has notified officers that they must return to work and that those officers who are untruthful regarding the reason for their absence are subject to discipline. This, subject to the provisions of Act 26-2017, as amended, which requires the submission of a medical certificate, after being absent for more than three days.

e. The Commonwealth did not provide additional proposed solutions because it could not identify additional causes of the absenteeism problem. However, as mentioned above, the Government of Puerto Rico is conducting an investigation to find out what is the root cause of the current police absenteeism. The Commonwealth also acknowledged the TCA's offer of technical assistance, pursuant to Paragraph 255 of the Agreement (ECF No. 60).

In response to questions posed by the United States and the TCA regarding the impact of officer absenteeism on the Commonwealth's compliance and recovery plans related to the Agreement for Sustainable Reform of the Puerto Rico Police Department, the Commonwealth reported the following:

a. The Commonwealth was unable to respond to the 19 issues identified by the TCA in his Informative Motion (ECF No. 691) or the 20 issues identified by the United States in its Memorandum (ECF No. 692) because Commonwealth staff with relevant information were not present.

b. The Commonwealth is expected to resume training on January 15, 2018, as agreed to in the Joint Motion Informing the Court of Matters Related to the Aftermath of Hurricane Maria (ECF No. 656) and ordered by the Court on December 4, 2017 (ECF No. 659).

The Parties and the TCA recognized the Court's admonishment in the January 6 Order that "the ultimate solution – whatever it may be – lies in the first place in the hands of the Puerto Rico government." Order of 1/6/18, ECF No. 694. In its Order, the Court further stated that the "order should not be construed to imply that the federal executive and judicial branches will not act on the matter if called upon." *Id.* The Parties and the TCA also recognized that the Commonwealth is required to implement remedial measures related to overtime payments required by the Federal Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*¸ as part of a consent judgment entered in *Pérez v. Puerto Rico Police Department*, No. 3:16-cv-02849 (D. P.R.) (filed on Oct. 18, 2016). On January 12, 2018, a separate joint status report in *Perez* was filed with the Court addressing, among other things, the Commonwealth's compliance with the payment plans that are set forth in the consent judgment. (*See* 16-cv-02849, ECF No. 23).

The Commonwealth reports that it is willing to continue discussions on officer absenteeism with the TCA and the United States as part of future monitoring visits and to inform

the Court of future actions that are taken to resolve the issue should high officer absenteeism continue.

WHEREFORE, the Parties and the TCA respectfully request that this Court take notice of the foregoing.

Respectfully submitted, this 12th day of January, 2018,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice |
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section | **WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation |
| *s/ Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER**<br>**LYNDA GARCIA**<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br><br>Attorneys for Plaintiff | **SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 12th of January, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

                                      *s/Luis E. Saucedo*
                                      LUIS E. SAUCEDO (G01613)
                                      Counselor to the Chief