UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　　Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT MOTION SUBMITTING RECOMMENDATIONS ON
LIFTING RESTRICTIONS ON DOCKET ENTRIES 721 AND 723**

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), and respectfully submit their recommendations on lifting restrictions on two court filings for viewing by the public, in compliance with the Court's Order of February 5, 2018.  ECF No. 726.  In the Order, the Court instructed the Parties to "jointly inform as to whether the following filings may be unrestricted, or should continue in restricted mode:  Docket Nos. 721, 723."  *Id.*  Docket Number 721 is the Technical Compliance Advisor's (TCA) Assessment Report on the Puerto Rico Police Bureau's (PRPB) response to public demonstrations, and Docket Number 723 is the TCA's Seventh (Interim) Six-Month Report.  As set forth below, the Parties recommend that the Court lift the restriction on both filings to allow public viewing of these documents, with the exception of the List of Identifiers for the crowd control assessment, ECF No. 721-2, which should remain restricted.

As a general matter, the Parties agree that the public has a presumptive right of access to judicial records and that compelling reasons must exist to justify continued nondisclosure of these documents.  *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (internal citations

omitted). This Court has found that there is "great public interest in the Police Reform Process" in particular. Order, at 1, ECF No. 726. The Parties address each of the two filings at issue in turn.

### A. TCA's Seventh (Interim) Six-Month Report

The TCA's Seventh (Interim) Six-Month Report should be unsealed, pursuant to Paragraph 250 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). Paragraph 250 requires that the TCA file written public reports every six months.

The Court granted the TCA's Motion to Restrict Contents of Motion Submitting Seventh (Interim) Six-Month Report Containing Sensitive Information on February 5, 2018. Order, ECF No. 727. The Parties have reviewed the restricted Six-Month Report and have determined that no redactions are necessary to protect confidential or personally-identifying information. Accordingly, the Parties recommend that the Court lift the restriction on the Six-Month Report in its entirety to permit public viewing as contemplated in the Agreement.

### B. TCA's Assessment Report

The TCA's Assessment Report on PRPB's response to public demonstrations should also be unsealed, for the reasons animating paragraph 250 of the Agreement. The Assessment Report, like six-month reports, is intended to assess the Commonwealth's compliance with the action plans and Agreement. The TCA prepared the Assessment Report for public viewing. Assessment Rep. at 5, ECF No. 721-1.

The Assessment Report is also a judicial record to which the public presumptively should have access. "Judicial records" are those "materials on which a court relies in determining the litigants' substantive rights." *Kravetz*, 706 F.3d at 47 (quoting *In re Providence Journal*, 293

F.3d 1, 9-10 (1st Cir. 2002)).  The TCA's findings and conclusions in his reports relate to Defendants' compliance with the terms of the Agreement and are intended to "assess and report on PRPD's implementation of this Agreement and whether implementation is having the intended beneficial impact on policing and community trust in Puerto Rico," pursuant to Paragraph 227 of the Agreement.  Thus, this Court could rely upon the Assessment Report in making substantive determinations about compliance with the Agreement.  This qualifies the Assessment Report as a "judicial record," accessible by the public.

The Court granted the TCA's Motion to Restrict Contents of Informative Motion Containing Sensitive Information on February 7, 2018.  Order, ECF No. 732.  The Parties have reviewed the restricted Assessment Report and have determined that no redactions are necessary to protect confidential or personally-identifying information.  The TCA used pseudonyms to protect the identity of witnesses who provided information to the TCA.  Assessment Rep. at 5, ECF No. 721-1.  Accordingly, the Parties recommend that the Court lift the restriction on the Assessment Report, ECF No. 721-1, and retain the restriction on the List of Identifiers, ECF No. 721-2.

This conclusion is consistent with a treatment of the Assessment Report pursuant to Agreement paragraph 250.  Paragraph 250 authorizes the TCA to redact publicly filed audits or reviews as necessary for privacy concerns, while maintaining the underlying nonpublic data.  *See* Agreement ¶ 250.  The TCA expressly intended the List of Identifiers to remain nonpublic, in a procedure like that in Agreement paragraph 250(c).  The specific identities of witnesses were not the focus of the TCA's opinions and conclusions in the Assessment Report.  The TCA's opinions and conclusions were focused on systemic issues, such as policies, training, and practices.

WHEREFORE, the Parties respectfully submit the foregoing recommendations that the Seventh (Interim) Six-Month Report and the Assessment Report should be unsealed for public viewing, but the restriction maintained on the List of Identifiers, ECF No. 721-2. The Parties request that the Court accept the Parties' recommendations.

Respectfully submitted, this 15th day of February, 2018,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>**STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section<br><br>*s/ Brian Buehler*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER** (G01813)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel: (202) 353-1100<br>Fax: (202) 514-4883<br>brian.buehler@usdoj.gov<br><br>Attorneys for Plaintiff | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice<br><br>**WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation<br><br>**SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 15th of February, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

                                          *s/Brian Buehler*
                                          BRIAN BUEHLER (G01813)
                                          Trial Attorney