**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL NO. 12-2039 (GAG)(PG)** |
| **Plaintiff,** | |
| **v.** | |
| **COMMONWEALTH OF PUERTO RICO, et. al.** | |
| **Defendants.** | |

**MOTION FOR PARTIAL RECONSIDERATION OF ORDER AT DOCKET No. 713**

**TO THE HONORABLE COURT:**

**COME NOW** the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, through the undersigned counsel, and respectfully allege and pray as follows:

## I.    INTRODUCTION

On January 24, 2018, Legal Advisor to the Technical Compliance Advisor ("TCA"), filed an informative motion informing that pursuant to the directives of the court, the members of the Office of the Technical Compliance Advisor had been issued new official identification cards, with their names, position, picture and official seal of the United States District Court for the District of Puerto Rico. Moreover, it informed that the above credentials have been approved and signed by the court, and are to be used only while on official duties for the present case as stated on the back of each ID card. (*See* Docket No. 712)

On that same date, the Court ordered that "the Commonwealth Police Bureau and Department of Public Safety shall immediately advise all of its dependencies that

this credential is the only necessary identification for the **Monitors** from the TCA Office to enter any of its facilities and that upon so doing, the Commonwealth shall inform the Court." (*See* Docket 713) (Emphasis added) During the last TCA's visit, the TCA used the new credentials and the word "monitor" could be seen in the new identifications.

In this motion for partial reconsideration, the Commonwealth of Puerto Rico does not intend to object the accessibility that the TCA has to enter the facilities of the Commonwealth pursuant to the Agreement. The Commonwealth of Puerto Rico respectfully submits this motion in order for this Court to reconsider its Order at Docket No. 713, instructing that the word "Monitor" be used as part of the TCA's credentials in replacement of the word "Technical Compliance Advisor". After a careful evaluation of the Court's Order at Docket No. 713, it can be ascertained that the use of the word "Monitor" is not consistent with the Agreement and, thus, respectfully request that the current credentials be change with the wording that has been used since the beginning of the reform process "Technical Compliance Advisor".

## II.    STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION

Motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. *Kimmel & Silverman, P.C. v. Porro,* 969 F. Supp. 2d 46 (D. Mass. 2013).  Therefore, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id.* at 123*; see also Waye v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa.,

1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed). *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) *aff'd sub nom. Villanueva-Méndez v. Nieves-Vázquez,* 440 F.3d 11 (1st Cir. 2006).

### III.    ANALYSIS

In the instant case, this Honorable Court instructed that the new credentials are the only necessary identification for the Monitors from the TCA Office to enter any of its facilities. As previously stated, the Commonwealth does not object or question the access that the TCA's Office needs and has in order to carry out its duties pursuant to the Agreement. Rather, the Commonwealth contends that the used of the word "monitor" in the credentials is not consistent with what the Parties agreed in the Settlement Agreement. Indeed, throughout the entirety of the Settlement Agreement, the word "monitor" or "monitoring" is not used once. The reason behind the absence of the word "monitor" in the Settlement Agreement is because as part of the negotiations with the United Sates Department of Justice in the Settlement Agreement, one of the conditions that the Commonwealth raised to enter into the Agreement was that a Technical Compliance Advisor measure compliance, not a monitor. As a result of the negotiations, both Plaintiff and Defendant agreed in the Settlement Agreement to use the word "Technical Compliance Advisor" instead of the word "monitor". Even if this Court determined that the word "TCA" and "monitor" are synonymous, which the Commonwealth rejects, there is still a need that the credential of the TCA's office is consistent with the Agreement.

The Settlement Agreement defines the TCA as "a person or team of people, including any employee, agent, or independent contractor of the TCA, who shall be selected to review, assess, and report on the Commonwealth of Puerto Rico's implementation of this Agreement." (*See* Docket No. 60, ¶11-jjj). The word "monitor" is absent from this definition. Accordingly, the use of the word "monitor" or "monitoring" is not consistent with the Agreement. Moreover, the Agreement states that "the TCA shall only have the duties, responsibilities, and authority conferred by this Agreement. The TCA shall not, and is not intended to, replace or assume the role and duties of PRPD, including the Superintendent, UCCJ, or any other agency official of the Commonwealth of Puerto Rico. The TCA shall be subject to the supervision and orders of the Court, consistent with this Agreement, the Court's dismissal order, and applicable law." (*See* Docket No. 60, ¶226). In the above mentioned Paragraph reveals that the Agreement states that the TCA's is subject to the supervision and orders of the Court, provided that the TCA's duties are consistent with the Agreement. Therefore, the Commonwealth requests that this Honorable Court reconsider its Order at Docket 713 and eliminate the word "monitor" from the TCA's credentials so that the identifications used to access the Commonwealth's facilities are consistent with the Agreement.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated and grant this request to partially reconsider the Courts Order at Docket No. 713 and eliminate the word "monitor" from the TCA's credential so that the identifications used to access the Commonwealth's facilities are consistent with the Agreement.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on February 16, 2018.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of
Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov