## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Defendants. | No. 12-cv-2039 (GAG/PG) |

## JOINT MEMORANDUM IN RESPONSE TO
## INFORMATIVE MOTION AT DOCKET NO. 747

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), and respectfully submit their joint memorandum in response to the Informative Motion filed by Colonel Clementina Vega of the Puerto Rico Police Bureau (PRPB) on February 21, 2018, ECF No. 747. The Informative Motion raises issues related to an ongoing administrative investigation involving Col. Vega. The Court instructed the Parties to confer and address whether the Informative Motion affects provisions of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement) and, if so, what action should be taken, if any. Order of 2/21/18, ECF No. 748. The Parties submit this joint memorandum in compliance with the Court's Order.

As set forth below, the Parties do not take a position on Col. Vega's allegations involving potential retaliation and discrimination, and agree to refer the allegations to PRPB's Auxiliary Superintendency of Professional Responsibility (SARP, in Spanish) as part of its ongoing administrative investigation into a related complaint. The Parties also agree that, as director of PRPB's Reform Office, Col. Vega should receive all necessary resources to administer the Reform Office in accordance with Paragraph 231 of the Agreement. The Commonwealth

certifies in the attached exhibit that Col. Vega has access to a telephone line, a computer, Internet connection, and other supplies necessary to administer the Reform Office from her temporary duty station at the Police Academy in Gurabo, Puerto Rico.  The United States does not have any information suggesting that Col. Vega lacks the necessary resources to administer the Reform Office.  Accordingly, the Parties agree that judicial intervention is not necessary at this time.

I.     **Background**

Under the Agreement and related Commonwealth regulations, PRPB has an obligation to ensure that all allegations of officer misconduct are investigated fully and fairly by trained investigators.  *See* Agreement ¶¶ 159, 194, ECF No. 60; Jt. Informative Mot. at 3-4, ECF No. 683.  Misconduct allegations, including workplace harassment complaints and allegations of retaliation, are investigated administratively by PRPB through SARP.  As Col. Vega acknowledges in her filings, SARP is investigating a workplace complaint against Col. Vega. *See* Mot. for Order to Show Cause at 4-5, ECF No. 648; Informative Mot. at 2, ECF No. 747. The SARP investigation is open and ongoing.

According to the Commonwealth, the Interim PRPB Commissioner assigned Col. Vega to a temporary duty station at the Police Academy in Gurabo, Puerto Rico, as a precautionary measure while the SARP investigation is ongoing.  Col. Vega remains in her position as Director of the Reform Office.  The Reform Office serves as the source of reform within PRPB, and PRPB is required to provide members of the Reform Office with "all necessary training and resources to successfully complete their tasks."  Agreement ¶ 231.  Col. Vega requires basic communication and office equipment, such as a telephone, computer, Internet connection, and other supplies to administer the Reform Office in an effective manner.

On February 21 and 27, 2018, the Parties conferred regarding Col. Vega's Informative Motion to determine whether the allegations raise any compliance-related issues.

## II.   Discussion

While Col. Vega does not have standing to enforce the Agreement,[1] her Informative Motion raises two compliance-related issues that require the Parties' attention.  First, the Informative Motion alleges potential retaliation and discrimination by PRPB in its imposition of precautionary measures related to an underlying workplace complaint against Col. Vega. Retaliation and discrimination, if proven, are prohibited practices under the Agreement, PRPB policy, and federal and Commonwealth law.  Second, the Informative Motion alleges that Col. Vega is unable to adequately supervise the Reform Office because she lacks basic office resources at her temporary duty station at the Police Academy in violation of the Agreement. The Parties address each issue in turn.

Col. Vega alleges potential retaliation and discrimination in the manner in which PRPB is imposing precautionary measures against her as part of an ongoing administrative investigation involving workplace harassment.  It would be premature for the Parties to form any opinion or conclusion regarding Col. Vega's allegations while the SARP investigation is open.  Under the Agreement and related regulations promulgated by the Commonwealth, SARP is the agency responsible for conducting full and impartial investigations into allegations of officer misconduct.  *See* Agreement ¶¶ 11(ddd), 159-196.  It is imperative that the Parties and the

---

[1]     Order, ECF No. 649 (Nov. 30, 2017) (denying Col. Vega's motion for order to show cause as a non-party in the instant case); *accord* Agreement ¶ 287 ("This Agreement is enforceable only by the Parties.  No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement or otherwise.")

Technical Compliance Advisor (TCA) follow agreed-upon procedures for the investigation of misconduct complaints against PRPB officers to ensure that all complaints are investigated in an objective, thorough, and timely manner.  Accordingly, the Parties do not take a position on Col. Vega's allegations at this time and agree to refer them to SARP for investigation as collateral issues arising from an existing and ongoing investigation.

Colonel Vega's allegations that she lacks basic resources to adequately supervise the Reform Office, if proven true, might raise issues that implicate Paragraph 231 of the Agreement. Paragraph 231 requires that members of the Reform Office receive "all necessary training and resources to successfully complete their tasks."  ECF No. 60.  The Parties agree that, notwithstanding PRPB's imposition of precautionary measures, Col. Vega should have access to basic office resources to carry out her duties as Director of the Reform Office to include a telephone, a computer, Internet connection, and office supplies.  These resources are necessary to assign compliance-related tasks, coordinate monitoring activities, and communicate with the Reform Office, the Parties, the TCA, and other internal and external stakeholders.  The Commonwealth certifies that it has inspected Col. Vega's temporary duty station at the Police Academy and has verified that she has access to necessary office resources to successfully fulfill her duties as Director of the Reform Office.  *See* Certification, attached hereto as Ex. A.  The Commonwealth has advised Col. Vega that if she requires additional office resources, Col. Vega should make the request through the PRPB chain-of-command with a copy to counsel for the Commonwealth.  The United States will continue to monitor this situation to ensure that the Reform Office is conducting its responsibilities as required under the Agreement.

III.   **Conclusion**

The Parties have conferred as instructed by the Court to determine whether Col. Vega's Informative Motion raises compliance-relates issues.  The Parties agree that Col. Vega's allegations concerning potential retaliation and discrimination should be referred to, and investigated by, SARP as the appropriate investigative entity designated by the Agreement and related Commonwealth regulations.  The Parties do not express any opinion or conclusion regarding Col. Vega's allegations at this time.  The Parties further agree that Paragraph 231 of the Agreement requires that Col. Vega receive necessary resources to carry out her duties as Director of the Reform Office, even when assigned to a temporary duty station.  The Commonwealth certifies that Col. Vega has access to necessary resources to administer the Reform Office, and the United States will continue to monitor the situation to ensure compliance with the Agreement.  Accordingly, no judicial action is warranted at this time.

WHEREFORE, the Parties respectfully request that this Court take notice of this joint memorandum in response to Col. Vega's Informative Motion in compliance with the Court's February 21, 2018 Order, ECF. No. 748.

Respectfully submitted, this 1st day of March, 2018,

For Plaintiff UNITED STATES OF AMERICA:

**JOHN M. GORE**
Acting Assistant Attorney General
Civil Rights Division

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section

For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.:

**WANDA VAZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy in Charge of General Litigation

**SUSANA PENAGARICANO BROWN**
Director Federal Litigation and Bankruptcy

_s/ Luis E. Saucedo_                          _s/ Joel Torres Ortiz_
**TIMOTHY D. MYGATT**                         **JOEL TORRES ORTIZ**
Deputy Chief                                  U.S.D.C. NO. 302311
**LUIS E. SAUCEDO** (G01613)                  Federal Litigation Division
Counselor to the Chief                        Department of Justice
**BRIAN BUEHLER** (G01813)                    P.O. Box 9020192
Trial Attorney                                San Juan, P.R., 00902-0192
U.S. Department of Justice                    Tel. (787) 721-2900, ext.2647,2650,2624
Civil Rights Division                         Fax (787) 723-9188
Special Litigation Section                    joeltorres@justicia.pr.gov
950 Pennsylvania Avenue, NW
Washington, DC 20530                          Attorneys for Defendants
Tel: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st of March, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

_s/Luis E. Saucedo_
LUIS E. SAUCEDO (G01613)
Counselor to the Chief