### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et. al.**<br><br>**Defendants.** | **CIVIL NO. 12-2039 (GAG)(PG)** |

### MOTION IN COMPLIANCE WITH ORDER AT DOCKET No. 758

**TO THE HONORABLE COURT:**

  **COME NOW** the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, through the undersigned counsel, and respectfully allege and pray as follows:

1. On February 28, 2018, counsel for the Technical Compliance Advisor ("TCA") filed an informative motion with an exhibit alleging possible violations made by the Secretary of the Department of Public Safety ("DSP", in its Spanish acronym) of the order of this Honorable Court regarding documents that remain sealed in the docket of this case. *See* Docket 756.

2. On that same date, this Honorable Court ordered that the parties file, on or before March 7, 2018, a joint restricted motion discussing the matter addressed by Counsel Bazán. *See* Docket 758.

3. On March 7, 2018, the Parties submitted a joint motion requesting leave to file separate briefs in response to the TCA's informative motion at Docket 756. *See*

Docket 764. On that same date, this Honorable Court granted the parties request and ordered that it be filed ex parte. *See* Docket 765.

4. The Commonwealth of Puerto Rico and its officials are well aware that matters that are restricted cannot be discussed with third parties, except upon prior authorization of the Court and that this rule applies to every case before the Court, civil and criminal, and must be enforced.

5. The court has discretion to weigh the need for secrecy against the public's right of access. The common law presumes a right of public access to judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)   It stems from the premise that public monitoring of the judicial system fosters the important values of "quality, honesty and respect for our legal system."   *Standard Fin. Mgmt.*, 830 F.2d at 410 (citation and internal quotation marks omitted). The presumption extends to records of civil proceedings.   *See id.* at 408 n. 4.

6. Though the public's right of access to such materials is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access.   *See id.* at 410.   It follows that when a party requests a seal order, or, as in this case, objects to an unsealing order, a court must carefully balance the competing interests that are at stake in the particular case. *See Nixon*, 435 U.S. at 599, 98 S.Ct. 1306; *In re Globe Newspaper Co.*, 920 F.2d 88, 96 (1st Cir.1990).

7. The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)

8. In the instant case, the Informative Motion at Docket 756 failed to specify which restricted document was allegedly violated, forcing Defendants to ferret through the ten-(10)-page exhibit (Docket 756-1) attached to the Informative Motion. Moreover, the TCA's motion does not identify what information provided by the Secretary of the DSP in the interview allegedly violates the Courts Order.

9. As a result, Defendants find themselves in the difficult position of having to comply with the Court's Order, directing the parties to discuss the matter addressed by Counsel of the TCA in the Informative Motion, which fails to duly identify the putative violation with direct reference to it. All Defendants have to assist them in this endeavor--compliance with the Court's order at Docket 758--, is the attached exhibit--newspaper article.

10. Notwithstanding the above, the Commonwealth does not see a violation of the Courts Order as describe by the TCA's Counsel. Currently, there are approximately more than fifteen (15) documents sealed in this case and of those sealed documents there are portions that have been made public, as in the case of Docket 288 and 613.

11. For example, on page 4 of the TCA's exhibit in its informative motion, there is mention that the TCA interfered with activities that did not concern him because the TCA violated "the agreement by going to representatives and legislators, to expose their position on Law 20." *See* Docket 756-1, p.4. The violation

3

expressed by the Secretary is a political activity by the TCA. This statement made by the Secretary in the interview is not information contained in any sealed document in this case.

12. In Docket 613, this Honorable Court made public that the TCA, his employees, agents and independent contractors are prohibited from taking part, engaging in and/or endorsing political activity both in their official and personal capacities… **Political advice and/or endorsement** of any kind to current elected officials and/or political candidates are expressly prohibited. *See Id.* (Emphasis added)

13. Therefore, Pesquera's expression in the interview, limited to possible violations by the TCA regarding political activity, is public information. Likewise, the other topics covered in the interview (e.g. absenteeism, rise in murder rates, collecting data from the hurricane, TCA Report, May 1, 2017 demonstration against the Oversight Board, the Secretary's salary) are all public information.

14. Consequently, it is possible for a party to publicly make reference to an unsealed portion of the document that was previously sealed. Even with the lack of specificity in the TCA's informative motion, it is the opinion of the Commonwealth that the comments made by the Secretary of Public Safety are consistent with public documents in this case and of public knowledge.

15. It bears noting that the vague and unspecified allegation as to a possible violation made by the Secretary of the DSP of the order of this Honorable Court regarding documents that allegedly remain sealed in the docket of this case could undeservedly curtail and encroach on First Amendment rights under the Constitution without proper notice and consideration.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated, finding Defendants in compliance with this Court's order at Docket 758.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on March 7, 2018.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

<u>**S/JOEL TORRES ORTIZ**</u>
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov