UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                    Defendants. | No. 12-cv-2039 (GAG/PG) |

**UNITED STATES' RESPONSE TO INFORMATIVE MOTION OF THE
TECHNICAL COMPLIANCE ADVISOR AT DOCKET NO. 756**

COMES NOW, Plaintiff, the United States of America, and respectfully submits its Response to the Informative Motion filed by Attorney Antonio Bazan on behalf of the Technical Compliance Advisor (TCA) on February 28, 2018, ECF No. 756.  In the Informative Motion, the TCA alleges that the Secretary of the Puerto Rico Department of Public Safety, Hector Pesquera, violated the Court's orders when he made comments to a local newspaper on matters that are under seal in this case.  *Id.* at ¶ 2.  As set forth more fully below, the United States does not take a position at this time on whether Secretary Pesquera's comments, as reported in *El Nuevo Dia*, constitute a "flagrant violation" of the Court's orders, as alleged by the TCA.

**I.**     **Background**

Throughout this litigation, the Parties and the TCA have filed numerous documents in restricted mode at the direction of this Court.  Likewise, the Court has issued several orders in restricted mode for viewing only by the Parties and the TCA.  On December 20, 2017, the Court instructed the Parties to "jointly inform the Court what documents should be redacted and unrestricted and/or continue in restricted mode."  Min. of Proceedings and Order at n. 1, ECF No. 681.  On February 2, 2018, the Parties filed a joint motion recommending the unsealing of

certain filings for public viewing.  ECF No. 724.  Upon consideration of the Parties' recommendation and its own assessment, the Court maintained 15 filings in restricted mode and lifted the restriction on 37 other filings.  Order of 2/5/18, ECF No. 726.

Among the restricted filings kept under seal by the Court is the Sealed Order Issuing Directives to the Technical Compliance Advisor and the Parties (December 2015 Directives), Order of 12/10/15, ECF No. 288.  *See* Order of 2/5/18, ECF No. 726.  The Court issued a public version of the December 2015 Directives on August 23, 2017, Order, ECF No. 613, but kept other background information in the December 2015 Directives in restricted mode.

On February 28, 2018, counsel for the TCA, Antonio Bazan, informed counsel for the United States that *El Nuevo Dia* had published an interview with Secretary Pesquera.  Mr. Bazan reported that Secretary Pesquera's comments, if made, pertained to matters that were under seal in the case.  The United States understands that Mr. Bazan also informed counsel for the Commonwealth about the published interview.  That same day, February 28, Mr. Bazan filed an Informative Motion on behalf of the TCA requesting that the Court take judicial notice of Secretary Pesquera's interview with *El Nuevo Dia.*  ECF No. 756.[1]  In the Informative Motion, Mr. Bazan alleged that comments reportedly made by Secretary Pesquera constituted a "flagrant violation of the order of this Honorable Court regarding documents that remain sealed in the docket of this case."  *Id*. ¶ 2.

On the same date, February 28, the Court instructed the Parties to submit a "joint restricted motion" regarding the matters raised by Attorney Bazan.  Order of 2/28/18, ECF No. 758.  The Court reminded the Parties and their officials that "matters that are restricted cannot be

---

[1]  The TCA attached an English-version copy of Secretary Pesquera's interview with *El Nuevo Dia* to the Informative Motion.  ECF No. 756-1.

discussed with third parties, except upon prior authorization of the Court." *Id.* The Court further admonished, "This rule applies to every case before the Court, civil and criminal, and must be enforced." *Id.* On March 7, 2018, the Court granted the Parties' request for leave to file separate briefs on the matter. ECF No. 765.

**II.     Discussion**

The United States does not possess sufficient information at this time to determine whether Secretary Pesquera violated the Court's orders on restricted filings in his published interview with *El Nuevo Dia*. The TCA does not cite to any specific comment by Secretary Pesquera in the press interview attached to the Informative Motion, nor does he reference any specific sealed document that is the subject of the alleged disclosure. It is essential to determine what specific comment and restricted filing are at issue to establish that a violation of the Court's orders has occurred, particularly in determining whether Secretary Pesquera should be held in contempt of Court.[2] Given the lack of specificity in the TCA's Informative Motion, the United States is unable to determine whether Secretary Pesquera's reported comments violate the Court's orders, including whether any additional relief is warranted beyond the admonishment issued in the Court's February 28, 2018 Order reminding the Parties and their officials not to discuss matters that are restricted with third parties, without authorization from the Court, ECF

---

[2]     A court possesses the authority to hold a party in contempt for failure to comply with a court's order. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 77 (1st Cir. 2002). A court's authority to impose contempt sanctions is a powerful tool that must be exercised only upon "clear and convincing evidence" that the offending party was actually in contempt of court. *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991). The First Circuit has set forth four requirements that must be met to hold a party in civil contempt: (1) the contemnor must have had notice of the court order; (2) the order must have been "clear, definite, and unambiguous"; (3) the contemnor must have had the ability to comply with the order; and (4) the contemnor must have violated the order. *United States v. Saccoccia*, 433 F.3d 19, 26 (1st Cir. 2005).

No. 758.  Accordingly, the United States takes no position on the TCA's Informative Motion and awaits further information from the Commonwealth, which is due to file a brief on these issues simultaneously with the United States.

### III.     Conclusion

For the foregoing reasons, the United States does not take a position at this time on whether Secretary Pesquera violated the Court's orders regarding restricted filings in this case or whether additional relief is necessary beyond the Court's admonishment on February 28, 2018.

WHEREFORE, the United States respectfully requests that the Court take notice of the United States' response.

Respectfully submitted, this 7th day of March, 2018,

        JOHN M. GORE
        Acting Assistant Attorney General

        STEVEN H. ROSENBAUM
        Chief

        *s/ Luis E. Saucedo*
        TIMOTHY MYGATT
        Deputy Chief
        LUIS E. SAUCEDO
        Counselor to the Chief
        BRIAN BUEHLER
        Trial Attorney
        U.S. Department of Justice
        Civil Rights Division
        Special Litigation Section
        950 Pennsylvania Avenue, NW
        Washington, DC  20530
        Tel:   (202) 598-0482
        Fax:  (202) 514-4883
        luis.e.saucedo@usdoj.gov

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 7th of March, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

                                       *s/Luis E. Saucedo*
                                       LUIS E. SAUCEDO (G01613)
                                       Counselor to the Chief