**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　　Defendants. | No. 12-cv-2039 (GAG/PG) |

**JOINT STIPULATION MODIFYING PARAGRAPH 11 OF THE AGREEMENT FOR THE SUSTAINABLE REFORM OF THE PUERTO RICO POLICE DEPARTMENT**

　　　　Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al. (collectively, "the Parties"), respectfully submit this Joint Stipulation modifying two definitions related to use of force in Paragraph 11 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement) for the Court's approval, pursuant to Paragraph 296 of the Agreement.  ECF No. 60.  The modification to the definitions for "lethal force" and "reasonable force" are intended to clarify the standards and expectations that govern use of force under the Agreement and avoid potential misapplication during the implementation phase of this case.

　　**I.**　　**Joint Stipulation Modifying Paragraph 11 (ii) and (ss) of the Agreement**

　　　　The Parties agree to modify Paragraph 11 (ii) and (ss) of the Agreement defining "lethal force" and "reasonable force," respectively, as set forth below.  New language to be added appears in **bold-underlined** typeface, and language to be deleted appears in strikethrough typeface.

> 11(ii)　"Lethal force" means any use of force likely to cause death or serious physical injury, including the use of a firearm, neck hold, or strike to the head, neck, or throat with a hard object, **which may, in some cases,** includ~~ing~~**e** a fist.

11(ss)  "Reasonable force" means that force which an ordinary, prudent, and reasonable officer placed in the same position with the same knowledge would find to be reasonable.  In determining whether the force used by a police officer in effectuating an arrest **or while achieving a lawful objective** was reasonable under the circumstances, factors to be considered are:  (1) the known character of the **person or** arrestee; (2) the risks and dangers faced by the officers and third parties; (3) the nature of the offense involved**, if any**; (4) the chance of the **person's or** arrestee's escape if the particular means are not employed; (5) the existence of alternative methods of arrest **or of achieving a lawful objective**; (6) the physical size, strength, and weaponry of the officers as compared to the **person or** arrestee; and (7) the exigency of the moment.  Force that is not "reasonable" is "unreasonable."

## II.   Joint Brief Explaining the Modification to Paragraph 11(ii) and (ss)

The Parties agree to modify Paragraph 11(ii) and (ss) of the Agreement to clarify the standards and expectations governing use of force and avoid potential misapplication of the definitions during implementation of the Agreement.  Agreement ¶ 11, ECF No. 60.  Under Paragraph 296 of the Agreement, the Parties "may jointly stipulate to make changes, modifications, and amendments" that shall be effective 30 days after submitting them to the Court, absent further action from the Court.  *Id.* ¶ 296.  Paragraph 296 further states that "[s]uch changes, modifications, and amendments shall be encouraged when the Parties agree, or where the reviews, assessments, and/or audits of the [Technical Compliance Advisor] demonstrate that the Agreement provision as drafted is not furthering the purpose of the Agreement or that there is a preferable alternative that will achieve the same purpose, or that there are budgetary or operational considerations that require modification of time frames in the Agreement."  *Id.*

### A.  Definition of "Lethal Force" under Paragraph 11(ii)

Paragraph 11(ii) defining "lethal force" includes strikes to the head, neck, or throat with a hard object because these types of strikes are reasonably likely to cause death or serious bodily injury.  The definition references a "fist" as an example of a hard object because, in some instances, strikes to the head, neck, or throat with a fist may reasonably cause serious physical

injury or death.  However, not all strikes with fists to these areas present such heightened risk of bodily harm, and the Parties did not intend for all fist strikes to require the highest level of justification.  For example, it may be objectively reasonable for an officer to use a fist strike as a distraction technique to gain distance or transition to another force option in a close encounter with an individual with lesser justification than for lethal force.  When applied properly, such techniques are reasonably likely to cause temporary disorientation or transitory pain, rather than death or serious bodily injury.

To avoid a categorical application of the highest level of justification for use of lethal force to all fist strikes, regardless of the level of risk posed by such strikes, the Parties agree to clarify the definition of "lethal force" by qualifying the use of a "fist" as an example of a "hard object."  Under the modified definition, police supervisors and force investigators will need to assess each strike to the head, neck, or throat with a fist to determine the reasonable risk of bodily harm posed by the strike, together with the totality of the circumstances surrounding the use of force, to assess whether the strike is legally justified and within agency policy.

### B.  Definition of "Reasonable Force" under Paragraph 11(ss)

Paragraph 11(ss) defining "reasonable force" requires that the Puerto Rico Police Bureau consider specific factors to determine whether force used by officers to effect an arrest is objectively reasonable under the totality of the circumstances.  The Parties agree to amend this definition by adding "or [while/of] achieving a lawful objective" to encompass the full scope of situations when force must meet the objective reasonableness standard under the Fourth Amendment.  The current definition could be read to apply only to force used where an officer is taking a subject into custody as part of making an arrest based on probable cause.  The amendment makes clear that the definition includes situations where an officer stops or

temporarily restrains an individual or takes control of an individual, but is not necessarily effecting an arrest.  The amended definition for "reasonable force" would cover force used in such situations.  The Parties recognized the need for a broader definition in revising PRPB's current use of force policy, General Order 600-601, and it already reflects the amended definition by referring to use of force to "achieve a lawful objective."  This amendment ensures that the Agreement and policy conform to each other and avoids an overly narrow application of the objective reasonableness standard in the future as the Agreement and policy are implemented by PRPB.  *See,* Rules for Use of Force by Members of PRPB, General Order 600-601 at III(A)(2) (Aug. 24, 2016), *available at* www.policia.pr.gov/ordenes-generales.

This Joint Stipulation does not modify any other provision or requirement of the Agreement and is subject to the implementation and enforcement provisions of Section XIV of the Agreement.

WHEREFORE, the Parties respectfully request that the Court approve the Parties' Joint Stipulation modifying the definitions for "lethal force" and "reasonable force" in Paragraph 11(ii) and (ss), respectively, of the Agreement.

Respectfully submitted, this 9th day of March, 2018,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice |
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section | **WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation |
| *s/ Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief | **SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ** |

| | |
|---|---|
| **LUIS E. SAUCEDO** (G01613) | U.S.D.C. NO. 302311 |
| Counselor to the Chief | Federal Litigation Division |
| **BRIAN BUEHLER** (G01813) | Department of Justice |
| Trial Attorney | P.O. Box 9020192 |
| U.S. Department of Justice | San Juan, P.R., 00902-0192 |
| Civil Rights Division | Tel. (787) 721-2900, ext.2647,2650,2624 |
| Special Litigation Section | Fax (787) 723-9188 |
| 950 Pennsylvania Avenue, NW | joeltorres@justicia.pr.gov |
| Washington, DC 20530 | |
| Tel: (202) 598-0482 | Attorneys for Defendants |
| Fax: (202) 514-4883 | |
| luis.e.saucedo@usdoj.gov | |

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th of March, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

*s/Luis E. Saucedo*
LUIS E. SAUCEDO (G01613)
Counselor to the Chief