UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff;

v.

COMMONWEALTH OF PUERTO RICO, ET AL.,

Defendants.

No. 12-cv-2039 (GAG/PG)

**JOINT MOTION SUBMITTING RECOMMENDATION TO LIFT RESTRICTION ON DOCKET ENTRIES 774 AND 774-1**

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), and respectfully submit their joint recommendation to lift the restriction on public viewing on the TCA's Motion Submitting the Survey Results, ECF No. 774, and the attachment to the Motion, the "Qualitative Report on the Puerto Rico's Police Department's Sustainable Reform: The Feedback of Nine (9) Community Groups in Puerto Rico (2017)," ECF No. 774-1 (Report), in compliance with the Court's Order, ECF No. 777 (March 12, 2018). In the Order, the Court directed the Parties to "jointly inform on or before Friday 3/16/18 their position as to making this document [No. 774-1] public." *Id.* As set forth below, the Parties recommend that the Court lift the restriction on the Motion and Report to allow public viewing of the documents.

**I.      Background**

Paragraph 241 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement) directs the Technical Compliance Advisor (TCA) to "conduct a reliable, comprehensive survey of members of the Puerto Rico community regarding their experiences with and perceptions of PRPD once during the first three years of this Agreement

and annually thereafter." ECF No. 57-1. The TCA conducted the first community survey and filed the resulting report on August 23, 2016. *See* ECF No. 406-1. The first survey results are available for public viewing. The Motion and Report filed on March 9, 2018, share the results of the second survey conducted between January and February 2017, pursuant to Agreement Paragraph 241.

Furthermore, Paragraph 241 directs the TCA to "ensure the anonymity of all interview participants." Consistent with that directive, the Motion and Report submitted on March 9 refer to all of the survey participants by pseudonyms. The Parties have reviewed the Motion and Report and have determined that no redactions are necessary to protect confidential or personally-identifying information.

**II.     Discussion**

The public has a presumptive right of access to judicial records, and compelling reasons must exist to justify continued nondisclosure of these documents. *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (internal citations omitted). In this case, the Court has found that there is "great public interest in the Police Reform Process." Order, at 1, ECF No. 726. The Motion and Report are judicial records of significant public concern to the implementation of the Agreement and should be disclosed.

First, nothing in Paragraph 241 suggests that the Motion and Report on the surveys should be kept from the public. Accordingly, the first survey conducted pursuant to Paragraph 241 was filed publicly. Further, the surveys are intended to "to assess PRPD's overall compliance with and the effectiveness of th[e] Agreement," a matter which, as this Court has noted, is a matter of public interest. Agreement ¶ 241; Order, at 1, ECF No. 726. Other compliance assessments, such as the semiannual compliance reports the TCA compiles, are

public, ensuring that the implementation of this Agreement between governmental entities is accountable to the people that we each serve.  *See id.* ¶¶ 250, 251.  The language and purpose of the Agreement therefore support the unsealing of the Motion and Report.

Second, the Motion and Report are judicial records to which the public presumptively should have access.  "Judicial records" are those "materials on which a court relies in determining the litigants' substantive rights."  *Kravetz*, 706 F.3d at 47 (quoting *In re Providence Journal*, 293 F.3d 1, 9-10 (1st Cir. 2002)).  As previously noted, the surveys are intended to "to assess PRPD's overall compliance with and the effectiveness of th[e] Agreement," pursuant to Paragraph 241.  Thus, this Court should evaluate and may rely upon the Motion and Report in making substantive determinations about compliance with and the effectiveness of the Agreement.  This qualifies the Report as a "judicial record," presumptively accessible by the public.

For these reasons, the Parties recommend that the Court unseal the Motion and Report and make them available to the public.

### III.     Conclusion

WHEREFORE, the Parties respectfully submit the foregoing recommendation that the Court unseal Docket Entries 774 and 774-1 for public viewing.  The Parties request that the Court accept the Parties' recommendation.

Respectfully submitted, this 16th day of March, 2018,

| | |
|---|---|
| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
| **JOHN M. GORE**<br>Acting Assistant Attorney General<br>Civil Rights Division | **WANDA VAZQUEZ GARCED**<br>Secretary of Justice |
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section | **WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation |
| *s/ Brian Buehler*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**BRIAN BUEHLER** (G01813)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br>Tel: (202) 353-1100<br>Fax: (202) 514-4883<br>brian.buehler@usdoj.gov | **SUSANA PENAGARICANO BROWN**<br>Director Federal Litigation and Bankruptcy<br><br>*s/ Joel Torres Ortiz*<br>**JOEL TORRES ORTIZ**<br>U.S.D.C. NO. 302311<br>Federal Litigation Division<br>Department of Justice<br>P.O. Box 9020192<br>San Juan, P.R., 00902-0192<br>Tel. (787) 721-2900, ext.2647,2650,2624<br>Fax (787) 723-9188<br>joeltorres@justicia.pr.gov<br><br>Attorneys for Defendants |
| Attorneys for Plaintiff | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of March, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

*s/Brian Buehler*
BRIAN BUEHLER (G01813)
Trial Attorney