**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO,**<br>**et. al.**<br><br>**Defendants.** | **CIVIL NO. 12-2039 (GAG)(PG)** |

**MOTION TO STRIKE FROM THE RECORD PURSUANT TO PARAGRAPHS 287 AND 288 OF THE AGREEMENT**

**TO THE HONORABLE COURT:**

**COME NOW** the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, through the undersigned counsel, without waving any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. §§ 2101 et seq. and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and respectfully allege and pray as follows:

1. On this date, a third party, not a party to this case, has presented a motion to intervene to secure first and fourth amendment rights (*See* Docket 818) and Complaint in Intervention (Docket 818-2) pursuant to 42 U.S.C. § 1983, unduly circumventing the automatic stay under PROMESA (Docket No. 818 at 5-6, ¶¶ 14-15), seeking intervention in the case *United States of America v. Commonwealth of Puerto Rico*, Case No. 12-2039 (GAG), for the purpose of securing declaratory and equitable

relief for the alleged use of unreasonable force on account of her participation in a protected activity (Docket 818-2 at 3, 13, ¶¶ 3-4, 46).

2. Paragraph 287 of the Agreement states the following:

"*This Agreement is enforceable only by the Parties. No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement or otherwise.*"

3. Likewise, Paragraph 288 of the Agreement states the following:

*This Agreement is not intended to impair or expand the right of any person or entity to seek relief against the Commonwealth of Puerto Rico, or any officer or employee thereof, for their conduct or the conduct of PRPD officers; accordingly, it does not alter legal standards governing any such claims by any third parties, including those arising from Commonwealth of Puerto Rico or federal law. This Agreement does not expand, nor will it be construed to expand, access to any Commonwealth of Puerto Rico, PRPD, or DOJ documents, except as provided by this Agreement, by persons or entities other than DOJ, Commonwealth of Puerto Rico, and the TCA.*

4. The present case is based on a consent decree that for purposes of enforcement binds the USDOJ and Commonwealth, the only parties to this action.

5. Putative intervenor's action is against Commonwealth of Puerto Rico and one of its agencies. The PROMESA automatic stay operates both to curb litigations expenses, which obviously eat away at Commonwealth funds, but also to avoid monetary claims to proceed against the Commonwealth. See, e.g., In re Kmart Corp., 2002 U.S. Dist. LEXIS 24141, *at 4 & 8 (No.Dist.Ill., E.Div. 2002) (despite seeking injunctive relief the court denied the lift of stay inasmuch as Kmart would have to absorb the cost of litigating the Colorado ADA litigation, […] and also could be required to pay attorneys' fees pursuant to the ADA's fee-shifting provision, *42 U.S.C. § 12205*", finding hardship for the debtor.)

6. Therefore, the Commonwealth is of the opinion that the Motion at Docket No. 818 and the allegations contain therein must be stricken from the record of the civil case docket because the alluded motion and the relief sought goes against the Agreement in two ways. First, there is a third party who is seeking to enforce the Agreement. Second, the non-party movant at Docket No. 818, is unduly asserting a claim or right under § 1983 by way of the Agreement as a beneficiary or protected class under this Agreement.

7. Rule 12 (f) of Federal Rule of Civil Procedure states that the court may either on its own or on a motion made by a party, strike from a pleading an insufficient defense or any redundant, **immaterial**, impertinent, or scandalous matter. (Emphasis added).

8. This Court has already made pellucidly clear in previous orders that by virtue of the enforcement of the agreement in this case it cannot allow an independent civil rights claim. Rather it must be commenced by the filing of a complaint, service of process and further compliance with the Rules of Civil Procedure. An attempt to do justice in the manner sought would improperly open the floodgates of the court. (*See* Docket 649)

9. Consequently, the Commonwealth of Puerto Rico requests that this Honorable Court strikes immediately from the civil case docket the motion at Docket No. 818.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above stated and strike the motion at Docket No. 818 for being in violation

of the Agreement for the Sustainable Reform of the Puerto Rico Police Department pursuant paragraphs 287 and 288.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on April 24, 2018.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation
Department of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

**S/JOEL TORRES ORTIZ**
**Joel Torres Ortiz**
U.S.D.C. NO. 302311
Federal Litigation Division
Department of Justice

P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2647,2650,2624,2606
Fax (787) 723-9188
joeltorres@justicia.pr.gov