# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**USA,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO**
**et al,**

**Defendants.**

**CIVIL NO. 12-2039(GAG)**

## ORDER

The Court is aware that representatives of the Commonwealth and its Fiscal Board, USDOJ and Monitor will meet tomorrow to discuss the Reform budget.  However, the scope of said meeting should go beyond said specific line item budget.  A fully financed PRPB Reform Office, in and of itself, alone cannot achieve the goal the Commonwealth and United States governments agreed to, when in 2013 the Court approved the Police  Reform Agreement.

In order for the Commonwealth police force to come into full constitutional compliance, as per the terms of the Agreement, the Commonwealth (Fiscal Board included)  must adequately fund the PRPB, and not just the PRPB Reform Office.

Without law and order, no government within the United States -- including that of a territory currently being subject to the  plenary power of Congress -- can function, even less reconstruct itself as contemplated under PROMESA.

This Court has an unflagging duty under Article III of the U.S. Constitution to guarantee the citizens of this jurisdiction  a fully functional police department, as intended by the parties in the Agreement.  As such, the Court will zealously overlook all fiscal matters that impact the

**Civil No.  (GAG)**

Agreement itself, both directly and indirectly.  The Commonwealth's ability to adequately establish law and order in the form of constitutional policing cannot be impaired by a fiscal board, as long as this Reform Agreement is in place.

If the Commonwealth and its Fiscal Board stand in impasse as to this matter, the Court will not hesitate to entertain a request for  any appropriate remedy from any of the above named entities, monitor excluded.

**SO ORDERED.**

In San Juan, Puerto Rico this 25th day of October, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge