IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO et al.,

Defendants.

CIVIL NO. 12-2039 (GAG)

# ORDER

The Court hereby **APPOINTS** Dr. Alejandro Del Carmen to serve as Special Master to the Court in matters that are complex and difficult, or involve accountability and statistical analysis, that will be of assistance to the parties, as well as the undersigned presiding judge. The Court and parties are by now familiar with the work of Dr. Del Carmen, who during the capacity building period worked for the Monitor's Office. As Special Master, Dr. Del Carmen will now report directly to the Court, in other words, he will not be acting as a member of the Monitor's team. Dr. Del Carmen's vast experience includes, but by no means is limited to, work in the Puerto Rico and New Orleans Police Reform cases, as well as over two decades as an expert criminologist and statistician.

Because the four-year capacity building period has now concluded, the Monitor's role is precisely what his title entails, i.e., monitoring compliance with the Agreement and reporting the same to the Court. Hence, it is not the Monitor's role to resolve or remedy those reported matters that so require. The Special Master, on the other hand, can report and recommend to the Court, and in turn to the parties, specific actions that can cure any compliance deficits, as well as how to

**Civil No. 12-2039 (GAG)**

maintain the appropriate level of compliance in any given matter.  In other words, the Special Master should be looked upon as a compliance facilitator.  He is a tool that the Court provides to the parties.

The Court finds that there exist exceptional circumstances for the appointment of a Special Master to assist the Court.  This indeed is a complex case which requires the long due overhaul of an entire centralized police force -- the second largest in the Nation.  The undersigned presiding judge, just as the Commonwealth and United States Department of Justice are interested in seeing light at the end of the tunnel and putting a close to the Reform process once the monitoring evidences compliance with the Agreement.  However, as all are aware, persisting issues continue to resurface, and new issues will arise.  Many of these issues stem back to the commencement of this case, and even before then.  The role of the Special Master, rather than to identify and report such issues, is to find the cause and to recommend to the Court a solution and remedy and can work with the parties -- independent of the Monitorship.

The Court's appointment of the Special Master is made pursuant to the Court's authority under Fed. R. Civ. P. 53, and specifically Stauble v. Warrob, 977 F.2d 690, 694 (1st Cir. 1992) (allowing an Article III court's *sua sponte* appointment of a special master in exceptional circumstances); see also Fajardo Shopping Ctr., S.E. v. Sun All. Ins. Co., 999 F. Supp, 213, 222 (D.P.R. 1998) (same).  The Court also importantly notes that it is not in any way abdicating to the Special Master its Article III power, as the matters it will refer to him will be narrowly tailored to assist the parties, principally the Commonwealth.  More so, the Special Master is by no means another monitor, nor a receiver.

**Civil No. 12-2039 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of December 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge