UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                   Defendants. | No. 12-cv-2039 (GAG) |

**JOINT MOTION FOR ORDER REAPPOINTING DR. ALEJANDRO DEL CARMEN AS A COURT-APPOINTED EXPERT UNDER FEDERAL RULE OF EVIDENCE 706 AND JOINT MOTION IN COMPLIANCE WITH ORDER AT DOCKET 1048**

COME NOW, Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al., (collectively, the Parties), and jointly move the Court for an order reappointing Dr. Alejandro del Carmen as an expert witness under Federal Rule of Evidence 706 (Rule 706), to propose three subjects that would benefit from Dr. del Carmen's assistance, and to submit a proposed budget for the current and next fiscal years, in compliance with this Court's Order of December 10, 2018.[1]  Doc. 1048.

A designation as a court-appointed expert, rather than a special master, is aligned more closely with the Court's and Parties' expectations concerning Dr. del Carmen's participation to facilitate full and sustainable implementation of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement), Doc. 60, now that the case has entered the compliance phase.  In particular, in its Appointment Order, the Court instructed Dr. del Carmen

---

[1] The Court granted the United States' request for a stay of the original deadline due to the lapse in appropriations affecting the Department of Justice.  Order, Doc. 1057 (Dec. 27, 2018).  The Court directed the Parties to submit the requested information within ten working days of the end of the lapse in appropriations, or by February 8, 2019.

to assist the Parties and the Court, but not to act on the Court's behalf, which is more appropriate under the Federal Rule of Evidence 706 than Federal Rule of Civil Procedure 53, given the posture of this case. Order, Doc. 1038 (Dec. 4. 2018). A designation as a court-appointed expert is also consistent with the Court's Order retaining Dr. del Carmen as an inactive expert shortly after his resignation from the Monitor's Team, Doc. 964 (Oct. 3, 2018), and the technical assistance provisions of the Agreement.

The Parties also propose four subjects for Dr. del Carmen to analyze and provide implementation recommendations and a proposed budget through Fiscal Year 2020 to fund his activities. The four subjects align closely with the terms of the Agreement, Dr. del Carmen's areas of expertise, and the needs of the Commonwealth to achieve effective compliance. Dr. del Carmen agrees it is appropriate for him to begin working on these four subject areas. The Parties also propose budgets for the current and next fiscal years, based on his compensation arrangement as a member of the Monitor's Team. The Parties believe the hours and compensation budgeted is appropriate given the work needed and the overall budget in this matter.

**I.     Background**

On January 17, 2017, the Court appointed Dr. del Carmen as a member of the Technical Compliance Advisor's (TCA) team of subject-matter experts or "Core Team," based on his education and experience. Order 1, Doc. 465 (Jan. 17, 2017). The Court found that he possessed "significant qualities to provide additional support to the TCA Core Team throughout the implementation of the Sustainable Reform of the Puerto Rico Police Department." *Id; see also* TCA Sixth Six-Month Rep. 99, Doc. 609 (Aug. 21, 2017) (providing a biographical note describing Dr. del Carmen's qualifications). As a member of the TCA's Core Team,

Dr. del Carmen conducted numerous compliance assessments, focusing primarily on administrative investigations, and provided other valuable support to the TCA.

On October 2, 2018, Dr. del Carmen resigned as a member of the TCA's Core Team. Letter from Dr. del Carmen to Chief District Judge Gelpi of 10/2/17, Doc. 963. The Court accepted his resignation on the same date. *Id.* The following day, after further consideration, the Court retained Dr. del Carmen "as an expert in this case." Order, Doc. 964 (Oct. 3, 2018). The Court observed this would "allow the Court to call him, if and when it becomes necessary, without any further process," although at that time Dr. del Carmen remained in "inactive status." *Id.*

On December 4, 2018, the Court on its own initiative issued an Order appointing Dr. del Carmen as Special Master under Federal Rule of Civil Procedure 53 (Rule 53) "in matters that are complex and difficult, or involve accountability and statistical analysis." Order 1, Doc. 1038. The Court indicated that Dr. del Carmen would report directly to the Court and would not be a member of the Monitor's team. *Id.* On December 10, 2018, the Court directed the Parties to submit by January 14, 2019, (i) at least three proposed subjects for Dr. del Carmen "to analyze and provide implementation recommendations to the Court" and (ii) a proposed budget for the remainder of FY 2018-2019 and FY 2019-2020. Order 1, Doc. 1048. The Court encouraged the Parties to reach agreement on the proposals, in consultation with Dr. del Carmen. *Id.* at 2. The Parties conferred amongst each other on December 19, 2018, and with Dr. del Carmen on December 20, 2018.

After December 21, 2018, the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed, prompting the United States to seek a stay of the January 14, 2019, filing deadline. U.S. Mot. for Stay, Doc. 1056 (Dec. 26,

2018). The Court granted the stay and ordered the Parties to file a joint report no later than ten working days after funding was restored. Order, Doc. 1057 (Dec. 27, 2018). Meanwhile, the Court ordered the Commonwealth to meet with Dr. del Carmen on January 17, 2019, to discuss the areas that Dr. del Carmen could most help the Commonwealth reach compliance. Order, Doc. 1072 (Jan. 14, 2019); *see* Order, Doc. 1079 (Jan. 15, 2019).

Congress appropriated funds to reopen the government, allowing attorneys for the United States to return to work on January 28, 2019. On the same day, the Court ordered the Commonwealth to deposit $60,000 with the Clerk of Court to compensate Dr. del Carmen for his work for the remainder of the current fiscal year. Order 1, Doc. 1087 (Jan. 28, 2019). The Court further ordered (i) the Parties to "discuss and propose matters in which the Special Master can assist and make recommendations," (ii) Dr. del Carmen to begin working on those matters by February 1, 2019, and (iii) Dr. del Carmen to attend meetings on February 28 and March 1, 2019. Order 1, Doc. 1088 (Jan. 28, 2019).

The Parties promptly resumed discussions on these issues on January 29, 2019, and came to an agreement on all the points discussed in this motion. Dr. del Carmen shared the Court's email to him from January 29, 2019, and spoke with the Parties on a conference call held on January 31, 2019. This motion is consistent with the goals of the Court's January 29, 2019 email.

**II.   Discussion**

The Parties support Dr. del Carmen's active involvement in this case. His expertise in data analysis, bias-free policing, internal affairs, and other related areas would assist the Court and the Parties in crafting appropriate solutions to persistent problems that impede sustainable reform. However, after considering the purpose and duties assigned by the Court, the Court's

prior orders, including the Agreement, and the applicable federal rules, the Parties believe that a designation under Rule 706 as a court-appointed expert, rather than a special master under Rule 53, would more effectively further compliance with the Agreement at this time. Accordingly, the Parties seek an order re-appointing Dr. del Carmen as an expert under Rule 706. The Parties also propose three subjects that can benefit significantly from Dr. del Carmen's expertise and a budget through the end of Fiscal Year 2020 that reasonably compensates him for his services and funds other necessary expenses.

### A. A Designation Under Rule 706 Meets the Needs of the Court and the Parties

The Court should re-appointment Dr. del Carmen as an expert under Rule 706 because it provides sufficient authority to fulfill the purpose and duties described by the Court in its December 4, 2018, Order and makes best use of Dr. del Carmen's experience and expertise. In the December 4, 2018, Order appointing Dr. del Carmen as a special master, the Court indicated that Dr. del Carmen's role "is to find the cause [of persisting and new issues] and to recommend to the Court a solution and remedy and can work with the Parties—independent of the Monitorship." Order 2, Doc. 1038. His duties would be to "report and recommend to the Court, and in turn to the Parties, specific actions that can cure any compliance deficits, as well as how to maintain the appropriate level of compliance in any given matter." *Id.* at 1-2. The Court further described his role as "a compliance facilitator" and "a tool that the Court provides to the parties." *Id.* at 2. The December 4, 2018, Order does not confer any duty or authority to adjudicate or otherwise resolve disputes or controversies between the Parties. In sum, the requirements for Dr. del Carmen's role that spring most prominently from the December 4, 2018, Order are subject-matter expertise, independence from the Monitor, and collaboration with the Parties on

solutions to implementation problems. These needs are met through an appointment under Rule 706.

The Parties believe reappointing Dr. del Carmen as an expert has advantages over having him serve as a special master. As a threshold matter, the reappointment stands on firm legal ground given the broad discretion the Court has to appoint an expert under Rule 706, which is bolstered by the consent of the Parties. Rule 706 codifies the Court's inherent power to appoint expert witnesses as needed. *See* 4 Weinstein's Federal Evidence § 706.02 (2018). Additionally, Rule 706 provides the Court and the Parties more flexibility in how to utilize Dr. del Carmen's expertise. *See* Fed. R. Civ. P. 53 advisory committee's notes to 2003 amendment ("[T]he Rule 53(a)(1)(B) limit that confines trial masters to issues to be decided by the court does not apply to a person who also is appointed as an expert witness under Evidence Rule 706."). Finally, Rule 706 does not have the procedural requirements of Rule 53, including the need for "exceptional conditions" in this case, while also providing the Parties with broader protections. *See* Fed. R. Civ. P. 53(a)(1)(B)(i); *compare* Fed. R. Evid. 706(b) *with* Fed. R. Civ. P. 53(f).

Conversely, appointing Dr. del Carmen as a special master raises several concerns. First, the reference order, Doc. 1038, does not comply with the procedural requirements of Rule 53. *See* Fed. R. Civ. P. 53(b) (requiring (1) the Parties to receive notice and an opportunity to be heard before the appointment, (2) the appointing order to set forth specifically the scope of the master's appointment, including, among other things, the master's duties, limits on communication, and method of determining compensation, and (3) the master to file an affidavit regarding grounds for disqualification). Second, the "exceptional conditions" required to authorize Dr. del Carmen to act directly on the Court's behalf do not exist. Fed. R. Civ. P. 53(a)(1)(B); *see Stauble v. Warrob, Inc.*, 977 F.2d 690, 694 (1st Cir. 1992) (holding "neither a

crowded calendar nor the presence of complicated issues" satisfies the "exceptional condition" requirement to appoint a special master). It is unnecessary to give Dr. del Carmen the powers enumerated in Fed. R. Civ. P. 53(c) at this time to achieve compliance by the Commonwealth, and, indeed, the Court has not granted him these powers in any order. Dr. del Carmen can meet all of the duties assigned to him and assist the Parties and the Court without needing to regulate proceedings, compel actions, make findings, and issue orders, which are the powers contemplated by Rule 53. Furthermore, the Monitor is already tasked with shepherding the Parties and the Court through a complex reform process that has experienced some barriers to compliance, casting further doubt about whether the "exceptional circumstances" required by Rule 53 are present here.

In short, unlike the wide discretion the Court has to appoint an expert, the use of special masters "'should seldom be made, and if at all only when unusual circumstances exist.'" *La Buy v. Howes*, 352 U.S. 249, 258 (1957) (quotation omitted). In this case, Dr. del Carmen's court-appointed duties fall in line with those typically asked of experts and do not include judicial functions. The Parties are ready to work cooperatively with Dr. del Carmen, as they have in the past. Redesignation as Rule 706 expert is the correct path forward at this point. Should the need for Dr. del Carmen to act on behalf of the Court arise in the future, the Court may always revisit the need for a special master in this matter.

### B. A Designation under Rule 706 is Consistent with the Court's Prior Orders and the Agreement

Furthermore, designating Dr. del Carmen as a court-appointed expert under Rule 706 is consistent with the Court's prior orders in this case, including the Agreement. As of October 3, 2018, Dr. del Carmen was already a court-appointed expert. Order 1, Doc. 964. At that point, Dr. del Carmen had worked as TCA Core Team member for over a year and half, assisting the

Parties, the Monitor, and the Court with his expertise. Other professional obligations required Dr. del Carmen to devote less time on this case last fall. *See* Doc. 963. But the Court recognized the need for his expertise may still be necessary, and that Dr. del Carmen may become available to assist once more. To that end—and without objection from the Parties or the Monitor—the Court appointed Dr. del Carmen an expert in this case who would "remain in inactive status, until further order of the Court." Order 1, Doc. 964. As the Court predicted, the time did come for the Court to call on Dr. del Carmen's expertise once again. The Court noted that to place Dr. del Carmen in active status as an expert would require no further process.[2] *Id.*

      Moreover, the appointment of Dr. del Carmen as an expert was—and remains—consistent with provisions of the Agreement related to technical assistance and subject-matter expertise. Here, the TCA and the Court have identified shortcomings in the implementation of the Agreement for which technical assistance may be needed to remedy. *See* Agreement ¶ 278. The Court identified Dr. del Carmen as someone with expertise to address the technical assistance required, *id.* ¶ 278, and asked Dr. del Carmen to "make recommendations to the Parties regarding measures necessary to ensure timely, full, and effective implementation of th[e] Agreement." *Id.* ¶ 255; *see* Order 1, Doc. 1038. The Parties agree with the Court's assessment of Dr. del Carmen's expertise and the value his technical assistance can add to the Commonwealth's compliance efforts. The Commonwealth also agreed the assistance should be provided at its expense. *See* Agreement ¶ 278. Dr. del Carmen's appointment as a court-appointed expert is therefore consistent with the Agreement.

---

[2] To the extent Federal Rule of Evidence 706(a) does require further process, the Parties move for an order to show cause as to why an "active" expert witness should not be appointed and hereby concede Dr. del Carmen should be appointed as such an expert.

The Court would also obviate the need for the additional process required by Rule 53 by retaining Dr. del Carmen's status as a court-appointed expert instead of appointing him special master.  This decision is consistent with prior orders and practice in this case, and is contemplated explicitly by the terms of the Agreement.  These reasons further support reappointing Dr. del Carmen as an expert in active status under Rule 706 instead of as a special master under Rule 53.

### C. Proposed Subjects that May Benefit from Dr. del Carmen's Expertise

In accordance with Federal Rule of Evidence 706(b) and the Court's December 10, 2018, Order, Doc. 1048, the Parties have conferred with Dr. del Carmen and have proposals for the subjects Dr. del Carmen can assist with at this time.  These proposals take into account Dr. del Carmen's considerable experience and credentials, the needs of the Commonwealth to comply with the Agreement, and the Court's instructions, including its inclinations identified in its January 3, 2019, Order, Doc. 1060.  Dr. del Carmen agrees with these proposed subject areas.

Specifically, the Parties propose Dr. del Carmen help the Commonwealth to comply with the Agreement by assisting with:

1. The development of protocols and procedures to review law enforcement activities and programs for potential bias and ensure the equal protection of the law under Paragraph 91 of the Agreement, including the collection and use of reliable data from agency information systems, like Computer-Aided Dispatch, Kronos, and Early Intervention System;

2. The development of a robust career path that promotes effective leadership, professionalism, and equal opportunity within the rank system in furtherance of Paragraph 21 of the Agreement; and

3. The design and implementation of internal audits and integrity checks in accordance with Paragraphs 154-157 of the Agreement, including establishing effective and comprehensive information systems that support internal auditing and monitoring, such as the Early Intervention System.

As noted above, these are subject areas that Dr. del Carmen has substantial academic and professional experience, and are areas of need identified by all parties involved in this case. His help in these areas would go far to address pressing concerns raised by the Monitor, the Court, and the public. It should also help the Commonwealth catch up with outstanding capacity-building obligations.

### D. Proposed Budget for the Remainder of FY 18-19 and for FY 19-20

The Parties have met and conferred about compensation for Dr. del Carmen and have reached agreement on his budget. By way of background, the Court has already ordered the Commonwealth to set aside $60,000 for Dr. del Carmen this fiscal year. Order 1, Doc. 1087. The Court clarified in an email that the budget was a $10,000 cap a month for work performed in the next five months, plus $10,000 for travel, lodging, and other reasonable expenses (approximately $2,000 a month). The Court added that the budget ordered was "not carved in granite." The Court also recognized there are months where Dr. del Carmen may need to work more or less, and the Court is open to approving invoices in excess of the monthly budget until the total funds budgeted are spent.

In compliance with the Court's December 10, 2018, Order, Doc. 1048, Parties met and conferred on a proposed budget on December 19, 2018. The Parties agreed Dr. del Carmen should retain the hourly rate he received during his work as a TCA Core Team member and anticipated he will work approximately the same number of hours, on average, as he did before leaving the TCA Core Team. Accordingly, the Parties agreed that for the remainder of FY 2018-2019, Dr. del Carmen would be compensated at an hourly rate of $150/hour for a maximum of 60 hours a month. This is $9,000 month capped at $45,000 to cover February through June 2019. For FY 2019-2020, the Parties agreed the same monthly arrangement should apply from

July 1, 2019 to June 30, 2020.  Dr. del Carmen, again, would be compensated at an hourly rate of $150/hour for a maximum of 60 hours a month--$9,000 a month capped at $108,000 over twelve months.  This was the extent of the agreement as the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed.

The Parties original agreement was substantially similar to the Court's January 28, 2018, Order, Doc. 1087, regarding compensation for work performed, but differed in two regards.  First, the Court's order provided for $2,000 a month for incidental expenses such as travel.  Although Parties anticipate Dr. del Carmen will need to travel and incur other expenses, the need is significantly lower than when he was as a member of the TCA Core Team.  Specifically, the Parties do not believe Dr. del Carmen will need to make monthly visits to Puerto Rico, and when he does come, the Parties anticipate trips will not last a full week like the Monitor's site visits typically do.  Still, the Parties agree that Dr. del Carmen should be supplied with a budget for incidental expenses, even if that budget should be less than $2,000 a month.

Second, the Court ordered a budget for Dr. del Carmen separate from that of the Monitor.  Order 1, Doc. 1087.  The Parties, on the other hand, anticipated funds for Dr. del Carmen would be subtracted from the Monitor's current budget because that budget included Dr. del Carmen when it was originally proposed and approved.  *See* Jt. Mot. Re Budget for TCA for Fiscal Year 2018-19, Doc. 787 (Mar. 19, 2018); *see also* Order, Doc. 788 (Mar. 20, 2018) (approving the FY 2018-2019 budget).  Although the Monitor has incurred some expenses above the amount requested in that budget, it has not replaced Dr. del Carmen with a new Core Team member.  The Commonwealth also has concerns about substantially increasing the total reform budget in light of increased budget requests from the Monitor and ongoing resource needs to implement the Agreement.

In light of the Parties prior agreement, the Court's recent order, and the considerations discussed above, the Parties submit the following proposed budgets for Dr. del Carmen:

- FY 18-19: $50,000, or $10,000 a month for five months from February to June 2019—including $9,000 for work performed (at $150/hour for up to 60 hours a month) and $1,000 for incidental expenses. This amount should be taken from the funds originally earmarked for the TCA budget in light of the fact Dr. del Carmen's work was included in that amount.

- FY 19-20: $120,000, or $10,000 a month for twelve months from July 2019 to June 2020—including $9,000 for work performed (at $150/hour for up to 60 hours a month) and $1,000 for incidental expenses. This amount should be a factor in determining what the appropriate TCA budget should be for FY 2019-2020.

These amounts take into account prior experience with working with Dr. del Carmen and the practical implications of his new role in the case. Dr. del Carmen did not raise an objection when the United States presented the Parties' proposal to him on February 8, 2019. The Parties are also open to adjusting the budget for Dr. del Carmen and the Monitor should the need arise.

### E. Additional Notice

The Parties wish to notify the Court that they are conferring on additional agreements that are necessary for the effective and efficient participation of Dr. del Carmen in this matter. For example, the Parties have begun discussions about what confidentiality rules should apply to Dr. del Carmen, what rules apply to *ex parte* communications, and other details that will ensure Dr. del Carmen has access to everything and everyone he needs to complete his review and recommendations. As the Parties have done with respect to subject-areas and compensation, they will continue to consult with Dr. del Carmen on these issues and others. The Parties will provide the Court with a joint proposal that identifies points of disagreement, if any, by the scheduled status conference at the next site visit.

\* \* \*

WHEREFORE, in compliance with Federal Rule of Evidence 706 and the Court's December 10, 2018 Order, Docket No. 1048, the Parties submit jointly that the Court should reappoint Dr. Alejandro del Carmen as an expert under Rule 706; should adopt one or more areas proposed as subject(s) on which Dr. del Carmen will analyze and provide implementation recommendations; and adopt the compensation proposals for FY 2018-2019 and FY 2019-2020.

Respectfully submitted, this 8th day of February, 2019,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section<br><br>*s/ Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br><br>Attorneys for Plaintiff | *s/Javier F. Micheo Marcial*<br>Maria A. Dominguez (USDC-PR No. 210908)<br>Arturo J. Garcia Sola (USDC-PR No. 201903)<br>Javier F. Micheo Marcial (USDC-PR No. 305310)<br>**McCONNELL VALDÉS LLC**<br>PO Box 364225<br>San Juan, PR 00936-4225<br>Telephone (787) 250-5641<br>Fax: (787) 759-8282<br>madt@mcvpr.com<br><br>Attorneys for Defendants |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of February, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the Parties, counsel of record and the Monitor on the service list to be served by electronic means.

*s/Luis E. Saucedo*
LUIS E. SAUCEDO (G01613)
Counselor to the Chief