# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Et al., | * | |
| | * | CIVIL NO. 12-2039(GAG) |
| Plaintiffs | * | |
| v. | * | CIVIL RIGHTS |
| COMMONWEALTH OF PUERTO RICO Et al., | * * | |
| Defendants | * | |

## MOTION CONCERNING IMPACT OF PROMESA
## TO POLICE REFORM AND POLICE CIVIL RIGHTS CASES

**TO THE HONORABLE COURT:**

COMES NOW the undersigned counsel, and very respectfully states and prays:

1. At present the undersigned counsel is a civil rights litigant. Five years back, however, under then Secretary of Justice, the Hon. Cesar Miranda, he was one of the attorney designated by the Secretary to represent the Commonwealth in the negotiation with the United States in the covenant that has come to be known as the Police Reform. See Docket 12 (Notice of Appearance); *United States v. Commonwealth of Puerto Rico*, 922 F. Supp. 2d 185 (D.P.R. 2013); Docket 57 and 57 and 57-1 (motion submitting agreement; CDV signatory to Agreement for the Sustainable Reform of the Puerto Rico Police).

2. As a signatory to the Agreement, counsel belief it is his ethical duty to apprise this Court and both the parties of any development that cast a shadow on the goals and objective of the Agreement: to prevent the violation of civil rights by the Police of Puerto Rico in the performance of its duties.

3.      Counsel is the attorney of record in Pabon Ortega v. Llompart Zeno, 1st Cir. No. 16-1599 where the First Circuit stayed on PROMESA grounds said civil rights appeal given that the Commonwealth had filed a petition to restructure its debts. See Pabón-Ortega v. Llompart-Zeno, No. 16-1599 (1st Cir. Jan. 24, 2018) ("In view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, this appeal is stayed."), The Court did not offer any reason or analysis for its decision and failed to address Pabon's argument that PROMESA's automatic stay did not supersede the *Insular Cases*, the Bill of Rights, nor the Civil Rights Act, 42 U.S.C. Section 1983. Since *Pabon* the Court has applied the same stay to all known civil rights cases on appeal. In turn, said logic has been extended to police cases, in federal and Commonwealth courts. See *Ruíz-Colón v. Rodriguez-Elías*, 18 USWL 2041964 (D.P.R. April 30, 2018)(citing Pabon as precedent); *Gómez-Cruz v. Fernández-Pabellón*, 2018 WL 4849650 (D.P.R. Oct. 4, 2018) (identifying *Cano-Rodríguez v. De Jesús-Cardona*, No. 16-1532 (1st Cir. Nov. 27, 2017) and *Besosa-Noceda v. Miranda-Rodríguez*, No. 162117 (1st Cir. Jan. 23, 2018)).[1] See Attachment A and B (police cases brought by criminal counsel Frank Inserni Milam, involving harassment, corruption and the settlement of a excessive use of force case).

4.      While Pabon sought review of the abusive nature and lack of rationale of said decision via petition for certiorari in the Supreme Court, the same was denied on January 7, 2019. See *Pabon Ortega v. Llompart Zeno*, SCOTUS No. 18-331. The Commonwealth of Puerto Rico has endorsed the suspension on PROMESA grounds of all civil rights on the island, See Attachments C, D, F and G.

---

[1] The most notable exception is this Court' decision in Atiles-Gabriel v. Commonwealth, 256 F.Supp.3d 122 (D.P.R. 2017), decided by the Chief Judge of the USDC-PR, the Hon. Gustavo A. Gelpi, the same Judge that steered the Police Reform litigation.

5. Counsel is of the humble opinion that the suppression of all civil rights cases in Puerto Rico, without any reasoned analysis, may affect *inter alia* the goals and objectives of the Police Reform. Given the present state of affair, where PROMESA's automatic stay is being hailed as justification for staying all civil rights cases in Puerto Rico, including police cases, the Court is appraised of the situation, so that it may take any course of action it deems necessary, if any, to address the monitoring of police conduct in a jurisdiction where citizen rights protections are inoperable and unenforceable.

WHEREFORE, in the interest of preserving the goals and objective of the Police Reform, counsel respectfully respect this Honorable Court to take note of the foregoing.

RESPECTFULLY SUBMITTED.

This February 11, 2019 in Montreal, Canada for San Juan, Puerto Rico.

*Carlos A. Del Valle Cruz*
CARLOS A. DEL VALLE CRUZ
USDC-PR # 130604
DEL VALLE LAW
P.O. Box 9022473
San Juan, Puerto Rico 00902-2473
(939) 218-1332
cdvlawpr@gmail.com

CERTIFICATE OF NOTIFICATION

On this date, the signatory to this motion has filed it with the Clerk of the Court via the CM/ECF that shall relay it to all counsel of record.