# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RODRÍGUEZ-SÁNCHEZ, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CINTRÓN-RIVERA, ET AL.,**<br><br>Defendants. | **Civil. No**. 13-1590 (DRD) |

### "NUNC PRO TUNC" OPINION AND ORDER

Pending before the Court is Plaintiff, José Rodríguez Sánchez's (hereinafter, "Plaintiff") *Motion for Declaratory Judgment* (Docket No. 199) and the Department of Justice of the Commonwealth of Puerto Rico's (hereinafter, "the Department") respective *Response in Opposition* (Docket No. 206). In short, Plaintiff seeks 1) an order for payment; and 2) that the *Notice of Automatic Stay* (hereinafter, *"*Stay*"*) (Docket No. 196) be declared inapplicable.

For the reasons stated herein, the Court **DENIES** Plaintiff's *Motion for Declaratory Judgment* (Docket No. 199).

### I. PROCEDURAL BACKGROUND

On August 1, 2013, Plaintiff and other co-plaintiffs filed the instant *Complaint* (Docket No. 1), seeking compensatory and punitive damages, against Defendants in their personal capacities. The *Complaint* was filed pursuant to 42 U.S.C. § 1983, as Defendants were all police officers being sued for acts and omissions committed under color of law. After three years of litigation, the parties reached a *Confidential Settlement Agreement* (hereinafter, "Settlement") (Docket No. 178) on October 25, 2016. Per the terms of the *Settlement*, the sole remaining claims at the time, those of Plaintiff, were "settled in [a] total amount [known by the

parties]… to be paid [in three equal installments] to Plaintiff José Rodríguez-Sánchez by the Commonwealth of Puerto Rico." *See* Docket No. 178 at 2 & 5.

At present, Plaintiff avers, and Defendants concede, that the first installment, dated May 1, 2017, was not paid in full. *See* Docket 199 at 2 and Docket No. 186 at 2. Consequently, Plaintiff "prays that an order be entered for the payment of [the] outstanding amount[1] in compliance with the [*Settlement*]." Docket No. 199 at 2. Further, Plaintiff seeks to have the *Stay* (Docket No. 196) filed by Defendants declared inapplicable in this case. Plaintiff argues that in accordance with the *Order Denying Stay Under 48 U.S.C. 2161* in Guadalupe-Báez v. Pesquera, 269 F. Supp. 3d 1 (D.P.R. 2017), the Court should act in the same manner and find the *Stay* inapplicable to the case at hand.

## II. ANALYSIS

In Guadalupe-Báez, the Defendant sought "to avail himself of PROMESA's automatic stay, 48 U.S.C. § 2161(a), which incorporates by reference the automatic stay provided by 11 U.S.C. § 922(a). There, the Court determined that the applicability of PROMESA's automatic stay turned on "whether a personal capacity claim against a Commonwealth actor seeks to **enforce a claim against the debtor**." Id. at 2. (Emphasis ours). "This issue breaks up into two questions: (1) whether a personal capacity claim for damages seeks to 'enforce a claim' within the meaning of PROMESA (and the Bankruptcy Code provisions incorporated by section 2161(a)); and (2) whether the Commonwealth's decision to represent and indemnify Commonwealth officers means that personal capacity claims are 'against the debtor'." Id. In sum, the Court determined in Guadalupe-Báez that "financial liability on a personal capacity claim is **not necessarily against the debtor**" and that even after the Commonwealth provides legal representation for the Commonwealth actor

---

[1] The Treasury Department retained [a quantity known by the parties] from the first installment in order to cover Plaintiff's outstanding CRIM ("Centro de Recaudaciones de Ingresos Municipales") debt. Defendant concedes that said retention occurred despite the fact that Plaintiff paid his CRIM debt and provided proof of payment "during the check issuance process". *See* Docket No. 186 at p. 2, ¶ 4 and Docket No. 199 at p. 2, ¶ 6. Thus, Plaintiff's CRIM debt was charged twice; once through the retention of [such amount] from the first installment and once more when Plaintiff paid it directly to the corresponding government authorities.

2

**enforcement of a claim is not necessarily sought**. Id. at 3. (Emphasis ours). That is because, under 32 L.P.R.A. § 3087, "the Attorney General retains discretion to decide, [separately and subsequently], whether to defend and [whether to] indemnify the Commonwealth actor" sued under 42 U.S.C. § 1983. Id.

In the instant case, the parties reached a *Settlement* and through it, resolved all claims on October 25, 2016. *See* Docket No. 178. In said *Settlement*, it was established that the Commonwealth of Puerto Rico would pay the totality of the settlement. Therefore, upon the signing of the *Settlement*, the Commonwealth became the debtor bound to pay the settlement amount to Plaintiff. As such, we find Guadalupe-Báez inapplicable to the case at hand. In this case, it is clear that the Commonwealth is the debtor against which the Plaintiff seeks to enforce a claim. Accordingly, the Court finds the *Stay* (Docket No. 196) to be applicable and Plaintiff's *Motion for Declaratory Judgment*, as to this issue, (Docket No. 199) is **DENIED**.[2] However, Plaintiff's request that the amount improperly withheld from the first installment be paid is hereby **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of May, 2018.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
U.S. District Judge

---

[2] It is noted that Section 362 (d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." Motions for relief of an automatic stay under PROMESA should be filed in Bankruptcy Case No. 17-bk-03283 (LTS).

3