**No. 18-331**

---

In The

# Supreme Court of the United States

---

RAFAEL PABÓN ORTEGA,

*Petitioner,*

v.

ISABEL LLOMPART-ZENO, in her personal capacity; SIGFRIDO STEIDEL FIGUEROA, in his official capacity as Administrator of the Administration of Tribunals of the Commonwealth of Puerto Rico,

*Respondents.*

---

**On Petition For Writ Of Certiorari To The United States Court Of Appeals For The First Circuit**

---

## REPLY TO BRIEF IN OPPOSITION

---

CARLOS A. DEL VALLE CRUZ
*Counsel of Record*
DEL VALLE LAW
P.O. Box 9022473
San Juan, Puerto Rico 00902-2473
(939) 218-1332
cdvlawpr@gmail.com

December 14, 2018

TABLE OF CONTENTS

| | Page |
|---|---|
| ARGUMENT | 1 |
| A. The Petition does not present any factual dispute between the parties | 1 |
| B. The First Circuit has stayed under PROMESA all known §1983 civil rights cases within the jurisdiction of Puerto Rico for an indefinite period | 2 |
| C. Respondents omit discussion of the controlling law, *Ex parte Young* | 4 |
| D. Respondents' argument that PR's indemnification law justifies application of the automatic stay on Eleventh Amendment or PROMESA grounds has been repudiated by all relevant authority | 5 |
| E. Petitioner's First Amendment claim against Respondents does not involve any liability or claim covered by PROMESA that requires application of the automatic stay to this and other §1983 civil rights actions | 8 |
| F. PROMESA can be read in harmony with §1983 and the Bill of Rights | 8 |
| CONCLUSION | 12 |

TABLE OF AUTHORITIES

Page

CASES

*Atiles-Gabriel v. Commonwealth*,
256 F.Supp.3d 122 (D.P.R. 2017)....................... 11, 12

*Baker v. McCollan*,
443 U.S. 137 (1979) .................................................. 9

*Benning v. Board of Regents*,
928 F.2d 775 (7th Cir. 1991)...................................... 7

*Besosa-Noceda v. Miranda-Rodríguez*,
No. 16-2117 (1st Cir. Jan. 23, 2018).......................... 2

*Boumediene v. Bush*,
553 U.S. 723 (2008) .................................................. 5

*Cano-Rodríguez v. De Jesús-Cardona*,
No. 16-1532 (1st Cir. Nov. 27, 2017).......................... 2

*Colón-Colón v. Negrón-Fernández*,
2018 WL 2208053 (D.P.R. May 14, 2018) ............... 12

*Demery v. Kupperman*,
735 F.2d 1139 (9th Cir. 1984), *cert. denied*,
469 U.S. 1127 (1985).................................................. 7

*Downing v. Williams*,
624 F.2d 612 (5th Cir. 1980), *vacated on other grounds*, 645 F.2d 1226 (1981) ........................ 7

*Edelman v. Jordan*,
415 U.S. 651 (1974) ............................................. 5, 6

*Edward J. DeBartolo Corp. v. Fl. Gulf Coast Bldg. & Constr. Trades Council*,
485 U.S. 568 (1988) ................................................ 11

TABLE OF AUTHORITIES – Continued

Page

*Ex parte Young*,
209 U.S. 123 (1908) ........................................*passim*

*Examining Bd. of Engineers, Architects & Surveyors v. Flores de Otero*,
426 U.S. 572 (1976) ................................................12

*Ford Motor Co. v. Department of Treasury*,
323 U.S. 459 (1945) ..................................................4

*Gómez-Cruz v. Fernández-Pabellón*,
2018 WL 4849650 (D.P.R. Oct. 4, 2018)....................2

*Graham v. Connor*,
490 U.S. 386 (1989) ..................................................9

*Griess v. State of Colo.*,
841 F.2d 1042 (10th Cir. 1988)..................................7

*Guadalupe-Baez v. Pesquera*,
269 F.Supp.3d 1 (D.P.R. 2017)................................12

*Hafer v. Melo*,
502 U.S. 21 (1991) ................................................5, 6

*Hooper v. California*,
155 U.S. 648 (1895) ................................................10

*In re City of Stockton*,
484 B.R. 372 (Bankr. E.D. Cal. 2012)......................11

*In re Financial Oversight and Management Board for Puerto Rico*,
First Circuit Nos. 18-1671, 18-1746, & 18-1787 (argued Dec. 3, 2018)..............................4

*In re Secretary of Department of Crime Control & Public Safety*,
7 F.3d 1140 (4th Cir. 1993).......................................7

TABLE OF AUTHORITIES – Continued

Page

*Jackson v. Georgia Dept. of Transp.*, 16 F.3d 1573 (11th Cir. 1994)....................................7

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)..................................10

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978)................................................11

*Newberry v. City of San Bernardino*, 558 B.R. 321 (C.D. Cal. 2016)..................................11

*Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37 (1st Cir. 1999)........................................7

*Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738 (1824)..................................4

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)................................................5, 8

*Pickering v. Bd. of Educ.*, 408 U.S. 563 (1972)....................................................9

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)....................................................5

*Rubacha v. Coler*, 607 F.Supp. 477 (N.D. Ill. 1985)................................. 7

*Vazquez-Carmona v. Dep't of Educ.*, 255 F.Supp.3d 298 (D.P.R. 2017).............................12

*Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985) (*en banc*)......................7

TABLE OF AUTHORITIES – Continued

Page

CONSTITUTION

U.S. Const.:

Amend. I ........................................................*passim*

Amend. XI......................................................*passim*

OTHER AUTHORITIES

Civil Rights Act of 1871, 42 U.S.C. §1983 ..........*passim*

Bankruptcy Amendments and Federal Judgeship Act of 1984, 11 U.S.C. §§101 et seq. ........*passim*

11 U.S.C. §101(40)......................................................11

11 U.S.C. §109(c) .......................................................11

11 U.S.C. §362 ...................................................*passim*

11 U.S.C. §922 ...................................................*passim*

Puerto Rico Oversight, Management and Economic Stability Act (PROMESA), 48 U.S.C. §§2101 et seq. ................................................*passim*

48 U.S.C. §2106 ..................................................10, 12

48 U.S.C. §2149 ..........................................................4

48 U.S.C. §2161 ..........................................................1

48 U.S.C. §2194 ..........................................................6

P.R. Laws Ann., tit. 32 §§3086-3092a..........................5

## ARGUMENT

In their Opposition, the Respondents do not address the question presented: whether the automatic stay provision of the Bankruptcy Code, 11 U.S.C. §362, is unconstitutional *as applied* via PROMESA to §1983 actions for vindication of the First Amendment and other fundamental rights. Respondents, for starters, omit discussing the primary case relied upon by Petitioner, *Ex parte Young*, 209 U.S. 123 (1908). This precedent permits civil rights action against State officials in their official and personal capacities to vindicate constitutional rights precisely because these do not draw in a constitutionally significant manner from the State's purse. Thus, they do not produce any economic liability or claim against the Commonwealth debtor barred by the Eleventh Amendment or subject to the Code's automatic stay. From that glaring omission, Respondents summersault to a sequence of arguments that either misrepresent authority or are inapposite.

### A. The Petition does not present any factual dispute between the parties

The facts are not disputed: (a) the Petitioner's Introduction and the Statement of the Case relaying the backdrop to Congressional enactment of the Puerto Rico Oversight, Management and Economic Stability Act (PROMESA), 48 U.S.C. §§2101 et seq.; (b) PROMESA's incorporation, via 48 U.S.C. §2161, of the automatic stay provision of Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§362 and 922; (c) the

filing on May 3, 2017 of a petition for adjustment of debts pursuant to Title III of PROMESA; and (d) the First Circuit's Order of January 24, 2018 staying for an indefinite period further proceedings regarding Petitioner's §1983 civil rights actions under the First Amendment.

**B. The First Circuit has stayed under PROMESA all known §1983 civil rights cases within the jurisdiction of Puerto Rico for an indefinite period**

Subsequent developments have made apparent that the First Circuit has extended the automatic stay at issue here to other, perhaps all, §1983 civil rights cases on appeal. On May 18, 2018, Petitioner formally requested the First Circuit to identify all cases stayed on PROMESA grounds. This inquiry attempted to objectively determine the impact of the Court's decision paralyzing civil rights cases in the jurisdiction of Puerto Rico. On May 24, 2018, the First Circuit summarily denied the petition for information. Docket No. 16-1599.

In a published opinion, however, the district court itself has identified other civil rights appeals that the First Circuit has stayed on PROMESA grounds. See *Gómez-Cruz v. Fernández-Pabellón*, 2018 WL 4849650 (D.P.R. Oct. 4, 2018) (identifying *Cano-Rodríguez v. De Jesús-Cardona*, No. 16-1532 (1st Cir. Nov. 27, 2017) and *Besosa-Noceda v. Miranda-Rodríguez*, No. 16-2117 (1st Cir. Jan. 23, 2018)). A review of the First Circuit docket in these appeals show them to be mirror

images of the case at bar: Section 1983 suits stayed on the given dates by orders identical to the one sought to be reviewed here ("[i]n view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, this appeal is stayed."). We know from the civil rights community in Puerto Rico that the First Circuit has paralyzed other Section 1983 appeals not mentioned in published opinions. In sum, on these grounds, Petitioner respectfully submits that there are objective reasons to believe that the First Circuit has paralyzed the prosecution of all civil rights cases arising in the jurisdiction of Puerto Rico. As such, the First Circuit – without analysis or rationale – has in essence suspended the application of the *Insular Cases* in Puerto Rico and nullified the First Amendment and the rest of the Bill of Rights in the territory.

The First Circuit's stay in these cases are of indefinite duration insofar as they do not provide for an expiration date. A review of PROMESA, nonetheless, states that PROMESA shall terminate upon the Board certifying that: (1) the applicable territorial government has adequate access to short-term and long-term credit markets at reasonable interest rates to meet the borrowing needs of the territorial government; and (2) for at least 4 consecutive fiscal years – (A) the territorial government has developed its Budgets in accordance with modified accrual accounting standards; and (B) the expenditures made by the territorial government during each fiscal year did not exceed the revenues of the territorial government during that year, as determined in accordance with modified accrual

accounting standards. 48 U.S.C. §2149. Thus, at the very least, the stay may last 4 years, but will likely extend more given that achieving adequate access to credit markets to meet the Commonwealth's borrowing needs may well require more time than the mere presenting of consecutive compliant budgets. In addition, there is presently ongoing litigation challenging the constitutionality of PROMESA under the appointment's clause. See *In re Financial Oversight and Management Board for Puerto Rico*, First Circuit Nos. 18-1671, 18-1746, & 18-1787 (argued Dec. 3, 2018). Should Ted Olsen and others prevail, the outcome may require the reignition of the whole PROMESA process anew. In sum, it is not inconceivable that Section 1983 civil rights in Puerto Rico may be judicially suppressed for a whole generation.

### C. Respondents omit discussion of the controlling law, *Ex parte Young*

Respondents' response fails to discuss the controlling doctrine of law derived from *Ex parte Young* and its progeny. This doctrine has become a black letter law exception to the Eleventh Amendment, which bars suit against a State sued in federal court, *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738 (1824), as well as suits against state officials functioning as alter ego of the State, when the State is the "real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945).

To enforce the Supremacy Clause, however, and the Bill of Rights, *Ex parte Young* crafted the civil rights exemption to the Eleventh Amendment: "to permit federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984) (quoting *Ex parte Young*, 209 U.S. at 160). Thus, pursuant to *Ex parte Young,* the Eleventh Amendment does not bar a §1983 action: (a) against state officials for injunctive relief to prospectively comply with the Constitution or other federal law; and (b) against state officials in their personal capacity for damages paid from their own pocket, not the purse of the State. *Hafer v. Melo*, 502 U.S. 21 (1991); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment, *Ex parte Young* and the fundamental components of the Bill of Rights all apply to Puerto Rico. See *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-47 (1993) (Eleventh Amendment applies to PR); *Boumediene v. Bush*, 553 U.S. 723, 757-58 (2008) (fundamental rights apply to unincorporated Territories).

**D. Respondents' argument that PR's indemnification law justifies application of the automatic stay on Eleventh Amendment or PROMESA grounds has been repudiated by all relevant authority**

Respondents' primary argument is that because under PR's indemnification statute, P.R. Laws Ann.,

tit. 32 §§3086-3092a, the Commonwealth has chosen to pay for Respondents' legal representation and any judgment, said potential liability is a claim against the Commonwealth debtor to which the automatic stay applies. This argument rests on several omissions and misstatements and has been soundly rejected by all appellate courts.

First, the Respondents fail to note that the Commonwealth is not exposed to any economic liability or claim covered by PROMESA. 48 U.S.C. §2194 (limiting liability of "Government of Puerto Rico"). The only potential economic liability here is that of Respondents Llompart-Zeno in her personal capacity for the constitutional tort. She is not a State alter ego or debtor for purposes of the Eleventh Amendment or PROMESA. See *Hafer*, *id*. (§1983 civil rights suit seeking damages against the state official in her individual capacity are not barred by the Eleventh Amendment because the money damages come from the officer's own pocket, not the State's). Respondent Steidel-Figueroa, who replaced Respondent Llompart-Zeno in her official capacity, is sued only for prospective injunctive relief to comply with the First Amendment. He is not a state alter-ego under the Eleventh Amendment nor a debtor under PROMESA. See *Edelman*, *id*. (when the suit is against a State officer in his official capacity in the form of prospective injunctive compliance with the Constitution, there is no Eleventh Amendment bar, even if there is some cost to the State, because prospective constitutional compliance is a necessary cost of federalism).

Second, Respondents omit mentioning contrary controlling authority; namely, all the appellate courts

that have ruled on the issue have held that state indemnification laws that voluntarily indemnify state officials found to be individually liable for their personal constitutional torts do not convert their civil rights action under *Ex parte Young* in liabilities against the State's purse banned by the Eleventh Amendment. See *Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37 (1st Cir. 1999); *In re Secretary of Department of Crime Control & Public Safety*, 7 F.3d 1140, 1142 (4th Cir. 1993); *Downing v. Williams*, 624 F.2d 612, 626 (5th Cir. 1980), *vacated on other grounds*, 645 F.2d 1226 (1981); *Wilson v. Beebe*, 770 F.2d 578, 587-88 (6th Cir. 1985) (*en banc*); *Benning v. Board of Regents*, 928 F.2d 775, 778-79 (7th Cir. 1991); *Demery v. Kupperman*, 735 F.2d 1139, 1146-48 (9th Cir. 1984), *cert. denied*, 469 U.S. 1127 (1985); *Griess v. State of Colo*., 841 F.2d 1042 (10th Cir. 1988); *Jackson v. Georgia Dept. of Transp*., 16 F.3d 1573 (11th Cir. 1994).

In sum, State cannot clothe defendants with their Eleventh Amendment immunity by voluntarily agreeing to pay any judgment rendered against him. See *Rubacha v. Coler*, 607 F.Supp. 477, 481 (N.D. Ill. 1985) ("To hold otherwise would give the State carte blanche to provide a meaningless kind of paper protection – granting an 'indemnification' that would, by its very existence, destroy the liability to which the indemnity purportedly extends.").

The First Circuit has followed this logic. In *Ortiz-Feliciano*, the plaintiffs were awarded damages in their individual-capacity suit under §1983 against various Puerto Rican law enforcement officers. When the

defendants did not pay, the plaintiffs sought injunctive relief ordering the AG to satisfy the judgment against the defendants pursuant to the PR indemnity statute. The First Circuit affirmed the district court, holding that the motion in effect sought payment of funds from the Commonwealth and that the Eleventh Amendment barred such action in federal court. The Court found that both the provision of legal representation to the Commonwealth defendants and the payment of any money judgment were a voluntary matter of local legislative grace, not a waiver of Eleventh Amendment immunity. See *Pennhurst*, 465 U.S. at 97-124 (The Eleventh Amendment bars a federal court from ordering state officials to conform their conduct to state law.).

### E. Petitioner's First Amendment claim against Respondents does not involve any liability or claim covered by PROMESA that requires application of the automatic stay to this and other §1983 civil rights actions

### F. PROMESA can be read in harmony with §1983 and the Bill of Rights

Instead of taking the bull by the horns, Respondents' Opposition simply sidesteps the constitutional challenge that the Petition presents to this Court. This evasion takes various forms. First is their failure to even mention the words "*Ex parte Young*." Had the Respondents acknowledged that the underlying case was a civil rights action for the vindication of Petitioner's

First Amendment rights pursuant to *Pickering v. Bd. of Educ*., 408 U.S. 563, 568 (1972), they would have arguably faced the real issue involved here: whether the Code's automatic stay can suspend the prosecution of Section 1983 civil rights actions to enforce substantive First Amendment speech and other fundamental rights under the Bill of Rights. Here, the Respondents evade the discussion concerning the constitutional validity of Section 362 of the Code as applied by divesting, without warrant, the petition of its constitutional dimension.[1]

In so doing, the Respondents overlook the intimate interplay between the Civil Rights Act and the Bill of Rights. Section 1983 does not exist in a vacuum, isolated from its constitutional ties: it functions as a statutory placenta for the constitutional rights conceived by the Bill of Rights. As stated in *Graham v. Connor*, 490 U.S. 386, 392-94 (1989): Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred."; *Baker v. McCollan,* 443 U.S. 137, 140 (1979) ("The first inquiry in any §1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged."). Petitioner's Section 1983 suit cannot be repudiated without first braving an analysis of the underlying First Amendment claim the Act midwives to the court.

---

[1] Respondents in their counterstatement of the question presented posed the issue as whether the automatic stay applies to cases brought pursuant to §1983, while omitting any mention of the First Amendment challenge.

By failing to confront the Code with the Constitution, the Respondent's Opposition acquiesces to the prevailing hermeneutical principle that rules since the dawn of judicial review: constitutional principles prevail over Congressional statutory encumbrances. See *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803). PROMESA is consonant with *Marbury* so long as the automatic stay provisions at issue is read considering the mandate of §2106, which provides that PROMESA "shall [not] be construed as impairing or in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws. . . ." 48 U.S.C. §2106. We read this provision to encompass the Bill of Rights. Instead of arguing that the Bill of Rights is suppressed by the Code, Petitioner proposes that a more salutary and saving reading of the Code's stay provisions would sanction §1983 actions seeking to enforce fundamental constitutional rights in conformity with *Ex parte Young*.[2] This is consonant with the principle of constitutional avoidance stated in *Hooper v. California*, 155 U.S. 648, 657 (1895): "'[t]he elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.'"). This approach also recognizes that "Congress, like this Court, is bound by and swears an oath to uphold the Constitution. . . . The courts will therefore not lightly assume that Congress

---

[2] In their counterstatement of the question presented, Respondents paint the underlying petition as dealing with the right to access of courts, instead of a dismissal in violation of the First Amendment. This falsification of the question is oblivious to the underlying proceedings and requires no response.

intended to infringe constitutionally protected liberties or usurp power constitutionally forbidden it." *Edward J. DeBartolo Corp. v. Fl. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988).

Respondents' reliance on *In re City of Stockton*, 484 B.R. 372, 374 (Bankr. E.D. Cal. 2012), and *Newberry v. City of San Bernardino,* 558 B.R. 321, 325 (C.D. Cal. 2016), is inapposite. These are municipal bankruptcy cases that quash §1983 actions by invoking stays under §922 of the Code, 11 U.S.C. §922. To start, §922, while applicable to the municipal corporations covered by PROMESA, does not apply to the Commonwealth itself. See 11 U.S.C. §109(c) (only "municipality" may file for relief under chapter 9); 11 U.S.C. §101(40) (definition of "municipality"). Second, these cases do not address the constitutional issue at play here, as the Eleventh Amendment does not shield municipalities from damages. See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, unlike the Commonwealth, municipalities are directly liable and must recur to the stay protection because the Eleventh Amendment does not shield them from economic liability.

Petitioner argues that the more appropriate model for addressing the constitutional question involved here are several §1983 civil rights cases rejecting the application of the automatic stay because they do not establish liability against the Commonwealth debtor under PROMESA. The principal one is *Atiles-Gabriel v. Commonwealth*, 256 F.Supp.3d 122 (D.P.R. 2017), decided by the Chief Judge of the USDC-PR,

holding the PROMESA stay inapplicable in the presence of a countervailing constitutional right to habeas corpus, citing to §2106 of PROMESA. See *Examining Bd. v. Flores de Otero*, 426 U.S. 572 (1976) (§1983 applies to PR). The *Atiles* rationale was followed in: *Vazquez-Carmona v. Dep't of Educ.*, 255 F.Supp.3d 298 (D.P.R. 2017) (IDEA claim for injunctive relief not subject to PROMESA stay); *Colón-Colón v. Negrón-Fernández*, 2018 WL 2208053 (D.P.R. May 14, 2018) (automatic stay inapplicable to §1983 settlement); *Guadalupe-Baez v. Pesquera*, 269 F.Supp.3d 1 (D.P.R. 2017) (neither §1983 action nor indemnification statute establish economic liability requiring PROMESA stay). Finally, the *Atiles* court expressed that the Commonwealth's unique status and the unparalleled scope of its obligations to both creditors and citizens, counselled against an "overbroad application of the automatic stay [that] would risk transgressing PROMESA's statutory framework and the boundaries of the Constitution." 256 F.Supp.3d at 128. In summary, while *Atiles* does not discuss the constitutional challenge to the stay as precisely as Petitioner does here, it does represent a welcomed framework for addressing the issue.

## CONCLUSION

The Petitioner prays the Court to grant this petition for certiorari as it presents an important constitutional question concerning the suspension of the *Insular Cases* and the suppression of the First Amendment and other fundamental rights in Puerto Rico.

In San Juan, Puerto Rico, this December 14, 2018.

Respectfully submitted,

CARLOS A. DEL VALLE CRUZ
*Counsel of Record*
DEL VALLE LAW
P.O. Box 9022473
San Juan, Puerto Rico 00902-2473
(939) 218-1332
cdvlawpr@gmail.com