IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO et al.,

Defendants.

CIVIL NO. 12-2039 (GAG)

# ORDER

The parties' Motion Requesting Order (Docket No. 1095) is **GRANTED** as follows:

Special Master's Fees

1. The proposed hourly rate and monthly cap, as well as travel expense cap, for work by Special Master Dr. Del Carmen until June 30, 2019 is hereby approved. (Docket No. 1095 at 12)

2. The above, but for Commonwealth fiscal year 2019-2020 is also approved. Id.

3. Accordingly, the Court's Order at Docket No. 1087 is partially vacated insofar as to the amount stated therein.  The corrected amount shall be deposited with the Clerk of Court and will be placed in a separate account to that of the Monitor.

4. Should at any point during the next fiscal year, there come a need to adjust the Special Master's budget, the matter shall be discussed between the parties, Special Master, and the Court.  The Court is mindful of the Commonwealth's budgetary restraints and has been so since the inception of this case.  See, e.g., Docket No 15.

5. The above fees are limited to Dr. Del Carmen's work.  Insofar as the parties may be concerned that as a Rule 53 Special Master Dr. Del Carmen could create and bring along a team of experts

**Civil No. 12-2039 (GAG)**

or other professionals to assist him, the Court at this time does not envision this.  If at some point the parties need any further expert and /or technical assistance (which Dr. Del Carmen can recommend based on his experience working with numerous police departments) the matter will be addressed on a case by case basis.

Special Master's Scope of Work

6.  The Court approves Dr. Del Carmen's work in the proposed three subjects. (Docket No. 1095 at 9).

7.  When the need becomes apparent for work in any additional subjects, the parties will bring the matter to the Court's attention.

8.  The Court also, will periodically meet with the parties and Special Master, to discuss the progress of all work, as well as the need to continue work in these areas, or other areas.

Additional Agreements for Effective Participation of Special Master

9.  The parties shall continue to discuss the matter and will provide the Court with a joint proposal at the next status conference. Id. at 12.

Special Master's Official Title

10.  At the outset, the Court notes that the parties are in agreement and support Dr. Del Carmen's active involvement in this case -- separate to the Monitor's work. (Docket No. 1095 at 4).  More so, the Court agrees with all of the parties' recommendations, outlined in the proceeding pages. The sole area of disagreement between the Court and parties is the title of Special Master given to Dr. Del Carmen by the Court. (Docket No. 1038).  The Court in its order appointing Dr. Del

**Civil No. 12-2039 (GAG)**

Carmen, alluded to Fed. R. Civ. P. 53. The parties understand, however, that his role is more akin to that of an expert under Fed. R. Evid. 706 (Docket No. 1095 at 6-8).

11. Upon further, analysis, the Court advises the parties that its original and continued intention was never truly to have Dr. Del Carmen serve in the traditional Rule 53 role. It is also not the Court's intention that he serve in the traditional Rule 706 role. This case is unique and requires that the Court and parties think outside of the box. This was originally done when USDOJ came up with the novel concept of the four-year capacity building period contained in the Agreement. Another example has been the Court's initiative of holding town hall meetings. Many other ingenious actions have been taken by all since the case commenced, all of these to the benefit of the Reform, the PRPB, and the community.

12. "Rule 53 does not terminate or modify the district court's inherent equitable power to appoint a person, whatever his title, to assist in administering a remedy." Ruiz v Estelle, 679 F.2d 1115, 1161 n. 240 (5th Cir. 1982). See also Ex Parte Peterson, 253 U.S. 300, 312 (1920) (recognizing that judges in the federal system possess "inherent power to provide themselves with appropriate instruments required for the performance of their duties," including that to " appoint persons unconnected with the court and judges."); Concilio de Salud Integral de Loiza, Inc. v. Perez Perdomo, 551 F.3d 10, 19 (1st Cir. 2008) (recognizing the court's inherent power to appoint a special master/technical advisor).

13. Dr. Del Carmen's official title, thus, will continue to be Special Master. Again, the Court is quite clear that, at this time, it has not assigned him any Rule 53 tasks. Likewise, the Court has not assigned him any Rule 706 (b)(1-4) duties. However, it may at some point under either rule, though this is not envisioned within the foreseeable near future. If, and when, assigned any Rule 53 task, the Court will proceed accordingly.

**Civil No. 12-2039 (GAG)**

14. Dr. Del Carmen's Role, as intended by the Court (Docket No. 1095 at 5), is unique, and apart from any other role that special masters ordinarily carry out.  It is a more encompassing, and flexible one, within the parties and Court's needs and goal to see the reform process succeed.  For example, if at some time a specific Rule 53 and/or 706 duty is warranted, the parties should be free to so request, if he can so be of assistance.  The current scope of work, (see item 6 above) is just an example of the untapped potential of the Special Master's role in this case.

15. Mindful that that the Monitor is no longer a technical compliance advisor, and given that the capacity building period has concluded, the Court's intent is, hence, that Special Master Del Carmen assist in areas that can be of benefit to PRPB so that it fulfills its obligations under the Agreement.  The parties thus should be as creative as possible, think outside of the box, and use Dr. Del Carmen's experience and expertise to the fullest.

16. Finally, Dr. Del Carmen's work is primarily intended as direct work with the parties.  However, periodically, the Court shall meet with him, as well as with the parties to discuss developments that will arise in conjunction with his work.

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of February 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge