**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                              Defendants. | No. 3:12-cv-2039 (GAG) |

**JOINT STIPULATION EFFECTUATING THE PARTICIPATION
OF THE SPECIAL MASTER**

Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico, et al. (collectively, "the Parties"), with the concurrence of the Special Master, Dr. Alejandro del Carmen, enter into this Joint Stipulation to effectuate the Special Master's participation in reforming the Puerto Rico Police Bureau ("PRPB"), in accordance with the Court's Orders and the Agreement for the Sustainable Reform of the Puerto Rico Police Bureau ("Agreement"), Doc. 60.  *See* Order ¶ 9, Doc. 1102 (Feb. 12, 2019).  The terms of this Joint Stipulation are intended to facilitate the effective participation of the Special Master by specifying the roles and responsibilities of the Parties and Special Master in furtherance of the Court's Appointment Orders, Docs. 1038, 1102.

**I.    Background**

1.    On December 4, 2018, the Court appointed Dr. Alejandro del Carmen as Special Master to the Court "in matters that are complex and difficult, or involve accountability and statistical analysis, that will be of assistance to the [P]arties, as well as the undersigned presiding judge." Order 1, Doc. 1038 (Dec. 4, 2018).  The Special Master reports directly to the Court and performs his duties independent of the Technical Compliance Advisor ("TCA" or the

"Monitor"). *Id.* at 2.  As a compliance facilitator, the Special Master "can report and recommend to the Court, and in turn to the [P]arties, specific actions that can cure any compliance deficits, as well as how to maintain the appropriate level of compliance in any given matter." *Id.* at 2-3.

2. The Special Master began his remunerated duties on February 1, 2019.  Order 1, Doc. 1088 (Jan. 28, 2019).  On February 12, 2019, the Court defined certain foundational aspects of Dr. del Carmen's appointment, including his scope of work, fees, and interaction with the Court and the Parties.  Order, Doc. 1102 (Feb. 12, 2019).  The Court also expressed its desire that the appointment be flexible and more encompassing than one made ordinarily under Fed. R. Civ. P. 53 "within the parties and Court's needs and goal to see the reform process succeed." *Id.* at ¶ 14.  The Court encouraged the Parties to be "as creative as possible, think outside of the box, and use Dr. del Carmen's experience and expertise to the fullest." *Id.* at ¶ 15.

3. The Parties recognize that the Commonwealth and PRPB have taken substantial steps to promote compliance with the Agreement during the initial capacity-building phase of this case.  *See* Agreement ¶ 237, Doc. 60 (requiring Action Plans to address systemic needs at PRPB during the four-year period following the TCA's appointment to place PRPB in a position to implement each of the substantive paragraphs of the Agreement).  At the same time, challenges remain in areas that are critical to the sustainability of reforms, such as data collection and analysis, information systems, human resource development, and internal auditing.  These areas will require focused attention, collaboration, and subject-matter expertise beyond the expiration of the capacity-building period.  Accordingly, the Parties will use the Court's appointment of the Special Master and the guidance provided by the Court as an opportunity to build on PRPB's improvements and support its efforts to overcome persistent challenges now that the case has

entered the compliance phase.  *See* Agreement ¶ 242 (requiring the Monitor to begin conducting regular compliance reviews following the capacity-building phase).

## II. Stipulation

4. The Parties seek to facilitate the Special Master's participation in the reform process and ensure that he has the support and resources necessary to fulfill his duties, pursuant to the Court's Orders in this case.  Therefore, with the concurrence of the Special Master and subject to the Court's approval, the Parties hereby STIPULATE and AGREE as follows:

### A. Duties and Scope of Work

5. The Special Master shall have only the duties, responsibilities, and authorities conferred by the Court and this Stipulation, subject to the Court's approval.  The Special Master shall be subject to the Court's supervision and orders of the Court, consistent with the Agreement and applicable law.  As an officer of the Court, the Special Master shall also comply with the Code of Conduct for Judicial Employees, as adopted by the Judicial Conference of the United States.

6. The scope of work of the Special Master shall be determined by the Court.  The Parties, acting jointly, may also request assistance from the Special Master on a specific matter, subject to the Special Master's availability and resources.  The Parties shall notify the Court when the Special Master agrees to undertake a joint request for assistance from the Parties.  The Court will likewise notify the Parties of any changes it wishes to make to the Special Master's scope of work and give the Parties an opportunity to be heard before the changes take effect.  *Cf.* Federal Rule of Civil Procedure 53(b)(4) (providing for amendments to appointment orders "at any time after notice to the parties and an opportunity to be heard.")

7. On February 12, 2019, the Court approved the Parties' initial request for assistance in the following three subjects:

  a.  The development of protocols and procedures to review law enforcement activities and programs for potential bias and ensure the equal protection of the law under Paragraph 91 of the Agreement, including the collection and use of reliable data from agency information systems, like Computer-Aided Dispatch, Kronos, and Early Intervention System;

  b.  The development of a robust career path that promotes effective leadership, professionalism, and equal opportunity within the rank system in furtherance of Paragraph 21 of the Agreement; and

  c.  The design and implementation of internal audits and integrity checks in accordance with Paragraphs 154-157 of the Agreement, including establishing effective and comprehensive information systems that support internal auditing and monitoring, such as the Early Intervention System.

Order ¶ 6, Doc. 1102.  The Special Master has also agreed to assist the PRPB in the development of (i) an appropriate selection process for promotions to ranks above captain and (ii) an implementation plan to achieve compliance in all subject areas of the Agreement.

8.  The Special Master shall not be liable for any claim, lawsuit, or demand arising out of the Special Master's performance, pursuant to this Stipulation and the Court's Orders.

9.  The Special Master may testify as to his observations, findings, and recommendations before the Court with jurisdiction over this matter, but the Special Master shall not testify in any other litigation or proceeding with regard to any act or omission of the Commonwealth of Puerto Rico or any of its agencies, departments, officials or employees related to the Agreement or regarding any matter or subject that the Special Master may know of as a result of his performance under this Stipulation and the Court's Orders.  The requirements of this paragraph shall continue to apply to the Special Master after his appointment has ended for any reason, or after the Agreement terminates.

### B. Communication with the Court and the Parties

10.  The Special Master shall report directly to the Court.  The Special Master may communicate *ex parte* with the Court and the Parties.

11.    The Special Master shall maintain regular contact with the Court and the Parties to ensure effective and timely communication regarding the assistance provided by the Special Master and the status of subjects within the Special Master's scope of work.  To facilitate this communication, the Special Master shall confer with the Parties on at least a monthly basis.

12.    The Commonwealth shall appoint a point-of-contact from PRPB to serve as a liaison to the Special Master.  The point-of-contact shall be responsible for coordinating the Special Master's access to documents, data, persons, and facilities at PRPB.

### C. Access and Confidentiality

13.    The Special Master shall have full and direct access to all PRPB personnel, employees, and facilities that the Special Master reasonably deems necessary to carry out the duties assigned to the Special Master by this Stipulation and the Court's Orders.  The Special Master shall communicate and cooperate with PRPB to access staff, employees, and facilities in a reasonable manner that, consistent with the Special Master's responsibilities, minimizes interference with daily operations.

14.    PRPB shall ensure that the Special Master has full and direct access to all PRPB documents and data that the Special Master reasonably deems necessary to carry out the duties assigned to the Special Master by this Stipulation and the Court's Orders, except any documents or data protected by the attorney-client privilege.

15.    Should PRPB decline to provide the Special Master access to documents or data based on attorney-client privilege, PRPB shall inform the Special Master and the Civil Rights Division of the United States Department of Justice ("DOJ") that it is withholding documents or data on this basis and shall provide the Special Master and DOJ with a log describing the documents or data.

16.     PRPB shall exercise its best efforts to facilitate access by the Special Master to other documents and data of the Commonwealth of Puerto Rico and its agencies that are reasonably related to the implementation of the Agreement, this Stipulation, and the Court's Orders.

17.     The Special Master shall provide PRPB with reasonable notice of a request for documents.  Upon such request, PRPB shall make the requested documents available in a timely manner or provide copies (electronic, where readily available) of the same to the Special Master, unless PRPB can show that the Special Master is not entitled to access to the documents under this Stipulation or the Court's Orders.

18.     The Special Master shall maintain confidential all non-public information provided by PRPB or any other agency of the Commonwealth of Puerto Rico, pursuant to this Stipulation or the Court's Orders.  Other than as expressly provided in the Agreement, this Stipulation shall not be deemed a waiver of any privilege or right PRPB or any other agency of the Commonwealth of Puerto Rico may assert, including those recognized at common law or created by statute, rule, or regulation, against any other person or entity with respect to the disclosure of any document.

### D. Public Statements, Records, and Conflicts of Interest

19.     Except as authorized by the Parties acting together or by the Court, the Special Master, including any agent, employee, or independent contractor thereof, shall not make any public statements or issue findings with regard to any act or omission of the Commonwealth of Puerto Rico or PRPB, or their agents, representatives, or employees.  Any press statement made by the Special Master regarding his performance or activities under this Stipulation or the Court's Orders shall be approved by the Parties or by the Court.  The Special Master shall inform the Parties whenever the Court approves a press statement or authorizes the Special Master to communicate with the press.

20. The Special Master is not a state or local agency, or an agent thereof, and accordingly, the records maintained by the Special Master shall not be designated as public records subject to public inspection.

21. Unless such conflict is waived by the Parties, the Special Master will not accept employment or provide consulting services that would present a conflict of interest with the Special Master's responsibilities under this Stipulation or the Court's Orders, including being retained (on a paid or unpaid basis) by any current or future litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the Commonwealth of Puerto Rico, or its agencies, departments, officials or employees.

### E. Selection of Supporting Personnel

22. The Special Master may request authority to hire, employ, or contract with such additional persons or entities as are reasonably necessary to perform the tasks assigned to the Special Master by this Stipulation or the Court's Orders. Any person or entity hired or otherwise retained by the Special Master to assist in furthering any provision of this Stipulation or the Court's Orders shall be subject to the provisions of this Stipulation and the Court's Orders, including the Code of Conduct for Judicial Employees.

23. The Special Master shall notify the Parties in writing if the Special Master wishes to select additional persons or entities to assist him. The notice will identify and describe the qualifications of the person or entity to be hired or employed and the supporting task to be performed. If the Parties agree with the Special Master's proposal, the Special Master shall be authorized to hire or employ such additional persons or entities. The Parties shall have fifteen business days to inform their position on any such proposal. If the Parties are unable to reach

agreement within fifteen business days of receiving notice of any disagreement regarding the proposal, the Court shall resolve the dispute.

24. The costs of additional persons or entities assisting the Special Master are considered Special Master expenses to be deducted from the Special Master's budget, discussed below. These expenses shall be itemized.

25. Should any of the Parties to this Stipulation or the Court determine that the Special Master or his agents, employees, or independent contractors have exceeded their authority, or failed to satisfactorily perform the duties required by this Stipulation or the Court's Orders, the party may petition the Court for such relief as the Court deems appropriate, including replacement of the Special Master, and/or any individual members, agents, employees, or independent contractors.

### F. Fees and Budget

26. The Commonwealth of Puerto Rico and PRPD shall bear all reasonable fees and costs of the Special Master.

27. The Court approved the budget for the Special Master for the current fiscal year through June 30, 2019, and for Fiscal Year 2019-20.  Order ¶¶ 1-2, Doc. 1102 (Feb. 12, 2019).

28. For each fiscal year after Fiscal Year 2019-20, the Special Master shall submit a proposed annual budget to the Parties at least sixty (60) days prior to the conclusion of the budget year for approval.  The Parties and the Special Master agree to discuss and negotiate the proposed annual budget in good faith to ensure that the Special Master has sufficient and necessary resources to carry out his duties under this Stipulation and the Court's Orders.  The agreed-upon annual budget shall be filed with the Court through an informative motion before the start of each operating budget period.  If the Parties and the Special Master are unable to

agree on an annual budget, any party or the Special Master may request this Court to resolve the matter.

29. In the event that the Special Master continues to render services and incur expenses as required by the Court and this Stipulation before a new budget is agreed upon, payment for such services or expenses shall be paid by the Commonwealth of Puerto Rico through a resolution authorizing the payment, and the amounts paid will be deducted from the next Court-approved budget.

30. The Special Master's fees and expenses shall be paid by the Court from funds deposited with the Clerk of the Court by the Commonwealth of Puerto Rico.  The Commonwealth of Puerto Rico agrees to deposit and consign funds into an interest-bearing account with the Clerk of the Court to cover the Special Master's approved annual operating budget before the beginning of each annual operating budget period.  Any accrual of interest of the deposited and consigned amount with the Clerk of the Court shall be the property of the Commonwealth of Puerto Rico.

31. Should extraordinary circumstances require an increase in the Special Master's approved annual operating budget, the Special Master must obtain approval from the Parties and the Court before any expense is incurred beyond the approved annual operating budget.  In the event that no agreement is reached on an increase to the Special Master's annual operating budget, any party or the Special Master may request this Court to resolve the matter.

32. The Special Master shall submit all invoices to the Parties for review on at least a monthly basis. Each party shall have five business days to review the invoices and the right to object to any expense that it considers unreasonable, excessive, or beyond the scope of the duties of the Special Master, as set forth in this Stipulation or the Court's Orders.  A party shall notify

the Special Master and the other party in writing of the objection and the reasons therefore. If neither party raises an objection, the Special Master shall submit the invoices to the Court for payment. If a party raises an objection, the Special Master shall have five business days to respond to the objection and either withdraw, modify, or renew the expense. Only the specific expense that is the subject of an objection shall be withheld pending resolution. The Parties agree to work in good faith to resolve any such objections and responses in a timely manner. In the event that no such resolution is reached, the Parties will submit the dispute to this Court for resolution.

33. The Special Master shall certify in each invoice submitted for review and payment that neither he nor any person or entity contracted or employed by the Special Master has received any income, compensation, or payment for services rendered under a regular employment or contractual relationship with the Commonwealth of Puerto Rico, or any of its departments, municipalities or agencies.

34. The Special Master agrees that any payments under this Stipulation or the Court's Orders do not absolve the Special Master of any obligations he or any person or entity contracted or employed by the Special Master may have under state and federal tax laws, federal social security inquiries, municipal patents, unemployment insurance and any other obligations to the Commonwealth of Puerto Rico, state or federal, as they may arise as a result of doing business in the Commonwealth of Puerto Rico.

35. The Parties recognize that prompt payment of reasonable expenses and costs incurred by the Special Master facilitates the continuity of operations and compliance with the Agreement. The Parties agree to work cooperatively to resolve budget and expense disputes as expeditiously as possible and before seeking the Court's assistance.

36. Nothing in this Stipulation is intended to alter, modify, or substitute any term of the Agreement.

Agreed to and respectfully submitted, this 15th of March, 2019,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section<br><br>*s/Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**JORGE CASTILLO** (G02912)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br>jorge.castillo@usdoj.gov<br><br>Attorneys for Plaintiff | *s/Maria A. Dominguez*<br>Maria A. Dominguez<br>USDC-PR No. 210908<br>madt@mcvpr.com<br><br>*s/Arturo J. Garcia Sola*<br>Arturo J. Garcia Sola<br>USDC-PR No. 201903<br>ajg@mcvpr.com<br><br>*s/Javier F. Micheo Marchial*<br>Javier F. Micheo Marcial<br>USDC-PR No. 305310<br>jfmm@mcvpr.com<br><br>McCONNELL VALDÉS LLC<br>P.O. Box 364225<br>San Juan, PR 00936-4225<br>Telephone (787) 250-5641<br>Fax: (787) 759-8282<br><br>Attorneys for Defendants |

CONCURRENCE:

*s/Alejandro del Carmen*
**ALEJANDRO DEL CARMEN**
Special Master

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th of March, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the Parties, counsel of record, the Monitor, and the Special Master on the service list to be served by electronic means.

                                              *s/Luis E. Saucedo*
                                              LUIS E. SAUCEDO (G01613)
                                              Counselor to the Chief