# Guide to Judiciary Policy

Vol. 2: Ethics and Judicial Conduct
Pt. A: Codes of Conduct

## Ch. 3: Code of Conduct for Judicial Employees

§ 310 Overview
        § 310.10 Scope
        § 310.20 History
        § 310.30 Definitions
        § 310.40 Further Guidance

§ 320 Text of the Code
        Canon 1:  A Judicial Employee Should Uphold the Integrity and Independence of
                the Judiciary and of the Judicial Employee's Office
        Canon 2:  A Judicial Employee Should Avoid Impropriety and the Appearance of
                Impropriety in All Activities
        Canon 3:  A Judicial Employee Should Adhere to Appropriate Standards in
                Performing the Duties of the Office
        Canon 4:  In Engaging in Outside Activities, a Judicial Employee Should Avoid
                the Risk of Conflict with Official Duties, Should Avoid the Appearance of
                Impropriety, and Should Comply with Disclosure Requirements
        Canon 5:  A Judicial Employee Should Refrain from Inappropriate Political
                Activity

## § 310 Overview

### § 310.10 Scope

(a)     This Code of Conduct applies to all employees of the judicial branch, including interns, externs, and other volunteer court employees, except it does not apply to Justices; judges; and employees of the United States Supreme Court, the Administrative Office of the United States Courts, the Federal Judicial Center, the Sentencing Commission, and federal public defender offices.

(b)     Justices and employees of the Supreme Court are subject to standards established by the Justices of that Court.  Judges are subject to the Code of Conduct for United States Judges (Guide, Vol. 2A, Ch. 2).  Employees of the AO and the FJC are subject to their respective agency codes.  Employees of the Sentencing Commission are subject to standards

*Last revised (Transmittal 02-046) March 12, 2019*

      established by the Commission. Federal public defender employees are subject to the Code of Conduct for Federal Public Defender Employees (Guide, Vol. 2A, Ch. 4). Intermittent employees [HR Manual, Sec. 5, Ch. 4.7] are subject to canons 1, 2, and 3 and such other provisions of this code as may be determined by the appointing authority.

  (c)  Employees who occupy positions with functions and responsibilities similar to those for a particular position identified in this code should be guided by the standards applicable to that position, even if the position title differs. When in doubt, employees may seek an advisory opinion as to the applicability of specific code provisions.

  (d)  Contractors and other nonemployees not covered above who serve the judiciary are not covered by this code, but appointing authorities may impose these or similar ethical standards on such nonemployees, as appropriate.

## § 310.20 History

  (a)  With the adoption of the Code of Conduct for Judicial Employees on September 19, 1995, the Judicial Conference repealed the Code of Conduct for Clerks (and Deputy Clerks), the Code of Conduct for United States Probation Officers (and Pretrial Services Officers), the Code of Conduct for Circuit Executives, the Director of the Administrative Office, the Director of the Federal Judicial Center, the Administrative Assistant to the Chief Justice, and All Administrative Office Employees Grade GS-15 and Above, the Code of Conduct for Staff Attorneys of the United States, the Code of Conduct for Federal Public Defenders, and the Code of Conduct for Law Clerks. JCUS-SEP 95, p. 74.

  (b)  This Code of Conduct for Judicial Employees took effect on January 1, 1996.

  (c)  In March 2001, the Conference revised Canon 3F(4). JCUS-MAR 01, pp. 10-12.

  (d)  The Conference revised the following provisions in March 2013: "Scope" (§ 310.10(a) and (d)); "Definitions" (§ 310.30(a)); Canon 1; Canon 3F(2)(a)(ii); Canon 4A; and Canon 5B. JCUS-MAR 13, p. 9.

  (e)  The Conference revised the following provisions in March 2019: Canon 3C(1); Canon 3D(2); and Canon 3D(3). JCUS-MAR 19, p. ___.

## § 310.30 Definitions

  (a)  Member of a Judge's Personal Staff

      As used in this code in canons 3F(2)(b), 3F(5), 4B(2), 4C(1), and 5B, a member of a judge's personal staff means a judge's secretary or judicial assistant, a judge's law clerk, intern, extern, or other volunteer court employee, and a courtroom deputy clerk or court reporter whose assignment with a particular judge is reasonably perceived as being comparable to a member of the judge's personal staff.

(b)    Third Degree of Relationship

      As used in this code, the third degree of relationship is calculated according to the civil law system to include the following relatives: parent, child, grandparent, grandchild, great grandparent, great grandchild, brother, sister, aunt, uncle, niece and nephew.

## § 310.40 Further Guidance

(a)    The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions concerning the application and interpretation of this code. Employees should consult with their supervisor and/or appointing authority for guidance on questions concerning this code and its applicability before a request for an advisory opinion is made to the Committee on Codes of Conduct.

(b)    In assessing the propriety of one's proposed conduct, a judicial employee should take care to consider all relevant canons in this code, the Ethics Reform Act, and other applicable statutes and regulations (*e.g.*, receipt of a gift may implicate canon 2 as well as canon 4C(2) and the Ethics Reform Act gift regulations).

(c)    Should a question remain after this consultation, the affected judicial employee, or the chief judge, supervisor, or appointing authority of such employee, may request an advisory opinion from the Committee. Requests for advisory opinions may be addressed to the chair of the Committee on Codes of Conduct by email or as follows:

        Chair of the Committee on Codes of Conduct
        c/o Office of the General Counsel
        Administrative Office of the United States Courts
        One Columbus Circle, N.E.
        Washington, D.C. 20544

# § 320 Text of the Code

## Canon 1:  A Judicial Employee Should Uphold the Integrity and Independence of the Judiciary and of the Judicial Employee's Office

An independent and honorable Judiciary is indispensable to justice in our society.  A judicial employee should personally observe high standards of conduct so that the integrity and independence of the Judiciary are preserved and the judicial employee's office reflects a devotion to serving the public.  Judicial employees should require adherence to such standards by personnel subject to their direction and control.  The provisions of this code should be construed and applied to further these objectives.  The standards of this code do not affect or preclude other more stringent standards required by law, by court order, or by the appointing authority.

## Canon 2:  A Judicial Employee Should Avoid Impropriety and the Appearance of Impropriety in All Activities

A judicial employee should not engage in any activities that would put into question the propriety of the judicial employee's conduct in carrying out the duties of the office.  A judicial employee should not allow family, social, or other relationships to influence official conduct or judgment.  A judicial employee should not lend the prestige of the office to advance or to appear to advance the private interests of others.  A judicial employee should not use public office for private gain.

## Canon 3:  A Judicial Employee Should Adhere to Appropriate Standards in Performing the Duties of the Office

In performing the duties prescribed by law, by resolution of the Judicial Conference of the United States, by court order, or by the judicial employee's appointing authority, the following standards apply:

> A. A judicial employee should respect and comply with the law and these canons.  A judicial employee should report to the appropriate supervising authority any attempt to induce the judicial employee to violate these canons.
>
> **Note:**  A number of criminal statutes of general applicability govern federal employees' performance of official duties.  These include:
>
> - 18 U.S.C. § 201 (bribery of public officials and witnesses);
> - 18 U.S.C. § 211 (acceptance or solicitation to obtain appointive public office);
> - 18 U.S.C. § 285 (taking or using papers relating to government claims);

- 18 U.S.C. § 287 (false, fictitious, or fraudulent claims against the government);
- 18 U.S.C. § 508 (counterfeiting or forging transportation requests);
- 18 U.S.C. § 641 (embezzlement or conversion of government money, property, or records);
- 18 U.S.C. § 643 (failing to account for public money);
- 18 U.S.C. § 798 and 50 U.S.C. § 783 (disclosure of classified information);
- 18 U.S.C. § 1001 (fraud or false statements in a government matter);
- 18 U.S.C. § 1719 (misuse of franking privilege);
- 18 U.S.C. § 2071 (concealing, removing, or mutilating a public record);
- 31 U.S.C. § 1344 (misuse of government vehicle);
- 31 U.S.C. § 3729 (false claims against the government).

In addition, provisions of specific applicability to court officers include:

- 18 U.S.C. §§ 153, 154 (court officers embezzling or purchasing property from bankruptcy estate);
- 18 U.S.C. § 645 (embezzlement and theft by court officers);
- 18 U.S.C. § 646 (court officers failing to deposit registry moneys);
- 18 U.S.C. § 647 (receiving loans from registry moneys from court officer).

This is not a comprehensive listing but sets forth some of the more significant provisions with which judicial employees should be familiar.

B.  A judicial employee should be faithful to professional standards and maintain competence in the judicial employee's profession.

C.  Standards of Conduct

(1)  A judicial employee should be patient, dignified, respectful, and courteous to all persons with whom the judicial employee deals in an official capacity, including other employees and the general public.  A judicial employee should not engage in sexual or other forms of harassment of court employees or retaliate against those who report misconduct.  A judicial employee should hold court personnel under the judicial employee's direction to similar standards.  A judicial employee should take appropriate action upon receipt of reliable information indicating a likelihood of conduct contravening this Code.  Appropriate action depends on the circumstances and may include, for example, reporting such conduct to a supervisor, court executive, or chief judge.  For

     relevant elaboration, see Code of Conduct for United States Judges, Commentary to Canons 3B(4) and 3B(6).

  (2) A judicial employee should diligently discharge the responsibilities of the office in a prompt, efficient, nondiscriminatory, fair, and professional manner. A judicial employee should never influence or attempt to influence the assignment of cases, or perform any discretionary or ministerial function of the court in a manner that improperly favors any litigant or attorney, nor should a judicial employee imply that he or she is in a position to do so.

D. Duty of Confidentiality

  (1) A judicial employee should avoid making public comment on the merits of a pending or impending action and should require similar restraint by personnel subject to the judicial employee's direction and control. This proscription does not extend to public statements made in the course of official duties or to the explanation of court procedures.

  (2) A judicial employee should not use for personal gain any confidential information received in the course of official duties.

  (3) A judicial employee should never disclose any confidential information received in the course of official duties except as required in the performance of such duties. A former judicial employee should observe the same restriction on disclosure of confidential information that applies to a current judicial employee, except as modified by the appointing authority. This general restriction on use or disclosure of confidential information does not prevent, nor should it discourage, an employee or former employee from reporting or disclosing misconduct, including sexual or other forms of harassment, by a judge, supervisor, or other person.

E. A judicial employee should not engage in nepotism prohibited by law.

  **Note:** *See also* 5 U.S.C. § 3110 (employment of relatives); 28 U.S.C. § 458 (employment of judges' relatives).

F. Conflicts of Interest

  (1) A judicial employee should avoid conflicts of interest in the performance of official duties. A conflict of interest arises when a judicial employee knows that he or she (or the spouse, minor child residing in the judicial employee's household, or other close relative of the judicial employee) might be so personally or financially

    affected by a matter that a reasonable person with knowledge of the relevant facts would question the judicial employee's ability properly to perform official duties in an impartial manner.

(2)  Certain judicial employees, because of their relationship to a judge or the nature of their duties, are subject to the following additional restrictions:

 (a)  A staff attorney or law clerk should not perform any official duties in any matter with respect to which such staff attorney or law clerk knows that:

  (i)  he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

  (ii)  he or she served as lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law had served (during such association) as a lawyer concerning the matter (provided that the prohibition relating to the previous practice of law does not apply if he or she did not work on the matter, did not access confidential information relating to the matter, and did not practice in the same office as the lawyer), or he, she, or such lawyer has been a material witness;

  (iii)  he or she, individually or as a fiduciary, or the spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or in a party to the proceeding;

  (iv)  he or she, a spouse, or a person related to either within the third degree of relationship (as defined above in § 310.40), or the spouse of such person (A) is a party to the proceeding, or an officer, director, or trustee of a party; (B) is acting as a lawyer in the proceeding; (C) has an interest that could be substantially affected by the outcome of the proceeding; or (D) is likely to be a material witness in the proceeding;

  (v)  he or she has served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding or has

        expressed an opinion concerning the merits of the particular case in controversy.

    (b)    A secretary to a judge, or a courtroom deputy or court reporter whose assignment with a particular judge is reasonably perceived as being comparable to a member of the judge's personal staff, should not perform any official duties in any matter with respect to which such secretary, courtroom deputy, or court reporter knows that he or she, a spouse, or a person related to either within the third degree of relationship, or the spouse of such person (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding; (iii) has an interest that could be substantially affected by the outcome of the proceeding; or (iv) is likely to be a material witness in the proceeding; provided, however, that when the foregoing restriction presents undue hardship, the judge may authorize the secretary, courtroom deputy, or court reporter to participate in the matter if no reasonable alternative exists and adequate safeguards are in place to ensure that official duties are properly performed.  In the event the secretary, courtroom deputy, or court reporter possesses any of the foregoing characteristics and so advises the judge, the judge should also consider whether the Code of Conduct for United States Judges may require the judge to recuse.

    (c)    A probation or pretrial services officer should not perform any official duties in any matter with respect to which the probation or pretrial services officer knows that:

        (i)    he or she has a personal bias or prejudice concerning a party;

        (ii)    he or she is related within the third degree of relationship to a party to the proceeding, or to an officer, director, or trustee of a party, or to a lawyer in the proceeding;

        (iii)    he or she, or a relative within the third degree of relationship, has an interest that could be substantially affected by the outcome of the proceeding.

(3)    When a judicial employee knows that a conflict of interest may be presented, the judicial employee should promptly inform his or her appointing authority.  The appointing authority, after determining

      that a conflict or the appearance of a conflict of interest exists, should take appropriate steps to restrict the judicial employee's performance of official duties in such matter so as to avoid a conflict or the appearance of a conflict of interest.  A judicial employee should observe any restrictions imposed by his or her appointing authority in this regard.

(4) A judicial employee who is subject to canon 3F(2)(a) should keep informed about his or her personal and fiduciary financial interests and make a reasonable effort to keep informed about the personal financial interests of a spouse or minor child residing in the judicial employee's household.  For purposes of this canon, "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:

    (a) ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the employee participates in the management of the fund;

    (b) an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

    (c) the proprietary interest of a policy holder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

    (d) ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(5) A member of a judge's personal staff should inform the appointing judge of any circumstance or activity of the staff member that might serve as a basis for disqualification of either the staff member or the judge, in a matter pending before the judge.

## Canon 4:  In Engaging in Outside Activities, a Judicial Employee Should Avoid the Risk of Conflict with Official Duties, Should Avoid the

**Appearance of Impropriety, and Should Comply with Disclosure Requirements**

    A.    Outside Activities

A judicial employee's activities outside of official duties should not detract from the dignity of the court, interfere with the performance of official duties, or adversely reflect on the operation and dignity of the court or office the judicial employee serves. Subject to the foregoing standards and the other provisions of this code, a judicial employee may engage in such activities as civic, charitable, religious, professional, educational, cultural, avocational, social, fraternal, and recreational activities, and may speak, write, lecture, and teach. If such outside activities concern the law, the legal system, or the administration of justice, the judicial employee should first consult with the appointing authority to determine whether the proposed activities are consistent with the foregoing standards and the other provisions of this code. A judicial employee should not accept a governmental appointment that has the potential for dual service to and/or supervision by independent branches of government (including state courts) or different governments during judicial employment.

    B.    Solicitation of Funds

A judicial employee may solicit funds in connection with outside activities, subject to the following limitations:

        (1)    A judicial employee should not use or permit the use of the prestige of the office in the solicitation of funds.

        (2)    A judicial employee should not solicit subordinates to contribute funds to any such activity but may provide information to them about a general fund-raising campaign. A member of a judge's personal staff should not solicit any court personnel to contribute funds to any such activity under circumstances where the staff member's close relationship to the judge could reasonably be construed to give undue weight to the solicitation.

        (3)    A judicial employee should not solicit or accept funds from lawyers or other persons likely to come before the judicial employee or the court or office the judicial employee serves, except as an incident to a general fund-raising activity.

    C.    Financial Activities

        (1)    A judicial employee should refrain from outside financial and business dealings that tend to detract from the dignity of the court,

   interfere with the proper performance of official duties, exploit the position, or associate the judicial employee in a substantial financial manner with lawyers or other persons likely to come before the judicial employee or the court or office the judicial employee serves, provided, however, that court reporters are not prohibited from providing reporting services for compensation to the extent permitted by statute and by the court.  A member of a judge's personal staff should consult with the appointing judge concerning any financial and business activities that might reasonably be interpreted as violating this code and should refrain from any activities that fail to conform to the foregoing standards or that the judge concludes may otherwise give rise to an appearance of impropriety.

(2) A judicial employee should not solicit or accept a gift from anyone seeking official action from or doing business with the court or other entity served by the judicial employee, or from anyone whose interests may be substantially affected by the performance or nonperformance of official duties; except that a judicial employee may accept a gift as permitted by the Ethics Reform Act of 1989 and the Judicial Conference regulations thereunder.  A judicial employee should endeavor to prevent a member of a judicial employee's family residing in the household from soliciting or accepting any such gift except to the extent that a judicial employee would be permitted to do so by the Ethics Reform Act of 1989 and the Judicial Conference regulations thereunder.

  **Note:**  *See* 5 U.S.C. § 7353 (gifts to federal employees).  *See also* 5 U.S.C. § 7342 (foreign gifts); 5 U.S.C. § 7351 (gifts to superiors).

(3) A judicial employee should report the value of gifts to the extent a report is required by the Ethics Reform Act, other applicable law, or the Judicial Conference of the United States.

  **Note:**  *See* 5 U.S.C. App. § § 101 to 111 (Ethics Reform Act financial disclosure provisions).

(4) During judicial employment, a law clerk or staff attorney may seek and obtain employment to commence after the completion of the judicial employment.  However, the law clerk or staff attorney should first consult with the appointing authority and observe any restrictions imposed by the appointing authority.  If any law firm, lawyer, or entity with whom a law clerk or staff attorney has been employed or is seeking or has obtained future employment appears in any matter pending before the appointing authority, the law clerk

or staff attorney should promptly bring this fact to the attention of the appointing authority.

D. Practice of Law

A judicial employee should not engage in the practice of law except that a judicial employee may act pro se, may perform routine legal work incident to the management of the personal affairs of the judicial employee or a member of the judicial employee's family, and may provide pro bono legal services in civil matters, so long as such pro se, family, or pro bono legal work does not present an appearance of impropriety, does not take place while on duty or in the judicial employee's workplace, and does not interfere with the judicial employee's primary responsibility to the office in which the judicial employee serves, and further provided that:

(1) in the case of pro se legal work, such work is done without compensation (other than such compensation as may be allowed by statute or court rule in probate proceedings);

(2) in the case of family legal work, such work is done without compensation (other than such compensation as may be allowed by statute or court rule in probate proceedings) and does not involve the entry of an appearance in a federal court;

(3) in the case of pro bono legal services, such work (a) is done without compensation; (b) does not involve the entry of an appearance in any federal, state, or local court or administrative agency; (c) does not involve a matter of public controversy, an issue likely to come before the judicial employee's court, or litigation against federal, state or local government; and (d) is reviewed in advance with the appointing authority to determine whether the proposed services are consistent with the foregoing standards and the other provisions of this code.

Judicial employees may also serve as uncompensated mediators or arbitrators for nonprofit organizations, subject to the standards applicable to pro bono practice of law, as set forth above, and the other provisions of this code.

A judicial employee should ascertain any limitations imposed by the appointing judge or the court on which the appointing judge serves concerning the practice of law by a former judicial employee before the judge or the court and should observe such limitations after leaving such employment.

**Note:**  *See also* 18 U.S.C. § 203 (representation in matters involving the United States); 18 U.S.C. § 205 (claims against the United States); 28 U.S.C. § 955 (restriction on clerks of court practicing law).

E. Compensation and Reimbursement

A judicial employee may receive compensation and reimbursement of expenses for outside activities provided that receipt of such compensation and reimbursement is not prohibited or restricted by this code, the Ethics Reform Act, and other applicable law, and provided that the source or amount of such payments does not influence or give the appearance of influencing the judicial employee in the performance of official duties or otherwise give the appearance of impropriety.  Expense reimbursement should be limited to the actual cost of travel, food, and lodging reasonably incurred by a judicial employee and, where appropriate to the occasion, by the judicial employee's spouse or relative.  Any payment in excess of such an amount is compensation.

A judicial employee should make and file reports of compensation and reimbursement for outside activities to the extent prescribed by the Ethics Reform Act, other applicable law, or the Judicial Conference of the United States.

Notwithstanding the above, a judicial employee should not receive any salary, or any supplementation of salary, as compensation for official government services from any source other than the United States, provided, however, that court reporters are not prohibited from receiving compensation for reporting services to the extent permitted by statute and by the court.

**Note:**  *See* 5 U.S.C. App. §§ 101 to 111 (Ethics Reform Act financial disclosure provisions); 28 U.S.C. § 753 (court reporter compensation).  *See also* 5 U.S.C. App. §§ 501 to 505 (outside earned income and employment).

## Canon 5:  A Judicial Employee Should Refrain from Inappropriate Political Activity

A. Partisan Political Activity

A judicial employee should refrain from partisan political activity; should not act as a leader or hold any office in a partisan political organization; should not make speeches for or publicly endorse or oppose a partisan political organization or candidate; should not solicit funds for or contribute to a partisan political organization, candidate, or event; should not become

    a candidate for partisan political office; and should not otherwise actively engage in partisan political activities.

    B.    Nonpartisan Political Activity

    A member of a judge's personal staff, lawyer who is employed by the court and assists judges on cases, clerk of court, chief probation officer, chief pretrial services officer, circuit executive, and district court executive should refrain from nonpartisan political activity such as campaigning for or publicly endorsing or opposing a nonpartisan political candidate; soliciting funds for or contributing to a nonpartisan political candidate or event; and becoming a candidate for nonpartisan political office.  Other judicial employees may engage in nonpartisan political activity only if such activity does not tend to reflect adversely on the dignity or impartiality of the court or office and does not interfere with the proper performance of official duties.  A judicial employee may not engage in such activity while on duty or in the judicial employee's workplace and may not utilize any federal resources in connection with any such activity.

    **Note:**  *See also* 18 U.S.C. chapter 29 (elections and political activities).