## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　　　Defendants. | No. 12-cv-2039 (GAG) |

**MOTION FOR EXTENSION OF TIME**

COMES NOW, Plaintiff, the United States of America, and respectfully requests a brief extension of time until April 8, 2019, to complete its consideration of the proposed budget submitted by the Court Monitor (also known as the "Technical Compliance Advisor" or "TCA") for Fiscal Year 2019-20.  At the status conference held on February 28, 2019, the Court instructed the Parties to file the Court Monitor's proposed budget by April 1, 2019.  For cause, the United States alleges and states as follows:

1.  The Stipulated Order for the Establishment of the TCA Office and the Payment of TCA Expenses requires that the Court Monitor submit a proposed annual budget to the Parties for approval at least sixty days prior to the conclusion of each budget year, or by April 1st.  Stipulated Order ¶ 16, ECF No. 139.  The Court Monitor produced an initial draft of his proposed budget for Fiscal Year 2019-20 to the Parties on January 29, 2019.  The proposed budget sought an overall increase of approximately 25% over the current fiscal year budget.  In response to preliminary questions raised by the Parties, the Court Monitor produced a revised budget on February 13, 2019, with the same approximate budget increase.

2. At the status conference held on February 28, 2019, the United States explained the need to review the Court Monitor's proposed budget in the context of the monitoring methodology for the new compliance phase of the case. Paragraphs 245 and 248 of the Agreement require that the Court Monitor develop a proposed monitoring plan and methodology for the Parties' review. Agreement, ECF No. 60. The monitoring plan and methodology are key documents that describe the sources, methods, and frequency of evaluation to be used by the Court Monitor to assess the Commonwealth's compliance with the Agreement. They serve as the most useful gauge of the Court Monitor's anticipated workload for the fiscal year and, thus, as justification for the significant increase in the proposed budget. At the time of the February 28 status conference, the United States expected to receive the updated monitoring methodology from the Court Monitor by March 8, 2019, as set forth in the "Roadmap for a Consensus-Based, Validated Methodology to Assess Compliance (Agreement ¶ 241-249)." Plan and Methodology for Compliance Review and Outcome Assessment at 9, ECF No. 970-1.[1]

3. To date, the Court Monitor has not provided a complete draft of the monitoring plan and methodology to the Parties. The Court Monitor and his staff have, on various occasions and most recently on March 27, 2019, responded to the United States' inquiries regarding specific line items in the proposed budget. However, the Court Monitor's complete workplan under the new compliance regime of the case remains outstanding. Without the updated monitoring

---

[1] Specifically, the agreed-upon Roadmap provides:

> From January 9 – March 8, 2019, the Monitor will design logical models and specific audits and compliance reviews based on the validated methodology. The Monitor will develop standard document and data requests, which will be supplemented on an ongoing basis with non-standard requests in accordance with the Agreement.

*Id.*

methodology, the United States is left to refer only to the Court Monitor's expenditures during the capacity-building phase, which had different demands, orientation, and focus. Accordingly, the United States is not in a position to approve the proposed budget and ensure that it is reasonable and sufficient to carry out the Monitor's current duties under the Agreement.

4. The United States seeks a short, one-week extension until April 8, 2019, to complete its consideration of the Court's Monitor's proposed budget. The United States expects to receive the Court Monitor's complete monitoring plan and methodology by such date, which is also the last day of the current, six-month evaluation period. If the Court Monitor does not present a complete monitoring plan and methodology by April 8, the United States will make its best efforts to determine whether it is in a position to conditionally approve or disapprove the proposed budget. The Commonwealth does not object to the United States' request.

WHEREFORE, the United States respectfully requests that this Court grant the extension of time requested herein.

Respectfully submitted, this 1st day of April, 2019,

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

S/LUIS E. SAUCEDO
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
Counselor to the Chief
**JORGE CASTILLO** (G02912)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section

950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 1st of April, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

    S/LUIS E. SAUCEDO
    LUIS E. SAUCEDO (G01613)
    Counselor to the Chief