1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

3

**UNITED STATES OF AMERICA,**

4

**Plaintiff,**

5

**v.**                                        **CIVIL NO. 12-2039 (GAG)**

6

**COMMONWEALTH OF PUERTO RICO**
**et al.,**

7

8

**Defendants.**

9

**ORDER**

10        The motion to stay filed by the parties (Docket No. 1180), based on the premise that the

11 monitor has not adequately submitted a reliable draft methodology, is DENIED.

12        From the Court's perspective, the final methodology should be agreed upon by both the

13 parties and the monitor. At the point of consensus, the Court will adopt the same, accordingly. The

14 point of a consensus by all requires that the data collected will not be questionable by anyone on

15 the ground of a flawed methodology.

16        To date, the monitor has submitted to the parties, a draft of the methodology. The parties

17 contend that it is flawed and unacceptable. Accordingly, their counsel — in their role as officers

18 of the court — in collaborative coordination with the monitor — should strive to reach a consensus,

19 rather than proceed to question the methodology as in a Daubert hearing. Methodology is not a

20 precise science and reasonable minds can sharply differ as to what is appropriate. This, however,

21 does not entail that the monitor or the parties are outright wrong. The monitor, in good faith has

22 worked to propose a methodology. This is what the court expects of him. Now, the court expects

23 the monitor to listen to the parties' good faith comments and suggestions, which of course, may

24 ultimately entail modifications to the final methodology. The Court at this time notes that the

**Civil No. 12-2039 (GAG)**

parties at this time have not adduced nor explained why the monitor's proposed methodology is outright wrong in all aspects.

Methodology is not a matter suitable for litigation in this court monitored oversight. Rather, it is a matter — as all other matters in the Police Reform — for all to intensively collaborate, and, in turn, provide to the Court a collective consensus.

Rather than directly request a stay from the Court, the parties — as is customary by now — should have addressed their concerns to the monitor and along with him requested an extension of time for all to meet, confer and present an adequate consensus methodology. In the past, the monitor has always been amenable to make adjustments to all deadlines and discuss time sensitive deadline concerns. When necessary he has also sought the Court's approval for any extension and the same has always been granted.

The Court's ultimate role in this most unique consent oversight is not to make choices on which methodology version is best to utilize. Today the parties disagree with the Monitor. Tomorrow the PRPD may disagree with both the Monitor and USDOJ (as has happened), or, a different tag team alignment can occur. The bottom line is that this cannot occur when complete teamwork is required for success.

Accordingly, the parties and monitor are ordered to immediately meet either in Puerto Rico, Washington DC, or anywhere else, and, as officers of the Court, agree to a methodology which the court will approve. Whether it takes a day, week or more, all must focus on this particular task, putting aside individual views and/or preferences.

In an effort to assist the parties and the monitor, the Court hereby assigns Special Master, Dr. Alejandro Del Carmen, who is a criminologist with a demonstrated record in statistical work, to coordinate with the parties and lead efforts in the aforesaid matter. Dr. Del Carmen shall:

**Civil No. 12-2039 (GAG)**

           1. Coordinate, schedule and designate the place and time of all meetings.

           2. Moderate and lead all meetings with the goal of reaching consensus in the methodology to be utilized.

           3. Issue any necessary directives to the parties and monitor.

           4. Report to the Court directly any challenges that may arise during this process.

           5. Provide a written report to the court fourteen (14) days from the date of this order where he outlines the efforts made and the points agreed on the methodology employed.

           6. Issue any necessary recommendations to the parties, monitor and court.

Dr. del Carmen, as special master, is authorized to meet collectively and individually with all. If all agree to a specific limited and brief extension, the Court will consider the same once Dr. Del Carmen makes this request on their behalf. (Alternatively, the parties are encouraged to discuss this matter immediately and agree via joint informative motion to a work schedule which Dr. Del Carmen shall oversee).

It is important to remind all that Dr. Del Carmen, works for the Court and will not be at the outset proposing any particular methodology. Rather his role is to bring all together akin to a mediator and work amenably. He may, of course, comment on the existing methodology proposals and provide guidance if requested by the parties and monitor. Because he does not work for any party nor the monitor but is very familiar with monitoring practices and statistical work, the Court finds him best suited for the task, rather than an outside person at this moment.

In the meantime, all non-data collection events shall continue to be conducted as scheduled. These include, but are not limited to, town hall meetings, visits to various sites throughout the

**Civil No. 12-2039 (GAG)**

island to perform spot checks on progress, and any other monitoring activities that do not require data collection related work.

     **SO ORDERED.**

     In San Juan, Puerto Rico this 7th day of April 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
