**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　　Defendants. | No. 12-cv-2039 (GAG) |

**SECOND MOTION FOR EXTENSION OF TIME**

TO THE HONORABLE COURT:

　　Plaintiff, the United States of America, respectfully requests a second extension of time to complete its consideration of the proposed budget submitted by the Monitor (also known as the "Technical Compliance Advisor" or "TCA") for Fiscal Year 2019-20. The Parties and the Monitor are currently reviewing a draft monitoring methodology submitted by the Monitor early this morning, April 8, 2019 and discussing a timetable for submission of a final methodology to the Court for approval. The methodology is necessary to determine whether the 25% budget increase requested by the Monitor is reasonable and necessary. For cause, the United States alleges and states as follows:

　　1.　　The Monitor seeks an increase in budget of approximately 25%. The largest budget increase is in Core Team consultants, where the Monitor is seeking an additional $292,200. The United States understands the Monitor intends to use the additional funding to hire two subject-matter experts and a data analyst.

　　2.　　The United States contends that it must evaluate the Monitor's proposed budget vis-à-vis a complete methodology and workplan to properly determine if the budget is reasonable

and sufficient.  The monitoring plan and methodology are key documents that describe the sources, methods, and frequency of evaluation to be used by the Monitor to assess the Commonwealth's compliance with the Agreement.  Put simply, the United States seeks information about those proposed subject-matter experts and data analyst, what they will be monitoring and analyzing, how they will do the same, and what resources they need to effectively accomplish their tasks.

3. The United States' first motion for an extension of time on this matter noted the same.  *See* U.S. 1st Mot. ¶ 3, ECF No. 1174 (Apr. 2, 2019); *see also* Order, ECF No. 1176 (Apr. 2, 2019) (granting motion).  As stated there, without the Monitor's complete workplan under the new compliance regime, the United States can only assess the budget in light of the Monitor's expenditures during the capacity-building phase, which had different demands, orientation, and focus.

4. The United States expected to receive the updated monitoring methodology from the Monitor by March 8, 2019, as set forth in the "Roadmap for a Consensus-Based, Validated Methodology to Assess Compliance (Agreement ¶ 241-249)."  Plan and Methodology for Compliance Review and Outcome Assessment at 9, ECF No. 970-1.

5. The Parties received an updated methodology today, April 8, 2019.  The United States, together with the Commonwealth and the Special Master, is still evaluating the methodology's contents.  Based on a preliminary review, the draft methodology provides little, if any, insight into what new personnel are needed and what they would do to assist in monitoring compliance.

6. What is more, the April 8, 2019 methodology is the subject of ongoing discussions and negotiations between the Parties and the Monitor, moderated by the Special

Master.  It is not yet a final methodology that has the consensus of the Parties.  *See* Order at 1-2, ECF No. 1181 (Apr. 7, 2019).  These discussions are expected to lead to an updated and complete methodology in the coming weeks that will aid the Parties in determining whether the Monitor's proposed budget is reasonable and necessary.

7. In light of the above, the United States seeks an extension, until May 31, 2019, to complete its consideration of the Court's Monitor's proposed budget and related discussions.  If the Parties and the Monitor have not reached consensus on a monitoring plan and methodology by May 31, the United States will make its best efforts to determine whether it is in a position to conditionally approve or disapprove the proposed budget.  The Commonwealth does not object to the United States' request.

WHEREFORE, the United States respectfully requests that this Court grant the extension of time requested herein.

Respectfully submitted, this 8th day of April, 2019,

        **STEVEN H. ROSENBAUM**
        Chief, Special Litigation Section
        Civil Rights Division

        *s/Luis E. Saucedo*
        **TIMOTHY D. MYGATT**
        Deputy Chief
        **LUIS E. SAUCEDO** (G01613)
        Counselor to the Chief
        **JORGE CASTILLO** (G02912)
        Trial Attorney
        U.S. Department of Justice
        Civil Rights Division
        Special Litigation Section

        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone: (202) 598-0482
        Fax: (202) 514-4883
        luis.e.saucedo@usdoj.gov
        jorge.castillo@usdoj.gov

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 8th of April, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Technical Compliance Advisor on the service list to be served by electronic means.

        *s/Luis E. Saucedo*
        LUIS E. SAUCEDO (G01613)
        Counselor to the Chief

4