IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

   Plaintiff,

   v.

**COMMONWEALTH OF PUERTO RICO, et al.,**

   Defendants.

CASE NO. 12-2039 (GAG)

## MONITOR TRANSITION ORDER

On May 16, 2019, the Court appointed John Romero as Acting Monitor. Prior to the appointment, Mr. Romero had served on the monitoring team as a subject-matter expert. The Court issues this Order to ensure an orderly and smooth transition of the Monitor's Office and to safeguard all work product and privileged communications of the Monitor's Office, including electronic data, documents, and communications between the Parties, their counsel, and the Monitor's Office. Accordingly, the Court hereby issues the following directives, which shall be strictly adhered to by both the Acting Monitor and Former Monitors, as well as all of their staff (hereinafter referred collectively as Monitoring Staff).

1. **Ongoing Responsibilities:** Monitoring Staff have an ongoing obligation to comply with the Code of Conduct for Judicial Employees and the directives therein. Code of Conduct for Judicial Employees, Guide to Judiciary Policy, Vol. 2A, Ch. 3 (2019); Stipulated Order on TCA Office at ¶ 9, Docket No. 139 (June 26, 2014) (requiring Monitoring Staff to comply with the Code of Conduct). This responsibility includes the duty of confidentiality, which provides, among other things, that a judicial employee "should never disclose any confidential information received in the course of official duties except as required in the performance of

**Civil No. 12-2039 (GAG)**

such duties." Code of Conduct, Canon 3(D). All confidential information continues to remain of such nature and should not be disclosed absent a court order to the contrary.

2. The Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement), Docket No. 60, and the Court's orders also bind all Monitoring Staff. For instance, Paragraph 257 of the Agreement prohibits the Technical Compliance Advisor (TCA or Monitor) from testifying in any other federal, state, or local litigation or proceeding related to the Agreement or any matter that the TCA may have learned about as a result of his or her performance under the Agreement. The Court has issued other directives that are binding on Monitoring Staff throughout the course of this litigation. *See, e.g.,* Order, Docket No. 288 (Dec. 10, 2015) (setting forth restricted directives); Order, Docket No. 613 (Aug. 23, 2017) (issuing directives on political activity, social media, and community involvement by Monitoring Staff).

3. **Preservation of Documents and Information:** The work product of Monitoring Staff and all documents, data, and information in their possession, custody, or control related to the Agreement, belong to the Monitor as an officer of the Court. Monitoring Staff shall preserve any and all documents, included but not limited to, electronically and physically stored communications, correspondence, memos, reports, data, information, e-mails and other electronic communications, files, images, graphics, recordings, spreadsheets, and other tangible items, in final or draft form, and databases in their possession as of the date of this Order related to this case, the Puerto Rico Police Bureau (PRPB) and the reform pursuant to the Agreement (collectively, the "Documents").

4. This Order includes any and all Documents received from and/or in relation to the Commonwealth; developed, prepared, drafted by Monitoring Staff as part of their duties and responsibilities under the Agreement, including, for example, the Monitor's Reports under

**Civil No. 12-2039 (GAG)**

Paragraph 250, and the Comprehensive Surveys and Compliance Reviews under Paragraph 241 of the Agreement; and received from, or prepared in response to, outside sources, such as letters and other forms of communications from members of the community.

5. This Order also applies to all communications between the Court, the Monitoring Staff, the Parties and their counsel, and PRPB officers and their counsel.  These are, unless otherwise determined by the Court, confidential as discussions and agreements made in furtherance of the Agreement.  Fed. R. Evid. 408.

6. **Transfer of Documents:**  Any and all physically stored Documents in the possession, custody, or control of former Monitoring Staff shall be delivered to the Clerk's Office of the United States Courthouse, 150 Chardon Ave. San Juan, Puerto Rico, 00918, by May 31, 2019.  All other Documents in the possession, custody, or control of former Monitoring Staff shall be transferred to the Acting Monitor by May 31, 2019.  Mr. Romero or his designee shall oversee the transfer of the Documents to ensure that the Documents are adequately protected and secured.  Mr. Romero shall transmit a copy of this Order to Monitoring Staff.

7. **Transfer of Computers, Equipment, and Furniture:**  Former Monitoring Staff shall return all computers, equipment and furniture acquired from the Commonwealth[1] or from Court-reimbursed funds as follows:  Computers, including passwords for operating systems, shall be transferred to the Acting Monitor by May 31, 2019.  All other equipment

---

[1]  For example, PRPB provided four Dell computers, desks, and chairs to Monitoring Staff in June 2014.  *See* Stipulated Order on TCA Office at 15-19, Docket No. 139 (June 26, 2014).

**Civil No. 12-2039 (GAG)**

and furniture, including copiers, printers, scanners, desks, and chairs shall be transferred to PRPB by May 31, 2019.

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of May, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge