## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff; v. COMMONWEALTH OF PUERTO RICO, ET AL., Defendants. | No. 12-cv-2039 (GAG) |

## MEMORANDUM IN SUPPORT OF THE UNITED STATES'
## POSITION ON DISQUALIFICATION

### I.   Introduction

The recent allegations made by the former Monitor, Arnaldo Claudio, against the Court regarding the participation of McConnell Valdés ("McV") as counsel for Defendants do not warrant the Court's or McV's disqualification. Specifically, the former Monitor alleged in public statements to the media that the Court acted unethically by allowing McV to appear as counsel for Defendants and that the work of the Court's father at McV posed a conflict of interest. The relevant facts, as we understand them, do not establish grounds for disqualification under either 28 U.S.C. § 455 ("Section 455"), or the Code of Conduct for United States Judges ("Code of Conduct"), Guide to Judiciary Policy, Vol. 2A, Ch. 2 (2019).

### II.    Factual Background

For approximately six years from the commencement of this action in December 2012, attorneys from the Puerto Rico Department of Justice ("PRDOJ") represented Defendants. On December 28, 2018, Defendants contracted with McV, transferring their legal representation

from PRDOJ to the firm,[1] and McV attorneys entered their appearance beginning on January 11, 2019.  Dominguez Notice of Appearance, Docket No. 1070; Micheo Notice of Appearance, Docket No. 1071.  At the time, the press reported on the terms of McV's contract, including the cost of legal services through the end of the fiscal year.[2]

At all times since their appearance, McV attorneys have asserted to counsel for the United States that Defendants engaged McV through Maria Dominguez, a capital member at McV.  At no time has counsel for the United States learned of any involvement of the Court's father, Gustavo Gelpí, Sr. ("Gelpí Sr."), in McV's engagement or in any other aspect of the case. The Court observed similarly that "[i]n the case at bar, [Gelpi Sr.] has not appeared as counsel of record, nor was he responsible for McConnell Valdes being retained as counsel by the Police Bureau (and indeed, counsel for the firm always informed attorney Maria Dominguez was the one whom initially the Bureau sought to retain)."  Order at 1, Docket No. 1124.  McV attorneys have also represented to the United States that as of July 2017, Gelpi Sr. became an independent contractor at McV working on an "as needed" basis after having served as Counsel to the firm.

On May 14, 2019, Claudio resigned his position as Monitor.  Almost immediately after the Court noticed Claudio's departure, Claudio alleged in public statements to the media that the Court engaged in unethical conduct and had a conflict of interest stemming from his father's work at McV.  In an interview with El Vocero, Claudio expressed that he "lost faith in how the Court and the United States Department of Justice have gone about this process and sadly how

---

[1]  Puerto Rico Office of the Controller, Contract Registry, Contract No. 2019-000147, Dec. 28, 2018 to June 30, 2019, *available at* https://contratos.ocpr.gov.pr/ (visited May 28, 2019).

[2]  Melissa Correa Velázquez, *Defensa del gobierno podría costar hasta $560,000,* El Vocero (Jan 16, 2019), https://www.elvocero.com/ley-y-orden/defensa-del-gobierno-podr-a-costar-hasta/article_96d5a92e-1935-11e9-9cee-afcbf112e1a5.html.

the Puerto Rico Department of Justice was removed from the case to pay $3.7 million to a law

firm (McConnell Valdés) where there are relatives of people involved in the Reform process."[3]

On May 23, 2019, the Court issued an Order instructing the United States to submit its

position "as to the disqualification of both the undersigned and McConnell Valdés" in light of

Claudio's allegations.  Order, Docket No. 1124.  In its Order, the Court noted that "because the

purported conflict only became an issue recently and extrajudicially, the United States never has

had the opportunity to express itself for the record."  *Id.*  The Court instructed the United States

to consider its September 2006 order in *Oriental Financial Group, Inc. v. Federal Insurance Co.,*

*Inc.,* 450 F. Supp. 2d 169 (D.P.R. 2006), where the Court denied a motion to disqualify under

Section 455 based on the Court's prior and his father's current association with McV.  Although

the Court denied the motion on the specific grounds advanced by the defendant, the Court

disqualified himself *sua sponte* because the Court had worked five years prior at McV while the

particular matter was pending before the District Court, although the Court did not work on the

matter itself.  *Id.* at 171-172.  The Court observed, "This ruling is based wholly on the unique

facts discussed herein, and should in no way be interpreted to even suggest that the undersigned

will recuse himself from any other cases in which McV appears as counsel, save of course, any

in which the undersigned's father appears as counsel or participates in any manner." *Id.* at 172.

### III.    Discussion

Claudio's allegations against this Court do not raise issues that warrant the Court's

disqualification under Section 455 or the Code of Conduct.  Claudio's allegation that this Court

---

[3] Melissa Correa Velázquez, *Arnaldo Claudio Reacciona Tras su Salida como Monitor Federal*, El Vocero (May 14, 2019), https://www.elvocero.com/ley-y-orden/arnaldo-claudio-reacciona-tras-su-salida-como-monitor-federal/article_6315f3b4-7655-11e9-aa7b-7774f890e14b.html.

acted unethically when it permitted McV to appear as counsel for Defendants is also without merit because Claudio fails to establish any credible grounds for McV's disqualification.

**A.      The Court's Disqualification Is Unwarranted Under Section 455 and the Code of Conduct.**

Neither Section 455 nor the Code of Conduct requires this Court to disqualify based on Gelpi Sr.'s work at McV, which we understand to be of a limited nature and not at all involving this case.[4]  The facts as we understand them are insufficient to disqualify this Court under any of the mandatory provisions of Section 455(b) or to reasonably question the Court's impartiality under Section 455(a).  We discuss these statutory bases for disqualification, as well as similar requirements under the Code of Conduct, in turn.

1.      Section 455(b)

With the exception of Section 455(b)(5), none of the other four enumerated bases under Section 455(b) is implicated by Gelpi Sr.'s work at McV.  For instance, the Monitor has not alleged any personal bias or prejudice by this Court concerning a party, or personal knowledge of disputed evidentiary facts concerning this case, nor has the United States become aware of such allegations, to raise any issue under Section 455(b)(1).  This Court worked at McV for six months during 2001, more than eleven years before the United States initiated this civil action in December 2012, thus, raising no issues under Section 455(b)(2).  Sections 455(b)(3) and (b)(4) are similarly unavailing.

Section 455(b)(5) provides that a United States judge shall disqualify himself where "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse

---

[4] Not only was Gelpi Sr.'s work at McV at issue in this Court's September 2006 order in *Oriental Financial,* his association with McV as Counsel remains posted on the firm's public website at http://www.mcvpr.com/attorneys-Gustavo-Gelpi (visited May 29, 2019).

of such a person ... (ii) is acting as a lawyer in the proceeding; (iii) is known by the judge to have

an interest that could be substantially affected by the outcome of the proceeding". 28 U.S.C.

§ 455(b)(5). The First Circuit has noted that an attorney "must at least actually participate in the

case" to fall within the scope of Section 455(b)(5)(ii). *United States v. Vazquez-Botet*, 532 F.3d

37, 47 (1st Cir. 2008) (citations and quotations omitted).

Much like the circumstances this Court addressed in 2006, we understand from the

Court's statements that Gelpi Sr. is not representing Defendants in this case in any capacity to

require recusal under Section 455(b)(5)(ii). *See Oriental Financial*, 450 F. Supp. 2d at 171.

Further, the United States is not aware of any other active participation by Gelpi Sr., despite the

frequent contacts and communications that this case requires between the Parties, Monitors, and

Special Master in the implementation, monitoring, and enforcement of the consent decree.

With respect to whether Gelpi Sr. has any interest that could be substantially affected by

the outcome of this case under Section 455(b)(5)(iii), under the facts as we understand them, the

circumstances are again similar to those addressed by this Court in 2006. Specifically, we

understand that Gelpi Sr. is an independent contractor at McV and thus would not derive any

benefit from McV's engagement with Defendants. *See id.* As this Court noted in

*Oriental Financial*, Gelpi Sr.'s position at McV is akin to a son or daughter who would happen

to work at McV in a non-equity position. *Id.* Under those circumstances, courts have found that

the salary interests of non-equity positions are too remote to fall under the "financial interest"

prohibition of Section 455(b)(4). *Rodriguez-Vilanova v. Stryker Corp.*, 987 F. Supp. 2d 153, 155

(D.P.R. 2013) (citing *United States ex rel Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463

(5th Cir. 1977)); *compare, SCA Services, Inc. v. Morgan*, 557 F.2d 110, 115-16 (7th Cir. 1977)

(finding that the judge's brother, a senior partner at the law firm representing a party in a civil

action pending before the judge, had both a financial interest in the outcome of the litigation and an "interest in his and his firm's reputation and goodwill")  The United States is not aware of any other pecuniary or non-pecuniary interests that Gelpi Sr. may have as an independent contractor at McV that may be substantially affected by the case.

       2.    <u>Section 455(a)</u>

Section 455(a) has a broader scope than Section 455(b), *Liteky v. United States*, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring), and requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a).  Even the mere appearance of bias is sufficient to mandate recusal—whether there is actual bias is irrelevant.  *See Liteky*, 510 U.S. at 567 (Kennedy, J., concurring).

That Gelpi Sr. works at McV in a contract position, without more, is insufficient to call this Court's impartiality into question and disqualify him under Section 455(a).  A similar situation arose in *Rodriguez-Vilanova*, where Judge Besosa's son held an associate position at a law firm appearing in litigation before the Court.  There, the Court found no basis for disqualification under Section 455(a) where the son was not a partner at the participating law firm, the son was not participating actively in the litigation, and there were no allegations that the son communicated privately with the Court regarding the case.  *Rodriguez-Vilanova*, 987 F. Supp. 2d at 156.  These factors are similarly unavailing against this Court based on Claudio's allegations.  *See, e.g., Sensley v. Albritton*, 385 F.3d 591, 600 (5th Cir. 2004) (rejecting plaintiff's contention that "when an immediate family member is an at-will employee in the office representing a party, the impartiality of the judge is called into question"); *Bartholomew v. Stassi-Lampman*, 95 F.3d 1156, [published in full-text format at 1996 U.S. App. LEXIS 21820 at

*5] (9th Cir. 1996) (finding no need for recusal where the judge's daughter was an associate with law firm representing a party as long as daughter did not participate actively in the case).

      3.    <u>Code of Conduct for United States Judges</u>

The Code of Conduct provides an independent basis for disqualification, notwithstanding that its disqualification provisions track closely the provisions in Section 455.  Like Section 455, Claudio's allegations regarding this Court's father implicate certain provisions of the Code of Conduct.  Canon 3C(1)(d)(ii) and (iii) of the Code provide:

> (1)  A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> * * *
>
> (d)  the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such person is:
>
> * * *
>
> (ii)  acting as a lawyer in the proceeding;
>
> (iii)  known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.]

Guide to Judiciary Policy, Vol. 2A, Ch. 2 (2019).

The advisory opinion issued by the Committee on Codes of Judicial Conduct on the employment of a judge's relative by a law firm is instructive.  Advisory Opinion 58 provides, "The Committee advises that if the relative participates in the representation of a party in a case before the judge or is an equity partner in a law firm that represents a party, the judge must recuse."  Comm. on Codes of Judicial Conduct, Advisory Op. 58 (2009).  As discussed above, our understanding is that Gelpi Sr. is not participating in the litigation at bar and is a contract attorney working on an "as needed" basis at McV.  He derives no benefit from McV's engagement with Defendants in this case.  In this regard, Advisory Opinion 58 further provides, "If the relative is an associate or non-equity partner and has not participated in the preparation or

presentation of the case before the judge, and the relative's compensation is in no manner

dependent upon the result of the case, recusal is not mandated." *Id.*

As discussed above, Claudio's allegations do not raise other issues that might reasonably

question this Court's impartiality beyond Gelpi Sr.'s employment at McV.  For instance, the

Court has indicated that Gelpi Sr. was not responsible for McV being retained as counsel by

Defendants, nor are there any indications that he has communicated with this Court regarding the

case since McV's representation began.  Thus, disqualification under Canon 3(C)(1) is not

required.  The absence of other significant factors that would reasonably question the Court's

impartiality also does not implicate this Court's obligations under Canon 2A, which requires that

a judge "should act at all times in a manner that promotes public confidence in the integrity and

impartiality of the judiciary."

### B.     Claudio's Allegations Fail to Justify McV's Disqualification.

Claudio contends that this Court acted unethically when it allowed McV to appear as

counsel for Defendants.  *See* Order at 1, Docket 1224 (May 23, 2019).  However, Claudio has

failed to articulate any justification for McV's disqualification.  Claudio's assertions regarding

Gelpi Sr.'s work at McV or the cost of McV's legal services are insufficient to warrant remedial

action by this Court.

The United States is also not aware of any circumstances that would raise a potential

conflict of interest or other breach of professional responsibilities that would require McV to

disqualify.  For instance, Rule 1.10 of the Model Rules of Professional Conduct provides:

> (a) While lawyers are associated in a firm, none of them shall knowingly
> represent a client when any one of them practicing alone would be prohibited
> from doing so by Rules 1.7 or 1.9, unless (1) the prohibition is based on a
> personal interest of the disqualified lawyer and does not present a significant risk
> of materially limiting the representation of the client by the remaining lawyers in
> the firm[.]

MODEL RULES OF PROF'L CONDUCT r. 1.10 (Am. Bar Ass'n, 2016); L.Cv.R. 83E(a) (D.P.R. 2018) (requiring each attorney admitted or permitted to practice before this Court to comply with the Model Rules of Professional Conduct, adopted by the American Bar Association). Here, Gelpi Sr. would be prohibited from representing Defendants before this Court. However, because Gelpi Sr.'s prohibition is based on a personal interest, namely, his familial relationship with this Court, and other attorneys at McV are not materially limited in their ability to represent Defendants, the other lawyers at McV are not disqualified. The United States is also not aware of any concurrent conflicts involving Defendants or conflicts involving McV's former clients that would implicate Rules 1.7 or 1.8, respectively.

In its 2006 order in *Oriental Financial*, where this Court disqualified himself *sua sponte* because he had worked in McV's litigating group while the relevant proceeding was pending, this Court noted that McV counsel was required to inform the Court if Gelpi Sr. appeared as counsel or participated in any manner in any other case before this Court. *Oriental Financial*, 450 F.Supp.2d at 172. Rule 8.4 of the Model Rules of Professional Conduct imposes an obligation on McV consistent with the Court's order in *Oriental Financial*: "It is professional misconduct for a lawyer to knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law." MODEL RULES OF PROF'L CONDUCT r. 8.4(f) (Am. Bar Ass'n, 2016). Based on the relevant facts, McV was not required to make such notification to the Court, which would have mandated this Court's disqualification under Section 455 and the Code of Conduct, because Gelpi Sr. neither appeared for Defendants, nor participated in the case. Accordingly, we disagree with Claudio's contention that this Court acted unethically when it allowed McV to appear as counsel for Defendants because there is no

evidence that McV should have been disqualified from representing Defendants before this Court.

**IV.     Conclusion**

Based on our review of the relevant facts, as presented by the Court and in public records, and the applicable law, Claudio's allegations do not raise any credible issues that warrant this Court's disqualification, nor do they support any breach that would disqualify McV.

Respectfully submitted, this 31st day of May, 2019,

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
Counselor to the Chief & Senior Trial Attorney
**JORGE CASTILLO** (G02912)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel:  (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for the United States