IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>　Plaintiff,<br><br>　　v.<br><br>**COMMONWEALTH OF PUERTO RICO**,<br>et al.,<br><br>　Defendants. | CIVIL NO. 12-2039 (GAG) |

### JOINT MOTION SUBMITTING CONSENSUS MONITORING METHODOLOGY ON USE OF FORCE

TO THE HONORABLE COURT:

　　Plaintiff, the United States of America, and Defendants, the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau (collectively, "the Parties"), with the concurrence of the Acting Monitor and the Special Master, respectfully submit the Consensus Monitoring Methodology on Use of Force (Consensus Methodology), pursuant to Paragraphs 245 and 248 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department[1] (Agreement). The Consensus Methodology enables the Acting Monitor and his team of subject-matter experts to begin evaluating the Commonwealth's compliance with the use of force provisions of the Agreement, Paragraphs 22-57, in an independent, objective, and systematic manner as required by the Agreement. The Consensus Methodology represents a significant step forward in the case as the focus of the Monitor's Office shifts from capacity building to compliance monitoring. The

---

[1] All references to the Puerto Rico Police Department (or PRPD) in the Agreement are to the Puerto Rico Police Bureau (PRPB) of the Puerto Rico Department of Public Safety.

Consensus Methodology also represents the product of close collaboration and teamwork between the Parties, the Acting Monitor, and the Special Master.

1.      The Agreement requires that the Technical Compliance Advisor (TCA, or Monitor) begin assessing the Commonwealth's compliance with the Agreement following an initial, capacity-building period.  Specifically, Paragraph 242 of the Agreement provides:

> Four years after the Appointment Date and in accordance with the provisions of the approved Action Plans, the TCA shall begin to regularly conduct compliance reviews to assess PRPD's compliance with each of the Agreement provisions in Sections III through XIII.  The TCA shall assess and report whether PRPD has, for each Agreement requirement:  (a) incorporated the requirement into an implemented policy; (b) trained all relevant personnel in the requirement and policy; and (c) fully implemented in practice.  These compliance reviews shall contain both quantitative elements as necessary for reliability and comprehensiveness.

Agreement ¶ 242, Docket No. 60.  The Agreement further requires the Monitor to submit a proposed methodology to the Parties for review prior to the initiation of any compliance assessment.  *Id. ¶* 248.

2.      The initial, capacity-building period in the case expired in October 2018.  However, because the monitoring methodology was incomplete at the time, the Parties were unable to approve it for submission to the Court to permit the start of compliance monitoring.  The Parties agreed to assist the Monitor in the development of the methodology as part of the Roadmap for a Consensus-based, Validated Methodology to Assess Compliance (Roadmap) filed with the Court on October 5, 2018.  Monitoring Plan and Methodology at 9-10, Docket No. 970-1.  The Roadmap required that the Monitor prepare a complete methodology for review and approval of the Parties by March 8, 2019.  *Id.* at 9.  Since an acceptable methodology was not produced by the Monitor, the Parties were unable to reach agreement by the agreed-upon deadlines in the Roadmap.

3. On April 10, 2019, the Court took the extraordinary step of staying all monitoring activities, with the exception of monitoring the police response to the May 1, 2019, demonstrations, until the Monitor produced a methodology with the consensus of the Parties. The Court observed, "The parties and the monitor find themselves at a crossroads in the difficult process of reaching consensus as to a final methodology for the monitoring phase to begin. Because the same is essential for the Reform process to move forward, the Court hereby stays all monitoring team activities for thirty days or until the Court has approved a final methodology." Order, Docket No. 1189 (Apr. 10, 2019).

4. Since mid-May, the Parties have been working collaboratively with the Acting Monitor and the Special Master to complete a consensus-based methodology to enable the Monitor's Office to begin independent compliance monitoring in the case. As a result of the extensive cooperation and input of all participants under the Court's guidance, the Parties, with the concurrence of the Acting Monitor and Special Master, have reached an agreement on the Consensus Methodology on Use of Force. The Parties will continue to work with the Acting Monitor and the Special Master to complete the methodologies for the remaining areas of the Agreement by September 2019, as set forth in the attached Proposed Timetable.

5. The Consensus Methodology represents a significant step forward and will permit the Acting Monitor and his team to resume their important work of evaluating PRPB's compliance with the Agreement in an objective, reliable, and systematic manner. The Parties, the Acting Monitor, and the Special Master will review the Consensus Methodology on an ongoing basis, as needed, to consider whether modifications are necessary as additional data management systems are implemented and additional data sources become available, and based on the Acting Monitor's and the Parties' experience implementing the Consensus Methodology.

**WHEREFORE**, the Parties respectfully request that the Court approve the Consensus Methodology to enable the Acting Monitor and his team of subject-matter experts to commence compliance monitoring of the use of force provisions of the Agreement, Paragraphs 22-57, as required by Paragraph 242 of the Agreement.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to the Acting Monitor, the Special Master, and all counsel of record.

**RESPECTFULLY SUBMITTED** this 13th day of June, 2019,

| For Plaintiff UNITED STATES OF AMERICA: | For Defendants COMMONWEALTH OF PUERTO RICO, ET AL.: |
|---|---|
| **STEVEN H. ROSENBAUM**<br>Chief, Special Litigation Section<br><br>*s/Luis E. Saucedo*<br>**TIMOTHY D. MYGATT**<br>Deputy Chief<br>**LUIS E. SAUCEDO** (G01613)<br>Counselor to the Chief<br>**JORGE CASTILLO** (G02912)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 598-0482<br>Fax: (202) 514-4883<br>luis.e.saucedo@usdoj.gov<br>jorge.castillo@usdoj.gov<br><br>Attorneys for Plaintiff | *s/Maria A. Dominguez*<br>Maria A. Dominguez<br>USDC-PR No. 210908<br>madt@mcvpr.com<br><br>*s/Arturo J. Garcia Sola*<br>Arturo J. Garcia Sola<br>USDC-PR No. 201903<br>ajg@mcvpr.com<br><br>*s/Lizzie M. Portela*<br>Lizzie M. Portela<br>USDC-PR No. 208401<br>lpf@mcvpr.com<br><br>*s/Javier F. Micheo Marcial*<br>Javier F. Micheo Marcial<br>USDC-PR No. 305310<br>jfmm@mcvpr.com |

McCONNELL VALDÉS LLC
P.O. Box 364225
San Juan, PR 00936-4225
Telephone (787) 250-5641
Fax: (787) 759-8282

Attorneys for Defendants