## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br><br>                 Defendants. | No. 12-cv-2039 (GAG) |

## UNITED STATES' RESPONSE TO DEFENDANTS' NOTICE REGARDING THE POTENTIAL USE OF ADDITIONAL RESOURCES

Plaintiff, the United States of America, informs and notifies the Court as follows:

1.     Puerto Rico has experienced several days of protests including thousands of people. The Puerto Rico Police Bureau ("PRPB") has been mobilized to ensure public safety and protect the exercise of rights guaranteed by the Constitution, federal law, and the laws of the Commonwealth of Puerto Rico.

2.     The United States is gathering and analyzing information regarding these protests and the PRPB response to ensure that PRPB's response meets the requirements of the Agreement for the Sustainable Reform of the Puerto Rico Police Department, ECF 60, ("Agreement"). The Acting Monitor John Romero ("Acting Monitor") is also observing the protests and preparing reports of the events. These efforts are ongoing.

3.     On July 17, 2019, Defendants, the Commonwealth of Puerto Rico and PRPB, filed a Notice of Potential Use of Additional Resources to Safeguard the Life, Safety, and Property of Citizens ("Notice"), ECF 1287. In that Notice, Defendants assert that "the Governor of Puerto Rico has 'supreme authority with respect to the direction of the Department,'" and that "[t]he Secretary of the Department of Public Safety ('Secretary') has the power to take any actions

'necessary for the adequate operations of the Department.'" ECF 1287, ¶ 5.  Defendants state that Paragraph 284 of the Agreement "recognizes the Secretary's authority over the operations and administration of the PRPB and his duty to fulfill his obligations pursuant to the PRPB's enabling statute and regulations, and the Constitution and laws of the Commonwealth of Puerto Rico."  ECF 1287, ¶ 6.  Defendants further assert that "[t]he Governor, through the Secretary of the Department, has the authority to engage and/or activate additional resources if necessary to protect the life, safety and property of all citizens, including, but not limited to, using guards from the Puerto Rico Department of Corrections and Rehabilitation, should the situation escalate and give rise to acts of violence."  ECF 1287, ¶ 7.  Finally, Defendants notify that "they may need to engage and/or activate additional resources during today's protests, should it become necessary to protect the life, property and safety of those protesting, of the residents of Old San Juan, of the staff and residents of La Fortaleza, of the PRPB officers and others, as a matter of last recourse."  ECF 1287, ¶ 8.

4.      The Court ordered the United States to respond to the Notice by 3:00 pm on July 18, 2019.  ECF 1288.  In the Order, the Court stated: "To comply with the Reform Agreement any non-PRPB personnel assigned to work under the directives of the Secretary of Public Safety must at all times adhere to all conditions established in the Agreement."

5.      The United States agrees that Paragraph 284 of the Agreement recognizes the operational and administrative control the Secretary of the Department of Public Safety has over PRPB, consistent with the Agreement; the laws, regulations, and Constitution of the Commonwealth of Puerto Rico; and the laws and Constitution of the United States.  The United States lacks any information to evaluate whether the Governor, through the Secretary of the Department of Public Safety, has the authority to engage and/or activate additional resources if

2

necessary to protect the life, safety and property of all citizens, including using guards from the Puerto Rico Department of Corrections and Rehabilitation, and takes no position on that assertion.

6. The United States agrees with the Court that "any non-PRPB personnel assigned to work under the directives of the Secretary of Public Safety must at all times adhere to all conditions established in the Agreement." ECF 1288. Paragraphs 286 and 299 of the Agreement make clear that any resources engaged and/or activated as described in Defendants' Notice, ECF 1287, must comply with its terms. The United States notes, however, that due to the exigent nature of the response to these protests, the particular use of non-PRPB personnel in the response, and the temporary nature of their duties, certain provisions of the Agreement may not apply to non-PRPB personnel, while others, such as the provisions on use of force, stops, searches, and arrests, and the reporting and investigation of those incidents, continue to apply. The United States believes that, after the protests are concluded, the Parties and the Acting Monitor should evaluate the use of non-PRPB personnel to ensure that applicable provisions of the Agreement have been followed.

WHEREFORE, the United States respectfully requests the Court take notice of the above.

WE HEREBY CERTIFY that on today's date, we filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Acting Monitor, and the Special Master on the service list to be served by electronic means.

Respectfully submitted, this 18th day of July, 2019,

STEVEN H. ROSENBAUM
Chief, Special Litigation Section
Civil Rights Division

s/ Jorge M. Castillo
TIMOTHY D. MYGATT
Deputy Chief
LUIS E. SAUCEDO (G01613)
Counselor to the Chief
JORGE CASTILLO (G02912)

Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section

950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for Plaintiff