IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

CASE NO. 12-2039 (GAG)

## ORDER ADDRESSING ACLU'S "INFORMATIVE MOTION" AND ADMONISHING ACLU AS AMICUS CURIAE

On July 25, 2019, the ACLU filed a motion titled "Informative Motion." (Docket No. 1295). The same, however, rather than inform, attacks the professional integrity and qualifications of the Special Master, as well as contains grave and unfounded accusations against the United States Department of Justice. The Court strongly rejects such vexatious allegations. More so, the Court finds that the ACLU has abandoned its important role as amicus in this case, and, as such, short of disqualifying the same from further participation, instead chooses to issue a strong admonition to it.

At the outset, foremost, it is important to describe the ACLU's participation throughout the course of these proceedings, and then, contrast the same that in its two most recent filings. (Docket Nos. 1284 and 1295). Equally of essence, the Court shall specifically address the impropriety of the ACLU's arguments as to the United States and Special Master.

I.    <u>ACLU AMICUS PARTICIPATION</u>

**Civil No. 12-2039 (GAG)**

Since its approval of the Consent Agreement in 2013, the Court welcomed the ACLU to participate in this case. Its many observations, recommendations, and testimony in public hearings and status conferences indeed evidenced its century old self-described mission as *"our nation's guardian of liberty, working in courts, legislatures, and communities to defend and preserve the individual rights and liberties that the Constitution and laws of the United States guarantee everyone in this country."* See https://www.aclu.org/about-aclu. For example, in its Motion in Compliance filed on April 15, 2019 (Docket No. 1196), the ACLU presented a series of recommendations for the monitoring phase of the Agreement, which was commencing. Said recommendations are currently under review and consideration by the parties. More so, it was the Court itself via order that asked the ACLU to submit such important recommendations. (Docket No. 1129).

Such was the objective and zealous amicus working animus of the ACLU until July 17, 2019, when it filed its Urgent Motion to prohibit the use of correctional officers in the Security Plan during the recent mass manifestations and outcry calling for the resignation of the Commonwealth governor. (Docket No. 1284). As amicus, the ACLU could have indeed expressed such valid concern via motion — in fact the same concern was brought to the Court's attention by the Police Monitor and discussed with the parties. However, the ACLU, instead, acted as a party litigant and sought an order amounting to injunctive relief. As the ACLU well knows, such request was not only improper for an amicus as the Court immediately pointed out in its denial order (Docket No. 1285), but also procedurally. Any seasoned litigator well knows that motions for a temporary restraining order or preliminary injunction must comport with Fed. R. Civ. P. 65(a) and (b). As such, the ACLU gave to the public during a critical moment of civil unrest a false and unfounded sense of security that it could, and in fact, properly move for and obtain an injunction.

**Civil No. 12-2039 (GAG)**

In its more recent informative motion (Docket No. 1295) the ACLU again raises the matter. In doing so it lambasts the United States Department of Justice and characterizes its posture as "unacceptable:"

> Here the U.S. DOJ is 'looking to the other side' as has been previous[sic] stated by the former Police Monitor. The ACLU hopes that the U.S. DOJ assume a position, without having to wait for a fatality in order to finally address the grave violations committed by the PRPB.
>
> The ACLU requests that this Court take notice of our concerns for the health, life and physical integrity of civilians in Old San Juan, and other demonstrations. We should not wait for a dead body in order to act and take the necessary measures to control police behavior, as directed in the Reform Agreement.

Informative Motion (Docket No. 1295 at 6).

As in its previous motion the ACLU has again skewed its role as amicus to that of a litigant, responding in a passionate manner to both United States Department of Justice and Commonwealth motions addressing the matter. More so, a lay person reading the motion would come to the conclusion that the federal and commonwealth governments are indeed sanctioning the use of lethal force by the Commonwealth Police— something far removed from the truth.

II.     SPECIAL MASTER APPOINTMENT

The ACLU further moves to disqualify Special Master, Dr. Alejandro Del Carmen taking issue with his qualifications. Again, in doing so it has acted as a litigant rather than an amicus.

First, the ACLU notes that Dr. Del Carmen was retained in 2011 by the Commonwealth Police Bureau as an expert in a civil rights violation case. It is important to note that his consultative role then, does not automatically disqualify him from serving as Special Master. If so, then the presiding judge would likewise be disqualified, having represented the Commonwealth Police during his tenure as Commonwealth Solicitor General. The Code of Judicial Conduct, which also applies to Dr. Del Carmen, is clear as to the matter. In the undersigned's case, he has for close

to two decades since presided over hundreds of civil cases involving the Police Bureau, as well as criminal cases in which police officers are defendants, and indeed have been sentenced to lengthy prison terms upon conviction. Likewise, Dr. Del Carmen is far removed from his once time consultative role with the Police Bureau. As such, he does not have a conflict of interest in this case.

It is now incumbent upon the Court to address the egregious allegations that Dr. Del Carmen is not qualified to serve as a Special Mater nor as a Court-appointed observer. The ACLU has known of Dr. Del Carmen's work in this case for three years. He came initially as a member of the Monitor's team, and one of his most important duties entailed the review of the internal oversight process at PRPB. This year, the Court appointed him Special Master. On both occasions the vetting and input of the United States Department of Justice and Commonwealth, as well Monitor, preceded his consensus appointment process.

Based on the above, as well as Dr. Del Carmen's present day extensive experience and academic work, the Court finds that he is in fact more than qualified as an expert to work in all matters assigned to him in this case. In its motion, the ACLU irresponsibly limits Dr. Del Carmen's qualifications to 2010 and before. This distorts the reality of Dr. Del Carmen's credentials and unfoundedly attacks his reputation as a nationally and internationally consulted PhD criminologist and expert on police practices, including subjects as use of force, internal affairs, investigations, and unconstitutional profiling. More so, he has in fact published books and numerous articles, lectured and taught on these very subjects both in the United States and abroad. In the State of Texas for example, for many years has trained police chiefs and officers throughout the State, which combined constitutes a much larger police force than Puerto Rico's. This year, he received a Fulbright Scholar appointment by the United States Department of State to train police officers

in the Czech Republic. His credentials thus, speak for themselves and far outweigh the ALCU's limited assessment of his consultative work in 2011 and prior in just two sample cases over his twenty-one-year career.

Finally, the Court must note that Dr. Del Carmen's expertise is not being used to oversee the Police Reform. His role as Special Master is to assist the Court in specific tasks, which the parties and Monitor identify.

III.    CONCLUSION

The ACLU as a respected organization has an affirmative societal responsibility to not misuse the courts even during a historical moment of the magnitude recently experienced in Puerto Rico. Under Fed. R. Civ. P. 11 counsel have additional responsibilities. In addition, vexatious litigation is sanctionable. See 28 U.S.C. § 1927. The Court finds however, given the ACLU's past work in this case that a strong admonishment at this time will suffice. The parties shall however respond to the ACLU's motion.

**SO ORDERED.**

**In San Juan, Puerto Rico this 26th day of July 2019.**

*s/ Gustavo A. Gelpí*
**GUSTAVO A. GELPÍ**
**United States District Judge**