**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO, et al.,**

**Defendants.**

**CASE NO. 12-2039 (GAG)**

**ORDER**

On July 27, 2019, the American Civil Liberties Union ("ACLU") submitted its Motion to Withdraw as *amicus curiae*. (Docket No. 1297). For the reasons set forth below the motion is **GRANTED**. In addition, the Court **STRIKES** the ACLU's Informative Motion (Docket No. 1295) as well as the Motion to Compel (Docket No. 1284).

Fed. R. Civ. P. 12(f) permits the Court to strike pleadings that are "redundant, immaterial, impertinent, or scandalous matter." Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), 422 F.3d 1, 12 (1st Cir. 2005) (citing Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 678 (Bankr. N.D. Ohio 1995). Courts have "considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter." Alvarado-Morales v. Dig. Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988). While Rule 12(f) motions are typically not favored, they may be granted when "it is clear that it can have no probable bearing upon the subject matter of the litigation." Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H.

1998) (citing Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Acura Auto. Div., 148 F.R.D. 25, 30 (D.N.H. 1993)).

As previously noted by this Court, the ACLU inappropriately acted as a party litigant when it filed the Informative Motion (Docket No. 1295), which sought an order amounting to injunctive relief, and the Motion to Compel (Docket No. 1284). (Docket No. 1285 and 1296). The ACLU was made aware that such filings were not permitted as *amicus* in the Court's Order at Docket No. 1285. The ACLU was also aware of the role of *amici curiae* and the distinctions between its role and the roles of parties. Nonetheless, the ACLU failed to conform to the civil rules of procedure Fed. R. Civ. P. 65(a) and (b). (Docket No. 1296 at 2). As such, the ACLU's Informative Motion (Docket No. 1295) as well as the Motion to Compel (Docket No. 1284) were not only impermissible under civil procedure, but also redundant, immaterial, impertinent.

Given such the Court will exercise its discretion and strike the ACLU's Informative Motion (Docket No. 1295) as well as the Motion to Compel (Docket No. 1284) from the record. Furthermore, the striking of both Docket No. 1295 and Docket No. 1284 will have no effect nor bearing upon the subject matter of the litigation, nor will it jeopardize parties' interests.

Per the above reasoning the ACLU's Informative Motion (Docket No. 1295) as well as the Motion to Compel (Docket No. 1284) are **STRICKEN** from the record. The ACLU's Motion to Withdraw as *amicus curiae* (Docket No. 1297) is **GRANTED**. This order does not preclude the ACLU from reappearing as *amicus curiae* in the case in the future.

**SO ORDERED.**

**In San Juan, Puerto Rico this 5th day of August 2019.**

***s/ Gustavo A. Gelpí***
**GUSTAVO A. GELPÍ**
**United States District Judge**