IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO, et al., <br><br> Defendants. | CASE NO. 12-2039 (GAG) |

## ORDER

The Court has considered the arguments espoused by the Commonwealth and USDOJ pertaining to the issue of whether the Monitor's Community Surveys should be restricted or made public.[1] See Docket Nos. 1397, 1409, 1416 and 1421. The Court agrees with USDOJ in that the surveys are intended for public access. Accordingly, the Monitor shall proceed to file with the Court for public view as the last public survey submitted by Dr. Richard Blanco-Peck in 2018.

Prior surveys in this case have been publicly filed by the Monitor once Dr. Blanco-Peck submitted the same. More so, both the Commonwealth and USDOJ always agreed that the reports be made public. As a matter of fact, both parties participated in the development of the survey methodology and questions for all surveys, including the 2018 one. Lastly, neither part, despite having ample opportunity at the time, objected to Dr. Blanco-Peck's designation, nor raised the issue of a conflict or bias on his part.[2]

---

[1] The Court did not ask the Monitor to present a position on the matter.
[2] Admittedly, having Dr. Blanco-Peck perform the surveys resulted in a considerable savings of public funds versus having retained an expert from the U.S. mainland.

**Civil No. 12-2039 (GAG)**

When the Agreement in this case was entered and approved by the Court in 2013, the parties and Court all understood that public disclosure of survey results was the rule, and that in turn, this would ensure public accountability. The Commonwealth's present stance as to maintaining surveys results confidential, while certainly ably argued, would undo the law of the case in this seven-year old consent decree. It would also create a nefarious precedent in this and other consent decree cases, as every time a new administration comes into power, the Commonwealth or United States would seek to change the rules of engagement.

The parties' memoranda as to this matter (Docket Nos. 1397, 1409, 1416 and 1421) will become unrestricted at this time.

Finally, the Court stresses that the results of the 2018 survey only reflect the data collected and ensuing analysis at that time. Any future survey result can very well differ.

**SO ORDERED.**

In San Juan, Puerto Rico this 27th day of February, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge