IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO, et al.,**

**Defendants.**

CIVIL NO. 12-2039 (GAG)

## EMERGENCY ORDER RE: COMMUNICATIONS WITH MONITOR

In light of the COVID-19 national emergency, the following existing directive is hereby formally established in this case, consistent with those adopted by the undersigned in the two other consent decree cases before it. See United States v. Commonwealth of Puerto Rico et al., Civil No. 99-1435 (GAG-MEL) (Docket No. 2744); United States v. Commonwealth of Puerto Rico et al., Civil No. 94-2080 (GAG) (Docket No. 1473).

Accordingly, the Monitor and his staff shall continue to have direct access to communicate with all government officials deemed necessary in order to be continuously appraised of matters affecting the Agreement. This includes, but is not limited to the DSP Secretary and PRPB Commissioner or their designated staff member, and anyone down the chain of command. The communication may be as brief and informal as via text message, WhatsApp, email or similar means. It may also be via telephone, Skype or comparable videoconference services. And, when necessary, it may be in person or in the field. Such communications requesting information may take place without counsel for the parties being present or notified in advance. Of course, should any issue of concern arise, the Monitor will immediately notify counsel, as well as the undersigned.

Civil No. 12-2039 (GAG)

At this time, more than ever, it is incumbent for DSP and PRPB to have open communication channels with the Monitor, and vice-versa, 24/7. The role of the Monitor is that of oversight, reporting, consultation and advice, even during this great moment of crisis. As the former DSP Secretary and now Secretary of State, Hon. Elmer Roman, can ably attest the Monitor's continued presence and constant communication during the "Summer of 2019" events were of significant benefit to PRPB. To date, during this pandemic stage, such brief communications with the Monitor have quickly resolved important matters and allowed PRPB to move forth.

The undersigned District Judge and his Monitors are extremely sensitive and supportive of the Commonwealth with regards to the constitutionally mandated obligations it has accepted in the several consent decrees, including that for Police Reform. Having proudly served the Commonwealth government and represented its Police for four years (District Judge Gelpí), as well as being a member of the New York City Police for thirty years and Lawrence City Police as its Chief for another decade (Monitor Romero), the Commonwealth should have absolutely no doubt as to the professional commitment of both. Throughout this crisis, it is our utmost commitment to continue our unfaltering obligations in a way which allows the Commonwealth DSP and PRPB to continue constitutionally compliant policing.

The DSP Secretary and PRPB Commissioner shall accordingly instruct all Department and Bureau personnel of this order and so certify this to the Court. They shall also advise all personnel that failure to comply with this order can result in the corresponding sanctions of both Court and Commonwealth agencies.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th of March, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge