**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **CASE NO. 12-2039 (GAG)** |
| **COMMONWEALTH OF PUERTO RICO, et al.,** | |
| **Defendants.** | |

## **ORDER**

The Court takes notice that PRPB has a work plan in place for tomorrow with regards to the Workers Day manifestations that will occur.

Finding ourselves in unprecedented and extraordinary circumstances due to the Covid-19 pandemic, the Court feels obligated to stress to the Commonwealth and its Police Bureau that "[e]xtraordinary measures in [Puerto Rico], however necessary, are not supportable on the mistaken premise that [its citizens] are less entitled to Constitutional protection." Duncan v. Kahanamoku, 327 US 204 (1946). Even under martial law, which is not the case at present, "the military should always be kept in subjection to the laws of the country to which it belongs". Id. More so, "[t]he established principle of every free people is, that the law shall alone govern." Id.

Tomorrow the Commonwealth and its leaders will face an analogous scenario to that addressed by Justice Black in Duncan v Kahanamoku. On one hand of the balance of Lady Justice lies the Governor's Covid-19 Executive Orders intended to safeguard the health and well-being of the citizenry. On the other hand lies a fundamental constitutional right of citizens to exercise freedom of speech by manifesting and criticizing, among other matters, the government's handling of the pandemic.

**Civil No. 12-2039 (GAG)**

The Court makes it crystal clear here that it is not determining the constitutionality of the Governor's executive order in light of the First Amendment right of protesters during tomorrow's events. However, the Commonwealth must never lose track of the significant and historical fact that the Puerto Rico's Police Reform itself stems from past actions by the police in violation of the First and Fourth Amendments to the Constitution. Specifically, use of excessive force during protests against government officials and police officers. See Complaint (Docket No. 1) at Paragraphs 31-64.

Last May 1st, we witnessed the Commonwealth Police acting in a constitutional manner during the Workers Day manifestations. This, in stark contrast to the Commonwealth Police's constitutionally repugnant conduct of 2007, 2009 and 2010, as outlined in the Complaint. Id.

Tomorrow, the Commonwealth's leaders and police officers must rise to the challenge. Their actions shall test the very fabric of the Reform process it has partaken. At stake are the constitutional policing practices of a democratic government versus those of a Latin American dictatorship.

This order is intended only at this time to have as recipient the Commonwealth, as well as the parties and Monitor. It will remain in restricted mode throughout tomorrow. Copy of the same will be immediately provided by PRPB Counsel to the Governor and her Secretaries of Justice and Public Safety.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of April, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge