IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF PUERTO ) <br> RICO, et al. ) <br> Defendants. ) <br> _____ ) | CASE NO. 12-2039 (GAG) |

**MOTION REQUESTING COURT ORDER
TO UNSEAL DOCUMENTS CURRENTLY UNDER RESTRICTED SETTING**

**TO THE HONORABLE COURT:**

**NOW APPEARS OSCAR J. SERRANO,** journalist and attorney, and very respectfully states and prays as follows:

1. The instant request relates to a number of documents which the movant understands should properly be part of the public record on constitutional grounds both under the United States Constitution and the Commonwealth Constitution. "Essential to the rule of law is the public performance of the judicial function. The public resolution of court cases and controversies affords accountability, fosters public confidence, and provides notice of the legal consequences of behaviors and choices." Robert Timothy Reagan, Sealing Court Records and Proceedings: A Pocket Guide, Federal Judicial Center (1st. ed. 2010)

2. On December 21st, 2012, the United States Department of Justice ("USDOJ") filed a complaint against the Commonwealth of Puerto Rico and the Puerto Rico Police Department ("PRPD") for its "unconstitutional and unlawful activity that is the product of pervasive and longstanding institutional failures". (Docket No. 1) On July 17th, 2013, the parties entered into a Settlement Agreement "to ensure that the (PRPD) delivers policing services in a manner that upholds civil rights guaranteed by the Constitution and laws of the United States and the Commonwealth of Puerto Rico… The full and sustained implementation of this Agreement will protect public safety, guarantee individual civil rights, and increase public confidence in the police". (Docket No. 57-1)

3. These proceedings exude public interest from all its four corners. They deal with the government of Puerto Rico and one of its public agencies (PRPD).  The object of the Agreement is to ensure that the PRPD successfully completes the reform process, and undergoes institutional improvements in such important areas as civil rights enforcement.  The reform process is financed with public funds (at this moment, it should be emphasized those funds are scarce, given the Commonwealth's fragile economic condition which led to the declared bankruptcy, and ultimately exacerbated by successive natural disasters). The people most affected by these proceedings are public servants (policemen) and the general public (as subjects of Police action). "When public funds are involved, as is the case in settlements involving public officials charged with civil rights violations,

there is no justification for the sealing of documents... Courts, unlike the much-heralded private dispute resolution entities, are paid for by the people, with public funds. These are public forums, in which the presumption of access by the public should not be taken lightly." Judith Berkan, <u>Secret Settlements: Ethics and Public Policy</u>, 50 Rev. Jur. UIPR Separata II, (August – May 2015 - 2016)

4. In light of the fact that this is a case where public interest is utmost, and for the reasons set forth in this motion, the appearing party hereby request that the Honorable Court order the unsealing of Dockets No. 1478, 1484, 1500, 1506, 1528 & 1534. We also ask the Court to review all judicial documents in the instant case that remain shielded from public scrutiny in order to ascertain if the interests protected by their confidentiality outweighs the common-law right of access to judicial documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This ruling will also promote judicial expediency since all such filings might be subject to a Motion to Unseal such as this one at a later date.

5. The importance of the presumption of openness that is at the core of judicial proceedings cannot be overly stated. "Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby ensuring quality, honesty and respect for our legal system." Standard Fin. Mgmt. Corp., 830 F.2d at 410 (quoting *In the Matter of Continental Ill*. Secs. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984)) (internal quotation marks omitted) The USDOJ, as a representative of the public interest, also has a duty to ensure that the public has access to judicial proceedings, including the public records generated in cases such as this.

6. Insofar as the instant case relates to Commonwealth agencies and officers, access to its documents and proceedings is also a matter of the constitutional right of access to information established by the Puerto Rico Supreme Court in *Soto v. Secretario de Justicia*, 112 D.P.R. 477 (1982).

7. Echoing these well-settled principles, the Court's Standing Order No. 9 (quoting its Memorandum to the Bar and PACER Users) states that "[I]mproper use of the restriction levels module may affect the rights of third parties, such as the press. Procedures in federal courts are characteristically public in nature. The court will not tolerate and will sanction any attempt to restrict filings that are obviously within the public domain. Failure to observe these rules will not be allowed."

8. Standing Order No. 9 established a procedure to execute restricted filings that requires the concurrent <u>public</u> filing of a "Motion to Restrict" that "shall identify the restriction level sought, address the interest to be protected, and indicate why such interest outweighs the presumption of public access. Stipulations between the parties are insufficient to justify restricted access."

9. Despite this established procedure, over the course of these proceedings, all parties have filed numerous pleadings under a restricted setting, without complying with Standing Order No. 9. Although the Court has shown commendable adherence to its duty to monitor the use and abuse of restricted filings, including with orders to unseal documents, many documents in the instant case remain sealed and some of the Court's rulings are also restricted, which have the effect of shielding these documents from scrutiny by the press and the general public.

10. The appearing party has examined "Motions to Restrict" in which a self-fulfilling incantation that filings should remain confidential "due to the sensitive nature of the information therein" has been accepted by the Court to grant sealing; even though this sort of magical spell falls very short of the requirements established in Standing Order No. 9. (Dockets No. 1480 & 1501) "[T]he First Amendment right of public access is too precious to be foreclosed by conclusory assertions or

unsupported speculation." *In re Providence Journal*, 293 F.3d at 10 (quoting United *States v. Kirk* (In re Memphis Publ'g Co.), 887 F.2d 646, 648-49 (6th Cir.1989)

11. The restricted filings at Dockets No. 1478, 1484, 1500, 1506, 1528 & 1534 relate to a dispute in which the Commonwealth is objecting to invoices submitted to the Court by the Monitor Office pursuant to its approximately $1,500,000 yearly operating budget. Although the Court has relayed the gist of the dispute in a publicly filed Opinion and Order (Docket No. 1511), the filings made by the Commonwealth, the USDOJ and transcripts of status conferences that were conducted after the filings remain sealed, thereby impeding public access to the best source available for the parties' arguments and the Court's proceedings related to this matter. The appearing party respectfully submits that continued sealing of these documents impinges on the public's common law and constitutional rights to the guarded information.

**WHEREFORE**, it is very respectfully requested that all sealed pleadings and judicial documents filed in this case under Dockets No. 1478, 1484, 1500, 1506, 1528 & 1534 be unsealed, such that they may be viewed by the appearing party and the general public, unless there exists some legitimate reason or interest which would compel the Court to maintain a restricted setting on any particular judicial document filed herein. Shielding any party to the litigation from potential public scrutiny about the discharge of their official duties, be it as officers, employees or contractors, or keeping the use of public funds hidden from public view are not legitimate reasons to seal any documents in this case, nor to keep the general public, which is highly impacted by these proceedings and the progress of police reform in the dark regarding these matters.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 23th day of June, 2020.

**I HEREBY CERTIFY** that on June 23th, 2020, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which caused the parties, counsel of record, and others on the service list to be served by electronic means

                                                     S/Oscar J. Serrano Negrón
                                                     OSCAR J. SERRANO NEGRÓN
                                                     USDC-PR No. 222107
                                                     53 Calle Palmeras Ste 1401
                                                     San Juan, PR 00901-2417
                                                     Tel.:(787) 505-5429
                                                     ojserrano@noticel.com