# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff**<br><br>v.<br><br>**PUERTO RICO POLICE DEPARTMENT** and **COMMONWEALTH OF PUERTO RICO,**<br><br>    **Defendants.** | CIVIL NO. 12-cv-2039 (GAG) |

## INFORMATIVE MOTION

**TO THE HONORABLE COURT:**

    **COME NOW** Co-defendants Commonwealth of Puerto Rico and the Puerto Rico Police Department, through the undersigned attorney, and respectfully state and pray:

    1. On August 26, 2020, this Court entered an Order (Docket No. 1575) in the case of caption requesting the Federal Monitor to meet with the parties and officials from the Puerto Rico Department of Health (PRDoH) in an attempt to clarify whether the latter, pursuant to an emergency regulation promulgated on August 21, 2020 (hereinafter "Emergency Regulation"), titled in Spanish "Reglamento para Establecer Medidas Preventivas para el Manejo de la Pandemia del Covid-19 y Multas Adminsitrativas por el Incumplimiento de las Mismas,"[1] allowed the imposition of civil fines against persons

---

[1] On August 19, 2020, the Governor of Puerto Rico, Honorable Wanda Vázquez-Garced, issued a Certification which enabled the immediate implementation of the Emergency Regulation pursuant to

1

determined to have violated PRDoH laws or regulations aimed at protecting the public health as a result of the Covid-19 Pandemic or to go as far as to authorize PRDoH officials to arrest civilians for violations of the referenced laws and regulations.[2]

2.   Immediately thereafter the Office of the Monitor contacted the undersigned to put us on notice of the August 27 Court Order.  We then sought guidance from Ms. Mayra Toro, Director, PRDoH Health & Environmental Compliance, on the scope and the implementation of the August 2020 Emergency Regulation by PRDoH officials.  We provided Ms. Toro a copy of the referenced Court Order.  According to Ms. Toro, PRDoH inspectors were empowered to conduct health safety inspections, but that she was not aware of any arrests made by PRDoH inspectors pursuant to Emergency Regulation.

3.   Notwithstanding the above, Ms. Toro noted that approximately 18 inspectors from the Puerto Rico Department of the Treasury had been detailed to the PRDoH to assist PRDoH inspectors in the execution of their duties.  Ms. Toro, however, did not express whether inspectors from the Department of the Treasury had participated in any arrests of civilians for violation of PRDoH laws or regulations.  She then referred us to Mr. Miguel Verdiales-Morales, Chief Counsel, PRDoH.

4.   This information was quickly conveyed to the Federal Monitor and his staff on occasion of a video teleconference conducted yesterday afternoon.

---

Section 2.13, of Public Law No. 38, enacted on June 30th, 2017, as amended, of the Uniform Administrative Procedure Act, codified under Title 3, Laws of Puerto Rico Annotated § 2101 Et Seq., also known in Spanish as "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico."

[2]  In which case the actions of PRDoH officials would have to be within the bounds of the Consent Decree signed by the parties for the reform of the Puerto Rico Police Bureau.

5. The undersigned then wrote two emails to Mr. Verdiales-Morales to further clarify the use of PRDoH inspectors and employees as well as that of the Department of the Treasury inspectors.  We provided counsel Verdiales-Morales a copy of a previous Order which had been entered by the Court on April 27, 2020 (Docket No. 1457)—which provided guidance on the use of members of the Puerto Rico National Guard in support of PRDoH Covid-19 operations throughout Puerto Rico, and the August 27, 2020 Court Order (Docket No. 1575), *supra*.  Counsel Verdiales-Morales replied that under the August 2020 Emergency Regulation the arrest of civilians was not authorized and that persons determined to have been in violation of PRDoH laws or regulations would only be subject to the imposition of civil fines.

6. Counsel Verdiales-Morales also noted that consistent with PRDoH's standing official policy, the PRDoH would not seek to implement the provisions of the PRDoH organic statute, in Spanish "Ley del Departamento de Salud," Public Law 81, enacted on March 14, 1912, as amended, by which PRDoH officials are otherwise empowered to arrest civilians.

7. Lastly, Counsel Verdiales-Morales noted that only one employee of the Department of the Treasury had been detailed to the PRDoH to perform administrative duties.

8. Based on the foregoing, it is our belief PRDoH inspectors will strictly perform an administrative enforcement role as per the guidance articulated in the Emergency Regulation rather than a law enforcement role, which is usually reserved for the Puerto Rico Police Bureau.

**WHEREFORE,** Co-defendants Commonwealth of Puerto Rico and the Puerto Rico Police Department respectfully request this Court to take notice of the above, and if the Court considers it necessary, to enter an Order further defining the bounds of PRDoH actions as it relates to the use of PRDoH and the Puerto Rico Department of the Treasury personnel in connection with health safety inspections and/or enforcement actions as it relates to the Covid-19 Pandemic.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of August, 2020.

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on this date a copy of this document was filed with the Clerk of Court through the CM/ECF system, which will provide notice of this filling to all counsels of record in the captioned case.

S/ RAÚL E. BANDAS
USDC-PR NO. 207809

**CANCIO, NADAL & RIVERA, LLC**
PO Box 364966
San Juan, PR  00936-4966
403 Muñoz Rivera Ave.
San Juan, PR 00918-3345
Phone 787-767-9625
Fax  787-622-3461
Email: rbandas@cnr.law