IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>  Plaintiff, <br><br>  v. <br><br> **COMMONWEALTH OF PUERTO RICO**, et al., <br><br>  Defendants. | CIVIL NO. 12-2039 (GAG) |

### Informative Motion by the Special Master Regarding Compliance by the Puerto Rico Police Department with the Court Approved COVID-19 Protocol

*NOW COMES* Special Master, Dr. Alejandro del Carmen, and the Assistant Special Master, Thomas Petrowski, in response to the order of the Court dated November 24, 2020, and herein submit this Informative Motion delineating the manner in which the Puerto Rico Police Department (PRPB) has implemented the previously Court approved COVID-19 protocol for the Department and its officers. This Informative Motion is for the Court's review and approval.

In April, 2020, in response to the COVID-19 pandemic, the Puerto Rico Police Department was charged with the implementation of a certain protocol (See Docket No. 1449) to ensure the safety and wellbeing of the Department, its officers and the community-at-large. The above order directed the Special Master and Assistant Special Master to employ all necessary consultative resources to assess the manner in which PRPB has implemented the Court approved COVID-19 protocol for PRPB officers.

Due to COVID restrictions, the Special Master and Assistant Special Master were unable to travel to Puerto Rico and conduct this evaluation in person, however the following measures were taken to assess the compliance by PRPB with the protocol:

**Investigative Actions**:

The office of the Special Master reviewed the PRPB COVID-19 protocol and related documentation. Further, a series of interviews and discussions took place with PRPB personnel including some members of its leadership. These meetings aimed at gauging the manner in which the PRPB COVID-19 Protocol was disseminated, followed and enforced.

**Findings:**

The information provided by PRPB shows that a total of 5 members of the MNPPR (Miembros del Negociado de la Policía de Puerto Rico) have died as a result of COVID and that a total of 20 complaints have been filed with SARP related to COVID. Of these, 14 complaints related to alleged violations by PRPB personnel of the Governor's Executive Orders (i.e., curfew violations). Two of the 20 complaints were alleged violations of quarantine. Meaning, the officer was instructed to quarantine but these instructions were allegedly ignored. The PRPB did not offer a response to the question on whether or not the PRPB quarantined personnel, once they have been identified as having violated the quarantined order, would be mandated to further quarantine for an extended amount of time consistent with the CDC guidelines.

One of the most significant findings was that a single medical doctor, who practices general medicine, made critical decontamination decisions for the entire PRPB in Puerto Rico. That is, for COVID-19 related decisions on whether or not a police facility should be sanitized after an individual at that facility shows signs of COVID related symptoms, or whether personnel should be quarantined and/or tested, is left up to the discretion of a single doctor. The doctor in place is available 12 hours during the day and on call the rest of the time. She is the sole decision maker on whether or not a police facility should be closed and disinfected or whether or not personnel

should be tested after an individual shows symptoms of COVID-19.   Further, this doctor is solely responsible for determining when a PRPB officer should return to work. One of the most concerning issues is the "time lapse" that it takes for the information to reach the doctor and for the doctor's decision to affect the prevention of the spread of COVID-19. For instance, as cited by several of the PRPB personnel interviewed, there have been several instances when the doctor is not consistent in deciding whether or not a facility should be sanitized after a potential case of COVID-19 is identified. While this location is open to the public, there is a possibility for contamination and spread of the disease to others, while it remains open and without the benefit of decontamination. The San Sebastian District was cited as an example where 8 PRPB members tested positive and the decision to close the police building was never issued.

In addition, each police precinct has a "COVID-19 Coordinator".  This individual is selected by the local area commander as there are no specific qualifications sought.  Further, other than the standard training received by PRPB personnel on COVID-19, there is little or no formal training that is given to these coordinators.  Yet, their duty is to coordinate (i.e., inform) with the PRPB medical doctor in COVID-related situations, including the need to test, isolate or quarantine personnel.

Regarding EPP (Equipo de  Proteccion Personal), the PRPB leadership claims that masks and hand sanitizers have been consistently distributed throughout the island.  However, the members of the PRPB interviewed disagreed. They indicated that at the beginning of the pandemic a very limited number of masks, gloves and hand sanitizers were made available. And that in some cases, PRPB personnel found it necessary to purchase their own protective equipment. They all agreed that private donations which provided masks to PRPB personnel were the first to reach many municipalities who were awaiting the PRPB EPP to reach them. The PRPB leadership

noted during the interview, that despite the fact that the COVID-19 protocol includes the distribution and use of gloves, they have removed these as part of the EPP as their use has "a tendency of confusing personnel on whether or not there is any need to wash their hands".  All PRPB personnel agreed that as of the past few weeks, they finally have received masks and hand sanitizers; they attribute this to the recent press coverage and publicity given to the shortage of EPP.

There is also no current practice in place to sanitize work areas on an on-going basis. The formal sanitization process takes place almost exclusively, when the doctor orders it and in some instances when an individual or individuals have tested positive for COVID-19.  There is also no current practice in place to randomly or systematically test PRPB personnel. The COVID-19 testing takes place at local Health Department facilities.

**Recommendations:**

Given these preliminary findings, the Office of the Special Master recommends that the Court takes immediate action in:

1) Considering the modification of the PRPB COVID-19 Protocol so that it reflects the recent changes made by the CDC, WHO and related police protocols, regarding the prevention and response to COVID-19.  This includes random COVID-19 testing of all PRPB personnel and the systematic sanitization of all PRPB facilities across the Commonwealth of Puerto Rico.

2) Consider that the Office of the Special Master lead efforts, and retain the necessary personnel, for the immediate and complete assessment on the implementation of the

      PRPB COVID-19 Protocol.  As part of this effort, include assessment of inventory of EPP and its distribution throughout the various police districts.

3) Consider the revision to the existing protocol of a single medical doctor being in a position to decide on all COVID-related matters on prevention and treatment for PRPB.  The retention of a group of doctors, in consultation with the Federal Monitor and the Office of the Special Master, should be considered immediately, in order to establish a medically effective protocol that helps identify COVID-19 infected individuals while preventing the spread of this deadly disease in a timely manner.

4) Consider the immediate implementation of a COVID training course for all COVID coordinators in order to establish a normative baseline of knowledge on the prevention and reaction to COVID related incidents.

5) Follow up on administrative investigations in order to determine if there are areas in the daily organizational activities that need to be corrected and/or addressed that would prevent the spread and/or contamination of COVID.

We certify that we have forwarded the foregoing document to this Honorable Court to be electronically filed with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to the Monitor and all counsel of record.

**RESPECTFULLY SUBMITTED** this 8th day of December, 2020,

**ALEJANDRO DEL CARMEN, Ph.D.**
Special Master

*s/Alejandro del Carmen*

**delcarmen@specialmasterpuertorico.com**


**THOMAS D. PETROWSKI**
Assistant Special Master

*s/Thomas D. Petrowski*

petrowski@specialmasterpuertorico.com