## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff;<br><br>        v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br><br>                    Defendants. | No. 12-cv-2039 (GAG) |

### UNITED STATES' RESPONSE TO THE SPECIAL MASTER AND
### ASSISTANT SPECIAL MASTER'S RECOMMENDATIONS
### REGARDING PRPB'S COVID-19 PROTOCOL

COMES NOW, Plaintiff, the United States of America, in compliance with this Court's

Order of December 7, 2020, ECF No. 1622, and addresses findings and recommendations issued

by the Special Master and Assistant Special Master regarding the Commonwealth's

implementation the Puerto Rico Police Bureau's (PRPB) Protocol on the Safety Guidelines for

Members of the Puerto Rico Police Bureau in the Handling of the COVID-19 Emergency

(COVID-19 Protocol), ECF No. 1449 (Apr. 8, 2020) *translated at* ECF No. 1504 (May 13,

2020).  In April 2020, PRPB adopted its COVID-19 Protocol to help "guarantee that [PRPB

personnel] can carry out their duties safely and following the generally accepted policing

practices within the circumstances of the emergency caused by COVID-19, while protecting the

constitutional rights of the public they serve." *Id.* at 1.  On December 7, 2020, the Special

Master's Office filed a report on the manner in which PRPB has implemented the COVID-19

Protocol.  Special Master's Informative Mot., ECF No. 1621 (Special Master's Report).

The United States has no objections to the Special Master's recommendation that the

Commonwealth update the protocol in light of current guidance and effective safety principles

(first and third recommendations), targeted training for PRPB's COVID coordinators (fourth recommendation), and following up on administrative investigations to identify corrective action and address opportunities to improve performance (fifth recommendation). Each of these recommendations will help ensure that PRPB can continue to provide policing services consistent with the requirements of the Agreement for Sustainable Reform of the Puerto Rico Police Bureau ("Agreement"). *See* ECF No. 60 (July 17, 2013). The United States also supports ongoing monitoring of PRPB's implementation of its COVID-19 Protocol (second recommendation) to prevent any negative impact on implementation of the Agreement. Nevertheless, the United States believes that PRPB is the most appropriate entity to lead all of these efforts, including amending the protocol and obtaining the resources and compliance monitoring apparatus needed to effectively implement the recommendations, with oversight and technical assistance from the Special Master and the Court.

I.     **Background**

As the Court recognized, PRPB is responsible both for the health and safety of thousands of officers in the performance of their duties, as well as ensuring that constitutional policing continues on the Island even during a pandemic. Order, ECF No. 1441 (Apr. 2, 2020) (ordering the Parties and the Monitor to work jointly on an agency COVID-19 protocol). PRPB's COVID-19 Protocol was developed to help the agency meet those obligations. During the drafting process, the United States, Monitor and Special Master provided feedback to the Commonwealth.[1]   All parties relied, in part, on guidance that was available from public health organizations like the United States' Center for Disease Control (CDC) and law enforcement

---

[1] The United States offered comments as technical assistance, given that the focus of the protocol is on infection control and officer safety. *See* PRPB COVID-19 Protocol at § XVI (Continuity of Services in Compliance with the Reform Agreement).

groups (e.g., professional police organizations, other law enforcement agencies). *See, e.g.*, COVID-19 Protocol at § XVII (Informative Reference Material). This process occurred when the extent of the pandemic was still unknown, data was still being collected, and guidance was developing. Since April there have been significant updates to guidance from the CDC and professional police organizations. The Court, recognizing that this would be the case, described PRPB's COVID-19 Protocol as "a working document, subject to further review and amendment, as the pandemic develops." Order of April 8, 2020, ECF No. 1454,

The Special Master's Report makes several findings. After noting the unfortunate loss of five PRPB personnel due to COVID-19, the Special Master notes that PRPB was unable to provide a complete response on whether it ensured that officers accused of failing to follow quarantine orders abided by CDC guidance. Special Master Report at 2. The Special Master also found that one doctor, who is a general practitioner, makes all agency decisions regarding facility closures and other sanitation decisions, and that such decisions appear to be sometimes untimely or inconsistently applied. Special Master Report at 2-4. Finally, the Special Master found cause for concern in the instruction and provision of personal protective equipment (PPE) to PRPB personnel, in possible violation of the COVID-19 Protocol. Special Master Report at 3-4.

The Special Master's Report makes five recommendations for the Court to consider:

1. Modify PRPB's COVID-19 Protocol to reflect updated guidance and protocols from other law enforcement agencies.

2. Appoint the Special Master's Office to lead efforts to assess the implementation of PRPB's COVID-19 Protocol, including assessing the inventory and distribution of PPE.

3. Modify the COVID-19 Protocol to establish a medically effective response to COVID-19 infected persons and threats of contamination for units and agency facilities, including the retention of a group of doctors in place of the single general practitioner.

4. Implement training of all COVID coordinators.

5. Follow up on administrative investigations to help assess how the agency might use daily organizational activities to help prevent the spread of COVID-19.

The Special Master's Report is unclear on whether it recommends that the Court:  1) take these actions itself; 2) order PRPB to undertake these actions; or 3) take some other action to achieve the recommended outcomes.

The Court has requested input from the Parties before it acts on the Special Master's recommendations.  *See* Order, ECF No. 1622 (Dec. 7, 2020).  The United States submits that the Special Master's recommendations 1, 3, 4 and 5 warrant timely consideration and action by the Commonwealth, which bears the ultimate responsibility for the reassessment and implementation of the COVID-19 Protocol, and that Special Master recommendation 2 be handled, in the first instance, by the Commonwealth.   The Court should therefore order PRPB to consider the Special Master's recommendations and act upon them in a timely manner, and to report back monthly to the Special Master, the Court, and the United States on its progress.

II.   **Discussion**

The United States believes that the Special Master's recommendations, as modified below, will improve PRPB's COVID-19 Protocol and its response to the pandemic and recommends that PRPB take action to implement the recommendations.  PRPB's development and promulgation of its COVID-19 Protocol was intended to help ensure the coronavirus does not interrupt PRPB's efforts to implement the Agreement, promote public safety, and ensure

4

constitutional policing.[2]  Accordingly, the COVID-19 Protocol states that it must be implemented in conformity with the Agreement.  *See* PRPB COVID-19 Protocol at § XVI. Timely action by PRPB to implement the Special Master's recommendations will help achieve these goals.

The Special Master's recommendations will help ensure that the COVID-19 Protocol follows current guidance, which will minimize disruption of policing services and implementation of the Agreement.  In its report, the Special Master identified some concrete issues that PRPB needs to address.  For example, the Special Master found compelling reasons for PRPB to revisit how it identifies and responds to outbreak concerns among its personnel and facilities.  He also found concerns about the supply and distribution of PPE, which is critical to providing a safe workplace for both PRPB personnel and the citizens with whom they interact. In addition, the Special Master shed light on PRPB's need to ensure appropriate internal investigations and corrective actions are taken when there are allegations of protocol violations. In response to these findings, the Special Master's recommendations will promote officer safety through measures designed to result in consistent application of the COVID-19 protocol across the agency, the provision of adequate medical resources and equipment, and appropriate accountability measures.

The United States recommends that PRPB act on these recommendations.  To be clear, however, the United States believes that PRPB must be responsible for implementing the recommendations, and it should report back to the Special Master and the Court on its progress. For recommendations one and three, PRPB should take the lead in revising its protocol to

---

[2] *See* COVID-19 Protocol at § I(1) ("It is the policy of [PRPB] to guarantee that [PRPB personnel] can carry out their duties safely and following the generally accepted policing practices within the circumstances of the emergency caused by COVID-19, while protecting the constitutional rights of the public they serve, in accordance with established regulations and policy, and the [Agreement].")

address the issues the Special Master noted and otherwise conform it with current guidance and generally accepted law enforcement practices.  PRPB should also take the lead in auditing the implementation of the COVID-19 Protocol, including an assessment of the PPE inventory, as the Special Master outlines in his second recommendation.  For recommendation four, PRPB should develop and implement the necessary training to ensure consistent implementation of the COVID-19 Protocol.  And PRPB should also remain responsible for using its internal investigations findings and data to help it make operational decisions as described in recommendation five, including decisions on the need for more changes to the protocol.  The duty to ensure it has an adequate COVID-19 Protocol falls on PRPB.

In sum, the United States recommends that the Court should order PRPB to consider the Special Master's recommendations and act upon them in a timely manner, and to report monthly to the Special Master, the Court, and the United States on its actions.

**III.**   <u>**Conclusion**</u>

WHEREFORE, the United States respectfully requests that the Court take notice of the foregoing.

I HEREBY CERTIFY that on this date I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and the Monitor on the service list to be served by electronic means.

Respectfully submitted, this 9th day of December, 2020,

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/ Jorge M. Castillo*
*s/Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE M. CASTILLO** (G02912)
Trial Attorneys
U.S. Department of Justice
Special Litigation Section
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for the United States