

# M E M O R A N D U M

| | | |
|---|---|---|
| **To** | : | Luis E. Saucedo, Esq., U.S. Department of Justice |
| | | Jorge Castillo, Esq., U.S. Department of Justice |
| | | Raúl Bandas, Esq., counsel for PRPB |
| | | Ángel Valencia, Esq., counsel for PRPB |
| | | Dr. Alejandro del Carmen, Special Master |
| | | Mr. Thomas Petrowski, Assistant Special Master |
| **Date** | : | November 23, 2020 |
| **From** | : | John Romero, Federal Monitor |
| | | Denise Rodríguez, Deputy Federal Monitor |
| **Re** | : | *United States of America v. Commonwealth of Puerto Rico*, Civil No. 12-2039 (GAG) |

On October 30, 2020, the Governor of Puerto Rico signed Senate Bill 923 which, in turn, was enacted into Law No. 144-2020 ("Act 144") also known as "Ley para Unificar las Funciones de los Agentes del Orden Público en Puerto Rico en el caso de una Declaración [de] Emergencia o Desastre". This legislation allows PRPB and non-PRPB personnel to perform law enforcement activities when the Governor of Puerto Rico issues emergency or disaster declarations. The agencies and public corporations involved under Act 144 are the Department of Public Security, Department of Justice, Department of Treasury, Department of Corrections and Rehabilitation, Department of Health, Department of Natural and Environmental Resources, Department of Transportation and Public Works and the Puerto Rico Ports Authority.

On November 3, 2020, the Federal Monitor's office filed an informative motion and request for hearing to discuss Act 144 and its potential impact on the "Agreement for the Sustainable Reform of the Puerto Rico Police Department" dated July 17, 2013 (ECF No. 57-1) ("Agreement"). The United States District Court for Puerto Rico, after considering the motion, ordered on November 4, 2020 that the Federal Monitor provide the Parties and the Special Master with a

rundown of the areas in Act 144 which could actually or potentially conflict with the Agreement, as well as a brief explanation as to why.  (ECF No. 1604).

Articles 4, 6 and 8 of Act 144 allows non-PRPB members to perform law enforcement activity.[1]  Act 144, in turn, fails to refer to the Agreement. This conflicts with paragraph 286 which states that "[t]his Agreement is binding on all Parties hereto, by and through its officials, agents, employees, and successors." Likewise, it conflicts with paragraph 299 which states that "[t]he Commonwealth of Puerto Rico and PRPD shall require compliance with this Agreement by all of its agencies, departments, officials, employees, and their respective assigns and successors."  See ECF No. 57-1, at 100.  Moreover, Act 144 disregards the district court's orders dated July 18, 2019 (ECF No. 1288) and April 3, 2020 (ECF No. 1443) which required that any "non-PRPB personnel assigned to work along or in lieu of PRPB personnel must at all times adhere to all conditions established in the Agreement."  Some specific examples of potential conflicts with the Agreement are addressed below.

A.   USE OF FORCE & TRAINING

Article 7 of Act 144 requires the Secretary of Public Security to prepare a plan to train the public order agents, as defined in article 4, on the following fields: (a) functions and duties of the agents; (b) motor vehicle interventions; (c) leadership development in emergency situations; (d) laws governing use of weapons, motor vehicles and transit; (e) use of force; (f) civil rights; and any other topic deemed necessary.  Article 7 further allows the agencies to execute collaborative and cooperation agreements to comply with such training requirements.

Article 7, however, bypasses the existence and applicability of the Agreement on all those issues germane to: (a) use of force training; (b) stops, searches and seizures training; and (c) general training and supervision.  We believe the only way to cure this omission is by requiring the Secretary of Public Security to incorporate compliance with the Agreement in the regulations required under article 10 of Act 144.  Furthermore, any Governor's Executive Order under article 8 of Act 144 should also require compliance with the Agreement.

B.   SEARCHES & SEIZURES

Articles 4 and 6 of Act 144 provides a non-exhaustive list of non-PRPB agents working in different government agencies.  The Secretary of Public Security does not oversee these agencies, except NIE.  The non-PRPB agents will now have the authority to perform law enforcement activities when the Governor issues an emergency or disaster declaration.

Despite being a traditional law enforcement activity, stops, searches and seizures is not specifically referenced in article 6 of Act 144 which creates the uncertainty on whether non-PRPB personnel will engage on it or not.  If searches and seizures are allowed, then Act 144 may potentially conflict with paragraphs 58 to 79 of the Agreement.

Generally, agencies not overseen by the Secretary of Public Security are allowed to perform searches without a prior order in cases of: (a) emergencies; (b)  cases which may affect the public's health or safety; (c) under the agency's licensing or permitting powers; or (d) when the information is visually obtainable.   See P.R. Laws Annot. Tit. 3 §9691 (article 6.1 of the

---

[1] Rule 11 of Puerto Rico's Criminal Procedure Rules, P.R. Laws Annot. Tit. 32, Ap. II, only allows police officers, NIE agents, state court marshals and any other public agent authorized by law to perform arrests without an order when there exists probable cause that a crime has been committed.

2

Uniform Administrative Procedure Act). PRPB and NIE are excluded from the Uniform Administrative Procedure Act and, therefore, are required to comply with the stricter constitutional standards of unreasonable searches and seizures.[2]

The Federal Monitor believes non-PRPB personnel cannot use article 6.1 of the Uniform Administrative Procedure Act as a shield to avoid compliance with paragraphs 58 to 79 of the Agreement if they will be engaged in law enforcement activities for emergency or disaster situations. The stricter constitutional standards applicable to PRPB personnel, must also be uniformly applicable to non-PRPB personnel.

C. OTHER MATTERS

Pursuant to article 10, the Secretary of Public Security will need to enact regulations for the implementation of Act 144. The regulations, in turn, will need to govern issues secondary to civilian complaints, internal investigations, and discipline in compliance with paragraphs 159-204 of the Agreement for the non-PRPB agencies.

Moreover, the regulations should promote the Secretary of Public Security's control over other matters secondary to the Agreement, such as handling and management of statistics during interventions made during emergency or disaster situations.

---

[2] The Puerto Rico Supreme Court, however, has held that PRPB can perform a warrantless search in emergency situations. "Both the courts and the experts in the field recognize the authority of the police to enter a dwelling or property, without a warrant, in order to help or assist a person whom they reasonably believe may be in danger or in need of help." Pueblo v. Rivera Collazo, 22 P.R. Offic. Trans. 373, 379 (P.R.,1988). It is important to consider that a declaration of emergency or disaster situations is not a free ride for warrantless searches. The emergency should generally occur on the spot, like in Rivera Collazo where the Puerto Rico Supreme Court ruled that it was legal for PRPB to occupy cocaine inside a vehicle when two PRPB officers assisted the unconscious vehicle owner.