## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT,**<br><br>    Defendants. | **NO. 3:12-cv-2039 (GAG)** |

### SECOND INFORMATIVE MOTION REGARDING ORDERS AT ECF NO. 1593 AND NO. 1601 AND FOR LEAVE TO FILE EXHIBITS IN THE SPANISH LANGUAGE

**TO THE HON. GUSTAVO A. GELPÍ, CHIEF U.S. DISTRICT JUDGE:**

**NOW COMES,** John Romero, in his capacity as Federal Police Monitor, who respectfully, through the General Counsel of the Federal Police Monitor's Office ("Monitor's Office"), states and informs as follows:

The Court has issued several orders related to the issue of the Puerto Rico Police Bureau's ("PRPB") promotions protocol. These orders, which are cited below at page 3 of this motion, were issued considering the following relevant history, since early 2019:

| Date | Event |
|---|---|
| 2/18/19 | PRPB's counsel sends a draft protocol on promotions to plaintiff, through USDOJ, for discussion purposes. They further request the Special Master's assistance in developing the promotions protocol and regulation. |
| 3/15/19 | The parties incorporate the Commonwealth's request for assistance on promotions to the command ranks in the scope of work of the Special Master in a Joint Stipulation at ECF No. 1148, approved by the Court at ECF No. 1152. |

1

| | |
|---|---|
| 12/13/19 | Assistant Special Master submits comments on the 2/18/19 draft protocol in a draft memorandum shared with the parties. |
| 7/23/20 | An administrative order on promotions to the command ranks (DPS-2020-AO-003) is signed by the Secretary of Public Security; the administrative order was not presented to the parties for review under Paragraph 229 of the "Agreement for the Sustainable Reform of the Puerto Rico Police Department" dated July 17, 2013 (ECF No. 57-1) ("Agreement"). |
| 7/27/20 | PRPB's counsel sends a revised promotions protocol to the Monitor and USDOJ with an urgent request for expedited review by 7/31/20.  PRPB had not informed the parties that an administrative order (DPS-2020-AO-003) was signed on 7/23/20, four days earlier. |
| 7/31/20 | Monitor and USDOJ send comments to PRPB's counsel on the revised promotions protocol. The Monitor does not approve the protocol |
| 9/11/20 | PRPB's new counsel sends the 7/23/20 Administrative Order (DPS-2020-AO-003) to the Monitor and DOJ for review under paragraph 229 of the Agreement. |
| 9/23/20 | Monitor sends comments on the 7/23/20 Administrative Order. |
| 9/29/20 | USDOJ sends comments on the 7/23/20 Administrative Order; on the same day, PRPB requests a conciliation meeting under Paragraph 229 of the promotions protocol submitted by PRPB's former counsel on 7/27 and not the 7/23 Administrative Order. |
| 9/30/20 | PRPB's new counsel sends a revised administrative order (DPS-2020-AO-004), dated 9/28/20, to PRPB for comment. |
| 10/2/20 | PRPB requests a conciliation meeting under Paragraph 229 of a redline with PRPB comments on the revised administrative order (DPS-2020-AO-004) |

Considering such background and that two competing "promotion protocols" were in place, on October 5, 2020, the Court issued the following order:

> The Court is aware that PRPB has recently provided to USDOJ, Monitor and Special Master a draft promotions policy for certain high ranking positions within the police ranks, to wit, inspector to coronel. Given that USDOJ, Monitor and Special Master need adequate time to responsibly review, comment and discuss with PRPB the draft promotions policy, the Court hereby ORDERS that no promotions are thus made until such time as all of the aforementioned are able to make the corresponding recommendation to the Court as to whether the promotions policy complies with the Reform Agreement. The Court advises that next week it will be holding a status conference (to be set) and this matter will be part of the agenda.

See ECF No. 1593.

On October 6, 2020, the Court issued a second order stating as follows:

> ORDER re: PRPB Promotions Policy. For purposes of review, comment and approval by USDOJ, Monitor, Special Master, and, ultimately the Court, as consistent with the Agreement, the proposed promotions policy must be certified by the following Commonwealth officials: (1) Secretary of Public Safety, (2) Commissioner of Police, and (3) Governor's Personal Representative. The Court and it's duly appointed officials will not evaluate the same without the accompanying certification.

See ECF No. 1596.

As per the foregoing order, the Court then scheduled a status conference on October 16, 2020.  In this hearing, the Court stated the following:

> A discussion was held about the proposed/draft PRPB Promotions Policy for the ranks of inspector to coronel. The Court reminded all that, as per its recent order, and consistent with the Reform Agreement, no such promotions will be carried out until: PRPB, DSP and the Governor or her personal representative all agree to one single policy; (2) USDJ, Monitor and Special Master all have adequate time to revise the same and comment on it. Moreover, (3) once approved, the promotions process itself will also be subject to monitoring to ensure compliance therewith. In sum, this is a process that, notwithstanding the need to make promotions, will indeed take time and cannot be rushed.

See ECF No. 1601.

On November 17, 2020, the parties and the Monitor's Office held a meeting under paragraph 253 of the Agreement.  In this videoconference meeting, the following topic was

3

included in the agenda: "Update on the status of the promotions protocol for the command ranks – the Court directed the Commonwealth to submit certifications". During the meeting, the defendants confirmed at that time that there were no updates on the certifications required by the Court's orders and that it understood that no promotions should be made until the "promotions protocol" was approved by the Federal Monitor, the Special Master, and the plaintiff.

On December 12, 2020, the Federal Monitor filed an "Informative Motion Regarding Orders at ECF No. 1593 and No. 1601 and Request for Order and Hearing". See ECF No. 1634. In this motion, the Federal Monitor stated as follows:

> Given that Hon. Wanda Vázquez, Governor of Puerto Rico, is scheduled to step out of office on January 2, 2021, the Federal Monitor respectfully requests that the Commonwealth of Puerto Rico provide the parties, the Special Master, and the Court, in the upcoming December 15, 2020 hearing, with a status and update regarding its compliance with the orders at ECF No. 1593 and ECF No. 1601. The Federal Monitor further moves for an order requiring defendants to produce an official certification that ***no*** promotions for the ranks of inspector to colonel have taken place or will take place until such time the defendants receive approval of a promotions protocol from the plaintiff, the Federal Monitor, and the Special Master, in accordance with the Court's orders (ECF No. 1593 and 1601).

On December 12, 2020, the Court granted the Federal Monitor's motion and stated that the matter was going to be addressed at the December 15, 2020 status conference. See ECF No. 1635.

After the Court issued the foregoing order, the Federal Monitor learned that on Friday, December 11, 2020, the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, the Secretary of Public Security, Hon. Pedro J. Janer Román, and Police Commissioner Henry Escalera Rivera had signed a "Promotions Protocol Certification" for the promotions of inspectors to colonel, *presumably* to comply with the Court's order dated October 6, 2020 (ECF No. 1596). See EXHIBIT 1, Certification.

In this certification, it is asserted that the draft "Promotions Protocol" dated October 2, 2020 complies with the "Agreement for the Sustainable Reform of the Puerto Rico Police Department" dated July 17, 2013 (ECF No. 57-1) ("Agreement") because it "considered" the

4

comments and changes proposed by the plaintiff, the Special Master and the Federal Monitor and the Secretary of Public Security.  The certification ends by stating that the Puerto Rico Police Bureau ("PRPB") and the Department of Public Security ("DPS") reiterate their interest that the parties evaluate the "promotions protocol" and that they provide their final approval to continue with the promotions process in PRPB.  The certification does not enclose or incorporate by reference the "promotions protocol". Enclosed as EXHIBIT 2 is the October 2, 2020 draft "Promotions Protocol" referenced in the certification.

In anticipation of the December 15, 2020 hearing and considering the foregoing recent developments, the Federal Monitor respectfully informs the Court the following:

(1) PRPB informed the parties on October 5, 2020 that EXHIBIT 2 is the final draft of the "Promotions Protocol" after receiving the comments from the plaintiff, the Federal Monitor, and the Special Master.

(2) PRPB requested a conciliation meeting under paragraph 229 of the Agreement to discuss and approve the draft "Promotions Protocol" but the meeting was held in abeyance until such time PRPB complied with the order dated October 6, 2020 (ECF No. 1596).  Accordingly, the "Promotions Protocol" enclosed as EXHIBIT 2 is not final.

(3) In the November 17, 2020 meeting under paragraph 253 of the Agreement, PRPB informed that it still understood that the "Promotions Protocol" was pending final approval of the parties.

(4) PRPB has still pending to produce an assessment protocol for those considered to be promoted under the draft "promotions protocol".

(5) Upon PRPB's compliance on or before the December 15th hearing with the December 12th order (ECF No. 1635), confirmation that the December 11th certification was prepared to comply with the October 6th order (ECF No. 1596), and production of the assessment protocol, the Federal Monitor will be able to meet with the parties to

discuss the draft "Promotions Policy" and provide its final recommendations to the Court and Special Master.

**WHEREFORE,** the Federal Police Monitor, John Romero, respectfully requests that the Court take notice of the above and that it allows the enclosed exhibits in the Spanish Language until certified translations may be completed under Local Civil Rule 5(g) by December 15, 2020.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of December 2020.

**I HEREBY CERTIFY** that on this same date a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which in turn notifies all counsel of record in the case.

**CORREA-ACEVEDO & ABESADA
LAW OFFICES, P.S.C**
Centro Internacional de Mercadeo, Torre II
#90 Carr. 165, Suite 407
Guaynabo, PR  00968
Tel.  (787) 273-8300 / Fax (787) 273-8379
ra@calopsc.com


S/Roberto Abesada-Agüet
USDC-PR No. 216706
General Counsel, FMP