# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE BUREAU,**

**Defendants.**

**Case No. 12-2039 (GAG)**

## MOTION FOR RECONSIDERATION OF COURT ORDERS

**TO THE HONORABLE COURT:**

Come now, Defendants, through their undersigned attorneys, and very respectfully allege and pray as follows:

1.  On November 13, 2020, the Honorable Judge Gustavo A. Gelpi issued an Order directing the Puerto Rico Police Bureau (PPRPB) to "have a translator available in all further discussions [methodology discussions] as well as other formal matters in which the parties, Monitor and Special Master participate.  No exceptions."  *See,* Docket No. 1612.  The referenced Order is supplemented by another Court Order issued on November 18, 2020, where the Court grants the Department of Public Safety and the PRPB until December 15, 2020, to retain the services of a qualified interpreter.  *See,* Docket No 1614.[1]

---

[1] This most recent Court order reads, in part, as follows:

"G. By December 15, 2020, DSP or PRPB shall retain the services of a qualified interpreter to assist DPS and PRPB personnel in any matter relevant to the Agreement, methodologies agreed by the parties, documents, contracts or other initiatives that would advance the interests of the Agreement and reduce administrative costs. This requirement is consistent with, and in furtherance of, the Order dated November 13, 2020. Doc. No. 1612." *See,* Docket No. 1614.

2.    The "*Agreement for the Sustainable Reform of the Puerto Rico Police Department*"

("Agreement") entered into among the parties on July 17, 2013, at paragraph 2, states that "[t]his

Agreement is the result of extensive cooperation and consultation between PRPD and the

Department of Justice ("DOJ") and builds on reform initiatives begun by PRPD."    *See*, Docket

No. 60.  As part of a monumental effort embodied in 301 interactive paragraphs, the Agreement,

at paragraph 228, reads as follows:

> The TCA [Technical Compliance Advisor] *shall ensure that the TCA has sufficient*
> *language proficiency to engage critically in Spanish, both orally and with Spanish-*
> *language documents without requiring translation of the conversation or the document*.
> The TCA may obtain sufficient language proficiency through members of the TCA's
> team, including the TCA's agents, contractors, or employees.  In choosing a TCA, the
> Parties shall consider the Spanish language proficiency of TCA candidates themselves
> (as distinguished form the Spanish language proficiency obtained through the TCA's
> team) to be a significant positive qualification to perform as the TCA under this
> Agreement.  (Emphasis supplied).

3.    Paragraph 228 of the Agreement, as written, clearly requires the TCA to have a ~~fair~~

sufficient degree of proficiency in the Spanish language in connection with the preparation,

review, editing, and/or discussion of documents relevant to the reform process of the PRPB.  A

good example of this might be if the TCA engages the PRPB staff in the discussion of a police

report with a view towards pointing out substantive analytical deficiencies in an attempt to stress

the importance of ensuring completeness and objectivity in the preparation of police reports

and/or the professionalization of the PRPB force.  The PRPB and the Commonwealth of Puerto

Rico should be able to have a good understanding of the various reform processes and initiatives

to be implemented pursuant to the Agreement.  Thus, the TCA, the Special Master, and the

United States Department of Justice (DoJ) are called upon to undertake all necessary measures to

ensure effective communications, both orally and written, between the members of the PRPB,

members of the Office of the TCA, the Special Master(s), and counsels from the DoJ as the main

goal is to assist the PRPB reach full compliance status with police reform as per the terms of the Agreement.

4. Notwithstanding the above, paragraph 228 is translucently devoid of guidance of how video teleconferences (VTCs) and other similar forums should be conducted by the TCA, the Special Monitor, and DoJ. For several years now, members of the PRPB have participated in VTCs designed to assess the progress of PRPB reform initiatives, such as the discussion of methodologies. Members of the TCA, the Special Master, counsels for DoJ, counsels for the Defendants, and even members of the PRPB itself have employed great effort in ensuring effective communication between the participants. Although conceivably there is always room for improvement, the members of the PRPB have historically received the assistance from the personnel listed above in the form of accurate, and almost real-time translations in the Spanish and English languages in group discussions. The PRPB believes this collective effort should be sustained throughout the reform process.

5. The Defendants have carefully analyzed the Courts' Orders and agree there is a rational basis for requiring accuracy and completeness in connection with the interpretation and translation of English to Spanish and vice versa in methodology group discussions as well as other proceedings for the benefit of PRPB staff who might not be fully proficient in English, either written or orally. Indeed, the PRPB commends the Honorable Judge's sensibility to have fully engaged and informed participants, including those who may not be fully or partially proficient in the English language. The Orders entered by the Court are undoubtedly designed to further strengthen PRPB reform, holistically and comprehensively, while ensuring the concerns raised by the parties, including the TCA, are both timely and appropriately addressed consistently with the terms of the Agreement.

6.   The Defendants, however, believe the order is not consistent with the language of paragraph 228 and they will be unduly burdened due to logistical, financial, and security considerations if they are required to award a contract for the provision of interpreter and translation services, as ordered by the Court.  First, the government contractor ultimately selected to provide translation and interpretation services must be capable of providing real-time professional interpretation and translation services to PRPB staff, often on short notice.  Further, the government contractor must assure it has sufficiently qualified interpreters/translators on its payroll to participate in all proceedings where such services might be required.  Bids for contracts should be awarded on the basis of professional qualifications, capacity to perform under the contract.   Past government contractor performance should also be considered. Similarly, resourcefulness of a contractor should be scrutinized with a view towards avoiding unexpected events such as, but not limited to, sickness or last-minute unavailability of interpreters/translators, commuting distance issues, lack of appropriate equipment, etc.   Also, the potential government contractor must be vetted to ensure decision-making actions, policy considerations, government operations, and confidential matters are reasonably safeguarded. Non-disclosure agreements should be required of all government contractors selected to provide interpretation/translation professional services.

7.   Furthermore, the Defendants believe interpretation and translation services can be extremely expensive.  If the Defendants are required to retain these services, the Commonwealth will undoubtedly experience further financial burden due to the present strained, weakened, and uncertain economic environment.   Similarly, the Defendants would be required to exercise enormous efforts in submitting, and seeking the approval of, budget requests through the federally mandated Financial Oversight and Management Board of Puerto Rico.

8.   Finally, even if the Defendants were to perform as ordered by the Court, contracting efforts would have to follow and comply with the applicable competition and contracting processes pursuant to applicable government statutes and regulations, including concerned committees responsible for analyzing bids for contract awards submitted in response to ordinary or specially convened requests for proposals of government contract award proceedings.  This regulatory framework can potentially further delay the contracting process even when the Defendants responsibly employ all efforts necessary to comply with the Orders of the Court.

9.   Nonetheless, the Defendants believe some, if not all, of the proceedings currently conducted by the parties in connection with the PRPB reform process, including the TCA, can continue to be leveraged without the use of an interpreter or translator, in compliance with paragraph 228 of the Agreement, as long as the TCA complies with sufficient language proficiency.  This would enable the Commonwealth to ensure the continuity of PRPB operations without committing the already strained fiscal budget of the Commonwealth.  It is also worth noting the additional costs that might be incurred by the Commonwealth in defraying the services of the TCA, TCA staff, Special Master, Assistant Special Master, and its own attorneys will not outweigh the heavy burden of contracting the services of a qualified contractor for the provision of interpretation and translation services.

10.   In light of the above, the Defendants very respectfully request the Court to consider the arguments raised herein, in good faith, by the Defendants, and that it reconsiders its previous two decisions on the subject of government procurement of interpreter services, and further vacate the two Orders referenced above.

**WHEREFORE,** the Defendants, very respectfully request, that for the reasons discussed above, to Reconsider its previous decisions regarding the requirement imposed on the

Commonwealth to provide the services of an interpreter, and further Vacate the Orders entered at Docket No. 1612 and 1614.

In San Juan, Puerto Rico, this 17th day of December, 2020.

*s/Raúl E. Bandas*
Raúl E. Bandas
USDC-PR No. 207809

s/*Angel A. Valencia-Aponte*
Angel A. Valencia-Aponte
USDC-PR No. 123905

s/*Carlos M. Rivera-Vicente*
Carlos M. Rivera-Vicente
USDC-PR No. 126304

*s/Marta L. Rivera Ruiz*
Marta L. Rivera Ruiz
USDC-PR No. 221201

Counsels for Defendants

**Cancio, Nadal & Rivera, LLC**
PO Box 364966
San Juan, PR 00936-4966
Ave. Muñoz Rivera 403
Hato Rey, Puerto Rico 00918-1145
Tel. (787) 767-9625
Fax: (787) 622-2238

Emails: rbandas@cnr.law
angelvalencia@cnr.law
crivera@cnr.law
mrivera@cnr.law

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Motion Requesting Reconsideration of Order with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all appearing parties and counsels using the Court's electronic system.

In San Juan, Puerto Rico, this 17th day of November 2020.

<u>***s/Raúl E. Bandas***</u>
Raúl E. Bandas-del Pilar
USDC-PR No. 207809
Counsel for Defendants