## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br><br>        Defendants. | No. 12-cv-2039 (GAG) |

### UNITED STATES' RESPONSE TO COMMONWEALTH DEFENDANTS'
### MOTION FOR RECONSIDERATION OF COURT ORDERS

COMES NOW, Plaintiff, the United States of America, in compliance with this Court's Order of December 17, 2020, ECF No. 1658, and responds to the Commonwealth's Motion for Reconsideration of Court Orders, ECF No. 1653, regarding the Commonwealth's obligation to provide interpreter services in proceedings and conferences involving the Special Master. The two Court Orders at issue, Dkt. Nos. 1612 and 1614, fall within the Court's broad equitable powers and are consistent with the Agreement for the Sustainable Reform of the Puerto Rico Police (Agreement), ECF No. 60. The Commonwealth's reliance on Paragraph 228 of the Agreement fails because Paragraph 228 does not apply to the Special Master. The Commonwealth's separate argument that budget and contracting constraints are unduly burdensome is insufficient to vacate the Court's Orders. Accordingly, the Court should deny the Motion for Reconsideration.

### I.     Background

On July 17, 2013, the Court entered and approved the Agreement. Order, ECF No. 58. The Court expressly retained jurisdiction to enforce the Agreement's terms. *See* J. Conditionally Dismissing the Case, ECF No. 61 (July 17, 2013); Agreement ¶¶ 292, 294. The Agreement

specifies the duties and responsibilities of the Monitor (also known as the Technical Compliance Advisor or "TCA") including a requirement that the Monitor have sufficient Spanish language proficiency as follows:

> The TCA shall ensure that the TCA has sufficient language proficiency to engage critically in Spanish, both orally and with Spanish-language documents without requiring translation of the conversation or the document.  The TCA may obtain sufficient language proficiency through members of the TCA's team, including the TCA's agents, contractors, or employees.  In choosing a TCA, the Parties shall consider the Spanish language proficiency of TCA candidates themselves (as distinguished from the Spanish language proficiency obtained through the TCA's team) to be a significant positive qualification to perform as the TCA under this Agreement.

Agreement ¶ 228.  At the time the Court entered the Agreement, the Court had not appointed a Special Master to the case.

On December 4, 2018, the Court appointed Dr. Alejandro del Carmen as Special Master "in matters that are complex and difficult, or involve accountability and statistical analysis, that will be of assistance to the [P]arties, as well as the undersigned presiding judge." Order 1, ECF No. 1038 (Dec. 4, 2018).  The Court further specified, "As Special Master, Dr. Del Carmen will now report directly to the Court, in other words, he will not be acting as a member of the Monitor's team . . . the Special Master is by no means another monitor, nor a receiver." *Id.* at 1-2.

To effectuate the Special Master's participation in the case and to specify his duties and responsibilities, the Parties negotiated a stipulation setting forth the terms and conditions of the Special Master's appointment.  Joint Stip. Effectuating the Participation of the Special Master, ECF No. 1148 (Mar. 15, 2019).  The Court approved the Joint Stipulation on March 18, 2019. Order, ECF No. 1152 (Mar. 18, 2019).  Unlike Paragraph 228 of the Agreement pertaining to the Monitor, the Joint Stipulation does not require that the Special Master or any member of his team be proficient in the Spanish language.  The Joint Stipulation further provides, "The Special

Master shall have only the duties, responsibilities, and authorities conferred by the Court and this

Stipulation, subject to the Court's approval." Joint Stip. at ¶ 5.  The Court determines the scope

of work of the Special Master, and the Parties may jointly request the Special Master's assistance

in specific matters.  *See id.* at ¶ 6.  The Joint Stipulation identifies five specific areas of the

Agreement where the Special Master agreed to provide assistance at the Parties' request.

*Id.* at ¶ 7.

On May 22, 2020, the Court assigned additional work to the Special Master related to the

data sampling methodology to be used as part of compliance monitoring.  Order, ECF No. 1577

(May 22, 2020).  Specifically, the Court directed the Special Master to "coordinate efforts with

the goal to reach agreement among the parties and the monitor on the proposed data sampling in

all areas of the police reform."  *Id.*  Dr. Del Carmen subsequently convened a series of video

conferences with the Parties, the Monitor's Office, and the Assistant Special Master.  Because

some of the participants were not bilingual, Dr. Del Carmen initially volunteered to interpret for

large portions of the proceedings to facilitate the discussions – a task beyond those assigned to

him by the Court.

During the course of the video conferences, the Special Master requested that the

Commonwealth provide interpreter services to assist the Department of Public Safety (DPS) and

Puerto Rico Police Bureau (PRPB) participants who were limited English proficient.  In

response, the Commonwealth indicated that it was working to procure a suitable interpreter.

Despite the Commonwealth's multiple assurances, no interpreter was ever provided.  On

October 29, 2020, the Special Master notified counsel for the Commonwealth as follows:

> As noted in my previous email correspondence with you all, the Court has
> requested, on multiple occasions, that the PRPB retain and make available, a
> translator for all methodology-related calls.  The use of a translator can ensure
> that the methodology discussions are done in an effective and efficient manner

3

> while cutting back on the time and expenses typically incurred by the additional
> time it takes to translate all of our discussions.  As such, the Court does expect
> that at our next methodology discussion, a translator will be in place.  If you have
> any questions, please do not hesitate to reach out to me.

Email from Del Carmen to Bandas and Valencia of 10/29/20, attached hereto as Ex. A.  Counsel

for the Commonwealth responded, in relevant part, "We need an interpreter ASAP."  Email from

Bandas to Del Carmen of 10/29/20, attached hereto as Ex. A.

On November 13, 2020, the Court issued an Order stating, "The Court was informed by

the Special Master that PRPB yesterday did not have available a translator for the continued

methodology discussions.  PRPB as of today shall have a translator available in all further

discussions as well as other formal matters in which the parties, Monitor and Special Master

participate.  No exceptions."  Order, ECF No. 1612 (Nov. 13, 2020).  After the Commonwealth

notified the Special Master and the Parties that it had not retained an interpreter for the

conference scheduled on November 13, 2020, the Special Master canceled the conference, citing

the Court's Order issued earlier in the day.

On November 18, 2020, the Court issued a Transition Order in which it reaffirmed its

November 13, 2020, Order on interpreter services.  Transition Order, ECF No. 1614 (Nov. 18,

2020).  Specifically, the Court ordered:

> By December 15, 2020, DSP or PRPB shall retain the services of a qualified
> interpreter to assist DPS and PRPB personnel in any matter relevant to the
> Agreement, methodologies agreed by the parties, documents, contracts or other
> initiatives that would advance the interests of the Agreement and reduce
> administrative costs. This requirement is consistent with, and in furtherance of,
> the Order dated November 13, 2020. Doc. No. 1612.[1]

---

[1]  Although the Transition Order does not expressly reference the Special Master, the
United States interprets the Transition Order "consistent with, and in furtherance of, the Order
dated November 13, 2020," which does reference the Special Master.  The United States does
not interpret the Court's Orders, ECF 1612 & 1614, as implicit modifications to Paragraph 228
of the Agreement.  Accordingly, the Commonwealth only needs to provide interpreter services in
meetings convened by the Special Master.

*Id.* at ¶ II.G.

The Commonwealth did not retain a qualified interpreter by December 15, 2020, as required by the Transition Order of November 18, 2020. Two days later, on December 17, 2020, the Commonwealth filed its Motion for Reconsideration seeking to vacate the Court's Orders of November 13 and 18, 2020. Defs.' Mot. for Reconsideration of Court's Orders, ECF No. 1653 (Dec. 17, 2020).

**II.    Discussion**

The Court has authority to order the Commonwealth to provide interpreter services for meetings, conferences, or proceedings that are convened by the Special Master or his assistants to enable participants who are limited English proficient to reasonably understand the proceedings. The Court expressly retained jurisdiction to enforce the Agreement. Judgment, ECF No. 61 (July 17, 2013); Agreement ¶ 294 ("To ensure that the provisions of this Agreement are properly and timely implemented, the Court shall retain jurisdiction to enforce this Agreement until such time as the Commonwealth of Puerto Rico and PRPD have achieved full and effective compliance with this Agreement and maintained such compliance for no less than two consecutive years. At all times, PRPD shall bear the burden of demonstrating full and effective compliance with this Agreement.") The Commonwealth's Motion for Reconsideration offers no justifiable basis for vacating the Court's Orders on interpreter services and should be denied.

**A.  Paragraph 228 on Spanish Language Proficiency Does Not Apply to the Special Master**

The Commonwealth's argument that the interpreter orders are inconsistent with Paragraph 228 of the Agreement, *id.* at ¶ 6, is misplaced because Paragraph 228 does not apply to the Special Master. As the Commonwealth recognizes in its Motion for Reconsideration,

"Paragraph 228 of the Agreement, as written, clearly requires *the TCA [or Monitor]* to have a sufficient degree of proficiency in the Spanish language in connection with the preparation, review, editing, and/or discussion of documents relevant to the reform process of the PRPB." *Id.* at ¶ 3 (emphasis added).  Neither the Special Master nor members of his team are referenced in Paragraph 228 and, as set forth in the December 4, 2018, Order of Appointment, the Court intended the Special Master to act independently of the Monitor.  *See* Order 2, ECF No. 1038 (Dec. 4, 2018) ("The role of the Special Master, rather than to identify and report such issues, is to find the cause and to recommend to the Court a solution and remedy and can work with the parties -- independent of the Monitorship.")  The Joint Stipulation governing the Special Master's duties and responsibilities does not include Spanish-language requirements similar to those in Paragraph 228.  *See* Joint Stip. Effectuating the Participation of the Special Master, ECF No. 1148 (Mar. 15, 2019).

Here, the Special Master convened the conferences that gave rise to the interpreter orders after the Court instructed the Special Master to "coordinate efforts with the goal to reach agreement among the parties and the monitor on the proposed data sampling in all areas of the police reform."  Order, ECF No. 1517 (May 22, 2020).  That the Special Master initially saw fit to interpret voluntarily for the benefit of the participants who were limited English proficient did not foreclose his subsequent requests that the proceedings continue in English and that the Commonwealth provide a qualified interpreter.  The Special Master made the requests after it became apparent that the discussions would continue to move at an extremely slow pace and would involve detailed technical and operational issues at PRPB.  Rather than object to the requests, the Commonwealth assured the Special Master, Monitor, and the United States that DPS was considering and taking steps to retain an interpreter.  The Commonwealth gave these assurances for weeks prior to the Court's November 13, 2020, Order requiring the

Commonwealth to provide interpreter services. *See e.g.,* Email from Bandas to Romero and Saucedo of 9/1/20, attached hereto as Ex. B; Email from Bandas to Del Carmen of 11/13/20, attached hereto as Ex. C.

The Commonwealth offers Paragraph 228 as the only support for its contention that the interpreter orders are inconsistent with the Agreement. It does so without any explanation as to how that provision of the Agreement binds the Special Master or restricts the Court's authority to manage the discussions with the Special Master in a way that makes them more efficient and accessible to Commonwealth participants who are limited English proficient. The Commonwealth simply assumes that Paragraph 228 places an obligation on the Special Master and his team to communicate with PRPB personnel in the Spanish language and to convene conferences in a language other than English. The Commonwealth's assumption is incorrect and provides no basis for vacating the Court's Orders.

### B. The Alleged Burden of Providing Interpreter Services is Insufficient to Vacate the Court's Orders

The Commonwealth's argument that the interpreter orders are unduly burdensome because of logistical, financial, and security considerations, Mot. for Reconsideration at ¶¶ 6-8, is likewise insufficient to vacate the Court's Orders. First, in its Motion for Reconsideration, the Commonwealth recognizes that "PRPB and the Commonwealth of Puerto Rico should be able to have a good understanding of the various reform processes and initiatives to be implemented pursuant to the Agreement." *Id.* at ¶ 3. The Commonwealth further recognizes the benefit and value that inures from appropriate interpretation for Commonwealth personnel: "The Defendants have carefully analyzed the Courts' Orders and agree there is a rational basis for requiring accuracy and completeness in connection with the interpretation and translation of English to Spanish and vice versa in methodology group discussions as well as other proceedings

for the benefit of PRPB staff who might not be fully proficient in English, either written or orally." *Id.* at ¶ 5.

Requiring the Commonwealth to bear the cost of interpreter services in proceedings that involve the Special Master and that fill an actual need benefitting the Commonwealth is not unduly burdensome.  The requirement is also consistent with the Agreement and the Stipulated Order Effectuating the Participation of the Special Master, which provide that the Commonwealth shall bear the reasonable costs of the Monitor and Special Master, respectively. Agreement ¶ 273; Joint Stip. Effectuating the Participation of the Special Master ¶ 26. Paragraph 289 of the Agreement also provides, "The Commonwealth of Puerto Rico is responsible for providing or obtaining necessary support and resources to enable [PRPB] and [the Police Academy] to fulfill their obligations under this Agreement."  Agreement ¶ 289.

Second, for weeks, the Commonwealth assured the Special Master, Monitor, and the United States that DPS was considering and taking steps to retain an interpreter for the conferences on the data sampling methodology.  While counsel for the Commonwealth explained that the process required time, effort, and resources, the Commonwealth did not object to the Special Master's multiple requests for an interpreter as unduly burdensome.  Instead, the Commonwealth waited until two days after it missed the December 15, 2020, deadline to file its Motion for Reconsideration

Finally, the Parties were cognizant of the cost of interpreter and translation services and incorporated certain requirements into the Agreement to alleviate the strain on the Commonwealth's resources.  For instance, as the Commonwealth noted in its Motion for Reconsideration, the Agreement requires the Monitor to have sufficient Spanish-language proficiency "to engage critically in Spanish, both orally and with Spanish-language documents without requiring translation of the conversation or the document."  Agreement ¶ 228.  Given the

ongoing communication and interaction between the Commonwealth and members of the monitoring team on discrete monitoring tasks, this provision generates a significant savings for the Commonwealth, while placing equally significant demands on the Monitor and the United States.  Paragraph 229 of the Agreement also permits the Commonwealth to submit draft policies, procedures, and other documents to the Monitor and the United States for review in the Spanish language.  Agreement ¶ 229.  This provisions also generates substantial savings for the Commonwealth.  Against this backdrop, it is reasonable for the Court to hold the Commonwealth responsible for providing needed interpretation services in those limited circumstances that involve the Special Master and his team for the benefit of Commonwealth personnel.

## III.   <u>Conclusion</u>

For the foregoing reasons, this Court should deny the Commonwealth's Motion for Reconsideration of the Court's Orders requiring the Commonwealth to provide interpretation services in discussions involving the Special Master.

WHEREFORE, the United States respectfully requests that the Court deny the Commonwealth's Motion for Reconsideration of Court Orders at Docket 1612 and 1614.

I HEREBY CERTIFY that on this date I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Monitor, and the Special Master on the service list to be served by electronic means.

Respectfully submitted, this 29th day of December, 2020,

> **STEVEN H. ROSENBAUM**
> Chief, Special Litigation Section
> Civil Rights Division
>
> *s/ Luis E. Saucedo*
> **TIMOTHY D. MYGATT**
> Deputy Chief
> **LUIS E. SAUCEDO** (G01613)
> **JORGE CASTILLO** (G02912)

Trial Attorneys
U.S. Department of Justice
Special Litigation Section
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel:  (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for the United States