**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>VS.<br><br>COMMONWEALTH OF PUERTO RICO ET AL.<br>Defendant | **CASE #: 3:12-CV-2039 (GAG)** |

### Benchmark Order re: Commonwealth's Goal of Sustainability

The Court applauds the Commonwealth's genuine desire and willingness expressed at the September 9, 2021 public hearing to fully and effectively comply with the terms of the Police Reform Agreement. As of today, and particularly since January of this year, the Commonwealth has demonstrated a commendable approach. Notwithstanding, as articulated by the Monitor and the U.S. Department of Justice at the hearing, an extensive amount of work remains to be completed in the various areas of the Agreement.

As the largest police reform consent decree in United States history, the Agreement in this case is extraordinarily detailed. The goal of reaching the status of sustained full and effective compliance within the time frame intended by the Commonwealth — characterized by the Court as "warp drive mode" — will require more than extraordinary commitment; it will require a novel and intrepid approach on its part, involving not only collaboration with USDOJ, Monitor and Special Master, but more importantly, around the clock dedication and flawless performance.

To such end, the Court directs the Special Master to coordinate the efforts and collaboration of the parties and Monitor to define a _jointly proposed_ detailed work plan and timetable for full and effective compliance by the Commonwealth within a reasonable and realistic period. Foremost, the Commonwealth is best suited to initially predict and bind itself to multiple deadlines for which it can realistically expect to meet its goal in each of the eleven areas of the Agreement. _See, e.g._, Joint Motion of September 17, 2021 at Docket No. 1670 in Civ. No. 94-2080 (submitting joint benchmarks in juvenile institutions consent decree case between United States and Commonwealth).

The present order in no manner should be interpreted as an indication by the Court to the effect that sustained compliance is indeed around the corner, or when it will be exactly achieved. Further, as the Court has stated over and over, the Commonwealth cannot expect to meet its goal without first having in place the latest and best information technology system available, and the same being constantly updated.

  Moreover, the Court emphasizes that the Special Master's herein-mentioned task does not in any manner impact current monitoring nor the importance that the Commonwealth in the meantime continue to act affirmatively with regards to the Agreement, hence complying with the same. The Special Master's assistance and support is an essential and most valuable tool for significant progress towards eventual compliance and sustainability. It is, however, not a substitute.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September of 2021.

                 <u>S/ GUSTAVO A. GELPI</u>
                 Gustavo A. Gelpi
                 U.S. District Judge