IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **COMMONWEALTH OF PUERTO RICO, et al.,** <br><br> Defendants. | CIVIL NO.: 12-cv-02039 |

**JOINT INFORMATIVE MOTION IN COMPLIANCE WITH
MINUTE ORDER AT DOCKET 1846**

**MAY IT PLEASE THE COURT:**

**COME NOW** the parties, Plaintiff United States of America, and Codefendants Commonwealth of Puerto Rico and the Puerto Rico Police Bureau ("PRPB"), through the undersigned attorneys, and very respectfully state and pray:

1. On September 9, 2021, this Honorable Court issued Order at Docket 1846 stating the following:

> The parties shall file by October 1st 2021 a Joint Informative Motion regarding the matter of the Terry Stops.

2. The Order was reflected in the Minutes of the September 9, 2021, public and status hearings. Docket 1846. The parties and the Honorable Court had a constructive and valuable discussion during the hearing about "Terry stops" (or "investigatory stops" as referenced herein) and PRPB's compliance with paragraphs 58 to 64 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (the "Agreement"). Docket 60.

3.  Paragraphs 58 to 64 of the Agreement provide as follows:

"58.  PRPD shall ensure that all investigatory stops, searches, and arrests are conducted in accordance with the rights, privileges, or immunities secured or protected by the Constitution and laws of the United States and the Commonwealth of Puerto Rico. PRPD shall ensure that investigatory stops, searches, and arrests are conducted as part of effective crime prevention strategies that are consistent with community priorities for enforcement.

59.  PRPD shall develop policies and procedures that comply with applicable law and comport with generally accepted policing practices on stops, searches, and arrests; provide training; ensure consistent supervision; and hold officers accountable for complying with applicable law and policy. PRPD policies shall define all terms clearly and provide guidance on the facts and circumstances that should be considered in initiating, conducting, terminating, and expanding an investigatory stop, detention, or search.

60.  PRPD shall develop an Investigatory Stops and Searches Reporting Policy and a system to collect data on all investigatory stops and searches, whether or not they result in an arrest or issuance of a citation. PRPD's stop data collection system shall be subject to the review and approval of the TCA, and shall require officers to document the following: (a) the date, time, location, and duration of the stop and/or search; (b) the reason for the stop and/or search; (c) the subject's apparent race, color, ethnicity or national origin, gender, and age; (d) whether any contraband or evidence was seized, and the nature of the contraband or evidence; and (e) the disposition of the stop, including whether a citation was issued or an arrest made. PRPD shall require that officers submit written reports regarding investigatory stops and searches to their supervisor by end of shift for review. A copy of these reports shall be forwarded to SPR and the Reform Unit for tracking and analysis.

61.  PRPD's Investigatory Stops and Searches Reporting Policy shall explicitly prohibit the use of boilerplate or conclusory language in all reports. PRPD policies shall also expressly prohibit officers from knowingly using or relying on information known to be materially false or incorrect in effectuating an investigatory stop or detention.

62.  A supervisor shall review each report on Investigatory Stops and Searches to determine whether the stop or search was within PRPD policy and this Agreement. For any investigatory stop or search deemed to be outside of PRPD policy or this Agreement, the supervisor shall determine if the stop or search: (a) should result in an internal investigation by SPR; (b) indicates a need for additional training, counseling, or any other non-punitive corrective measure for the involved officer; and (c) suggests the need for revising or reformulating agency policy, strategy, tactics, or training. The supervisor shall document on an auditable form those investigatory stops and searches that are unsupported by reasonable suspicion; are in violation of PRPD policy or this Agreement; or that indicate a need for corrective action or review of agency policy, strategy, tactics, or training. The quality of these supervisory reviews shall be taken into account in the supervisor's performance evaluations.

63.  A command-level officer or official shall review, in writing, all supervisory auditable forms related to investigatory stops and detentions. The commander's review

shall be completed within three business days of receiving the document reporting the event. The commander shall evaluate the corrective action and recommendations in the supervisor's written report and ensure that all appropriate corrective action is taken, including referring the incident for administrative or criminal investigation.

64.     At least annually, PRPD shall analyze investigatory stop and search data to determine significant trends, identify and correct deficiencies revealed by this analysis, and document its findings in a public report."

4.      Following the September 9th hearings and the Order of the Court, PRPB had the opportunity to thoroughly review the requirements of the Agreement and its stance and perspective on investigatory stops.  In addition, counsel for both the United States and the Commonwealth had the opportunity to virtually meet to have a frank and forthcoming discussion on the matter.

5.      As a result of the process, PRPB respectfully informs the Court that it is working to meet the requirements of paragraphs 58 to 64 of the Agreement, including delineating and drafting the appropriate policies that will ensure full compliance.  PRPB reiterates its commitment to fully comply with those paragraphs.  In pursuance thereof, PRPB will develop the policies, training, and other requirements that will enable it to keep track of all stops or detentions by PRPB, meaning a restraint where the subject of the stop or detention is not free to leave, regardless of the final outcome of the stop or detention.  PRPB also commits to submit the information gathered from stops or detentions for supervisory review and other requirements as mandated by the Agreement.  The Parties recognize the compliance challenges posed by the current deficit of field supervisors at PRPB, which may impact the level of compliance with the supervisory reviews required by Paragraphs 62-64 of the Agreement.  The Commonwealth is working to overcome these challenges through recruitment and the allocation of additional resources, and intends to elaborate on the nature of the staffing problem by separate motion to the Honorable Court to be filed within the next twenty (20) days.

6. PRPB will submit the corresponding policy for review and consideration of the parties in the case pursuant to paragraph 229 of the Agreement.

**WHEREFORE,** the parties, Plaintiff United States of America, and Defendants Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, respectfully request this Honorable Court to take notice of the above and deem its September 9th Order at Docket 1846 as complied with.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 8th day of October, 2021.

For Defendant COMMONWEALTH OF PUERTO RICO:

**CANCIO, NADAL & RIVERA, L.L.C.**
P.O. Box 364966
San Juan, Puerto Rico 00936-4966
403 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel. (787) 767-9625


**S/ RAFAEL BARRETO-SOLÁ**
USDC PR: 211801
rbarreto@cnr.law


**S/ GABRIEL A. PEÑAGARÍCANO**
USDC PR: 212911
gpenagaricano@me.com


For Plaintiff UNITED STATES OF AMERICA:

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section

*s/Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO (G01613)**
**JORGE CASTILLO (G02912)**
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov