## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MINUTES OF PROCEEDINGS**                     Date: January 14, 2022

**BEFORE JUDGE FRANCISCO A. BESOSA**          **CIVIL NO. 12-2039 (FAB)**

COURTROOM DEPUTY: Omar Flaquer-Mendoza

COURT REPORTER: Amy Walker

COURT INTERPRETERS: Leilanie Solis and Carlos Lao

INTERPRETER FOR DEFENDANTS: Mayra Cardona
======================================================================
**UNITED STATES OF AMERICA**
    Plaintiff,

    v.

**COMMONWEALTH OF PUERTO RICO, et al**.
    Defendants.
======================================================================

In Person Status hearing held as ordered at ECF No. 1905. Hearing began at 9:30 a.m. and ended at 12:35 p.m.

- The United States was represented by Trial Attorney Luis E. Saucedo. The defendants were represented by Gabriel A. Peñagarícano, and Rafael Barreto-Solá. The following persons were present: On behalf of the Department of Public Safety (DPS): Secretary Alexis Torres-Ríos, Deputy Secretary Rafael Riviere-Vázquez, Special Assistant to the Secretary Colonel Arturo Garffer-Croly, and in house counsel Miguel Candelario-Piñeiro. The Governor's representative, María Del Mar Ortiz-Rivera, Esq. On behalf of the Puerto Rico Police Bureau (PRPB); Commissioner Antonio López-Figueroa, Associate Commissioner Juan Rodríguez-Dávila, Director of the Reform Office Captain Carlos Figueroa-Ortolaza,

in house counsel José Vázquez-Rivera, Esq., and the Director, Technology and Communication Bureau, Juan Carlos Rivera-Vázquez. Federal Monitor John Romero, Chief Deputy Monitor Denise Rodríguez, plus Monitor's representatives Scott Cragg, Luis Hidalgo, Alan C. Youngs, Hipólito Castro, Merangelie Serrano, Donald S. Gosselin, Rafael Ruiz, Javier González, Rita Watkins and Roberto Abesada-Agüet, Esq.; Special Master Dr. Alejandro Del Carmen and Assistant Special Master Thomas D. Petrowski.

- Defendants' Motion filed at ECF No. 1924 requesting to Unrestricted Invoices from the Special Master's Office was granted. Special Master Dr. Del Carmen had no objections. The Court ordered the Clerk to remove the restrictions of those invoices recently filed.

- The matter about a potential conflict, previously brought to the Court's attention, about Mr. Arturo Garfer-Croly was clarified.

- The United States brought to the Court's attention that under the agreement in this case, the Commonwealth and the PRPB is supposed to participate in the FBI's National Incident Based Reporting System (NIBRS). As to this matter, the FBI needs to certify that the PRPB has the controls in place to be able to report data the way it needs to be reported. If the Commonwealth was not certified by the end of 2021, they will not be able to make the first submission by March 2022. The United States understands that the Commonwealth will not be certified to make the first submission of the year 2022. The Commonwealth informed that there was a manual approved by the parties with the amendments previously approved, but it is pending to be validated by the FBI. Corrections shall be done by Tuesday, and then will be submitted again to the FBI, and that process will take approximately a month. The Court ordered Captain Figueroa, that once is submitted to the

FBI, copies shall be provided to the United States, the Federal Monitor, and the Special Master. Any comments from the FBI should be provided as well.

- On Monday, December 20, 2021, the Fifth Report of the Federal Monitor, covering the period from April 2021 through September 2021 was submitted and filed at ECF No. 1918. Federal Monitor John Romero addressed the Court and reported 5 major area concerns: Use of Force, Responding to Behavioral/Mental Health Crisis, Information Technology (IT), Supervision and Management, the Cadet Program, and Budget. The Court allowed Federal Monitor John Romero to present the area of concerns, issue by issue, then the Court allowed the Commonwealth, the United States, and the Special Master to respond.

1. **Use of Force**. This is a recurring problem previously identified in all the Monitor's reports, but the PRPB has not reached its objectives. Several areas of concern were presented by the Monitor. The Court, after hearing all parties and as suggested, ordered PRPB to develop a plan to address the discrepancies in tracking and reporting the use of force. The plan should outline both interim and long-term changes, and improvements to address the issue of use of force, implementation, training, new policies related to the reform and adjustment to technology and its application, in order that the data provided by different sources be reconciled. The Commonwealth shall develop this plan within thirty (30) days. The Court instructed the Commonwealth to send the proposed plan to the United States, the Federal Monitor, and to the Special Master. All should then meet among themselves to make any necessary change to the

proposed plan and prepare a proposed order, which shall be presented to the Court no later than **February 28, 2022**.

2. **Behavioral/Mental Health Crisis**. PRPB has only certified crisis intervention officers in the pilot program in the Arecibo Area Command. The pilot program concluded in November 2020, but expansions to other area commands has not taken place. PRPB reported they have assigned a Crisis Intervention Team (CIT) Coordinator to each of the 13 police regions, and identified prospective CIT officers, but no additional officer has been trained or certified. The Commonwealth indicated that it has a plan for full extension of the program to all regions, but the process is complicated, and it has taken much longer than expected to complete. The United States requested that the plan to be developed by the Commonwealth include timelines, that the pilot program in Arecibo be evaluated, and indicated that the Commonwealth lacks the capacity to evaluate this program by itself. The United States, the Commonwealth, the Federal Monitor and the Special Master will meet in order to establish a plan to identify who can conduct an independent evaluation of Behavior/Mental Crisis program. The Court ordered the Commonwealth to meet with the Federal Monitor, the Department of Justice, and the Special Master to provide names of persons with appropriate expertise that could be members of the evaluation program team. The names of the persons suggested to be in the evaluation team should be presented to the Court no later than **February 28, 2022**. Finally, once the evaluation team is ready, it shall be presented to the Court with a proposed order to appoint the team.

4

3. **Information Technology (IT)**. Status update provided by Deputy Monitor Scott Cragg. Mr. Cragg requested to be included in meetings that place between the Commonwealth, the Federal Monitor, the Department of Justice, and the Special Master regarding reporting and tracking of use of force so that he may contribute to development of PRPB's IT Action Plan. The Court approved his request. Mr. Cragg will provide his comments on PRPB's draft IT plan by January 31, 2022.   The Commonwealth will submit a proposed plan to the Court by February 28, 2022, regarding the resources and personnel that are needed to complete an IT plan for PRPB, after conferring with the Federal Monitor, the Department of Justice, and the Special Master. Side bar held related to IT as requested by the United States. After hearing the parties at sidebar the Court ordered that the firewall and the cooling systems issues be remedied no later **than January 17, 2022**.

4. **Supervision and Management**. PRPB reports a serious shortage of first line supervisors, Sergeants. Patrol supervision has felt the greater impact of the shortage. The lack of supervision has placed the PRPB in non-compliance with the Agreement. The Federal Monitor requested proposed timelines for PRPB to demonstrate continued progress towards compliance; PRPB shall develop a plan to address the staffing shortages and staffing allocation issues within 30 days. The plan should include an initial step of updating the V2A (Vision to Action) study of staffing allocation and should also include the necessary steps PRPB will take to move forward with promotions. The Commonwealth informed that all documentation about this important

5

matter, and how the regulations to implement it, will operate, will be submitted in accordance with paragraph 229 of the Agreement for the parties to review and comment. The Court ordered that the Commonwealth develop a proposed plan to be submitted to the Federal Monitor, the Department of Justice, and the Special Master no later than **February 10, 2022**. The plan shall include the 2018 strategies the Commonwealth was to implement and pursue, but have been abandoned. The plan should be submitted to the Court no later than **February 28, 2022**.

5. **Cadet Program**. The Federal Monitor provided the PRPB with several examples of cadet programs across the country for the Commonwealth to review and consider for the implementation of a new Commonwealth law allowing PRPB to hire cadets at age 18 in accordance with the consent decree. The programs provided for the Commonwealth's consideration limit the roles and responsibilities that cadets can perform to nontraditional police/patrol/enforcement functions such as administrative assistance, providing traffic directions, providing information to persons entering PRPB facilities, participation in community meetings, among other functions, while cadets obtain an associate's degree or its equivalent. The Federal Monitor indicated that it was important to bring young men and women into the force as cadets, but stressed to the Commonwealth the importance to define the roles and the duties of the cadets specifically before they can become sworn officers. The Agreement requires that policemen have a least an associate's degree. The Federal Monitor will work with PRPB to establish a cadet program to ensure that it meets the requirements of the

Agreement. The Federal Monitor requested that within 45 days, the PRPB develop a plan regarding the distinct and clear responsibilities and duties of a cadet at the PRPB. The Commonwealth indicated that the recent statute, Law 65, enacted on December 23, 2021, which permits 18 year old young men and women to join the PRPB does not violate the Agreement, but does provide the tools for PRPB to recruit new cadets. The Commonwealth requested to develop a productive plan within the law, and requested more than 45 days to do so. The Court, after also hearing the positions of the United States and the Special Master as to this issue, ordered that the Commonwealth develop a proposed plan to be submitted to the Federal Monitor, the Department of Justice, and the Special Master no later than **February 10, 2022**. The plan must include that the Commonwealth will contact or make arrangements or agreements with universities who may assist in the PRPB cadets, or anybody else in the system, to obtain their associates degrees. The Plan should be submitted to the Court no later than **February 28, 2022**.

6. **Budget**. The Federal Monitor informed that the Commonwealth should confirm the following: First, whether unspent funds for Fiscal Year 2021, and prior years can be carried over and be used in this Fiscal Year 2022, or future fiscal years, or both; second, the Commonwealth should describe the process it uses to determine whether an expense is related to reform; third, the Commonwealth should have appropriate procedures in place to ensure that expenses advance the reform process; and fourth, the Commonwealth should explain why a significant amount of funds have remained

7

unspent for previous fiscal years, given the significant resources that the PRPB needs, (e.g. for radios, IT, maintenance, etc.). The matter of the unspent funds, and the reports to be submitted by the PRPB was discussed. The Commonwealth informed that, other than the unspent funds, it heard the comments on Budget made by the Federal Monitor and the Special Master for the first time today. Nevertheless, it will be addressed in the matter. Additionally, the Commonwealth informed about the monthly reports filed on December 17, 2021. 2018 reports that were missing were recently located and will be submitted, including for the entire fiscal year 2018, and for fiscal year 2019. The Court ordered the parties to meet no later than **February 10, 2022**, to determine the amount of unspent funds for fiscal years 2019, 2020, and 2021, and to determine also if there are other funds available, such as the funds programmed for IT. Once provided, the Court will issue an order to the Commonwealth that those unspent funds during fiscal years 2019, 2020, and 2021 and any other funds be returned to the PRPB for use in the reform.

S/ Omar Flaquer-Mendoza
Omar Flaquer-Mendoza
Case Manager/Courtroom Deputy Clerk to
Hon. Francisco A. Besosa,
Senior, U.S. District Judge

8