IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

      **v.**

COMMONWEALTH OF PUERTO RICO, *et al.*,

    **Defendants.**

**Civil No.** 12-2039 (FAB)

**ORDER**

On November 15, 2021, the Court ordered the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau (collectively "defendants") to, among other things, produce by December 17, 2021, all documents in its possession which reflect in detail how the line-item appropriations in the annual budget for the Police Reform were spent for fiscal years 2018, 2019, and 2020. See Docket No. 1890.  The Special Master would then be required to consolidate his team's review with that of the Federal Monitor and the U.S. Department of Justice ("DOJ"), and inform the Court whether additional steps should be taken with respect to this matter.

On December 17, 2021, the defendants filed a motion in compliance with the foregoing order. See Docket No. 1912.  The defendants produced, among other things, the annual reports and summaries for fiscal years 2019, 2020 and 2021, and the monthly budget control reports from January 2020 to June 2021.  That same

Civil No. 12-2039 (FAB)                                              2

day, the Court took notice of defendants' motion and ordered DOJ,

the Federal Monitor, and the Special Master to review the produced

documents and inform the Court with the contents.   See Docket

No. 1915.

On January 14, 2022, the Court held a status conference and

prepared specific minutes.   See Docket No. 1945.   In its relevant

part, the minutes state:

> 6. **Budget**.   The Federal Monitor informed that the
> Commonwealth should confirm the following: First,
> whether unspent funds for Fiscal Year 2021, and prior
> years can be carried over and be used in this Fiscal
> Year 2022, or future fiscal years, or both; second, the
> Commonwealth should describe the process it uses to
> determine whether an expense is related to reform;
> third, the Commonwealth should have appropriate
> procedures in place to ensure that expenses advance the
> reform process; and fourth, the Commonwealth should
> explain why a significant amount of funds have remained
> unspent for previous fiscal years, given the significant
> resources that the PRPB needs, e.g. for radios, IT,
> maintenance, etc.). The matter of the unspent funds, and
> the reports to be submitted by the PRPB was discussed.
> The Commonwealth informed that, other than the unspent
> funds, it heard the comments on Budget made by the
> Federal Monitor and the Special Master for the first
> time today. Nevertheless, it will be addressed in the
> matter.   Additionally, the Commonwealth informed about
> the monthly reports filed on December 17, 2021.   2018
> reports that were missing were recently located and will
> be submitted, including for the entire fiscal year 2018,
> and for fiscal year 2019.   The Court ordered the parties
> to meet no later than **February 10, 2022**, to determine
> the amount of unspent funds for fiscal years 2019, 2020,
> and 2021, and to determine also if there are other funds
> available, such as the funds programmed for IT. Once
> provided, the Court will issue an order to the
> Commonwealth that those unspent funds during fiscal

years 2019, 2020, and 2021 and any other funds be returned to the PRPB for use in the reform.

On February 14, 2022, the Court held an in-chambers conference with the Special Master and Federal Monitor. They briefed and updated the Court regarding the budgetary issues secondary to the Court's orders at Docket Nos. 1890 and 1915, including the specific appropriations for the Police Reform as included in the defendants' budget for fiscal years 2022, 2021 and 2020, as certified by the Financial Oversight and Management Board ("FOMB"), and pursuant to Joint Resolutions 8-2021 and 36-2019, Puerto Rico law, and PROMESA. See Docket No. 1946.

The foregoing background and the record of this case reveal that the defendants have not used all funds appropriated for the Police Reform. As the Court has made clear, even if the Police Reform annual budget was fully used there would still be a concern whether that amount was adequate to fund the steps needed for the defendants to eventually become fully compliant with the Reform Agreement.

The explanations provided to the Court, simply regarding the $20,000,000 annual appropriation, reveal that the defendants appropriated but failed to use the following funds in the previous three fiscal years:

2019 - $2,865,030.97 in appropriated but unused funds.

2020 - $4,285,586.68 in appropriated but unused funds.

2021 - $5,382,398.67 in appropriated but unused funds.

In summary, upon reviewing the $20,000,000 line-item appropriation for this three-year period, the defendants failed to spend $12,533,016.30 which represents nearly 21% of the allocated $60,000,000.[1] As is with any consent decree case, the cornerstone of permanent and meaningful police reform is adequate funding. Accordingly, the Court orders as follows:

1.   **No later than March 15, 2022,** the defendants shall submit to the Court a certification (signed under penalty of perjury by an appropriate officer pursuant to 28 U.S.C. sec. 1746) with the total annual budget for the Police Reform for fiscal years 2018-2022 specifying all line-item appropriations and additional sources of funding for each fiscal year.

2.   **No later than March 15, 2022,** the defendants will show cause with the reasons why all unused funds for fiscal years 2018 through 2021 did not carryover for use in future fiscal years, as well as a certification under penalty of perjury pursuant to

---

[1] With respect to reform spending for the fiscal years 2014 – 2017, the Court assumes that there were similar portions of those allocated budgets that remained unspent, but the Court today will only address this issue beginning with Fiscal Year 2018. To that effect, as requested in the order dated November 15, 2021, defendants must still produce all the information relative to the Fiscal Year 2018 Police Reform Budget. In addition, the Court takes notice that the total appropriations for the Police Reform Budget were $29,400,000 for FY 2022 and $31,040,000 for FY 2021. Likewise, the Court also takes notice from the record that the Police Reform Budget may be further enhanced periodically by funds from police forfeitures.

28 U.S.C. sec. 1746 of the total amount of unused funds for each of those fiscal years.[2]

3.   **No later than March 15, 2022,** defendants must produce: (a) all requests submitted to the Office of Management and Budget and/or the FOMB for the carryover of unused Police Reform funds for fiscal years 2018-2022, as well as the responses sent by either or both governmental agencies; and (b) all requests submitted to the Office of Management and Budget and/or the FOMB for the use of Police Reform funds for fiscal years 2018-2022, as well as the responses sent by either or both governmental agencies.

4.   Effective immediately during the remaining part of Fiscal Year 2022, defendants will spend all funds allocated to the Police Reform.  To that effect, **no later than March 15, 2022,** the defendants shall submit to the Court a detailed plan on the projected use of all the available funds within the Police Reform Budget.  Henceforth, if at the end of this - or any subsequent fiscal year - funds remain unspent, those funds will automatically carryover into the next fiscal year <u>and shall be added</u> to the

---

[2] In response to this order to show cause and concerning FY 2022, the Court requests the defendants to examine, in part, section 6 of Joint Resolution 8-2021 versus Article 8 of the *Government of Puerto Rico Accounting Act* as amended by the *Fiscal Plan Compliance Act*.

Civil No. 12-2039 (FAB)                                              6

budget of that subsequent year for their unrestricted use on reform matters

    5.    **No later than March 15, 2022,** defendants will produce to the DOJ, the Federal Monitor, and the Special Master with a detailed budgetary plan for the next two fiscal years, that not only considers the Commonwealth of Puerto Rico's projected budget petition for the Police Reform, but the amount of available carryover funds, as well.  The Special Master, the Monitor, and DOJ shall review the proposed plan and budget, and advise the Court with their respective responses.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, February 28, 2022.

                s/ Francisco A. Besosa
                FRANCISCO A. BESOSA
                SENIOR UNITED STATES DISTRICT JUDGE