**From:** Saucedo, Luis E (CRT) <Luis.E.Saucedo@usdoj.gov>
**Sent:** Friday, February 25, 2022 2:17 AM
**To:** Denise Rodriguez <DRodriguez@fpmpr.org>; Carlos J Figueroa Ortolaza <CJFigueroa@policia.pr.gov>; Jose C Vazquez Rivera <JCVazquez3@policia.pr.gov>; GABRIEL PENAGARICANO <gpenagaricano@me.com>; rbarreto@cnr.law; Arthur Garffer <AGarffer@dsp.pr.gov>
**Cc:** John J. Romero <JRomero@fpmpr.org>; Roberto Abesada Agüet <ra@calopsc.com>; Castillo, Jorge (CRT) <Jorge.Castillo@usdoj.gov>; Chamblee-Ryan, Katherine (CRT) <Katherine.Chamblee-Ryan@usdoj.gov>; Alejandro del Carmen <delcarmen@specialmasterpuertorico.com>; Tom Petrowski <petrowski@specialmasterpuertorico.com>; Gary Loeffert <gloeffert@specialmasterpuertorico.com>; Chahal, Simrandeep (CRT) <simrandeep.chahal@usdoj.gov>

**Subject:** RE: Comments on documents submitted Feb. 10th

Good evening, all,

We write regarding the documents submitted by the Commonwealth on February 10, 2022 on use of force reporting and supervision ("February 10 Submission"), and the Monitor's response to these documents on February 22, 2022. We share the Monitor's observations and believe that substantial work is needed to produce consensus-based implementation plans that meet the requirements of the Agreement and the Court's Minute Order of January 14, 2022. We request that the Commonwealth advise how it plans to address the concerns that have been raised thus far regarding use of force reporting and supervision, and what steps it intends to take to meet the Court's directives.

We offer additional observations below to highlight the types of issues that should be resolved regarding use of force reporting and supervision.

<u>Use of Force Reporting</u>

From our assessment, many of the problems that the Monitor has uncovered recently regarding inaccurate force statistics stem from the information system and technology (IT) limitations that we discussed in San Juan on February 16, 2022. PRPB's transition from a paper-based reporting process to an electronic one has been constrained for a variety of reasons, including: the business process and workflow have not been re-engineered to make effective use of increased IT capacity; lack of training on IT systems; limited mobile reporting capability and dependence on precinct-based reporting; lack of communications equipment, and inconsistent maintenance and user support. Accurate force reporting is a requirement under the Agreement and should be incorporated into the IT needs assessment and action planning process to address these obstacles.

Another major impediment to accurate force reporting is the severe shortage of first-line supervisors, which is not addressed by the February 10 Submission on use of force. First-line supervisors are in the best position to determine the facts, resolve inconsistencies, and apply the rules for counting uses of force, yet they are only discussed as a long-term solution and only in the context of signing off on complaint cards. Instead, the February 10 Submission pushes out the immediate review of force reports to command center supervisors and to a Field Operations Superintendency coordinator who are removed from the facts and the officers preparing the field reports on use of force.

Other concerns include:

- The February 10 Submission does not indicate how the 39 data analysts that are contemplated in the third phase will be deployed or how they fit into the force reporting process.
- The first phase requires that an already-stretched IT Director handle daily reporting discrepancies from the field, rather than assigning this task to first-line supervisors.
- The February 10 Submission does not account for any training or policy needs, as required by the January 14 Minute Order.

Supervision

The February 10 Submission on supervision does not meet the Court's requirements for an implementation plan because it does not discuss the six initiatives that were part of the 2018 Paragraph 13 Staffing Plan ("2018 Staffing Plan"). The 2018 Staffing Plan was designed to meet PRPB's staffing needs and comply with the supervision requirements of the Agreement. The February 10 Submission also lists numerous activities that have been taken in the last several months, consisting mostly of meetings, without discussing the current barriers to adequate staffing and linking specific action steps to address them. Accordingly, we agree with the Monitor that PRPB should develop a comprehensive implementation plan that addresses obstacles to compliance.

Other concerns include:
- The February 10 Submission does not discuss current staffing ratios in the field to describe the scope of the staffing problem.
- The February 10 Submission does not specify whether the staffing model for the pilot project in San Juan is based on the 2018 Staffing Plan, updated estimates of minimum staffing needs, or something else.
- Without timelines for the promotion and deployment of new supervisors, it is unclear whether PRPB needs to institute interim measures to ensure adequate supervision in the short-term.

We are hopeful that we will be able to reach agreement in other areas of the January 14 Minute Order that are due on February 28, 2022, including the evaluation team for CIT, the implementation plan for Law 65, and an implementation plan for IT. However, we are concerned that the plans for force reporting and supervision are significantly under-developed and need additional work. We remain available to discuss a plan forward on these two topics and look forward to the Commonwealth's proposal on how to proceed.

Please let us know if you have any questions or concerns.
Best,
Luis


**Luis E. Saucedo | Senior Trial Attorney | U.S. Department *of* Justice**
213.894.6117 (o) | 202.598.0482 (c) | luis.e.saucedo@usdoj.gov