# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

                    Plaintiff;

    v.

COMMONWEALTH OF PUERTO RICO,
ET AL.,

                   Defendants.

No. 12-cv-2039 (FAB)

## RESPONSE TO THE COMMONWEALTH'S MOTION IN COMPLIANCE WITH ORDER RE:  IMPLEMENTATION PLAN ON SUPERVISION AND MANAGEMENT

The United States files this Response to the Commonwealth's Motion in Compliance with Order regarding its implementation plan for Supervision and Management (Doc. 1971). The Commonwealth is not in compliance with the Consent Decree's requirements on supervision and management.  The Court, therefore, directed the Commonwealth to create an implementation plan to explain how it intends to achieve compliance with these Consent Decree requirements (Doc. 60).  The draft implementation plan submitted by the Commonwealth, however, is not adequate.  It lacks critical details and timetables.

The United States and the Commonwealth agree that the implementation plan should be addressed at the status conference on March 24, 2022.  The United States further requests that this Court order the Commonwealth to timely submit a revised implementation plan that addresses the deficiencies in the current draft, as well as any other relief this Court deems necessary.

## I.    Background

The Consent Decree requires that the Commonwealth "ensure that an adequate number of qualified first-line supervisors are deployed in the field to allow supervisors to provide close and

effective supervision to each officer under the supervisor's direct command, to provide officers with the direction and guidance necessary to improve and develop as police officers, and to identify, correct, and prevent misconduct." (Consent Decree ¶ 135, Doc. 60).  The Consent Decree also requires that the Commonwealth deploy officers in accordance with a staffing allocation and resource plan (¶ 13), assign first-line supervisors to supervise no more than eight officers in the field (¶ 137), and ensure that staffing allocation and personnel deployment support community policing and problem-solving goals (¶ 206).  In his latest compliance assessment, the Monitor reported that the Commonwealth had not implemented these requirements (Court Monitor's Fifth Rep. at 9-10, 132-136, 205-208, Doc. 1918-1).  The Monitor also reported that the Commonwealth had not implemented a 2018 Staffing and Resource Allocation Plan.  *Id.* at 10.

At a status conference on January 14, 2022, the Court addressed the Monitor's findings on supervision.  (Mins. of Proceedings at 5, Doc. 1945).  The Commonwealth confirmed that there was a "serious shortage of first line supervisors" at the Puerto Rico Police Bureau (PRPB) and that "[p]atrol supervision has felt the greater impact of the shortage."  *Id.* This Court ordered the Commonwealth to draft an implementation plan to explain how it intends to remedy PRPB's shortage of supervisors, which has placed it out of compliance with the Consent Decree by February 28, 2022.  *Id.* Specifically, this Court ordered the Commonwealth to "develop a plan to address the staffing shortages and staffing allocation issues" and to "include the necessary steps PRPB will take to move forward with promotions."  *Id.*  The Commonwealth was also required to "include the 2018 strategies the Commonwealth was to implement and pursue, but have been abandoned."  *Id.* at 6.

The Commonwealth subsequently requested that it be allowed additional time to submit its Supervision and Management Plan (Doc. 1957); this Court extended the deadline to March 15, 2022 (Doc. 1964).[1]  Prior to that deadline, the United States communicated its concerns and expectations to the Commonwealth about the plan.[2]  However, the draft implementation plan the United States received before the deadline did not resolve those concerns.

**II. The Commonwealth's Draft Implementation Plan for Supervision and Management**

The Commonwealth's draft implementation plan does not meet the Court's requirements for an implementation plan.  First, the Commonwealth's implementation plan lacks timetables for achieving concrete steps toward compliance.  With one exception—a target date for promoting additional sergeants—the Commonwealth provides no deadlines at all.  From the United States' perspective, an implementation plan cannot be effective if the parties, the Monitor, and the Court have no timeline to track the Commonwealth's progress toward compliance.

Second, the United States understands that the Commonwealth wishes to update the information used in a staffing allocation study performed in 2017 and 2018 by a contractor,

---

[1]  The Court also extended the deadline to file an agreed-upon implementation plan on use of force data and reporting to March 15, 2022.  Despite the United States' efforts to provide timely comments on the Commonwealth's draft plans, the Commonwealth failed to submit a plan by the deadline or notify the Court about its inability to file on time until March 17, 2022 (*see* Doc. 1974).  The Commonwealth's continued delays are concerning, and the United States intends to bring this issue to the Court's attention at the March 24, 2022, status conference.

[2]  The United States detailed its concerns with the Commonwealth prior to this submission, including in written correspondence with the Commonwealth's counsel on February 25, March 7, and March 14, and in meetings initiated by the United States on March 7, March 11, and March 14 (*see, e.g.*, Doc. 1971-1; Doc. 1971-4). Although the Commonwealth submitted an outline addressing a few related issues on February 10, the United States did not receive a full initial draft of the Commonwealth's plan until Saturday, March 12, 2022.

V2A, about the staffing needs in each precinct.  The United States agrees that this information will be helpful to the implementation plan.  However, although the Commonwealth states that a plan for these updates is underway, the Commonwealth does not provide any details about how the V2A data will be updated or what model it will use to determine each precinct's staffing needs.  Nor does it provide a timeline for completing the updates.

Third, the Commonwealth states that it is contemplating promoting 1068 supervisors by March 2023, and anticipates that doing so will resolve the supervisor shortage.  However, the Commonwealth does not explain how it determined that this number of promotions would resolve the shortage.  Nor does not explain how it can achieve such a high volume of promotions in a single year.

Fourth, the Commonwealth does not explain how the draft implementation plan relates to the Staffing and Resource Allocation Plan that it created in 2018 to address compliance in this area, as required by the Court's Minute Order of January 14, 2022.  *See* Ex. 1.  The United States asked the Commonwealth to clarify which of the initiatives in the Staffing and Resource Allocation Plan it still plans to pursue, along with its rationale for any changes. The Commonwealth does not address this issue in the draft implementation plan.

The United States, therefore, agrees with the Commonwealth's suggestion that the draft implementation plan be discussed at the status conference on March 24, 2022.  The United States submits that the Commonwealth continue its work to create an implementation plan that sets forth not only aspirations, but clear deliverables, practical steps for overcoming any barriers to achieving them, and timelines for its progress.  The current implementation plan lacks these concrete details, and it is essential that the Commonwealth provide them.

4

WHEREFORE, the United States respectfully submits this Response and asks this Court to order the Commonwealth to submit an implementation plan that resolves each of the four deficiencies set forth above by a date this Court deems appropriate, along with any other relief this Court deems necessary to ensure that the Commonwealth satisfies these requirements.

Respectfully submitted this 22nd of March, 2022.

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE CASTILLO** (G02912)
Trial Attorneys
U.S. Department of Justice
 Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone:  (202) 598-0482
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for Plaintiff