IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 12-2039 (FAB) |

**ORDER**

On February 28, 2022, the Court ordered defendants to provide and certify, pursuant to 28 U.S.C. §1746, certain information related to the use of reform budget funds of the Puerto Rico Police Bureau ("PRPB") for fiscal years 2018 through 2022. See Docket No. 1955 at 4-6. The Court further ordered defendants to show cause with the reasons why, under Puerto Rico law, PRPB could not carry-over unused budget funds for future use. Id. at 4. The Court granted defendants until March 15, 2022, to comply.

Defendants timely complied with the Court's order. See Docket No. 1972. After reviewing defendants' motion, the Court voiced doubts, during the March 24th status conference, whether defendants had completely supplied the required, certified information. Although unclear, defendants seem to have recognized that PRPB had unused budget funds in certain years (see Docket No. 1972-1 at 1, i.e., FY 2017-2018 $1,928,252.15; FY 2019-2020

Civil No. 12-2039 (FAB)                                              2

$4,576,499.93; FY 2020-2021 $3,396,751.20).  Defendants, however, failed to submit certified English translations pursuant to Local Civil Rule 5(c)[1] of the exhibits submitted in support of their motion, or the required certifications pursuant to 28 U.S.C. §1746.  During the status conference, the Court allowed defendants to cure, within ninety (90) days, or by June 24, 2022, those deficiencies as well as to meet and confer with the Chief Federal Monitor and the Special Master to produce to the Court the additional information necessary to achieve full compliance with the order.

The Court additionally notes that defendants did not specifically address in their motion to comply (Docket No. 1972) the Court's order to show cause.  See Docket No. 1955 at 4.  This order specifically required defendants to explain the legal and factual reasons why the unused funds for fiscal years 2018 through 2021 did not carryover for use in future fiscal years.  Id.  In this vein, the foregoing ninety-day extension is neither a bypass to compliance with the show cause order, nor a second opportunity to comply with it.  P.R. Medical Emergency Group, Inc. v. Iglesia Episcopal Puertorriqueña, Inc., 321 F.R.D. 475, 481 n. 12 (D.P.R.

---

[1] "It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."  United States v. Rivera Rosario, 300 F.3d 1, 5 (1st Cir. 2002).

Civil No. 12-2039 (FAB)                                                3

2017) (Besosa, J.) ("The Court does not issue show cause orders to provide a second bite at the apple").

Defendants' motion at Docket No. 1972 is one page long and is devoid of any explanation, under Puerto Rico law, to the Court's show cause order.[2] The Court observes, however, that Exhibit 1 of defendants' motion (Docket No. 1972-1) is a Spanish memorandum that seems to briefly address the show cause order but the legal reasons under local law that might preclude PRPB from carrying-over unused budget funds for future use are absent from the memorandum.  The memorandum is vague and perfunctory at best and far from compliant with the Court's order to show cause.  To that effect, "a party who flouts a court order does so at its own peril."  Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002).  Indeed, a party "cannot expect a trial court to do his homework for him."  Torres Santiago v. Alcaraz Emmanuelli, 553 F. Supp. 2d 75, 80 (D.P.R. 2008) (Besosa, J.) citing McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991).  It is not enough for defendants "merely to mention a possible argument in the most skeletal way, leaving the court to

---

[2] The Court had required an explanation under Puerto Rico law, particularly section 6 of Joint Resolution 8-2021 versus Article 8 of the *Government of Puerto Rico Accounting Act*, as amended by the Fiscal Plan Compliance Act.  No such explanation was provided in defendants' motion at Docket No. 1972.

Civil No. 12-2039 (FAB)                                               4

do counsel's work." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

This Court has repeatedly and consistently held that a party *waives the right* to specific remedies in a motion if unaccompanied by developed argumentation. Aponte-Ramos v. United States, 391 F. Supp. 3d 183, 192-193 (D.P.R. 2019) (Besosa, J.); Quiñones-Irizarry v. Corp. F.S.E., 257 F. Supp. 3d 206, 212 (D.P.R. 2017) (Besosa, J.); United States v. Guzmán De Los Santos, 944 F. Supp. 2d 126, 128 (D.P.R. 2013) (Besosa, J.); Grajales v. P.R. Ports Authority, 922 F. Supp. 2d 240, 243 (D.P.R. 2013) (Besosa, J.); PPV Connection, Inc. v. Rodríguez, 607 F. Supp. 2d 301, 304 (D.P.R. 2009) (Besosa, J.).

Despite defendants' failure to comply with the show cause order adequately, the Court is mindful that "federal courts in devising a remedy must take into account the interests of state and local authorities in managing their own affairs." Milliken v. Bradley, 433 U.S. 267, 280–281, 97 S. Ct. 2749, 53 L.Ed.2d 745 (1977); Lab./Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth., 263 F.3d 1041, 1051 (9th Cir. 2001). Indeed, the Court will not "micro-manage the day-to-day affairs of the Commonwealth's police force - an obscene proposition from a federalist perspective." United States v. Puerto Rico, 922 F. Supp. 2d 185, 187 (D.P.R. 2013) (Gelpí, J.)  "It is well

Civil No. 12-2039 (FAB)                                                    5

established [, however,] that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree." Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007); Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 441, 124 S. Ct. 899, 157 L.Ed.2d 855 (2004) ("Federal courts are not reduced to approving consent decrees and hoping for compliance.  Once entered, a consent decree may be enforced.").

PRPB can only achieve compliance with the consent decree if the Commonwealth of Puerto Rico acknowledges that a "projected budget is imperative in this case.  **Otherwise, the Commonwealth stands *ab initio* to violate any agreement for lack of funds**." United States v. Puerto Rico, 922 F. Supp. 2d at 187 (emphasis supplied).  Certainly, PRPB cannot afford losing police reform money for lack of use during a fiscal year given the existing budget cuts and PRPB's future daunting economic challenges to achieve compliance with the consent decree, particularly in information technology.

The defendants have repeatedly recognized in the last two status conferences that the government's top priority is the safety and security of the people of Puerto Rico.  The Court, therefore, as part of its inherent authority to enforce the consent decree

Civil No. 12-2039 (FAB)                                                6

entered in this case, and given defendants' failure to comply with the show cause order adequately (Docket No. 1955 at 4), now ORDERS that all those unused reform funds from fiscal years 2018 to 2022 shall periodically revert to PRPB's reform budget within a period of thirty-six (36) months, but no later than June 30, 2025. **On or before June 24, 2022**, defendants SHALL file a motion with a certification under 28 U.S.C. §1746 with the correct and undisputed amount of funds that will periodically revert to PRPB's budget.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 27, 2022.

s/ Francisco A. Besosa<br>
FRANCISCO A. BESOSA<br>
SENIOR UNITED STATES DISTRICT JUDGE