

# MEMORANDUM

| | | |
|---|---|---|
| **To** | : | Hon. Francisco A. Besosa<br>Senior U.S. District Court Judge |
| **Date** | : | May 31, 2022 |
| **Cc** | : | John Romero, Federal Monitor<br>Denise Rodríguez, Deputy Federal Monitor<br>Luis Hidalgo, Associate Federal Monitor<br>Dr. Alejandro del Carmen, Special Master<br>Thomas Petrowski, Assistant Special Master<br>Gary Loeffert, Assistant Special Master |
| **From:** | | Roberto Abesada-Agüet, General Counsel<br>Luis E. Saucedo, Esq., U.S. Department of Justice<br>Jorge Castillo, Esq., U.S. Department of Justice<br>Katherine Chamblee-Ryan, Esq., U.S. Department of Justice<br>Gabriel Peñagarícano, Esq., Commonwealth of Puerto Rico<br>Rafael Barreto, Esq., Commonwealth of Puerto Rico |
| **Re** | : | *United States of America v. Commonwealth of Puerto Rico*,<br>Civil No. 12-2039 (FAB) |

This Memorandum is intended to comply with the Court's directive at the May 20, 2022, status conference instructing the Parties and Monitor to analyze Puerto Rico Act No. 65 of 2021 ("Act 65-2021"), to determine whether it violates the Consent Decree (Dkt. 60). At the time the Court issued the directive, the Commonwealth had submitted a draft regulation implementing Act 65-2021 titled, "*Regulation to Establish the Rules and Procedures for the Recruitment of Members of the Puerto Rico Police Bureau*" ("Proposed Regulation"), to the Parties, Monitor, and Special

Master for review. The Proposed Regulation governs, among other things, the qualifications that a person must meet to enter or re-enter the Puerto Rico Police Bureau ("PRPB"). The Proposed Regulation must implement the criteria outlined in the "*Puerto Rico Department of Public Safety Act*," Act No. 20 of April 10, 2017 ("Act 20-2017"), as amended by Act 65-2021. PRPB submitted a revised draft of the Proposed Regulation for review on May 21, 2022.

Based on their analyses, the Parties, Monitor, and Special Master agree that Act 65-2021 does not violate the Consent Decree on its face. Specifically, the provisions of Act 65-2021 granting PRPB personnel three years to obtain an associate's degree or its equivalent from the time they enter PRPB as cadets does not violate Paragraph 105 of the Consent Decree, which requires sworn personnel of PRPB to possess a two-year post-secondary degree or its equivalent.[1] The revised draft of the Proposed Regulation submitted by PRPB on May 21, 2022, implements Act 65-2021 in a way that is consistent with Paragraph 105 of the Consent Decree because it maintains the current requirement that cadets entering PRPB must possess an associate's degree or its equivalent. If PRPB seeks to modify the Proposed Regulation or enact a new regulation permitting PRPB to recruit, hire, and train PRPB personnel as cadets without an associate's degree or its equivalent, PRPB must ensure that the implementing regulation requires these personnel to possess an associate's degree or its equivalent when they begin exercising the duties of sworn officers. PRPB must also restrict the duties of PRPB personnel who do not possess an associate's degree or its equivalent to ensure that these personnel do not exercise the duties of sworn officers until they meet the educational requirements of Paragraph 105 of the Consent Decree.

---

[1] The Consent Decree does not have an age requirement for sworn personnel of PRPB. Accordingly, this Memorandum does not address the provisions of Act 65-2021 amending the minimum and maximum age requirements for sworn personnel. The United States also does not take a position on the provisions of Act 65-2021 lowering certain age requirements of Act 168 of 2019, known as the Puerto Rico Firearms Law, from 21 to 18.

# I. BACKGROUND

## A. Paragraph 105 of the Consent Decree

Paragraph 105 of the Consent Decree provides that the Commonwealth will continue requiring "a two-year post-secondary degree, or its equivalent, as part of the Commonwealth's requirements for sworn personnel." Consent Decree ¶ 105. The Parties have consistently interpreted Paragraph 105 to mean that PRPB personnel must possess an associate's degree or its equivalent at the time the personnel begin exercising law enforcement authority as sworn officers. The current PRPB regulation governing the educational requirements for sworn personnel, Regulation 9050, enacted on November 21, 2018, complies with Paragraph 105 because it requires cadets to possess an associate's degree when they enter PRPB before they begin pre-service training and become sworn officers. *See* PRPB Personnel Reg., Art. 12.A.12 (2018).

## B. Act No. 65-2021

On December 23, 2021, the Governor, Hon. Pedro R. Pierluisi Urrutia, signed into law Act 65-2021. This act amended Act 20-2017, which established the Department of Public Safety ("DPS"), and Act 168-2019, which outlined the statutory scheme for firearms licensing and regulation in Puerto Rico.

Section 1 of Act 65-2021 amended Article 1.02 (f) of Act 20-2017 to expand the definition of "Police Officer." A "Police Officer" was defined as follows:

> Means a public official of the Police Bureau who is duly trained to perform the duties of a law enforcement officer in accordance with the Regulations of the Police Bureau. It only includes the personnel performing duties directly related to criminal investigations, maintenance of public order, and the protection of the citizen's life and property in accordance with the Police Bureau Regulations.

The amendment of Act 65-2021 did not change the original text but only introduced another paragraph that reads:

> As of July 1, 2021, a police officer shall have a period of three (3) years from having been sworn in as a cadet to complete an Associate Degree or an equivalent degree from a university duly accredited at the state and federal level.

>Any officer who fails to comply with this requirement within the established period shall be separated from service.

Section 2 of Act 65-2021, in turn, amended Article 1.11 of Act 20-2017 to authorize PRPB to provide courses leading to the granting of an associate's degree, as well as entering into agreements with institutions of higher learning to that same effect. In this vein, Section 3 amended Article 2.07 of Act 20-2017 regarding the requirements for entry and re-entry of PRPB personnel. The amendment to Article 2.07 continues to delegate to the Secretary of DPS the complete authority to prescribe by regulations the entry and re-entry requirements of PRPB personnel. However, it adds new provisions permitting individuals who are eighteen (18) years of age or older to apply to enter PRPB as cadets.[2] The amendment also grants PRPB personnel who enter after July 1, 2021, a period of three years to obtain an associate's degree or its equivalent from the time they enter PRPB as cadets. Prior to Act 65-2021, PRPB had established through Regulation 9050 that a person must be twenty-one (21) years of age or older and possess an associate's degree to enter PRPB as a cadet.

The amendment also specifies that the applicant must be a U.S. citizen or a legal alien authorized to work pursuant to the applicable legislation. If the person meets these two requirements -- *the age and citizenship status* -- he or she may apply to the PPRB as a cadet. If the person applies and then is sworn-in as a cadet, the cadet must furnish proof of their academic progress in their second year after entry.

Section 4 of Act 65-2021 amended Article 2.02 of Act 168-2019. This amendment allows any member of PRPB who is eighteen (18) years or older to be eligible to apply for a firearms license only if documentation attesting that he or she is a member of PRPB is submitted.

Section 5 of Act 65-2021 amended Article 2.02 of Act 168-2019 to allow the entry and use of any shooting range to members of PRPB who are eighteen (18) years and only if he or she submits documentation attesting that they are members of PRPB.

---

[2] The amendment also extended the maximum age for entry to 46, and the maximum age for re-entry to 50.

Section 6 of Act 65-2021 amended Article 6.03 of Act 168-2019 to specify that no offense is committed if a dealer or a person holding a valid firearms license delivers a firearm to a person **(i)** who is eighteen (18) years of age; **(ii)** is a member of PRPB; and **(iii)** who holds and shows a government-issued photo identification.

Similarly, Section 7 of Act 65-2021 amended Article 6.23 of Act 168-2019 to provide that no offense is committed when a dealer rents a firearm or sells ammunition, in a shooting range, to a person **(i)** who is eighteen (18) years of age; **(ii)** is a member of PRPB; and **(iii)** who holds and shows a government-issued photo identification. [3]

Section 8 of Act 65-2021 empowered the Secretary of DPS to promulgate rules, regulations, norms and take administrative and necessary actions to implement the amendments. Finally, Section 9 of Act 65-2021 is a severability clause.

**C. Proposed Regulation**

The revised draft of the Proposed Regulation submitted by PRPB for review on May 21, 2022, seeks to repeal Regulation 9050, which amended Section 12.2 of the *PRPB Personnel Regulation* ("Regulation 4216") regarding the minimum entry requirements for cadets. Regulation 4216 governs the overall administrative and operational function of PRPB. The Proposed Regulation lowers the age of persons who are eligible to apply to PRPB as cadets from 21 to 18, in accordance with Section 3 of Act 65-2021, but maintains the current educational requirement of Regulation 9050 providing that all persons entering PRPB as cadets must possess an associate's degree or its equivalent. PRPB explained to the United States, Monitor, and Special Master that it is not prepared to implement the new education-related provisions of Act 65-2021 in Sections 1, 2, and 3 because it is still exploring potential arrangements with accredited post-secondary institutions to allow PRPB to confer credit hours toward an associate's degree or its equivalent.

---

[3] The amendments in Sections 4 through 7 of Act 65-2021 related to the Puerto Rico Firearms Law, Act 168-2019, will be subject of future discussion by the parties and the Monitor's Office.

## II.  DISCUSSION

Act 65-2021 and the Proposed Regulation do not violate Paragraph 105 of the Consent Decree because, taken together, they maintain current requirements providing that cadets who enter PRPB must possess an associate's degree before beginning pre-service training to become sworn officers. If the Commonwealth modifies the Proposed Regulation or enacts a new regulation to change the current educational requirement for cadets in accordance with Act 65-2021, the Commonwealth must ensure that PRPB personnel possess an associate's degree or its equivalent when they begin performing law enforcement duties as sworn officers to comply with Paragraph 105 of the Consent Decree.

### A.  Act 65-2021 Does Not Violate the Consent Decree

Act 65-2021 does not violate Paragraph 105 of the Consent Decree on its face.  Act 65-2021 provides PRPB personnel a three-year period to obtain an associate's degree or its equivalent from the time they enter PRPB as cadets and authorizes PRPB to assist them in meeting these educational requirements by entering into arrangements with accredited post-secondary institutions. *See* Act 65-2021 §§ 1-3. Thus, contrary to the current requirements of Regulation 6050, PRPB may recruit, hire, and train PRPB personnel without an associate's degree or its equivalent when they enter as cadets. However, Act 65-2021 does not require these personnel to begin exercising duties as sworn officers, as defined in Act 20-2017, as amended,[4] while they obtain an associate's degree or its equivalent with PRPB's assistance. It simply allots a defined period for PRPB personnel to meet the minimum educational requirements of Act 65-2021 and the Consent Decree once they are hired as cadets and while they complete pre-service training and other requirements to become sworn officers.

---

[4] Under Act 20-2017, a sworn officer is authorized to perform law enforcement duties and "only includes the personnel performing duties directly related to criminal investigations, maintenance of public order, and the protection of the citizen's life and property in accordance with the Police Bureau Regulations." Act 20-2017, Art. 1.02 (f).

Moreover, Act 65-2021 refers expressly to PRPB personnel entering PRPB as cadets, rather than sworn officers, when granting the three-year period to obtain an associate's degree or its equivalent. Act 65-2021 §§ 1, 3. Neither Act 65-2021 nor Act 20-2017 authorize cadets to exercise the duties of sworn officers because they lack the necessary training and are not assigned such duties. Although the definition of "police officer" or "officer" in the Consent Decree includes "cadets," the Consent Decree does not authorize cadets to perform the duties of sworn officers, as defined by Act 20-2017. *See* Consent Decree ¶ 11(nn). The Consent Decree includes "cadets" in the definition of "police officer" or "officer" to ensure that the limits on police authority that apply to sworn personnel also apply at least to the same extent to cadets. The definitions of the Consent Decree do not confer police powers on cadets that they are neither trained nor qualified to perform. In sum, granting PRPB personnel who enter PRPB as cadets a three-year period to obtain an associate's degree or its equivalent while they complete pre-service training and other requirements does not, on its face, violate Paragraph 105 of the Consent Decree.

**B. The Proposed Regulation Complies with the Consent Decree**

The Proposed Regulation submitted by PRPB on May 21, 2022, complies with Paragraph 105 of the Consent Decree because it maintains the current requirement that cadets must possess an associate's degree or its equivalent when they enter PRPB. Thus, when cadets complete all pre-service training and other applicable requirements to become sworn officers with law enforcement authority, they will already meet the educational requirements of Paragraph 105 of the Consent Decree. As discussed above, PRPB is seeking to maintain the status quo on the educational requirements of entering cadets because it is still exploring potential arrangements with accredited post-secondary institutions to confer credit hours toward obtaining an associate's degree or its equivalent. PRPB's rationale is reasonable. Until PRPB is in a position to assist cadets in obtaining an associate's degree or its equivalent by conferring credit hours through a partnership or other arrangement with an accredited post-secondary institution, it is committing to hiring cadets who already possess an associate's degree or its equivalent. PRPB also explains

7

that it is worthwhile to pursue the Proposed Regulation, even if it only implements partially the amendments of Act 65-2021 related to age, because it expects to yield a greater number of qualified candidates from other changes it is proposing to make that are not related to Act 65-2021, such as changes to the height, weight, and physical abilities of candidates.

PRPB has committed to submit any amended Proposed Regulation or new regulation that would allow cadets to enter PRPB without an associate's degree or its equivalent to the Parties, Monitor, and Special Master for review before it is finalized. If PRPB seeks such changes to fully implement Sections 1 through 3 of Act 65-2021, the Commonwealth must ensure that the implementing regulation requires that PRPB personnel have obtained an associate's degree or its equivalent when they begin performing the law enforcement duties of sworn officers, as defined in Act 20-2017, to comply with Paragraph 105 of the Consent Decree. In addition, the Parties, Monitor, and Special Master agree that the Commonwealth must specify the duties and tasks that cadets who do not possess an associate's degree or its equivalent are permitted to undertake to ensure that they do not perform law enforcement duties of sworn officers in violation of Paragraph 105 of the Consent Decree. The Monitor has provided PRPB with examples of duties and tasks that other law enforcement agencies have assigned to cadets who have not met the pre-service training, education, and other requirements to become sworn officers.

### III. **CONCLUSION**

The Parties, Monitor, and Special Master agree that Act 65-2021 does not violate Paragraph 105 of the Consent Decree on its face and that the Proposed Regulation is consistent with the Consent Decree. The Proposed Regulation seeks only to implement the age requirements in Section 3 of Act 65-2021 related to the minimum and maximum age of persons applying to enter or re-enter PRPB. PRPB has agreed to submit any modified version of the Proposed Regulation or new regulation that seeks to implement the educational requirements in Sections 1 through 3 of Act 65-2021 for review by the Parties, Monitor, and Special Master to ensure compliance with Paragraph 105 of the Consent Decree.