```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

UNITED STATES OF AMERICA,

    **Plaintiff**,

           **v.**                      **Civil No.** 12-2039 (FAB)

COMMONWEALTH OF PUERTO RICO, *et al.*,

    **Defendants.**

**ORDER**

    The parties' "JOINT MOTION IN COMPLIANCE WITH ORDER AT DOCKET NO. 2052 REGARDING THE SPECIAL MASTER'S PROPOSED BUDGET FOR FY23" (Docket No. 2057) is **NOTED**.

    The Special Master's proposed budget of $507,000 for FY2023 is **APPROVED**, subject to revisions that the Court may approve during the coming fiscal year.  The parties should always keep in mind that the Special Master serves as the Court's eyes and ears, reports directly to the Court, and is subject to work and assignments as directed by the Court.  As indicated by the Court during the virtual meeting held on June 13, 2022, everybody, the parties, the Monitor, the Special Master and any and all others who may be appointed or requested to assist, must work together to move the reform forward.  The Court meant what it said, and said what it meant.  Any surplus or unused funds in the Special Master's

Civil No. 12-2039 (FAB) 2

(or the Monitor's) budgets shall be rolled over to their budgets for the following fiscal year.

The Commonwealth's fiscal situation need not be of concern when establishing the Special Master's and the Monitor's budgets. The PROMESA ACT specifically provides that the FOMB cannot impede territorial actions to comply with a court-issued consent decree. 48 U.S.C. § 2144(d)(1).  The only way that the FOMB can impede this consent decree is by not allocating the funds sufficient to bring the police reform to a successful fruition.

Any intent, however couched, to defund either the Special Master's or the Monitor's budgets will not be viewed kindly by the Court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 14, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE