**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff;<br><br> v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>     Defendants. | No. 12-cv-2039 (FAB) |

**MOTION IN COMPLIANCE WITH ORDER AT DOCKET 2037 CONCENRING THE COMMONWEALTH'S USE OF SPECIAL REFORM FUNDING
IN FISCAL YEARS 2019-21**

COMES NOW, Plaintiff, the United States of America, in compliance with the Order of May 23, 2022, ECF No. 2037, and respectfully submits its comments on the Special Master's observations and recommendations concerning the Puerto Rico Police Bureau's (PRPB) use of Commonwealth funds appropriated for reforms under the Agreement for the Sustainable Reform of the Puerto Rico Police Bureau ("Agreement"), ECF No. 60, in Fiscal Years 2019-21.  As set forth below, the United States concurs with PRPB that eight of 117 expenditures questioned by the Special Master are not justified as reform-related expenses.  For the remaining 109 expenditures, the United States recommends that the Commonwealth audit these expenditures to validate PRPB's findings.  More generally, the United States offers four recommendations to improve the Commonwealth's control and oversight of special reform funding to promote greater transparency and ensure that PRPB's most critical needs are met and prioritized in furtherance of the Agreement.

**I.    BACKGROUND**

1. The Agreement is designed to ensure that PRPB delivers policing services in a constitutional manner and to "promote public safety by providing [PRPB] officers with the tools, guidance, and resources that they need to fight crime effectively." Agreement ¶ 1. The Agreement requires the Commonwealth to provide or obtain necessary support and resources to enable PRPB to meet its obligations under the Agreement. *Id.* at ¶ 289.

2. Since entry of the Agreement in 2013, the Puerto Rico Legislature has appropriated $20,000,000 in general funds to support PRPB's implementation of the Agreement each fiscal year. *See, e.g.,* Defs.' Progress Rep. on the Agreement at 4-5, ECF No. 159-1 (Aug. 8, 2014). The Commonwealth's certified budgets for Fiscal Years 2019, 2020, and 2021, described this special reform appropriation as follows: "For expenses related to the police reform and the re-engineering processes incidental to it, including purchase concepts, professional services, technology, consulting and any other expense deemed useful and pertinent to the police reform." Jt. Resolution of P.R. House of Rep. at 26, 18th Leg. Assembly (June 30, 2018); FY20 Certified Budget for the Commonwealth at 15 (June 30, 2019); FY21 Certified Budget for the Commonwealth at 17 (June 30, 2020), *available at* https://oversightboard.pr.gov/budgets-2/.

3. On November 15, 2021, the Court ordered the Commonwealth to produce "all Documents in its possession which reflect in detail how the $20,000,000 annual budget for the Police Reform Case was spent for the fiscal years 2018, 2019 and 2020." Order at 3, ECF No. 1890 (Nov. 15, 2021). On December 17, 2021, the Commonwealth filed budget control reports outlining PRPB's expenditures from annual reform appropriations in Fiscal Years 2019-22. Defs.' Mot. in Compliance with Order at Docket 1890, ECF No. 1912 (Dec. 17, 2021).

4. The Court subsequently observed that "funds appear to have been spent for purchases appropriate for PRPB but which may have no apparent connection to the Police Reform Case." Order at 2, ECF No. 2037 (May 23, 2022).  The Court directed the Special Master to review PRPB's expenditures and provide his opinion on the Court's observations. *Id.*  After a preliminary review[1], the Special Master identified 117 expenditures from appropriations in Fiscal Years 2019-21 that "appear to have no connection to the Police Reform Case." *Id.* at 2-3, 5.  The Special Master also "expressed grave concern about the overall poor management and accounting of the designated funds for the Reform Case" and recommended, among other things, that the Court "immediately establish a forensic accounting position to provide critically needed audit oversight to ensure Reform funds are used in an appropriate and transparent way." *Id.* at 5.  Following the Special Master's review, the Court directed the Parties and the Monitor to comment on the Special Master's observations and recommendations by July 22, 2022. *Id.* at 5.  The Court instructed the Parties and the Monitor to address specifically "how the expenditures identified [by the Special Master] are related to the Police Reform Case, and provide the Court with recommendations for future fiscal oversight." *Id.*

5. On July 13, 2022, the Commonwealth shared a draft spreadsheet addressing the 117 expenditures questioned by the Special Master.  The Commonwealth included justifications for each expenditure, including references to specific requirements of the Agreement, and found that most expenditures were justified as reform-related expenses.  Following additional exchanges of information and a meeting between the Parties, Monitor, and Special Master on July 19, 2022, the Commonwealth determined that 109 of the 117 questioned expenditures were justified and

---

[1] The Court described this as an "initial cursory review."  Order at 5, ECF No. 2037 (May 23, 2022)

3

eight expenditures were not justified as reform-related expenses. The Commonwealth also explained that PRPB's purchasing policy, General Order 208, governed PRPB's use of reform funding and reported that the Commonwealth had not conducted any audits of PRPB's reform expenditures in Fiscal Years 2019-21.

## II. DISCUSSION

### A. Expenditures Questioned by the Special Master

6. After considering PRPB's assessment, the appropriation language in the certified budgets, and the scope of the Agreement, the United States concurs with PRPB that eight of the 117 expenditures questioned by the Special Master are not related to police reform. These expenditures involved the purchase of uniforms, tactical boots, non-police training, construction materials, equipment for sharpshooters, and office furniture. While the expenditures appear related to PRPB's general operating needs, they should have been funded by another source.

7. Based on the information provided to date, the United States is unable to determine whether or the extent to which the remaining 109 expenditures are reasonably related to the implementation of the Agreement, or otherwise meet the appropriation language in the Commonwealth's certified budgets.[2] Some of these expenditures are for needs that are required directly by the Agreement. For example, PRPB used reform funding to: hire a medical consultant to conduct medical evaluations of new recruits (Paragraph 106 requires these medical evaluations); hire psychologists to provide support services to officers (Paragraphs 201, 203, and 204 require that PRPB provide support services, such as mental health counseling); and new

---

[2] The United States did not review the source materials maintained by PRPB and relied on the information compiled by the Commonwealth in its communications of July 13, 18, and 19, 2022.

audio recording devices (Paragraph 222 requires that PRPB provide such devices to supervisors to record witness statements for internal reviews and investigations).  Other expenditures may be reasonably related to the implementation of the Agreement, or otherwise meet the appropriation language in the Commonwealth's certified budgets, but as recommended below, the Commonwealth should include expenditures from Fiscal Years 2019-21 as part of its audits to ensure the expenditures were appropriately charged to the police reform budget.

### B. Recommendations for Fiscal Oversight

8.  The Commonwealth has made much-needed investments in PRPB through a variety of appropriations and other support since 2013 that have helped build PRPB's operational capacity to implement the Agreement.  At the same time, critical needs remain, such as ensuring that all officers have appropriate communication equipment and that police facilities provide for proper storage of weapons, records, and evidence.  The Commonwealth will also need to institutionalize reforms and take steps to sustain them even when special reform appropriations may no longer be available.  Against this backdrop and in light of information provided by PRPB on gaps in the current fiscal oversight process, the United States offers recommendations to improve the Commonwealth's fiscal oversight of special reform funding.  The following four recommendations are also intended to promote greater transparency and ensure that PRPB's most critical needs are met and prioritized to achieve compliance with the Agreement.

### a. Develop a written protocol or directive to supplement General Order 208

9.  The Puerto Rico Police Bureau reported that all purchases, including expenditures from special reform funding, are governed by General Order 208, which was last updated in October 2016.  However, General Order 208 does not include provisions or procedures specific to the use of special reform funding, even though PRPB has expectations for how the use of

these funds should be reviewed that go beyond the terms of General Order 208. For example, PRPB expects the Reform Office to certify that proposed expenses are related to reform. The Puerto Rico Police Bureau also reported that its budget staff would forward funding requests that they believed might be reform-related to the Reform Office for review, but that there is no written guidance on the types of requests that the Reform Office should review. To address these gaps, PRPB should develop a written protocol or directive to supplement General Order 208 and specify the steps that are needed to request, review, certify, and use special reform funding. The protocol or directive should specify the role of the Reform Office and provide guidance on the types of expenses that may be covered by special reform funding or that should be excluded.

      b. **Develop a spending plan to prioritize compliance needs**

10. The Puerto Rico Police Bureau has a broad array of operational and administrative needs that are related to reform in varying degrees. Given this variation, PRPB should develop a spending plan to help identify the most critical needs that will advance reforms and the most appropriate funding source to meet those needs. This spending plan can be developed and updated as part of PRPB's self-reports, which are required every six months under Paragraph 261 of the Agreement, to outline how PRPB anticipates using special reform funding. This recommendation is consistent with the Special Master's recommendation that the Commonwealth develop a prioritized spending plan before the start of each fiscal year to define reform needs and outline how reform funds will be spent. Order at 4, ECF No. 2037 (May 23, 2022).

### c. Establish a review process for monthly expenditure reports

11. The Court ordered the Commonwealth to submit monthly reports to the Court, Monitor, DOJ, and Special Master by the 15th day of each month detailing how special reform funding was spent in the prior month.  Order at 3, ECF No. 1890 (Nov. 15, 2022).  Currently, there is no process outlining how the Monitor, DOJ, or Special Master review and comment on PRPB's monthly expenditure reports to provide feedback and resolve concerns in a timely manner.[3]  To address this procedural gap, the Parties, Monitor, and Special Master should establish a process for reviewing and commenting on PRPB's monthly expenditure reports that includes time frames and steps for dispute resolution.

### d. Conduct periodic audits of PRPB's use of special reform funding

12. The Puerto Rico Police Bureau reported that the Commonwealth has not audited its use of special reform appropriations in Fiscal Years 2019-21.  The Puerto Rico Police Bureau also reported that a 2017 Commonwealth law establishing the Office of Inspector General eliminated PRPB's internal auditing functions.  According to PRPB, audits may be conducted by the Commonwealth's Office of Inspector General or Office of the Controller.  To promote the effective, efficient, and transparent use of public funds to achieve and sustain compliance with the Agreement, the Commonwealth should conduct period audits of PRPB's use of special reform funding.  Specifically, we recommend that an authorized Commonwealth agency or entity conduct audits using generally-accepted government auditing standards on at least a quarterly

---

[3]  There is also no current process for raising and resolving concerns regarding unspent funds that may revert to the Commonwealth's general fund at the end of the fiscal year – an issue of particular concern for the Court.  *See* Order, ECF No. 2008 (Apr. 27, 2022) (observing that "PRPB cannot afford losing police reform money for lack of use during a fiscal year" and ordering, among other things, that all unused reform funds from fiscal years 2018 to 2022 revert to PRPB's reform budget by June 30, 2025).  This recommendation would also address the Court's concern regarding unspent funds.

basis. The Commonwealth should file quarterly auditing statements with the Court. Furthermore, the United States recommends that the Commonwealth auditing agency or entity charged with conducting future periodic audits of special reform funding also conduct a review of the 117 expenditures identified by the Special Master from Fiscal Years 2019-21 to validate PRPB's findings. Based on the adequacy and findings of the audits, the Court and the Parties can assess whether a forensic accounting position is warranted.

### III. CONCLUSION

The United States recognizes the need to promote the sound administration of public funds and the efficient use of public resources in this case. Accordingly, the United States offers four recommendations to improve the future fiscal oversight of PRPB's use of special reform funding based on the Special Master's initial review and the Commonwealth's more in-depth review of Fiscal Year 2019-21 expenditures.

WHEREFORE, the United States respectfully submits its comments on the Special Master's observations and recommendations concerning the Commonwealth's use of special reform funding and offers recommendations on fiscal oversight, in compliance with the Court's Order of May 23, 2022.

Respectfully submitted this 22nd of July, 2022.

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE CASTILLO** (G02912)
**KATHERINE CHAMBLEE-RYAN** (G03515)
Trial Attorneys
U.S. Department of Justice

        Civil Rights Division
        Special Litigation Section
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone:  (202) 598-0482
        Fax:  (202) 514-4883
        luis.e.saucedo@usdoj.gov
        jorge.castillo@usdoj.gov
        katherine.chamblee-ryan@usdoj.gov

        Attorneys for Plaintiff