## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Defendants. | No. 12-cv-2039 (FAB) |

## UNITED STATES RESPONSE TO THE COMMONWEALTH'S INFORMATIVE MOTION (DOCKET 2087) SUBMITTING PRPB'S RESPONSE TO THE MONITOR'S SIXTH COMPLIANCE MONITORING REPORT

Plaintiff, the United States of America, in compliance with the Order of July 15, 2022, ECF No. 2091, submits this response to the Puerto Rico Police Bureau's (PRPB) response to the Monitor's Sixth Compliance Monitoring Report.  *See* Defs.' Mot. Submitting PRPB's Resp. to CMR6, ECF No. 2087 (July 15, 2022);[1] *see also* Sixth Rep. of the Federal Monitor ("CMR6"), ECF No. 2067-1 (June 5, 2022).

The Monitor's Sixth Compliance Monitoring Report is consistent with the consensus monitoring methodology and the evidence available to the Monitor when conducting his assessments, and its ratings should be affirmed.  In its response, PRPB appears to contest only two of the Monitor's compliance ratings – those for Paragraph 69 and 99 – but the response does not provide adequate evidence that either should be disturbed.  The remainder of PRPB's response does not challenge the Monitor's compliance ratings, and instead provides new

---

[1] PRPB's response is called "Response to CMR-6 Draft."  ECF No. 2087-1 ("PRPB Resp. to CMR6").  The United States assumes the term "Draft" is a typo, as the document is not identical to PRPB's May 31, 2022, submission of comments to the Monitor's draft report.  PRPB's response also contains a reference to an appendix that was not attached to its Motion called "Evaluation of the Draft Federal Monitor Report 'Court Monitor Report' CMR-6 Training Compliance Area."  PRPB Resp. to CMR6 at 13.  The United States is unable to respond to the unincluded appendix.

information that the Monitor has not had an opportunity to validate or consider in his assessment, including several events that occurred after the close of the monitoring period. This information is more appropriately contained in PRPB's status reports required by Paragraph 261 and should be considered in the Monitor's next compliance report, but it should not alter the Monitor's assessment in CMR6. The United States therefore respectfully submits that this Court should defer consideration of PRPB's new information and affirm the ratings in CMR6.

I.     **DISCUSSION**

    A.  **The Monitor's Findings in CMR6 Follow the Consensus Methodology and Are Supported by Evidence.**

1.      PRPB does not contest the vast majority of Monitor's compliance rating in CMR6, and those ratings should be affirmed. For the two paragraphs where PRPB's response suggests that the Monitor's compliance ratings may be incorrect,[2] PRPB has not demonstrated how the findings are unjustified. On the contrary, the findings are supported by multiple data sources identified in the consensus methodology and are consistent with the methodology used in past compliance reports. The Court should therefore affirm all of the Monitor's CMR6 compliance ratings.

        *i.     The Monitor's Finding for Paragraph 69 Is Supported by the Evidence*

2.      In its response, PRPB challenges the Monitor finding that PRPB is "not compliant" with Paragraph 69, but that finding is supported by the evidence supplied by PRPB and reviewed by the Monitor. CMR6 at 75-76; PRPB Resp. to CMR6 at 8. Paragraph 69 contains numerous requirements for supervisors, including that they review all booking recommendations, as well as all arrest reports and forms, for a number of specified criteria,

---

[2] PRPB states that its rating for Paragraph 69 "could have been partially compliant" and that it "recommend[s]" deferring a rating on Paragraph 99. PRPB's Resp. to CMR6 at 8, 11-12.

including that they do not contain boilerplate or conclusory language or lack of articulation of the legal basis for the arrest.  Supervisors must also engage in additional evaluation of certain types of arrests to ensure that the arrest was adequately justified.  The Monitor found that PRPB was noncompliant with these requirements, identifying that officers routinely fail to properly complete required forms that supervisors must review, and that supervisors regularly fail to ensure that forms are completed in a manner consistent with the Agreement and PRPB policy. *See, e.g.*, CMR6 at 76 (finding that 66 out of 161 files reviewed did not have all required forms, that officers continue to use prohibited boilerplate and conclusory language in their reports, and that supervisors' fail to adequately review arrest reports).  The Monitor has repeatedly identified these failures in past compliance reports.  *See* Fifth Report of the Federal Monitor (CMR5) at 83, ECF No. 1918-1 (Dec. 20, 2021) (finding PRPB not compliant for similar reasons); Fourth Report of the Federal Monitor (CMR4) at 53, ECF No. 1791-1 (July 21, 2021) (same); *see also* CMR5 at 91-92 (finding PRPB not compliant with Paragraphs 78-79, training requirements related to searches, seizures, and arrests).

3.     PRPB nevertheless suggests that it should have been found "partially compliant," stating "deficiencies in implementation do not support a finding of noncompliance."  PRPB Resp. to CMR6 at 8 (citing only to the Monitor's finding that approximately 40% of relevant files were missing a required form).  While not entirely clear, PRPB appears to argue that they should be rated partially compliant because they have a compliant policy and fill out all required forms some of the times.

4.     The Court should reject this argument because the Monitor's compliance rating is based on substantial evidence of persistent failures to properly train on, document, and effectively supervise arrests.  The Monitor found that PRPB failed to comply with many of the

requirements of Paragraph 69, of which completing forms for holding cells is only a small

subset.  Moreover, as the Monitor's evaluation demonstrates, completing the required forms 60%

of the time does not mean officers complete them properly or that supervisors have conducted an

adequate review.  This finding comports with the methodology and relies on substantial

"evidence of significant shortfalls in compliance relative to the targets," as well as an inability to

meaningfully correct the situation over time.  *See* CMR6 at 254 (defining "not compliant").  The

Court should not disturb the Monitor's rating of "not compliant."

> ii.   *The Monitor's Finding for Paragraph 99 Is Supported by the Evidence*

5.      The Monitor also found PRPB "partially compliant" with Paragraph 99, and that

rating should be affirmed, despite PRPB's argument that the rating be deferred.  CMR6 at 97-98;

PRPB Resp. to CMR6 at 11-12.  Paragraph 99 requires PRPB to "implement measures to

respond to reports of domestic violence and sexual assault involving PRPD officers, including

disarming officers and assessing their fitness for duty."  Agreement ¶ 99.  According to the

consensus monitoring methodology, the assessment of Paragraph 99 is based on a yearly review

of the content of policies and training, and a semiannual review of evidence that trainings were

conducted and a content analysis of a sample of investigative files.  Monitoring Matrix and

Methodology on Equal Protection and Non-Discrimination at 22-23, ECF No. 1363-1 (Oct. 30,

2019).  The yearly assessments occurred in CMR5, and only the data sources reviewed

semiannually were due for reassessment in CMR6.  *See* CMR6 at 94-96 (noting the provision of

training was due for reassessment), 97-98 (noting the review of sample investigative files was

due for reassessment); CMR5 at 111-15, 118-21 (assessing all data sources that relate to

Paragraph 99).  PRPB relies on the Monitor's admitted failure to request a sample of

investigative files to review to support its recommendation to defer rating compliance.  PRPB's Resp. to CMR6 ay 12

6.      While the Monitor should take steps to ensure it does not commit this type of oversight in the future, a rating of "partial compliance" is appropriate based on the totality of the information available to the Monitor.  The Monitor's compliance rating is supported by the assessments it conducted in CMR5 and the reassessment of training in CMR6.  Moreover, this compliance rating is consistent with the Monitor's assessment of compliance with Paragraph 99 in CMR5, when it also found PRPB was "partially compliant."  CMR5 at 120-21.

7.      The Court should not disturb the Monitor's finding because PRPB has not demonstrated that the Monitor had insufficient information to provide a rating.  It is the Commonwealth's burden to demonstrate compliance with the Agreement.  Agreement ¶ 294 ("At all times, PRP[B] shall bear the burden of demonstrating full and effective compliance with this Agreement.").  While the Monitor acknowledges a mistake in not requesting a sample of investigative files for a content analysis, the Commonwealth knows how it is being assessed. The Commonwealth has a responsibility to ensure the Monitor has what it needs to fairly assess its compliance, including following up with the Monitor about this oversight.  Nevertheless, PRPB did not produce any evidence of progress in implementing this provision.  These circumstances do not warrant Court intervention to defer the compliance rating.

**B.    PRPB Response to CMR6 Contains New Information That It Should Include in Its Status Reports And Which the Monitor Can Validate in CMR7.**

8.      The remainder of PRPB's filing provides new information that was not provided to the Monitor when conducting its assessments for CMR6, including events that occurred after the monitoring period covered by CMR6.  While this information is helpful, it should not change the Monitor's compliance ratings for CMR6.  Instead, the Commonwealth should include this

information in the reports it provides to the Court, the Monitor, and the Department of Justice in advance of CMR7.

9.      Many of PRPB's responses have descriptions of steps PRPB has taken to address issues the Monitor raised in CMR6.  For example, Paragraph 72 requires PRPB to provide individual with written receipts of property seized from them, and to ensure appropriate procedures exist so property is properly stored and returned, as appropriate.  Agreement ¶ 72.  In CMR6, the Monitor noted that the form PRPB uses to catalog seized evidence requires the arrestee to sign the form and  confirm possession or ownership of evidence, although the arrestee may be unrepresented at the time the form must be completed.  CMR6 at 79.  The form could then be used to incriminate the arrestee, potentially in violation of the Fifth Amendment.  *Id*. PRPB responded that it revised the form to eliminate the signature requirement when property seized may be used as evidence of a crime.  PRPB Resp. to CMR6 at 9.   The Monitor should have an opportunity to validate the new information PRPB provided in its response and determine whether it addresses the Monitor's concerns.  The Monitor has that opportunity in the current review period, on which it will report in CMR7, and the Court should defer considering this information until that time.

10.     PRPB may provide new information and explanatory responses to CMR6 in PRPB's next status report required under the Agreement, which we expect to receive in October 2022.[3]  Paragraph 261 requires PRPB to report "the steps taken by PRP[B] during the review period to implement this Agreement and PRP[B]'s assessment of the status of its progress and

---

[3] PRPB seems to realize that its "responses" are appropriate for its status reports because it has attached past responses as appendices to subsequent status reports.  *Compare* Defs.' Mot. Submitting PRPB's Resp. to CMR5, ECF No. 1963 (Jan. 20, 2022) *and* Defs.' Mot. Submitting PRPB's Resp. to CMR4, ECF No. 1817 (Aug. 20, 2021) *with* Defs.' Mot. Submitting 15th Para. 261 Self-Assessment Rep., ECF No. 2010 & 2010-1 (Apr. 28, 2022) (appending PRPB's response to CMR5) *and* Defs.' Mot. Submitting 14th Para. 261 Self-Assessment Rep., ECF No. 1864 & 1864-1 (Oct. 15, 2021) (appending PRPB's response to CMR4).

any response to concerns raised in prior [Monitor] reports." Agreement ¶ 261. In effect, the Agreement provides PRPB the first word in describing progress towards compliance. PRPB may provide information it believes is illustrative of progress, even if the Monitor did not directly request that evidence in one of its data requests. The status report is due *before* the Monitor submits a draft compliance monitoring report to the parties, giving the Monitor time to consider and validate information PRPB provides. The Monitor may incorporate this information and supporting evidence with its own data requests and assessments before finalizing the compliance monitoring reports. The status reports required by Paragraph 261 are the proper vehicle for PRPB to provide this information to the Monitor, and the Court should defer considering this information until properly assessed by the Monitor in CMR7.

## II.     CONCLUSION

The Court should affirm the compliance ratings in the Monitor's Sixth Compliance Monitoring Report. The Monitor may assess and validate PRPB's responses in the upcoming compliance review period.

WHEREFORE, the United States respectfully submits its response to PRPB's response to CMR6, in compliance with the Court's Order of July 15, 2022.

WE HEREBY CERTIFY that on today's date, we filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Special Master, and the Monitor on the service list to be served by electronic means.

/ /

Respectfully submitted this 28th of July, 2022.

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/Jorge M. Castillo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE CASTILLO** (G02912)
**KATHERINE CHAMBLEE-RYAN** (G03515)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone:  (202) 598-9725
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov
katherine.chamblee-ryan@usdoj.gov

Attorneys for Plaintiff