IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 12-2039 (FAB) |

**ORDER**

The responses of the United States, the Commonwealth of Puerto Rico and the Monitor (see Docket Nos. 2089, 2099 and 2100) to the order at Docket No. 2037 are **NOTED**. In that order the Court shared the observations and recommendations of the Special Master regarding 117 specific expenditures reported by the Commonwealth as being related to the reform which concerned the Court, and directed the parties and the Monitor to respond to those observations and recommendations. The Court compliments the parties, the Monitor and the Special Master on their collective efforts on this important issue.

The collective response to the observations and recommendations of the Special Master regarding the identified 117 expenditures was that eight of the 117 expenditures were clearly

Civil No. 12-2039 (FAB)                                              2

not justified as reform-related expenses, and the remaining 109 expenditures should be audited by the Commonwealth.

Additionally, the Court specifically highlights the four recommendations of the United States with which all agreed:

- Development of a written protocol or directive to supplement General Order 208
- Development of a spending plan to prioritize compliance needs
- Establishing a review process for monthly expenditure reports
- Conducting periodic audits of PRPB's use of special reform funding

In addition to these four recommendations, the United States also recommended in the virtual meeting on July 19, 2022 that a fifth consideration, to be addressed later, was the development of a transition strategy to evolve the reform annual budget and expenditures into the long term PRPB regular operating budget after the conclusion of the Consent Decree. The Commonwealth fully endorses and concurs with the United States' recommendation (Docket No. 2099), as does the Monitor (Docket No. 2100).

The Court appreciates that the parties, the Special Master and the Monitor will continue their collaboration working towards

Civil No. 12-2039 (FAB)                                                3

implementation of these five goals, and recognizes that a critical component to that implementation is the auditing function noted in the fourth recommendation of the United States.  As the Court has previously expressed, some organic forensic auditing function is clearly needed.  Now, with the specific need for an auditing function to review the 109 questionable expenses and the broader need to have an auditing function as an integral component of the reform, it is clearly time to define that forensic auditing function specifically.

Accordingly, the Court orders as follows:

The position of an auditor shall be established to provide accounting oversight of the reform expenditures, and support to the implementation of the five recommendations set forth above. **No later than August 15, 2022**, the parties and the Monitor will provide recommendations to the Special Master as to the specifics of the auditor position, including recommendations as to who may be appointed.  The Special Master will consolidate those recommendations, add his recommendations, and forward those to the Court for approval.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 29, 2022.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE