UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                Defendants. | No. 12-cv-2039 (FAB) |

**MOTION IN COMPLIANCE REGARDING FISCAL OVERSIGHT OF COMMONWEALTH FUNDS ALLOCATED TO POLICE REFORM**

The United States files this motion in compliance with the Court's directive during the August 23, 2022, status conference instructing the Parties to confirm whether the Puerto Rico Office of Inspector General (PROIG) is able to assist in the implementation of joint recommendations from the Parties, Monitor, and Special Master on the Commonwealth's use of funds allocated to police reform.  *See* Order at 2, ECF No. 2112 (July 29, 2022) (highlighting "the four recommendations of the United States with which all agreed" and a fifth consensus recommendation).  These recommendations included performing periodic audits of future reform expenditures by the Puerto Rico Police Bureau (PRPB).  *Id.*  The Court further instructed that, if PROIG is not able to assist, then the Parties should identify alternate persons or entities to substitute for PROIG.

As discussed below, the Commonwealth withdrew its support for PROIG to undertake this work only three days ago and has not provided the basis for the change in its position. Without additional information about PROIG's lack of suitability, and given the extensive discussions over the last month during which the Parties and the Monitor concluded that PROIG was a suitable candidate, the United States continues to recommend that PROIG serve in the

accounting oversight position and assist in the implementation of the joint recommendations on fiscal oversight for the remaining recommendations not addressed by the Court's August 31, 2022, Order.  *See* Order, ECF No. 2154.  If the Commonwealth can provide additional information about PROIG's lack of suitability, or if the Court would like to consider additional candidates, the United States respectfully requests 30 days to identify and vet potential substitutes.

## I.  BACKGROUND

1. On July 29, 2022, the Court ordered the establishment of a position to oversee the Commonwealth's reform expenditures and to support the implementation of five recommendations on fiscal oversight agreed upon by the Parties, Monitor, and Special Master. *Id.* at 3.  The Court also instructed the Parties and Monitor to submit recommendations to the Special Master as to who may serve in the accounting oversight position.  *Id.*  The Parties and Monitor met and conferred extensively on potential candidates.  Based on those discussions, the Parties and Monitor determined that PROIG had the authority, access, and independence to serve in the accounting oversight position.  Accordingly, on August 15, 2022, the Parties and Monitor recommended jointly to the Special Master that PROIG serve in the accounting oversight position, subject to PROIG's confirmation.  Email from Saucedo to Del Carmen (Aug. 15, 2022), attached hereto as Ex. A.  In response to a request from the Special Master, the United States provided additional information in support of PROIG's suitability.  Email from Saucedo to Del Carmen (Aug. 16, 2022), attached hereto as Ex. B.

2. The Court addressed the accounting oversight position at the August 23, 2022, status conference, and the Parties and Monitor reaffirmed that PROIG should serve in the position.  The Special Master concurred.  Because the Commonwealth had not yet confirmed

with PROIG, the Court instructed the Parties to confirm by September 2, 2022, whether PROIG had the time and resources to serve in the position. The Court further instructed the Parties to submit substitute candidates if PROIG did not confirm its capacity to serve.

3.  At the Parties' monthly meeting on August 30, 2022, the United States requested an update from the Commonwealth on its efforts to confirm with PROIG that it had the capacity to serve in the accounting oversight position. After reaffirming its support of PROIG at the August 23 status conference, the Commonwealth informed – for the first time and just three days before the September 2 deadline – that the Secretary of the Department of Public Safety was no longer interested in pursuing PROIG's appointment to the accounting oversight position and that he wanted to consider other candidates. The Commonwealth did not offer alternate candidates at that meeting, and it still has not done so, despite promises to do so. The Commonwealth also agreed to provide details about its decision to withdraw its support for PROIG by August 31, 2022, but it has failed to provide these details as well.[1] *See* Email from Peñagarícano to Parties, Monitor, and Special Master (Aug. 30, 2022), attached hereto as Ex. C.

4.  Immediately following the Commonwealth's surprise withdrawal of its support for PROIG to the accounting oversight position, the United States reached out to an alternative candidate whom it had been vetting for this position. The candidate has previously been appointed by this Court to perform similar functions in a separate institutional reform case involving the Commonwealth. The candidate is currently unavailable, however, due to other professional commitments. The United States has been unable to fully vet, evaluate, and confirm

---

[1] The only information the United States has received is from an official at the Department of Public Safety who questioned PROIG's independence in general terms and informed that PROIG had opened a separate matter involving the Department of Public Safety. This information was provided during the Parties' monthly meeting on August 30, 2022, and the Commonwealth has not provided the additional details it promised following the meeting.

the availability of other candidates for this position due to the Commonwealth's unexpected withdrawal of its support only days before the submission deadline.

5.      On August 31, 2022, the Court issued an order indicating that it was not convinced that PROIG is the appropriate entity to conduct the audit of the 109 expenditures the parties and Monitor agreed were questionable, and the Court ordered the Special Master to "provide the Court with the name of an individual or entity he recommends to conduct a thorough audit of the 109 expenditures" by September 9, 2022.  Order at 2, ECF No. 2154 (Aug. 31, 2022).  In issuing this Order, the Court addressed one of the five recommendations made jointly by the Parties, Monitor, and Special Master, but it did not address the remaining four joint recommendations, including the appointment of an auditor to conduct periodic audits of future expenditures.[2]  To address the remaining recommendations and fulfill the requirements of the Court's bench order issued during the August 23, 2022, status conference and its July 29 Order establishing an auditor position to support the implementation of the joint recommendations, the parties must still confirm whether PROIG is able to perform these recommendations or provide alternative persons or entities to substitute for PROIG.  *See* Order, ECF No. 2112.

**II.    DISCUSSION**

6.      Without additional information about PROIG's lack of suitability, the United States continues to recommend that PROIG serve in the accounting oversight position established by the Court on July 29, 2022.  As agreed upon by the Commonwealth and Monitor, PROIG has the necessary authority, access, and independence to audit PRPB's future reform

---

[2] The United States contacted the Special Master and the Monitor to confirm whether the Court intended its August 31, 2022, Order to address all of the joint recommendations, or only the audit of the 109 questionable expenditures.  Based on those discussions, the United States understands that the Parties still need to propose an auditor for the remaining joint recommendations.

expenditures and help implement the joint recommendations on fiscal oversight. The Commonwealth has provided no information to the contrary. Indeed, despite agreeing to provide support for its decision to withdraw its recommendation that PROIG be appointed to the accounting oversight position by August 31, the Commonwealth has not provided any information on why PROIG is no longer suitable. Prior to August 31, the Commonwealth repeatedly asserted that it was in fruitful discussions with staff from PROIG and thanked the Monitor's Office for its assistance in advancing PROIG's engagement both before and at the August 23 status conference. Without information from the Commonwealth on PROIG's unsuitability, the United States has no basis to withdraw its support of PROIG to serve in the accounting oversight position.

7. If the Court would like to consider candidates other than PROIG, we request respectfully a 30-day period to identify and vet appropriate candidates. The United States' ability to provide suitable recommendations to the Court has been prejudiced by the Commonwealth's withdrawal of its support for PROIG only days before the submission deadline, after a month of discussion and agreement that PROIG is suitable for the accounting oversight position.

### III. CONCLUSION

The United States agrees that appropriate fiscal oversight is needed to ensure that funds allocated to police reform are spent effectively, in accordance with applicable laws. To this end, the United States continues to recommend that the Court appoint PROIG to serve in the accounting oversight position, in the absence of any contrary information from the Commonwealth.

WHEREFORE, the United States respectfully maintains its recommendation that PROIG serve in the accounting oversight position.  Alternatively, the United States requests respectfully a period of 30 days to identify and vet a substitute candidate.

WE HEREBY CERTIFY that on today's date, we filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Special Master, and the Monitor on the service list to be served by electronic means.

Respectfully submitted this 2nd day of September, 2022.

        STEVEN H. ROSENBAUM
        Chief, Special Litigation Section
        Civil Rights Division

        /s/ Luis E. Saucedo
        TIMOTHY D. MYGATT
        Deputy Chief
        LUIS E. SAUCEDO (G01613)
        JORGE CASTILLO (G02912)
        KATHERINE CHAMBLEE-RYAN (G03515)
        Trial Attorneys
        Civil Rights Division
        Special Litigation Section
        Four Constitution Square
        150 M Street NE
        Washington, D.C. 200002
        Telephone: (202) 598-0482
        luis.e.saucedo@usdoj.gov
        jorge.castillo@usdoj.gov
        katherine.chamblee-ryan@usdoj.gov

        Attorneys for Plaintiff