## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Defendants. | No. 12-cv-2039 (FAB) |

## UNITED STATES' RESPONSE TO
## DEFENDANTS' MOTION IN COMPLIANCE WITH ORDER

COMES NOW, Plaintiff, the United States of America, and respectfully responds to the Commonwealth's Motion in Compliance with Order ("Motion in Compliance"), ECF No. 2180, as required by the Order of September 23, 2022, ECF No. 2186.  In its Motion in Compliance, the Commonwealth describes its efforts to place the Puerto Rico Police Bureau (PRPB) back in good standing in the Equitable Sharing Program (ESP), which is administered by the Money Laundering and Asset Recovery Section of the United States Department of Justice's Criminal Division (MLARS).  Specifically, the Commonwealth reports that it has submitted all documents requested by MLARS and that it has not received a response from MLARS.

The undersigned shared the Commonwealth's Motion in Compliance with MLARS and consulted with MLARS personnel as instructed by the Court in its September 23, 2022, Order.[1] The United States submits the following update on the status of PRPB's participation in ESP based on its consultation with MLARS and other relevant ESP materials:

---

[1] In its Order, the Court instructed the United States, Monitor, and Special Master to "respond to [the Commonwealth's Motion in Compliance] no later than October 14, 2022," and instructed the United States to "immediately contact MLARS concerning its lack of response to the Commonwealth's submission."  Order, ECF No. 2186 (Sept. 23, 2022).

1.   As background, agencies that assist in an investigation that results in a federal forfeiture may request a share of the federally forfeited proceeds based on their contributions to the law enforcement effort leading to the forfeiture.  U.S. DEP'T OF JUSTICE, U.S. DEP'T OF THE TREASURY, GUIDE TO EQUITABLE SHARING FOR STATE, LOCAL, AND TRIBAL LAW ENFORCEMENT AGENCIES at 7 (July 2018), *available at* https://www.justice.gov/criminal-afmls/file/794696/download.  To qualify, an agency must be a state, local, or tribal government entity whose primary mission is law enforcement.  *Id.* at 4.  Shared funds are federal financial assistance and are subject to annual reporting and audit requirements.  *Id.* at 23-24.  Program participants must submit annually an Equitable Sharing Agreement and Certification (ESAC) within two months of the end of the agency's fiscal year to maintain compliance.  *Id.* at 23.  The ESAC captures data for ESP, including funds received, funds expended, interest earned, and audit information.  *Id.* at 21-22.  An agency is considered compliant once the ESAC is received, reviewed, and approved by MLARS.  *Id.* at 23.

2.   In August 2021, MLARS did not accept PRPB's ESAC for Fiscal Year 2021 because PRPB overreported the distributions it received.  In September 2021, MLARS placed PRPB in non-compliant status because MLARS did not accept PRPB's ESAC within two months of the end of the Commonwealth's fiscal year on June 30, 2021.

3.   To resolve PRPB's non-compliant status, the MLARS Audit, Certification, and Agreement (ACA) team requested documents to clarify the discrepancies in the FY 2021 ESAC. PRPB provided the requested documents in February 2022.  After a brief review, the ACA team noted that PRPB reported funds that were not included in the previous fiscal year.  In response, the MLARS Compliance Review Team, which is a separate team comprised of contract auditors, reviewed PRPB's ESACs from Fiscal Years 2018 through 2021.  On September 29, 2022, the

Compliance Review Team found additional discrepancies related to PRPB's reported distributions in Fiscal Years 2018, 2019, and 2020, without any subsequent adjustments in following years.

4.   On October 3, 2022, the Compliance Review Team requested PRPB's account ledgers for Fiscal Years 2018 through 2022 to verify the ending balances by October 7, 2022. MLARS received documents from PRPB on October 6.  However, the documents were not the account ledgers themselves, but rather summary tables showing what PRPB states it received and what is posted on the ledgers.  The Compliance Review Team has been in subsequent contact with PRPB to clarify its request and obtain the account ledgers.  The timing to complete the review and resolve the additional reporting discrepancies depends on the Compliance Review Team receiving the outstanding documents from PRPB.

5.   In its Motion in Compliance, the Commonwealth states that it has not received a final response on MLARS' compliance review following email inquiries from PRPB in March and April 2022.  *Id.* at ¶¶ 4-6.  The United States agrees with this statement.  PRPB's inquiries were directed to the MLARS ACA team, which informed PRPB on April 18, 2022, that PRPB was undergoing a review by the Compliance Review Team.  *See* Ex. 5, Defs.' Mot. in Compliance. Although the Compliance Review Team had not opened a formal compliance review of PRPB, as discussed above, the Team reviewed PRPB's ESACs from Fiscal Years 2018 through 2021 and found additional discrepancies on September 29, 2022.  This development occurred after the Commonwealth filed its Motion in Compliance on September 22, 2022.  The Compliance Review Team continues to work with PRPB and the Puerto Rico Department of Public Safety (DPS) to resolve the additional and original reporting discrepancies.  MLARS also continues to

follow its ESP guidelines and procedures to conduct the review and resolve PRPB's non-compliant status.

6.   The Commonwealth states in its Motion in Compliance that MLARS' review of PRPB is "closely related" to MLARS' formal compliance review of DPS' Special Investigations Bureau (or NIE, by its Spanish acronym).  Defs.' Mot. in Compliance at ¶ 1.ii.  Both PRPB and NIE are law enforcement agencies under DPS.  While the United States agrees that the reviews are related, PRPB may come into compliance with ESP independent of the outcome of the formal compliance review of NIE.  The Compliance Review Team is actively working with NIE to update NIE's standard operating procedures, which may serve as a model for PRPB once MLARS accepts the procedures as complete.  Although PRPB should develop its own procedures to ensure that equitable sharing funds are maintained and tracked in an appropriate manner, the Compliance Review Team has not requested that PRPB produce its own procedure at this time.

7.   While PRPB is in non-compliant status, it can submit requests for equitable sharing funds, but PRPB will not receive pending disbursements until it is back in compliant status. There are approximately $4.7 million in distributions that are pending disbursement to PRPB. These disbursements are ready to be released once PRPB returns to compliant status; however, the timeframe for regaining compliance depends on PRPB's responsiveness in providing the requested documentation, as set forth above.

WHEREFORE, the United States requests respectfully that the Court take notice of the foregoing in compliance with the Court's Order of September 23, 2022, ECF No. 2186.

I HEREBY CERTIFY that on this date I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Special Master, and the Monitor on the service list to be served by electronic means.

Respectfully submitted, this 13th day of October, 2022,

> **STEVEN H. ROSENBAUM**
> Chief, Special Litigation Section
> Civil Rights Division
>
> *s/ Luis E. Saucedo*
> **TIMOTHY D. MYGATT**
> Deputy Chief
> **LUIS E. SAUCEDO** (G01613)
> **JORGE CASTILLO** (G02912)
> Trial Attorneys
> U.S. Department of Justice
> Special Litigation Section
> Civil Rights Division
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530
> Tel:  (202) 598-0482
> Fax:  (202) 514-4883
> luis.e.saucedo@usdoj.gov
> jorge.castillo@usdoj.gov
>
> Attorneys for the United States