## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>ET AL.,<br><br>               Defendants. | No. 12-cv-2039 (FAB) |

## RESPONSE TO THE COMMONWEALTH'S MOTION REQUESTING EXTENSION OF TIME TO SUBMIT TRAINING PLAN (ECF NO. 2209)

The United States files this response to the Commonwealth's motion requesting a 60-day extension to file its comprehensive training plan. *See* P.R. Motion, ECF No. 2209 (Oct. 7, 2022); *see also* Order ECF No. 2211 (Oct. 12, 2022) (ordering the United States, Monitor, and Special Master to respond by October 21, 2022). The United States does not oppose this extension, and further submits the following to clarify the purpose of the training plan.

### I.    DISCUSSION

1.    Training is a critical component of police reform, one that touches on all aspects of the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). *See* Agreement, ECF No. 60. The United States supports the creation of a training plan, which should be structured as an implementation plan that lays out clear objectives, identifies action items, indicates the persons responsible for completing projects, provides specific timeframes, and includes the projected outcomes to measure whether the plans were successful.

2.    The primary objective of the training implementation plan should be to outline how the Commonwealth will come into compliance with the Agreement. The Monitor's recent report identifies several provisions of the training section of the Agreement that are currently in

partial or noncompliance, and also raises training concerns in the implementation of other areas of the Agreement as well.  *See* 6th Report of the Federal Monitor ("CMR-6") 112-36, ECF No. 2067-1 (June 15, 2022) (compliance report on training section of the Agreement); *see also, id.* at 53-57 (noting failure to meet the compliance metrics for the delivery and recording of use of force trainings); 5th Report of the Federal Monitor ("CMR-5") 91-93, ECF No. 1918-1 (Dec. 20, 2021) (noting failure to meet the compliance metrics for the validation, delivery, and evaluation of trainings related to searches and seizures).  The Monitor's reports also provide the Commonwealth with suggested measures to achieve compliance for all provisions of the Agreement that are not in substantial compliance, including recommendations related to training. The training implementation plan should address all deficiencies in training that are leading to partial and noncompliance ratings and consider the Monitor's proposed solutions.

3.     As the Commonwealth identified, the training implementation plan should also have as an objective the implementation of Puerto Rico Act No. 65 of 2021 ("Act 65-2021") in a manner that is consistent with the Agreement.  Act 65-2021 permits individuals eighteen years or older to apply to enter the Puerto Rico Police Bureau (PRPB) as cadets, and provides these persons up to three years to obtain an associate's degree or equivalent.  The Agreement requires persons to have an associate's degree or equivalent to become sworn police officers.  Agreement ¶ 105.  The training implementation plan should address how the Commonwealth will ensure cadets without an associate's degree or its equivalent obtain the necessary degree prior to becoming sworn officers.

4.     The training implementation plan should also include how ongoing changes to PRPB's operations will be addressed in training and enable PRPB to achieve and sustain compliance with the Agreement.  Specifically, PRPB is undergoing a comprehensive information

2

technology (IT) needs assessment that includes a review of IT related to training in general and police academy operations specifically.  *See* Am. Jt. Stip. & [Proposed] Order for and Info. Sys. & Tech. Needs Assessment & Action Plan, ECF No. 1995 (Apr. 12, 2022).  PRPB is also committed to implementing a staffing and resource allocation plan that anticipates redistributing personnel across PRPB, increasing civilianization of personnel, training new cadets, and training existing officers for supervisory positions.  *See* P.R. Motion Submitting 90-Day Report Pursuant to Staffing Plan Update Proposal, ECF No. 2121 (Aug. 8, 2022).  At the August 23, 2022, status conference, the Court also raised concerns about the physical facilities at the police academy, which could have a detrimental effect on PRPB's ability to provide the training required by the Agreement.  The Commonwealth should address each of these issues in the training implementation plan.

5.      In its request for an extension of time, the Commonwealth asserts that its training plan must also include the consolidation of training for all bureaus under the Department of Public Safety (DPS), pursuant to Puerto Rico Act No. 20 of April 10, 2017 § 1.11 ("Act 20-2017").  *See* P.R. Motion ¶ 2.  It is important to note, however, that the Agreement does not extend to services provided by DPS bureaus other than policing, and does not require police personnel to be trained in a consolidated training center.  While the Agreement does not prohibit the Commonwealth from addressing its training obligations through a multi-agency public safety training center, and the Commonwealth may include such measures as part of the training implementation plan, the consolidation of training for all DPS bureaus is beyond the scope of the Agreement in this case.  The Commonwealth should ensure that the training implementation plan meets the immediate training needs of PRPB and does not unduly delay compliance with the Agreement.

6.      In light of the above, the United States does not oppose extending the Commonwealth's deadline for a draft training implementation plan to December 22, 2022.  The filing of the draft training implementation plan would trigger the United States' obligation to file comments to the draft plan within thirty days.  Then the Commonwealth would submit a final plan for the Court's approval in early 2023.

## II.      CONCLUSION

The United States supports the Commonwealth producing a comprehensive plan to address PRPB's training requirements and does not oppose a 60-day extension to file that draft plan with the Court.

WHEREFORE, the United States respectfully submits its response to the Commonwealth's motion seeking an extension to file its training implementation plan, in accordance with the Court's October 12, 2022, Order.

WE HEREBY CERTIFY that on today's date, we filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Special Master, and the Monitor on the service list to be served by electronic means.

Respectfully submitted, this 20th day of October, 2022,

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/ Jorge M. Castillo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE CASTILLO** (G02912)
Trial Attorneys
U.S. Department of Justice
Special Litigation Section
Civil Rights Division
950 Pennsylvania Avenue, NW

4

Washington, DC 20530
Tel:  (202) 598-9725
Fax:  (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

Attorneys for the United States