UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff;<br><br>     v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>                Defendants. | No. 12-cv-2039 (FAB) |

**RESPONSE TO THE COMMONWEALTH'S MOTIONS SUBMITTING
ITS TRAINING PLAN**

The United States files this response to the Commonwealth's submissions regarding its implementation plan (Docs. 2324, 2341) to comply with the training requirements in the Agreement for the Sustainable Reform of the Puerto Rico Police Department (Agreement). As described below, the United States has concerns about the Commonwealth's compliance with the training requirements, particularly during the past year. Due to these concerns, the United States requested specific commitments from the Commonwealth in the training implementation plan, including measurable benchmarks, allocation of resources, and regular reporting on progress. The Commonwealth has agreed to those commitments, and the United States therefore agrees with the Commonwealth's plan.

**I.   BACKGROUND**

At a hearing on August 23, 2022, this Court endorsed the Commonwealth of Puerto Rico's request to draft an implementation plan, within 60 days, to address compliance with the Agreement's training requirements. This Court granted an extension on October 24, 2022, Doc. 2229, and the Commonwealth submitted draft plans to the United States and the Monitor on December 22, 2022, and February 10, 2023.

After incorporating feedback from the United States and the Monitor, the Commonwealth submitted a proposed training implementation plan to the Court on March 10, 2023 (Doc. 2324). However, as described below, the United States believed that the Commonwealth's proposed plan lacked adequate steps to ensure compliance with the training requirements in the Agreement. The Commonwealth therefore agreed to submit a supplement to its training implementation plan on March 29, 2023, addressing those concerns. *See* Doc. 2324 at 1–2. This Court then ordered the United States, the Monitor, and the Special Master to respond to the proposed training implementation plan and supplement by the same date. *See* Doc. 2327.

## II. THE COMMONWEALTH'S TRAINING IMPLEMENTATION PLAN

The Commonwealth's proposed training implementation plan offers a lengthy timeline for achieving compliance with the Agreement: if the Commonwealth keeps pace with its plan, it will not begin to achieve compliance until 2025. *See* Doc. 2324. Given this protracted timeline— and the compliance issues that have been repeatedly documented in the Monitor's reports on training—the United States has emphasized that the Commonwealth must provide measurable benchmarks to ensure progress on training in 2023 and 2024.

In particular, the United States asked the Commonwealth to provide clear benchmarks to ensure its progress on in-service training. In early March, shortly before the Commonwealth's plan was due to the Court, the United States received a table documenting the Commonwealth's in-service training courses and the number of officers who completed them during 2022. *See* Attachment A, 2022 In-Service Training Table. According to the table, the vast majority of officers were not trained in the core areas of the Agreement during 2022. For example, during 2022, only one officer received in-service training on General Order 601 regarding general principles on the use of force. *See* Attachment A, at 3.

2

Based on these results, the United States asked the Commonwealth to commit to providing in-service training for specific percentages of officers by certain dates in 2023 and 2024, while it completes its overall program improvements by June 2024. To ensure that the Commonwealth can achieve these benchmarks, the United States also requested that the Commonwealth commit to provide the resources necessary to complete the training implementation plan and meet the interim benchmarks for 2023 and 2024. Finally, the United States asked the Commonwealth to submit status reports to this Court every 90 days, providing updates on its progress, including the resources that have been requested from the Commonwealth to carry out the plan and what resources the Commonwealth has provided.

The supplement that the Commonwealth now submits to this Court satisfies those requirements. Accordingly, the United States has no objection to the Commonwealth's proposed training implementation plan and supplement.

Respectfully submitted this 29th of March, 2023.

STEVEN H. ROSENBAUM
Chief, Special Litigation Section
Civil Rights Division

/s/Katherine Chamblee-Ryan
TIMOTHY D. MYGATT
Deputy Chief
LUIS E. SAUCEDO (G01613)
JORGE CASTILLO (G02912)
KATHERINE CHAMBLEE-RYAN (G03515)
Trial Attorneys
Civil Rights Division
Special Litigation Section
Four Constitution Square
150 M Street NE
Washington, D.C. 200002
Telephone: (202) 598-0538
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov

katherine.chamblee-ryan@usdoj.gov

Attorneys for Plaintiff