UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff;<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Defendants. | No. 12-cv-2039 (FAB) |

**UNITED STATES' MOTION IN COMPLIANCE WITH ORDER AT DOCKET 2332 CONCERNING PRPB'S PARTICIPATION IN THE EQUITABLE SHARING PROGRAM**

COMES NOW, Plaintiff, the United States of America, in compliance with the Court's Order of March 21, 2023, Doc. 2332, and respectfully submits a copy of the compliance report prepared by the Money Laundering and Asset Recovery Section of the United States Department of Justice's Criminal Division (MLARS) concerning the Puerto Rico Police Bureau's (PRPB) participation in the Equitable Sharing Program (ESP). The March 21 Order instructed MLARS to "provide its key findings of the January 2023 audit forthwith, but no later than March 31, 2023." *Id.* at 2. The compliance report, attached as Exhibit A, includes findings related to MLARS' site visit in January 2023 and was transmitted to PRPB today.

In its March 21 Order, the Court also expressed concern that MLARS' compliance review of PRPB was "taking longer than it should" and noted MLARS apparent "inaction." *Id.* at 1-2. The United States offers the following background information about MLARS' compliance review process and its specific actions addressing PRPB's non-compliant status to assure the Court that MLARS is working diligently within its independent legal and programmatic authority to ensure compliance with ESP requirements.

A.  **MLARS COMPLIANCE REVIEWS**

The United States provided background on ESP in response to a Commonwealth filing last year alleging that PRPB was awaiting a response from MLARS on its compliance review. *See* Pl.'s Resp. to Defs.' Mot. in Compliance, Doc. 2214 (Oct. 13, 2022).  In brief, federal law gives the Attorney General discretionary authority to share federally-forfeited property with state, local, and tribal law enforcement participants through ESP.  *See* 21 U.S.C. §§ 881(e)(1)(A) & (3); 18 U.S.C. § 981(e)(2); 31 U.S.C. § 9705(a)(1)(G) & (b)(4).  MLARS administers ESP, which has approximately 6,000 partner law enforcement agencies and disburses hundreds of millions dollars-worth of federally-seized assets.  U.S. DEP'T OF JUSTICE, U.S. DEP'T OF THE TREASURY, GUIDE TO EQUITABLE SHARING FOR STATE, LOCAL, AND TRIBAL LAW ENFORCEMENT AGENCIES at 1 (July 2018), available at https://www.justice.gov/criminal-afmls/file/794696/download.  To receive shared funds, an agency agrees to comply with the federal laws and Department policies that govern ESP.  *Id*. at 4; *see also id*. Sec. VII.A. (noting the Equitable Sharing Agreement and Certification report is where agencies certify to abide by the program requirements).

MLARS' Compliance Review Team performs compliance reviews of law enforcement agencies participating in ESP that are identified using either standardized risk factors or *ad hoc* circumstances that raise concerns about the administration of a participant's equitably-shared funds.  These reviews ensure the proper management, oversight, and permissible spending of federally-shared funds in accordance with ESP polices.  MLARS assists agencies selected for review with implementing best policies and practices for maintaining federal funds.  U.S. DEP'T OF JUSTICE, EQUITABLE SHARING WIRE (Oct. 11, 2016), available at https://www.justice.gov/criminal-afmls/file/902401/download.

Each selected agency must participate in a kick-off meeting in which MLARS discusses the compliance review process, reviews a standard questionnaire that is provided prior to the meeting, and addresses questions related to an initial document request that is sent prior to the meeting. Once initial documents are received, a sampling of expenditures is selected for further testing by the MLARS Compliance Review Team. Throughout the testing phase, MLARS frequently contacts the agency for additional documentation and clarification. Non-responsiveness by an agency, agency requests for deadline extensions, and incomplete submissions are just some of the issues that can lead to significant delays in the testing process.

Once testing is complete, MLARS drafts a compliance report which details the findings of the testing as well as corrective actions that must be undertaken for the agency to meet ESP requirements. Drafting this report can take several months depending upon the amount and complexity of the sample size, the size of the law enforcement agency under review, and the issues identified. Agencies are given an opportunity to review the report and provide a response within 30 days. Agencies then enter the remediation process and implement the required corrective actions to address the findings set forth in the compliance report. Depending upon the nature of the recommendations and the agency's internal chain-of-command structure, it is common for agencies to spend six months, or more, remediating the findings identified in the compliance report. If MLARS has placed an agency in a non-compliant status, the agency will not regain compliance until all findings have been remediated.

B.  **RECENT ACTIONS TAKEN TO ADDRESS PRPB'S NON-COMPLIANCE**

Although MLARS' administration and oversight of ESP is not within the subject-matter of this case, counsel for the United States consults frequently with MLARS regarding PRPB's participation in ESP and shares information, as appropriate, with the Parties, the Monitor, and

Special Master. *See, e.g.,* Doc. 2214 (outlining reporting discrepancies that led to PRPB's placement in non-compliant status in August 2021 and MLARS' efforts through October 2022 to assess and resolve those discrepancies). For instance, at a status conference on January 19, 2023, the United States reported that MLARS personnel were conducting a compliance visit that same month to, among other things, provide training and conduct additional testing of the Commonwealth's accounting systems. At the parties' monthly meeting on February 28, 2023, the United States reported to the Commonwealth, the Monitor, and the Special Master that MLARS had authorized the limited use of ESP funds, at the Commonwealth's request, to obtain copies of bank statements that were necessary for MLARS' compliance review.

      MLARS is also in direct contact with the Parties, the Monitor, and the Special Master. On February 2, 2023, shortly after MLARS' compliance visit to Puerto Rico, MLARS met with the offices of the Special Master and Monitor to provide a read-out of the visit and discuss next steps in the review process. In particular, MLARS discussed the need for relevant Commonwealth agencies to continue meeting to identify and resolve accounting discrepancies related to prior disbursements. Although MLARS had not completed its final report, as recently as March 24, 2023, MLARS personnel met with the offices of the Special Master and Monitor to provide an update on MLARS' compliance review and to offer recommendations on ways that the Special Master's Office may assist the Commonwealth in regaining and maintaining compliance with ESP requirements. All of these efforts have been undertaken by the United States in consultation with MLARS in recognition of MLARS' authority to administer ESP and in furtherance of the Court's Order of October 19, 2022, Doc. 2224. In that Order, the Court appointed the Special Master to coordinate the steps the Commonwealth must take to become complaint and eligible for continued participation in ESP.

As set forth in the attached compliance report, the Commonwealth and PRPB will need to take several steps to regain and maintain compliance with ESP requirements. These include steps related to reporting, account reconciliation, and inventory procedures, as well as correcting internal control deficiencies. The United States, in consultation with MLARS, will continue to share information about MLARS' ongoing review and communicate with the Commonwealth, the Monitor, and the Special Master as the Commonwealth works to address the findings in MLARS' compliance report.

WHEREFORE, the United States respectfully requests that the Court take notice of the attached MLARS compliance report submitted in compliance with the Court's Order of March 21, 2023, Doc. 2332.

I HEREBY CERTIFY that on this date I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Monitor, and the Special Master on the service list to be served by electronic means.

Respectfully submitted, this 31st day of March, 2023,

**STEVEN H. ROSENBAUM**
Chief, Special Litigation Section
Civil Rights Division

*s/ Luis E. Saucedo*
**TIMOTHY D. MYGATT**
Deputy Chief
**LUIS E. SAUCEDO** (G01613)
**JORGE CASTILLO** (G02912)
**KATHERINE CHAMBLEE-RYAN** (G03515)
Trial Attorneys
U.S. Department of Justice
Special Litigation Section
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 598-0482
Fax: (202) 514-4883

luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov
katherine.chamblee-ryan@usdoj.gov

Attorneys for the United States