IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 12-2039 (FAB) |

**ORDER**

The Commonwealth's "Motion for Reconsideration," filed on May 4, 2023 in response to the Court's order regarding the appointment of Mr. Christopher Graham as a Financial Oversight Officer to the reform (Docket Nos. 2405 and 2406), is **GRANTED in part and DENIED in part.**

In its motion for reconsideration, the Commonwealth sets out some needed actions in support of the financial management of reform-related expenditures. It also describes the parties' and the Monitor's Team's consensus on the immediate need for collaboration by the parties, the Monitor's Team, and the Office of Special Master to finalize the draft protocol regarding reform related expenditures. The Court commends the Commonwealth for recognizing some of the steps it needs to take on this critical issue.

As grounds for its reconsideration of the Court's order appointing a Financial Oversight Officer, the Commonwealth simply states that the appointment at this time is premature and not "the natural progression" of when the Court should make such an appointment. It is precisely the Commonwealth's "natural progression" in terms of the reform that this Court is addressing. As the Commonwealth notes in its motion, the draft protocol on the use of the reform budget was submitted in September of 2022, seven months ago, with virtually no progress on it since then. Only now, with the prospect of court-ordered oversight looming, does the Commonwealth find it necessary to proceed quickly to finalize the protocol. This well illustrates that the Commonwealth's "natural progression" is proceeding too slowly, and that a Financial Oversight Officer is sorely needed now.

To be clear, and contrary to what many who have already commented on the Court's order without any knowledge of the efforts, however slow, being taken to reform the police, the Court's order does not place the police bureau in a receivership.[1] Mr. Graham was appointed to, among other matters, support the efforts of the parties and the Monitor's Team to draft, complete and implement the protocol regarding reform-related expenditures,

---

[1] To be sure, a receivership has always been a possibility since the undersigned took over this 12-year old case.

Civil No. 12-2039 (FAB)                                                    3

which as the Court and the United States have noted, includes the entire police bureau budget. In addition to his supporting role, Mr. Graham will report progress and any challenge he may encounter directly to the Court. As noted by the Commonwealth in its motion, its exchange with Mr. Graham in his role of auditor has been nothing but positive and productive (Docket No. 2406, paragraph 3.) Mr. Graham's appointment will leverage that success and continue it into the future.

Accordingly, the Commonwealth's motion for reconsideration of the Court's order appointing a Financial Oversight Officer is **DENIED**.

The Commonwealth's request that the Court order the parties and the Monitor's Team to complete the process of finalizing the protocol regarding reform-related expenditures is **GRANTED**. The parties and the Monitor's Team, in coordination with Mr. Graham and the Special Master, will immediately resume efforts to complete the protocol and shall submit an agreed-upon draft to the Court **no later than June 1, 2023.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 5, 2023.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE