IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT,<br><br>      Defendants. | NO. 12-cv-2039 (FAB) |

### AMENDED ORDER ENJOINING PARTICIPATION IN TRAINING PROGRAM AND TAKING EXAM FOR PROMOTION TO CAPTAIN

On December 14, 2023, the Monitor filed its Ninth Report of the Puerto Rico Police Bureau's ("PRPB") compliance status with the court-approved "Agreement for the Sustainable Reform of the Puerto Rico Police Department" ("Agreement") covering the period from April 2023 through September 2023.  See Dockets No. 60, 61, and 2541.

In this report, the Court learned of certain instances where the PRPB had bypassed the requirements of paragraph 17 of the Agreement.  See Docket No. 2541-1 at 18-19. The instances are cases in which twelve (12) separate and active administrative appeals were filed before the Public Service Appeals Commission ("CASP" for its acronym in Spanish) following the PRPB's denial to reconsider the exam scores in the written section of the 2015 captain promotional examination taken by several officers. Id.

The Monitor stated in his report that PRPB has settled some of these appeals. Id. at 18. The Monitor, however, was unaware of the relevant facts that led to these administrative appeals, except that, during a videoconference held on November 20, 2023, the Monitor, the plaintiff, and the Special Master learned from the Department of Public Safety that: (i) the administrative appeals had been pending for almost eight (8) years; (ii) the CASP had imposed several sanctions on the PRPB, including entries of default against the PRPB for lack of prosecution and violation of CASP's orders; (iii) the Department of Public Safety feared that losing these appeals could have an unfavorable fiscal impact, such as being ordered to retroactively award back pay for eight (8) years; and (iv) given these procedural facts, the Department of Public Safety negotiated settlement agreements with twelve (12) appellant-officers ("Appellants"), by which each would be randomly awarded up to six (6) points in the exam, thus obtaining a passing grade for promotion to captain.  In exchange the Appellants would waive any right to continue with their claims for back pay. See Docket No. 2541-1 at 19.  This settlement, in turn, would allow the PRPB to promote the Appellants to the rank of Captain and avoid further litigation.  Id.

The monitor's Ninth Report also indicates that, upon being made aware of this information during the November 20th videoconference, plaintiff United States, the Special Master, and

the Monitor raised concerns about potential violations of paragraph 17 of the Agreement. Id. According to the Monitor, no objective or substantive criteria was taken into consideration when granting the Appellants the necessary points to pass the 2015 Captain promotional examination, thus arbitrarily yielding a passing grade in fear of an unfavorable outcome of the appeals. Id. Defendants' decision to settle was pressed by their failure to adequately defend the appeals and comply with CASP's orders. Id.

Pursuant to paragraph 17 of the Agreement, The Monitor requested that the defendants, during the November 20th videoconference, provide a memorandum documenting the facts of these twelve cases, and the validity of the settlement agreements. The defendants failed to comply with the Monitor's request. The Monitor then rated the PRPB as partial compliant with paragraph 17. He then forewarned that, if indeed, these Appellants are promoted without complying with paragraph 17 then in the next reporting period (CMR-10) the PRPB's rating under paragraph 17 would be rated as not compliant.

The Court raised concerns about the foregoing matter during the status conference held on January 25, 2024. Defendants informed during the hearing that they would not promote the Appellants until such time as the Court could make a final decision about this issue. The defendants then requested, and the Court granted, sixty (60) days to produce the relevant information

3

necessary about these appeals so the plaintiff, the Special Master, and the Monitor could make the proper recommendations to the Court.

During the Monitor's February site visit, he learned that ninety-one (91) police officers had passed the captain's promotion exam administered on February 10, 2024, and are scheduled to begin a forty (40) hour training period on February 26, 2024. Upon finishing the training period, the officers are scheduled to take an exam which, if passed, will award them fifteen (15) additional points to be considered as part of the final promotion approval process. The Monitor then visited the Police Academy to review the training program and materials.

The Monitor, however, while reviewing the number of officers taking the training at the Police Academy learned that one hundred three (103) officers, rather than the ninety-one (91) who had recently passed the exam, were registered for the training and the exam. After questioning this discrepancy, the Monitor was informed at the Policy Academy that the defendants had agreed to allow the Appellants to participate in this training and to take the exam. The defendants had not previously informed the plaintiff, the Special Master, the Monitor, and the Court of this decision.

Paragraph 16 of the Agreement states:

> PRPD shall ensure that its supervisor selection process is lawful, fair, and consistent with generally accepted policing practices and anti-discrimination laws. PRPD shall develop objective selection criteria to ensure promotions are based on knowledge, skills, and abilities

4

that are required to perform supervisory and management duties successfully in core substantive areas. PRPD shall provide clear guidance on promotional criteria, and prioritize effective, ethical, and community-oriented policing as criteria for promotion. These criteria should account for experience, civil rights and discipline record, training, and skills.

Paragraph 17 of the Agreement states:

PRPD shall utilize competitive written examinations as a component of the selection process to award promotions through the rank of Captain. Written promotion examinations shall conform to generally-accepted professional standards for test validity and security and be designed to evaluate qualifications that are job related and consistent with business necessity. PRPD shall develop these examinations in consultation with the TCA [the Monitor] based on generally accepted policing practices and in compliance with anti-discrimination laws.

During the January 25th hearing, the defendants requested sixty (60) days to produce the necessary facts and documents that led them to decide to settle with the Appellants, but committed not to enforce any promotion until the Court made a final decision. Never did the defendants inform, during the status conference or thereafter, that they had granted the Appellants permission to participate in the training program and take the exam.

Only qualified officers who have passed a captain promotional written exam in compliance with paragraph 17 shall be made part of the training program which starts on February 26, 2024. The defendants should have met and conferred with the plaintiff, the Special Master, and the Monitor before making this decision so they, in turn, could make the proper recommendations to the Court.

Pursuant to paragraph 294 of the Agreement (Docket No. 60 at 98), the Court has jurisdiction to construe and enforce the Agreement. Based on the facts above, the Court finds that the defendants have not demonstrated that the Appellants are qualified candidates to be promoted to the rank of Captain or who should participate in next week's training or the taking of the exam. Accordingly, the Court ORDERS and ENJOINS the defendants from allowing the Appellants to participate in the training program scheduled to begin on February 26, 2024, or to take the exam thereafter. The defendants have failed to provide a plausible basis and grounds under paragraphs 16 and 17 of the Agreement and the applicable PRPB's promotions protocol to allow the Appellants to participate in the training or take the exam. Furthermore, the defendants shall SHOW CAUSE, on or before March 31, 2024, with the reasons why the Court should not PERMANENTLY ENJOIN the defendants from enforcing the settlement agreements already executed with some of the Appellants, considering that these settlement agreements might be inconsistent and in violation of paragraphs 16 and 17 of the Agreement.

IT IS SO ORDERED.

In San Juan, Puerto Rico February 23, 2024.

s/ FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE