## Gartner, Inc. Master Consulting Services Agreement

This Agreement, dated as of ___29___ JUNE 2023 (the "Effective Date"), is between Gartner, Inc., a corporation organized under the laws of Delaware with principal place of business at 56 Top Gallant Road, Stamford, CT 06904 ("Gartner"), and **OFFICE OF THE FPMPR LLC** ("Client") a Puerto Rico limited liability company with offices located at VIG Tower PH-924, 1225 Ave. Juan Ponce de León, San Juan, Puerto Rico and postal address at B5 Calle Tabonuco Suite 205 Guaynabo, PR 00968 which appears herein pursuant to the authority vested by the U.S. District Court for the District of Puerto Rico in paragraph 275 of the Agreement for the Sustainable Reform of the Puerto Rico Police Department ("Reform Agreement") filed in *United States of America v. Commonwealth of Puerto Rico*, Civil No. 12-2039 (FAB) ("Reform Case") and for the ultimate benefit of the Puerto Rico Police Department ("PRPB") and sets forth the terms and conditions for the provision of consulting and/or benchmarking services to be performed by Gartner for Client (collectively, the "Services").

1. Scope of Services. This Agreement is applicable to all Services provided by Gartner during the term of this Agreement, which Services are set forth in a Statement of Work executed by the parties in accordance with Section 2. The actual work to be performed by Gartner in any specific engagement, and the fees to be paid by Client for such engagement, will be set forth in the applicable Statement of Work. Payment to Gartner shall be made through funds deposited by the Commonwealth of Puerto Rico to an interest-bearing account of the U.S. District Court, as authorized by Court Order, for the payment of services provided by the Client in the Reform Case. The Reform Agreement, the Stipulated Order (Docket # 139), together with any other relevant order or stipulation issued in the Reform Case (and which Gartner confirms to have received) is incorporated by reference in this Agreement.

2. Statements of Work. Statements of Work shall mean documents signed by Gartner and the Client, following the written consent of the PRPB and the United States of America, through the U.S. Department of Justice, Civil Rights Division ("USDOJ") that contain at least the following elements for each engagement: the scope of the Services, the deliverables to be provided by Gartner (the "Deliverables"), specific responsibilities of PRPB and the Client, and the fees and payment schedule for the Services. The parties may make changes to the Statement of Work provided both parties agree to the changes in writing.

3. Term of Agreement. This Agreement shall remain in effect for a period of two (2) years unless terminated by Gartner or the Client in accordance with the Termination provisions contained herein. Upon completion of the initial term and at the discretion of the Client, this agreement can be extended for additional one-year increments.

4. Termination. (a) Gartner or the Client may upon giving ten (10) business days' written notice identifying specifically the basis for such notice, terminate an individual SOW issued via this Agreement for breach of a material term and/or condition of this Agreement, provided the other party shall not have cured such breach within the ten (10) business day cure period.

(b) Gartner or the Client may terminate this Agreement for its convenience upon thirty (30) calendar day's written notice to the other. In the event of such termination, Gartner shall be entitled to payment of all fees incurred prior to the effective date of such termination, unless

Gartner has incurred in a material breach of this Agreement. All provisions of this Agreement which are by their nature intended to survive the expiration or termination of this Agreement for breach and/or convenience shall survive such expiration or termination.

5. <u>Term of Statements of Work.</u> Except as set forth below, each individual Statement of Work once executed is non-cancelable and shall remain in effect until the Services specified have been completed by Gartner and accepted by the Client and PRPB in accordance with the provisions of this Agreement.

6. <u>Effect of Termination.</u> Upon termination of this Agreement, Gartner shall complete the Services under all Statements of Work in process as of the effective date of termination. The provisions of this Agreement shall continue to apply to all ongoing Statements of Work.

7. <u>Intellectual Property.</u> (a) Gartner shall retain sole and exclusive ownership of its preexisting tools, methodologies, questionnaires, and proprietary research and data, together with all intellectual property rights therein (the "<u>Gartner Materials</u>"). Gartner grants to Client a perpetual, non-exclusive, royalty-free license to use Gartner Materials embodied in any Deliverable(s) which Client has paid applicable fee. Additionally, Client is hereby granted the right to transfer its rights in a Deliverable(s) to PRPB and/or USDOJ as designated in an individual SOW, subject to the limitations set forth in Section 8 below.

(b) Nothing contained in this Agreement shall preclude Gartner from rendering services to others or developing work products that are competitive with, or functionally comparable to, the Services. Gartner shall not be restricted in its use of ideas, concepts, know-how, data, and techniques acquired or learned while performing the Services, if Gartner shall not use or disclose any of Client's confidential information, as defined in Section 8 and pursuant to paragraphs 269 and 270 of the Reform Agreement. Gartner, however, shall disclose, as a condition precedent to executing this Agreement, any conflicts of interest, or appearance thereof, to the Client, PRPB and USDOJ in accordance with paragraph 276 of the Reform Agreement.

(c) With respect to any benchmarking Services performed by Gartner (if any), Client acknowledges that (i) the contents of the Benchmarking Report (as defined in the Statement of Work) and other deliverables are based upon information which is proprietary to Gartner and contained in Gartner's proprietary database, (ii) the contents of the database belong to Gartner solely, (iii) Client's data will become part of the database, (iv) Gartner will code any presentation of Client's data to preserve Client's anonymity, and (v) the database will be used by Gartner in future consulting and benchmarking engagements.

(d) Client shall retain its rights in any proprietary material that Client supplies to Gartner. If Client provides Gartner with materials owned or controlled by Client or with use of, or access to, such materials, Client grants to Gartner all rights and licenses that are necessary for Gartner to fulfill its obligations under each Statement of Work.

8. <u>Use of Deliverables.</u> Unless the Deliverable is a Request for Proposal (RFP) or similar document intended to be distributed by Client, Client shall not make the Deliverables available, in whole or in part, to anyone outside of Client or quote excerpts from the Deliverables to the

public (except the parties of the Reform Agreement, namely, PRPB and USDOJ and the U.S. District Court), without the prior written consent of Gartner. Notwithstanding the foregoing, the Parties may share the Deliverables with (i) its outside auditors and/or accountants, (ii) third parties who have signed appropriate confidentiality agreements with Client who are engaged by Client to review or implement suggestions or to further research the issues contained in the Deliverables, and (iii) governmental or regulatory bodies as required by law.

9. <u>Confidentiality</u>. In addition to the obligations under paragraphs 269 and 270 of the Reform Agreement the Parties to this Agreement agree: (a) to keep confidential and not to use or disclose to any third parties any non-public business information of the other party learned or disclosed in connection with each Statement of Work, including the Gartner Materials. The obligation of the parties with respect to the Confidential Information shall terminate with respect to any particular portion of the Confidential Information if and when: (i) it is in the public domain at the time of its communication; (ii) it is developed independently by the receiving party without use of any confidential information; (iii) it enters the public domain through no fault of the receiving party subsequent to the time of the disclosing party's communication to the receiving party; (iv) it is in the receiving party's possession free of any obligation of confidence at the time of the disclosing party's communication; (v) it is communicated by the disclosing party to a third party free of any obligation of confidence; or (vi) the receiving party has the disclosing party's written permission. This confidentiality provision shall not apply to Gartner's invoices which need to be submitted, through the Client, to the U.S. District Court for payment under the Stipulated Order at Docket No. 139 of the Reform Case. Furthermore, the status and progress of Gartner's work may be subject to disclosure to the U.S. District Court by the Client, PRPB and/or USDOJ.

(b) Each party shall provide notice to the other of any demand made upon it under lawful process to disclose or provide any of the other party's confidential information. The receiving party agrees to cooperate with the disclosing party, at the disclosing party's expense, if the disclosing party elects to seek reasonable protective arrangements or oppose such disclosure. Any confidential information disclosed pursuant to such lawful process shall continue to be confidential information.

10. <u>Warranties</u>. (a) Client warrants that Gartner's use of any materials furnished by Client in connection with a Statement of Work does not infringe any copyright, trademark, trade secret or other right of any third party.

(b) Gartner warrants that the Deliverables, in the form provided to Client, do not infringe any copyright, trademark, trade secret or other right of any third party.

(c) ALL SERVICES ARE PROVIDED ON AN "AS IS" BASIS. GARTNER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, STATUTORY OR OTHERWISE, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THE INFORMATION IN THE DELIVERABLES HAS BEEN OBTAINED FROM SOURCES THAT GARTNER BELIEVES TO BE RELIABLE. ALL DELIVERABLES SPEAK AS OF THE DATE OF DELIVERY TO THE CLIENT. GARTNER HAS NO OBLIGATION TO ADVISE CLIENT OF ANY CHANGE IN THE INFORMATION OR VIEWS CONTAINED IN THE DELIVERABLES.

11. <u>Limitation of Liability</u>. (a) Gartner and Client shall not be liable for any consequential, indirect, special, or incidental damages, such as damages for lost profits, business failure or loss arising out of use of the Deliverables or the Services, whether advised of the possibility of such damages. Except for liability for personal injury or death or for damage to property caused by the negligence or willful misconduct of Gartner or its employees, Gartner's total liability arising out of this Agreement and the provision of the Services shall be limited to the fee paid by Client under the Statement of Work under which such liability arises.

Pursuant to paragraph 260 of the Reform Agreement, the Client shall not be liable for any claim, lawsuit, or demand arising out of the Client's performance in this Agreement.

(b) Except for actions by Gartner for payment, no action or proceeding arising out of this Agreement may be brought more than four years after the events giving rise thereto pursuant to article 1203 of the Puerto Rico Civil Code, P.R. Laws Annot. Tit 31 §9495.

12. <u>Fees and Expenses.</u> (a) The fees due Gartner in connection with each Statement of Work are set forth in the Statement of Work and are exclusive of any applicable sales or use taxes, local taxes, income taxes, GST, QST, VAT, or any direct tax withholdings required by applicable law. Each payment by or on behalf of the Client pursuant to this Agreement, shall be made without reduction for or withholding of any present or future taxes, levies, imposts, duties, assessments, fees, or other charges imposed by any governmental authority, including any interest, penalties, or additions to tax applicable thereto (collectively, "Taxes"), insofar as the Statement of Work will be substantially performed in Gartner's principal place of business. Gartner, however, hereby agrees to release, discharge, indemnify, and defend the PRPB, the Client, and USDOJ from any liability arising out of any Taxes claimed by any local or federal tax agency arising out of the Statement of Work of this Agreement.

(b) Client agrees to review, approve, and pay, if applicable and subject to approval by the U.S. District Court, all reasonable travel-related expenses incurred by Gartner in connection with the Services. Gartner shall not charge for travel time or first class/business travel fares. Out-of-pocket expenses related to travel and subsistence will be billed at the actual amount incurred and are not included in the professional fee applicable to each Statement of Work. Gartner will invoice monthly for travel and subsistence expenses incurred in the prior month.

(c) If any aspect of the Services or the Deliverables require court-mandated appearances in the Reform Case, Client agrees to pay all reasonable fees incurred by Gartner in connection with such court appearance, including reasonable preparation for the court appearance, but subject to approval by the U.S. District Court.

13. <u>Indemnification</u>. Gartner shall indemnify, defend and hold harmless the PRPB, USDOJ and the Client and their respective employees, directors, officers, principals and agents, from and against any third party claims, demands, loss, damage or expenses (including reasonable attorney's fees and court costs) relating to bodily injury or death of any person or damage to real and/or tangible personal property directly caused by the negligence or willful misconduct of

Gartner, its personnel, or agents during the course of the performance of Services under this Agreement.

Upon notification of a claim against Client, alleging any Deliverable infringes a copyright, US patent or trade secret of any third party, Gartner will defend such claim at its expense and will pay any costs or damages that may be finally awarded against the Client. Gartner will not indemnify Client however, if the claim of infringement is caused by (1) Client's misuse or modification of the Deliverable; (2) Client's failure to use corrections or enhancements made available by Gartner; (3) Client's use of a Deliverable in combination with any product or information not owned or developed by Gartner. If any Deliverable is, or in Gartner's opinion is likely to be, held to be infringing, Gartner shall at its expense and option either; (a) procure the right for Client to continue using it, (b) replace it with a non-infringing equivalent, (c) modify it to make it non-infringing, or (d) direct the return of the Deliverable and refund to Client the fees paid for such Deliverable.

14. <u>Acceptance of Deliverables</u>. All Deliverables provided by Gartner to Client shall be deemed to be accepted within 30 days of receipt by Client unless Gartner receives written notice of non-acceptance within 30 days after delivery. Any notice of non-acceptance must state in reasonable detail how the Deliverables did not conform to the Statement of Work and Gartner shall use its reasonable business efforts to correct any deficiencies in the Deliverables so that they conform to the Statement of Work. Payment for Services is subject to the consent of the Parties of the Reform Case, the Client, and the U.S. District Court.



15. <u>Employee Hiring</u>. Client acknowledges that Gartner has invested substantial time and expense in recruiting, hiring, training, and retaining employees. Client agrees not to hire any of Gartner's employees or agents who are involved with the Services during the term of this Agreement and for 12 months thereafter, without Gartner's prior written consent. For purposes of this section "to hire" means to hire as an employee or otherwise to engage or retain as an independent contractor or consultant.

16. <u>Assignment</u>. Except as expressly granted herein, Gartner may not assign any rights or delegate any obligations under this Agreement. However, Gartner, with the prior written consent of the PRPB and the Client, which consent shall not be unreasonably withheld, may assign any rights or obligations under this Agreement to any of its affiliates, subsidiaries, and/or a successor entity. Any assignment in violation of this Agreement is void. This Agreement shall be binding upon the successors, legal representatives and permitted assigns of the parties.

17. <u>Force Majeure</u>. Neither party shall be in default of any obligation under this Agreement to the extent performance of such obligation is prevented or delayed by a Force Majeure Event. For purposes of this section, Force Majeure Events include fire, flood, explosion, strike, war, insurrection, embargo, government requirement, act of civil or military authority, act of God, or any similar event, occurrence or condition which is not caused, in whole or in part, by that party, and which is beyond the reasonable control of that party. The parties shall take all reasonable action to minimize the effects of a Force Majeure Event. If a Force Majeure Event prevents or delays the performance of a party for 30 days, the other party shall have the right to terminate the affected Statement of Work upon written notice at any time before performance resumes.

18. <u>Publicity</u>. Neither party shall use the name of the other party in any announcements, press releases or advertisements, or for any commercial purpose, without the prior written consent of the other, except that Gartner may name Client in client listings and Gartner's scope and progress of its services and invoices may be subject to public filings in the Reform Case.

19. <u>Independent Contractors</u>. The relationship of the parties is that of independent contractors. Each party, its employees and agents, shall not be deemed to be employees, agents, joint venturers or partners of the other and shall not have the authority to bind the other.

20. <u>No Third-Party Beneficiaries</u>. This Agreement is for the benefit of the Client. None of the provisions of this Agreement are for the benefit of, or enforceable by, any third party, except the Parties to the Reform Case. It is the intention of Gartner and Client that no third party shall have the right to (i) rely on the Services provided by Gartner, or (ii) seek to impose liability on Gartner as a result of the Services or any Deliverables furnished to Client.

21. <u>Entire Agreement</u>. This Agreement, together with the Statements of Work, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior documents and agreements, and shall not be effective until accepted by the Parties.

22. <u>Amendments/Controlling Document</u>. If, by mutual agreement, changes to the provisions of this Agreement are necessary, such changes shall be made by a written amendment signed by the Parties. The provisions of this Agreement shall control any inconsistencies with any Statements of Work unless otherwise specifically agreed by the Parties in writing by referencing the provision of this Agreement being modified.

23. <u>Severability</u>. If any provision of this Agreement or a Statement of Work is found to be unenforceable in any jurisdiction, the balance of this Agreement and the Statement of Work shall not be affected by the unenforceable provision, and such provision, shall, if feasible, be modified in scope so that it becomes enforceable.

24. <u>Disputes</u>. Any dispute arising out of or relating to this Agreement shall be decided by the U.S. District Court, District of Puerto Rico pursuant to the laws of the Commonwealth of Puerto Rico.

25. <u>Notices</u>. All notices required or permitted under this Agreement shall be in writing and sent by hand delivery, courier, or certified mail, return receipts requested, to the other party's address set forth below. Notices shall be effective upon receipt. A party may change its address by giving written notice to the other party in accordance with this section.

| | |
|---|---|
| **If to Gartner:**<br>Gartner, Inc.<br>56 Top Gallant Road<br>Stamford, CT 06904 | **If to Client:**<br>Office of the FPMPR LLC<br>B5 Calle Tabonuco Suite 205<br>Guaynabo, PR 00968 |
| Attention: Jon Kashare | Attention: John Romero, Chief Federal Monitor |
| With a simultaneous copy to:<br>Legal Department<br>scott.lyon@gartner.com | With simultaneous copy to:<br>General Counsel, Roberto Abesada-Agüet<br>rabesada@fpmpr.org |

26. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico, without reference to conflict of law principles.

27. <u>Survival</u>. Sections 5, 6, 7, 8, 9, 10, 11, 13, 15, 16 and 24 shall survive any expiration or termination of this Agreement.

The parties have caused this Agreement to be executed by their authorized representatives, to be effective on the Effective Date.

[Signature page follows]

**GARTNER, INC.**

_____    6/29/2023
Authorized Signatory              Date

Scott Lyon, Dir. Legal Affairs
Name and Title


**OFFICE OF THE FPMPR, LLC**

_____    6/29/23
Signature                         Date

John Romeu   Chief Federal Monitor
Name and Title

Please return two signed originals of this Agreement to:

Contracts Administration Department
Gartner, Inc.
12600 Gateway Blvd
Fort Myers, FL 33913