UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　Defendants. | No. 12-cv-2039 (FAB) |

**[PROPOSED] STIPULATED ORDER RESOLVING THE ORDER TO SHOW CAUSE CONCERNING PARAGRAPHS 16 AND 17 OF THE CONSENT DECREE**

　　　　This Order resolves the pending Order to Show Cause in the Amended Order Enjoining Participation in Training Program and Taking Exam for Promotion to Captain. ("Amended Order," Doc. 2594). For the following reasons, the Court adopts the Court Monitor's findings in his Ninth Report (Doc. 2541-1), finds that Commonwealth Defendants violated Paragraphs 16 and 17 of the Consent Decree (Doc. 60), and adopts the alternate curative measures proposed by the Parties (Doc. 2638).

　　　　Having considered the Court Monitor's Ninth Report (Doc. 2541-1), Defendants' Motion in Compliance (Doc. 2610), the Court Monitor's Informative Motion (Doc. 2626), the Special Master's Informative Motion (Doc. 2633), and the Joint Motion Submitting Proposed Stipulated Order (Doc. 2638), and having been fully advised on the premises, the Court FINDS that:

　　　　1. Commonwealth Defendants granted points arbitrarily to 12 lieutenants of the Puerto Rico Police Bureau (PRPB) who took and did not pass a promotion examination in 2015. Commonwealth Defendants granted the points to settle appeals before the Puerto Rico Public Service Appeals Commission (CASP for its acronym in Spanish) brought by the lieutenants seeking promotion to the rank of captain in 2016. The points in the settlement agreements

allowed the lieutenants to pass the promotion examination and, in turn, allowed Commonwealth Defendants to promote them to avoid further litigation. CASP entered the settlement agreements as final resolutions in October and November 2023.

    2. Awarding points arbitrarily to permit candidates to pass required examinations for promotion at PRPB violates the Consent Decree. Paragraph 16 of the Consent Decree requires Commonwealth Defendants to "ensure that [PRPB's] supervisor selection process is lawful, fair, and consistent with generally accepted policing practices and anti-discrimination laws" and based on "objective selection criteria." (Doc. 60). Paragraph 17 requires Commonwealth Defendants to use "competitive written examinations as a component of the selection process to award promotions through the rank of Captain." (Id.) By awarding points for promotion in an arbitrary, capricious, or discriminatory manner, Commonwealth Defendants violated the Consent Decree, hindered the selection of qualified supervisors at PRPB, and undermined confidence in current and future promotions.

    3. Commonwealth Defendants do not dispute the facts presented by the Court Monitor in his Ninth Report regarding the points awarded to the 12 lieutenants. Nor have Commonwealth Defendants shown good cause why they should not be permanently enjoined from enforcing the CASP settlement agreements. The March 2024 analysis conducted by a committee established by the DPS Secretary and PRPB Commissioner after CASP entered final resolutions in the appeals is unsuccessful. (See Doc. 2610, at 3-7). The lieutenants' work experience outlined by Commonwealth Defendants also provides no refuge because Defendants cannot rely on experience alone to confer promotions under Paragraphs 16 and 17. (See id. at 7-11).

4. The proposed stipulated order is the product of good-faith negotiations between the Parties with the assistance of the Court Monitor and Special Master that began following the Order to Show Cause and incorporates the curative measures proposed by Commonwealth Defendants (Doc. 2610, at 3, 11-14) and endorsed by the Court Monitor (Doc. 2626, at 3-4). It is intended to cure and prevent future noncompliance by Commonwealth Defendants and provides an appropriate remedy to compel compliance with the Consent Decree.

Accordingly, the Court hereby adopts the alternate curative measures proposed by the Parties, and FINDS and ORDERS as follows:

1. Commonwealth Defendants violated Paragraphs 16 and 17 of the Consent Decree by awarding points in an arbitrary manner to 12 lieutenants who did not pass the 2015 promotion examination for captain.

2. Commonwealth Defendants may proceed to execute the settlement agreements entered as final resolutions by CASP, including promoting the 12 lieutenants to captains, provided that Commonwealth Defendants take the following additional measures to ensure the 12 lieutenants demonstrate satisfactory performance as captains:

   a. Commonwealth Defendants shall require that the 12 lieutenants take an expanded training course regarding the duties, responsibilities, and expectations of captains prior to assuming such duties consisting of at least 80 hours, which is an increase from the standard, 40-hour training course for new supervisors. Commonwealth Defendants shall submit the training curriculum and plan to the United States, Court Monitor, and Special Master for review and approval prior to administering the training.

b. Commonwealth Defendants shall require that the 12 lieutenants take and pass a post-training test regarding the duties, responsibilities, and expectations of captains prior to assuming such duties. Commonwealth Defendants shall submit the post-training test and related materials to the United States, Court Monitor, and Special Master for review and approval prior to administering the test. Commonwealth Defendants shall also produce the post-training test results and scores to the United States, Monitor, and Special Master for review.

c. Commonwealth Defendants shall increase the number of performance evaluations of the 12 lieutenants from one to four times per year once the lieutenants are promoted to captain from the date of promotion for no less than two years. Commonwealth Defendants shall conduct the performance evaluations in accordance with the Consent Decree and policies approved by the Court Monitor. Commonwealth Defendants shall also produce the quarterly performance evaluations to the United States, Court Monitor, and Special Master within thirty calendar days of the end of each evaluation period.

d. Commonwealth Defendants shall extend the probationary period of the 12 lieutenants once the lieutenants are promoted to captain from six months to twelve months in accordance with applicable Commonwealth laws, regulations, and policies.

    e. Commonwealth Defendants shall submit written reports on at least a quarterly basis for the next two years from the date of this Order or as otherwise directed by the Court to the Court Monitor that include:

        (1) all new appeals involving PRPB promotions filed with CASP or other appellate entity, including the name of the appellant and the date of the appeal;

        (2) the status of all pending appeals involving PRPB promotions with CASP or other appellate entity, including notices of default, contempt motions filed, and contempt orders issued; and

        (3) the final resolution of all pending appeals involving PRPB promotions with CASP or other appellate entity, including the nature of the resolution and the date of the resolution.

3.   The Court hereby vests the Court Monitor, John Romero, with the supplementary authorities set forth in this Order. The Court Monitor has therefore immediate authority for the next two years from the date of this Order or as otherwise directed by the Court to:

    a. monitor the actions taken to adjudicate challenges to promotion examination questions by current and future promotion committees that are established under approved policies to administer promotion examinations through the rank of captain;

    b. require that current or future promotion committees produce for inspection all documents, materials, and information considered by the promotion committees to adjudicate challenges submitted by candidates who took the promotion examinations or by the candidates' authorized representatives;

    c. require that current or future promotion committees prepare written reports, memoranda, or letters justifying actions taken to adjudicate challenges to promotion examinations;

    d. review all adjudication decisions by current or future promotion committees involving the awarding or deducting of points to any candidate who took a promotion examination to determine whether to approve, reject, or modify the promotion committees' decisions;

    e. review all Commonwealth decisions to modify the passing score set forth in approved policies or protocols for any promotion examination to determine whether to approve, reject, or modify the decisions; and

    f. monitor the case management of all appeals involving PRPB promotions to CASP or other appellate entities to determine whether Commonwealth Defendants take timely action to resolve the appeals in accordance with the Consent Decree and this Court's related orders.

4. The Court Monitor may designate a member of the Monitoring Team to lead or assist in carrying out the supplementary authorities in this Order. The Court Monitor may also request additional resources necessary to carry out the supplementary authorities in this Order in accordance with the Consent Decree and this Court's related orders.

5. The Court Monitor shall include a description of work performed under the supplementary authorities conferred by this Order, including any findings, recommendations, or opinions regarding Commonwealth Defendants' compliance with the Consent Decree and this Order, in the Court Monitor's six-month reports in accordance with Paragraphs 251 and 252 of the Consent Decree.

6. If a party disagrees with a requirement or determination made by the Court Monitor under the supplementary authorities set forth in this Order, the party may seek this Court's intervention, provided that the party has notified the Court Monitor in writing regarding the disagreement and conferred in good faith with the other party and the Court Monitor to resolve the matter prior to petitioning the Court.

7. Nothing in this Order is intended to alter or modify the Consent Decree.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of April, 2024,

_____
SENIOR UNITED STATS DISTRICT JUDGE