IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>**v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 12-2039 (FAB) |

**ORDER FINDING THE COMMONWEALTH DEFENDANTS IN CIVIL CONTEMPT AND ESTABLISHING IMMEDIATE OVERSIGHT**

This Order resolves the pending Order to Show Cause in the Amended Order Enjoining Participation in Training Program and Taking Exam for Promotion to Captain. ("Amended Order," Docket No. 2594.) For the following reasons, the Court finds Commonwealth Defendants in civil contempt for violating Paragraphs 16 and 17 of the Consent Decree (Docket No. 60), and establishes alternate curative measures as proposed by the United States, and with suggestions by the Court Monitor and the Special Master.

Having considered the Court Monitor's Ninth Report (CMR-9) (Docket No. 2541), Defendants' Motion in Compliance (Docket No. 2610), the Court Monitor's Response (Docket No. 2626), Plaintiff's Response (Docket No. 2638), and having been fully advised on the premises, the Court FINDS that:

1.   Commonwealth Defendants granted points arbitrarily to 12 lieutenants of the Puerto Rico Police Bureau (PRPB) who took and did not pass an examination for promotion to the rank of captain in 2015.[1]  Commonwealth Defendants granted the points to settle appeals before the Puerto Rico Public Service Appeals Commission (CASP for its acronym in Spanish) brought by the lieutenants seeking promotion to the rank of captain in 2016.  The points in the settlement agreements allowed the lieutenants to pass the promotion examination and, in turn, allowed Commonwealth Defendants to promote them to avoid further litigation.  CASP entered the settlement agreements as final resolutions in October and November 2023.

During the latter part of 2023, the USDOJ, the Court Monitor and the Special Master first learned that 12 lieutenants

---

[1] The 12 lieutenants are:

    Olvin Aulet-Maldonado
    Héctor Natal-Santiago
    Edgardo González-Feliciano
    Mary Bell Maldonado-Ortiz
    Luis López-López
    Luis A. García-Castro
    Miguel González-Rodríguez
    Joaquín De la Cruz-Santiago
    Rosa M. Sánchez-Ortiz
    Javier Requena-Mercado
    Blanca Pérez-Colón
    Edgar Sánchez-Caro

had failed the 2015 examination for promotion to captain and had appealed their examination results to CASP.

During a November 20, 2023 videoconference, the Commonwealth Defendants first explained to the USDOJ, the Court Monitor and the Special Master the events that had transpired regarding the appeals to the 2015 captain promotional exam.  The Commonwealth Defendants explained that the 12 appeals had remained unresolved by the CASP for almost eight years.  During these eight years, during which the USDOJ, the Court Monitor and the Special Master were unaware that the lieutenants had failed the examination, CASP imposed several sanctions on PRPB, such as entries of default against PRPB.  These sanctions were done for various reasons, including failure to prosecute and to comply with CASP's orders.  In essence, the Department of Public Safety (DPS) feared that the loss of these appeals would have an unfavorable fiscal impact upon PRPB, such as being ordered to award back pay retroactively to the appellants for the eight years that had elapsed since the appeals were filed.  Given these facts, DPS negotiated settlement agreements with the appellants, whereby each appellant would be awarded up to six points, thus obtaining a passing grade; in exchange the appellants would waive any right to continue with their claims of back pay.  This would allow PRPB to promote the appellants to the rank of captain and avoid further

litigation.  These promotions would, however, run counter to paragraphs 16 and 17 of the Consent Decree.

Upon being made aware of this information in November, 2023, the USDOJ, the Special Master, and the Court Monitor raised their concerns with these violations to Paragraph 17 of the Consent Decree.  Paragraph 17 states that ". . . examinations shall conform to generally-accepted professional standards for test validity . . ."  During the November 20, 2023 videoconference, the Court Monitor, the Special Master, and the USDOJ were informed that no substantive criteria was taken into consideration when granting each appellant the necessary points to pass the 2015 captain promotional examination.  In other words, appellants were arbitrarily granted a passing grade and awarded additional points for fear of unfavorable fiscal effects.

In its semi-annual report, CMR-9, the Court Monitor disagreed with the Commonwealth Defendant's expressions that the examination conformed to "generally accepted professional standards," and that the events concerning the 2015 examination are in conflict with Paragraph 17 of the Consent Decree.  See CMR-9.  The Special Master and the Court concur with the Court Monitor.

2.  Awarding points arbitrarily to permit candidates to pass required examinations for any promotion through the rank of captain at PRPB violates the Consent Decree.  Paragraph 16 of the Consent

Decree requires Commonwealth Defendants to "ensure that [PRPB's] supervisor selection process is lawful, fair, and consistent with generally accepted policing practices and anti-discrimination laws" and based on "objective selection criteria." (Docket No. 60). Paragraph 17 requires Commonwealth Defendants to use "competitive written examinations as a component of the selection process to award promotions through the rank of Captain." (Id.) By awarding points to 12 lieutenants for promotion to the rank of Captain in an arbitrary, capricious, or discriminatory manner, Commonwealth Defendants violated the Consent Decree, hindered the selection of qualified supervisors at PRPB, and undermined confidence in current and future promotions at all levels.

3.  Commonwealth Defendants do not dispute the facts presented by the Court Monitor in his Ninth Report (CMR-9) regarding the points awarded to the 12 lieutenants. Nor have Commonwealth Defendants shown good cause why they should not be permanently enjoined from enforcing the CASP settlement agreements. The March 2024 analysis conducted by a committee established by the DPS Secretary and the PRPB Commissioner after CASP entered final resolutions in the appeals is unavailing. (See Docket No. 2610, at 3-7). The lieutenants' work experience outlined by Commonwealth Defendants also provides no refuge because Commonwealth Defendants cannot rely on experience alone to

Civil No. 12-2039 (FAB)                                                    6

confer promotions under Paragraphs 16 and 17 of the Consent Decree. (See id. at 7-11).

    4.    The United States' proposal on this Court's use of its equitable powers to cure and prevent future noncompliance by Commonwealth Defendants (Docket No. 2638), as reviewed and revised by the Court Monitor and the Special Master, provides an appropriate remedy to compel compliance with the Consent Decree and to purge the civil contempt finding.

Accordingly, the Court adopts the alternate curative measures proposed by the United States, as reviewed and revised by the Court, and ORDERS as follows:

    1.    Commonwealth Defendants are held in civil contempt for violating Paragraphs 16 and 17 of the Consent Decree by awarding points in an arbitrary manner to the 12 lieutenants who did not pass the 2015 promotion examination for captain.

    2.    Commonwealth Defendants may, however, proceed to execute the settlement agreements entered as final resolutions by CASP, including promoting the 12 lieutenants to captain, provided that Commonwealth Defendants take the following additional measures to ensure that the 12 lieutenants demonstrate satisfactory performance as captains:

        a.    Commonwealth Defendants shall require that the 12 lieutenants take an expanded training course consisting of at least

Civil No. 12-2039 (FAB)                                                    7

80 hours regarding the duties, responsibilities, and expectations of captains prior to assuming their duties as captains. This expanded training course is an increase from the standard, 40-hour training course for new supervisors. Commonwealth Defendants shall submit the training curriculum and plan to the United States, the Court Monitor, and the Special Master for review and approval prior to administering the expanded training.

      b.   Commonwealth Defendants shall require that, after the expanded training, the 12 lieutenants take and pass an examination regarding the duties, responsibilities, and expectations of captains prior to assuming those duties. Commonwealth Defendants shall submit the post-training examination and all related materials to the United States, the Court Monitor, and the Special Master for review and approval prior to administering the post-training examination. Commonwealth Defendants shall also produce the post-training examination results and scores to the United States, the Court Monitor, and the Special Master for review.

      c.   Commonwealth Defendants shall increase the number of performance evaluations of the 12 lieutenants from one time each year to four times each year for no less than two years after the date of their promotions, once the lieutenants are promoted to captain. Commonwealth Defendants shall conduct the performance

evaluations in accordance with the Consent Decree and policies approved by the Court Monitor in coordination with the Special Master. Commonwealth Defendants shall also produce the quarterly performance evaluations to the United States, the Court Monitor, and the Special Master within thirty calendar days of the end of each evaluation period.

      d.   Once the 12 lieutenants are promoted to captain, Commonwealth Defendants shall extend the probationary period of the 12 lieutenants from six months to twelve months, in accordance with applicable Commonwealth laws, regulations, and policies.

      e.   Commonwealth Defendants shall submit written reports on at least a quarterly basis for the two years from the date of this Order, or as otherwise directed by the Court, to the United States, the Court Monitor and the Special Master. The reports shall include:

      (1)  all new appeals involving all PRPB promotions through the rank of captain filed with CASP or other appellate entity, including the name of the appellant and the date of the appeal;

      (2)  the status of all appeals pending with CASP or other appellate entity, involving all PRPB promotions through the rank of captain, including notices of default, contempt motions filed, and contempt orders issued; and

(3) the final resolution of all appeals pending with CASP or other appellate entity, involving all PRPB promotions through the rank of captain including the nature of the resolution and the date of the resolution.

3. The Court vests the Court Monitor and the Special Master, with the supplementary authorities set forth in this Order. The Court Monitor and the Special Master, in coordination with each other, therefore have immediate authority for the two years from the date of this Order, or as otherwise directed by the Court, to:

a. oversee the actions taken to adjudicate challenges to promotion examination questions by current and future promotion committees that are established under approved policies to administer all promotion examinations administered for all ranks through the rank of captain;

b. require that current or future promotion committees produce for inspection all documents, materials, and information considered by the promotion committees to adjudicate challenges submitted by candidates who took promotion examinations for all ranks through the rank of captain, or by the candidates' authorized representatives;

c. require that current or future promotion committees prepare written reports, memoranda, or letters justifying actions

taken to adjudicate challenges to all promotion examinations for all ranks through the rank of captain;

   d. review all adjudication decisions by current or future promotion committees involving the awarding or deducting of points to any candidate who took an examination for promotion to all ranks through the rank of captain, to determine whether to approve, reject, or modify the promotion committees' decisions;

   e. review all Commonwealth decisions to modify the passing score set forth in approved policies or protocols for any examination for promotion to any rank through the rank of captain, to determine whether to approve, reject, or modify the decisions; and

   f. monitor the case management of all appeals to CASP or other appellate entities involving PRPB promotions for all ranks through the rank of captain, to determine whether Commonwealth Defendants take timely action to resolve the appeals in accordance with the Consent Decree and this Court's related orders.

  4. The Court Monitor and the Special Master may each designate a member of their Monitoring Teams to lead or assist in carrying out the supplementary authorities contained in this Order. The Court Monitor and the Special Master may also request additional resources necessary to carry out the supplementary

Civil No. 12-2039 (FAB)                                                       11

authorities contained in this Order in accordance with the Consent Decree and this Court's related orders.

5.  The Court Monitor, in coordination with the Special Master, shall include a description of work performed under the supplementary authorities conferred by this Order, including any findings, recommendations, or opinions regarding Commonwealth Defendants' compliance with the Consent Decree and this Order, in the Court Monitor's six-month reports prepared in accordance with Paragraphs 251 and 252 of the Consent Decree.

6.  If a party disagrees with a requirement or determination made by the Court Monitor in coordination with the Special Master under the supplementary authorities set forth in this Order, the party may seek this Court's intervention, provided that the party has notified the Court Monitor and the Special Master in writing regarding the disagreement and has conferred in good faith with the other party and the Court Monitor and the Special Master to resolve the matter prior to petitioning the Court.

7.  Nothing in this Order is intended to alter or modify the Consent Decree.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 26, 2024.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE