IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>            **v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    **Defendants.** | Civil No. 12-2039 (FAB) |

**ORDER**

The Court takes judicial notice that Puerto Rico's current governor, Hon. Pedro R. Pierluisi, lost the primary election held on June 2, 2024.  This event, in turn, will necessarily result in a change in the government's administration in January, 2025, no matter which candidate wins the November, 2024 elections.[1]  "An electoral change in the State government standing alone, however, does not warrant modification if the consent decree is limited to reasonable and necessary implementations of federal law." Grier v. Goetz, 402 F. Supp. 2d 876, 891 (M.D. Tenn. 2005), order clarified, 421 F. Supp. 2d 1080 (M.D. Tenn. 2006).

---

[1] The Court is cognizant that "[a] State, in the ordinary course, depends upon successor officials, both appointed and elected, to bring new insights and solutions to problems of allocating revenues and resources." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 442, 124 S. Ct. 899, 906, 157 L. Ed. 2d 855 (2004).

There are also several civilian contracted personnel and vendors whose contracts expire on June 30, 2024 and have not been either extended or renewed.

To this end, the Court's interest is that no delays, interruptions, or violations of orders occur if the contracts due to expire on June 30, 2024 are not renewed or extended, or because of a change in administration.  See id. (holding that no delays, interruption or violations of orders occur is "reasonable and necessary implementatio[n] of federal law".)  Indeed, the Commonwealth of Puerto Rico, through the Puerto Rico Police Bureau ("PRPB") and the Department of Public Safety ("DPS"), have in open court "repeatedly recognized . . . that the government's top priority is the safety and security of the people of Puerto Rico." See Docket No. 2008 at 5, Order dated April 27, 2022.

Continuous compliance of the consent decree and court orders, including but not limited to, the court-approved Information Technology Action Plan (Docket No. 2023), the three Implementation Plans filed at Docket No. 2482, and the Reform Compliance Plan (Docket Nos. 2557-2558) is crucial to bring this 12-year-old case to a successful conclusion.  The Reform Compliance Plan, for instance, has many high-ranking police officers and several vendors that the Commonwealth of Puerto Rico has identified as key persons responsible to achieve compliance with specific paragraphs

of the consent decree.  See Docket No. 2559.  The Court needs to ascertain whether this list of individuals and vendors may change after the November 2024 elections and the change in administration in January, 2025.

Also, a number of these important civilian contracted personnel and vendors whose contracts expire on June 30, 2024 have not yet been extended or renewed.  The renewal or extension of these contracts are necessary for the Puerto Rico Police Bureau's reform and progress under the consent decree.

In view of the above, and to ensure continued progress in the case:

1.   The defendants are **ORDERED** to identify and produce to the Monitor, the Special Master, and plaintiff United States a list of all professional service and vendors contracts that are related to the consent decree that expire on June 30, 2024 **no later than Tuesday, June 25, 2024.**  The list shall contain those contracts that will be extended or renewed before June 30, 2024. For those contracts that defendants determine will not be renewed, the defendants shall provide a short explanation with the reasons why they will not be renewed.  The Court will address this matter in the upcoming status conference scheduled on June 27, 2024 and make any ruling, if necessary, based on the recommendations

Civil No. 12-2039 (FAB)                                                          4

provided by the Monitor and Special Master and the parties' arguments.

    2.  The Court also **ORDERS** the parties, the Monitor, and the Special Master to meet and file by **July 19, 2024** a joint motion identifying (1) the key PRPB individuals who should remain in the case, and (2) those outside persons and vendors who should be retained in the case beyond the end of the current government administration.  Once the Court receives the joint motion, it will in due course enter a transition order prior to the upcoming elections.  See, e.g., Docket No. 1614.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, June 21, 2024.

                                             s/ Francisco A. Besosa
                                             FRANCISCO A. BESOSA
                                             SENIOR UNITED STATES DISTRICT JUDGE