IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO and the PUERTO RICO POLICE DEPARTMENT,<br><br>Defendants. | NO. 3:12-cv-2039 (FAB) |

## INFORMATIVE MOTION IN COMPLIANCE WITH ORDER AT ECF. NO. 2698

**TO THE HON. FRANCISCO A. BESOSA, SENIOR U.S. DISTRICT JUDGE:**

John Romero, in his capacity as Chief Federal Police Monitor, and Dr. Alejandro Del Carmen, Special Master, hereby comply with the Court's order at ECF No. 2698 as follows:

1. On July 19, 2024, the parties filed a "Joint Motion in Compliance with the Court's Order at Docket 2672 regarding Reform-Related Essential Personnel". See ECF No. 2697.

2. The parties informed in this motion about the list of reform-related contracts, vendors and essential personnel that should be considered as part of the Court's upcoming transition order. The parties further informed that they had reached an agreement:

> "[O]n all but one individual proposed by the Commonwealth. The individual serves as the DPS General Counsel. Exhibit A represents the consensus list of essential personnel agreed-upon by the parties, Monitor and Special Master. Exhibit B represented the disputed list with the DPS General Counsel. The parties are prepared to brief the dispute for the Court's resolution if the Court wishes."

See ECF No. 2697 at 3, ¶3.

3. The Monitor and the Special Master had concurred with this joint motion. Id., at 1.

4. The Court then ordered the plaintiff, the Special Master, and the Monitor to respond to the joint motion by Monday, August 5, 2024. See ECF No. 2698.

5. In compliance with the foregoing order, the Monitor and Special Master ratify their concurrence with the parties' joint motion filed at ECF No. 2697.

6. In addition, the Monitor and Special Master discussed with the parties, during the section 253 meeting held on July 31, 2024, whether DSP's General Counsel should be included in the list of essential personnel. During the meeting, the Commonwealth clarified that DSP's General Counsel is *not* a career public employee but holds a *trust* position.[1]

7. The Commonwealth had verbally disclosed in a prior meeting the grounds for considering DSP's General Counsel as essential. The Monitor was unconvinced. During the July 31st meeting, however, it was agreed that the Commonwealth would provide in writing to the Monitor, the Special Master, and the plaintiff with the specific reasons DSP's General Counsel is "essential" for the reform so they could be better suited to form a responsible decision before the August 5th court deadline. The Commonwealth agreed to provide the explanation later during the afternoon of July 31st.

8. As of today, however, the written explanation has not been received.

9. The Monitor and Special Master have conferred and agree DSP's General Counsel is not essential to the reform.[2] The grounds are two-fold. *First*, the Commonwealth has neither identified DPS's General Counsel as a key person in the execution of the court approved implementation plans (see Consolidated Status Report ECF No. 2570-1), nor as a specific point of contact to the Compliance Plan. See ECF No. 2559. *Second*, the Commonwealth has not

---

[1] "Pursuant to Puerto Rico law, a career position is a constitutionally protected property interest. Persons who hold permanent and career positions must be hired or fired on merit-based criteria. Trust employees, on the other hand, are involved in policy-making and can be more or less hired or fired at will." Irizarry-Robles v. Guillermo Rodriguez, 263 F. Supp. 3d 364, 367 (D.P.R. 2017) (Besosa, J.) (internal citations and quotations omitted). In this end, the Transition Order at ECF No. 1614 states in part:

> This Order shall not be interpreted as creating any vested interest for incumbents in any of the positions identified, nor an invitation for substandard performance, or as a measure to alter the function of any existing human resources or contracting process. The Court recognizes that the incoming administration must be allowed to exercise its widest discretion, as long as it complies with existing Court Orders to implement the Agreement and subsequent Orders in this case in an effective and constitutional manner.

[2] The Merriam-Webster Dictionary defines "essential" as "of the outmost importance: basic, indispensable, necessary." Essential Definition & Meaning - Merriam-Webster.

shown that DSP's General Counsel has specialized or highly technical skills, experience, or knowledge which are indispensable for the case. Indeed, DSP's General Counsel does not participate in the biweekly meetings, the monthly site inspections and meetings, or the monthly section 253 meetings.

10. Given the foregoing grounds, the Monitor and Special Master have concluded that DSP's General Counsel should not be considered as a "essential" reform-related employee for purposes of the Court's upcoming transition order.

WHEREFORE, the Chief Federal Police Monitor, John Romero, and Dr. Alejandro Del Carmen, Special Master, respectfully request that the Court take notice of the above and of their compliance with the Court's order at ECF No 2698.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of August 2024.

**I HEREBY CERTIFY** that on this same date a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which in turn notifies all counsel of record in the case.

s/Roberto Abesada-Agüet
USDC-PR No. 216706

General Counsel
FPMPR LLC
rabesada@fpmpr.org

1357 Ashford Avenue #2-184
San Juan, Puerto Rico 00907
(787) 948-5131
ra@abesada.com