UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff;<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>　　　　　　Defendants. | No. 12-cv-2039 (FAB) |

**UNITED STATES' RESPONSE TO THE JOINT MOTION ON REFORM-RELATED ESSENTIAL PERSONNEL**

Plaintiff, the United States of America, respectfully responds to the Joint Motion Regarding Reform-Related Essential Personnel ("Joint Motion"), ECF No. 2697, in compliance with the Court's Order of July 22, 2024, ECF No. 2698. This Response addresses the Parties' dispute over whether the Court should designate the General Counsel of the Puerto Rico Department of Public Safety (DPS) as essential personnel when it issues a transition order in the coming months.[1] The transition order will require the Commonwealth to keep certain staff in their current positions beyond January 1, 2025, to avoid interruptions or delays in court-ordered police reforms when a new Puerto Rico administration takes office. *See id.* at 3-4.

For the reasons set forth below, the United States does not believe the DPS General Counsel is sufficiently indispensable to the reform process at the Puerto Rico Police Bureau (PRPB) to warrant encumbering the next Puerto Rico administration's choice for the position. The DPS General Counsel is not assigned reform-related responsibilities under existing

---

[1] The Court informed the Parties that it intends to "enter a transition order prior to the upcoming elections" in November 2024 based on the list of essential personnel submitted by the Parties. Order at 4, ECF No. 2672.

implementation plans, holds a sensitive trust position at DPS, and is responsible for a wide range of unrelated legal duties involving DPS and its six different bureaus.

### A. BACKGROUND

1. As directed by the Court, on July 2, 2024, the Parties met with the Monitor and the Special Master to agree on a timetable to identify "(1) the key PRPB individuals who should remain in the case, and (2) those outside persons and vendors who should be retained in the case beyond the end of the current government administration." Order at 4, ECF No. 2672. On July 11, 2024, the Parties met again with the Monitor and Special Master to review the Commonwealth's proposed list of essential personnel. At the meeting, the Commonwealth explained that it selected individuals for the list based on "whether the nature of the job or duty requires an intensive or substantial ramp up (or learning curve) that, if not provided, would likely result in compliance delays or interruptions." *See* Email from Saucedo to Peñagaricano, Romero, and Del Carmen of July 12, 2024 ("July 12 Email"), attached hereto as Exhibit A. The Commonwealth's proposed list included the current DPS General Counsel.

2. During the July 11 meeting, the United States sought additional information about certain individuals on the Commonwealth's proposed list of essential personnel and raised specific concerns regarding whether the DPS general counsel position should be deemed essential. July 12 Email, Ex. A. The Commonwealth agreed to consider the United States' concerns. *Id.*

3. On July 17, 2024, the Commonwealth submitted a revised list of essential personnel for review. The list again included the DPS General Counsel. On July 18, 2024, the United States reiterated that the DPS General Counsel should not be considered essential personnel. *See* Email from Saucedo to Peñagaricano, Romero, and Del Carmen of July 18, 2024, attached hereto as

Exhibit B. The United States explained, "The duties and role of that position are not connected directly to the [consent decree] or the compliance plan; the DPS general counsel position has not been deemed essential in the case in the past; and the encumbrance on the incoming administration is significant given the nature of the position's broad responsibilities at DPS and not outweighed by reform-related responsibilities." *Id.* On July 19, 2024, the Monitor and Special Master notified the Parties that they did not object to the United States' position regarding the DPS General Counsel.

4. Later that same day, the Parties filed the Joint Motion informing the Court that it had reached agreement on all essential personnel, except for the DPS General Counsel. Jt. Mot. at 3, ECF No. 2697. The Parties submitted Exhibit A, endorsed by the United States, listing the agreed-upon essential personnel without the DPS General Counsel. *See* ECF No. 2697-1. The Parties also submitted Exhibit B, endorsed by the Commonwealth, listing the agreed-upon essential personnel and the DPS General Counsel. *See* ECF No. 2697-2. The Parties also offered to brief the dispute regarding the DPS General Counsel. Jt. Mot. at 3, ECF No. 2697.

**B. DISCUSSION**

5. As the United States explained during discussions with the Commonwealth, the DPS General Counsel should not be considered essential for purposes of the transition order contemplated by this Court. First, the DPS General Counsel is not responsible for leading any significant initiatives designed by the Parties to advance compliance with the consent decree. *See e.g.,* Defs.' Mot. in Compliance with Order at 1-2, ECF No. 2557 (informing that the Commonwealth has identified all primary and back-up individuals responsible for taking corrective action in the compliance plan for non-compliant paragraphs); Searches and Seizures Compliance Plan, ECF No. 2482-1; and Sexual Assault and Domestic Violence Compliance

Plan, ECF No. 2482-2.  For this reason, neither the Court nor the Parties included the DPS general counsel position on the list of essential personnel in the last Transition Order in 2020.[2] Order, ECF No. 1614 (requiring the Commonwealth to identify essential personnel to be held over following the change in Puerto Rico administration in January 2021); Defs.' Mot. in Compliance with Transition Order, ECF No. 1654 (submitting a list of essential personnel and omitting the DPS General Counsel).

6. Second, as the Commonwealth has explained, the DPS General Counsel holds a trust position that serves at the will of the DPS Secretary, not a career position within DPS.  The General Counsel is responsible for a wide variety of legal and other sensitive matters involving DPS and its six separate bureaus.  Given the nature of the position and its broad range of unrelated responsibilities, the Parties should avoid encumbering the next Puerto Rico administration's choice for the position, unless the position is indispensable to avoid compliance delays or interruptions.  The Commonwealth has not met this burden.

7. The Commonwealth explained that the current DPS General Counsel provides substantial support to the reform process as a facilitator.  However, this reason is unavailing.  Facilitation does not require extensive experience or specialized knowledge and could be performed by another attorney, project manager, or similar position at DPS.  Facilitation could also be provided by the PRPB Reform Office whose leadership and project managers are on the list of agreed-upon essential personnel.  *See* Ex. A, ECF No. 2697-1.  Facilitation also does not meet even the Commonwealth's own standard for considering a person essential, which requires

---

[2] DPS was created in 2017 and did not exist at the time of the first Transition Order in 2016, ECF No. 388.

significant ramp-up that "if not provided, would likely result in compliance delays or interruptions."  July 12 Email, Ex. A.

8. On August 5, 2024, the Monitor and Special Master filed their positions on the DPS General Counsel dispute and agreed with the United States that the position should not be considered essential for purposes of the upcoming transition order.  Monitor and Special Master Informative Mot., ECF No. 2706.

9. Accordingly, the Court should not consider the DPS General Counsel as essential.  The Court should thus rely on the consensus list of essential personnel endorsed by the United States, the Monitor, and the Special Master.  Jt. Mot., Ex. A, ECF No. 2697-1.

WHEREFORE, the United States respectfully requests that the Court take notice of the foregoing and endorse Exhibit A to the Joint Motion, ECF No. 2697-1, as the final list of essential personnel for the pending transition order.

I HEREBY CERTIFY that on this date I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record, the Monitor, and the Special Master on the service list to be served by electronic means.

Respectfully submitted, this 5th day of August, 2024,

        **STEVEN H. ROSENBAUM**
        Chief, Special Litigation Section
        Civil Rights Division

        *s/ Luis E. Saucedo*
        **TIMOTHY D. MYGATT**
        Deputy Chief
        **LUIS E. SAUCEDO** (G01613)
        **JORGE CASTILLO** (G02912)
        **KATHERINE CHAMBLEE-RYAN** (G03515)
        Trial Attorneys
        U.S. Department of Justice
        Special Litigation Section
        Civil Rights Division

950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 598-0482
Fax: (202) 514-4883
luis.e.saucedo@usdoj.gov
jorge.castillo@usdoj.gov
katherine.chamblee-ryan@usdoj.gov

Attorneys for the United States