IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>  Plaintiff,<br><br>  v.<br><br>**COMMONWEALTH OF PUERTO RICO**, et al.,<br><br>  Defendants. | CIVIL NO. 12-2039 (FAB) |

**[PROPOSED] TRANSITION ORDER**

The Court recognizes the progress the defendant in this consent decree case, the Commonwealth of Puerto Rico ("Commonwealth"), has achieved in the last two compliance monitoring reports filed by the Monitor. See Docket Nos. 2541, 2669. The Commonwealth has improved its compliance ratings because, among other things, it has been able to retain key personnel and vendors adequately performing important tasks pursuant to the court-approved Information Technology Action Plan (Docket No. 2023), the three Implementation Plans filed at ECF No. 2482 and the Reform Compliance Plan (Docket Nos. 2557-2558).[1] Indeed, "continuous compliance of the consent decree and court

---

[1] "This [significant] improvement in compliance is largely due to the completion of the various tasks and initiatives related to several implementation plans including Use of Force (UOF), Training, and Supervision and Management." Docket No. 2669-2, at 1.

orders…is crucial to bring this 12-year-old case to a successful conclusion." See Docket No. 2672 at 2.

The Court has already taken judicial notice that a change in government administration is imminent after the November 2024 General Elections. See Docket No. 2672 at 1.

Considering its progress in this case, it is paramount that the Commonwealth maintain continuity and stability in its government operations following the November 2024 General Elections in Puerto Rico. Consistent with past transition orders, e.g., Docket Nos. 388, 1614, this order mitigates and prevents any undue interruption in operations or precipitous turnover in personnel that is likely to set back the Commonwealth's efforts to implement key civil rights reforms under the Agreement for the Sustainable Reform of the Puerto Rico Police Bureau ("Agreement"), Docket No. 60.

This Order is further designed to ensure continued progress in the case, avoid noncompliance with this Court's orders, facilitate compliance monitoring, and supplement the Commonwealth's own efforts to ensure an orderly government transition in furtherance of the Agreement. Accordingly, to avoid disruptions or turnover in personnel and contractors that are essential to the implementation of the Agreement, the Court hereby orders the following safeguards and requirements:

A. The Commonwealth shall continue to implement the reforms required by the Agreement and facilitate compliance monitoring, including producing documents and data, and permitting access to Commonwealth personnel and facilities. Moreover, the Commonwealth shall continue to comply with the Implementation and Compliance plans filed with the Court.

B. Pursuant to the parties' joint motion at Docket No. 2697 and subsequent filings made by the Special Master, the Monitor, and the parties (see Docket Nos. 2706, 2707, and 2715), the Court hereby orders that the individuals and outside vendors identified in the Docket 2715-1 and enclosed herewith as Exhibit A to this Order shall remain working on reform-related matters beyond the end of the current government administration. The Court designates the Commonwealth personnel and vendors identified in Exhibit A as essential to the successful implementation of, and compliance with, the Agreement and implementation plans. This includes personnel from the Puerto Rico Police Bureau's Reform Office, SAEA, the Technology Bureau, and the Department of Public Safety.

C. The Commonwealth shall continue to keep the Monitor, the Special Master and the United States abreast, through the monthly meetings pursuant to paragraph 253 of the Agreement and the quarterly consolidated status reports, of the steps that it has taken or will take to maintain the essential personnel and

contractors noted in the enclosed Exhibit A in their current positions until June 30, 2025. These steps shall include: (i) eliminating automatic termination provisions in professional service contracts; (ii) extending or renewing, if necessary, the period of performance for professional service contracts; and (iii) prohibiting the transfer or reassignment of the essential personnel and contractors noted above without just cause.

    D.  This Order shall not be interpreted as creating any vested interest for incumbents in any of the positions identified, nor an invitation for substandard performance, or as a measure to alter the function of any existing human resources or contracting process. The Court recognizes that the incoming administration must be allowed to exercise its widest discretion, if it complies with existing court orders, to implement the Agreement and subsequent orders in this case in an effective and constitutional manner.

    E.  The Commonwealth shall ensure that there are enough funds to pay for essential personnel as identified herein, as well as essential personal service contracts deemed essential for implementation of the Agreement and subsequent orders, in accordance with Paragraph 289 of the Agreement.

    F.  Until June 30, 2025, the Commonwealth shall notify the Court, the Special Master, the Monitor and the United States

whenever there is a vacancy, for any reason, in personnel or vendor contracts designated as essential herein. The Court may issue supplemental orders on its own, or by petition of the parties, the Monitor or Special Master, to ensure continuity of efforts and proper implementation of the Agreement and subsequent Orders.

    G.    The Commonwealth shall continue to abide with previous court orders to retain the services of a qualified interpreter to assist its personnel in any matter relevant to the Agreement, methodologies agreed by the parties, documents, contracts or other initiatives that would advance the interests of the Agreement and reduce administrative costs. This requirement is consistent with, and in furtherance of, the Order dated November 13, 2020. See Docket No. 1612.

    H.    The DPS Secretary is hereby ordered to deliver a copy of the present order to the members of the Commonwealth's Transition Committee for the upcoming administration.

    I.    After the inauguration of a new governor on January 2, 2025, the Court will consider any request by the Commonwealth to modify, amend or vacate the appropriate and pertinent provisions of the present order and allow for the substitution of personnel, including professional service contractors, as the new Commonwealth administration deems proper to submit.

J.  By February 1, 2025, the Commonwealth shall notify the Court, the Monitor, Special Master, and the United States of the new governor's designated personal representative for this case.

K.  Through June 30, 2025, the parties, the Special Master and the Court Monitor shall consider whether additional provisions are necessary to mitigate or prevent undue interruptions or precipitous turnover of essential employees and contractors. Either party may petition the Court for appropriate relief.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this ___ day of _____, 2024.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR U.S. DISTRICT JUDGE