```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>            **v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    **Defendants.** | **Civil No.** 12-2039 (FAB) |

**TRANSITION ORDER**

The Court recognizes the progress the Commonwealth of Puerto Rico ("Commonwealth"), has achieved in this case, especially in the last two compliance monitoring reports filed by the Monitor. See Docket Nos. 2541, 2669.  The Commonwealth has improved its compliance ratings because, among other things, it has been able to name and retain key personnel, contractors, and vendors which have adequately performed important tasks pursuant to the court-approved Information Technology Action Plan (Docket No. 2023), the three Implementation Plans filed at Docket No. 2482 and the Reform Compliance Plan (Docket Nos. 2557-2558).[1]  Indeed, "continuous compliance of the consent decree and court orders . . . is crucial

---

[1] "This [significant] improvement in compliance is largely due to the completion of the various tasks and initiatives related to several implementation plans including Use of Force (UOF), Training, and Supervision and Management."  Docket No. 2669-2, at 1.

Civil No. 12-2039 (FAB)                                              2

to bring this 12-year-old case to a successful conclusion." See Docket No. 2672 at 2.

The Court has already taken judicial notice that a change in government administration will occur in January, 2025. See Docket No. 2672 at 1.

Considering its progress in this case, it is paramount that the Commonwealth maintain continuity and stability in its government operations following the November 2024 General Elections in Puerto Rico, and the change in administration in January, 2025. Consistent with past transition orders, e.g., Docket Nos. 388, 1614, this transition order mitigates and prevents any undue interruption in operations or precipitous turnover in personnel, contractors, and vendors that is likely to set back the Commonwealth's efforts to implement key civil rights reforms under the Agreement for the Sustainable Reform of the Puerto Rico Police Bureau ("Agreement"), Docket No. 60.

An abrupt transfer or termination of critical personnel within PRPB and termination of vendors and contractors providing critical services to PRPB, all of which are currently responsible to implement and comply with the Agreement and subsequent court orders, may jeopardize continued progress, and result in the lack of appropriate guidance, supervision, and support for sworn

officers and other PRPB personnel working to bring this case to a successful conclusion.

This Order is also designed to ensure continued progress in the case, avoid noncompliance with this Court's orders, facilitate compliance monitoring, and supplement the Commonwealth's own efforts to ensure an orderly government transition in furtherance of the Agreement.  Accordingly, to avoid disruptions or turnover in personnel and contractors that are essential to the implementation of the Agreement, the Court orders the following safeguards and requirements:

A.   The Commonwealth shall continue to implement the reforms required by the Agreement and facilitate compliance monitoring, including producing documents and data, and permitting access to Commonwealth personnel and facilities.  The Commonwealth shall also continue to comply with the Implementation and Compliance plans which have been, and will be, filed with the Court.

B.   Pursuant to the joint motion filed by the Commonwealth and the United States at Docket No. 2697 and subsequent filings made by the Special Master, the Monitor, and the Commonwealth and the United States (see Docket Nos. 2706, 2707, and 2715), the Court orders that the individuals and outside vendors and contractors identified in the attachment to this Order as Exhibit A shall remain working on reform-related matters beyond the end of the

Civil No. 12-2039 (FAB) 4

current government administration. The Court designates the Commonwealth personnel and vendors and contractors identified in Exhibit A as essential to the successful implementation of, and compliance with, the Agreement and implementation plans, including personnel from the Puerto Rico Police Bureau's Reform Office, the Superintendencia Auxiliar de Educación y Adiestramiento ("SAEA"), the Technology Bureau, and the Department of Public Safety.

C.   The Commonwealth shall continue to keep the Monitor, the Special Master and the United States abreast, through the monthly meetings pursuant to paragraph 253 of the Agreement and the quarterly consolidated status reports, of the steps that it has taken or will take to maintain the essential personnel, vendors and contractors listed in Exhibit A in their current positions until at least June 30, 2025, or until the Court orders otherwise. These steps shall include:

1.   eliminating automatic termination provisions in professional service contracts;

2.   if necessary, extending or renewing the period of performance for professional service contracts; and

3.   prohibiting the transfer or reassignment of the essential personnel, vendors and contractors listed in Exhibit A without just cause.

D.  This Order shall not be interpreted as creating any vested interest for incumbents in any of the positions identified, or an invitation for substandard performance, or as a measure to alter the function of any existing human resources or contracting process.  The Court recognizes that the incoming administration must be allowed to exercise its widest discretion, if it complies with existing court orders, to implement the Agreement and subsequent orders in this case in an effective and constitutional manner.

E.  Until June 30, 2025, or until the Court orders otherwise, the Commonwealth shall notify the Court, the Special Master, the Monitor and the United States whenever there is a vacancy, for any reason, in personnel or vendor contracts designated as essential in Exhibit A.  The Court may issue supplemental orders on its own, or by petition of the Commonwealth, the United States, the Monitor, or Special Master, to ensure continuity of efforts and proper implementation of the Agreement and subsequent orders.

F.  Until June 30, 2025, or until the Court orders otherwise, the Commonwealth shall not replace any individual, vendor or contractor listed in Exhibit A as being essential to this case without a court order, and only after the proposed replacement person, vendor, or contractor has been fully vetted by the United

States, the Monitor, and the Special Master to ensure no negative impact on compliance matters.

  G. After June 30, 2025, or until the Court orders otherwise, the Commonwealth will continue to ensure that any new candidate for an essential position withing PRPB, any new vendor, or any new contractor is first vetted by the United States, the Monitor, and the Special Master unless and until that vetting has occurred and the person, vendor, or contractor has been approved.  The Monitor, the Special Master, or the United States shall notify the Court if any new person, vendor, or contractor may be detrimental to achieve compliance with any issue in this case.

  H. The Commonwealth shall continue to abide with previous court orders to retain the services of a qualified interpreter to assist its personnel in any matter relevant to the Agreement, methodologies agreed by the parties, documents, contracts or other initiatives that would advance the interests of the Agreement and reduce administrative costs.  This requirement is consistent with, and in furtherance of, the Order dated November 13, 2020.  <u>See</u> Docket No. 1612.

  I. After the inauguration of the governor on January 2, 2025, the Court will consider any request by the Commonwealth to modify, amend or vacate the appropriate and pertinent provisions of this order and allow for the substitution of personnel,

including professional service contractors, as the new Commonwealth administration deems proper to submit.

    J.    **No later than February 1, 2025**, the Commonwealth shall notify the Court, the Monitor, Special Master, and the United States of the governor's designated personal representative for this case.

    K.    Through June 30, 2025, or until the Court orders otherwise, the Commonwealth, the United States, the Special Master, and the Court Monitor shall consider whether additional provisions are necessary to mitigate or prevent undue interruptions or precipitous turnover of essential employees, vendors, and contractors.  The Commonwealth, the United States, the Monitor, or the Special Master may petition the Court for appropriate relief.

    L.    The Commonwealth shall ensure that there are sufficient funds to pay essential PRPB personnel, as well as essential personal service and vendor contracts, as listed in Exhibit A, deemed essential for implementation of the Agreement and subsequent orders, in accordance with Paragraph 289 of the Agreement.

    M.    The Secretary of the Department of Public Safety is ordered to deliver a copy of this order to the members of the

Civil No. 12-2039 (FAB)                                                     8

Commonwealth's Transition Committees for both the outgoing and upcoming administrations.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 1, 2024.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
