IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>**v.**<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 12-2039 (FAB) |

**ORDER**

The Equitable Sharing Program of the U.S. Department of Justice (USDOJ) allows state and local law enforcement agencies to partner with the federal government to seize and forfeit property. The program allows state and municipal agencies to receive significant proceeds from forfeitures. It is administered by USDOJ's Money Laundering and Asset Recovery Section ("MLARS").[1] Agencies receiving Equitable Sharing Program funds must follow the guidance set forth in the *Guide to Equitable Sharing for State, Local, and Tribal Law Enforcement Agencies*[2] (the Guide). To date, the Commonwealth has failed to do so and, consequently, has been put in a non-compliant status by MLARS.

---

[1] See generally: https://www.justice.gov/criminal/criminal-mlars, and Docket No. 2214, titled UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN COMPLIANCE WITH ORDER, for a detailed overview of the program.

[2] See: https://www.justice.gov/criminal/media/1044326/dl?inline=

For over two years, the Court has made clear that it considers all funds received via the Equitable Sharing Program to be a critical component to fund the reform of the Puerto Rico Police Bureau ("PRPB"). This matter has been a recurring topic of interest to the Court. See Docket Nos. 2180, 2186, 2214, 2224, 2332, 2356, and 2359.

In March 2024, MLARS completed a comprehensive compliance review of PRPB's Equitable Sharing Program. That review identified numerous violations of the Guide, including accounting errors, record-keeping deficiencies, internal control gaps, inventory management issues, and financial management shortcomings. Over the past several months, MLARS has engaged PRPB's Equitable Sharing Program personnel and requested additional documentation and other information in an effort to bring PRPB into compliance. On September 13, 2024, MLARs reported that the majority of items identified in their March report remain unresolved. This failure demonstrated that there has been no meaningful progress toward compliance. Throughout this process, the Commonwealth has provided a degree of requested documentation. While some has been acceptable, overall, the submissions have not been adequately comprehensive or responsive to fully address MLARS' findings, nor have they provided sufficient clarity on the reasons for errors identified in MLARS compliance reviews or

actions taken to correct them.  Despite ongoing consultation with, and guidance from, MLARS,[3] PRPB continues to be non-compliant with the Program's requirements and is prohibited from receiving needed proceeds from forfeitures.

On October 3, 2024, in a virtual meeting, MLARS personnel presented a detailed report outlining each of the remaining compliance findings as well as the actions required by the Commonwealth to remediate those findings.  It is imperative to the reform that these actions be addressed both methodically and expeditiously.

It is clear to the Court that the current approach and management of compliance by the PRPB and, more broadly, the Commonwealth, with the Equitable Sharing Program is inadequate and will not result in PRPB gaining compliance absent substantial changes in its program management.  The Court is particularly concerned about long-term non-compliance with the program, impacting not only the reform but also future substantial support to the men and women of the PRPB.  PRPB must address both immediate program compliance and the sustainability of that compliance.

Accordingly, it is ORDERED that the Commonwealth shall prepare a plan that addresses the deficiencies identified by MLARS

---

[3] The Court recognizes and strongly encourages MLARS' role in providing training, support, and detailed communication that will assist PRPB to gain program compliance.

Civil No. 12-2039 (FAB)                                                  4

in the recent compliance review, and that defines the future program management of the Commonwealth's compliance with the Equitable Sharing Program, <u>including the identification of the specific manager(s) who have the authority to implement the plan who would be responsible and accountable for program compliance</u>. **This plan will be submitted to the Court no later than November 8, 2024.**

If the Court determines that the Commonwealth's plan will not result in meaningful progress in obtaining sustained compliance with the Equitable Sharing Program, the Court will be left with no alternative but to take unilateral action to ensure that compliance is achieved.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 8, 2024.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
