## LCDA. BRENDAIRIN CRUZ SANTIAGO
### ABOGADA NOTARIO

10 de julio de 2024

Hon. Alexis Torres Ríos
Secretario
Departamento de Seguridad Pública
Capital Center II
235 Avenida Arterial Hostos, Suite 103
Hato Rey, Puerto Rico 00918

Honorable Señor Secretario:

RE: **IMPUGNACION DE EXAMEN PARA TENIENTE I CONVOCATORIA 2024-1, OFRECIDO EL 4 DE MAYO DE 2024**

Reciba un cordial saludo de esta servidora. Recurro a usted como representante de varias decenas de oficiales que ostentan el Rango de Teniente Segundo, que tomaron el examen de ascenso el 4 de mayo de 2024, y que se han visto afectados por las irregularidades ocurridas durante el proceso de creación y administración del mismo.

Como es de su conocimiento, el Negociado de la Policía de Puerto Rico emitió la Convocatoria 2024-1 con el propósito de ofrecer un examen para ocupar las plazas vacantes de Teniente Primero. Dicho procedimiento, por requerimiento de los Acuerdos para la Reforma Sostenible de la Policía de Puerto Rico, está regulado, y debe realizarse dentro de los parámetros requeridos en dicha Reforma. Lamentablemente dicha situación no ocurrió en el ofrecimiento de este examen de ascenso.

Queremos comenzar con informar que el proceso estuvo plagado de irregularidades que minan la confiabilidad en un proceso que debió haber sido trasparente y justo para todos los aspirantes. Es de conocimiento público que luego que todos los examinados culminaron los exámenes ese sábado 4 de mayo de 2024, en la academia de la Policía en Gurabo, fueron despachados sin que los exámenes fueran corregidos, aun cuando las máquinas que los corrigen se encontraban en la academia. Contrario a los procesos realizados regularmente por años de custodiar los exámenes en la bóveda de la academia, estos exámenes fueron colocados en vehículos oficiales y trasportados a un lugar indeterminado, donde se desconoce quién los manipuló y mantuvo custodia de los mismos por más de 32 horas. Luego se impartieron instrucciones para que los exámenes fueran devueltos a la academia, y no fue hasta el lunes, 6 de mayo de 2024, que se devolvieron para ser corregidos.

Según me informaron mis clientes, esta acción de sacar las máquinas para corregir los exámenes de la academia fue consultada semanas antes en el Departamento de Seguridad Publica, donde se solicitaba la remoción de las máquinas que corrigen los exámenes hacia el Cuartel General, pero esta petición fue denegada por usted.

📞 787.473.7428    ✉ bcslegalservices@gmail.com    



El acto del Negociado de la Policía de Puerto Rico de desobedecer las instrucciones directas impartidas por usted, crea una duda sobre la pureza de los procedimientos y sobre todo crea serias dudas sobre la cadena de custodia de los mismos. Aunque sabemos que las reglas de evidencia no son de aplicación a los procedimientos administrativos, en la sección 3.13, inciso (e), de la Ley 38 de 30 de junio de 2017, "Ley de Procedimientos Administrativos Uniforme del Gobierno de Puerto Rico", expresa que los principios fundamentales de evidencia se podrán utilizar para lograr una solución rápida, justa y económica del procedimiento. Dentro de los principios fundamentales de las "Reglas de Evidencia de Puerto Rico", en la regla 901, inciso (B)11, describe que la evidencia demostrativa real puede ser autenticada mediante su Cadena de Custodia.

Traigo a su atención para propósitos persuasivos, lo resuelto en el caso de *Pueblo v. Carrasquillo Morales*, 123 DPR 690, en donde se establece que el propósito de la "cadena de evidencia" es evitar que se cometan errores en la identificación de un objeto y demostrar que la evidencia presentada no ha sufrido cambios sustanciales desde que la misma fue ocupada el día de los hechos. La "cadena de evidencia" no es más que una forma de satisfacer el requisito de autenticación, que como una condición previa a la admisibilidad de evidencia establece la Regla 75 de Evidencia, 32 LPRA Ap. IV, mediante el testimonio de aquellos testigos con conocimiento personal sobre la custodia o trayectoria del objeto desde que el mismo fue ocupado hasta su presentación en el juicio o vista. Para que un tribunal pueda llegar a la conclusión o "convicción moral en un ánimo no prevenido" de que el contenido de cierta evidencia no ha sido cambiado, alterado o contaminado, el Estado debe demostrar satisfactoriamente que el contenido de la evidencia fue objeto de una "adecuada custodia y cuidado" desde que la misma fuera ocupada el día de los hechos hasta el momento en que dicho contenido fue objeto de análisis. Cuando la prueba de cargo contiene una laguna o anormalidad en cuanto al paradero y control de la evidencia por un período de veinticuatro (24) horas, esto hace que dicha prueba sea fatalmente defectuosa.

Conforme a lo establecido en nuestro ordenamiento jurídico, es evidente que el remover los exámenes de la academia de la Policía contrario al protocolo establecido y a las instrucciones impartidas por el Departamento de Seguridad Pública, las pruebas podrían ser descartadas toda vez que no es confiable, no hubo cadena de custodia y no se siguió un debido proceso de ley. Cabe señalar que entre las irregularidades que han afectado a varios de mis clientes se encuentra que cuando fueron a la revisión de sus exámenes los mismos tenía tachaduras y marcas no realizadas por ellos.

El Acuerdo para la Reforma Sostenible de la Policía de Puerto Rico en la Parte III de Profesionalización en su Sección B, establece con relación a los ascensos:

- El Inciso 14; que la práctica de los ascensos en la PPR estará basada en los méritos y cumplirá con los principios de igualdad de oportunidad de empleo.

- El Inciso 15; que la PPR publicará descripciones detalladas de labores para cada rango entre el personal juramentado, especificando las funciones, deberes, responsabilidades y

Escaneado con CamScanner

10 de julio de 2024
Carta al DSP
Página 3

cualificaciones mínimas para cada posición. La PPR desarrollará las descripciones de los puestos en consulta con el TCA y basándose en las prácticas policiacas generalmente aceptadas.

- El Inciso 16; que la PPR desarrollará criterios de selección objetivos para asegurarse que los ascensos estén basados en el conocimiento, habilidades y aptitudes que son necesarias para llevar a cabo con éxito las tareas de administración y supervisión en las principales áreas sustantivas. La PPR proporcionará orientación clara sobre los criterios de los ascensos, y dará prioridad a la actuación policiaca efectiva, ética y comunitaria como criterios para los ascensos. Estos criterios tomarán en cuenta la experiencia, el récord de derechos civiles y disciplina, el adiestramiento recibido y las destrezas de los candidatos.



- El Inciso 17; que la PPR utilizará exámenes escritos competitivos como un componente del proceso de selección para otorgar los ascensos hasta el rango de Capitán. Los exámenes de ascenso escritos se ajustarán a las normas profesionales generalmente aceptadas para la validez y seguridad de los mismos y estarán diseñados para evaluar las cualificaciones que están relacionadas con el trabajo y de conformidad con las necesidades del rango. La PPR desarrollará estos exámenes de ascenso en consulta con el TCA basados en las prácticas policíacas generalmente aceptadas y en cumplimiento de las leyes contra el discrimen.

Es mi interés que se les garantice a mis clientes un proceso justo, por lo cual nuestro deseo es que se considere el índice de discriminación de las preguntas, mediante un análisis estadístico de los resultados del examen de ascenso al rango de teniente Primero del Negociado de la Policía de Puerto Rico, el cual tuvo lugar el pasado 4 de mayo de 2024 en la Academia de la Policía de Puerto Rico en el pueblo de Gurabo. Confiamos en una revisión justa y equitativa de la construcción del examen, que permitirá reconocer que las preguntas pueden ser dadas con lugar a la impugnación, tomando en consideración varios aspectos:

1) Poca información ofrecida en las situaciones de hecho, permitiendo diferentes interpretaciones.
2) Preguntas que NO están relacionadas con el trabajo conforme a las necesidades del rango, según lo establece el párrafo 17 del acuerdo a la Reforma Sostenible de la Policía de Puerto Rico.
3) Preguntas ambiguas que solo buscaban inducir a error y confusión sin medir conocimiento.
4) Múltiples respuestas correctas en una misma pregunta, cuyo efecto de medición era incorrecto.
5) Un sin número de preguntas mal formuladas con respuestas grises y falta de claridad.
6) Folletos de exámenes incompletos, con ausencia de páginas, creando desconfianza, desasosiego y discriminando con aquellos que no estuvieron en igualdad de condiciones.
7) Por tantos errores de concordancia, podemos inferir que para la redacción de las preguntas se utilizó alguna aplicación o gestor de inteligencia artificial como por ejemplo

10 de julio de 2024
Carta al DSP
Página 4

"ChatGPT", que ocasionó los defectos.

8) En fin, un examen antipedagógico que no cumple con los requisitos de medición objetiva.

En el análisis realizado de las preguntas del examen, pudimos identificar al menos unas 23 preguntas con los errores antes indicados, esto sin descartar que puedan existir otras adicionales. Dichas preguntas fueron plasmadas en apelaciones presentadas en la CASP, con breves argumentos que sustentan nuestra posición, las cuales han sido notificadas al Departamento de Seguridad Pública y al Negociado de la Policía de Puerto Rico conforme lo requiere el Reglamento Procesal de la CASP.

Señor Secretario, en sus manos está hacerle Justicia a estos Oficiales. Usted, como Autoridad Nominadora del DSP, puede ejercer todo el poder necesario para el buen funcionamiento del Departamento, según lo establece la Ley 20-2017, y tomar las decisiones necesarias para subsanar las faltas cometidas en la administración de esta prueba. Entendemos que mediante el dialogo entre las partes podemos solucionar y superar los percances ocurridos durante la administración de este examen, sin hacer pasar a los Tenientes por el Calvario que pasaron los Capitanes, al tener que esperar años por una solución de los foros administrativos con jurisdicción.

En atención a la autoridad y poder que usted ostenta, respetuosamente le solicito nos conceda una reunión en la cual le podamos presentar todas las irregularidades ocurridas durante la administración del examen de ascenso al Rango de Teniente I para llegar a acuerdos razonables en beneficio de estos servidores públicos que ponen el nombre de la agencia en alto sacrificando sus vidas y familias en beneficio del pueblo de Puerto Rico.

En espera de su contestación, quedo

Atentamente,

Brendairín Cruz Santiago