2024-07-0408

ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
P.O. BOX 41149, SAN JUAN, PR 00940-1149
www.casp.pr.gov

RECEIVED AND FILED
CASP JUL 11'24 11:44AM

| | |
|---|---|
| TTE. II WILFREDO SOTO MARTÍNEZ<br>PLACA NÚMERO 7-34670<br>APELANTE<br><br>VS.<br><br>POLICIA DE PUERTO RICO<br>APELADA | CASO NÚMERO:<br><br>SOBRE:<br><br>IMPUGNACIÓN EXAMEN<br>ASCENSO A TENIENTE I |

## APELACIÓN

A LA HONORABLE COMISIÓN:

**COMPARECE** la parte apelante, Tte. II Wilfredo Soto Martínez, placa 7-34670, representado por la abogada suscribiente, y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

1. El Apelante Wilfredo Soto Martínez, placa número 7-34670, ingresó a la Policía de Puerto Rico el 1 de noviembre de 2007 y cuenta con 16 años de servicio, ostentando actualmente el rango de Teniente Segundo. Se encuentra adscrito al Distrito de Mayagüez, Área de Mayagüez, en calidad Comandante Auxiliar.

2. El puesto del Apelante es uno de carrera no cubierto por la Ley 45 de Sindicalización de los Empleados Públicos.

3. **La dirección postal es Parcelas Castillo, calle Hipólito Arroyo A-41, Mayagüez, Puerto Rico 00682; dirección física Urb. Mirador del Sol G-2, Cabo Rojo, Puerto Rico 00623; número de teléfono celular (787) 402-4829, correo electrónico wilfredosotomartinez@gmail.com, y no posee número de fax.**

4. La parte apelada Negociado de la Policía de Puerto Rico, en adelante NPPR, es dirigida por su Comisionado Antonio López Figueroa, y su dirección postal es la siguiente: P.O. Box 70166, San Juan, PR 00936-8166; teléfono (787) 793-1234, y el número de fax se desconoce.

5. Para el 20 de febrero de 2024, fue publicada la **Convocatoria Especial Para Examen de Ascenso a Teniente Primero**, en adelante "Convocatoria", con numero de comunicación OC-1-4-72. (Anejo I) Junto con dicha convocatoria se incluyó el Folleto Informativo Para Examen de Ascenso a Teniente Primero, que especificaba el material que sería objeto de examinación. (Anejo II)

6. El Apelante de epígrafe, siguiendo las instrucciones de la Convocatoria, radicó su solicitud para el examen que sería administrado el 4 de mayo de 2024 en la Academia de la Policía de Puerto Rico, en Gurabo.

7. En la fecha antes indicada, el Apelante tomó el examen para ascenso y el 7 de mayo de 2024 fue notificado mediante correo electrónico oficial que obtuvo una

Case 3:12-cv-02039-FAB   Document 2765-4   Filed 11/14/24   Page 2 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 2

puntuación de cincuenta y cuatro (54) puntos, cuando se requerían cincuenta y seis (56) puntos para aprobar el examen. Se incluye copia de la comunicación recibida en el correo electrónico oficial del apelante WSoto2@policia.pr.gov. (Anejo III)

8. En dicha comunicación se establecía el procedimiento de revisión correspondiente a tenor con la Orden General Capítulo 500, Sección 504, titulado "Junta de Exámenes de Ascenso", razón por la cual el 7 de mayo de 2024, el Apelante radicó ante la Junta de Exámenes de Ascenso, en adelante Junta, el Anejo C Revisión de Examen. (Anejo IV)

9. Para el 16 de mayo de 2024, el Apelante le suscribió una comunicación a la Junta de Exámenes de Ascenso informándole las irregularidades enfrentadas al momento de tomar el examen de ascenso, la cual nunca fue contestada. (Anejo V)

10. El **18 de junio de 2024**, le fue notificada al Apelante, mediante correo electrónico, la comunicación número OC-1-6-550 del 18 de junio de 2024, Anejo VI, relacionada con la Revisión del examen de ascenso, que dice lo siguiente:

*"OS-1-6-550*

*18 de junio de 2024*

*Tte. II Wilfredo Soto Martínez*
*Placa Núm. 7-34670*
*Distrito Mayaguez*
*Área de Mayaguez*
*Email: Wsoto2@policia.pr.gov*

*REVISIÓN DE RESULTADO*
*EXAMEN DE ASCENSO A TENIENTE PRIMERO*

*Estimado(a) teniente Soto Martínez:*

*Conforme al capítulo V, artículo H de la Orden General Capítulo 500, Sección 504, titulada, "Junta de Exámenes de Ascenso", usted fue citado para el lunes, 3 de junio de 2024, con el propósito de realizar el proceso de revisión del resultado de la puntuación obtenida en el examen de ascenso al rango de Teniente Primero mediante Convocatoria 2024-1.*

*Como resultado de dicho proceso, le notifico que su puntuación final fue de 54.*

*De no estar de acuerdo, podrá apelar ante la Comisión Apelativa del Servicio Público (C.A.S.P.), dentro del término de treinta (30) días calendario, contados a partir de la notificación de esta comunicación. La dirección física de C.A.S.P. es: Calle Vela, número 6, Tercer Piso, Hato Rey, P.R. 00918. La dirección postal es la siguiente: PO Box 41149, San Juan Puerto Rico 00940-1149.*

*Además, deberá notificar el escrito de apelación al Negociado de la Policía de Puerto Rico, por conducto de la Oficina de Asuntos Legales, ubicada en el Cuartel General, personalmente o a través de correo a la siguiente dirección: P.O. Box 71200, San Juan, PR 00936-8700.*

> *Cordialmente,*
>
> *Firmado*
> *Cmdte. Carlos J. Nazario Lebrón*
> *Presidente*
> *Junta de Exámenes para Ascenso"*

11. Que el Apelante no está de acuerdo con la evaluación y determinación emitida por la Junta de Exámenes para Ascenso de la Policía de Puerto Rico, presidida por el Comandante Carlos J. Nazario Lebrón, razón por la cual se radica la presente Apelación.

12. Que la parte apelada NPPR erró en la preparación y administración del examen de ascenso al rango de Teniente Primero por las siguientes razones:

    a. El examen estaba pautado para comenzar a las 8:00am, sin embargo comenzó casi una hora más tarde ya que no había personal administrativo para atender todos los grupos que tomarían el examen, ocasionando con dicha negligencia ansiedad en los participantes, alterando su concentración para la toma del examen, lo que influye grandemente en el rendimiento de los examinados;

    b. Un sinnúmero de preguntas, estuvieron mal formuladas, con falta de claridad;

    c. Había preguntas con más de una contestación, cuyo efecto de medición era incorrecto;

    

    d. Preguntas con errores en la redacción y carentes de información que permitiera una respuesta adecuada a la materia que se examinaban;

    e. Se incluyeron preguntas que no estaban conforme al folleto informativo y convocatoria;

    f. Las preguntas tenían poca información en las situaciones de hecho permitiendo diferentes interpretaciones;

    g. Preguntas que No están relacionadas con el trabajo conforme a las necesidades del rango, según lo establece el párrafo 17 del Acuerdo a la Reforma Sostenible de la Policía de Puerto Rico;

    h. Preguntas ambiguas que solo buscaban inducir a error y confusión sin medir conocimiento;

    i. Folletos de exámenes incompletos, con ausencia de páginas, creando desconfianza, desasosiego y discriminando con aquellos que no estuvieron en igualdad de condiciones.

13. Incluso, el Apelante confrontó situaciones de desventaja al momento de tomar el examen que afectaron su desempeño en comparación con sus compañeros aspirantes, ya que su folleto de examen estaba incompleto y le interrumpieron el examen por mas de 25 minutos sin que le fuera repuesto dicho tiempo, según lo

Case 3:12-cv-02039-FAB    Document 2765-4    Filed 11/14/24    Page 4 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 4

explicara en su comunicación a la Junta de Exámenes (Anejo V).

14. Que se han identificado unas 23 preguntas con los errores antes indicados, esto sin descartar que puedan existir otras adicionales, las cuales se resumen a continuación:

   a. Supervisor adviene en conocimiento que un agente no realiza sus registros de entrada y salida en el ponchar para su asistencia. ¿Qué debe hacer el supervisor? – La pregunta tenía dos contestaciones correctas; la primera referir al SARP y la segunda relacionada con brindar ayuda al empleado. La Orden General 200-203 establece que el incumplimiento con el registro de asistencia puede proceder a procesos disciplinarios, pero también indica que hay que brindarle apoyo a aquel empleado que nunca ha ponchado. De hecho, la pregunta no especificaba las razones por las cuales el agente nunca había ponchado, teniendo o no teniendo la intención de no ponchar, propiciando diferentes conclusiones. Por lo tanto ambas contestaciones podían ser correctas.

   b. ¿De quién es la responsabilidad de subir al sistema de la Policía Comunitaria un informe de los resultados luego del Encuentro comunitario, en un término de 20 días laborables contados a partir de la fecha de la celebración del EC? – En primer lugar, dichas funciones no son propias del rango de Teniente I por lo tanto la pregunta no debió ser incluida. En segundo lugar, la Orden General 800-805 establece varias posibilidades ya que en la página 8 indica que es el Comandante de Área, pero en la página 9 menciona que le corresponde al coordinador de encuentros comunitarios. Por lo tanto, la pregunta tenía dos contestaciones correctas. Además, eso no es una función de un Teniente Primero por lo que la pregunta no debía ser incluida en el examen.

   c. La información de la perjudicada es de carácter confidencial conforme a los requerimientos de OVW. Excepto cuando sea requerida por orden judicial o subpoena a menos que: - En tres de las posibles respuestas mencionaba las abreviaciones "OVW" y en una de ellas "VAWA", que en la Orden General 600-627, en su página 23 menciona brevemente que dicho estatuto federal llamado "Office on Violence Against Women" sin dar explicación sobre el contenido del mencionado estatuto ni cual es la intervención con esta Orden General 600-627. En otra de las páginas habla sobre el VAWA que se relaciona con visas a víctimas y testigos de violencia doméstica, creando serias confusiones basadas en la premisa de la pregunta. Por lo tanto la pregunta estaba mal redactada y con vaguedad.

   d. Un agente le hace entrega de un certificado médico de un especialista a su supervisor en el que se certifica que el agente no puede realizar las funciones inherentes a su puesto. ¿Con quién debe el supervisor orientarse? – Por lo expuesto en la Orden General 300-307 y el Protocolo de Cesantías, el supervisor podía solicitar orientación tanto en la División de Licencias como en el Negociado de Recursos Humanos, siendo una pregunta con varias premisas a escoger que podían ser correctas.

   e. Un supervisor de la unidad de tránsito estuvo reforzando otra unidad durante todo el mes de noviembre de 2023, el 1 de diciembre retorno a su unidad de trabajo. ¿Cuántas evaluaciones le corresponde realizarle? – De acuerdo a la situación del examen, el agente solo trabajó 30 días en otra unidad lo que lleva a establecer que al no ser más de 30 días se le hará solo una evaluación. Sin embargo, en la Orden General 300-310 establece que si hay cambio de supervisor siempre que hayan transcurrido 30 días o más de la última evaluación, se requiere evaluación, por lo tanto, había dos contestaciones correctas.

Case 3:12-cv-02039-FAB    Document 2765-4    Filed 11/14/24    Page 5 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 5

f. El director del Distrito recibe un informe de partes policiacas para su corrección, el jueves a las 4pm. El viernes notifica a las 11am al agente que labora en el turno de 8pm a 4am. El agente trabajo, pero omitió arreglar las correcciones y rindió con 2 días libres. ¿El agente actuó correctamente? – La pregunta era ambigua. Tanto el director como el agente actuaron mal. Ambos obraron en violación a la Orden General 600-621 porque los dos se pasaron del término de 24 horas establecido para realizar las correcciones. Las opciones ofrecidas eran incompletas y no abundaban en información para determinar acciones para ambas partes.

g. ¿Cuál de las siguientes no es asesinato en primer grado? – Aunque el elemento de forma temeraria es del asesinato, también se establece que este elemento es el que define el asesinato en segundo grado. Por lo tanto, la pregunta estaba mal redactada.

h. ¿Cuáles son los criterios que debe tener un MNPPR? – El Artículo 14.2 del Reglamento 9001 establece que los criterios de productividad, eficiencia, integridad ética, confiabilidad, orden y disciplina. Todos esos criterios se encontraban enumerados en las opciones, pero estaban en diferente orden por lo que había varias contestaciones correctas a escoger. La pregunta no mide conocimiento, solo induce a error debido a que lo importante es el contenido, y no el orden de las palabras.



i. Situación de hechos donde hay un menor de 13 años desaparecido a secuestrado, y se preguntaba cuál era el procedimiento a seguir. – Entre las posibles respuestas se encontraba notificar al FBI y el activar la alerta AMBER. El problema con esta pregunta es que no se estableció claramente si se trataba de un niño de 13 años, o un menor de 13 años que equivale a que tiene 12 años aún. Por tal razón, tanto la respuesta de activar la alerta AMBER como notificar al FBI son correctas dependiendo de la interpretación del lector.

j. ¿Cuál de los siguientes funcionarios tiene derecho a cualificar para un proceso expedito a la Licencia de Armas? – Entre las contestaciones ofrecidas se encontraban policías activos y exagentes, ex agentes con retiro honorable con 5 años en la agencia, ex agentes con retiro honorable con 15 años, policías auxiliares. Las opciones carecen de información para escoger la contestación correcta.

k. Un agente que se encontraba en una plaza donde estaban jugando dominó, ve a una persona que tenía una orden de arresto por delito de apropiación ilegal. La arresta y notifica al supervisor, este le da instrucciones que continúe con el caso para el tribunal y luego a ingresar. El supervisor no realizo la PPR 615.8 Evaluación de Arresto. ¿Las actuaciones del supervisor fueron correctas? – De acuerdo a la situación planteada en el examen, se puede establecer es que la contestación correcta es que no todos los arrestos conllevan la 615.8 como lo establece la Orden General 600-615. Pero en la premisa no e ofrecieron detalles de si era delito grave o menos grave, ni demás detalles para el diligenciamiento y para la corroboración de identidad, por lo que la situación expuesta en el examen desde el inicio es errónea, dando lugar a que de las opciones ofrecidas se escogiera la mejor contestación que para el propósito de este examen es antipedagógico.

l. Un agente ingreso a un arrestado en la celda sin autorización de su supervisor, le compró desayuno por un costo de $5.00 en el mes de marzo. Para el mes de junio antes del día 30, llenó los documentos requeridos y los entregó para reembolso. ¿El agente lo hizo correctamente? – La Orden General 600-631 establece que los reembolsos deben gestionarse dentro de los primeros 10 días laborables de haber incurrido en el gasto y con

Case 3:12-cv-02039-FAB    Document 2765-4    Filed 11/14/24    Page 6 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 6

anterioridad al 30 de junio de cada año fiscal. Por lo tanto, la premisa crea confusión con varias contestaciones correctas.

m. Una persona mayor de edad, detiene una patrulla y le hace entrega de un escrito por conducta impropia de un MNPPR. ¿Qué debe hacer el agente? – La pregunta tenía dos contestaciones correctas ya que una de las alternativas era aceptar el escrito y referirlo al SARP, y la otra era entregar el escrito al supervisor.

n. La oficina de Seguridad y Protección completara la Tarjeta de Investigación de Candidato. ¿Qué figurara en la misma? – En las respuestas todas decían lo mismo pero en diferente orden. Nada se relaciona con las funciones de un Teniente Primero según se requiere en el párrafo 17 del Acuerdo de la Reforma Sostenible. Dicha información aparece en un formulario PPR ya impreso, y quien único tiene acceso a esas alegadas tarjetas es el oficial administrativo de la Oficina de Seguridad y Protección de San Juan, y las mismas ya no se utilizan hace varios años.

o. Mencione uno de los elementos de la delegación efectiva – La pregunta tenía dos respuestas correctas, que lo son buena comunicación entre supervisor y supervisado, y conferir poder y autoridad para ejercerlo.

p. El supervisor le hizo entrega a la secretaria de un plan de trabajo para atender la situación de unos vehículos abandonados y chatarra, para que lo pasara, la secretaria informa al familiar porque era la persona a quien iba dirigido el plan. ¿Qué debe hacer el supervisor? – La pregunta tenía dos respuestas correctas ya que se podía referir al SARP por incurrir en conducta impropia y también a la Oficina de Ética Gubernamental ya que utilizó su puesto para divulgar información de trabajo para beneficio de su familia.

q. ¿Cuál de los siguientes no es parte del acuerdo de la reforma? – Todas las alternativas presentadas en las contestaciones eran correctas, por lo tanto la misma no podía ser contestada.

r. Dos agentes realizan una intervención por ley 22, el agente interventor ve un arma de fuego en el interior a simple vista del vehículo que tenía 3 ocupantes. El agente interventor le avisa al agente de cover y este último desenfunda su arma de reglamento y les apunta a los 3 individuos y los ponen bajo arresto. Se realiza un uso de fuerza con todos sus informes y documentos. El teniente les devuelve el informe para su corrección. ¿Actuó correctamente el teniente? – La información suministrada en el examen carecía de elementos fundamentales para analizar la situación y poder escoger la contestación correcta.

s. Un agente realizo unas vigilancias en un complejo de vivienda, desde un apartamento de un inquilino que era un familiar y no tenía el permiso del administrador. ¿Fue correcto? – La pregunta del examen incluía dos contestaciones que podían ser correctas, ya que el familiar sí podía darle acceso al complejo de viviendas y el administrador del complejo debe dar permiso para la realización de la vigilancia. Lo anterior, establece que es una pregunta impugnable por ofrecer varias contestaciones correctas.

t. ¿Cuál de las siguientes premisas no es un motivo de ocupación de un vehículo de motor? – La pregunta tenía dos contestaciones correctas, ya que incluía cuando no se tenga un registro del vehículo de motor y cuando el conductor o dueño no tenía conocimiento que su vehículo estaba mal inscrito.

u. Un agente arresto a una persona trans y lo ingreso en la celda del cuartel.

Case 3:12-cv-02039-FAB    Document 2765-4    Filed 11/14/24    Page 7 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 7

Un familiar le llevó unos medicamentos de presión, diabetes y hormonas de un tratamiento, todos recetados. El agente solo le permitió darle los medicamentos de diabetes y presión. Se negó a darles los medicamentos de tratamiento hormonal. ¿El agente actuó correctamente? – La pregunta tenía dos contestaciones correctas

v. El Coordinador del Área cuando sea viable generara un reporte estadístico de los incidentes de uso de fuerza Nivel 1 "Tiro de Gracia", a través del módulo de Notificación Diaria de Uso de Fuerza. ¿A quién agregara en el correo electrónico? – Dicha pregunta no se relaciona con las funciones de un Teniente Primero ya que le corresponde o al Comandante de Área o al Coordinador Central.

w. Para cumplir con la información pública y el Acuerdo de la Reforma Sostenible y poder expandirla, ¿esto se hará utilizando? – La pregunta tenía dos contestaciones correctas ya que se pueden utilizar tanto los medios de comunicación y los líderes comunitarios.

15. Que la Junta violentó las disposiciones de la Orden General Capítulo 500, Sección 504, ya que entre sus responsabilidades desglosadas en la Parte IV. (C), se encuentra desarrollar criterios de selección objetivos para asegurarse que los ascensos estén basados en conocimiento, habilidades y aptitudes que son necesarias para llevar a cabo con éxito las tareas de administración y supervisión en las principales áreas sustantivas, lo que no surge de las preguntas formuladas a los aspirantes a ascensos.

16. Incluso, en dicha Orden General Capítulo 500, Sección 504, establece como requisito que el examen sea revisado en consulta con el Monitor Federal del Acuerdo Sostenible, para asegurar que el mismo esté conforme a las prácticas policiacas generalmente aceptadas, y tampoco surge que se haya efectuado dicha revisión y aprobación por el Monitor.

17. Que la revisión a la que fue sometido el Apelante se limitó a revisar con una clave las marcas en la hoja de contestación del examen, sin entrar en los méritos y fundamentos de las preguntas, razón por la cual se recurre ante este Honorable Foro para que puedan pasar juicio sobre la corrección o incorrección de las preguntas y respuestas del examen de ascenso.

18. Se impugna, además, el trabajo realizado por la Junta de Exámenes de Ascenso ya que preparó y administró un examen plagado de errores en muchas de las preguntas presentadas, por lo cual dicho examen fue uno arbitrario y caprichoso con la intención de hacer que el Apelante, y otros candidatos, fracasaran en el mismo.

19. Que con dicha actuación la parte apelada Negociado de la Policía de Puerto Rico está violentando el derecho del Apelante a ascender al rango de Teniente Primero, en violación al principio de mérito, ya que el examen conferido mediante la Convocatoria contiene errores de derecho que afectaron directamente el resultado del examen, privándolo de poder ascender profesionalmente y obtener un mejor sueldo.

Case 3:12-cv-02039-FAB   Document 2765-4   Filed 11/14/24   Page 8 of 8

Tte. Wilfredo Soto Martínez vs. PPR
Apelación Impugnación Examen Ascenso
Página 8

20. Según resuelto en *San Miguel Lorenzana v. E.L.A. de P.R.*, 134 DPR. 405, 414 (1993); y en *Santiago v. Trib. Exam. De Médicos*, 118 DPR 1,6 (1986), nuestro Honorable Tribunal Supremos expresó que [A]l reglamentar el acceso a una profesión, el Estado no puede excluir aspirantes por motivos que violenten el debido proceso de ley y la igual protección de las leyes, violentando derechos constitucionales. El Estado puede establecer "unos requisitos de conocimientos mínimos, capacidad, destreza, entereza moral o cualquier otra calificación que esté racionalmente relacionada con el objetivo de garantizar que los admitidos posean la competencia para practicar la profesión en forma adecuada".

21. Muy respetuosamente se solicita que, a la brevedad posible y luego de los trámites procesales correspondientes, se celebre una vista administrativa formal en donde se pase juicio sobre el examen de ascenso conferido, y se determine que las preguntas impugnadas estaban mal redactadas, y en ocasiones con ninguna o varias contestaciones, y en su consecuencia se le adjudiquen esos puntos al Apelante otorgándole la nota de pase, determinando y concluyendo este Honorable Foro que el Apelante aprobó el examen de ascenso según establecido en la Convocatoria.

22. Se solicita además, se conceda el ascenso retroactivo a la fecha de otorgación del examen y en su consecuencia se ordene el pago de todos los salarios, haberes y emolumentos dejados de percibir durante el tiempo que el Apelante no fue ascendido al rango de Teniente Primero, con los intereses legales correspondientes.

**POR TODO LO CUAL**, y en mérito de lo anteriormente expresado muy respetuosamente se solicita sea declarada Con Lugar la presente Apelación.

**CERTIFICO:** Haber enviado copia fiel y exacta de la presente moción a la parte apelada a la siguiente dirección: Policía de Puerto Rico, Oficina de Asuntos Legales, P.O. Box 71200, San Juan, PR 00936-8700.

**RESPETUOSAMENTE SOMETIDA.**

En Ponce, Puerto Rico hoy 8 de julio de 2024.

Lcda. Brendairín Cruz Santiago
1260 Ave. Muñoz Rivera
Reparto Universitario
Ponce, PR 00717
Tel. 787-473-7428
Email: bcslegalservices@gmail.com